**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

_____

UNITED STATES OF AMERICA,       :

                               :

                               :    Criminal No. 4:CR–96-239

        Respondent,          :

                               :    Judge Muir

           v.                    :

                               :

DAVID PAUL HAMMER,          :

                               :

        Petitioner.           :

                               :

_____ :

**HAMMER'S BRIEF IN OPPOSITION TO THE GOVERNMENT'S**
**REQUEST FOR A WHOLESALE DISCLOSURE OF**
**TRIAL COUNSEL'S ENTIRE FILE**

Petitioner, DAVID PAUL HAMMER, through undersigned counsel, hereby

opposes the Government's Motion for a Ruling on Waiver of the Attorney-Client

Privilege Resulting from Defendant's Motion for Post-Conviction Relief Pursuant to

Case 4:96-cr-00239-JHS    Document 995    Filed 11/02/04    Page 2 of 7

28 U.S.C.§ 2255 and for Disclosure of Trial Counsel's Papers and Files and, in support thereof, states the following:

**Procedural History Relevant To This Issue**.

Following remand from the Third Circuit, this matter is before this Court on Mr. Hammer's Section 2255 Petition.  On September 9, 2004, this Court set the evidentiary hearing on Mr. Hammer's Section 2255 Petition for January 10, 2005. On October 15, 2004, the Government filed with this Court a Motion for a Ruling on Waiver of the Attorney-Client Privilege Resulting from Defendant's Motion for Post-Conviction Relief Pursuant to 28 U.S.C.§ 2255 and for Disclosure of Trial Counsel's Papers and Files.

In its motion, the Government requests that this Court order the release of trial counsel's entire file under the theory that the attorney-client privilege was waived by virtue of Petitioner's election to proceed on ineffective assistance of counsel claims in his Amended Petition.  In its *Motion* seeking a "blanket" waiver of Petitioner's attorney-client privilege, the Government acknowledges that not all claims raised by Mr. Hammer involve claims of ineffective assistance of counsel. See *Government's Motion*, at 2.  As described more fully below, while raising claims of ineffective assistance of counsel may waive the attorney-client privilege as to documents and records relevant to those specific claims, it does not permit or warrant a finding of a

"blanket" waiver of the privilege, nor does it justify a "wholesale" disclosure of all the contents of trial counsel's files.  Accordingly, the Government's motion must be denied, at least, in part.

## ARGUMENT

### The Government Is Not Entitled To A Blanket Waiver Of Mr. Hammer's Attorney-Client Privilege; Disclosure Is Limited To Documents Relevant Solely To The Asserted Claims Of Ineffective Assistance Of Trial Counsel

The Government requests that this Court find Hammer's determination to proceed on ineffective assistance of counsel claims results in a wholesale waiver of attorney-client privilege with respect to trial counsel's file and requests that this Court order the disclosure of the entire files of David Ruhnke, Esquire, Ronald Travis, Esquire, and Stephen Smith, Esquire[1].  The Government's contention that an allegation of ineffective assistance of counsel opens the floodgates for wholesale disclosure of attorney-client privileged material is simply not supported in the law.

Indeed, a failure to limit any waiver of Petitioner's attorney-client privilege to only those documents relevant to the specific claims of ineffective assistance of

---

[1] Stephen Smith's representation of Mr. Hammer is not at issue in these habeas corpus proceedings and his representation was not challenged as ineffective.  Furthermore, his involvement in Petitioner's Section 2255 habeas corpus proceedings is not relevant to the Government's defense and is also not a part of Petitioner's claims for relief. Thus, Petitioner's files in the possession of Mr. Smith remain privileged and confidential and not subject to waiver during these proceedings.

counsel would violate Petitioner's right to counsel and due process, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

In <u>Bittaker v. Woodford</u>, 331 F.3d 715 (9th Cir. 2003), the Ninth Circuit held that allegations of ineffective assistance of counsel permitted limited disclosure of privileged materials specifically related to the allegations of ineffective assistance of counsel in a death-sentenced prisoner's habeas petition, but did not permit broad, wholesale waiver of the attorney-client privilege. In addressing the scope of the prisoner's waiver of the attorney-client privilege, the Court expressly noted that any such waiver must be "no broader than needed to ensure the fairness of the proceedings before it." <u>Id</u>. at 720. In applying this standard, the Court observed: "we can conceive of no federal interest in enlarging the scope of the waiver beyond what is needed to litigate the claim of ineffective assistance of counsel in federal court." <u>Id</u>. at 722. <u>See also</u> <u>United States v. Amlani</u>, 169 F.3d 1189 (9th Cir. 1999) (waiver of attorney-client privilege limited to documents or portions of documents relevant to the claim presented); <u>Johnson v. Alabama</u>, 256 F.3d 1156 (11th Cir. 2001) (privilege waived as to all communications relevant to issue of ineffective assistance); <u>Smith v. Berge</u>, 139 F.3d 902 (7th Cir. 1998) (attorney-client privilege waived only to communications

relevant to the particular issue raised by claim of ineffective assistance of counsel).[2]

Thus, the Government's request for wholesale disclosure of all records from the prior attorneys is overly broad and misplaced. As to materials and records *specifically related* to the allegations of ineffective assistance of counsel raised in the Section 2255 Petition, the Government is correct that the attorney-client privilege does not preclude disclosure.[3] However, that does not permit, as the Government contends, wholesale disclosure of "all materials related to Hammer's trial counsel's representation of Hammer..." See *Government's Motion*, at 1 (emphasis added).

---

[2]Indeed, this is the standard articulated by authority relied on by the Government. See Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967) ("[The attorney/client privilege] may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications *relevant to that issue*") (emphasis added).

[3]Those claims are, Grounds Eight, Ten and Thirteen.

Accordingly, this Court should deny the Government's motion for all records and only grant disclosure of those records and documents specifically related to the allegations of ineffective assistance of counsel.

Respectfully submitted,


s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)


s/ Michael Wiseman
MICHAEL WISEMAN, ESQUIRE
Supervising Assistant Federal Defender
Attorney ID#PA 75342
Defender Association of Philadelphia
Federal Court Division-Capital Habeas Unit
Suite 545 West – The Curtis Building
Independence Square West
Philadelphia, PA 19106
(Michael_Wiseman@fd.org)

## CERTIFICATE OF SERVICE

I, Anne Saunders, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of the foregoing *Brief In Opposition To Government's Request For Waiver Of Attorney-Client Privilege* via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

Frederick E. Martin, Esquire
United States Attorney's Office
Herman T. Schneebeli Federal Building
Suite 316
240 West Third Street
Williamsport, PA.  17701-6465

Gwynn X. Kinsey, Jr., Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

Date:  November 2, 2004

Respectfully submitted,

s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)
Attorney for David Paul Hammer