IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     : Crim. No. 4:CR-96-00239
                                : Civil No. 4:CV-01-00510
         v.                 : (Muir, J.)
                                :
DAVID PAUL HAMMER         : **ELECTRONICALLY FILED**

**UNITED STATES' REPLY BRIEF IN SUPPORT OF A RULING
ON WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE
RESULTING FROM DEFENDANT'S MOTION FOR
POST-CONVICTION RELIEF PURSUANT TO
28 U.S.C. § 2255 FOR DISCLOSURE OF
<u>TRIAL COUNSEL'S PAPERS AND FILES</u>**

<u>Procedural History.</u>

As permitted by this Court's Order of September 9, 2004, the United States filed on October 15, 2004, a Motion and Brief which sought a ruling on whether defendant had waived his attorney-client privilege and for disclosure of any pertinent materials. Defense counsel on November 2, 2004, filed a brief in opposition to what they characterized as a "Request for Whole Disclosure of Trial Counsel's Entire File." (Brief of Defendant, p. 1.) This presentation is made in an effort to correct apparent misunderstandings.

<u>Argument.</u>

     1.    The United States' Request Was Not as Broad as Defense
            Counsel Have Characterized It.

In more than one instance, defense counsel suggests that the pending prosecution request is overbroad. For example, it is suggested that the United States seeks information from the files of Attorney Stephen Smith. (Brief of Defendant, p. 3 & Fn. 1.)

But his name is nowhere mentioned in the original pleadings filed, even to include the proposed order for relief.  The United States additionally does not believe that their term "trial counsel" would include that attorney and never identified him as such.  (See Motion, pp. 3 & 4.)

The defense position is further manifested in selective quotations of pleadings.  Defense counsel argue against ". . . as the Government contends, wholesale disclosure of 'all materials related to Hammer's trial counsel's representation of Hammer. . . .'  *See* Government's Motion at 1 (emphasis added)."  (Brief of Defendant, p. 5.)  However, the remainder of the quoted language states ". . . held by trial counsel or any of Hammer's counsel on the post-conviction motion, which is [sic] necessary for the government's preparation for the hearing on the post-conviction motion. . . ."  (Motion, p. 1.)  The prosecution then elaborates at ¶¶ 2 & 3 of the Motion, at pages 2 & 3, what are the issues raised in those pleadings as they relate to attorney-client privilege and the alleged ineffectiveness of trial counsel.

The United States does not dispute relevant authority cited by defense counsel which limit waivers only to the extent that issues of ineffectiveness or counsel's behavior are raised. (Brief of Defendant, pp. 4-5.)  In short, the prosecution never has sought "wholesale" or "blanket" release of counsel's files.

2.    Ineffectiveness Claims and the Extent of Waiver.

The prosecution suggested in its pleadings that Issues VIII, X, XI, and XIII of the Second Amended Motion to Vacate constitute waivers of attorney-client privilege.  Defense counsel in reply suggest that only "Grounds Eight, Ten, and Thirteen" are applicable.  See Brief of Defendant, p. 5, Fn. 3.  Thus, there remains some dispute as to Ground XI or Eleven.

To resolve that matter, reference appropriately is made to defense pleadings.  To be sure, that issue does not directly criticize trial counsel but instead one of this Court's rulings. At page 29 of the Second Amended Motion to Vacate, Hammer alleges that "Because of the conflict [between Hammer and his trial attorneys about his acceptance of the death sentence], the mismanagement of Hammer psychiatric and medical condition was not investigated."  This defense elaboration on Ground XI or the Court's purported failure to inquire about a claimed conflict of interest and the consequences which allegedly flowed therefrom suggests that the prosecution is entitled to determine whether, in fact, defense counsel took no action and made no inquiries about their client's mental state, as those pleadings suggest, following the August 5, 1998, filing of their motion to withdraw.

It is well to resummarize defense-initiated challenges. Some of the issues raised refer to topics, such as discussions with Hammer about the risks of proceeding *pro se.*  (Second

Amended Motion to Vacate, p. 26.)  Others include topics and more specific time frames, such as failures to conduct investigations regarding the factual accuracy of his confession, (Second Amended Motion to Vacate, p. 31), and counsels' purported failure to consult with mental health experts when Hammer indicated his interest in pleading guilty.  (Second Amended Motion to Vacate, p. 30.)  These are by way of illustration of the extent of waiver as well as what matters are disclosable and are not meant to be any exhaustive listing.  It is expected that trial counsel as well as those previously appointed to prosecute Hammer's collateral attack will provide any appropriate materials in their possession as they may relate to the issues which this Court finds have waived the attorney-client privilege.

Conclusion.

The United States in previous submissions has not sought "wholesale" or "blanket" release of trial counsels' or previous § 2255 counsels' records.  Under the circumstances, this Court should conclude that defendant has waived his attorney-client privilege as it relates to presentation of issues VIII, X, XI, and XIII of the Second Amended Motion to Vacate and, consequently, order Attorneys Ruhnke, Travis, and those counsel

who previously represented Hammer in these proceedings, to provide aspects of their files which are relevant to those legal challenges.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

By  s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA 57455
Herman T. Schneebeli Federal Bldg.
240 West Fourth Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Dated: November 5 , 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Crim. No.  4:CR-96-239 |
| | : Civil No.  4:CV-02-510 |
| v. | : (Muir, J.) |
| | : |
| DAVID PAUL HAMMER | : **ELECTRONICALLY FILED** |

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' REPLY BRIEF IN SUPPORT OF A RULING
ON WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE
RESULTING FROM DEFENDANT'S MOTION FOR
POST-CONVICTION RELIEF PURSUANT TO
28 U.S.C. § 2255 FOR DISCLOSURE OF
TRIAL COUNSEL'S PAPERS AND FILES**

to be electronically mailed on November 5 , 2004 to:

ADDRESSEE:

Anne L. Saunders, Esquire
Anne_Saunders@fd.org

Michael Wiseman, Esquire
Michael_Wiseman@fd.org

s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney

6