IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :

v.                   :  No. 4:CR-96-239

DAVID PAUL HAMMER,    :  (Judge Muir)

ORDER

November *10* , 2004

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. The relevant history of this case since the imposition of the sentence of death is set forth in prior orders and we will not repeat that history other than as needed to address the pending matter.

This case is presently on the January 2005, trial list for a hearing on Hammer's second amended § 2255 motion. In his second amended § 2255 motion, Hammer, inter alia, challenges the adequacy of representation provided by former defense attorneys, David Ruhnke and Ronald Travis, in certain respects, and claims that they provided no legal advice to him after his decision, following the jury's verdict, to accept imposition of the death sentence. See Grounds VIII, X, XI, and XIII of the second amended § 2255 motion. Specifically, Hammer claims that trial counsel failed to obtain records regarding his medications and treatment and failed to consult an independent expert when Hammer sought to enter a guilty plea during trial. Second amended motion, p. 30 (Ground XIII). Hammer further claims that trial counsel failed to

investigate and present evidence regarding the veracity of Hammer's confession and the physical and medical facts upon which it relied. Second amended motion, p. 31 (Ground XIII).

Hammer claims that because of conflicts with his trial counsel, he received no assistance from trial counsel beginning in August and continuing through November 1998. Second amended motion, p. 27-29 (Grounds X and XI). Also, Hammer claims that he was unaware of the risks of proceeding pro se following trial. Second amended motion, p. 26 (Ground VIII).

On October 15, 2004, the Government filed a motion entitled "Government's Motion for Ruling on Waiver of the Attorney-Client Privilege Resulting from Defendant's Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255 and for Disclosure of Trial Counsel's Papers and Files" and brief in support thereof. On November 2, 2004, Hammer filed a brief in opposition. The motion became ripe for disposition on November 5, 2004, with the filing of the Government's reply brief.

In the motion the Government "requests that [we] issue an Order finding that Defendant, David Paul Hammer, has waived the attorney-client privilege by filing and pursuing his second amended motion for post-conviction relief pursuant to 28 U.S.C. § 2255, and directing defendant to disclose . . . a copy of all materials pertaining to communications and advice passing between Hammer and trial counsel in the matter, David Ruhnke and Ronald Travis, which relate to the subject matters at issue." Hammer responds to the motion by arguing that it is overbroad and that we "should deny the

2

Government's motion for all records and only grant disclosure of those records and documents specifically related to the allegations of ineffective assistance of counsel."

The Government in its reply brief contends that Hammer misconstrued its motion and argues that it is only requesting disclosure of materials which relate to the the alleged failures of trial counsel, attorneys Ruhnke and Travis.

The Government is correct that it is entitled to disclosure of materials that relate to the alleged failures of trial counsel attorneys Ruhnke and Travis.  Those failures are raised in claims VIII, X, XI and XIII of the Second Amended § 2255 motion.  We will direct Hammer to disclose any such materials.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Government's motion entitled "Government's Motion for Ruling on Waiver of the Attorney-Client Privilege Resulting from Defendant's Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255 and for Disclosure of Trial Counsel's Papers and Files" is granted as set forth below.

2.    With respect to attorneys Ruhnke and Travis, Hammer has waived the attorney-client privilege by filing the second amended § 2255 motion.

3.    Hammer shall provide the Government with a copy of all materials pertaining to communications and advice passing between Hammer and trial counsel (attorneys Ruhnke and Travis) relating to Grounds VIII, X, XI and XIII of the second amended § 2255 motion or provide the Government access to those materials

3

for review. "Materials" are items relating to Grounds VIII, X, XI and XIII of the second amended § 2255 motion actually in the possession of Hammer or any of the following attorneys: David Ruhnke, Ronald Travis, Rhonda Long-Sharp, Monica Foster, Anne Saunders, Michael Wiseman and the Offices of the Federal Public Defender for the Middle and Eastern Districts of Pennsylvania. The term includes, but is not limited to, papers, files, reports, records, notes, memoranda, drafts, ledgers, audio recordings, video recordings, and computer files (whether stored internally or on separate media). The term "materials" is not limited to items generated by Mr. Hammer himself or his counsel. If counsel have a legitimate legal basis to claim that certain materials in the files are not relevant to Grounds VIII, X, XI, or XIII, counsel shall provide the court a specific legal basis for their position and a copy of the requested file material in dispute for in camera review.

_____
MUIR, U.S. District Judge

MM:gs

4