IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                          :

     v.              : No. 4:CR-96-239
                          :

DAVID PAUL HAMMER,    : (Judge Muir)

**FILED**
**WILLIAMSPORT**

NOV *12* 2004

Per_____
DEPUTY CLERK

ORDER

November *12*, 2004

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. The relevant history of this case since the imposition of the sentence of death is set forth in prior orders and we will not repeat that history other than as needed to address the pending matter.

This case is presently on the January 2005, trial list for a hearing on Hammer's second amended § 2255 motion. On October 15, 2004, Hammer filed a document entitled "Petitioner's Second Post-Conviction Motion for Discovery" and a brief in support thereof. The Government filed a brief in opposition on October 29, 2004. The motion became ripe for disposition on November 8, 2004, with the filing of Hammer's reply brief.

A litigant's opportunity for discovery in a § 2255 proceeding is not equivalent to that accorded the usual civil litigant. Bracy vs Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 1797 (1997). Rule 6(a) of the Rules Governing § 2255 cases provides in relevant part as follows:

> A party may invoke the processes of discovery available
> under the Federal Rules of Criminal Procedure or the
> the Federal Rules of Civil Procedure . . . if, and to

the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

In Bracy the Supreme Court held that to be entitled to discovery under Rule 6(a) there must be a showing of "good cause." "Good cause" was defined as "specific allegations before the court" from which it could be concluded that "the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief" and if there are such allegations "it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." The Supreme Court has also stated that "both discovery and an expanded record are provided "in an effort to avoid the need for an evidentiary hearing." Blackledge vs. Allison, 431 U.S. 63, 81 (1977). In light of this standard we will review Hammer's motion for discovery.

It appears from Hammer's reply brief that the matters in dispute have decreased to three in number.

First, Hammer requests "all documents and correspondence between BOP Mental Health Providers and/or their Supervisors and the United States Attorney's office generated in regard to this prosecution and related forensic evaluations." Hammer supports the request by claiming the items are "relevant and material to the conflict of interests claims raised in the the Petition and, thus viewed, may contain exculpatory and impeachment material requiring disclosure under Brady v. Maryland, 373 U.S. 83 (1963)."

Hammer's request is clearly overbroad. The only "conflict of interest" claims relating to individuals associated

2

with the prosecution set forth in the second amended § 2255 motion are found at page 31, Ground XIV, of that motion. Hammer in Ground XIV makes the following claims:

> A. At least three Government witnesses, one of whom also served as the Court's witness at the various competency hearings, received monetary rewards for their participation in the investigation and prosecution of Petitioner Hammer. These witnesses include: John Mitchell, Don Troutman and Chaplin B. Crook.
>
> B. The Government did not advise trial counsel of these rewards or that these persons were being considered for such awards.
>
> C. But for the Government's suppression of this material information there exists a reasonable probability that the results of the various proceedings (named above) would have been different.

The present motion relates to whether discovery should be permitted. We are not addressing at this juncture whether the claims set forth in Ground XIV are legally or factually viable. However, in order for a conflict to exist, the witnesses would have to have been aware of the possibility of receiving a monetary or other type of award prior to giving their testimony. Consequently, we will direct the Government to provide to Hammer any correspondence or documents that reveal that any Governmental witnesses prior to testifying in this case were advised or knew of the possibility of receiving monetary or other awards.

The second matter in dispute is whether Hammer should be allowed to depose several witnesses who testified previously in this case. Those witnesses are Drs. Wolfson, Karten and Mitchell. We are not convinced that depositions of Drs. Wolfson, Karten and Mitchell are necessary. Permitting such depositions will not

eliminate the need to hold an evidentiary hearing in this case. Furthermore, with respect to those witnesses we are satisfied that by granting an evidentiary hearing we have provided Hammer with "the necessary facilities and procedures for an adequate inquiry" into the disputed issues of fact.

The final item in dispute is a request by Hammer that the Government disclose "all previously undisclosed 302 witness statements, interview summaries and BOP witness reports, summaries or related documentation." The Government prior to trial was required to provide Hammer with any exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). Moreover, prior to a Government witness testifying on cross-examination at trial the Government was and is required to provide the defense with any documents revealing prior statements of the witness. These documents are commonly referred to as 302 witness statements or Jenks Act materials.[1]

There is no indication that the Government has not complied with the requirements of Brady or its progeny. Furthermore, Hammer has not demonstrated that the Government failed to provide Jenks Act materials. We see no reason to order the Government to do something which it was and is[2] required to do

---

[1]The Jenks Act, 18 U.S.C. § 3500(a), provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness . . . shall be subject of . . . discovery until said witness has testified on direct examination in the trial of the case."

[2]The Government has continuing duty to disclose Brady material.

4

under the law when there is nothing other than pure speculation and unsupported allegations by Hammer that the Government failed to comply with <u>Brady</u> and the Jenks Act.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Hammer's motion for discovery is granted in part and denied in part as set forth below.

2. The Government within 20 days shall provide Hammer with any correspondence or documents which reveal that any Governmental witnesses prior to testifying in this case were advised or knew of the possibility of receiving monetary or other awards.

3. In all other respects the motion for discovery is denied.

_____
MUIR, U.S. District Judge

MM:gs

5