IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 4:cr-96-00239 |
| | : | Civil No. 4:CV-02-00510 |
| v. | : | (Judge Muir) |
| | : | |
| DAVID PAUL HAMMER | : | **ELECTRONICALLY FILED** |

**GOVERNMENT'S BRIEF IN OPPOSITION TO PETITIONER'S MOTION
FOR RECONSIDERATION OF THIS COURT'S ORDER OF NOVEMBER 12, 2004,
<u>DENYING IN PART HIS SECOND POST-CONVICTION DISCOVERY MOTION</u>**

<u>Procedural History.</u>

On November 4, 1998, this Court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. Further relevant history of this case begins on November 12, 2004, when this Court granted in part and denied in part petitioner's second post-conviction discovery motion which had been filed on October 15, 2004.

On November 18, 2004, petitioner's counsel filed a motion for reconsideration of that entry as well as a supporting brief. Herewith presented is an opposition to that request.

<u>Counter-Statement of Facts.</u>

The United States will rely upon factual allegations set forth in its previous opposition. Additionally presented *in camera* for this Court's consideration are all the memoranda or writings between the United States Attorney's Office and Drs. Karten, Wolfson, and Mitchell. If this Court believes it is appropriate to release this information to defense counsel, the United States has no objection.

<u>Issue.</u>

Whether this Court, after an *in camera* review of the communications between the prosecution and mental health experts who testified at trial, believes that release of such documentation is warranted in the interests of justice.

<u>Argument.</u>

The attachments to petitioner's motion for reconsideration far exceed in length the motion and even its memorandum. Moreover, those documents the expert's *curriculum vitae* and opinion given by Donald N. Bersoff, Ph.D., J.D., shed virtually no additional light on the critical issue whether there is any reason to disclose communications between the prosecution and mental health experts who testified on behalf of the prosecution in 1998. Indeed, the submission by Dr. Bersoff merely reinforces the prosecution's previous representation in this matter:

> With one exception, th[ese purported conflicts of interest] related simply to those psychologists' employment by th[e Bureau of Prisons], a fact which <u>all</u> involved, whether attorneys, this Court or event the Court of Appeals, knew and which present defense counsel acknowledge at page 6[1] of their brief. (See also Second Amended Petition, pp. 8-12.) Consequently, there is no need or 'duty to dig beyond the Government's assertions that it has been candid, to determine the presence of evidence

---

[1] Defense counsel claim *inter alia* that "the BOP evaluator's actions in this case improperly blurred the lines between their loyalty to Mr. Hammer (as patient); their loyalty to the BOP, and their loyalty to the prosecution."

to support their conflict claims.'  (Brief of Defendant, pp. 5-6.)

(United States' Brief in Opposition to Petitioner's Second Post-Conviction Motion for Discovery, p. 7.)  It is believed under the circumstances that this Court correctly observed, that the only "good cause" shown by petitioner regarding alleged conflicts of interest that suggested disclosure of any documentation were those allegations regarding awards given to Dr. Mitchell as well as Messrs. Troutman and Crook following the trial.

It is well to return to the character of petitioner's request and to compare it with the allegations in the Second Amended Petition.  In the former respect, Hammer "has requested that the United States Attorney provide him with any correspondence or memorandum between representatives of the United States Attorney and these Bureau of Prisons mental health providers, or their supervisors."  (Petitioner's Second Post-Conviction Discovery Motion, p. 3, ¶ 6.)  But it does not follow merely because the mental health providers were involved in supposed conflicts of interest situations, that they additionally exchanged in correspondence with the prosecution which would reveal further or additional conflicts of interest, particularly when the conflicts of interest alleged and realleged by petitioner arise only from their employment by the Bureau of Prisons.  *Cf*. Federal Rule of Evidence 401.

Surely, defense counsel would chafe and be resistant to efforts by the prosecution to seek disclosure of communications between them and their experts at trial, Drs. Sadoff and Gelbort, or even the present experts whom they have retained.  The United States reiterates that the communication at issue are privileged as set forth in their previously filed opposition at pages 7-12, and, consequently, not subject to disclosure assuming *arguendo* "good cause" has been demonstrated.  Rather than reargue this point, as previously expressed in footnote 4 in its opposition brief, the United States has submitted to this court for its *in camera* examination all exchanges of written communications between the prosecution and mental health witnesses prior to and during trial and appeal.  If, in this Court's opinion, any of the mundane matters which are addressed in that correspondence demonstrate or illuminate some improper relationship or conflict of interest, the United States has no opposition whatsoever to their release to defense counsel.

Conclusion

That Hammer has retained an expert to elaborate upon conflict of interests of the prosecution's mental health witnesses due to their position of employment does not in any fashion demonstrate that communications between the prosecution and mental health provider witnesses should be released.  Nor has the expert's report undermined the previous assertion of

4

privileged communication.  For these reasons, this Court should deny petitioner's motion for reconsideration.  Nonetheless, this Court simultaneously will receive *in camera* the communications at issue and, may release any documentation which verify in any fashion that there was a conflict of interest between the prosecution and mental health witnesses who testified on its behalf at the trial in this case.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney


By s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA  17701-6465
Tele:  (570)326-1935
FAX:    (570)326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Dated:  November   24  , 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 4:CR-96-00239 |
| | : | Civil No. 4:CV-02-00510 |
| v. | : | (Judge Muir) |
| | : | |
| DAVID PAUL HAMMER | : | **ELECTRONICALLY FILED** |

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing

**GOVERNMENT'S BRIEF IN OPPOSITION TO PETITIONER'S MOTION
FOR RECONSIDERATION OF THIS COURT'S ORDER OF NOVEMBER 12, 2004,
DENYING IN PART HIS SECOND POST-CONVICTION DISCOVERY MOTION**

to be electronically filed on November 24 , 2004 to:

ADDRESSEE:      Anne L. Saunders, Esquire
                Anne_Saunders@fd.org


                 s/Frederick E. Martin
                FREDERICK E. MARTIN
                Assistant United States Attorney

6