**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

_____

UNITED STATES OF AMERICA,

               Respondent,

        v.

DAVID PAUL HAMMER,

             Petitioner.

_____

:
:
:     Criminal No. 4:CR–96-239
:
:     Judge Muir
:
:     Electronically Filed
:
:
:
:
:

**PETITIONER'S MOTION FOR LEAVE TO CONDUCT FORENSIC TESTING**

In accordance with Rule 6 of the RULES ON MOTION ATTACKING SENTENCE UNDER § 2255, and relevant case law, Petitioner, DAVID PAUL HAMMER, through undersigned counsel, hereby moves for leave to conduct forensic testing and in support thereof states the following:

1.      On October 26, 2004, pursuant to an agreement between the parties, Dr. Albert Harper, a forensic expert retained by Petitioner, viewed the autopsy and crime scene evidence at the FBI offices in Williamsport, Pennsylvania. See Affidavit of Dr. Albert B. Harper attached hereto at ¶ 2. Specifically, Dr. Harper, utilizing an Ultralite ALS, viewed the clothing of the decedent and Petitioner as well as the bedding from the cell. Id. at ¶ 4. Dr. Harper's examination revealed numerous human biological stains on these items of evidence that had not been previously identified or tested. Id. at ¶ 4. Dr. Harper found that these stains contain a sufficient amount of biological material that would permit DNA samples to be extracted and testing to be conducted and valid results obtained. Id. at ¶ 8.

2.      Dr. Harper also examined the penile and the oral slides prepared from swabs taken from the decedent during the autopsy. Id. at ¶ 10. These slides have never been tested for the presence of human biological material. Id. Dr. Harper concluded that these slides can be tested for human biological material and if such material is found further testing can be conducted to determine DNA. Id.

3.      Dr. Harper also reviewed the DNA test results on the items obtained during the autopsy as well as the materials tested. Id. at ¶ 9. Dr. Harper concluded that the testing performed by the FBI laboratory prior to the start of the 1998 trial were PCR based tests that were of limited discriminatory power. Id. Dr. Harper concluded that it would now be possible to test these materials with highly specific

results using more extensive DNA technology.  Id.

4.      Forensic evidence tending to show a sexual encounter/relationship between Petitioner and the decedent is highly relevant to this litigation.  Such evidence would support a finding of accidental death during consensual sex and would cast doubt on the veracity of Petitioner's statement to the investigators shortly after the body was discovered as well as the reliability of his guilty plea.

5.      Petitioner requests that the court order forensic testing of all of these items of evidence.  The items to be tested are: decedent's and Petitioner's clothing confiscated on the night in question (Govt. Exhibits 19, 25, 26.1, 26.3, 26.4, 26.5, 28.1, 28.2 and 28.3); the bedding confiscated from the cell on the night in question (Govt. Exhibits 9-10, 15-17, 24 and 107); and, the oral and penile slides prepared during the autopsy of the decedent.  Petitioner further requests that the matters that were already subjected to DNA testing prior to trial i.e., decedent's finger nail clippings, anal and penile swabs taken from the victim, and a tube of the victim's blood  be re-tested using the more specific and extensive DNA technology available today.

6.      Petitioner has good cause for the testing he requests. Evidence tending to show  a sexual encounter/relationship between Petitioner and the decedent is directly relevant to Claims I, VI, VII and XIII of his *Amended Motion to Vacate and Set Aside Conviction and Sentence*.

7.      This evidence is also relevant to show "actual innocence" of first degree murder and specifically to rebut the Government's procedural default arguments raised in its *Brief in Opposition to Motion to Modify Sentence for Relief Under Section 2255*. Furthermore, the Government has *conceded* that no tests were done on the clothes of Hammer and Marti and that the oral swabs were never subjected to DNA comparison and that the "swabs, as well as Hammer's and Marti's clothing in 1998 and through today, *exist and can be tested by the defense.*"  Brief in Opposition to the Amended Motion to Vacate Conviction and Sentence at 59.  Finally, the Government has also conceded that Petitioner's statement "indicated that he did have sex with Marti" and that the issue of whether Hammer's confession is misleading and his guilty plea based at least in part on a lie is a "credibility determination for this court."  Id. at p. 56-57.

8.      For all of these reasons and for the reasons set forth in the *Memorandum of Law*, forensic testing is critical to this case.  The evidence  Petitioner seeks to test has either never been tested or has been tested by outdated  methods.  Clearly,  if the tests were to reveal DNA evidence supporting Petitioner's claim of actual innocence or the four claims contained in his *Amended Motion to Vacate Conviction and Sentence*, he would be entitled to relief.

9.      Furthermore, the materials Petitioner seeks to have tested are still in existence and there can be no legitimate reason to preclude DNA testing, particularly

given the fact that nationwide, such testing has allowed countless numbers of previously convicted and death-sentenced individuals to prove their innocence, thus averting the most perverse miscarriage of justice possible: the execution of an innocent person.

10.     This forensic testing can be conducted and concluded in a timely manner. Petitioner requests that Dr. Harper be permitted to designate the forensic evidence to be tested and that he be permitted to submit this evidence  for DNA testing at a certified laboratory chosen by Dr. Harper.  Furthermore, because there is significant quantities of this evidence, the government will be able to retain sufficient  portions of the forensic evidence identified by Dr. Harper.  For these reasons, and because Petitioner believes that in order to adequately investigate and fully and fairly present his claims for relief, the proposed analysis and examination of the physical evidence in this case is critical. Accordingly, Petitioner requests that the Court issue an Order permitting the testing of this evidence.

Respectfully submitted,

s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)

s/ Michael Wiseman
MICHAEL WISEMAN,  ESQUIRE
Supervising Assistant Federal Defender
Attorney ID#PA 75342
Defender Association of Philadelphia
Federal Court Division-Capital Habeas Unit
Suite 545 West – The Curtis Building
Independence Square West
Philadelphia, PA 19106
(Michael_Wiseman@fd.org)

Dated: November 29, 2004

## CERTIFICATE OF SERVICE

I, Anne Saunders, of the Federal Public Defender's Office do hereby certify that

on this date I served a copy of the foregoing *Petitioner's Motion for Leave to Conduct*

*Forensic Testing* via Electronic Case Filing, or by placing a copy in the United States

mail, first class in Harrisburg, Pennsylvania, addressed to the following:

Frederick E. Martin, Esquire
United States Attorney's Office
Herman T. Schneebeli Federal
Building
Suite 316
240 West Third Street
Williamsport, PA.  17701-6465

Gwynn X. Kinsey, Jr., Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

Date:  November 29, 2004

Respectfully submitted,

s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)
Attorney for David Paul Hammer