# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

_____

UNITED STATES OF AMERICA,      :

                                :    Criminal No. 4:CR–96-239

          Respondent,    :

                                :    Judge Muir

          v.                :

                                :

DAVID PAUL HAMMER,      :

                                :

          Petitioner.     :

_____ :

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND THIRD AMENDED MOTION TO VACATE AND SET ASIDE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. 2255 BY A PERSON IN FEDERAL CUSTODY AND FOR LEAVE TO FILE AMENDED PETITION IN EXCESS OF PAGE LIMIT

AND NOW, comes DAVID PAUL HAMMER, through his counsel , and respectfully requests that this Court permit him to supplement and amend his previously filed Second Amended Petition to Vacate and Set Aside Conviction and

Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody and for leave to file his amended petition in excess of the page limit and, in support thereof, states the following:

### Background

1.      On November 4, 1998, this Court sentenced David Paul Hammer to death following his conviction for first degree murder.

2.      On December 1, 2003, Mr. Hammer filed a motion to withdraw his previously filed petition pursuant to 28 U.S.C. § 2255. On January 16, 2004, this Court granted that motion.

3.      On June 3, 2004, the Court of Appeals issued an order and opinion granting the Certificate of Appealability, remanding the matter to this Court for further proceedings and granting a stay of execution pending those proceedings.

4.      On June 4, 2004, this Court issued an order appointing the Federal Public Defender to this matter, providing that the Defender "may designate an attorney in his office or on the Criminal Justice Act Panel" to represent Mr. Hammer. United States v. Hammer, No. 4: CR-96-239, Order, June 4, 2004 at 3 (hereinafter "Order"). In the same order, this Court concluded that its prior appointment of Monica Foster, Esquire and Rhonda Long-Sharp, Esquire violated the appointment requirements of 21 U.S. C. § 848.

5.      The Court further directed that the Defender shall, within forty-five days, secure "an additional attorney who is experienced in capital cases whose principal office is in the state of Pennsylvania to assist" designated counsel.  The Court also ordered all prior counsel to "provide the Federal Public Defender with any and all legal files relating to Hammer's § 2255 motion" within forty-five days of the date of the Court's order.  Id. at 4.  The Court further directed that the United States Marshals transport Mr. Hammer to a correctional facility within a 60 mile radius of Williamsport, Pennsylvania.  See United States v. Hammer, 4:CR-96-0239, Order, June 4, 2004.  Finally, the Court scheduled a hearing on Hammer's Section 2255 motion for November 8, 2004.

6.      On August 30, 2004, Hammer moved to continue the evidentiary hearing, raising, in part, new counsel's need to conduct a thorough investigation and record review independent of prior Section 2255 counsel.

7.      On September 9, 2004, this Court granted the motion to continue the evidentiary hearing, setting the hearing for January 10, 2005.

8.      On October 8, 2004, this Court issued an order granting Hammer's previously filed Second Motion for Discovery.

9.      As a result of undersigned counsel's independent record review and investigation and materials provided by the Government in response to this Court's

discovery orders, counsel have identified supplemental facts supporting the claims raised in the Second Amended Petition as well as additional meritorious claims requiring grant of relief. Pursuant to Local Rule 15.1, the consolidated Supplemental and Third Amended Petition is attached hereto. The consolidated petition consists of 127 pages.

### Permitting Hammer to Supplement and Amend the Second Amended Petition Filed by Prior Section 2255 Counsel is in the Interests of Justice

10. Under Rule 15 of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.Proc. 15 (A). 11.

Petitioner avers that permitting the filing of the amended petition is in the interests of justice for a number of reasons. This Court found that prior Section 2255 counsel were not qualified for appointment in these proceedings. As a result, this Court appointed undersigned counsel. Regardless of the qualifications of prior counsel, undersigned counsel were, and are, ethically bound to conduct an independent investigation.

12. As a result of their professionally and ethically required independent investigation and record review, counsel have identified additional factual and legal averments supporting the claims previously raised by prior Section 2255 counsel, (*See Supplemental and Third Amended Petition*, Grounds 1,2,3, 6,7,8,10, 13, and 14), and

additional legal and factual grounds requiring relief, (*See* Grounds 17-22).

13.    Thus, this *Motion* serves two purposes. First, it presents new legal claims that have not heretofore been presented.  Second, this *Motion* and the proposed amendment, present a number of new factual allegations and legal theories that are related to claims that have already been presented to the Court.   In regard to these latter factual allegations and legal claims, counsel do not necessarily believe that they need be presented in an amendment.  Nonetheless, counsel wish to err on the side of caution.  In the interest of ensuring that Petitioner has all available claims presented to the Court; to avoid surprise to the Government, and to ensure the smooth and orderly conduct of the upcoming evidentiary hearing, Petitioner presents these latter supplemental facts and legal theories in support of already pled claims.

14.    Counsel have been duly diligent in conducting the required investigation and record review in an expeditious manner in order to present the amended and supplemental facts and legal bases as quickly as was humanly possible in light of counsel's other obligations in this case.

15.    Similarly, a number of factual averments and legal bases raised in the Supplemental and Third Amended Petition are a result of documents and materials provided by the Government through the discovery process. *See Supplemental and Third Amended Petition*, Grounds 2, 6, 7, 19.

16.     Moreover, this is a capital case.  In light of the serious consequences as well as the heightened procedural safeguards required in a capital case, permitting amendment where, as here, counsel has been duly diligent in conducting the necessary investigation and record review in an expeditious manner, is in the interests of justice.

**Good Cause Exists to Permit Hammer to File a Petition Exceeding the Page Limitation**

17.     Local Rule 83.43.3 (D) provides that a "petition/motion and memorandum together must not exceed 100 pages."  Subsection H of the same rule provides that this Court may grant a motion to extend the page limits upon finding that "good cause" has been shown.

18.     Here, "good cause" is established by the number of claims for relief (twenty-two); by the need to discuss in detail the numerous substantive issues; and in light of the grave consequences involved in this capital case.

19.     Counsel have endeavored to concisely present Petitioner's arguments, and requests this length extension in order to allow proper discussion of Petitioner's claims.

WHEREFORE, David Paul Hammer, through his counsel, respectfully requests that this Honorable Court grant his *Motion for Leave to File Supplemental and Third*

*Amended Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28*

*U.S.C. 2255 by a Person in Federal Custody and for Leave to File Amended Petition*

*in Excess of the Page Limit.*

Respectfully submitted,

s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)

s/ Michael Wiseman
MICHAEL WISEMAN, ESQUIRE
Supervising Assistant Federal Defender
Attorney ID#PA 75342
Defender Association of Philadelphia
Federal Court Division-Capital Habeas Unit
Suite 545 West – The Curtis Building
Independence Square West
Philadelphia, PA 19106
(Michael_Wiseman@fd.org)

Dated: November 30, 2004

## CERTIFICATE OF SERVICE

I, Anne Saunders, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of the foregoing *Motion for Leave to File Supplemental and Third Amended Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. 2255 by a Person in Federal Custody and for Leave to File Amended Petition in Excess of Page Limit* via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

Frederick E. Martin, Esquire
United States Attorney's Office
Herman T. Schneebeli Federal Building
Suite 316
240 West Third Street
Williamsport, PA.  17701-6465

Gwynn X. Kinsey, Jr., Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530


Date:  November 30, 2004

Respectfully submitted,

s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)
Attorney for David Paul Hammer