**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

_____

UNITED STATES OF AMERICA,

                 Respondent,

                 v.

DAVID PAUL HAMMER,

                 Petitioner.

_____

:
:
:    Criminal No. 4:CR–96-239
:
:    Judge Muir
:
:
:
:
:
:
:
:

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE**
**SUPPLEMENTAL AND THIRD AMENDED MOTION TO VACATE**
**AND SET ASIDE CONVICTION AND SENTENCE PURSUANT**
**TO 28 U.S.C. 2255 BY A PERSON IN FEDERAL CUSTODY AND**
**TO FILE MOTION EXCEEDING PAGE LIMITATION.**

AND NOW, comes DAVID PAUL HAMMER, through his counsel , and respectfully submits his _Brief in Support of Motion for Leave to File Supplemental and Third Amended Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody._

Rule 15 of the Federal Rules of Civil Procedure provides the standard governing a habeas petitioner's motion for leave to amend the petition. Riley v. Taylor, 62 F.3d 86, 89-90 (3d Cir. 1995). This is made clear by 28 U.S.C. § 2242, which provides that a habeas application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." See also Habeas Rule 11 (rules of civil procedure apply to extent not inconsistent with habeas rules); Advisory Committee Note to Habeas Rule 5 ("civil rule 15(a) may be used to allow the petitioner to amend his petition"); Withrow v. Williams, 507 U.S. 680, 696, n.7 (1993) ("Rule 15 applies in habeas actions"). Under Rule 15, "[L]eave [to amend] shall be freely given when justice so requires."

As described in the *Motion*, on June 4, 2004, this Court vacated its appointment of previous Section 2255 counsel after determining that counsel did not meet the qualifications for appointment. *See United States v. Hammer*, 4:CR-96-0239, Order, June 4, 2004. In the same order, this Court appointed the Federal Public Defender for the Middle District and directed that the Federal Defender designate second counsel. *Id.* The Federal Public Defender designated undersigned to jointly serve as lead counsel. Undersigned had no prior contact with Mr. Hammer and no involvement in the litigation of Mr. Hammer's Section 2255 proceedings until June, 2004. By that time, an Amended and Second Amended Petition had been filed and various discovery requests had been made.

Hammer did not request appointment of new counsel and the undersigned did not request that they be appointed in lieu of prior Section 2255 counsel. Having been appointed, however, undersigned counsel were, and are, under a professional and ethical obligation to conduct an independent record review and investigation. See McFarland v. Scott, 512 U.S. 849, 858 (1994) ("the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims") (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889 (1983); *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* ("ABA Guidelines") 10.15.1.C ("Post-conviction counsel should seek to litigate all issues, whether or not previously presented, that are arguably meritorious under the standards applicable to high quality capital defense representation").

For each of these reasons, counsel was, and is, precluded from simply "stepping into the shoes" of prior Section 2255 counsel in presenting and litigating viable claims for relief available to Mr. Hammer. Instead, present counsel is obligated to conduct an independent investigation and review, determine the existence of additional evidence supporting claims already raised by Mr. Hammer and evidence and legal bases supporting additional meritorious claims requiring vacation of Mr. Hammer's conviction and death sentence. E.g. Love v. Jones, 923 F.2d 816, 818 (11th Cir. 1991) (amended petition filed after magistrate appointed counsel to represent *pro se*

petitioner).

Moreover, since the filing of the Second Amended Petition, the Government has provided additional discovery relating to claims previously raised and supporting additional claims for relief.  The new evidence provides further support entitling Mr. Hammer to supplement and amend his previous petition filed by discharged Section 2255 counsel.  E.g. United States v. Weintraub, 871 F.2d 1257, 1259 (5th Cir. 1989) (amendment permitted after new information revealed in discovery); Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991) (reversing denial of petitioner's motion to amend §2255 petition to include "potentially meritorious claim which he said he did not know about and which arguably was unavailable when the original petition was filed").

Hammer's request to supplement and amend is analogous to the circumstances in Riley v. Taylor, 62 F.3d 86 (3d Cir. 1995).  In Riley, a capital §2254 litigant had been represented by counsel who filed a petition.  Subsequently, new counsel from a large law firm were secured because prior counsel did not have the resources to properly represent the litigant.  New counsel requested leave to amend and six months in order to file an amended habeas petition.  The District Court denied the request.  On appeal, the Third Circuit reversed.

