IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Crim. No. 4:CR-96-00239 |
| | : Civil No. 4:CV-02-00510 |
| v. | : (Muir, J.) |
| | : |
| DAVID PAUL HAMMER | : **ELECTRONICALLY FILED** |

## <u>UNITED STATES' MOTION TO CONTINUE EVIDENTIARY HEARING</u>

COMES NOW, the United States Attorney, Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, and respectfully moves this Court to continue the § 2255 Evidentiary Hearing, which presently is set to begin on January 10, 2005, for at least a period of three months or until April 2005.  The following reasons are submitted in support of this request.

1.  In anticipation of conducting the hearing in January 2005, this Court set October 15, 2004, as the deadline for submitting requests for discovery.  Both parties filed pleadings on that day which this Court has resolved through its orders in November 2004.  Nonetheless, there remain outstanding discovery issues as of this time.  That is, Hammer seeks reconsideration of this Court's Order of November 12, 2004, granting in part and denying in part, his request for discovery.  Moreover, the prosecution has not received to date portions of trial counsel's records which this Court in its order dated November 10, 2004, ordered to be released.

2.  On November 29, 2004, Hammer's attorney's filed a request to conduct DNA analysis of certain trial evidence.  The government intends to oppose this motion based in part on very-recently enacted federal legislation dealing with post-conviction motions for DNA testing of forensic evidence, but the matter has not yet been resolved by order of this Court.  In the event that the Court grants the defense motion, there may be a necessity for further DNA examination to be conducted by the prosecution.  Finally, as late as November 29, 2004, a defense expert examined Hammer.  The report from Dr. Gur is not required to be presented to the prosecution until December 15, 2004.

3.  Hammer's attorneys recently have sought permission to file a Third Amended Section 2255 Petition.  Some of the original sixteen allegations contained in the Second Amended Petition have been expanded upon by identification of the proposed testimony of recently-disclosed defense experts.  Hammer's attorneys also have added multiple new claims for relief.  The government intends to oppose the motion for leave to amend to the extent that the proposed amendment would add new Claims 17, 18, 19, 20, and 21 to the Petition, and also would add new claims of ineffective assistance of counsel as an additional legal theory underpinning pre-existing claims contained elsewhere in the Petition.  The Third Circuit has established that a federal defendant may not

use a proposed amendment to add new claims for relief that would otherwise be barred by the one-year Section 2255 statute of limitations. *United States v. Thomas*, 221 F.3d 430, 438 (3rd Cir. 2000). Here, Hammer's new claims are all presented well after one year following the date upon which his convictions and sentence became final on direct review. *See* 28 U.S.C. § 2255. In the event that this Court allows for a further amendment of the Petition, additional time would be needed in accordance with Rule 5 of the Rules Governing § 2255 Proceedings to allow for a response by the Government which would enable this Court to focus better on what disputed facts need to be considered at any evidentiary hearing.

4.   This Court, in anticipation of the January 10, 2005, hearing, required Hammer's attorneys to provide by October 29, 2004, any expert reports. Up until that date, the prosecution was unaware whether defense counsel would rely upon previous experts utilized or change their experts as well as expand upon the number and types of experts. In accordance with this Court's order, in October 29, 2004, defense counsel provided the prosecution with reports from six experts. Only one, Dr. Gelbort, previously testified in the proceedings. Hammer's attorneys have added two new psychiatrists to testify on his behalf as well as additional psychologists, Dr. Gur, a forensic

examiner, and an expert on ethics in mental health practice.  The defense reports are attached to the proposed Third Amended Petition.  This last expert provided a report, part of which has already been released to this Court in other pleadings, which suggests that the previous experts utilized by the prosecution, Drs. Karten, Mitchell, and Wolfson, all did so in violation of ethical considerations.

5.  The prosecution endeavored to review the new expert reports in a timely fashion.  It was concluded, especially given the ethical charge, that new experts should be sought in a mental health field to respond to the new expert reports provided by Hammer.  Additionally, there is a need to seeking funding for new mental health practitioners.  Once this is accomplished, the new mental health experts will need to review extensive materials from the trial and post-trial proceedings.  Additionally, it may be appropriate, once the materials have been reviewed, that further evaluation of Hammer by mental health experts occur at the Lewisburg Penitentiary.  Once examination has concluded, experts, in compliance with applicable Federal Rules, will have to prepare reports which will be disseminated to the defense. Thereafter, Hammer's experts should have an opportunity to review the reports of the prosecution's new experts in the field of mental health.

6.    The prosecution to date has diligently prepared for the January 10, 2005, scheduled hearing in this matter.  The above-referenced factors have occurred within the last approximately forty-five days.  Consequently, a request for continuance could not have been anticipated and filed any sooner and is consistent with the Court of Appeals remand direction that the evidentiary hearing be conducted with "reasonable expedition."

7.    Counsel for Hammer has been contacted on December 6, 2004, regarding concurrence in this request.  Anne Saunders, Esquire, was not in her office and, consequently, was unable to indicate whether she would concurr in this request.

WHEREFORE, it is respectfully requested that this Court continue the evidentiary hearing presently set for January 10, 2005, until April 2005 or at a later point in time to allow for fair consideration of recently filed defense motions for discovery and to expand the allegations in the petition, and to allow adequate time for the prosecution's newly secured mental

health experts to review materials, possibly examine Hammer, and

to prepare and disseminate to defense counsel appropriate

reports.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

By____s/Frederick E. Martin_____
FREDERICK E. MARTIN
Assistant United States Attorney
PA 57455
Herman T. Schneebeli Federal Bldg.
240 West Fourth Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Dated:  December __6__, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       : Crim. No. 4:CR-96-00239
                               : Civil No. 4:CV-02-00510
          vs.                : (Muir, J.)
                               :
DAVID PAUL HAMMER           : **ELECTRONICALLY FILED**


## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' MOTION FOR CONTINUANCE
OF EVIDENTIARY HEARING, CERTIFICATE OF CONCURRENCE/
NON-CONCURRENCE, and proposed ORDER**

to be electronically mailed on December __6__, 2004 to:

ADDRESSEE:
         Anne L. Saunders, Esquire
         Anne_Saunders@fd.org


                                      _____s/Frederick E. Martin_____
                                      FREDERICK E. MARTIN
                                      Assistant United States Attorney