IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Crim. No. 4:CR-96-00239 |
| | : Civil No. 4:CV-02-00510 |
| v. | : (Muir, J.) |
| | : |
| DAVID PAUL HAMMER | : **ELECTRONICALLY FILED** |

<u>ORDER</u>

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

In anticipation of conducting the hearing in January 2005, this Court set October 15, 2004, as the deadline for submitting requests for discovery.  Both parties filed pleadings on that day which this Court has resolved through its orders in November 2004.  Nonetheless, there remain outstanding discovery issues as of this time.  That is, Hammer seeks reconsideration of this Court's Order of November 12, 2004, granting in part and denying in part, his request for discovery.  Moreover, the prosecution has not received to date portions of trial counsel's records which this Court in its order dated November 10, 2004, required to be released.

On November 29, 2004, Hammer's attorney's filed a request to conduct DNA analysis of certain trial evidence.  This matter has not yet been resolved by order of this Court.  Moreover, depending upon the Court's ruling, there may be a necessity for further DNA examination to be conducted by the prosecution. Finally, as late as November 29, 2004, a defense expert examined

Hammer.  The report from Dr. Gur is not required to be presented to the prosecution until December 15, 2004.

Hammer's attorneys recently have sought permission to file a Third Amended Section 2255 petition.  Some of the original sixteen allegations contained in the Second Amended Petition have been expanded upon by defense experts.  However, more importantly, Hammer's attorneys have added six more issues.

This Court, in anticipation of the January 10, 2005, hearing, required Hammer's attorneys to provide by October 29, 2004, any expert reports.  Up until that date, the prosecution was unaware whether defense counsel would rely upon previous experts utilized or change their experts as well as expand upon the number and types of experts.  In accordance with this Court's order, in October 29, 2004, defense counsel provided the prosecution with reports from six experts.  Only one, Dr. Gelbort, previously testified in the proceedings.  Hammer's attorneys have added two or three new psychiatrists to testify on his behalf as well as additional psychologists, Dr. Gur, a forensic evidence examiner, and an expert on ethics in mental health practice.  The defense reports are attached to the proposed Third Amended Petition.  This last listed expert provided a report, part of which has already been released to this Court in other pleadings, which suggests that the previous

experts utilized by the prosecution, Drs. Karten, Mitchell, and Wolfson, all did so in violation of ethical considerations.

The prosecution endeavored to review the new expert reports in a timely fashion.  They concluded, especially given the ethical charge, that new experts should be sought in a mental health field to respond to the new defense expert reports.  The newly retained mental health experts will need to review extensive materials from the trial and post-trial proceedings.  Additionally, it may be appropriate, once the materials have been reviewed, that further evaluation of Hammer by mental health experts occur at the Lewisburg Penitentiary.  Once these examinations and reviews have occurred, any experts, in compliance with applicable Federal Rules, will have to prepare reports which will be disseminated to the defense.  Thereafter, Hammer's experts should have an opportunity to review the reports of the prosecution's new experts in the field of mental health.

The prosecution to date has diligently prepared for the January 10, 2005, scheduled hearing in this matter.  The above-referenced factors have occurred within the last approximately forty-five days.  Consequently, a request for continuance could not have been anticipated and filed any sooner and is consistent with the Court of Appeals remand direction that the evidentiary hearing be conducted with "reasonable expedition."  Consequently,

a several months' delay of the evidentiary hearing is required to allow for fair consideration of the recent defense initiatives and to allow the prosecution's newly secured mental health experts to enter this case.

**IT IS, THEREFORE, ORDERED THAT** the evidentiary hearing presently set for January 10, 2005 has been **CANCELLED**;

**IT IS, HEREBY, FURTHER ORDERED THAT** the evidentiary hearing is set to being on April _____, 2005, in Courtroom 1, 240 West Third Street, Williamsport, PA.

_____

MUIR, United States District Judge
