IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :
                             :
     v.                      :   No. 4:CR-96-239
                             :
DAVID PAUL HAMMER,           :   (Judge Muir)

ORDER

December 9, 2004

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. The relevant history of this case since the imposition of the sentence of death is set forth in prior orders and we will not repeat that history other than as needed to address the pending matter.

This case is presently on the January 2005, trial list for a hearing on Hammer's second amended § 2255 motion. On October 15, 2004, Hammer filed a document entitled "Petitioner's Second Post-Conviction Motion for Discovery." On November 12, 2004, we issued an order which granted in part and denied in part that motion. On November 18, 2004, Hammer filed a motion for reconsideration of our order of November 12, 2004, and a brief in support thereof. The Government filed a brief in opposition on November 24, 2004. The motion became ripe for disposition on December 7, 2004, when Hammer elected not to file a reply brief.

A motion for reconsideration is a device of limited utility. See In re City of Philadelphia Litigation, 158 F.3d 711, 718 (3d Cir. 1998). Its fundamental purpose is to remedy manifest errors of law or fact or to present newly discovered precedent or

evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. vs. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking to establish that the court has made such a manifest error is required "to persuade us not only that our prior decision was wrong, but that it was clearly wrong and that adherence to that decision would create manifest injustice." In re City of Philadelphia Litigation, 158 F.3d at 718. We will apply those concepts to Hammer's pending motion for reconsideration.

The portion of the motion for discovery which we denied related to "any correspondence or memorandum between representatives of the United States Attorney and [Bureau of Prisons] mental health providers, or their supervisors." In our order of November 12, 2004, we stated that this request was "clearly overbroad" based on our view that the conflict of interest claims set forth in the second amended § 2255 motion related to monetary awards received by individuals associated with the prosecution of Hammer. In the motion for reconsideration Hammer has pointed out that the "conflict of interst" claims set forth in the § 2255 motion are not just limited to allegations of various witnesses receiving monetary awards. Attached to the motion for reconsideration is a report from Dr. Donald N. Bersoff, a mental health ethicist, and Professor of Law at Villanova Law School. Dr. Bersoff has a law degree and a Ph.D. in Psychology. His report outlines the ethical conflicts of various witnesses that testified at the competency proceedings in this case.

2

Our conclusion that the request of Hammer was "clearly overbroad" resulted from the amorphous nature of the "conflict of interest" claims set forth in the § 2255 motion (e.g., Dr. Mitchell's "conflicted status"; Hammer's guilty plea was "predicated upon an unreliable competency proceeding";"Dr Wolfson, at all times, had a direct and substantial conflict of interest.")

After reviewing Hammer's motion for reconsideration and Dr. Bersoff's report we have a better understanding of the alleged "conflicts of interest" of the various witnesses. In sum, it is alleged that various witnesses who testified regarding Hammer's competency had multiple relationships with him which violated ethical precepts and resulted in an unreliable competency determination. Apparently Hammer argues that the discovery requested may reveal further evidentiary support for his claim that various witnesses engaged in unethical conduct.

As noted above the Government submitted a brief in opposition to Hammer's motion for reconsideration. However, it also submitted in camera the disputed discovery materials. In the brief in opposition the Government states in relevant part as follows:

> Surely, defense counsel would chafe and be resistant to efforts by the prosecution to seek disclosure of communications between them and their experts at trial, Drs. Sadoff and Gelbort, or even the present experts whom they have retained. The United States reiterates that the communications at issue are privileged as set forth in their previously filed opposition at pages 7-12, and consequently, not subject to disclosure assuming arguendo "good cause" has been demonstrated. Rather than reargue this point, as previously expressed in footnote 4 in its opposition brief, **the United States**

3

**has submitted to this court for its in camera examination all exchanges of written communications between the prosecution and mental health witnesses prior to and during trial and appeal.** If, in this Court's opinion, any of the mundane matters which are addressed in that correspondence demonstrate or illuminate some improper relationship or conflict of interest, the United States has no opposition whatsoever to their release to defense counsel.

Conclusion

      That Hammer has retained an expert to elaborate upon conflict of interests of the prosecution's mental health witnesses due to their position of employment does not in any fashion demonstrate that communications between the prosecution and mental health provider witnesses should be released. Nor has the expert's report undermined the previous assertion of privileged communication. For these reasons, this Court should deny petitioner's motion for reconsideration. Nevertheless, this Court simultaneously will receive in camera the communications at issue and, may release any documentation which verify in any fashion that there was a conflict of interest between the prosecution and mental health witnesses who testified on its behalf at the trial in this case.

Doc. 1008, Government's Brief in Opposition, pages 4-5 (emphasis added).

      We have reviewed the documents submitted in camera and are unable to discern in those documents any communication between Government counsel and a witness which could be considered privileged. The resumes of the various witnesses, copies of subpoenas issued and form letters accompanying the subpoenas cannot be considered privileged documents. The Government's argument that the documents are privileged communications is without merit. However, we are unable to discern how the documents are relevant to any of the claims set forth in Hammer's § 2255 motion. Our order

4

of November 12, 2004, does not contain manifest errors of law or fact and Hammer has not presented anything new which, if presented previously, might have affected the court's decision.  We will, therefore, deny Hammer's motion for reconsideration.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

Hammer's motion for reconsideration (Doc. 1005) of our order of November 12, 2004, is denied.

MUIR, U.S. District Judge

MM:gs