IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA    :
                            :    Criminal No.  4: CR-96-239
                            :
          v.                :
                            :    Judge Muir
                            :    (Electronically Filed)
DAVID PAUL HAMMER           :


_____

**PETITIONER'S REPLY TO THE GOVERNMENT'S BRIEF IN
OPPOSITION TO PETITIONER'S MOTION FOR LEAVE TO CONDUCT
FORENSIC TESTING**
_____

Petitioner, David Paul Hammer, through undersigned counsel, respectfully

submits this Reply to the Government's Brief in Opposition to Petitioner's Motion for

Leave to Conduct Forensic Testing.

1

The Government first contends that Petitioner is not entitled to DNA testing because he has not shown "good cause" under Rule 6 of the Rules Governing Section 2255 Proceedings in the United States District Courts.  Government's Brief at 4. Specifically, the Government argues that because Petitioner "confessed" and pled guilty "[a]ll the DNA evidence in the world does the defense no good unless they can prevail on their theory that Hammer was incapable of voluntarily confessing and entering a valid plea . . . ." Id.  Confusingly, however, the Government goes on to concede: "[t]o be sure, when the defense can show that DNA testing would establish facts warranting a grant of relief on the post-conviction petition, appropriate forensic examination might be warranted" Id. at 7.   These arguments are meritless, since they simply ignore several of the claims raised by Petitioner in his Amended Motion to Vacate and Set Aside Conviction and Sentence.[1]

Petitioner in his Amended Motion to Vacate and Set Aside Conviction and Sentence *has alleged* that his guilty plea is invalid because it was based on a materially false factual basis.  Likewise Petitioner *has alleged* that his confession was materially false.  Furthermore,  Petitioner has challenged his competency to enter a

---

[1]The Government argues that Petitioner has not requested testing of the "anal examination." See *Government's Brief in Opposition to Petitioner's Motion for Leave to Conduct Forensic Testing* at 7.  On the contrary, in Petitioner's motion, he specifically requested testing of the "anal and penile swabs." See *Petitioner's Motion for Leave to Conduct Forensic Testing* at ¶ 5.

plea and raised a claim of ineffective assistance of counsel for failing to put forth this defense related to the proposed testing, i.e., sexual asphyxiation.   See Amended Motion to Vacate and Set Aside Conviction and Sentence, Claim I at p. 10, Claim II, and Claim VI at p. 23.   Certainly forensic evidence showing a sexual relationship between Petitioner and Marti would support the defense theory of erotic asphyxiation, would be relevant to these claims attacking the validity of the plea, the reliability of the confession and the competence of Petitioner to plead guilty and counsel's effectiveness during the plea.  Simply put, because Petitioner is attacking both the plea and the confession, forensic evidence that casts doubt on the plea and confession is relevant and compels a finding that Petitioner has good cause to proceed with the testing.

The government next argues that Petitioner is not entitled to DNA testing because   "Hammer cannot overcome the various bars to his claims . . . ." Government's Brief at 5.  This argument is wrong on the law and is illogical.

First and foremost, for the reasons set forth in Hammer's Traverse to Government's Brief in Opposition to Motion to Modify Sentence for Relief Under Section 2255 and Requests for Evidentiary Hearing, the Government's procedural bar argument is meritless.  See Hammer's Traverse to Government's Brief in Opposition to Motion to Modify Sentence for Relief Under Section 2255 and Requests for

3

Evidentiary Hearing at pp. 3-12.  Secondly, the Government is essentially urging this Court to deny Petitioner discovery  relevant to at least four claims asserted in his Amended Motion – Claims I, VI, VII, and XIII –  simply because the Government thinks it is going to prevail on its procedural bar arguments.  Following this argument to its natural conclusion, any petitioner would be denied discovery any time the Government asserted a procedural bar argument.  Finally, although the Government concedes that a showing of "actual innocence' would overcome its bar argument, it contends that Petitioner cannot show actual innocence.  Government's Brief in Opposition to Motion to Modify Sentence for Relief Under Section 2255 at pp. 5-7.  If the forensic testing being pursued by Petitioner results in evidence of sexual relations between Petitioner and Marti, such evidence would support a finding of erotic asphyxiation and accidental death and thus a finding of  "actual innocence" of first degree capital murder.

