IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 4:cr-96-00239 |
| | : | Civil No. 4:CV-02-00510 |
| v. | : | (Judge Muir) |
| | : | |
| DAVID PAUL HAMMER | : | **ELECTRONICALLY FILED** |

**UNITED STATES' BRIEF IN OPPOSITION TO PETITIONER'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND
THIRD AMENDED MOTION TO VACATE AND SET ASIDE
CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255
BY A PERSON IN FEDERAL CUSTODY AND TO FILE MOTION
<u>EXCEEDING PAGE LIMITATION</u>**

<u>Procedural History.</u>

On November 4, 1998, this Court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. On November 30, 2004, petitioner's counsel filed a proposed Third Amended Petition as well as a Motion for Leave to file that document. Simultaneously, a brief supporting that request was submitted. In accordance with this Court's briefing order on recently-filed defense initiatives, dated December 1, 2004, herewith presented is the prosecution's opposition to such relief.

<u>Counter-Statement of Facts.</u>

Pertinent details will be presented in argument that are gathered from the procedural history in this case. Additionally, the United States will rely upon aspects of the "Guidelines for the Administration of the Criminal Justice Act and Related Statutes" which had been prepared by the Judicial Conference of

the United States and Administrative Office of U.S. Courts.  This document is attached as Government Exhibit 1.

Issue.

Given the Supreme Court's decision denying *certiorari* on April 2, 2001, as well as the one year Statute of Limitations set forth at 28 U.S.C. § 2255, this Court should not authorize the filing of a Third Amended Section 2255 Petition which, *inter alia*, would supplement the existing claims for relief with five new distinct claims for relief, *see* proposed Claims 17 through 21, and also multiple new claims of ineffective assistance of counsel, *see* proposed Third Amended Section 2255 Petition at 14-16, 29, 38-39, 44, 52, 53, 56-57, 60-70.

Argument.

1. **Introduction**.

It may not be wholly accidental that all of the authority cited by Hammer's counsel in support of his request to amend for a third time his collateral challenge antedate 1996.  (Brief of Defendant, pp. 2-7.)  The effective date of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996 was April 24, 1996.  *United States v. Duffus*, 174 F.3d 333, 334-335 (3rd Cir.), *cert. denied*, 120 S. Ct. 163 (1999).  As former Chief Circuit Judge Becker noted in *United States v. Miller*, 197 F.3d 644, 649 (3rd Cir. 1999),

2

> Had AEDPA not been enacted, the District Court's handling of Miller's motions in this case would pose no problem.  AEDPA, however, dramatically altered the form and timing of habeas petitions filed in the federal courts.

His observations are equally applicable in Hammer's case.

Many recent appellate decision have addressed the impact of the Statute of Limitations from AEDPA on § 2255 proceedings.  *See e.g.*, *United States v. Thomas*, 221 F.3d 430 (3rd Cir. 2000); *United States v. Miller, supra;* and *United States v. Duffus, supra*.  It is well first to review these holdings and then determine whether Hammer should be permitted to amend for a third time his § 2255 petition.

**2.   AEDPA's Statute of Limitations and Circuit Decisions.**

There is some, but very limited, flexibility in AEDPA's Statute of Limitations from both legislative and judicial perspectives.  Initially, it should be observed that it is not necessary for invocation of the one-year limitation that the Government be prejudiced or demonstrate prejudice in its ability to respond to the collateral challenge.  *United States v. Duffus,* 174 F.3d at 338.  Also recognized by Judge Greenberg in *Duffus, supra*, and applicable here is that "While § 2255 has three additional [legislative] provisions providing for later dates from which the statute runs, none is implicated here."  *United States v. Duffus*, 174 F.3d at 337.

To be sure, the Third Circuit has allowed for the equitable tolling of the Statute of Limitations, particularly when the provisions of AEDPA began taking effect on uneducated, *pro se* litigants in the late 1990's. *United States v. Miller*, 197 F.3d at 652-653. But David Paul Hammer's conviction was affirmed more than one year after the decision in *Miller* and he had the benefit of counsel throughout these proceedings.

Finally, the Court of Appeals also examined what role, if any, a district court took in preventing a litigant from pursuing his § 2255 motion as well as whether that person consistently presented his lawsuit. *United States v. Miller*, 197 F.3d at 653. But in this case, it is submitted that there has been no such precipitous judicial interference and Hammer's behavior, in initially refusing to participate in an evidentiary hearing and then seeking to withdraw his petition altogether, does not demonstrate that "he diligently pursued his claims. . . ." *United States v. Miller*, 197 F.3d at 653.

