## VOLUME VII.  APPOINTMENT OF COUNSEL IN CRIMINAL CASES.

## SECTION A:    GUIDELINES FOR THE ADMINISTRATION OF THE CRIMINAL JUSTICE ACT AND RELATED STATUTES

### INTRODUCTION

Pursuant to approval of the Judicial Conference of the United States, the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes* are provided.

> Questions concerning the *Guidelines* and suggestions for improvement of the information should be directed to:
>
> Office of Defender Services
> Administrative Office of the U.S. Courts
> Washington, DC 20544
>
> **(202) 502-3030**

**GOVERNMENT EXHIBIT 1**

**CHAPTER 6: REPRESENTATION IN FEDERAL DEATH PENALTY CASES AND IN FEDERAL CAPITAL HABEAS CORPUS PROCEEDINGS**

**CONTENTS**

6.01 **Appointment of Counsel in Capital Cases**
6.02 **Compensation of Appointed Counsel in Capital Cases**
6.03 **Authorization and Payment for Investigative, Expert and Other Services in Capital Cases**

---

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, amended 21 U.S.C. § 848(q), in a manner that creates a two-tiered structure for the compensation of counsel and the approval and payment of persons providing investigative, expert, and other services in capital cases. The pertinent provisions of the AEDPA are applicable to capital cases commenced, and appellate proceedings in which an appeal is perfected, on or after the date of enactment of the AEDPA (April 24, 1996). Thus, this chapter retains guidelines applicable to cases that pre-date the AEDPA, and adds, where appropriate, new guidelines for cases subject to the AEDPA. Unless otherwise specified, provisions in this chapter apply to all capital cases.

NOTE REGARDING FEDERAL DEATH PENALTY CASES: Detailed recommendations concerning the appointment and compensation of counsel in federal death penalty cases were adopted by the Judicial Conference on September 15, 1998. Those recommendations, and accompanying commentary by the Defender Services Committee's Subcommittee on Federal Death Penalty Cases, are set forth in Appendix I to this volume. The complete report, entitled *Federal Death Penalty Cases: Recommendations Concerning the Cost and Quality of Defense Representation,* is available on the judiciary's web site (www.uscourts.gov) or from the Office of Defender Services of the AOUSC, 202-502-3030.

**6.01 Appointment of Counsel in Capital Cases.**

    A. Number of Counsel.

        (1) Federal Death Penalty Cases. As required by 18 U.S.C. § 3005, at the outset of every capital case, courts should appoint two counsel, at least one of whom is experienced in and knowledgeable about the defense of death penalty cases. Pursuant to 21 U.S.C. § 848(q)(4), if necessary for adequate representation, more than two attorneys may be appointed to represent a defendant in such a case. While courts should not appoint more than two lawyers unless exceptional circumstances and good cause are shown, appointed counsel may, with prior court authorization, use the services of attorneys who work in association with them, provided that the employment of

such additional counsel (at a reduced hourly rate) diminishes the total cost of representation or is required to meet time limits.

(2) <u>Habeas Corpus Proceedings</u>. Pursuant to 21 U.S.C. § 848(q)(4), a financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2254 or 2255 is <u>entitled</u> to appointment of one or more qualified attorneys. Due to the complex, demanding and protracted nature of death penalty proceedings, judicial officers should consider appointing at least two counsel.

The judicial officer may appoint an attorney, if qualified under paragraph 6.01 C, who is furnished by a state or local public defender organization or by a legal aid agency or other private, non-profit organization to represent a person charged with a capital crime or seeking federal death penalty habeas corpus relief. Such appointments may be in place of, or in addition to, the appointment of a federal defender organization or a CJA panel attorney or an attorney appointed *pro hac vice* in accordance with paragraph 2.01 D of the *CJA Guidelines*. Such appointments should be made when the court determines that they will provide the most effective representation. In making this determination, the court should take into consideration whether the attorney represented the person during prior state court proceedings.

