**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Criminal No. 4:CR–96-239 |
| Respondent, | : | |
| | : | Judge Muir |
| v. | : | |
| | : | Electronically Filed |
| DAVID PAUL HAMMER, | : | |
| | : | |
| Petitioner. | : | |

_____ :

**PETITIONER'S MEMORANDUM OF LAW IN
REPLY TO *UNITED STATES BRIEF IN OPPOSITION*
TO PETITIONER'S MOTION TO AMEND**

| | |
|---|---|
| Michael Wiseman | Anne L. Saunders |
| Supervisory Assistant Federal Defender | Assistant Federal Public Defender |
| Capital Habeas Corpus Unit | Capital Habeas Corpus Unit |
| Suite 545 West – The Curtis Building | 100 Chestnut Street, Suite 306 |
| Philadelphia, PA 19106 | Harrisburg, PA 17101 |
| 215-928-0520 | 717-782-3843 |

Counsel for Petitioner, David Paul Hammer

Dated:        December 20, 2004

**PRELIMINARY STATEMENT**

Petitioner is a death sentenced federal prisoner who has initiated proceedings under 28 U.S.C. § 2255 challenging his murder conviction and sentence of death.

On November 30, 2004 Petitioner, through counsel, filed a *Motion for Leave to File Supplemental and Third Amended Motion* (hereafter, *Motion*). The Government filed its *Brief in Opposition* (hereafter, *BIO*) on December 10, 2004. Petitioner hereby submits this *Memorandum of Law in Reply*.

## INTRODUCTION

The Government opposes amendment of Petitioner's section 2255 Motion because it was not timely filed.  The Government's opposition fails for a number of reasons.  First, many of the proposed amendments "relate back" to claims already before the Court.  As such, these amendments are proper under Fed.R.Civ.P. 15(c) and cases interpreting that Rule.  Second, Petitioner even if this Court concludes that some or all of the claims do not relate-back, the amendments are timely because Petitioner is entitled to equitable tolling for two reasons: his mental incapacities adversely impacted his ability to file the claims earlier; and his prior counsel failed to file the proposed amended claims because of attorney neglect and/or error.  Third, the Third Circuit cases prohibiting the amendment of a timely habeas petition, after the AEDPA limitations period has run, were wrongly decided.  Finally, the failure to review some of Petitioner's amendments would constitute an unconstitutional suspension of the Writ of Habeas Corpus, because those claims show that he is "actually innocent" of premeditated murder.

## I.    This Court Should Permit the Amendments Before Resolving the Government's Timeliness Arguments.

The Government objects to the Third Amendment of Petitioner's 2255 Motion on the ground that the amendment is being proposed outside of the one year AEDPA statute of limitations.  Thus, the Government contends, the amendments would be

untimely, and the *Motion* should be denied.

As will be shown below, the Government's position is incorrect. Petitioner should be permitted to file the amendments because he is entitled to equitable tolling based upon his mental infirmities. He is also entitled to equitable tolling because of prior 2255 counsel's neglect and/or error in not pleading the proposed amendments. Finally, he is entitled to have some of the new claims heard, because they relate to his showing of actual innocence.

Petitioner submits that this Court cannot and should not rule on these arguments without affording Petitioner an opportunity to prove: 1) that he is mentally infirm; 2) that his prior 2255 counsel neglected to include these claims in the prior 2255 motion; and 3) that he is actually innocent. With regard to at least the first and third contention (that Petitioner's mental illness adversely affected his capacity to timely file; and that is he is actually innocent) there is authority that supports Petitioner's request that the Court permit the amendment and then decide the question of whether they were timely following appropriate evidentiary hearings. In Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), the Court of Appeals was presented with a claim for equitable tolling based upon this ground that mental infirmity prevented timely filing. The Court held that such a claim was sound, but that evidentiary development was required before an ultimate ruling on the question of equitable tolling was appropriate.

Similarly, in <u>Wyzykowski v. Department of Corrections</u>, 226 F.3d 1213, 1218 (11th Cir. 2000) the Court of Appeals for the Eleventh Circuit ruled on the petitioner's contention that AEDPA's limitations period violates the Suspension Clause (U.S. Const. Art. I, § 9, cl. 2) when it prohibits review of a claim of actual innocence. The Court held that the factual question of actual innocence should be decided prior to ruling on the constitutional question regarding the Suspension Clause: "The factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence." <u>See</u> <u>also</u> <u>Barbour v. Haley</u>, 145 F. Supp.2d 1280, 1287 (M.D. Ala. 2001) ("following <u>Wyzykowski</u>" court granted stay of execution to permit development of time barred claim of actual innocence).

