IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : Crim. No. 4:CR-96-00239
: Civil No. 4:CV-02-00510
v. : (Muir, J.)
:
DAVID PAUL HAMMER : **ELECTRONICALLY FILED**

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Under the local rules adopted by this Court for pleadings, normally the parties are allowed to file a supporting brief for a motion, an opposition thereto, and a reply brief.  However, Local Rule 7.7 allows for additional pleadings to be filed but only with Court permission.

Hammer's counsel filed a timely eight page brief in support of his request to amend his § 2255 petition on November 30, 2004.  The prosecution submitted an eleven page opposition on December 10, 2004.  Thereafter, with the concurrence from the prosecution for an extension of time, Hammer's attorneys presented a twenty-two page reply.

In Hammer's original brief, his counsel, while generally referring to 28 U.S.C. § 2255, made no reference whatsoever to the 1996 amendments of that provision in accordance with the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which established for the first time a general one-year statute of limitations.  The prosecution in its opposition alluded to this bar.  It was not until the reply brief that Hammer's attorney

raised multiple and new reasons to justify the filing of the Third Amended Petition at this time.  These include Hammer's alleged mental infirmities, supposed predecessor counsel's neglect, and Hammer's alleged innocence.  None of these themes were, but could have been, presented in the original brief supporting the filing of an amended petition.  Moreover, with respect to at least one issue, predecessor counsel's behavior, Hammer's attorneys do not refer to a recent decision by the Third Circuit on the interplay of AEDPA and such claims.

This Court has delayed until April 2005 any hearing in this case.  Consequently, there is sufficient time for the Court to consider a sur-reply brief.

The prosecution has submitted that given the size and character of the reply brief filed by Hammer's counsel, fairness suggests that the prosecution have an opportunity to respond to new matters raised in it.

Counsel for Hammer was contacted on December 21, 2004. Michael Wiseman, Esquire, concurs in allowing the prosecution to file a sur-reply brief with the understanding that Hammer, if requested, could file the "last word" or a sur sur- reply brief, a proposition with which the prosecution has no objection.  For the above-stated reasons, this Court believes that it is

advisable to allow for further pleadings on this unresolved issue.

**IT IS, THEREFORE, ORDERED THAT** the United States may file a sur-reply brief on or before January 4, 2005, and

**IT IS, HEREBY, FURTHER ORDERED THAT** the defendant by his counsel may a sur sur-reply on or before _____, 2005.

_____
MUIR, United States District Judge