IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 4:cr-96-00239 |
| | : | Civil No. 4:CV-02-00510 |
| v. | : | (Judge Muir) |
| | : | |
| DAVID PAUL HAMMER | : | **ELECTRONICALLY FILED** |

**UNITED STATES' SURREPLY BRIEF IN OPPOSITION TO PETITIONER'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND
THIRD AMENDED MOTION TO VACATE AND SET ASIDE
CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255
BY A PERSON IN FEDERAL CUSTODY AND TO FILE MOTION
<u>EXCEEDING PAGE LIMITATION</u>**

As noted in the government's previously-filed opposition to Hammer's motion for leave to file a third amended Section 2255 motion, Section 2255 contains a one-year statute of limitations that on its face bars those portions of Hammer's proposed Third Amended Section 2255 Petition that advance new claims for relief (as opposed to a clarification or factual supplementation of an existing claim). Govt.'s Opp. at 4-5 (quoting *United States v. Thomas*, 221 F.3d 430, 438 (3d Cir. 2000)). Seeking to avoid the *Thomas* limitations rule, Hammer's present counsel, the Office of the Federal Public Defender, underscored in the motion to amend that the Court had found prior Section 2255 counsel statutorily unqualified to serve, e.g., Motion to amend at 4, but this position was at odds with the amicus brief the Federal Public Defender himself filed in the most recent appeal to the Third Circuit, and indeed with the Federal Public Defender's own recommendation that this Court appoint prior Section 2255 counsel. Govt.'s Opp. at 8 n.2. Hammer now recognizes the

inconsistent positions advanced by the Federal Public Defender, as his recently-filed reply brief conspicuously omits any reference to the supposed statutory disqualification of prior Section 2255 counsel.

Attempting to fill the void left in the wake of the now-jettisoned statutory disqualification argument, Hammer's reply advances several entirely new justifications for the proposed third amendment.  Acknowledging *Thomas's* general rule that amendments must be filed within the one-year limitation, he argues that his proposed amended claims all "relate back" and thus are deemed timely.  *See Thomas*, 221 F.3d at 435-36; *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999).  Even if his proposed claims do not relate back, Hammer continues, the Court should nevertheless allow the proposed amendment for purposes of the evidentiary hearing on the merits of the Section 2255 motion, subject to the Court's revisiting the timeliness issue after the hearing.  Hammer explains that the Court cannot reject his amendment as time-barred without first affording him "the opportunity to prove: 1) that he mentally infirm; 2) that his prior Section 2255 counsel neglected to include these claims in the prior 2255 motion; and 3) that he is actually innocent."  Reply at 2.  Hammer cites two cases, *Nara v. Frank*, 264 F.3d 310 (3d Cir. 2001), and *Wyzykowski v. Department of Corrections*, 226 F.3d 1213 (11th Cir. 2000), as sanctioning his proposal "that the

Court permit the amendment and then decide the question of whether they were [sic] timely following appropriate evidentiary hearings." Reply at 2. Finally, Hammer argues that *Thomas* and *Duffus* should be disregarded as wrongly decided and as amounting to an unconstitutional suspension of the writ of habeas corpus. All of these claims fail.

I.    The challenged portions of Hammer's proposed Third Amended Petition do not "relate back."

Hammer incorrectly argues that his proposed amended claims are all timely because they "relate back" to the timely-filed claims. As Hammer recognizes, Reply at 7-8, an amendment that adds entirely new claims for relief (for example, adding a new claim of ineffective assistance of counsel to a petition timely alleging separate instances of ineffective assistance of counsel) is "simply not acceptable" and does not relate back. *Duffus*, 174 F.3d at 335-336, 338; *see Thomas*, 221 F.3d at 435. On the other hand, an amendment that merely "expand[s] the facts but not the claims alleged in the petition," does relate back. *Thomas*, 221 F.3d at 436.

