

GOVERNMENT
EXHIBIT
2

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 04-9001

UNITED STATES OF AMERICA

v.

DAVID PAUL HAMMER,
Appellant

ORDER SUR MOTION FOR STAY OF EXECUTION
AND MOTION FOR A CERTIFICATE OF APPEALABILITY,
REMAND, AND RELATED RELIEF

(Argued May 27, 2004)

Before: SLOVITER, RENDELL and BARRY, Circuit Judges

**PER CURIAM**

The motion for a stay of execution is granted and the case is remanded to the

District Court for the following reasons:

Appellant David Paul Hammer pled guilty in 1996 to the murder of his cellmate at

USP Allenwood, in violation of 18 U.S.C. § 1111. He pled guilty against the advice of

1

his counsel, Ronald C. Travis and David A. Ruhnke,[1] thereby abandoning an insanity defense that had been presented pre-trial by his counsel. The sentencing jury found two statutory aggravating factors, two non-statutory aggravating factors and eleven mitigating factors but recommended the death sentence, which the District Court imposed. Hammer then filed a *pro se* motion seeking an order discharging counsel and allowing him to proceed *pro se* and determine for himself whether to appeal.

Thereafter, Hammer vacillated over whether he wished to live or die, as he has done throughout the legal proceedings. Subsumed in that decision has been vacillation over whether he wished to appeal the original judgment. This vacillation is reflected in the chronology attached hereto as Exhibit A.[2]

The District Court held a hearing, receiving testimony from two psychiatrists who concluded that Hammer was fully competent and that his decision to forego an appeal and ask for the immediate execution of the death sentence was a competent and well-reasoned decision. The Court then found Hammer competent to waive his rights and that the waiver was voluntary. The Court discharged counsel, appointed stand-by counsel and fixed a sentencing date.

A notice of appeal was filed on Hammer's behalf, after which Hammer filed a

---

[1]  Appellant's counsel before us were the original trial counsel. As noted in the text, other counsel have represented Appellant at various phases of the litigation.

[2]  This chronology is taken from the memorandum in support of Appellant's motion for a certificate of appealability, remand and relief filed in this court.

2

series of motions including a motion to dismiss the appeal, then to withdraw the motion to dismiss the appeal, and similar motions. Some motions were filed *pro se* and others were filed by stand-by counsel. Eventually the case proceeded to briefing, followed by another series of motions, including Hammer's *pro se* motion to dismiss the appeal, another motion to withdraw the motion to dismiss, and then a letter reinstating his motion to dismiss the appeal. We appointed amicus counsel to address whether an appeal in a federal death case could be waived. After holding a hearing on Appellant's *pro se* motion to dismiss the appeal, at which Appellant participated by video-conferencing, this court concluded that we had discretion to grant or deny Appellant's motion to dismiss the appeal, United States v. Hammer, 226 F.3d 229, 232 (3d Cir. 2000), dismissed the appeal, and remanded the case to the District Court to fix an early execution date. Counsel unsuccessfully sought en banc rehearing, see United States v. Hammer, 239 F.3d 302 (3d Cir. 2001), and a writ of certiorari.

In 2002 Hammer filed a motion under 28 U.S.C. § 2255 through appointed counsel, Monica Foster and Linda Long-Sharp ("2255 counsel"). In February 2003 he moved to withdraw the motion, but changed his mind two months later. In December 2003 he filed a second motion to withdraw his second amended Section 2255 motion. The District Court appointed a different attorney, Stephen Smith, to represent Hammer on the motion to withdraw, secure a psychiatric evaluation, and represent Hammer at a competency hearing. The District Court directed § 2255 counsel to remain as counsel on

3

the merits of the § 2255 motion. The court granted § 2255 counsel's motion to observe the psychiatric examination, conducted by Dr. John O'Brien, II, but later rescinded the order when Hammer objected.

The District Court held a hearing on January 16, 2004 on Appellant's motion to withdraw his pending § 2255 motion. At that time Appellant was represented by Smith, the waiver counsel. Section 2255 counsel were required to sit in the spectators' section and were not permitted to question either Dr. O'Brien or Appellant, the only two witnesses. The District Court found that Appellant was competent, that the waiver was knowing, voluntary, and intelligent, and denied a certificate of appealability. The District Court summarily denied a motion filed by § 2255 counsel to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). A notice of appeal from that order was timely filed by § 2255 counsel.

Thereafter this court appointed original trial counsel, David A. Ruhnke and Ronald C. Travis, to represent Appellant with regard to his request for a certificate of appealability and, should the occasion arise, his appeal.[3] Those counsel have filed a motion for a certificate of appealability, remand and related relief, and more recently a

---

[3]    In its order disposing of the Rule 59(e) motion, the District Court discharged § 2255 counsel and revoked their permission to appear pro hac vice. After filing a notice of appeal, § 2255 counsel filed a motion in our court requesting the appointment of the federal public defender to replace them as counsel for purposes of any further proceedings. Appellant filed a motion to replace § 2255 counsel with Mssrs. Ruhnke and Travis.

