**FILED**
WILLIAMSPORT

JAN  7 2005

Per_____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :   Criminal No.  4: CR-96-239
                                  :
          v.                      :
                                  :   Judge Muir
                                  :   (Electronically Filed)
DAVID PAUL HAMMER                 :

## ORDER

January _7_, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this Court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti.  The relevant history of this case since the imposition of the sentence of death is set forth in prior orders.

This case is presently on the April, 2005, trial list for a hearing on Hammer's second amended § 2255 motion.  On November 29, 2004, Hammer filed a document entitled "Petitioner's Motion for Leave to Conduct Forensic Testing" and brief in

support thereof. The Government filed a brief in opposition on December 8, 2004 and Hammer filed his reply brief on December 10, 2004.

On December 14, 2004, this Court granted Hammer's motion for forensic testing and directed counsel to submit a proposed order within 20 days outlining the scope and extent of the forensic testing. This Court further directed that, should the parties not agree on a proposed order, each side should file separate proposed orders withing 25 days.

The parties having reached an agreement, it is HEREBY ORDERED:

1. The following items shall be tested for human biological material using the standard CODIS 13 loci STR DNA tests:

a. The decedent's and Petitioner's clothing confiscated on the night in question (Govt. Trial Exhibits 19, 25, 26.1, 26.3, 26.4, 26.5, 28.1, 28.2 and 28.3);

b. The bedding confiscated from the decedent and Petitioner's cell on the night in question (Govt. Exhibits 9-10, 15-17, 24 and 107);

c. The oral and penile slides prepared during the autopsy of the decedent.

2. The matters that were already subjected to DNA testing prior to trial (the decedent's finger nail clippings, anal and penile swabs taken from the victim, and a tube of the victim's blood) shall be re-tested using the standard CODIS 13 loci STR DNA tests.

3.  Petitioner's expert, Dr. Albert Harper, shall identify the specific areas on the items  to be tested, while in the presence of the assigned FBI Agent at the offices of the FBI in Williamsport, Pennsylvania.  Dr. Harper shall be present when these items are packaged for transportation to the laboratory.

4.  All of the items shall be tested at  Bode Technology Group, 7346 Steel Mill Drive, Springfield, VA. 22150, (866) 263- 3443.

BY THE COURT,

_____

Muir, U.S. District Judge