IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                         :
    v.                   :   No. 4:CR-96-239
                         :
DAVID PAUL HAMMER        :   (Judge Muir)

FILED
WILLIAMSPORT

JAN 27, 2005

OPINION

MUIR, District Judge.

Per_____
        DEPUTY CLERK

I.   Introduction.

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. The relevant history of this case since the imposition of the sentence of death is set forth in prior opinions and we will not repeat that history other than as needed to address the pending matter.

This case is presently on the April 2005, trial list for a hearing on Hammer's second amended § 2255 motion (hereinafter referred to as the "second amended motion"). On November 30, 2004, Hammer filed a motion for leave to file a supplemental and third amended § 2255 motion and a brief in support thereof ( hereinafter sometimes referred to as the "motion for leave to amend"). We will refer to the supplemental and third amended § 2255 motion as the "third amended motion."

The Government filed a brief in opposition on December 10, 2004. Hammer filed a reply brief on December 20, 2004. On January 4, 2005, after being granted leave to do so, the Government filed a sur-reply brief. The motion became ripe for disposition on January 19, 2005, when Hammer filed a brief responding to the

Government's sur-reply brief.  For the reasons outlined below we will grant in part and deny in part Hammer's motion for leave to amend.

II.  Discussion.

A.  Legal Principles.

We will began by outlining some of the legal issues which are presented by Hammer's motion for leave to amend.  The first relates to the right to amend a pleading under Rule 15(c) of the Federal Rules of Civil Procedure and whether or not Rule 15(c) applies to § 2255 proceedings.  Second, there is the issue of whether or not such an amendment can occur after the expiration of the one-year statute of limitation prescribed by the Antiterrorism and Effective Death Penalty Act of 1996.[1]  A third issue presented is whether or not equitable tolling of the statute of limitations is applicable to Hammer's motion for leave to file a third amended motion.

The Court of Appeals for this circuit addressed the first two issues in United States v. Thomas, 221 F.3d 430 (3d Cir. 2000).  In that case the Court held that "[u]nder Fed.R.Civ.P. 15(c), an amendment which, by way of additional facts, clarifies or amplifies a claim or theory in the petition may, in the District Court's discretion, relate back to the date of that petition if . . . the petition was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the

---

[1]The statute of limitations is set forth in § 2255 of Title 28 United States Code.

2

case." Id. at 431.  Moreover, the Court held that the amendment could occur even after the expiration of the one-year statute of limitations.  Id.

One court has observed that the Court of Appeals in Thomas set forth a "well-formulated" method of determining when an amendment relates to a prior habeas petition.  Abu-Jamal v. Horn, 2001 WL 1609761, *4 (E.D.Pa. Dec. 18, 2001)(Yohn, J.).  In Abu-Jamal the district court stated that the approach "is consonant with the conciliatory spirit of Rule 15(c)" because

> it incorporates a recognition that "the touchstone of Rule 15(c) is notice."  Where the effect of an amendment is the factual clarification of existing claims, the government "has been given all the notice that statutes of limitations were intended to provide," and the amendment consequently is permissible. . . .
>
> Thomas instruct[s] that the critical inquiry in the context of any motion to amend a habeas petition following the expiration of the statute of limitations is whether the proposed amended claims constitute new claims or theories, or whether they instead merely clarify or amplify those contained within the original petition.

Id. (citations and parentheticals omitted).

With regard to the third issue, the Court of Appeals for this circuit has held that equitable tolling of the one-year limitations period is proper only when principles of equity would make the rigid application of the limitations period unfair. United States v. Nara, 264 F.3d 310, 319 (3d Cir. 2001).  The Court further explained that unfairness only arises when a petitioner has in some extraordinary way been prevented from asserting his or her rights.  Id.  In Nara the Court found that periods of mental

3

incompetency of the petitioner or attorney neglect could rise to the level of extraordinary circumstances warranting equitable tolling of the one-year statute of limitations. Id. at 320. In Nara the Court remanded the case to the district court for an evidentiary hearing on whether or not the circumstances warranted equitable tolling.

