# U.S. Department of Justice

## Thomas A. Marino
United States Attorney
Middle District of Pennsylvania

| | | |
|---|---|---|
| *William J. Nealon Federal Building* | *Harrisburg Federal Building and* | *Herman T. Schneebeli Federal Building* |
| *Suite 311* | *Courthouse, Suite 220* | *Suite 316* |
| *235 N. Washington Avenue* | *228 Walnut Street* | *240 West Third Street* |
| *P.O. Box 309* | *P.O. Box 11754* | *Williamsport, PA 17701-6465* |
| *Scranton, PA 18501-0309* | *Harrisburg, PA 17108-1754* | *(570) 326-1935* |
| *(570) 348-2800* | *(717) 221-4482* | *FAX (570) 326-7916* |
| *FAX (570) 348-2816/348-2830* | *FAX (717) 221-4582/221-2246* | |

Please respond to:  *Williamsport*

March 15, 2005

Anne L. Saunders, Esquire
Office of the Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101-2540

> Re:  *United States v. Hammer*
>       M.D. Pa. Civil No. 4:CV-01-00510
>       M.D. Pa. Crim. No. 4:CR-96-00239

Dear Ms. Saunders:

This is to belatedly acknowledge receipt of your letter dated February 18, 2005.  In it you inquired about the status of prospective government expert witnesses for the upcoming hearing. The following details are provided which vary with the subject matter at issue.

In response to Hammer's claim that he accidently killed Andrew Marti during erotic asphyxiation, our office will rely upon expert testimony from Dr. Sara Funke.  A copy of her *curriculum vitae* is enclosed.  It is expected that her report will be disclosed next month.

In the area of mental health issues or claims, our office will rely upon Drs. Daniel Martell and Daryl Matthews.  Copies of their backgrounds also are included.  They plan to conduct tests with Hammer later this month or in early April.  Their reports will be disclosed after they have had an opportunity to assess test results and otherwise conclude their analysis of your expert reports in that same area.  At least Drs. Mitchell and Wolfson, based on their credentials, likely will testify at the hearing.  Please advise us if you need their *curriculum vitae*.  Their testimony will repeat their conclusions reached at trial in 1998.

# FEDERAL PUBLIC DEFENDER

## CAPITAL HABEAS UNIT

MIDDLE DISTRICT OF PENNSYLVANIA
100 CHESTNUT STREET, SUITE 306
HARRISBURG, PENNSYLVANIA 17101-2540
TELEPHONE: (717) 782-3843
FAX: (717) 782-3966

**FEDERAL PUBLIC DEFENDER**
JAMES V. WADE

**ASSISTANT FEDERAL DEFENDER**
ANNE L. SAUNDERS

March 17, 2005

Frederick E. Martin, Esquire
Assistant United States Attorney
Herman T. Schneebeli Federal Building
Suite 316
240 West Third Street
Williamsport, PA.  17701-6465

RE:     United States v. Hammer

Dear Mr. Martin:

I am in receipt of your letter dated March 15, 2004 responding to my February 18th request regarding experts you intend to call.  While you note in that letter that copies of the backgrounds of Drs. Martell and Matthews were included, there were no attachments regarding these experts.  Please either email or fax that information at your earliest convenience.

Also, you mention in your letter that you are scheduling dates in late March or early April for Drs. Martell and/or Matthews to evaluate Mr. Hammer.  It is our position that Mr. Hammer has a right to have counsel (and defense experts) present for these evaluations.  Accordingly, I am requesting that we be notified of any dates you expect that your experts are available for evaluation be provided to counsel in sufficient time so that counsel can make the necessary arrangements to be present.

If you disagree with our position, kindly inform me immediately so that we can file the appropriate motions.

