**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| _____ : | |
| UNITED STATES OF AMERICA,    : | |
| : | Criminal No. 4:CR–96-239 |
| Respondent,    : | |
| : | Judge Muir |
| v.    : | |
| : | |
| DAVID PAUL HAMMER,    : | |
| : | |
| Petitioner.    : | |
| : | |
| _____ : | |

**PETITIONER'S BRIEF IN SUPPORT OF
*MOTION FOR AN ORDER
PERMITTING COUNSEL TO BE PRESENT AT THE GOVERNMENT'S
MENTAL HEALTH EVALUATION***

MICHAEL WISEMAN, ESQUIRE
Supervisory Asst. Federal Defender
Attorney ID No. 75342
Capital Habeas Corpus Unit
Federal Court Division
Defender Association of Philadelphia
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
(Michael_Wiseman@fd.org)

ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID No. 48458
Office of the Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
717-782-3843
(Anne_Saunders@fd.org)

Dated:    March 23, 2005
         Philadelphia, PA

**PRELIMINARY STATEMENT AND QUESTIONS PRESENTED**

As is their right, the Government has retained two mental health professionals to evaluate Petitioner relevant to the mental health issues that he has raised in his pending section 2255 motion. Consistent with Petitioner's rights under the Fifth and Sixth Amendments, and 21 U.S.C. § 848(q), Petitioner's counsel have requested that one of Petitioner's counsel and an investigator in counsels' employ, be permitted to attend and observe the evaluations. The Government opposes this request.

This Brief addresses Petitioner's right to have his counsel attend what is in essence an interrogation conducted by agents of the Government. Petitioner's entitlement to the presence of counsel is strong. The Government has not, and likely cannot, articulate any reason to preclude the attendance of counsel. Accordingly, the Court should grant the *Motion*.

**ARGUMENT**

**Petitioner is Entitled to the Presence of Counsel at the
Proposed Mental Health Evaluations Under the Fifth
and Sixth Amendment to the United States Constitution,
and Pursuant to 21 U.S.C. § 848(q).**

The Fifth Amendment to the United States Constitution secures for

Petitioner the right to remain silent in these proceedings, and this right applies to a

mental health evaluation conducted by the Government.  Estelle v. Smith, 451

U.S. 454, 462-63 (1981)

> The availability of the Fifth Amendment privilege does not turn on the type
> of proceeding in which its protection is invoked, but upon the nature of the
> statement or admission and the exposure it invites . . . the ultimate penalty
> of death was a potential consequence of what respondent told the examining
> psychiatrist. . . Given the gravity of the decision to be made . . . the State is
> not relieved of the obligation to observe fundamental constitutional
> guarantees.

(internal quotations and citations omitted).  The Supreme Court further evaluated

the Fifth Amendment's application to a mental health evaluation in light of

Miranda v. Arizona, 384 U.S. 436 (1966) and held that the privilege against self

incrimination applies "outside of criminal court proceedings and serves to protect

persons in all settings" and therefore to a mental health evaluation.  Estelle, 451

U.S. at 466.

Estelle, 451 U.S. at 470-71, also recognizes that a capital defendant has a

Sixth Amendment right to counsel in the context of a mental health evaluation, because such an evaluation constitutes a critical stage of the proceedings.  Estelle, 451 U.S. at 470-71.

Admittedly, Petitioner's Fifth and Sixth Amendment rights are compromised to a degree by the fact that Petitioner has put his mental health in issue in this litigation.  Buchanan v. Kentucky, 483 U.S. 402, 422-23 (1987), quoting Estelle, 451 U.S. at 465.  That Petitioner has put his mental health at issue, and intends to introduce mental health evidence, clearly deprives him of his Fifth and Sixth Amendment rights as they relate to the **introduction** of evidence gathered by the Government during their evaluations.  Buchanan, 483 U.S. at 423 (when a defendant places his mental health at issue, he "would have no Fifth Amendment privilege against the **introduction** of [the Government's] psychiatric testimony").  However, as the limit on these rights relate only to the "introduction" of evidence, they do not lessen or otherwise diminish Petitioner's right to have his counsel present at the evaluations.

Indeed, Petitioner retains a right to exercise his privilege against self incrimination at the exam, even though the penalty for asserting it may be that he cannot offer his own mental health evidence in the future.  Similarly, he retains his Sixth Amendment and statutory right to counsel (21 U.S.C. § 848(q)), even though

3

the Government has a right to conduct the evaluation.

Consistent with this authority, the American Bar Association's *Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases* (Revised February, 2003) recognize the importance of counsel's presence to fully safeguard a capital defendant's rights in this regard.  Its Guideline 10.11(J) requires the attendance of counsel at "any interview by witnesses associated with the government" (a copy of this Guideline is attached as an exhibit.  The full Guidelines can be viewed at abanet.org/deathpenalty).[1]

Indeed, counsel has been found ineffective for failing to attend such an evaluation.  Thomas-Bey v. Smith, 896 F.Supp. 1214, 1225 (D. Md. 1994) (writ granted because counsel's "failure to attend the postconviction interview of [the defendant] fell below the level of reasonably competent representation guaranteed by the Sixth Amendment"), affirmed Thomas-Bey v. Nuth, 67 F.3d 296 (unpublished opinion) available on Westlaw, 1995 WL 561296 (4th Cir. 1995).

Counsel's presence is also required in order to preserve Petitioner's Due Process and Sixth Amendment rights to confrontation, cross-examination and a full and fair hearing on his Section 2255 Petition.  There is no question that, "aside

---

[1]The ABA Guidelines reflect "reasonable" professional "standards for [the performance of] capital defense" counsel.  Wiggins v. Smith, 539 U.S. 510, 522 (2003).

