IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA　　　　: Crim. No. 4:CR-96-00239
　　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　: (Muir, J.)
　　　　　　　　　　　　　　　　　:
DAVID PAUL HAMMER　　　　　　　　: **ELECTRONICALLY FILED**


**ORDER**

March 2⃞, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 30, 2004, petitioner filed a motion to permit amendments to his pending Section 2255 motion.  On January 27, 2005, this Court granted that motion, in part, and ordered petitioner to file a memorandum in support of the amended grounds for relief by February 18, 2005.  With the concurrence of the prosecution and by order of this Court, Hammer's counsel received a one week extension of time to file their supporting legal arguments.

Hammer's counsel ultimately filed their legal memorandum on February 25, 2005.  Under applicable local rules any opposition should have been filed on or about March 14, 2005.

Following this Court's ruling of January 27, 2005, which allowed for an expansion of the pleadings to include multiple claims of ineffectiveness of trial counsel, the prosecution on February 15, 2005, wrote Hammer's new attorneys and requested voluntary disclosure of additional attorney-client materials

which were made relevant due to the additional Sixth Amendment claims.  On February 18, 2005, Hammer's counsel advised that the supplemental discovery would be provided "probably" by March 21, 2005.

On March 11, 2005, the prosecution discussed an initial proposed extension of time with Hammer's counsel who agreed to extend the government's response deadline until March 28, 2005. At the time concurrence was given, one of Hammer's attorneys requested an extension of time within which to provide the additional attorney-client materials until "the end of April." While concurrence was given to this extension by the undersigned, that fact was not forwarded to counsel in the Capital Crimes Unit who is assisting in formulating the responsive memorandum.  Until recently, he thought that Hammer's attorneys were still planning on providing supplemental discovery by March 21, 2005, as they previously stated.

It is the belief of government counsel that what supplemental attorney-client materials are released will have a direct impact on how to respond and what arguments to present to Hammer's most recent amended pleadings.  It would be better for this Court to have one comprehensive and more fact-specific pleading from the prosecution to consider than one more generalized pleading.

On March 24, 2005, the prosecution discussed this proposed extension of time with Hammer's counsel who agreed to extend the

government's response deadline until April 18, 2005, or within one week after the defense provides the government with supplemental discovery.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** the United States has until April 18, 2005, or within one week after the defense provides the government with supplemental discovery, to respond to petitioner's Third Amended Motion to Vacate and Set Aside Conviction, pursuant to 28 U.S.C. § 2255.

_____
MUIR, UNITED STATES DISTRICT JUDGE