# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

_____

UNITED STATES OF AMERICA,

                 Respondent,

                 v.

DAVID PAUL HAMMER,

                 Petitioner.

_____

: <br> : <br> :   Criminal No. 4:CR–96-239 <br> : <br> :   Judge Muir <br> : <br> : <br> : <br> : <br> : <br> : <br> :

## PETITIONER'S BRIEF IN REPLY TO
## *UNITED STATES BRIEF IN OPPOSITION*
## TO PETITIONER'S *MOTION FOR AN ORDER*
## *PERMITTING COUNSEL TO BE PRESENT AT THE GOVERNMENT'S*
## *MENTAL HEALTH EVALUATION*

MICHAEL WISEMAN, ESQUIRE
Supervisory Asst. Federal Defender
Attorney ID No. 75342
Capital Habeas Corpus Unit
Federal Court Division
Defender Association of Philadelphia
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
(Michael_Wiseman@fd.org)

ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID No. 48458
Office of the Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
717-782-3843
(Anne_Saunders@fd.org)

Dated:      April 4, 2005
             Philadelphia, PA

## ARGUMENT

### THIS COURT SHOULD PERMIT COUNSEL TO ATTEND

The Government's *Brief In Opposition To Petitioner's Motion For An Order Permitting Counsel To Be Present At The Government's Mental Health Evaluation* (hereafter "*BIO*") opposes Petitioner's request to have his counsel attend the mental health evaluation on two bases: 1) Petitioner does not <u>really</u> have a continuing right to remain silent and/or right to counsel that this Court is obliged to respect, and 2) the presence of counsel and his investigator is "unnecessary," has the potential to be "intrusive," and to "interfere with the ordinary examiner-examinee interaction" (Affidavit of Daryl Matthews, MD).

The Government's arguments are unavailing:  Petitioner retains his Fifth and Sixth Amendment rights; and Dr. Matthew's Affidavit is conclusory, unsupportable and is contrary to routine procedures in capital post-conviction cases.  In short, the Government has not offered the Court any binding authority to deny Petitioner the reasonable protection he seeks.

### A.   Petitioner Retains his Constitutional Rights to Remain Silent and to Counsel.

Petitioner has previously acknowledged that his rights to remain silent and to counsel are abridged to a degree by his having put his mental health at issue in

1

these proceedings.  The Government however fails to appreciate that these waivers are fluid and may be revoked by Petitioner at any time.  To be sure, there would be a price to pay for their revocation.  If Mr. Hammer refuses to participate or to answer questions of the Government's examiners, his mental health presentation may be jeopardized.  See Fed.R.Crim.P. 12.2 (d) (court "may" exclude expert evidence if defendant fails to cooperate).  But, this legal point remains: throughout the process of the evaluation, Mr. Hammer retains his right to remain silent (possibly at a price) and his related right to have his counsel present to advise him.[1]  The Government has simply not offered any authority to dispute this fundamental point.[2]

---

[1]The Affidavit from Dr. Daryl Matthews, proffered by the Government, concedes that Petitioner has a "right to consult with counsel on request during the exam."  Matthews Affidavit at ¶ 3(b).

[2]The Government appears to have offered to videotape the evaluation.  Dr. Matthew's Affidavit indicates that the evaluations will be videotaped, however, videotaping is not discussed in the Government's *BIO*.  If this is in fact an offer to videotape, Petitioner accepts.  Videotaping would obviate the need for counsel's investigator to attend, since the only reason for the investigator's presence would be to act as a witness should a dispute arise as to what transpired at the sessions.  Should the Government actually agree to videotape the proceedings, then Petitioner would accordingly withdraw the request to have the investigator attend.

Videotape, however, does not take the place of counsel, whose job it is to safeguard the constitutional rights at issue.  Accordingly, even if the sessions are videotaped, Petitioner's counsel would still request the right to attend the sessions.

The Government suggests that by permitting counsel to attend these proceedings, the Court would be setting precedent permitting counsel to attend any evaluation conducted pursuant to 18 U.S.C. § § 4241, 4242 and 4247(b), *BIO* at 8-9. That is no so for two reasons. First, those sections relate to an evaluation conducted by a court expert – not a partisan prosecution expert. Providing Petitioner with the relief he seeks when Government experts wish to conduct an out-patient evaluation, would not require a court to do the same for an extended, in-patient study conducted by a court expert. Second, in any event, the relevant rule (Fed.R.Crim.P. 12.2) provides this Court with case-by-case discretion to "make appropriate orders" for the conduct of an evaluation pursuant to these sections.[3] See also Vreeland v. Ethan Allen, Inc., 151 F.R.D. 551, 551-52 (S.D. N.Y. 1993) (court has discretion to permit counsel to attend); Zabkowicz v. The West Bend Company, 585 F. Supp. 635 (E.D. Wisc. 1984) (same, "the defendant's expert is being engaged to advance the interests of the defendants; clearly the doctor cannot be considered a neutral in this case. There are numerous advantageous, unrelated to the emotional damage issue, which the defendant's

