IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                              :
      v.                      :  No. 4:CR-96-239
                              :
DAVID PAUL HAMMER            :  (Judge Muir)

ORDER

April 5, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. The relevant history of this case since the imposition of the sentence of death is set forth in prior opinions and orders and we will not repeat that history other than as needed to address the pending matter.

This case is presently on the July, 2005, trial list for a hearing on Hammer's supplemental and third amended § 2255 motion. In the third amended motion Hammer has raised, inter alia, issues relating to whether he was mentally competent to enter a guilty plea to first degree murder on June 22, 1998. In fact Hammer attached to the supplemental and third amended motion several reports from experts indicating he was not competent at the time he entered the guilty plea. See, e.g., Report of Richard P. Kluft, M.D., dated October 28, 2004 ("From my interview with Mr. Hammer and from my review of the available materials it is my opinion that Mr. Hammer's dissociative identity disorder played a major role in his destruction of Mr. Marti. Mr. Hammer could not control his behaviors . . . . The same observations pertain to his difficulties

in coming to a decision about whether to plead guilty and whether to oppose the imposition of the the death penalty . . . .").

The Government in light of the expert reports attached to the supplemental and third amended motion arranged to have Hammer interviewed and evaluated by its own experts, Drs. Daniel Martell and Daryl Matthews. On March 23, 2005, Hammer filed a motion entitled "Petitioner's Motion for an Order Permitting Counsel to be Present at the Government's Mental Health Evaluation and Uncontested Request for Expedited Briefing" and a brief in support thereof. On March 24, 2005, we issued an order expediting the date for the filing of the Government's opposition brief and Hammer's reply thereto. On March 31, 2005, the Government filed an opposition brief. The motion became ripe for disposition on April 4, 2005, with the filing of Hammer's reply brief.

Hammer in the motion requests that his counsel and an investigator be present when he is examined by the Government's experts. He also requests that he be provided advance notice of the type of tests to be performed.

First, it is clear that Hammer by placing his mental state in issue has waived his rights under the Fifth and Sixth Amendments to oppose an examination by the Government's experts. Buchanan v. Kentucky, 483 U.S. 402 (1987). Hammer has no right to the presence of counsel during the evaluation. See Buchanan, 483 U.S. at 424; Re v. Snyder, 293 F.3d 678, 682 (3d Cir. 2002)("[Defendant's] counsel did not have a right, under the Sixth Amendment, to be present and observe the [mental examination of his

client]."); United States v. Albright, 388 F.2d 719, 726 (4th Cir. 1968)("[A] defendant has no federal or state constitutional right to have his attorney present during a psychiatric examination conducted at the instance of the prosecutor."); United States v. Bondurant, 689 F.2d 1246, 1249 (5th Cir. 1982)(defendant has no right to have counsel present in examining room).

It is clear that all the Sixth Amendment requires is that Hammer have notice of the examination and ample opportunity to consult with his attorneys prior to the evaluation. See Buchanan, supra; Estelle v. Smith, 451 U.S. 454 (1981). With respect to the Fifth Amendment as noted above once a defendant places his mental state in issue, the defendant waives his or her right to refuse to undergo a mental examination by a Government retained expert. Buchanan, supra.

Hammer has the option of refusing to submit to the examination. However, if he chooses that option, the failure to submit to an examination would be a basis to exclude at the time of the hearing any testimony offered by his experts. United States v. Campbell, 675 F.2d 815, 819-21 (6th Cir. 1996);  United States v. Granviel, 655 F.2d 673, 683-84 (1981);  United States v. Olson, 576 F.2d 1267, 1273 (8th Cir. 1978); United States v. Staggs, 553 F.2d 1073, 1077 (7th Cir. 1977); United States v. Handy, 454 F.2d 885, 888-89 (9th Cir. 1971); see also Federal Rule of Criminal Procedure 12.2(d)("If the defendant . . . does not submit to an examination . . . the court may exclude any expert evidence from the defendant on the issue of mental disease, mental defect or any other mental

3

condition . . . .").

Hammer's request that he be given advance notice of the specific testing protocol is devoid of merit. Hammer is no novice to psychological and psychiatric testing. He has undergone numerous examinations since this case was filed in 1996. Furthermore, Hammer and his counsel are well aware that the examinations by the Government experts will relate to the contentions raised by the several experts retained by Hammer. Moreover, there is no requirement under the Rules of Criminal Procedure that defense counsel be told in advance what particular psychological tests may be conducted to determine whether or not Hammer was incompetent in 1998 and in later years or suffered from Dissociative Identity Disorder. Sufficient notice of the examination has been given to Hammer.

The examination was originally scheduled for April 11 and 12, 2005, but apparently has been postponed in light of the pending motion. Counsel are well aware of the general types of psychiatric testing and of the tests performed by and opinions of the experts retained by Hammer. The general notice to Hammer's counsel of the request to interview Hammer to rebut the opinions of the experts retained by Hammer is sufficient.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

Hammer's motion for an order permitting counsel and

an investigator to be present at the Government's mental health examination and to have advance notice of the testing protocol is denied.

_____
MUIR, U.S. District Judge


MM:gs