# FOSTER & LONG-SHARP



GOVERNMENT EXHIBIT

6

MONICA FOSTER
RHONDA LONG-SHARP

June 17, 2002

David Paul Hammer
#24507-077
Federal Death Row Unit
P.O. Box 33
Terre Haute, IN 47808

Dear David,

I am in receipt of your letter dated June 13, 2002 demanding that Rhonda and I withdraw from your case. In that letter you list a number of complaints you have with the way we have handled your case. I would like to address each of those complaints.

First, you assert that my failure to include my name and designation as an attorney on an envelope containing an ex parte order is unacceptable. The envelope did note that it was "special mail" and that it contained attorney client privileged material. I am not perfect and I made a mistake. It is apparently true that I did not include my name and designation as a lawyer on the envelope. The ex parte order did include the names of experts we wanted to hire and the Government should not rightly have access to that sort of information at this juncture. That said, it did not contain any of our theories concerning your case. The Government will eventually know the identities of those persons we have hired. It will not come as a surprise to anyone familiar with the petition that we would hire the sorts of people we asked to hire.

You further complain that our investigation into unsolved homicides in Oklahoma has led to their reopening cases against you there. As I noted in my letter last week, I have been informed by USP officials that the collection of your DNA was for the federal database and not at the request of anyone in Oklahoma. When this topic first arose, we specifically asked you if we had anything to be concerned about vis a vis false confessions/unsolved homicides and you told us we did not. What limited investigation we have conducted in that regard bears out the very clear conclusion that you have a

719 ½ MASSACHUSETTS AVENUE • SUITE E • INDIANAPOLIS, INDIANA 46204
(317) 917-2450 - FAX (317) 917-2459
A PROFESSIONAL ASSOCIATION • NOT A PARTNERSHIP

Hammer, D.
June 17, 2002
Page 2

penchant for confessing to murders that you did not commit as well as some that never occurred at all.

You assert that your requests for certain court orders and motions have been ignored. I have no clue what you are talking about. You have been provided every court order and motion filed.

You note that we have ignored your insistence that an IAC claim not be "pursued" (this word may be "presented" - I couldn't read your writing). As you know, no ineffective assistance claim has been presented. If the word is pursued, you will agree that both Rhonda and I have told you repeatedly that a full blown IAC claim would be fruitless, and perhaps harmful, in your case. However, we have also told you that we are looking into a more limited IAC claim. We are ethically obligated to investigate all claims that appear to have merit and to then give you our best advice regarding them. It is you who makes the decision regarding whether they are ultimately plead. We can only advise. Finally, you will recall that it was you who suggested at our last meeting that we draw up an IAC allegation for you to review. Rhonda and I have discussed the claim but have not yet come up with a draft for you to review.

You note that you have not met or spoken with the investigator. We have. Repeatedly. He is taking direction from us. The court did not approve the full amount of hours for him that we requested. We have to conserve his resources and use him where we think he can do you the most benefit.

Finally you complain that we have not kept you informed about the status of your case. The visitation log at Terre Haute and our phone bill bear out that this is simply not true. You are the most visited, consulted client on federal death row and you know it. Rhonda spoke with you less than three weeks ago on May 28th. In the last three weeks,

Hammer, D.
June 17, 2002
Page 3

I have informed you regarding your case as follows:

1. I sent you a copy of a letter to Mark O'Berg asking for his assistance as a potential witness.

2. I sent you copies of letters I sent to Ricky Yandle and Billy Webb thanking them for getting back with me and informing them that I would be traveling to Oklahoma to meet with them in the next 30 days. Subsequently, I sent you a letter telling you I was trying to coordinate that trip for late this week.

3. I sent you copies of letters I sent to Mark Jordan and Rodney Archambault asking each for assistance as potential witnesses.

4. I sent you copies of over 100 letters I sent to the FBI, ATF and IRS pursuant to the FOIA.

5. I sent you a letter advising you I was going to Chautauqua for three days on your case (I did, and it was very helpful). That letter informed you that I would try to set up a call with you this week. That letter also informed you that the investigator was going to Tennessee.

These are merely the things I have informed you have been going on in your case since Rhonda spoke with you less than three weeks ago. We have been doing other things as well (e.g. Rhonda met with Dr. Nurnberger) and we would have talked to you about those things when we spoke to you. Since you indicate you will not take a call from us, I am uncertain as to whether you will call tomorrow as I had arranged before I received your letter this afternoon.

Hammer, D.
June 17, 2002
Page 4

In short, we are unable to move to withdraw from your case. Your allegations are baseless. Perhaps there is something else going on here? If so, and you want to talk about it you know that all you have to do is ask Counselor Stewart to call and schedule a telephone conference.

That we are unable to seek to withdraw from your case, of course, does not prevent you from asking Judge Muir to relieve us from representing you. You are free to do so. Rhonda and I have always maintained that you were entitled to counsel with whom you were comfortable. If that is not us, that is fine. Frankly, too much time and energy is being wasted addressing things that perhaps would not need to be addressed if you had counsel you were more compatible with. There is a lot to be done on your case. If this is not a good fit, we do not take it personally. The fact is that there are more folks out there who want our assistance than we can help. We would prefer to represent clients who want us to represent them. And you should have counsel you trust.

Finally, you note that you are filing a complaint against me with the Bar Association. In Indiana, attorney complaints are not made with the Bar Association. They are directed to the Indiana Disciplinary Commission. Their address is: 115 W. Washington St. Suite 1060, Indianapolis, IN 46204-3417. I have taken the liberty of writing to them on your behalf and asking them to send you a complaint form. That letter is enclosed. You should be hearing from them forthwith.

Sincerely,

Monica Foster