IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                        :
        v.              :  No. 4:CR-96-239
                        :
DAVID PAUL HAMMER       :  (Judge Muir)


ORDER

May 11, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. The relevant history of this case since the imposition of the sentence of death is set forth in prior opinions and orders and we will not repeat that history other than as needed to address the pending matter.

On January 27, 2005, we issued an order which granted in part and denied in part Hammer's motion for leave to file a supplemental and third amended § 2255 motion (hereinafter referred to as "the third amended motion"). The order also established a briefing schedule with respect to the third amended motion. Hammer filed a brief in support of the third amended motion on February 25, 2005. The Government filed a brief in opposition on April 20, 2005. Hammer filed a reply brief on May 9, 2005.

This case is presently on the July, 2005, trial list for a hearing on Hammer's third amended motion. The claims to be addressed at that hearing are set forth in Grounds 1 through 14, 16, 18, 19 and 22 of the third amended motion.

Ground 15 raises a purely legal issue and will be

addressed in this order.  In Ground 15 Hammer contends that his "sentence was imposed in violation of the 5 $^{th}$, 6th, 8th and 14th Amendments because the Federal Death Penalty Act is unconstitutional in that it permits the prosecution for the death penalty without first requiring a grand jury to indict on all essential elements of the offense and because it permits traditionally inadmissible evidence to be introduced at the penalty phase. . . ."

Hammer contends that the Grand Jury was required to return an Indictment which listed the aggravating factors justifying the imposition of a sentence of death and that the jury's penalty phase determination was unreliable because evidence was presented during the penalty phase in violation of the rules of evidence.

The Government responded to the first contention relating to Indictment by the Grand Jury by pointing out (1) that Hammer did not raise the issue at the time of trial and it is therefore waived, (2) that no case precedent in effect at the time Hammer was sentenced to death required the Grand Jury to return an Indictment specifying the aggravating factors and (3) that Hammer is not claiming that counsel was ineffective for failing to raise the issue.  The Government argues that in light of court precedent at the time of Hammer's trial, counsel were not ineffective for failing to argue that the Indictment should be dismissed because the grand jury did not enumerate any statutory aggravating factors. Furthermore, the Government argues that because the claim was not

2

raised at trial, Hammer must demonstrate that an error was committed at trial, the error was "plain" and that it affected substantial rights.  United States v. Cotton, 122 S.Ct.1781, 1785 (2002).

The Government argues that no error was committed but even if an error was committed it was not "plain" error, and it did not affect substantial rights.  We agree with the position of the Government that failure of the Grand Jury to specify in the Indictment the "intent" element and the aggravating circumstances was not "plain" error.  The decision that brought into question whether or not in a capital case the Grand Jury should specify the "intent" factor and the aggravating circumstances was not decided until well after we imposed a sentence of death in this case. Apprendi v. New Jersey, 530 U.S. 466 (2000).  Counsel could not have reasonably have been expected to anticipate Apprendi or that case's potential applicability to capital cases.

With respect to Hammer's claim that we permitted inadmissible evidence to be introduced at the penalty phase, Hammer fails to point out where, in the penalty phase record, we allowed the "relaxed evidentiary rule" set out at 18 U.S.C. § 3593(c) to be used to support one of the aggravating factors found by the jury. As the Government correctly points out, even in non-captial cases we have uniformly required the Government to adhere to the rules of evidence at presentence hearings and we did so in this case.  We will, therefore, dismiss Ground 15 of Hammer's third amended motion.

In light of the briefs filed by the Government and Hammer, there are some procedural matters that need to be addressed.  First, Hammer in his reply brief filed on May 9, 2005, refers to numerous documents that he intends to present at the evidentiary hearing scheduled to occur in July.  Hammer is advised to comply strictly with the following standard provision of our trial list order set forth last in this case in our order of February 23, 2005:

> 7.  Exhibits, Proof of Contents of.  The portions of all exhibits which are to be considered by the trier of fact shall be read aloud in open court so that the trier . . . of the fact may grasp the important language.  Only portions of exhibits so read will be considered by the trier . . . of the facts . . .

Counsel or a witness shall read all pertinent portions of exhibits or request that the court during the hearing read silently particular portions of the exhibits.  Only such portions read aloud or read silently by the court in open session will be considered by the court.  This will give assurance to Hammer and Government counsel that the court will not inadvertently fail to consider a relevant portion of a document.

The Government in its opposition brief at page 16 suggests that we revisit our "rulings" set forth in our order of January 27, 2005, which granted in part and denied in part Hammer's motion to file the third amended motion.  We decline to revisit our rulings based on a request set forth in a brief. Government counsel should be well aware that we only act on the basis of a properly filed motion after full briefing.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  Ground 15 set forth in Hammer's third amended motion is dismissed.

2.  Hammer shall comply fully with paragraph 7 of our trial list order referred to in the background of this order.

3.  On or before July 1, 2005, Counsel shall submit proposed findings of fact and conclusions of law addressing Grounds 1-14, 16, 18, 19 and 22 of Hammer's third amended motion annotated in accordance with paragraph 3.12 of the practice order issued in this case on September 20, 1996.

s/Malcolm Muir

_____

MUIR, U.S. District Judge

MM:gs

5