IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                        :
        v.              :  No. 4:CR-96-239
                        :
DAVID PAUL HAMMER       :  (Judge Muir)


ORDER

June 1, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. The relevant history of this case since the imposition of the sentence of death is set forth in prior opinions and orders and we will not repeat that history other than as needed to address certain substantive and procedural matters.

On January 27, 2005, we issued an order which granted in part and denied in part Hammer's motion for leave to file a supplemental and third amended § 2255 motion (hereinafter referred to as "the third amended motion"). The order also established a briefing schedule with respect to the third amended motion.

Hammer filed a brief in support of the third amended motion on February 25, 2005. The Government filed a brief in opposition on April 20, 2005. Hammer filed a reply brief on May 9, 2005.

On May 11, 2005, we issued an order dismissing Ground 15 of the third amended motion. That order also noted that the case was on the July, 2005, trial list for a hearing on Hammer's third amended motion and that the claims to be addressed at that hearing

are set forth in Grounds 1 through 14, 16, 18, 19 and 22 of the third amended motion.

The Government contended that many of the claims raised in the third amended motion were untimely.  Pursuant to our order of January 27, 2005, there were three claims set forth in the third amended motion which were provisionally permitted to proceed.  We permitted Hammer to raise provisionally claims relating to ineffective assistance of counsel with respect to appellate proceedings (Ground Three, page 39, ¶ 5, and Ground Eighteen of the third amended motion).  We also permitted Hammer to raise provisionally Ground Twenty-Two.  Ground Twenty-two raised an entirely new claim of ineffective assistance of counsel.  Specifically, Hammer contends that trial counsel were ineffective in arguing the relevance of portions of a videotape of a hypnosis session which were excluded from evidence during the trial.

A pretrial conference is scheduled for June 10, 2005, at 11:00 a.m.  In preparing for that conference, we have again reviewed the briefs filed relating to the third amended motion and have concluded that all of the claims therein which were provisionally permitted to proceed are devoid of merit.

With respect to the appellate matters, counsel cannot be guilty of ineffective assistance of counsel because at the time of the appeal Hammer was representing himself.  United States v. Windsor, 981 F.2d 943, 947 (7th Cir. 1992).  We will, therefore, dismiss the ineffective assistance of counsel claims relating to the appellate proceedings as devoid of merit and untimely.

2

With regard to the excluded portions of the videotape of the hypnosis session, Hammer contends that the portions excluded were relevant to his claim that he suffered from Dissociative Identity Disorder. At the time of trial, Hammer's expert was Dr. Sadoff. Hammer has not proffered evidence that Dr. Sadoff in 1998 informed trial counsel that the portions excluded were relevant to demonstrate that Hammer suffered from DID or that Dr. Sadoff in 1998 was of the opinion that the portions excluded contained evidence of DID.

In 2004, Hammer obtained a different expert, Dr. Kluft, who contends that the excluded portions of the videotape (36 minutes prior to the actual hypnosis session and 8 minutes after) were relevant to the issue of whether or not Hammer suffered from DID.

Trial counsel in 1998 relied on a highly regarded expert, Dr. Robert Sadoff, an expert who was familiar with DID. Counsel cannot be guilty of ineffective assistance of counsel for relying on Dr. Sadoff. Under the circumstances we will not permit Hammer to proceed with Ground 22 which raises an ineffective assistance of counsel claim. That claim is devoid of merit and untimely.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The ineffective assistance of counsel claims relating to appellate proceedings set forth in Ground Three, at page 39, ¶ 5, and Ground 18 of the third amended motion are dismissed.

2. Ground 22 of the third amended motion is dismissed.

3. The pretrial conference will be held in chambers.

4.    The pretrial conference will be transcribed by a court reporter.

5.    The following matters will be considered at the pretrial conference:

5.1. whether discovery has been completed, including the preparation and submission to opposing counsel of expert reports;

5.2. whether counsel have prepared and exchanged witness and exhibit lists;

5.3. whether counsel have entered into any stipulations regarding the submission of evidence or regarding specific facts that are not in dispute;

5.4. whether counsel have commenced preparation of proposed findings of fact and conclusions of law;

5.5. the number of witnesses whom Hammer intends to call;

5.6. the number of witnesses whom the Government intends to call;

5.7. whether any testimony will be presented by video deposition;

5.8. the expected overall length of the hearing in trial days; and

5.9. any other matters which counsel for Hammer and the Government agree the court should consider at the pretrial conference.

6.    Counsel shall mark exhibits D1, D2 or H1, H2, etc., and G1, G2, etc. The use of letters following the numbers of documents, such as D1a, is prohibited. Instead exhibits should be marked D1.1, etc. If more than one party offers an exhibit during the hearing, only 1 letter and number shall be used for it. The lists of exhibits shall be on a copy of the Clerk's exhibit list attached to this order. Multi-paged exhibits shall bear page numbers for quick reference in court. Insofar as practicable, counsel shall number a party's exhibits in similar places on each exhibit.

7.    If counsel rely on or refer to portions of the trial transcript during the hearing, counsel shall provide the court with photocopies of the relied on or referred to portions along with an appropriate index so that the court will have easy access to the relevant portions of the trial transcript.

8.    The portions of all exhibits which are to be considered by the court shall be read aloud in open court so that the court may grasp the important language. Only portions of exhibits so read will be considered by the court.

9. Paragraph 3 of our order of May 11, 2005, is amended to provided that on or before the close of the hearing counsel shall submit proposed findings of fact and conclusions of law addressing Grounds 1-14 (with the exception of Ground 3, page 39,

¶ 5), 16 and 19 of Hammer's third amended motion annotated in accordance with paragraph 3.12 of the practice order issued in this case on September 20, 1996.

 s/Malcolm Muir

_____
MUIR, U.S. District Judge

MM:gs

6