# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

_____

|  |  |
|---|---|
| | : |
| UNITED STATES OF AMERICA, | : |
| | :    Criminal No. 4:CR–96-239 |
|       Respondent, | : |
| | :    Judge Muir |
|       v. | : |
| | : |
| DAVID PAUL HAMMER, | : |
| | : |
|       Petitioner. | : |
| | :    Electronically Filed |

_____ :

**PETITIONER'S BRIEF IN SUPPORT OF PETITIONER'S MOTION TO STRIKE THE TESTIMONY OF FORMER UNITED STATES MARSHAL DANIEL ELLIS REGARDING STATEMENTS ELICITED AS A RESULT OF AN UNCONSTITUTIONAL MID-TRIAL INTERROGATION**

### PRELIMINARY STATEMENT AND QUESTIONS PRESENTED

During the course of the § 2255 proceedings in this case, counsel for Mr. Hammer learned for the first time that an agent of the Government, former United States Marshal Daniel Ellis, unconstitutionally questioned Mr. Hammer on or about June 22, 1998, after Mr. Hammer's plea of guilty and before the penalty phase was due to begin and immediately reported Mr. Hammer's response to his questioning, which he admittedly believed to be helpful to the Government's continued prosecution of Mr. Hammer and damaging to Mr. Hammer, to the United States Attorney's office.

This Brief addresses Petitioner's contention that Mr. Ellis' substantive questioning about Mr. Hammer's motivation for pleading guilty violated Mr. Hammer's Sixth Amendment rights and must be suppressed as illegally obtained. The Government has not, and likely cannot, articulate any reason why the actions of Mr. Ellis did not constitute a gross violation of Mr. Hammer's Sixth Amendment rights. Accordingly, the Court should grant the *Motion*.

**ARGUMENT**

**THE ILLEGALLY OBTAINED STATEMENT OF MR. HAMMER BY FORMER UNITED STATES MARSHAL DANIEL ELLIS IS A PRODUCT OF A CLEAR SIXTH AMENDMENT VIOLATION AND MUST BE SUPPRESSED.**

On June 22, 1998, as Mr. Hammer was being led back to the cell block on the third floor of the Federal Courthouse in Williamsport, Pennsylvania, then United States Marshal Daniel Ellis questioned Mr. Hammer concerning his motivation for pleading guilty in the middle of his trial on the charge of first degree murder. According to Mr. Ellis, Mr. Hammer responded to his question and the answer he gave was viewed by Mr. Ellis as against Mr. Hammer's interests and he immediately reported Mr. Hammers' statement to Assistant United States Attorney Frederick Martin.

At the time of this illegal interrogation with Mr. Hammer, he was incarcerated, faced a pending capital sentencing hearing and was represented by counsel. Mr. Ellis was an employee of the United States Government's Department of Justice, who had gained access to Mr. Hammer because of that employment. Under those circumstances, Mr Ellis had a duty to refrain from questioning Mr. Hammer without notice to (and the presence of) his lawyer. He also had a duty to advise Mr. Hammer of his <u>Miranda</u> rights before conducting any interrogation, especially a warning that anything he said to him could be used against him and that he had a right to counsel

with respect to questioning on the very offense for which Mr. Hammer was standing trial.  Mr. Ellis admittedly took none of these steps.

Mr. Ellis also conceded that he initiated the questioning and that Mr. Hammer responded to his questions regarding why he entered a plea of guilty.

In short, the record establishes that Mr. Ellis initiated the conversation about Mr. Hammer's insanity defense and his motivation for entering a plea of guilty and that he specifically asked Mr. Hammer for a response.  Mr. Ellis's questions were, at a minimum, reasonably likely to elicit an incriminating response. Accordingly, they constituted interrogation.  See Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980). The admission of the statements Mr. Hammer  made in response to that questioning violated his Fifth and Sixth Amendment rights.

The law is well established that such statements are inadmissible.  In Estelle v. Smith, 451 U.S. 454 (1981), the United States Supreme Court held that the defendant's Fifth and Sixth Amendment rights were violated when, at a capital sentencing proceeding, statements he had made to a government doctor in the course of a government competency examination were admitted into evidence against him. Finding that the Fifth Amendment was fully applicable to a capital penalty phase proceeding, the Court held that the use of the defendant's statements, in the absence of warnings that he had the right to remain silent and that any statements he made could be used against him, violated constitutional protections against self

incrimination.  Id. at 461-62.  The Court also found the admission of these statements violated the defendant's Sixth Amendment right to counsel, as counsel was not informed of the nature of the examination before it took place nor was counsel present during the interview.  Id. at 469-471.

The Court need not reach an analysis of whether Mr. Ellis was working at the behest of the United States Attorney or the United States Marshal's Service or whether the Government knowingly circumvented Mr. Hammer's Sixth Amendment right to counsel.  Mr. Ellis admittedly worked for the United States Department of Justice and admitted that he was in fact, an agent of the Government, so Mr. Hammer's constitutional rights were implicated by Ellis' custodial questioning.

In Estelle, it did not matter that the psychiatrist was not acting as an agent for the state at the time of his interview with the defendant.  The Supreme Court held:

> That respondent was questioned by a psychiatrist designated by the trial court to conduct a neutral competency examination, rather than by a police officer, government informant, or prosecuting attorney, is immaterial.  When [the psychiatrist] went beyond simply reporting to the court on the issue of competence and testified for the prosecution at the penalty phase on the crucial issue of respondent's future dangerousness, his role changed and became essentially like that of an agent of the State recounting unwarned statements made in a postarrest custodial setting.

Estelle, 451 U.S. at 467.  The same reasoning is applicable here.  When Mr. Ellis went beyond simply escorting Mr. Hammer back to the cell block in the Marshal's office and began questioning Mr. Hammer about his motivations for pleading guilty and

abandoning his insanity defense, he became an agent of the state. As in <u>Estelle</u>, his subsequent testimony in these proceedings about what Mr. Hammer allegedly told him violated Mr. Hammer's Fifth and Sixth Amendment rights.

## Conclusion

For the above reasons and for those contained in the accompanying *Motion*, Petitioner requests that this Court strike the § 2255 testimony of Daniel Ellis only as it pertains to his unconstitutional questioning of Mr. Hammer and Mr. Hammer's substantive response.

Respectfully submitted,


s/ Michael Wiseman
MICHAEL WISEMAN, ESQUIRE
Supervising Assistant Federal Defender
Attorney ID#PA 75342
Defender Association of Philadelphia
Federal Court Division-Capital Habeas Unit
Suite 545 West – The Curtis Building
Philadelphia, PA 19106
(Michael_Wiseman@fd.org)

s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
(Anne_Saunders@fd.org)

Dated:      September 14, 2005

## Certificate of Service

I, Michael Wiseman, hereby certify that on this date I served a copy of the foregoing via Electronic Case Filing, or by placing a copy in the United States mail, first class, addressed as follows:

Frederick E. Martin, Esquire
United States Attorney's Office
Herman T. Schneebeli Federal Building
Suite 316
240 West Third Street
Williamsport, PA.  17701-6465

Gwynn X. Kinsey, Jr., Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

Date:  September 14, 2005

s/ Michael Wiseman
MICHAEL WISEMAN, ESQUIRE
Supervising Assistant Federal Defender
Attorney ID#PA 75342
Defender Association of Philadelphia
Federal Court Division-Capital Habeas Unit
Suite 545 West – The Curtis Building
Philadelphia, PA 19106
(Michael_Wiseman@fd.org)