IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                              :
         v.                   :   No. 4:CR-96-239
                              :
DAVID PAUL HAMMER            :   (Judge Muir)

ORDER
September 19, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti.  On July 14, 2005, a hearing commenced on Mr. Hammer's third amended § 2255 motion.  The hearing so far has lasted 26 days and the 27th day is scheduled to commence on September 20, 2005.

At trial, the defense raised by Mr. Hammer was insanity, i.e., he suffered from Dissociative Identity Disorder (formerly referred to as Multiple Personality Disorder).  The contention was that an "alter personality", Jocko, killed Mr. Marti.

On June 22, 1998, almost at the conclusion of the guilt phase of the trial, Mr. Hammer entered a plea of guilty to first degree murder.  One of the primary contentions of Mr. Hammer in the third amended § 2255 motion is that he was not competent to enter a plea of guilty.  He contends that the factual basis for the plea relied on by the prosecution and the Court was false. He has also raised a claim in Ground Three of the third amended motion "that disposition of his direct appeal issues would result in vacation of his conviction and sentence" and that "[a] manifest injustice would result if review of all issues is not had."  In Ground Three he

lists the direct appeal issues and states in pertinent part as follows:

> L.  Hammer separately and independently claims each issue should be reviewed on the merits. Whether competent or not when he waived his appeals, a manifest injustice would result within the meaning of U.S. v. Khattak, 273 F.3d 557 (3d Cir. 2001) if no review is had.
>
>  1.  He also asserts that the issues included in the abandoned direct appeal brief present plain errors . . . .

Although Hammer apparently lists the direct appeal issues in the motion and the Government when responding to the motion did not dispute that those were the issues that were raised in the direct appeal brief, we have not been provided with a copy of the direct appeal brief.

Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts states as follows:

> (a) In General.  If the [§ 2255] motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion.  The judge may require these materials be authenticated.
>
> (b) Types of Materials.  The materials that may be required include letters predating the filing of the motion, <u>documents</u>, exhibits, and answers under oath to written interrogatories propounded by the judge.  Affidavits also may be submitted and considered as part of the record.
>
> (c) Review by the Opposing Party.  The judge must give the party against whom the additional materials are offered opportunity to admit or deny their correctness.

(Emphasis added.)  The purpose of this order is to direct counsel for Hammer to provide us with a copy of the direct appeal brief. We will also confirm our order from the bench last week relating to

filing proposed findings of fact.  Counsel is also reminded of our order of August 8, 2005, which dealt with the stipulation relating to DNA testing.  The testimony presented by the Government's pathologist has substantially clarified that stipulation.  However, the order of August 8, 2005, also required counsel to "present evidence or a stipulation relating to whether or not Government Exhibit 25 was tested for the presence of Andrew Marti's blood or DNA." This has not been done.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  Prior to the conclusion of this hearing counsel for Hammer shall provide us with a copy of the direct appeal brief.

2.  Counsel shall file proposed findings of fact on the final day of the hearing in accordance with our order of June 1, 2005.  Counsel may submit supplemental findings of fact addressing issues raised during the last week of the hearing within 5 working days of the close of the hearing.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:gs