The Court found a number of factors, relevant here, supported its conclusion that precluding amendment was an abuse of discretion. First, the Court rejected the state's claim that the requested six months to prepare the amended petition constituted undue delay, noting that counsel's bases for the requested time – obtaining the complete state court record and the complex nature of the case – were reasonable. Id. 62 F.3d at 91. Likewise, the Court noted that it was unable to conclude that the proposed amendments were "so unlikely to affect the outcome that they would be futile." Id. As the amended claims had arguable merit, the Third Circuit found that the District Court's denial was an abuse of discretion "in light of Rule 15(a)'s command that amendments should be freely allowed when justice so requires." Id. 62 F.3d at 92.

Recognizing that new claims would be lost forever if leave to amend were denied, the Riley Court concluded:

> On the record now before us, we believe Riley's not insignificant risk of losing the opportunity to litigate the issues he raises in his proposed amended petition conflicts with the strong presumption of the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. 62 F. 3d at 90 (citations omitted).

The risk here is equally significant. Mr. Hammer faces the ultimate punishment. See Moore v. Balkcom, 716 F.2d 1511, 1526 (11th Cir. 1983) ("Certainly in a capital case, the district court should be particularly favorably disposed toward

a petition's motion to amend").  Denying his request to amend will forever foreclose review of meritorious claims requiring relief from his conviction and death sentence. Also as in <u>Riley</u>, any delay in filing the amendment does not warrant precluding supplement and amendment.

Present counsel's involvement in the case began less than six months ago, June 4.  Following their initial appointment, counsel began the arduous task of obtaining the record and files from prior Section 2255 counsel.  Despite their involvement of less than six months, counsel has worked diligently to conduct the necessary fact and legal investigation; litigate the various issues that have arisen ancillary to the actual 2255 petition; respond to this Court's requirements in a timely manner; and, develop and present the claims and supplemental facts and legal bases raised in the Supplemental and Third Amended Petition.  Thus, as in <u>Riley</u>, while there may have been a delay, it does not constitute an undue delay justifying denial of the request to supplement and amend.

Similarly, as in <u>Riley</u>, this is a complex case, both procedurally and substantively, as reflected by the nature of the case and its consequences as well as the length of the trial and the extensive litigation on both direct appeal and during prior Section 2255 proceedings.

Also as in <u>Riley</u>, the supplemental facts and legal bases as well as the additional grounds for relief in the Supplemental and Third Amended Petition have arguable

merit.  Because it cannot be said that the requested amendments are "so unlikely to affect the outcome that they would be futile" permitting leave to amend is consistent with the intent of Rule 15 to permit amendment. <u>Riley</u>, 62 F.3d at 92.  Finally, where, as here, there is no bad faith on the part of the movant, justice requires that leave to amend be granted.  <u>Riley</u>, 62 F.3d at 90.  <u>Williams v. Lockhart</u>, 849 F.2d 1134, 1140 (8th Cir. 1988).  For each of these reasons, leave to amend is appropriate and in the interests of justice.

For similar reasons, leave to file in excess of the page limitation is appropriate. The Supplemental and Third Amended Petition is 127 pages.  "Good cause" is established by the number of claims raised, twenty-two; the need to fully develop the factual and substantive bases for relief; and, in light of the grave consequences involved in this capital case.  Counsel made every effort to concisely present Petitioner's arguments, and requests this length extension in order to allow proper presentation of Petitioner's claims for relief of his invalid conviction and death sentence.

WHEREFORE, David Paul Hammer, by counsel respectfully requests that this Honorable Court GRANT his *Motion for Leave to File Supplemental and Third Amended Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. 2255 by a Person in Federal Custody and to File Motion Exceeding Page Limitation.*

Respectfully submitted,


s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)


s/ Michael Wiseman
MICHAEL WISEMAN, ESQUIRE
Supervising Assistant Federal Defender
Attorney ID#PA 75342
Defender Association of Philadelphia
Federal Court Division-Capital Habeas Unit
Suite 545 West – The Curtis Building
Independence Square West
Philadelphia, PA 19106
(Michael_Wiseman@fd.org)


Dated: November 30, 2004

## <u>CERTIFICATE OF SERVICE</u>

I, Anne Saunders, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of the foregoing *Brief in Support of Motion for Leave to File Supplemental and Third Amended Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. 2255 by a Person in Federal Custody and for Leave to File Amended Petition in Excess of Page Limit* via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

Frederick E. Martin, Esquire
United States Attorney's Office
Herman T. Schneebeli Federal Building
Suite 316
240 West Third Street
Williamsport, PA.  17701-6465

Gwynn X. Kinsey, Jr., Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

Date:  November 30, 2004

Respectfully submitted,

s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)
Attorney for David Paul Hammer