The miscarriage of justice doctrine permits review of an otherwise barred claim if the constitutional error complained of has resulted in the conviction of one who is actually innocent of murder in the first degree.

Murray v. Carrier, 477 U.S. 478, 496 (1986) holds that a habeas court is empowered to overlook a procedural bar, even without a showing of cause and prejudice, if the defaulted constitutional error has resulted in the conviction of one

who is actually innocent: "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." See also Landano v. Rafferty, 970 F.2d 1230, 1241 (3d Cir. 1992) en banc (referring to Murray as part of the line of cases that "overlook procedural default" in order to correct a constitutional violation that has resulted in the conviction of one who is "probably innocent.").

The concept of "innocence of the crime" means that the constitutional violation resulted in the conviction of one who is innocent of "the *particular* crime for which he or she was charged and convicted--not that the petitioner was not present at the scene of the offense" Johnson v. Hargett, 978 F.2d 855, 959-60 & n.21 (5th Cir. 1992) (emphasis in original). Thus, the miscarriage of justice doctrine is available to prisoners who, although they cannot demonstrate that they did not commit the acts leading to some of their convictions, can show that a defaulted constitutional error led to their other conviction despite the availability of a viable defense. For example, it has been applied to constitutional violations that prevented a defendant from asserting a self-defense claim, Kirkpatrick v. Whitley, 992 F.2d 491, 495 (5th Cir. 1993) and to the inability to present a duress defense. Bliss v. Lockhart, 891 F.2d 1335, 1342 (8th Cir. 1990).

In <u>In re Minarik</u>, 166 F.3d 591, 607 (3d Cir. 1999), the Court noted that the actual innocence-miscarriage of justice doctrine applies when a first degree murder conviction results from a defaulted constitutional violation, and there is a reasonable probability that absent the constitutional error the defendant would have only been guilty of a lesser degree of homicide <u>Id.</u> ("actual innocence of the crime charged would include the situation where the new evidence would show the petitioner not guilty of first degree murder, though guilty of some lesser offense.").

In this case, Petitioner asserts that he is actually innocent of first degree capital homicide and that he engaged in erotic asphyxiation with Marti that resulted in his accidental death.  The forensic testing sought by Petitioner will support this claim and establish his actual innocence of first degree capital murder – hence, he has properly invoked the miscarriage of justice doctrine.

The Government next argues that "there is no rationale for conducting forensic tests" since the Government conceded at trial "that Hammer and Marti probably engaged in homosexual activities."  Government's Brief at 8.  This argument is based on a mis-characterization of Petitioner's claims and it too is meritless.

Petitioner, in attacking his "confession" and guilty plea has asserted that he was engaged in erotic asphyxiation and that Marti's death was accidental.  The Government has never conceded **this** point.  Conceding generally that Marti and

Petitioner probably engaged in homosexual relations is a far cry from conceding that Marti's death was the result of an accidental strangulation during erotic asphyxiation. The forensic testing sought by Petitioner is relevant because the results could establish this specific type of sexual practice.

The Government next argues that Petitioner should have filed this request as an independent cause of action under newly enacted 18 U.S.C. 3600. Government's Brief at 4. The Government argues that Petitioner "utterly fails to satisfy Section 3600's very specific prerequisites for a valid motion for DNA testing . . . ." Id. Specifically, the Government argues: that Petitioner has not sworn under penalty of perjury that he is in fact innocent of the murder; cannot show that at trial the identity of perpetrator was at issue, that he has failed to provide specific facts concerning the proposed testing methodology and protocols; and the release of forensic materials would violate Section 3600(c)(1) which "contemplates" that the FBI will ordinarily conduct the DNA analysis.