In asking permission to file a third petition, Hammer relies extensively on Federal Rule of Civil Procedure 15, as well as the Third Circuit's decision in *Riley v. Taylor*, 62 F.3d 86 (1995). (Brief of Defendant, pp. 2-7.) However, while Federal Rule of Civil Procedure 15 is applicable, as noted both in *United States v. Duffus*, 174 F.3d at 333, and *Riley v. Taylor, supra*, the relevant inquiry is whether any proposed amendment contains

4

issues that are "completely new." *United States v. Duffus*, 174 F.3d at 337.  This analysis, as was noted in *United States v. Thomas,* 221 F.3d at 436, also precludes the addition of any "entirely new claim or new theory of relief."  To further confirm the appropriate role of Federal Rule of Civil Procedure 15 in this matter, Circuit Judge Barry provided the holding in *United States v. Thomas*, 221 F.3d at 438, succinctly as follows:

> For the foregoing reasons, we hold that under Federal Rule of Civil Procedure 15(c), a District Court, may, in its discretion, permit an amendment which <u>clarifies</u> or <u>amplifies</u> a claim or theory in a timely filed § 2255 petition after the AEDPA's one-year period of limitations has expired.

(Emphasis supplied.)  Simply put, while *Riley v. Taylor, supra*, upon which Hammer places great reliance, has not been specifically overruled, more recent precedents interpreting AEDPA demonstrate that its analysis is incomplete at best.

### 3.   **Hammer's Proposed Pleadings and the Statute of Limitations**.

Hammer filed his first § 2255 petition within the one year Statute of Limitations which allowed for such action under 28 U.S.C. § 2255.  He did not immediately initiate discovery. Rather, it was not until May 27, 2003, that he pursued such matters.

With appropriate candor, Hammer's attorneys in diverse ways[1] unequivocally acknowledge that the issues numbered 17 through 21 of their proposed Third Petition are claims which are novel and, apart from the trial or other aspects of this prosecution, are unrelated to those brought in either of the first two pleadings. In addition, the proposed amendment would add multiple new claims of ineffective assistance of counsel, *see* proposed Third Amended Section 2255 Petition at 14-16, 29, 38-39, 44, 52, 53, 56-57, 60-70, which constitute distinct theories that must be presented in a timely and proper manner. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (an ineffective assistance claim does not constitute "cause" to excuse the procedural default of another claim where the ineffective assistance claim is itself procedurally barred). Consequently, for those reasons, under *United States v. Duffus, supra*, and *United States v. Thomas, supra*, this Court should deny leave to amend insofar as the amendment would add these new claims and theories. *Accord, United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir. 2000); *United States v. Craycraft*, 167 F.3d 451, 456-57 (8th Cir. 1999).

Hammer's attorneys offer several reasons why this Court should allow for the amendment to take place. They accurately refer to ABA Guidelines as well as Supreme Court precedent which

---

[1]  Issues 17-21 are described as "additional meritorious claims," "additional legal and factual grounds," and "new factual allegations."  (Motion of Defendant, ¶¶ 9, 12, & 13.)

6

suggest that they are obligated to conduct an independent record review and investigation.  (Brief of Defendant, p. 3.)  But the case which they cite, *McFarland v. Scott*, 512 U.S. 849 (1994), antedates AEDPA and ethical canons cannot trump clear Congressional directives.

Similarly, that new information may have surfaced during discovery also does not somehow eliminate the Statute of Limitations.  (Brief of Defendant, p. 4.)  This result is particularly appropriate since discovery was not initiated by Hammer until more than a year passed <u>after</u> § 2255 time limits had run.   (Brief of Defendant, pp. 4-5.)  Moreover, it frequently is heard from the defense bar "death is different."  However, there is no provision in § 2255's terms that indicates that death penalty cases are to be treated in any different fashion than other § 2255 petitions.

Hammer's assertion that his former counsel may have been unqualified provides no justification to allow the amendment. (Motion of Defendant, ¶ 10.)  This Court in its order of June 1, 2004, and earlier referred to the qualifications of prior 2255 counsel and also to the fact that those attorneys had been recommended to this Court on December 20, 2000, for appointment by the Federal Public Defender of this District, who doubtlessly

7

did so in good faith[2].  The applicable CJA Guidelines specifically sanction such recommendations as the first step in the appointment of death penalty defense counsel.  See Government Exhibit 1, p. 2, ¶ 6.01B(1).  More importantly, it is respectfully submitted that attorneys Long-Sharp and Foster met all the prerequisites for appointment under 21 U.S.C. § 848(q)(6), for representation both in this Court and the court of

---

[2] In an *amicus* brief filed earlier this year by the Federal Public Defender regarding Hammer's most recent appeal, that office describes predecessor counsel as follows:

> Both Ms. Foster and Ms. Long-Sharp were and are highly-regarded capital defense attorneys with many years' experience in the representation of defendants facing the death penalty or under sentence of death.  *See e.g., Schiro v. State*, 669 N.E. 2d 1357 (Ind. 1996) (counsel obtain post-conviction relief for death-sentenced client in successive state proceeding following denial of federal habeas relief by United States Supreme Court in *Schiro v. Farley*, 510 U.S. 222 (1994).