B. <u>Procedures for Appointment in Federal Death Penalty Cases</u>.

(1) In appointing counsel in federal death penalty cases, the court shall consider the recommendation of the federal public defender, or, if no such organization exists in the district, of the Administrative Office of the United States Courts. In fulfilling this responsibility, the federal public defender organization or Administrative Office should consult with counsel (if counsel has already been appointed or retained) and the court regarding the facts and circumstances of the case to determine the qualifications which may be required to provide effective representation. In evaluating the qualifications of counsel considered for appointment, the federal public defender organization or Administrative Office should consider:

> (a) the minimum experience standards set forth in 21 U.S.C. § ;848(q), 18 U.S.C. § 3005, and other applicable laws or rules;

> (b) the qualification standards endorsed by bar associations and other legal organizations regarding the quality of legal representation in capital cases;

> (c) the recommendations of other federal public and community defender organizations, and local and national criminal defense organizations;

(d) the proposed counsel's commitment to the defense of capital cases; and

(e) the availability and willingness of proposed counsel to accept the appointment and to represent effectively the interests of the client.

Courts should ensure that all attorneys appointed in federal death penalty cases are well qualified, by virtue of their prior defense experience, training and commitment, to serve as counsel in this highly specialized and demanding litigation. Ordinarily, "learned counsel" (see 18 U.S.C. § 3005) should have distinguished prior experience in the trial, appeal, or post-conviction review of federal death penalty cases, or distinguished prior experience in *state* death penalty trials, appeals or post-conviction review that, in combination with co-counsel, will assure high-quality representation.

(2) <u>Federal Death Penalty Cases: Special Considerations in the Appointment of Counsel on Appeal</u>. Ordinarily, the attorneys appointed to represent a death-sentenced federal appellant should include at least one attorney who did not represent the appellant at trial. In appointing counsel the court should, among other relevant factors, consider:

(a) the attorney's experience in federal criminal appeals and capital appeals;

(b) the general qualifications identified in paragraph 6.01 B(1); and

(c) the attorney's willingness, unless relieved, to serve as counsel in any post-conviction proceedings that may follow the appeal.

(3) <u>Federal Death Penalty Cases: Special Considerations in the Appointment of Counsel in Post-Conviction Proceedings</u>. In appointing post-conviction counsel in a case where the defendant is sentenced to death, courts should consider the attorney's experience in federal post-conviction proceedings and in capital post-conviction proceedings, as well as the general qualifications identified in paragraphs 6.01 B(1) and 6.01 C(2).

C. <u>Statutory Attorney Qualification Requirements</u>.

(1) <u>Appointment of Counsel Prior to Judgment</u>. Pursuant to 21 U.S.C. § 848(q)(5), at least one of the attorneys appointed must have been admitted to practice in the court in which the case will be prosecuted for not less than five years, and must have had not less than three years experience in the actual trial of felony prosecutions in that court. Pursuant to 18 U.S.C. § 3005, at least one

3

of the attorneys appointed must be knowledgeable in the law applicable to capital cases.

(2) Appointment of Counsel After Judgment. Pursuant to 21 U.S.C. § 848(q)(6), at least one of the attorneys appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in felony cases in the court.

(3) Attorney Qualification Waiver. Pursuant to 21 U.S.C. § 848(q)(7), the presiding judicial officer, for good cause, may appoint an attorney who may not qualify under 21 U.S.C. § 848(q)(5) or (q)(6), but who has the background, knowledge, and experience necessary to represent the defendant properly in a capital case, giving due consideration to the seriousness of the possible penalty and the unique and complex nature of the litigation.

D. Continuity of Representation.

(1) In the interest of justice and judicial and fiscal economy, unless precluded by a conflict of interest, presiding judicial officers are urged to continue the appointment of state post-conviction counsel, if qualified under paragraph 6.01 C, when the case enters the federal system.

(2) Section 848(q)(8) of title 21, U.S.C., provides that, unless replaced by an attorney similarly qualified under paragraph 6.01 C pursuant to counsel's own motion or upon motion of the defendant, counsel shall represent the defendant in every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motion for a new trial, appeal, application for a writ of certiorari to the Supreme Court of the United States, all post-conviction proceedings, applications for stays of execution, competency proceedings, proceedings for executive or other clemency, and other appropriate motions and proceedings.