Thus, at least two of Petitioner's responses to the Government's arguments regarding amendment, require evidentiary resolution. It would thus make far more sense and would be considerably more economical not to segment the hearings, but instead, to permit the amendment; hear all of the evidence and then, post-hearing, decide the timeliness questions.

**II.     AEDPA's Limitations Period Permits Amendments of Timely Section 2255 Motions that Clarify or Amplify, and Therefore "Relate Back" to Previously Presented Claims.**

In <u>United States v. Duffus</u>, 174 F.3d 333 (3d Cir. 1999) and <u>United States v. Thomas</u>, 221 F.3d 430 (3d Cir. 2000), the Court of Appeals held that a section 2255 petitioner may amend a timely filed motion for relief even after the AEDPA limitations period has run, if the amendment "provide[s] factual clarification or amplification. . ." <u>Thomas</u>, 221 F.3d at 436.  The Court held that such amendments relate back to the original timely petition and are permitted under Fed.R.Civ.P. 15(c) and are not prohibited by AEDPA.  <u>Id.</u>

Here, the bulk of new materials contained in the proposed amendment clarify and/or amplify existing claims, and therefore relate back to previously pled claims.[1]

**A.     Proposed Grounds 17, 18 and 19 Relate Back to the Prior Petition**

Proposed ground 17 alleges that the Court's order of commitment in the Springfield facility for forty-five days for "study and evaluation" violated Hammer's constitutional rights by providing the Government with an unfair advantage rather than a fair opportunity to rebut the notice of insanity defense; rendered 18 U.S. C. §

---

[1] <u>See</u> *Motion for Leave to File Supplemental and Third Amended Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.s.c. 2255 by a Person in Federal Custody and for Leave to File Amended Petition in Excess of Page Limit* (Document 1012) at 5, ¶ 13.

4

4242 and 4247 unconstitutional as applied in Hammer's case; and, compromised the reliability of the guilty plea, competency and sentencing proceedings.

In the *Second Amended Petition*, counsel averred that the Government was in a position to use a non-BOP expert for purposes of challenging the insanity defense, but elected to pursue commitment at a BOP medical facility.  See *Second Amended Petition*, Ground II, ¶ C.  Of course, as described more fully in the *Third Amended Petition*, the statutory requirements provide not only that the Government has a choice, but that the Court cannot order a commitment unless certain preliminary standards – not present in this case – are met.  See *Third Amended Petition*, Ground 17.[2]  Prior Section 2255 counsel also averred that the conditions of the commitment were, at a minimum, onerous and horrific and compromised the reliability of the guilty plea proceedings.  *Second Amended Petition*, Ground I, E.6.

In short, there is no question that the circumstances leading up to the commitment and the affect that commitment had on Hammer and the reliability of the guilty plea and sentencing determination was an issue developed and presented by prior Section 2255 counsel.  Thus Ground 17 relates back to the previously filed

---

[2]  This Court should consider the merits of the claims when determining whether to permit the amendments.  In a similar context, consideration of whether or not a certificate of appealability is appropriate, the Supreme Court has considered the merits of the underlying claim.  See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

petition under Rule 15 (c) and leave to amend is appropriate.

Proposed Ground 18 alleges the unreliability of the appellate proceedings and counsel's failure to properly raise and litigate issues on direct appeal. In Grounds 2, 3, 8, 10, 11, and 13, prior Section 2255 counsel avers that the reliability of the guilty-plea, post-trial and appellate proceedings was compromised, in part, as a result of the denial of counsel, conflicted counsel and ineffective assistance of counsel. Thus, Ground 18 is nothing more than a further development of those claims.

Proposed Ground 19 raises further facts supporting the Government's failure to provide exculpatory evidence directly disputing the reliability of Hammer's statements regarding the circumstances of the decedent's death. Grounds 6, 7 and 13 in the *Second Amended Petition* challenge the reliability of Hammer's pretrial statements, the existence of physical evidence directly disputing both the Government's theory of the case and the theory proffered in Hammer's pretrial statements regarding the circumstances leading up to the death. Ground 13 also challenges trial counsel's ineffectiveness in failing to investigate the veracity of Hammer's confession and the contradictory physical and medical evidence. Thus, Ground 19 arises out of claims raised in the prior pleadings and merely supplements those claims.