*Thomas* declined to decide whether a new claim that "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading" relates back, *id*. at 436 n.4, and in any event the mere fact that the claim arose out of the same trial and sentencing does not satisfy this standard, *United States v.*

*Pittman*, 209 F.3d 314, 318 (4th Cir. 2000).  To hold otherwise would effectively nullify the rule of *Duffus* and *Thomas*. *Pittman*, 209 F.3d at 318 (citing *Duffus*).  Elaborating on the "conduct, transaction, or occurrence" test, the Eleventh Circuit has held that a proposed amended claim that trial counsel was ineffective in failing to object to a summary lab report at a drug offense trial did not arise out of the same "conduct, transaction, or occurrence" as the original petition alleging that counsel was ineffective in failing to challenge the moisture content of the drugs and the lack of sodium bicarbonate in the drugs.  *United States v. Davenport*, 217 F.3d 1341, 1346 (11th Cir. 2000).

Applying these decisions, the challenged amendments are all untimely.  His proposed Claims 17, 18, 19, 20, and 21 all present new legal claims for relief; that was the whole point of Hammer's decision to designate them as separate claims.  Thus, Hammer is simply incorrect in asserting, Reply at 4, that the claims merely "provide factual clarification or amplification" within the meaning of *Thomas*.  Hammer does not argue that these claims should be allowed because they arise out of the same "conduct, transaction, or occurrence" as the original petition, and its is clear that these assertions do not satisfy this standard (assuming that it is even a permitted basis to amend, *Thomas*, 221 F.3d at 436 n.4).  *See Duffus*, 174 F.3d at 335-336, 338;

*Davenport*, 217 F.3d at 1346.  Hammer argues that portions of the new claims reiterate ineffective assistance of counsel assertions contained in the timely-filed portions of the petition, Reply at 6, but this ignores the fact that, *virtually without exception*, the ineffective assistance assertions contained elsewhere in the petition are being presented for the first time in the present proposed Third Amendment.  As discussed *infra*, Hammer has until the present motion to amend prohibited his counsel from attacking the effectiveness of Mr. Ruhnke and Mr. Travis.[1]

Hammer advances a separate relation back argument with regard to the ineffective assistance allegations he seeks to add to his previously-pleaded claims for relief.  Reply at 7-10 (discussing proposed Third Amended Section 2255 Petition at 14-16, 29, 38-39, 44, 52, 53, 56-57, 60-70).  The ineffective assistance assertions, although advanced in connection with existing substantive theories, are distinct insofar as they seek to provide legal "cause" to excuse Hammer's prior procedural defaults, and for this reason the Supreme Court has held that such ancillary ineffective assertions must satisfy the same timely-presentation requirements applicable to principal claims for relief.  *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (an ineffective assistance claim does not constitute

---

[1]  Hammer's timely-filed claims included allegations of conflict of interest but are essentially devoid of any suggestion of deficient performance by trial counsel.  *See, e.g.,* Claim 11.

"cause" to excuse the procedural default of another claim where the ineffective assistance claim is itself procedurally barred). Hammer's ineffectiveness assertions are legally and factually distinct from the related substantive claims insofar as they focus on the actions of Hammer and his counsel at trial and on direct appeal, rather than the alleged substantive errors by the Court and the government.  See *Duffus*, 174 F.3d at 335-336, 338; *Davenport*, 217 F.3d at 1346.  As discussed *infra*, the distinct nature of these ineffectiveness assertions is underscored by the fact that Hammer has until the present motion to amend prohibited his counsel from attacking the effectiveness of Mr. Ruhnke and Mr. Travis.

II.   Hammer's "equitable tolling" arguments fail.

Hammer advances three reasons why is entitled to equitable tolling of the statute of limitations with regard to his proposed amended claims: "1) that he mentally infirm; 2) that his prior Section 2255 counsel neglected to include these claims in the prior 2255 motion; and 3) that he is actually innocent."  Reply at 2, 10-17.  Equitable tolling is generally reserved for extraordinary circumstances, which does not include deficient performance by federal collateral counsel.  *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002).  As explained below, Hammer's assertions fail to state a basis for equitable tolling.