4

motion for stay of the execution presently scheduled for June 8, 2004. These are the motions that are presently before us. There is some question whether a certificate of appealability is required under these circumstances. We need not answer that question at this time because, even if it is required, we believe that Appellant has met the requisites for its issuance. The critical fact that emerges from the preceding brief summary of the procedural posture of this case is that Appellant Hammer has never had an appellate review by any court of his conviction and death sentence. Admittedly, this is as a result of his repeated change of position with respect to appeal vel non. Whatever the reason, Appellant has also never had a hearing on his first § 2255 motion. He argues that there has been no denial on the merits of a petition for a writ of habeas corpus, nor has the District Court determined that a procedural bar prevents review on the merits. See 28 U.S.C. § 2253(c).

The grounds that counsel proffer to support the issuance of a certificate of appealability include: that the hearing held January 16, 2004 regarding Hammer's desire to waive his right to habeas relief ("waiver hearing") violated the Fifth, Sixth, and Eighth Amendments to the Constitution because the hearing was not an adversarial proceeding, as counsel who had represented Hammer in his § 2255 proceeding over three years were not permitted to participate in the hearing and were prohibited from viewing the evaluation conducted by Dr. O'Brien; that there was insufficient evidence to support the District Court's conclusion that Hammer's waiver was knowing, voluntary, and

intelligent; and that the District Court failed to consider a proffer made by § 2255 counsel, which offered possible reasons for Hammer's motion to withdraw, highlighted Hammer's history of false confessions to murder, and described evidence suggesting that Hammer confessed falsely after accidentally killing his cellmate during what is known as "erotic asphyxiation." We are not in a position to determine at this time whether these contentions are valid. Instead, we agree that jurists of reason would find it debatable whether the District Court was correct in its ruling that Appellant's waiver of his right to pursue habeas relief was made knowingly, intelligently, and voluntarily. See Slack v. McDaniel, 529 U.S. 473 (2000).

At the waiver hearing, the District Court only explored the issue of Hammer's competency to withdraw his habeas petition. The court found him competent to do so and counsel does not dispute that conclusion before us. The hearing, however, included no inquiry into the reason for Hammer's desire to withdraw his petition. Neither Dr. O'Brien nor Hammer, the only two witnesses at the hearing, was asked any questions regarding the reasons for Hammer's decision to withdraw. The District Court and counsel for both parties focused exclusively on Hammer's ability to knowingly and voluntarily withdraw his petition, but failed to explore whether he actually was acting knowingly, rationally, and voluntarily in doing so. Absent a factual basis on the record supporting a determination that Hammer was acting knowingly and voluntarily, we cannot find that the District Court properly made such a determination, either explicitly or

6

implicitly.

The Government points to certain portions of Dr. O'Brien's written report as support for its position that the issue of voluntariness was properly explored and decided by the District Court. The Government is correct that the report contains statements about Hammer's ability to rationally explain his decision, and about Dr. O'Brien's conclusion that no "psychiatric or cognitive symptoms" were interfering with Hammer's ability to act knowingly and voluntarily. However, the report only constitutes evidence that Dr. O'Brien, at the time of the examination, believed that Hammer could act knowingly and voluntarily. The value of the report is limited in terms of time, and the report alone, expressing one doctor's opinion, cannot equate to a factual finding of the District Court. Further, Dr. O'Brien was never asked about his conclusions relevant to voluntariness during the hearing, nor was he confronted with questions dealing with Hammer's apparent wish to avoid a lengthy stay in the Lewisburg penitentiary during the pendency of the § 2255 proceedings. In other similar contexts, such as a guilty plea or a decision to proceed pro se, a court may not act without making a specific inquiry of the defendant regarding the nature of, and reasons for, his decision. See United States v. Peppers, 302 F.3d 120, 130-33 (3d Cir. 2002).

On remand, the District Court should determine whether Hammer wishes to go forward with his habeas proceedings, as counsel indicates he now does, and if so the District Court should adopt the procedure followed in St. Pierre v. Cowan, 217 F.3d 939

7

(7th Cir. 2000), where the court of appeals was faced with a similar situation of a defendant who "flipped and flopped, waived and withdr[ew] waivers, to the point where it [was] practically impossible to know what his preferences are for the handling of his case." Id. at 940. As in St. Pierre, once the District Court determines that Hammer currently makes an election to proceed with his § 2255 motion, that election will be binding and the court should proceed to decide the merits of Hammer's petition with all reasonable expedition. If, on remand, Hammer elects to waive his § 2255 motion, the District Court will be required to hold a hearing consistent with what we have stated herein.

We note, in connection with the stay of execution granted herewith, that the situation in this case differs from that presented in Moser v. Horn, 515 U.S. 1181 (1995) (vacating a stay of execution granted in In re Moser, 69 F.3d 690, 691 (3d Cir. 1995)). Moser, unlike Hammer, had consistently expressed his wish to die, his case had been reviewed on an automatic direct appeal to the Pennsylvania Supreme Court, and no post-conviction petitions had been or were being filed. The challenge to Moser's competency to be executed had been filed by a putative-next friend. In contrast, the motions on behalf of Hammer were filed promptly after the relevant District Court proceedings, and Hammer is currently expressing a wish to pursue his habeas petition. The stay of execution granted by this order is required so that Hammer's habeas petition may proceed to a proper disposition.