The Court of Appeals for this circuit has also noted a distinction between capital and non-capital cases with respect to the application of the concept of equitable tolling. United States v. Fahy, 240 F.3d 239 (3d Cir. 2001). In Fahy, the Court stated that "[i]n a capital case . . . the consequences of error are terminal, and we therefore pay particular attention to whether principles of 'equity would make the rigid application of a limitation period unfair' and whether the petitioner has 'exercised reasonable diligence in investigating and bringing [the] claims.'" Id. at 245 (quoting Miller v. New Jersey Dept. of Corr., 145 F.3d 616, 618 (3d Cir. 1998)). The Court of Appeals again noted the distinction in Johnson v. Hendricks, 314 F.3d 159, 163 n.2 (3d Cir. 2002)("Because Fahy was a capital case, we applied equitable tolling there.").

The concept of equitable tolling, however, only comes into play if the proposed amendments are not permitted under Rule 15(c). Consequently, we will first consider whether the proposed amendments are permitted under Rule 15(c).

4

B.    Amendments Pursuant to Rule 15(c).

Hammer's motion for leave to amend was filed well after the expiration of the one-year statute of limitation. The Government contends that we "should not authorize the filing of the [third amended motion] which, inter alia, would supplement the existing claims for relief with five new distinct claims for relief, see proposed [Grounds] 17 through 21, and also multiple new claims of ineffective assistance of counsel, see proposed [third amended motion] at 14-16, 29, 38-39, 44, 52, 56-57, 60-70." From this statement we conclude that the only portions of the third amended motion which the Government objects to are pages 14-16, 29, 38-39, 44, 52, 56-57, 60-70 and Grounds 17 through 21.

The third amended motion sets forth twenty-two grounds for relief. Although the Government did not address Ground 22 of the third amended motion, we will review Ground 22 to determine whether it is an appropriate amendment.

Most of Hammer's proposed amendments involve claims of ineffective assistance of counsel. In determining whether the proposed amendments set forth in the third amended motion "relate back to" the second amended motion we must consider the second amended motion in its entirety.[2]

In the second amended motion Hammer, inter alia,

---

[2] The Government has never filed a motion challenging the timeliness of the second amended motion. We consider any challenge to the timeliness of the claims set forth in the second amended motion waived. In fact the Court of Appeals remanded this case to us to hold a hearing on the second amended motion if Hammer desired to proceed with it.

challenges the adequacy of the representation provided by former defense attorneys, David A. Ruhnke and Ronald C. Travis, in certain respects, and claims that they provided no legal advice to him after his decision, following the jury's verdict, to accept imposition of the death sentence.  See Grounds One, Two, Three, Four, Eight, Ten, Eleven, and Thirteen of the second amended motion.

Throughout the second amended motion Hammer refers to the 6th Amendment.  The 6th Amendment includes the right to assistance of counsel. Strickland v. Washington, 466 U.S. 668, 684-696 (1984), reh'g denied, 467 U.S. 1267 (1984).  Under the 6th Amendment a defendant is entitled to competent representation and failure to be provided with such representation may violate the 6th Amendment if the defendant is prejudiced thereby.  Id.

Ground One of the second amended motion states in part that "Hammer's guilty plea was accepted in violation of the . . . 6th . . . Amendment[] to the Constitution . . . ."  Ground One further states that "the plea was predicated upon an unreliable competency proceeding among other reasons."

Ground Two states in part that "[t]he proceedings used to determine Hammer's competence, waive counsel and appeals were conducted in violation of the . . . 6th . . . Amendment[]. The proceedings were both procedurally and substantively flawed in numerous respects, including: . . . the experts were conflicted; . . . Dr. Wolfson, at all times, had a direct and substantial conflict of interest . . . ."

Ground Three states in part that "[t]he dismissal of Hammer's Appeal was . . . permitted in violation of the . . . 6th . . . Amendment . . . ."

Ground Six states in part that "[t]he Government or its agents knew or should have known that Hammer's statement was materially false and unreliable, yet it presented it [to] the jury and judge (at the guilty plea) without correcting the false misleading impression . . . The Government (and/or agents) concealed favorable evidence from the defense, namely the physical facts which prove that Hammer's statements are unreliable, if not false . . . All of the above violates the . . . 6th . . . Amendment[]."

Ground Seven states in part that "the Government suppressed documentary evidence, suppressed physical evidence and/or destroyed readily apparent material evidence or potentially useful evidence, all in contravention of the . . . 6th . . . Amendment[]."

Ground Eight states in part that "Hammer's waiver of counsel for purposes of post-trial motions and direct appeal did not comport with the . . .6[th] . . . Amendment[] because he was not properly advised about the risks of proceeding pro se."