Sincerely,

Anne Saunders
Assistant Federal Defender

cc:     David Paul Hammer



# U.S. Department of Justice

*Thomas A. Marino*
United States Attorney
Middle District of Pennsylvania

*William J. Nealon Federal Building*
*Suite 311*
*295 N. Washington Avenue*
*P.O. Box 309*
*Scranton, PA 18501-0309*
*(570) 348-2800*
*FAX (570) 348-2816/348-2830*

*Harrisburg Federal Building and*
*Courthouse, Suite 220*
*228 Walnut Street*
*P.O. Box 11754*
*Harrisburg, PA 17108-1754*
*(717) 221-4482*
*FAX (717) 221-4582/221-2246*

*Herman T. Schneebeli Federal Building*
*Suite 316*
*240 West Third Street*
*Williamsport, PA 17701-6465*
*(570) 326-1935*
*FAX (570) 326-7916*

*Please respond to:* __Williamsport__

March 22, 2005

**via facsimile (717-782-3966) and Regular Mail**
Anne L. Saunders, Esquire
Office of the Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101-2540

        Re:   *United States v. Hammer*
              M.D. Pa. Civil No. 4:CV-01-00510
              M.D. Pa. Crim. No. 4:CR-96-00239

Dear Ms. Saunders:

        This is to follow-up recent telephone calls and to respond to your letter dated March 17, 2005. In it you requested that an attorney for Mr. Hammer "(and defense experts) [be] present for the [proposed] evaluations [of your client by Drs. Matthews and Martell]."

        Today, I finally received a response from our tentative experts even though I forwarded by facsimile your letter when it was received. They oppose your proposed physical presence as well as other experts during their examinations. Our office will support their views with appropriate pleadings.

        As you are aware, it was proposed that the examination take place on March 31, April 1, 2005, at Terre Haute. You indicated that you would not be able to be present then.

        The next available date for Dr. Matthews (and possibly Dr. Martell) to conduct these tests will be April 11 and 12, 2005. Hopefully, we will be able to obtain a court order from Judge Muir by that time on this unresolved issue. You may want to make tentative travel plans for that time in the event your views prevail. Otherwise, there may be problems in scheduling the examinations and preparing a report in time for the presently-scheduled July 2005 hearing.

Anne L. Saunders, Esquire
Re:  *United States v. Hammer*
     M.D. Pa. Civil No. 4:CV-01-00510
     M.D. Pa. Crim. No. 4:CR-96-00239
March 22, 2005
Page 2


     Please feel free to contact me if you have any questions
about this letter or our position.

                              Very truly yours,

                              THOMAS A. MARINO
                              United States Attorney


                              FREDERICK E. MARTIN
                              Assistant United States Attorney


TAM:FEM:jmm
cc:     C. Patrick Austin, Special Agent
        G. Kinsey, Esquire
        Dr. Matthews
        Dr. Martell

DPGUIDELINES42003.DOC                                    10/20/2003 8:18 AM

# GUIDELINE 10.11—THE DEFENSE CASE CONCERNING PENALTY

A.      As set out in Guideline 10.7(A), counsel at every stage of the case have a continuing duty to investigate issues bearing upon penalty and to seek information that supports mitigation or rebuts the prosecution's case in aggravation.

B.      Trial counsel should discuss with the client early in the case the sentencing alternatives available, and the relationship between the strategy for the sentencing phase and for the guilt/innocence phase.

C.      Prior to the sentencing phase, trial counsel should discuss with the client the specific sentencing phase procedures of the jurisdiction and advise the client of steps being taken in preparation for sentencing.

D.      Counsel at every stage of the case should discuss with the client the content and purpose of the information concerning penalty that they intend to present to the sentencing or reviewing body or individual, means by which the mitigation presentation might be strengthened, and the strategy for meeting the prosecution's case in aggravation.

E.      Counsel should consider, and discuss with the client, the possible consequences of having the client testify or make a statement to the sentencing or reviewing body or individual.