4

from the presentation of testimony from his own expert, [effective counsel] have to be sufficiently informed to cross-examine the [Government's] experts." <u>Richey v. Mitchell</u>, 395 F.3d 660, 683-84 (6th Cir. 2005). <u>See also</u> <u>Dees v. Caspiri</u>, 904 F.2d 452, 455 (8th Cir.1990) ("[C]ounsel had a duty to garner the expertise necessary to cross examine [the State's expert]."). While reports will presumably be provided, those reports will not contain a verbatim recitation of the evaluations. Precluding counsel from witnessing the actual questions and answers – as well as the demeanor of the government-retained evaluators and Petitioner – severely, and unconstitutionally, limits counsel's ability to become "sufficiently informed to cross-examine" those experts during the evidentiary hearing.[2] <u>Cf.</u> <u>Ake v. Oklahoma</u>, 470 U.S. 68, 82 (1985) (noting that appointment of psychiatrist to indigent defendant is required because of ability to assist counsel prepare and carry out cross examination).

In its communications with counsel, the Government has not yet articulated

---

[2]Because of the need and right to witness the evaluation, counsel wishes to bring his investigator, Pamela Tucker. Obviously counsel does not wish to and may not make himself a witness to the events that transpire at the hearing. Doing so would violate applicable ethical rules. Pennsylvania Rules of Professional Conduct, Rule 3.7 (prohibiting a lawyer from acting as counsel and a witness at the same proceeding). Accordingly, counsel proposes that his investigator be present so as to be able to present any testimony regarding what transpired at the evaluations that may be necessary at the hearing.

why it opposes counsel's presence.  It is quite likely they will not be able to articulate any prejudice or harm to this Court.  In the absence of articulable harm, Petitioner submits that the Government's opposition is based on merely seeking a tactical litigation advantage.

Counsel have no intention of interfering with or interrupting the evaluation in any way, and he and his investigator will simply act as observers.  Counsel does not intend to speak with or communicate in any way with Petitioner during the evaluation and is willing to accept any reasonable conditions placed on him to insure that there is no communication or interference with the evaluation.  Counsel invites the Government to propose such limits in their Answer to this *Motion*.

In enforcing and effectuating constitutional rights, courts are often required to balance the right in question with the cost of effectuating it.  See e.g. Hamdi v. Rumsfeld, 124 S.Ct. 2633, 2648 (2004) ("we believe that neither the process proposed by the Government nor the process apparently envisioned by the District Court below strikes the proper constitutional balance when a United States citizen is detained in the United States as an enemy combatant. That is, the risk of erroneous deprivation of a detainee's liberty interest is unacceptably high under the Government's proposed rule, while some of the additional or substitute procedural safeguards suggested by the District Court are unwarranted in light of

their limited probable value and the burdens they may impose on the military in such cases.) (internal quotations omitted).  Hamdi's articulation of the balance between the rights of a citizen and the Government apply here.

In the final analysis, Petitioner's right to have his counsel present at these evaluations – which may well mean the difference between his life and death – is strong.  To outweigh those rights it is incumbent upon the Government to demonstrate significant prejudice related to counsel's attendance.  The Government has not done so in his communication with counsel, and Petitioner is doubtful that the Government will be able to do so for the Court.  Absent the articulation of significant prejudice, Petitioner submits that this Court should strike the balance in favor of allowing counsel to passively attend and observe.

Finally, Petitioner requests that this Court further direct that the Government disclose to the defense any testing it expects its experts to conduct during the evaluation and the nature and scope of the evaluation the Government intends to conduct through its experts.  Petitioner's Fifth and Sixth Amendment rights to sufficient  notice of the evaluation is rendered meaningless absent the disclosure of this information.  See Buchanan v. Kentucky, 483 U.S. 402, 424 (1987) (Noting that, to be effective, counsel must be "informed about the scope and nature of the [evaluation]").  Any testing the Government experts intend to

conduct falls squarely within the "scope and nature" of the evaluation.  Thus, the Government is required to provide counsel with notice of what testing the experts intend to conduct as well as the scope of the evaluation the Government expects the experts to conduct.

### Conclusion

For the above reasons and for those contained in the accompanying *Motion*, Petitioner requests that this Court order the counsel and his investigator be permitted to attend the mental health evaluations to be conducted by the Government's experts.

Respectfully submitted,


s/ Michael Wiseman                                     s/ Anne L. Saunders
MICHAEL WISEMAN, ESQUIRE                     ANNE L. SAUNDERS, ESQUIRE
Supervising Assistant Federal Defender         Asst. Federal Public Defender
Attorney ID#PA 75342                                   Attorney ID #PA 48458
Defender Association of Philadelphia             100 Chestnut Street, Suite 306
Federal Court Division-Capital Habeas Unit   Harrisburg, PA 17101
Suite 545 West – The Curtis Building              (Anne_Saunders@fd.org)
Philadelphia, PA 19106
(Michael_Wiseman@fd.org)


Dated:        March 23, 2005
                   Philadelphia, PA

8

**Certificate of Service**

I, Michael Wiseman, hereby certify that on this date I served a copy of the foregoing via Electronic Case Filing, or by placing a copy in the United States mail, first class, addressed as follows:

Frederick E. Martin, Esquire
United States Attorney's Office
Herman T. Schneebeli Federal Building
Suite 316
240 West Third Street
Williamsport, PA.  17701-6465

Gwynn X. Kinsey, Jr., Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

Date:  March 23, 2005

s/ Michael Wiseman
Michael Wiseman