---

[3] Fed.R.Crim.P. 12.2 applies to these proceedings. See Rule 12 of *Rules Governing Section 2255 Proceedings For The United States District Courts*. The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules may be applied to a proceeding under these rules.

might unfairly derive from an unsupervised examination. In sum, I do not believe that the role of the defendant's expert in the truth-seeking process is sufficiently impartial to justify the license sought by the defendants").   As outlined below, under the unique circumstances of this particular death penalty litigation and Petitioner's particular mental health makeup, this Court should exercise its discretion to permit counsel's attendance.

**B.     Counsel's Presence is "Necessary" and will not "Interfere" with or be Otherwise "Intrusive."**

Contrary to Dr. Matthews' uniformed and conclusory affidavit, there is a significant necessity for counsel to attend, and counsel's attendance will not be intrusive or disruptive.  On the other hand, given Mr. Hammer's emotional and psychological makeup, requiring him to undergo these proceedings without counsel, may well have a more disruptive impact.

The enforcement of Mr. Hammer's two constitutional rights in this setting is more than an academic exercise.  Indeed, counsel's presence is critical in view of the history of this case, and of Mr. Hammer's particular emotional and psychological makeup.  As this Court is well aware, Mr. Hammer has engaged in almost countless vacillations in his desires over whether to litigate and if so, how to litigate.  He vacillated on multiple occasions from the beginning of the

4

prosecution over whether to plead guilty, to appeal his case, and whether to proceed with the instant section 2255 proceedings.  Undoubtedly, the parties may have differing views as to the reasons for these vacillations.  The Government may view these vacillations as part of Mr. Hammer's master scheme to avoid imposition of the death penalty.  The defense, however, maintains that these vacillations are the product of Mr. Hammer's mental illness.  Indeed, it is the purpose of the hearing and the mental health evaluations to determine the truth between these two positions.  However, for purposes of this *Motion*, the Court must assume that the defense's position is correct, i.e. that Mr. Hammer is disturbed.  From this perspective, it would be not only unconstitutional, but unseemly, to subject this disturbed man to a prolonged evaluation at the hands of the Government's experts.

Thus viewed, counsel's presence would likely advance the litigation because, in their view, Mr. Hammer would be more likely to fully cooperate if he knows that his rights are protected, and he has his lawyer at his side.  This is so because of the trusting relationship between counsel and Petitioner that has been developed over countless hours of visiting, phone calls and correspondence.   To Mr. Hammer, the prospect of submitting to further psychiatric evaluations at the hands of the Government's experts is difficult, not because he wishes to hide the

truth, but rather, because it once again requires him to endure hours of questioning that brings to the forefront of his consciousness the horror that was his childhood and upbringing. In short, counsel's presence will likely keep Mr. Hammer cooperative and responsive.[4]

The fact that Petitioner has undergone other examinations, and has experience in the criminal justice system, as noted by the Government, are not reasons to exclude counsel (*BIO* at 5). The Government mocks the possibility that Mr. Hammer would need counsel, suggesting that he is not a guileless person who may be "misled or 'tricked' by government-hired experts" (*BIO* at 5). Yet, that is exactly what has already happened to Mr. Hammer at least once before. See Petitioner's *Supplement and Third Amended Motion for Relief Under Section 2255* at pages 22-23 (outlining as a claim for relief that Psychologist Mitchell falsely promised Mr. Hammer that he would not testify as to his professional opinions of Mr. Hammer's mental health). Thus, the history of this case, shows that Mr. Hammer was not able to fend for himself when dealing with Government experts.

---

[4]Courts have recognized the salutory benefit of counsel's presence at such exams. Vreeland v. Ethan Allen, Inc., 151 F.R.D. 551 (S.D. N.Y. 1993) ("There is a legitimate purpose to be served by the presence of the attorney. . . This Court has found generally that, assuming no inappropriate conduct, the presence of the attorney is more likely to produce a higher quality of justice and fairness in ensuing trial.").

Again, this Court must view the instant motion from the perspective that Mr.