A careful review of this statute and Petitioner's Request for Forensic Testing, however, reveals that it is inapplicable to these proceedings and, in any event, Petitioner has satisfied each and every prong of Section 3600.

Petitioner verified, under penalty of perjury, the facts and allegations in the Second Amended Petition and has also so verified the facts and allegations for the

7

proposed Third Amended Petition.  These allegations include the claim that the death occurred as a result of an accidental death following erotic asphyxiation as opposed to intentional capital murder.  <u>See</u> Second Amended Petition, Ground VI and verification; Proposed Third Amended Petition, Ground VI and verification.[2]

 Petitioner has provided specific information concerning the testing it requests.  Section 3600(A)(5) requires only that the "proposed DNA testing is reasonable in scope, uses scientifically sound methods, and is consistent with the accepted forensic practices."  Petitioner has met these requirements.

Dr. Albert Harper has averred that in his "professional opinion to a reasonable degree of scientific certainty that all of these items [to be tested] contain a sufficient amount of biological material that would permit DNA samples to be extracted and testing to be conducted and valid results obtained." Dr. Harper has further averred that "it is now possible to test biological samples of limited quantity with highly specific results using more extenssive DNA technology." Affidavit of Dr. Albert Harper at 8-9. Furthermore, the Government has conceded that the testing requested by Petitioner is based upon technology that is actually better than that which it employed at the time

---

[2]Petitioner submits that even if section 3600 is applicable to this application, that he has sufficiently verified his "actual innocence."  However, should the Court disagree, Petitioner will quickly remedy this deficiency by obtaining a specific verification of this assertion.

of trial. "The technology has improved since 1997 to allow for faster cheaper, and more discriminating DNA testing." Government's Brief at 2. Finally, in Petitioner's proposed order he specifically states that Dr. Albert Harper will identify the material in the presence of the assigned FBI agent and will submit the material to a certified laboratory.

Section 18 U.S.C. 3600 (C)(1) may "contemplate" that the testing be performed by the FBI but it certainly does not require it. Rather, sub-section (c)(2) specifically permits this Court to order "DNA testing by another qualified laboratory if the court makes all necessary orders to ensure the integrity of the specific evidence and the reliability fo the testing process and test results." Petitioner's proposed order – requiring the FBI be present at all times and the use of a certified laboratory  – provides for the very safeguards contained in this sub-section.

Finally, the Government suggests that because of the recent enactment of section 3600, this Court is without authority or jurisdiction to order forensic testing in a case currently pending before it. This is absurd. There is nothing in the history or text of this statute that is designed the supplant this Court's authority to enter appropriate orders regarding discovery or forensic testing. To the contrary, the Innocence Protection Act viz Section 3600 was designed to provide access to the courts and to DNA testing for qualified litigants who have no other recourse. The Act

simply does not apply in these circumstances.  This Court retains full discretion and authority to order the requested testing.

Respectfully submitted,


s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)

s/ Michael Wiseman
MICHAEL WISEMAN,  ESQUIRE
Supervisory Assistant Federal Defender
Attorney ID#PA 75342
Defender Association of Philadelphia
Federal Court Division-Capital Habeas Unit
Suite 545 West – The Curtis Building
Philadelphia, PA 19106
(Michael_Wiseman@fd.org)

## CERTIFICATE OF SERVICE

I, Anne Saunders, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of the foregoing *Petitioner's Reply to the Government's Brief in Opposition to Petitioner's Motion for Leave to Conduct Forensic Testing* via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

Frederick E. Martin, Esquire
United States Attorney's Office
Herman T. Schneebeli Federal
Building
Suite 316
240 West Third Street
Williamsport, PA.  17701-6465

Gwynn X. Kinsey, Jr., Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

Date:  December 10, 2004

Respectfully submitted,

s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)
Attorney for David Paul Hammer