(Brief of Federal Public Defender to CA 3 No. 04-9001, dated May 25, 2004, p. 5.)  Consequently, it appears that the Federal Public Defender does not believe it erred in its prior recommendation to this Court.

appeals.[3]

As made evident by the Court's June 1 order, Ms. Foster's and Ms. Long-Sharp's qualification to serve as 2255 counsel in this Court turns on the meaning of the statutory terms, "before judgment" and "after judgment."  The term "judgment" in 21 U.S.C. § 848(q)(5), (6), in fact refers to the judgment of conviction and sentence in the underlying criminal prosecution. Consequently, whether or not Ms. Foster and Ms. Long-Sharp had the trial experience as required by subsection (5) to try capital cases, they did have the experience contemplated in 21 U.S.C. § 848(q)(6) to pursue collateral challenges and appeals.  This is confirmed by reading subsections (4)(A), as well as (8), *in pari materia* and in light of other statutes employing that term, such as 18 U.S.C. § 3595(a) and 28 U.S.C. § 2249.  Moreover, as the attachment from the Administrative Office of United States Courts indicates, that office in providing guidance to the Federal Defender and this Court makes a distinction between capital attorneys who are appointed to serve as trial counsel, to whom

---

[3]  That provision states:

> (6) If the appointment is made <u>after judgment</u>, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

(Emphasis supplied.)

Section 848(q)(5) applies, and appellate and Section 2255 counsel in the district court and on appeal, to whom Section 848(q)(6) applies.  See Government Exhibit 1, pp. 2-3, ¶¶ 6.01B(3) and C(2).  Moreover, there is nothing in the pleadings submitted by counsel from Indiana for the over two years of their appointment in this case which suggests that they were unqualified in any fashion whatsoever.  Consequently, actions taken or omitted by Hammer's prior counsel, especially since he personally endorsed § 2255 petitions, do not justify an equitable tolling of the Statute of Limitations.

That Ms. Foster and Ms. Long-Sharp were qualified to serve does not indicate that Hammer is entitled to procedural relief within the Section 2255 litigation, such as reinstatement of those attorneys as 2255 counsel.  Hammer requested that Ms. Foster and Ms. Long-Sharp be removed as counsel prior to the last round of stay litigation in the Third Circuit, and in the Third Circuit, Hammer, Ms. Foster, and Ms. Long-Sharp all requested the appointment of substitute counsel, which the Third Circuit granted.  On remand, neither Ms. Foster, Ms. Long-Sharp, nor Hammer sought the reinstatement of Ms. Foster and Ms. Long-Sharp, and indeed at the October 6, 2004, hearing, Hammer acknowledged his acceptance of present successor 2255 counsel, without the assistance of Mr. Travis.

Conclusion

The one year Statute of Limitations established by 28 U.S.C. § 2255 bars Hammer from presenting at this time any new claims which are distinct from those raised in the previous petitions filed on his behalf, as well as any new claims of ineffective assistance of counsel and any additional legal theory underpinning pre-existing claims.  Consequently, this Court should deny permission to Hammer to file a Third Amended Petition insofar as the amendment would supplement the existing claims for relief with five new distinct claims for relief, *see* proposed Claims 17 through 21, and also multiple new claims of ineffective assistance of counsel, *see* proposed Third Amended Section 2255 Petition at 14-16, 29, 38-39, 44, 52, 53, 56-57, 60-70.

                              Respectfully submitted,

                              THOMAS A. MARINO
                              United States Attorney



                              By    s/Frederick E. Martin
                              FREDERICK E. MARTIN
                              Assistant United States Attorney
                              PA 57455
                              Herman T. Schneebeli Federal Bldg.
                              240 West Third Street, Suite 316
                              Williamsport, PA  17701-6465
                              Tele:  (570)326-1935
                              FAX:   (570)326-7916
                              Electronic Mail:
                              Fred.Martin@usdoj.gov

Dated: December 10 , 2004

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :   CRIM. NO. 4:CR-96-00239
                                :   Civil No. 4:CV-02-00510
           v.                    :   (Judge Muir)
                                :
DAVID PAUL HAMMER         :   **ELECTRONICALLY FILED**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' BRIEF IN OPPOSITION TO PETITIONER'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND
THIRD AMENDED MOTION TO VACATE AND SET ASIDE
CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255
BY A PERSON IN FEDERAL CUSTODY AND TO FILE MOTION
EXCEEDING PAGE LIMITATION**

to be electronically filed on December 10 , 2004 to:

ADDRESSEE:      Anne L. Saunders, Esquire
                  Anne_Saunders@fd.org

                  Michael Wiseman, Esquire
                  Michael_Wiseman@fd.org

                                s/Frederick E. Martin
                                FREDERICK E. MARTIN
                                Assistant United States Attorney

12