**B.     The Additional Specified Averments Also Relate Back.**

The Government objects to additional facts pled in various claims raised in the previous petition. See *BIO* at 11 (citing pages 14-16, 29, 38-39, 44, 52, 53, 56-57, 60-70). However, these are a paradigmatic example of facts that relate back.

Indeed, the cases relied on by the Government support Petitioner's view that these allegations satisfy Rule 15(c). In United States v. Craycraft, 167 F.3d 451 (8th Cir. 1999), the petitioner's initial habeas petition contained a number of claims, including ineffective assistance of counsel claims, but did not include a claim that he was denied his right to appeal or that his attorney was ineffective in failing to file an appeal, although he noted counsel's failure to file an appeal in passing. Craycraft, 167 F.3d at 456; id. at 456 n.3. The court found that the subsequent filing raising counsel's ineffectiveness for failing to file an appeal did not relate back to the original petition and, as a result, was untimely. In reaching this determination, the court stated:

> If the ineffective conduct alleged by Craycraft in his first petition cannot be said to have arisen out of the same set of facts as his amended claim, his amendment cannot relate back.

Id. 167 F.3d at 457. Finding that "[f]ailing to file an appeal is a separate occurrence in both time and type" from the other claims raised by the petitioner, the court concluded that amendment was not proper. Id. The court based its conclusion on the

longstanding principle that the underlying rationale of Rule 15(c) involves ensuring notice of litigation concerning a particular occurrence.[3]

Unlike the circumstances in Craycraft, Hammer pled the facts and circumstances surrounding the events and occurrences which form the basis for the supplemental averments the Government finds objectionable. Duffus is similarly distinguishable. In Duffus, the petitioner sought to amend with a claim involving counsel's ineffectiveness for failing to move to suppress evidence. Duffus 174 F.3d at 335. Duffus had not raised the impropriety of admitting that evidence against him at trial in his original pleadings. Id. As described below, that is simply not the case here.

For example, in Ground 1, Hammer challenges the reliability and validity of the guilty plea proceedings. The additional facts and averments the Government finds objectionable on pages 14-16 (regarding counsel's failure to ensure that the competency and plea proceedings were reliable) arise out of the conduct and circumstances of the competency and plea proceedings. In Ground 2, Hammer further challenges the validity of the competency determinations, guilty plea proceedings ,

---

[3] Accord Baldwin County Welcome Center v. Brown, 466 U.S. 147, 150 n.3 (1984) ("The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide").

post-trial and appellate proceedings as well as the reliability of the conflicted expert testimony relied upon in support of the court's determinations during those proceedings. The additional facts and averments the Government finds objectionable on page 29 (regarding counsel's failure to challenge the unreliability of the proceedings and conflicted BOP mental health experts) arises out of the circumstances of those proceedings.

In Ground 3, Hammer challenges the reliability of the appellate waiver determinations and asserts that he is entitled to reinstatement of his appellate rights. In addition, Hammer challenges the Third Circuit's "hearing" to determine Hammer's competency on the basis that it was uncounseled and conducted without notice to Hammer. Finally, Hammer alleges that the claims and issues that were raised in the brief filed by counsel required grant of relief on the basis of Hammer's unconstitutional conviction and death sentence. The additional sections upon which the Government objects at pages 38-39 (involving counsel's failure to raise and litigate meritorious issues) arise out of the circumstances surrounding those invalid proceedings.

Likewise, in Grounds 6, 7 and 13, Hammer challenges the reliability of his statements following the death of Mr. Marti and further alleges that the physical evidence directly disputes Hammer's (and the Government's) theory regarding how

9

the death occurred. In Ground 13, Hammer previously averred that he was functionally deprived of his constitutional right to counsel at all critical stages of the proceedings, including the guilty plea proceedings and competency determinations and that counsel was ineffective in failing to challenge the competency determination, the veracity of Hammer's confession and the contradictions in the physical and medical facts upon which the Government relied in support of the guilty plea. Thus averments on pages 44, 52, 56-57 and 60-70 arise out of the facts and occurrence previously pled in Grounds 6, 7 and 13.