Hammer assertion that he is "mentally infirm" falls far short of the threshold proffer required to equitably toll limitations, especially given the prior adjudications of his competency and the defense stipulations concerning his competency.  In *Nara v. Frank*, 264 F.3d at 319-20, the Third Circuit rejected the notion that even actual incompetence was not necessarily a per se reason to toll limitations, and reiterated that there must be a showing of incompetence plus an actual effect of the incompetence on the petitioner's ability to timely present his claims.  In finding that Nara had made such a showing, the Court noted that Nara had previously been adjudicated incompetent in the course of the case under review, and apparently had suffered from "ongoing, if not consecutive, periods of mental incompetency."  *Id*. at 320.

Here, no court has found Hammer incompetent at any stage of the relevant proceedings.  In the most recent appeal to the Third Circuit, counsel made quite clear that no one suggested that Hammer had ever been incompetent, and instead argued that this Court had failed to conduct and adequate inquiry to ensure that Hammer had knowingly, intelligently, and voluntarily waived his right to post-conviction review.  5/27/04 Tr. 21-22 (attached as Exhibit 1).  Indeed, the panel of that Court stopped the government short from continuing to address competency, which the Court deemed not an issue.  5/27/04 Tr. 55-56.  In remanding the

case to this Court, the Third Circuit specifically noted that there was no issue of Hammer's competency, only whether he had entered a knowing, intelligent, and voluntary waiver of further review.  <u>United States v. Hammer</u>, No. 04-9001, slip op. at 6 (attached as Exhibit 2).  In the most recent hearing in this Court, the Federal Public Defender's office stipulated that Hammer was making a competent, knowing, intelligent, and voluntary election to proceed with his ineffective assistance of counsel claims.

Given this stipulation and the prior proceedings, Hammer's mental status cannot provide basis for equitable tolling.  *Nara's* equitable tolling rule specifically involved a defendant who was legally incompetent to proceed, whereas here, the prior litigation regarding Hammer's mental status has not been over whether Hammer is competent (he clearly is), but rather whether he in fact on a particular date made a knowing, intelligent, voluntary, and rational election to forego review.  <u>United States v. Hammer</u>, No. 04-9001, slip op. at 6.  The Federal Public Defender simply cannot be allowed to pick and chose whether to assert Hammer's competency merely on the basis of what better suits that office's litigation position.

Hammer cites *Fahy v. Horn*, 240 F.3d 239 (3d Cir. 2001), for the proposition that in a capital case, errors by his prior Section 2255 counsel constitute "extraordinary circumstances"

justifying equitable tolling.  Reply at 12-14.  In fact, *Fahy* specifically notes, consistent with *Johnson v. Hendricks*, that deficient performance by federal collateral counsel does *not* amount to an extraordinary circumstance.  *Fahy*, 240 F.3d at 245. Instead the Court allowed equitable tolling based solely on the fact that in that capital case, the attorney had made a misjudgment in an unsettled area of law that, if not excused, would prevent Fahy from receiving any federal habeas review whatsoever.  *Id.* at 244-46.  The Court also emphasized that Fahy had diligently sought to assert all of his claims.  *Id.*

Here, unlike in *Fahy*, the alleged errors would not deny Hammer review outright, and, most importantly, Hammer has not exercised diligence in asserting his claims.  To the contrary, the reason why Hammer has not presented his ineffective assistance claims is that he consciously prohibited prior counsel from making such assertions.  *See* Position of Attorney Travis Concerning Ineffective assistance of Counsel Claims, filed Sept. 7, 2004.  Under these circumstances, the alleged attorney error by prior 2255 counsel does not justify equitable tolling.

Finally, Hammer's actual innocence assertion does not warrant equitable tolling.  Contrary to Hammer's assertion, Wyzykowski, 226 F.3d at 1218-19, declined to decide whether such an assertion constitutes an "extraordinary circumstance" for limitations purposes.  No other court of appeals has decided that

9

question in a petitioner's favor, and what decisions there are indicate that the assertion is *not* an extraordinary circumstance. *David v. Hall*, 318 F.3d 343, 347-48 (1st Cir. 2003).  In any event, Hammer fails to allege facts establishing his actual innocence.