8

For the reasons set forth above, the motion for a certificate of appealability is granted, the matter is remanded to the District Court for further proceedings as set forth in this order, and the motion for stay of execution is granted pending further action by the District Court.[4]  The mandate shall issue forthwith.

A TRUE COPY:

*[signature]* Document

ACTING CLERK


Date: June 3, 2004
PSD/LML/cc: David Ruhnke, Esq.
            Ronald Travis, Esq.
            Frederick E. Martin, Esq.
            Gywan X. Kinsey, Esq.

---

[4]  In light of the above, the appeals docketed at 04-9009 and 04-9010 are dismissed as moot, and the related stay motion is denied as moot, without prejudice to the appellant's filing similar such appeals should the occasion arise following proceedings in the District Court on remand.

**EXHIBIT A**

07/31/98:  Seven days after jury's verdict, Mr. Hannner files *pro se* motion to waive appeal and proceed to a speedy execution. Court orders competency evaluation.

10/01/98:  Competency hearing conducted during which Mr. Hammer confirmed his intention to waive appeal.

10/08/98:  Trial court files opinion declaring Mr. Hammer competent to waive appeal.

11/04/98:  Court imposes sentence of death, Mr. Hammer confirms intention to waive appeal and proceed to execution.

11/12/98:  *Pro se* notice of appeal filed. Mr. Hammer later states this was the result of a "miscommunication" between himself and his counsel but that he agreed with the decision to appeal.

11/27/98:  Mr. Hammer files *pro se* motion in this Court to withdraw appeal.

12/18/98:  Mr. Hammer moves to withdraw the motion to withdraw the appeal.

03/23/99:  Mr. Hammer again files a *pro se* motion to withdraw his appeal.

07/23/99:  Mr. Hammer, through stand-by counsel, moves to withdraw the motion to withdraw the appeal.

05/08/00:  With briefing nearly completed, Mr. Hammer again moves *pro se* to withdraw his appeal. After this Court reserves decision, he seeks *en banc* review of the decision to reserve and moves for a speedy decision.

06/30/00:  Mr. Hammer moves to withdraw the motion to withdraw the appeal.

07/13/00:  Mr. Hammer files *pro se* letter-motion seeking to dismiss the appeal. This application is ultimately granted by this Court.

07/18/00:  Appearing at oral argument via video-conferencing, Mr. Hammer states his preference for execution over life imprisonment. This court reserves decision.

1

08/15/00:    At Mr. Hammer's request, stand-by counsel file a post-argument motion to withdraw the motion to withdraw the appeal. In response, this Court issues an order that Mr. Hammer must personally state his wishes to the Court, and not go through standby counsel.

08/22/00:    Acknowledging that he had in fact asked stand-by counsel to move to withdraw the motion to withdraw the appeal, Mr. Hammer states he has again changed his mind and wishes the appeal withdrawn and asks this Court to rule on the motion.

08/31/00:    This Court releases its opinion in *United States v. Hammer*, 226 F.3d 229 (3d Cir. 2000), holding that Mr. Hammer has "without equivocation asked us to dismiss his appeal and has indicated that he will not change his mind with respect to his request," 226 F.3d at 234. . . .

10/23/00:    Mr. Hammer authorizes a petition for executive clemency.

10/26/00:    Mr. Hammer files a *pro se* motion with this Court to recall the mandate and reinstate his appeal. That motion is later denied and Mr. Hammer seeks re-hearing and *en banc* review. On that same date Mr. Hammer files a motion in the district court to vacate his execution date to permit him to pursue a § 2255 petition. The motion is granted.

01/05/01:    This Court denies Mr. Hammer's petition for rehearing and rehearing *en banc*, with Judge Nygaard dissenting in a published opinion. *United States v. Hammer*, 239 F.3d 302 (3d Cir. 2001).

04/02/01:    The Supreme Court denies Mr. Hammer's petition for a writ of *certiorari*. *Hammer v. United States*, 532 U.S. 959 (2001).

03/29/02:    Mr. Hammer, represented by Rhonda Long-Sharp, Esquire and Monica Foster, Esquire, who were appointed by the district court in December 2000, file a petition, signed by Mr. Hammer, for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

02/26/03:    Mr. Hammer files a *pro se* motion to withdraw the § 2255 petition.

2

04/30/03:   District court enters order, at Mr. Hammer's request, withdrawing the motion to withdraw.

12/01/03:   Mr. Hammer again moves to withdraw the § 2255 petition.

01/16/04:   District court orders the petition withdrawn.

03/05/04:   Mr. Hammer moves in the district court to dismiss the appeal filed by his counsel. (A15.)

03/18/04:   Mr. Hammer moves before this Court to withdraw the motion to dismiss the appeal. That motion was granted by this Court on April 16, 2004. (A114.)