Ground Ten states in relevant part that "Hammer was constructively and functionally denied counsel . . . ." Under the supporting facts section of this ground for relief Hammer states that he was "constructively denied counsel when the Court denied counsels' withdrawal request and failed to appoint counsel to

investigate, and if necessary pursue, competency issues even though same was contrary to Hammer's stated desires. Hammer was entitled to counsel who could ethically protect his substantive and procedural due process rights. Such investigation would have been fruitful."

Ground Eleven states in part that "[t]he Court's failure to inquire on the record into an actual conflict of interest when alerted to same violated the . . . 6th . . . Amendment[]." Under the supporting facts section Hammer states "[b]ecause of the conflict, the mismanagement of Hammer's psychiatric and medical condition was not investigated. The conflict had an adverse effect on the representation."

In Ground Thirteen of the motion Hammer states as follows:

> Hammer was functionally deprived of his constitutional right to counsel at all critical stages of the proceedings when the court set the hearing on Hammer's competence to plead guilty within hours of Hammer's stated desire to plead guilty such that no competent attorney could investigate and be adequately prepared for said hearing. Alternatively and separately, Hammer claims he was deprived of effective assistance of counsel at said competency hearing and was independently deprived of his right to effective assistance of counsel by counsels' failure to investigate the veracity of Hammer's confession and the physical and medical facts upon which it relied.

Under the supporting facts section Hammer states in relevant part that his "counsels' omissions in not obtaining records regarding [his] medications and treatment and failure to consult an independent expert regarding the same was below the norm" and "[c]ounsels' failure to investigate the veracity of Hammer's

statements made to authorities after Mr. Marti's body was discovered and to otherwise investigate the veracity of conclusions drawn regarding the physical evidence and pathology findings was below prevailing norms of reasonably competent counsel. The failure to investigate and present evidence concerning the veracity of Hammer's confession and to challenge the Government's reliance upon it was below prevailing norms."

We will now consider Hammer's third amended motion. In considering the third amended motion we will compare the proposed amendments with facts asserted in the second amended motion.

The first 16 grounds set forth in the third amended motion are basically the same as those set forth in the second amended motion with some minor changes and the addition of supporting facts.

In Ground One of the third amended motion Hammer adds the following additional assertions of fact:

> [C]ounsel was ineffective in failing to object to the court's use of conflicted mental health professionals; failing to adequately challenge the testimony of the mental health professionals selected by the Court; failing to consult with defense experts; failing to request a non-conflicted mental health evaluation; or, at least, present the opinions of those mental health experts the defense had retained at the time of trial.

At pages 14 through 16 there are additional supporting facts outlined.

In Grounds One and Two of the second amended motion, Hammer raises ineffective assistance of counsel claims. Furthermore in Ground Two Hammer contends that the proceedings were

9

flawed because "the expert's determination was a foregone conclusion given the particular expert selected to determine competency; the experts were conflicted . . . [and] Dr. Wolfson, at all times, had a direct and substantial conflict of interest . . . ."  Also, in Ground Ten Hammer refers to counsels' failure to investigate the issue of his competency to enter a plea of guilty.  Furthermore, in Ground Thirteen of the second amended motion Hammer contends that he was "deprived of the effective assistance of counsel at said competency hearing . . . ."  In the supporting facts section of Ground Thirteen of the second amended motion, Hammer contends that counsel failed to consult independent experts regarding his medications and treatment.

We are satisfied that the additions to Ground One including the supporting facts set forth in the third amended motion are related to the claims of ineffective assistance of counsel set forth in the second amended motion which we have outlined above.

In Ground Two of the third amended motion under the supporting facts section at page 29 Hammer adds the following paragraph:

> DD. Counsel's failure to investigate, develop and present the claims arising from the conflicts, and the unreliable and improper competency proceedings and findings was constitutionally ineffective.

This addition is also permissible in light of the ineffective assistance of counsel claims set forth in the second amended motion which we have outlined above.

In Ground Three of the third amended motion under the

supporting facts section at page 39, Hammer adds the following paragraph:

> 5. Hammer further asserts that, to the extent that the appellate brief failed to properly raise and litigate meritorious claims and to the extent that there existed additional meritorious bases for those issues raised in the appellate brief requiring relief, he was deprived of his right to effective assistance of counsel in violation of the 5th, 6th, 8th and 14 Amendments.

We are unable to discern how this relates to Ground Three or any other ground set forth in the second amended motion. Hammer in Ground Three of the second amended motion did not raise a claim of ineffective assistance of counsel relating to the failure of counsel to raise certain issues on appeal. Although this amendment is not permitted under Rule 15(c), at a later point in this order we will consider whether equitable tolling would permit the amendment at this time.