F.      In deciding which witnesses and evidence to prepare concerning penalty, the areas counsel should consider include the following:

       1.  Witnesses familiar with and evidence relating to the client's life and development, from conception to the time of sentencing, that would be

explanatory of the offense(s) for which the client is being sentenced, would rebut or explain evidence presented by the prosecutor, would present positive aspects of the client's life, or would otherwise support a sentence less than death;

2. Expert and lay witnesses along with supporting documentation (e.g., school records, military records) to provide medical, psychological, sociological, cultural or other insights into the client's mental and/or emotional state and life history that may explain or lessen the client's culpability for the underlying offense(s); to give a favorable opinion as to the client's capacity for rehabilitation, or adaptation to prison; to explain possible treatment programs; or otherwise support a sentence less than death; and/or to rebut or explain evidence presented by the prosecutor;

3. Witnesses who can testify about the applicable alternative to a death sentence and/or the conditions under which the alternative sentence would be served;

4. Witnesses who can testify about the adverse impact of the client's execution on the client's family and loved ones.

5. Demonstrative evidence, such as photos, videos, and physical objects (e.g., trophies, artwork, military medals), and documents that humanize the client or portray him positively, such as certificates of earned awards, favorable press accounts, and letters of praise or reference.

G.     In determining what presentation to make concerning penalty, counsel should consider whether any portion of the defense case will open the door to the prosecution's presentation of otherwise

2003]                           *ABA GUIDELINES*                           1057

inadmissible aggravating evidence. Counsel should pursue all appropriate means (e.g., motions in limine) to ensure that the defense case concerning penalty is constricted as little as possible by this consideration, and should make a full record in order to support any subsequent challenges.

H.    Trial counsel should determine at the earliest possible time what aggravating factors the prosecution will rely upon in seeking the death penalty and what evidence will be offered in support thereof. If the jurisdiction has rules regarding notification of these factors, counsel at all stages of the case should object to any non-compliance, and if such rules are inadequate, counsel at all stages of the case should challenge the adequacy of the rules.

I.    Counsel at all stages of the case should carefully consider whether all or part of the aggravating evidence may appropriately be challenged as improper, inaccurate, misleading or not legally admissible.

J.    If the prosecution is granted leave at any stage of the case to have the client interviewed by witnesses associated with the government, defense counsel should:

   1.  carefully consider

      a.  what legal challenges may appropriately be made to the interview or the conditions surrounding it, and

      b.  the legal and strategic issues implicated by the client's co-operation or non-cooperation;

   2.  insure that the client understands the significance of any statements made during such an interview; and

DPGUIDELINES42003.DOC                                    10/20/2003 8:18 AM

### 3. attend the interview.

**K.**    **Trial counsel should request jury instructions and verdict forms that ensure that jurors will be able to consider and give effect to all relevant mitigating evidence. Trial counsel should object to instructions or verdict forms that are constitutionally flawed, or are inaccurate, or confusing and should offer alternative instructions. Post-conviction counsel should pursue these issues through factual investigation and legal argument.**

**L.**    **Counsel at every stage of the case should take advantage of all appropriate opportunities to argue why death is not suitable punishment for their particular client.**

### *History of Guideline*

The substance of this Guideline is drawn from Guideline 11.8.3 of the original edition. The principal changes are the expansion of coverage to counsel at all stages of the proceedings, and language changes to underscore the range and importance of expert testimony in capital cases, the breadth of mitigating evidence, and counsel's duty to present arguments in mitigation.

### *Related Standards*

ABA STANDARDS FOR CRIMINAL JUSTICE: DEFENSE FUNCTION Standard 4-8.1 ("Sentencing"), *in* ABA STANDARDS FOR CRIMINAL JUSTICE: PROSECUTION FUNCTION AND DEFENSE FUNCTION (3d ed. 1993).

NAT'L LEGAL AID & DEFENDER ASS'N, PERFORMANCE GUIDELINES FOR CRIMINAL DEFENSE REPRESENTATION, Guideline 8.1 (1995) ("Obligations of Counsel in Sentencing").

NAT'L LEGAL AID & DEFENDER ASS'N, PERFORMANCE GUIDELINES FOR CRIMINAL DEFENSE REPRESENTATION, Guideline 8.2 (1995) ("Sentencing Options, Consequences and Procedures").