Hammer is mentally ill. If he is, the fact that he has undergone prior evaluations

while mentally ill does not in any way diminish his constitutional rights at issue

here, or the benefits that counsel will bring to insuring that these evaluations go

off without a hitch.

Dr. Matthew's Affidavit suggests, without stating expressly, that counsel's

attendance at a post-conviction mental health evaluation is somehow out of the

ordinary. This is not so. In undersigned counsel's experience, it is routine. In

fact in over ten years experience in litigation of capital post-conviction cases in

Pennsylvania, this is the first instance in which a prosecutor has objected to

counsel's presence. Undersigned counsel, or their agents, routinely attend such

evaluations.[5]

---

[5]Counsel or their agents have attended mental health evaluations conducted by prosecution experts in the following – non-exhaustive – list of cases: Commonwealth v. Shawn Walker , Nos. 2770-2776, May Term 1991 (Philadelphia County); Commonwealth v. Roy Williams, Nos. 91-01- 2457, 2458, 2459, 2460 (Philadelphia County); Commonwealth v. James Strong, No. 490/1984 (Luzerene County); Commonwealth v. Robert Peter Zook, No. 1700 of 1985 (Lancaster County); Commonwealth v. Fred Thomas, February Term, 1994, Nos. 991, 992 (Philadelphia County); Commonwealth v. John Ockenhouse, No. 1664 of 1998 (Lehigh County); Commonwealth v. Willie Sneed, Nos. 674-676, June Term 1984 (Philadelphia County); Commonwealth v. Damon Jones, September Term 1982, Nos. 714, 716, 718, 721, 723, 725, 727, 739 (Philadelphia County); Commonwealth v. William Johnson, Nos. 3613--18, September Term 1991); Commonwealth v. Freeman May, No. 90-10071 (Lebanon County);

Finally, it should be noted that the Government has not proffered a declaration from it's other mental health professional, Dr. Daniel Martell, on the question of counsel's presence. Had the Government asked Dr. Martell, it would have learned that undersigned counsel attended Dr. Martell's evaluation in the <u>Strong</u> case (cited in footnote three), without incident, "interference or disruption" and without any impact on the results he obtained.

## CONCLUSION

The Court should require the Government to clarify if it intends to videotape the evaluation. If they intend to, or if the Court so orders it done, then Petitioner withdraws the request for the attendance of the investigator.

In either event, Petitioner's motion to have his lawyer present, should be granted. Balanced against Petitioner's rights to have his counsel present, and his particular emotional makeup which militates in favor of permitting counsel's attendance, is the Government's ill-formed and conclusory concerns about the disruptive impact of counsel's presence. As an officer of the Court and an

---

<u>Commonwealth v. Joseph Elliot</u>, Nos. 1091-1095, April Term 1994 (Philadelphia County); <u>Commonwealth v. Steven Duffy</u>, No. 84 CR 176 (Lackawanna County); <u>Commonwealth v. Craig Williams</u>, May Term 1987, Nos. 2563-2565 (Philadelphia County); <u>Commonwealth v. Gary Heidnik</u>, April Term 1987, Nos. 3709-3753 (Philadelphia County). Petitioner is prepared to present evidence to support this contention at hearing on this motion, should the Court require it.

experienced attorney, counsel knows how to behave and assures the Court that he

will not interfere or disrupt the evaluations.  Petitioner should prevail in this

balance.

Respectfully submitted,


s/ Michael Wiseman                         s/ Anne L. Saunders
MICHAEL WISEMAN, ESQUIRE               ANNE L. SAUNDERS, ESQUIRE
Supervising Assistant Federal Defender       Asst. Federal Public Defender
Attorney ID#PA 75342                    Attorney ID #PA 48458
Defender Association of Philadelphia         100 Chestnut Street, Suite 306
Federal Court Division-Capital Habeas Unit    Harrisburg, PA 17101
Suite 545 West – The Curtis Building         (Anne_Saunders@fd.org)
Philadelphia, PA 19106
(Michael_Wiseman@fd.org)


Dated:       April 4, 2005
             Philadelphia, PA

## Certificate of Service

I, Michael Wiseman, hereby certify that on this date I served a copy of the foregoing via Electronic Case Filing, or by placing a copy in the United States mail, first class, addressed as follows:

Frederick E. Martin, Esquire
United States Attorney's Office
Herman T. Schneebeli Federal Building
Suite 316
240 West Third Street
Williamsport, PA.  17701-6465

Gwynn X. Kinsey, Jr., Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

/s/ Michael Wiseman

_____
Michael Wiseman

Dated:  April 4, 2005
          Philadelphia, Pa