Finally, in Ground 8, Hammer challenges the validity of the waiver of counsel during post-trial and appellate proceedings on the basis that he was not properly advised by this Court of the risks of proceeding *pro se*. The averments on page 53 (regarding counsel's failure to raise, preserve or litigate this error) arise out of those facts and occurrences pled in the prior filings.

Thus, contrary to the circumstances of <u>Craycraft</u> and <u>Duffus</u>, Hammer's allegations in the *Third Amended Petition* relate back to the prior filings and, under Rule 15( c), amendment is proper.

## III.    Petitioner is Entitled to Equitable Tolling.

The Government concedes, as it must, that principles of equitable tolling apply to Section 2255 cases. The Court of Appeals has recognized that the one year

10

limitation period is a statute of limitation, not a jurisdictional bar; hence, it is subject to equitable tolling.  Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998).

Generally, equitable tolling is appropriate where there exists "extraordinary circumstances" that prevented a petitioner from asserting his or her rights despite due diligence.  Miller, 145 F. 3d at 618-19.  The Third Circuit has held that mental infirmity can be an "extraordinary circumstance" which would permit equitable tolling if the infirmity "somehow [] affected the petitioner's ability to file a timely habeas petition" Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001).

Additionally, in light of the grave consequences of a capital case, the Third Circuit has also applied a more expansive standard to the question of whether a capital petitioner is entitled to equitable tolling.  Fahy v. Horn, 240 F. 3d 239, 245 (3d Cir. 2001) *cert. denied* Horn v. Fahy, 122 S. Ct. 323 (2001).  One basis found appropriate to meet the standard for capital cases is attorney neglect or error.  Id.

As described below, Mr. Hammer meets both these bases for equitable tolling.

**A.    Prior Section 2255 Counsel's Error and/or Neglect Justifies Application of Equitable Tolling.**

As described more fully *supra*, prior Section 2255 counsel raised issues and legal bases at least similar to, if not substantially identical to, those presented within

11

the *Third Amended Petition* with respect to Grounds 17-19.[4]  Thus, if the Court

disagrees with Petitioner's contention discussed in Point II, above, that these claims

"relate back," then they should be permitted because the failure to include them in

earlier pleadings constitutes neglect and attorney error which require equitable tolling

in a capital case.

In Fahy, the Court noted the need for a more expansive application of the

"extraordinary circumstances" standard for equitable tolling in capital cases in light

of the grave consequences:

> In a capital case such as this, the consequences of error are terminal, and
> we therefore pay particular attention to whether principles of "equity
> would make the rigid application of a limitation period unfair" and
> whether the petitioner has "exercised reasonable diligence in
> investigating and bringing [the] claims." *Miller,* 145 F.3d at 618.

Fahy v. Horn, 240 F. 3d 239, 245 (3d Cir. 2001) *cert. denied* Horn v. Fahy, 122 S. Ct.

---

[4] The Government's reliance on Hammer's verification of the prior pleading as a basis for denying amendment is meritless. *BIO* at 10.  Not surprising, the Government offers no authority for the proposition that a verification of the facts and claims in one pleading precludes a petitioner from filing amendments and supplemental claims and facts or from contending that the failure to include claims in a subsequent pleading was the result of attorney neglect or error.  In short, there is simply no basis for concluding that a petitioner's verification means that he raises those claims to the exclusion of all other claims, facts and grounds for relief.  Additionally, since the habeas rules require that all "motions" (2255) or "applications" (2254) for relief must be verified, this argument would mean that no petitioner could ever amend – an absurd, unwarranted and unsupported result.

323 (2001).[5]  For these reasons, while attorney error or neglect may have not been found to rise to "extraordinary" circumstances for equitable tolling in non-capital cases, the Third Circuit noted in Fahy that a different conclusion is appropriate in capital cases.  Fahy 240 F. 3d at 245.