III. <u>In requesting that the Court allow the proposed amendment subject to revisiting after the evidentiary hearing on the Section 2255 petition, Hammer improperly conflates the limitations issue with the merits of Section 2255 review</u>.

Hammer preliminarily requests that Hammer's proposal turns on its head the normal procedure regarding amendments (i.e., that we determine first whether the amendment is proper before litigating the merits of the amended claim), and is not remotely approved by either *Nara* or *Wyzykowski*.  *Wyzykowski* did not deal with amendments of Section 2255 motions at all; it merely indicated that the court of appeals, consistent with the established doctrine of "constitutional avoidance," would not reach the petitioner's claim that applying the limitations period to deny habeas review to an "actually innocent person" violates the Suspension Clause without first allowing the district court to consider whether the defendant had proffered facts genuinely reflecting that he was innocent.  *Wyzykowski*, 226 F.3d at 1218-19.  *Nara*, likewise, did not deal with amendments of Section 2255 motions, and instead indicated that where a defendant had asserted legal incompetence that impaired his ability to file a timely habeas petition, an evidentiary hearing on that assertion

10

may be justified before determining that the habeas petition was limitations-barred.  *Nara*, 264 F.3d at 319-20.

In short, all that *Nara* and *Wyzykowski* stand for is the self-evident proposition that a preliminary, evidentiary hearing will sometimes be justified before the limitations issue can be finally resolved – not that normal procedure should be turned on its head to allow the amendment, even provisionally, pending a trial on the merits of the action.  On the event that the Court decides that an evidentiary hearing is warranted on the amendment motion, the Court can set one prior to the hearing on the merits of the petition.

IV.  <u>Hammer incorrectly argues that *Thomas* and *Duffus* should be disregarded as wrongly decided and as amounting to an unconstitutional suspension of the writ of habeas corpus</u>.

Finally, Hammer incorrectly argues that *Thomas* and *Duffus* should be disregarded as wrongly decided and as amounting to an unconstitutional suspension of the writ of habeas corpus.  *See Wyzykowski*, 226 F.3d at 1218-19; *David v. Hall*, 318 F.3d at 347-48.

<u>Conclusion</u>

The one year Statute of Limitations established by 28 U.S.C. § 2255 bars Hammer from presenting at this time any new claims which are distinct from those raised in the previous petitions filed on his behalf, as well as any new claims of ineffective assistance of counsel and any additional legal theory

11

underpinning pre-existing claims.  Consequently, this Court

should deny permission to Hammer to file a Third Amended Petition

insofar as the amendment would supplement the existing claims for

relief with five new distinct claims for relief, *see* proposed

Claims 17 through 21, and also multiple new claims of ineffective

assistance of counsel, *see* proposed Third Amended Section 2255

Petition at 14-16, 29, 38-39, 44, 52, 53, 56-57, 60-70.

<div style="margin-left: 40%;">

Respectfully submitted,
THOMAS A. MARINO
United States Attorney


By S/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA  17701-6465
Tele:  (570)326-1935
FAX:   (570)326-7916
Electronic Mail:
Fred.Martin@usdoj.gov
</div>

Dated: January 4, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 4:CR-96-00239 |
| | : | Civil No. 4:CV-02-00510 |
| v. | : | (Judge Muir) |
| | : | |
| DAVID PAUL HAMMER | : | **ELECTRONICALLY FILED** |

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' BRIEF IN OPPOSITION TO PETITIONER'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND
THIRD AMENDED MOTION TO VACATE AND SET ASIDE
CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255
BY A PERSON IN FEDERAL CUSTODY AND TO FILE MOTION
EXCEEDING PAGE LIMITATION**

to be electronically filed on January 4, 2005, to:

ADDRESSEE:    Anne L. Saunders, Esquire
              Anne_Saunders@fd.org

              Michael Wiseman, Esquire
              Michael_Wiseman@fd.org

 S/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney

13