In Ground Six of the third amended motion under the supporting facts at pages 44-45, Hammer adds the following paragraph:

> 7. Counsel's failure to investigate and develop evidence of statements of other inmates contradicting testimony presented by the government and statements Hammer made to authorities in this case; counsel's failure to investigate, develop and present evidence of Hammer's prior false confessions to murders that he did not commit and the related mental health evidence supporting his propensity to falsely confess constitutes ineffective assistance of counsel and denied Hammer of his 5th, 6th, 8th and 14th Amendment rights.

This addition is also permissible in light of the ineffective assistance of counsel claims set forth in the second amended motion which we have outlined above.

11

In Ground Seven of the third amended motion under the supporting facts at pages 52-53 Hammer adds the following paragraphs:

> 1. Hammer has likewise learned that other inmates contacted prosecution and prison authorities and likewise provided contradictory versions of the circumstances leading up to the death of Mr. Marti that would have provided defense counsel with impeachment evidence and evidence directly contradicting the reliability and credibility of statements Hammer purportedly made to inmate witnesses presented by the government at trial and to authorities, all of which were relied upon by the government in its statement of facts in support of the guilty plea and in arguing for death during the penalty phase.
>
> L. Alternatively, trial counsel's failure to investigate, develop and present the above evidence directly contradicting the false and misleading evidence presented by the government in support of the factual basis for the guilty plea and the sentencing determination constitutes prejudicial deficient performance in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments.

These additions are also permissible in light of the ineffective assistance of counsel claims set forth in the second amended motion which we have outlined above.

Ground Eight of the second amended motion refers to the 6th Amendment and states that Hammer "was not properly advised about the risks of proceeding pro se." In Ground Eight of the third amended motion under supporting facts at pages 53-54 Hammer adds the following paragraph:

> C. Counsel's failure to raise, preserve and litigate the Court's failure to properly advise Hammer on the risks of proceeding pro se constitutes prejudicially deficient performance in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments.

This addition is also permissible in light of the ineffective

assistance of counsel claims set forth in the second amended motion which we have outlined above.

In Ground Ten under supporting facts at pages 57-58 Hammer adds the following paragraphs:

> G. Alternatively, absent appointment of un-conflicted counsel in order to investigate and pursue competency issues, trial counsel was ineffective in failing to consult with defense experts who had already evaluated Hammer, in failing to request evaluation by un-conflicted mental health professionals for purposes of making a competency determination; and, failing to adequately challenge the testimony of conflicted mental health professionals constituted ineffective assistance of counsel and deprived Hammer of his 5th, 6th, 8th and 14th Amendment rights.

> H.   Because trial counsel failed to investigate Petitioner's competency and failed to have Petitioner examined by an independent mental health evaluator, neither this Court nor the Third Circuit Court of Appeals were aware that at the time Petitioner discharged counsel and waived his direct appeals, he was laboring under the following psychiatric and psychological deficits: intense agitation and paranoia, an exacerbation of his pre-existing mental illness and neurocognitive deficits, impaired judgment, reasoning, emotional impairments, impulsivity, disinhibition, an exacerbation of his Posttraumatic Stress Disorder, Chronic, and was "driven by the fragmentation and compromised control associated with dissociative identity disorder."  Report of Richard P. Kluft, M.D., at 11.  See also Declaration of Michael Gelbort, Ph.D., Declaration of Neil Blumberg, M.D.

These additions are also permissible in light of the ineffective assistance of counsel claims set forth in the second amended motion which we have outlined above.

In Ground Thirteen at pages 60-70 Hammer adds facts supporting his claim that he was deprived of effective assistance of counsel at the competency hearing when trial counsel failed to investigate and present evidence of his incompetence and failed to

have him evaluated by an independent mental health expert prior to the plea of guilty. Hammer also sets forth assertions regarding counsel's failure to investigate and interview other witnesses and have the physical evidence examined by forensic experts. These additions are also permissible in light of the ineffective assistance of counsel claims set forth in the second amended motion which we have outlined above.

In Ground Fourteen at page 71, Hammer adds the following paragraph:

> E. Alternatively, counsel was ineffective for failing to adequately investigate, develop and present evidence of the employees' consideration for awards. Counsel's deficient performance prejudiced Hammer in that, as a result of counsel's omission, Hammer was denied compelling evidence of bias, conflict and unreliability with respect to these witnesses.