This conclusion is consistent with the statutory requirements of capital Section 2255 proceedings.  While counsel is not required in non-capital Section 2255 cases, (see 28 U.S.C. § 2255 (the court *may* appoint counsel)), Congress has made the appointment of counsel in capital Section 2255 proceedings mandatory.  See 21 U.S.C. § 848(q)(B) (providing that indigent defendants in Section 2255 proceedings challenging a death sentence are "entitled to the appointment of one or more attorneys . . .").  Congress further determined that attorneys appointed to represent indigent capital Section 2255 petitioners must meet certain minimum requirements.  See 21 U.S.C. § 848(q)(6).  Thus, it was Congress' intent not only to provide counsel, but also to provide adequate counsel in capital Section 2255 proceedings.  Any other

_____

[5]  Although Fahy involves a capital habeas petition pursuant to Section 2254, the holding and reasoning nevertheless applies to this Section 2255 application. See Miller v. New Jersey State Deparment of Corrections, 145 F.3d 615, 619 n.1 (3d Cir. 1998) (Noting that "whenever [the Third Circuit] decide[s] an AEDPA issue that arises under § 2254 and the same holding would analytically be required in a case arising under § 2255, or vice versa"); Burns v.Morton, 134 F.3d 109, 112 (3d Cir. 1998) (same).

conclusion renders the right created by Congress illusory.[6] Thus, Congressional intent

supports the Fahy conclusion that, in capital cases, attorney neglect or error forms a

basis for equitable tolling.

Finally, Grounds 20 and 22 involve claims that arise out of the record. Thus,

prior Section 2255 counsel's failure to include them in the *Second Amended Petition*

was the result of neglect and/or error and equitable tolling is appropriate.[7]

> **B.     Equitable Tolling is Appropriate for Ground 21 on the Basis of the Confusion with Respect to the Proper Timing and Forum for Raising Challenges to Lethal Injection Methods**

Ground 21 involves the unconstitutionality of the Government's method of

execution. At the time of the filing of the *Second Amended Petition*, the proper forum

and time for constitutional challenges arising out of the method of execution was, at

best, unclear. E.g. Nelson v. Campbell, __ U.S. __, 124 S. Ct. 2117, 2122-24 (2004)

---

[6] Indeed, as Congress has conferred the right to counsel and established minimum standards for appointment of counsel, Due Process requires some manner of vindicating the denial of that right. See Evits v. Lucey, 469 U.S. 387, 401 (1985) ("when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution--and, in particular, in accord with the Due Process Clause").

[7] The Government's reliance on prior Section 2255 counsel's failure to file a discovery motion until one year after filing the *First Amended Petition* simply begs the question regarding attorney neglect and/or error for purposes of equitable tolling. Moreover, despite that delay, the Government concurred in the grant of leave to file the *Second Amended Petition* while retaining its right to raise procedural defenses to the amended facts and claims.

(discussing the various issues regarding whether a challenge to the imposition of a death sentence must be raised in habeas proceedings or can be properly raised in § 1983 actions).

In <u>Fahy</u>, there also was confusion with respect to filing and procedural requirements in the state post-conviction context.  As a result of the "inhibitively opaque" state law, the petitioner's attempts to exhaust resulted in counsel's erroneous calculation of the statutory period for filing the habeas petition.  The Court found that, because state post-conviction law was "inhibitively opaque," counsel's erroneous determinations with respect to the proper time for filing the habeas petition provided a basis for equitable tolling.  <u>Fahy</u>, 240 F.2d at 245-46.  For the same reasons, equitable tolling is appropriate here.

**C.     Hammer's Cognitive, Mental and Emotional Impairments Affected His Ability to Timely File.**

In <u>Nara v. Frank</u>, 264 F.3d 310, 320 (3d Cir. 2001), the Third Circuit held that when mental illness has "affected the petitioner's ability to file a timely habeas petition," the petitioner's mental condition is a basis for equitable tolling.  <u>Nara</u> remanded for an evidentiary hearing to develop the record concerning the petitioner's alleged incompetence.  <u>Id.</u>, 264 F.3d at 320.

As the allegations in the Second and Third Amended Petition and the reports of Drs. Gelbort, Kluft, Blumberg, Gur and Grassian (each of which have been

15

provided to the Government) demonstrate, Hammer's cognitive, emotional and mental impairments directly affected his ability to make rational decisions – not just during the trial and direct appeal – but also during the Section 2255 proceedings.  Thus, as in <u>Nara</u>, Hammer is, at a minimum, entitled to present evidence in support of his entitlement to equitable tolling on this basis.

Petitioner will also be presenting each of these mental health witnesses to substantiate his substantive mental health claims at the already scheduled hearing. Therefore, unless the Court chooses to segment the hearing by requiring the mental health proof related to tolling be presented at a separate, preliminary hearing, it would make much more sense to simply permit presentation of all mental health evidence in one hearing, after which the Court can decide the timeliness question.