As noted previously in determining whether or not an amendment is permissible we must consider all of the allegations set forth in the second amended motion. In Ground One of the second amended motion Hammer alleged an "unreliable competency proceeding." In Ground Two Hammer refers to the 6th Amendment and states that "the expert(s) were conflicted" and that "[Dr.] Mitchell received an award and monetary compensation from the BOP for his participation in the proceedings which resulted in Hammer's death sentence." Second Amended Motion, pages 8 and 11. The addition of paragraph E at page 71 of third amended motion is permissible in light of the allegations set forth in the second amended motion.

We will now address the issue of whether or not Hammer's additions of Grounds Seventeen through Twenty-Two are permitted

14

under Rule 15(c). Hammer in the motion for leave to amend states that Grounds Seventeen through Twenty-Two are "new legal claims that have not heretofore been presented." See Motion for Leave to Amend, ¶ 13. Hammer in his reply brief filed on December 20, 2004, however, argues that Grounds Seventeen, Eighteen and Nineteen "clarify and/or amplify existing claims, and therefore relate back to the previously pled claims."

In order properly to consider Ground Seventeen we need to set forth some background relating thereto. The trial in this case commenced in the Spring of 1998. Prior to trial Hammer filed a notice of intent to rely upon an insanity defense at the time of trial. That notice was filed on September 24, 1997. On October 7, 1997, the Government filed a motion pursuant to 18 U.S.C. §§ 4242(a) and 4247(b) to conduct a psychiatric evaluation at either the Medical Center for Federal Prisoners, Springfield, Missouri, or the Federal Correctional Institution, Butner, North Carolina. Counsel for Hammer concurred in the request generally for an evaluation but would not concur that Springfield or Butner were the appropriate locations for this study. On October 9, 1997, we granted the Government's motion and directed that Hammer be examined at either Springfield or Butner.

Section 4242(a) states that "[u]pon the filing of a notice . . . that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, <u>shall</u> order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric

or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and ©)." (Emphasis added.) Section 4247(b) provides that the court may commit a defendant for a period of up to 45 days and grant an extension if requested of up to thirty days. Section 4247(c) sets forth the manner in which the psychiatric or psychological report is to be prepared, including what items are to be included in the report. With respect to a motion filed pursuant to sections 4242(a) there is no requirement that the court hold a hearing prior to granting the motion.

In Ground Seventeen at page 73 of the third amended motion Hammer states as follows:

> Ground Seventeen: Granting the government's request for commitment in order to conduct an extensive evaluation and study of Mr. Hammer in light of the notice of insanity defense while not providing defense experts the same access to Mr. Hammer and permitting the government to capitalize on the disparity during the trial compromised the reliability of the plea proceedings and the sentencing determination; deprived Mr. Hammer of his Fifth, Sixth, Eighth and Fourteenth Amendment rights.

Hammer further states that "[w]ithout benefit of a hearing, written objections and response of defense counsel or consideration of available alternatives, the Court accepted the averments of the Government that the commitment was necessary and ordered that Mr. Hammer be committed for at least forty-five days for a "study" by mental health experts employed by the United States Bureau of Prisons ("BOP")." Hammer also states that "the Court's failure to conduct the required hearing and consideration of available alternatives before subjecting Mr. Hammer to the extensive, unnecessary commitment . . . . placed the Government at an unfair and

16

unconstitutional advantage . . . [and] counsel's failure to properly object . . . constitutes prejudicially deficient performance in violation of the . . . Sixth . . . Amendment[]."

We are unable to discern how Ground Seventeen relates to any of the claims raised in the second amended motion. The only averment in the second amended motion relied on by Hammer is found in Ground Two, paragraph C, where it is alleged as follows:

> C. The Government had the authority to use the services of a psychiatrist or psychologist not employed by the BOP but did not do so here.

This averment is not sufficient to put the Government on notice of Hammer's claim that the court issued the order without the benefit of a hearing. Moreover, we need not address the issue of equitable tolling of the statute of limitation because permitting Hammer to amend the second amended motion to raise Ground Seventeen would be futile. Foman v. Davis 371 U.S. 178, 182 (1962)(leave to amend need not be granted for futile amendments). Hammer's contentions relating to the court ordered psychiatric evaluation are devoid of merit. Under section 4242 we were required to order an evaluation of Hammer. Also, under that section there is no requirement that the court hold a hearing prior to granting the Government's motion for an evaluation. Hammer will not be permitted to add Ground Seventeen to the third amended motion.