> **D.  Petitioner Has Exercised Reasonable Diligence in Presenting the Facts and Bases for Relief in the Third Amended Petition**.

Petitioner has exercised reasonable diligence in discovering, investigating and developing the claims raised in the *Third Amended Petition*.  Once new Section 2255 counsel were appointed they began the task of complying with their ethical and legal obligations to conduct a thorough record review and investigation.  The Government concedes that counsel was under a duty to do this rather than simply rely on the grounds and claims raised by prior Section 2255 counsel.  <u>See</u> *BIO* at 6-7.  The *Third Amended Petition* was filed less than six months following counsel's appointment and

16

less than three months following receipt of the first set of discovery documents from the Government.  Thus, Hammer meets the "reasonable diligence" requirement for equitable tolling.

**IV.    The AEDPA Statute of Limitations Does Not Preclude the Amendment of a Timely Motion Under Section 2255, Even if the Amendment Contains New Claims or Theories, and is Filed After the Expiration of the Limitations Period.**

Petitioner has already described that the Court of Appeals permits amendments that relate back to prior claims.  The Court has defined relation back for these purposes to mean that the amendments "clarify or amplify" the prior claims and do not present new theories for relief.  United States v. Duffus, 174 F.3d 333 (3d Cir. 1999) and United States v. Thomas, 221 F.3d 430 (3d Cir. 2000).

However, in both Duffus and Thomas, the Court of Appeals refused to permit the amendment of an otherwise timely section 2255 motion when the amendment was filed after the expiration of the AEDPA limitations period and the amendment "seek[s] to add an entirely new **claim** or new **theory** of relief" Thomas, id., at 436.  Petitioner recognizes that this Court is bound by this precedent.  However, in order to preserve this claim for appellate review, if necessary, Petitioner submits that Thomas and Duffus were wrongly decided.

17

Under 28 U.S.C. Section 2255 a one year statute of limitations applies to "a **motion** under this section."[8]   On its face, the statute does not require that an amendment to the motion must also be filed within the limitations period. Nonetheless, in both Duffus and Thomas, the Court of Appeals gave this language an expanded reading and held that the limitations period applies not just to the 2255 **motion**, but also to a "**claim**" for relief.  See Duffus, at 337 (permitting amendment after the expiration of the one year period "would have frustrated the intent of Congress that **claims** under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction"); Thomas, at 436 ("Duffus teaches that, as in non-habeas civil proceedings, a party cannot amend a § 2255 petition to add a completely new **claim** after the statute of limitations has expired.").  Although the Court of Appeals devined Congressional intent to prohibit additions of new **claims**, the statute itself contains no such prohibition.  See United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999) ("Amended sections 2255 and 2244(d)(1) [] impose a one year statute of limitations on **applications** for writ of habeas corpus")).

When Congress enacted AEDPA, it knew when it wanted to speak in terms of "claims" instead of "motions."  For instance, AEDPA changed parts of habeas

---

   [8]  Similarly, the limitations period for a section 2254 applicant also does not speak in terms of "claims," but instead imposes a time limit on "applications."

appellate practice.  Under the pre-AEDPA section 2253, a certificate of probable cause was required before a state prisoner could appeal the denial of a habeas petition. However, once that certificate was issued, the prisoner was permitted to appeal **any of the issues** decided against him.  However, AEDPA's section 2253 (c)(3), changed that practice.  Under the revised statute, a "certificate of appealability . . .  shall indicate which **specific issue or issues**" could be appealed.  Thus, in revising habeas corpus practice, the Congress was obviously aware of the difference between an "issue" or "claim" and an entire "application" (§ 2254) or "motion" (§ 2255).

Similarly, in crafting Fed.R.Civ.P. 15(c)(2) – regarding amendments of civil pleadings –  Congress again spoke in terms of "claims."  This Rule permits the amendment of pleadings that "relate back" when the "**claim**" asserted in the amended pleading arose out of the conduct, transaction . . . set forth in the original pleading."

Therefore, in the absence of the word "claim" from the language of the limitations period contained in § 2255, the Court of Appeals' decisions that interchanged "motion" and "claim" was mistaken.