In Ground Eighteen of the third amended motion at page 85 Hammer states as follows:

> Ground Eighteen: Counsel's failure to properly preserve, raise and litigate meritorious claims requiring relief on appeal constitutes ineffective assistance of counsel in violation of Hammer's Fifth, Sixth, Eighth

17

and Fourteenth Amendment rights.

We are unable to discern how this proposed amendment relates to any of the claims raised in the second amended motion. Hammer in the second amended motion did not raise a claim of ineffective assistance of counsel relating to the failure of counsel to raise certain issues on appeal. Although this amendment is not permitted under Rule 15(c), at a later point in this order we will consider whether or not the doctrine of equitable tolling will permit the amendment at this time.

In Ground Nineteen of the third amended motion at page 88 Hammer states as follows:

> Ground Nineteen: Hammer was denied his Fifth, Sixth, Eighth and Fourteenth Amendment rights where, as a result of governmental failure to disclose exculpatory evidence and ineffective assistance of counsel, compelling evidence directly disputing the reliability of Hammer's statements regarding the circumstances leading up to the decedent's death that were relied upon by the government in support of the factual basis for the guilty plea and in support of a death sentence was not developed and presented.

Under the supporting facts section of this ground Hammer outlines the evidence that allegedly was not disclosed. Hammer further contends that "counsel was ineffective in failing to adequately investigate, develop and present evidence that Hammer is a serial false confessor and that his false confessions to prior murders are a result of his mental, emotional and cognitive impairments rendering his statements to authorities in this case supporting intentional first degree murder incredible and unreliable."

The propriety of allowing Hammer to add Ground Nineteen must be considered in light of Ground Six of the second amended

18

motion.   In Ground Six of the second amended motion Hammer set forth claims regarding the Government's failure to disclose exculpatory evidence.   Ground Nineteen of the third amended motion raises additional facts in support of that contention.   The addition of Ground Nineteen is permissible in light of the claims of ineffective assistance of counsel and failure to disclose exculpatory evidence set forth in the second amended motion which we have outlined above.

In Ground Twenty of the third amended motion at page 96 Hammer states as follows:

> Ground Twenty: Counsel was ineffective in failing to seek a mistrial (or at least a curative instruction) during the penalty phase after the court allowed the government to present evidence of an aggravating factor that the court ultimately did not submit to the jury - but the jury heard the evidence of the aggravating factor.

We are unable to discern how Ground Twenty relates to any of the claims raised in the second amended motion.

Moreover, we need not address the issue of equitable tolling of the statute of limitations with respect to Ground Twenty because permitting Hammer to amend the second amended motion to raise Ground Twenty would be futile. Foman v. Davis, supra.  One of the aggravating factors originally proffered by the Government was the "vulnerability of the victim."   See 18 U.S.C. § 3592(c)(11). The Government presented some argument and evidence relating to this factor.   However, we did not permit the jurors to consider the factor during their deliberations.   We specifically instructed the jurors regarding the statutory aggravating factors as follows:

19

If you decide that Mr. Hammer either intentionally killed Andrew Marti, or intentionally inflicted serious bodily injury on Andrew Marti that resulted in the death of Andrew Marti, you must next consider whether the government has proven beyond a reasonable doubt one or more of the following statutory aggravating factors:

One, that Mr. Hammer has previously been convicted of two or more state or federal offenses punishable by a term of imprisonment for more than one year involving the use or attempted or threatened use of a firearm; two, that the murder of Andrew Marti was committed after substantial planning or premeditation.

    *    *    *    *    *    *    *    *    *    *

If you do not find at least one of the statutory aggravating factors, you may not consider imposing a sentence of death.   . . .   <u>I emphasize these are the only statutory aggravating factors that you may consider.</u>

See Doc. 670, Transcript, pages 25-26 (emphasis added). Also, the jury was given a detailed special findings form which enumerated the statutory aggravating factors which it could consider.  See Doc. 572. Special Findings Form Regarding the Punishment to be Imposed Upon David Paul Hammer for the Killing of Andrew Marti.

Hammer's contention that counsel was ineffective for failing to seek a mistrial or at least a curative instruction is devoid of merit.  Hammer will not be permitted to add Ground Twenty to the third amended motion.

In Ground Twenty-One of the third amended motion at page 99 Hammer states as follows:

Ground Twenty One: The Government's Lethal Injection Method Violates the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

We are unable to discern how Ground Twenty-One relates to any of

20

the claims raised in the second amended motion.