Finally, that Congress did not mean to limit "untimely" amendments to a timely section 2255 motion, is consistent with the important role played by the Great Writ. Habeas corpus "plays a vital role in protecting constitutional rights,"  Slack v. McDaniel, 529 U.S. 473, 483 (2000), and is the "highest safeguard of liberty," Smith

19

v. Bennett, 365 U.S. 708, 712-13 (1961).  Thus, the Court of Appeals, was wrong when it read AEDPA's section 2255 limitations period as evincing the intent of Congress to place this additional limit on habeas petitioners.

Without this expansive and unwarranted reading of 2255, a district court would retain discretion to grant or deny an amendment of an otherwise timely "motion," even if the amendment contained entirely new claims or theories.  See Duffus, at 336-37 (discussing that but for the Court's mistaken reading of the AEDPA statute of limitations, a district court would have discretion to permit amendments made after the limitations period).

**V.    To the Extent that AEDPA's Limitations Period Precludes Consideration and Review of Any of Petitioner's Claims, that Would Constitute an Unconstitutional Suspension of the Writ of Habeas Corpus, Because the Excluded Claims Would Show that Petitioner is Actually Innocent of Pre-Meditated Murder.**

The writ of habeas corpus shall not be suspended, "unless when in Cases of Rebellion or Invasion the Public Safety requires it."  U.S. Const., Art. I, § 9, cl. 2. Many courts have held, or stated a belief, that it violates the Suspension Clause to fail to consider a habeas petitioner's claim of actual innocence because it was not timely filed.  Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1218 (11th Cir. 2000) (noting that whether the AEDPA must contain an "actual innocence" exception to avoid an unconstitutional suspension of the writ is a "troubling and difficult

20

constitutional question" and remanding a previously dismissed petition for an evidentiary hearing on actual innocence); <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1205 (11ᵗʰ Cir. 2004) (same); <u>Barbour v. Haley</u>, 145 F.Supp.2d 1280, 1287 (M.D. Ala. 2001) (same); <u>Lucidore v. New York Div. of Parole</u>, 209 F.3d 107, 113 (2d Cir. 2000); <u>Holloway v. Jones</u>, 166 F.Supp.2d 1185, 1190 (E.D. Mich. 2001) ("This Court concludes that to utilize the one year statute of limitations contained in the AEDPA to preclude a petitioner who can demonstrate that he or she is factually innocent . . . would violate the Suspension Clause . . .").

In its recent order of December 14, 2004 this Court has recognized that the actual innocence doctrine applies to Petitioner, who contends that he is actually innocent of the crime charged, even though he may be guilty of a lesser offense, or, of course, no offense at all. <u>U.S. v. Hammer</u>, 96-239 (M.D. Pa.) order (Dec. 14, 2004) (dkt. # 1027), at 4 ("actual innocence or miscarriage of justice doctrine applies when a first degree murder conviction results from a defaulted constitutional violation, and there is a reasonable probability that absent the constitutional error the defendant would have only been guilty of the lesser degree of homicide").

A number of Petitioner's proposed amendments are based upon his assertion that but for the constitutional error complained of, there is a reasonable probability that he would have been not guilty of any offense or of a lesser offense. <u>E.g.</u> *Third*

21

*Amended Petition*, Grounds 6, 7 and 13 (further factual averments); id. Grounds 17, 18, 19.  Therefore, his amendment would place his claims of "actual innocence" before the Court, and application of the limitations period would violate the Suspension Clause.

### CONCLUSION

For each of these reasons, as well as those set forth in Hammer's previous submissions to this Court, leave to supplement and amend is proper and in the interests of justice.

Respectfully Submitted,

s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
(Anne_Saunders@fd.org)


s/ Michael Wiseman
MICHAEL WISEMAN, ESQUIRE
Supervising Assistant Federal Defender
Attorney ID#PA 75342
Defender Association of Philadelphia
Federal Court Division-Capital Habeas Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
Tel. No. (215)928-0520
(Michael_Wiseman@fd.org)

22

## <u>CERTIFICATE OF SERVICE</u>

I, Anne Saunders, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of the foregoing *Petitioner's Memorandum of Law in Reply to United States Brief in Opposition to Petitioner's Motion to Amend* via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

Frederick E. Martin, Esquire
United States Attorney's Office
Herman T. Schneebeli Federal
Building
Suite 316
240 West Third Street
Williamsport, PA. 17701-6465

Gwynn X. Kinsey, Jr., Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

Date: December 20, 2004

Respectfully submitted,

s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)
Attorney for David Paul Hammer