We previously ruled that Hammer's sentence of death "must be implemented in a manner consistent with the law of the Commonwealth of Pennsylvania." United States v. Hammer, 121 F.Supp. 794, 797 (M.D.Pa. 2000). We further held that "[t]he implementation of Mr. Hammer's sentence of death is required to be consistent with the procedures set forth in §§ 3001 through 3008, Title 61 of the Pennsylvania Statutes[.]" Id. at 800. We have also ruled on claims raised by Hammer regarding the use of the "cut-down" procedure, witness attendance and Hammer's final statement before execution. See Orders of May 19, May 26, and June 2, 2004 (Docs. 900, 910 and 917, respectively).

Hammer now attempts to amend the second amended motion to add a claim that "the method of execution as provided in the Pennsylvania statute, even in view of the clarifications described by the Government in prior filings, demonstrates that the method of execution in Hammer's case violates the First, Fifth, Sixth, Eighth and Fourteenth Amendments."

The decision of the Supreme Court in Foman and the decision of the Court of Appeals for this circuit in Thomas instruct that whether or not to allow an amendment under Rule 15(c) is discretionary. Foman, 371 U.S. at 182 ("Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion . . . ."); Thomas, 221 F.3d at 436 ("[A] District Court

21

may, in its discretion, permit an amendment . . . .").

We will not permit Hammer to add Ground Twenty-One to the second amended motion for two reasons. First, it does not relate to any claims set forth in the second amended motion. Second, the Supreme Court has held that an inmate can proceed with an action under § 1983 which asserts a claim that the method and manner of execution violates the inmates Constitutional rights. Nelson v. Campbell,___U.S.___, 124 S.Ct 2117, 2122-23 (2004). Hammer will not be precluded from raising the claim in a subsequent proceeding. [3]

In Ground Twenty-Two of the third amended motion at pages 124-125 Hammer states as follows:

> Ground Twenty-Two: Hammer was denied his Fifth, Sixth, Eighth and Fourteenth Amendment rights where, as a result of Court error and ineffective assistance of counsel, the jury was precluded from viewing the entire videotape of the hypnosis session.
>
> A.   During trial, the defense sought to show the jury a videotape of the hypnosis session with Drs. Sadoff and Dubin. While the Court permitted the defense to show part of the videotape, it precluded the defense from showing the entire session. See NT Vol. 10 at 47. Specifically precluded from the showing was approximately thirty-six minutes prior to the actual hypnosis and eight minutes following the hypnosis.
>
> B.   During trial and the penalty hearing, the defense offered evidence that Mr. Hammer suffered from Dissociative Identity Disorder. Evidence

---

[3] There is presently pending in this court a civil action filed pursuant to § 1983 challenging Pennsylvania's manner and method of execution. George E. Banks, by his next friend Mary Yelland v. Jeffrey Beard, et al., Civil No. 04-2581 (M.D.Pa. filed Dec. 1, 2004)(McClure, J.). Many of the allegations set forth in that complaint are similar to the allegations set forth in Ground Twenty-One.

supporting that diagnosis was, therefore, relevant and material to the jury's consideration.

C. As Dr. Kluft explains, the portions of the videotape that were excluded contain evidence supporting the Dissociative Identity Disorder. Indeed, Dr. Kluft notes: "both before and during the hypnosis, the most impressive finding is the picture of fluctuating presences and copresences of David Paul Hammer and Wilbur." Report of Dr. Kluft at 5. In Dr. Kluft's opinion, the interview prior to the actual hypnosis was compelling evidence of the presence of disociative phenomena.

D. As this evidence provided further support of Dr. Sadoff's diagnoses and conclusions, it was directly relevant to critical issues of the defense at trial and during the penalty hearing. Accordingly, the Court's preclusion of those portions of the videotape denied Hammer his Fifth, Sixth, Eighth and Fourteenth Amendment rights.

E. Counsel's failure to properly present the relevance and materiality of the excluded portions of the videotape to the Court and their failure to properly raise and litigate the unconstitutional exclusion of those portions of the videotape, constitutes prejudicially deficient performance in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments.

We are unable to discern how Ground Twenty-Two relates to any of the claims raised in the second amended motion. The amendments which we have permitted relating to ineffective assistance up to this point have had some basis in the factual assertions set forth in the second amended motion. There is nothing in the second amended motion which would put the Government on notice of this particular ground for relief. Furthermore, Hammer did not in his supporting brief, reply brief or response to the Government's sur-reply brief explain how this ground relates to the second amended motion. Consequently, the one-year statute of limitation will bar

the amendment unless that limitation period is equitably tolled.
C.  Equitable Tolling.

We will now consider the three portions of the third amended motion which can only be considered if the one-year statute of limitation is equitably tolled.  We will reiterate those portions.  First, in Ground Three at page 39 Hammer alleges that attorneys Ruhnke and Travis failed to raise and litigate on appeal meritorious claims.  Second, in Ground Eighteen Hammer alleges the failure of counsel to preserve, raise and litigate meritorious claims.  And third, in Ground Twenty-Two Hammer raises the issue of the Court's exclusion of portions of the videotape of the hypnosis session and counsel's alleged ineffective assistance in failing to establish the relevance of the entire videotape.

Hammer argues that equitable tolling of the one-year statute of limitation is appropriate for several reasons.  First, he argued that prior § 2255 counsel were unqualified and relies on our order of June 4, 2004.  Hammer has misconstrued and exaggerated the importance of that order.  Prior § 2255 counsel, attorneys Foster and Long-Sharp, were discharged after Hammer withdrew the second amended motion.  After the Court of Appeals reinstated the second amended motion, we declined to reappoint attorneys Foster and Long-Sharp.  After reviewing the statutory provisions relating to appointment of counsel in capital post-conviction proceedings we concluded that the reappointment of attorneys Foster and Long-Sharp would not be appropriate in light of those provisions. Subsequently, the Federal Public Defender for this district as well

as Government counsel have taken the position that the reappointment of attorneys Foster and Long-Sharp would have been appropriate.

We declined to reappoint them because neither attorneys Foster or Long-Sharp were (1) licensed to practice law in Pennsylvania and (2) had "three years experience in the actual trial of felony prosecutions in" this court. See 21 U.S.C. § 848(q)(5). The Federal Public Defender, James V. Wade, Esquire, subsequently pointed out that another portions of the same statute, §848(q)(7), provides that "the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant . . . ." See Doc. 925, Notice of Compliance with the Court's Order of June 4, 2004 Regarding Designation of Counsel and Entry of Appearance, at page 2, footnote 1. The Federal Public Defender may be correct. However, we are still of the view that the statute is sufficiently ambiguous that our decision was correct. It is not clear that the fact that we "may appoint another attorney" negates the requirements noted in § 848(q)(5).

The fact that Foster and Long-Sharp may not have met the technical requirements of the statute does not mean they were unqualified to act as counsel in a capital post-conviction proceeding. They clearly had the requisite experience to represent capital defendants and we have authorized payment for the services they rendered. The fact that we declined to reappoint them does not serve as a basis for equitable tolling of the one-year statute

of limitations.

Hammer contends that the failure to raise various claims was the result of the neglect of attorneys Foster and Long-Sharp coupled with his mental condition. Hammer argues that his mental condition and the attorney neglect justify equitable tolling of the one-year statute of limitations. He further contends that he should be given an opportunity to present evidence to establish his mental condition and attorney neglect. We are satisfied that Hammer has presented sufficient allegations of mental infirmity and attorney neglect to permit provisionally Hammer to amend Ground Three and add Grounds Eighteen and Twenty-Two. We will permit those amendments and decide the question of whether they were timely following the evidentiary hearing in April.

An appropriate order will be entered.

_____
MUIR, U.S. District Judge

Dated: January 27, 2005

MM:gs

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :
                            :
        v.                  :    No. 4:CR-96-239
                            :
DAVID PAUL HAMMER           :    (Judge Muir)


ORDER
January 27, 2005


1.    Hammer's motion for leave to file a supplemental and third amended § 2255 motion (Doc. 1012) is granted in part and denied in part as set forth below.

2. With regard to Grounds One, Two, Six, Seven, Eight, Ten, Thirteen, Fourteen, and Nineteen the amendments are allowed.

3. With regard to Grounds Three, Eighteen and Twenty-Two the amendments will be provisionally permitted and the decision regarding timeliness will be decided following the evidentiary hearing in April.

4.    In all other respects the motion is denied.

5.    Hammer shall file a brief in support of the third amended motion by February 18, 2005.  Subsequent briefing shall be in accordance with the Local Rules of Court.

_____
MUIR, U.S. District Judge

MM:gs

FILED
WILLIAMSPORT

JAN 2 7 2005

27

Per_____
              DEPUTY CLERK