IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                        :
        v.              :   No. 4:CR-96-239
                        :
DAVID PAUL HAMMER       :   (Judge Muir)

ORDER
September 20, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti.  We are presently in a hearing on Mr. Hammer's third amended § 2255 motion.

Hammer has raised a claim in Ground Three of the third amended motion "that disposition of his direct appeal issues would result in vacation of his conviction and sentence" and that "[a] manifest injustice would result if review of all issues is not had."  In Ground Three he lists the direct appeal issues.

One of the issues which was raised in the withdrawn direct appeal was that the jury at the end of the penalty phase made erroneous factual findings with respect to certain mitigating factors. More specifically, Hammer contends that "[t]he jury failure to find, consider and weigh undisputed or conceded mitigating factors is a circumstance that render's Hammer's sentence arbitrary."

During the penalty phase of the trial Dr. Mitchell testified that Hammer suffered from a major mental disease or defect.  Doc. 528. Transcript of Jury Trial, Volume 20, July 9, 1998, page 77.  Also, during the trial Dr. Gelbort testified that

Hammer suffers from cognitive deficits.  Doc. 526, Transcript of Jury Trial, Volume Nineteen, July 8, 1998, page 45.

At the conclusion of the penalty phase of the trial, the jury was presented with a document entitled "Special Findings Form Regarding Punishment to be Imposed upon David Paul Hammer for the Killing of Andrew Marti."  Part Five of that form dealt with mitigating factors.  The jury was required to answer "yes" or "no" based on a preponderance of the evidence with respect to certain alleged mitigating factors.  One of the mitigating factors set forth in Part Five was that "Mr. Hammer presently suffers from a major mental disease or defect."  With respect to that mitigating factor 12 jurors answered "No."  Another mitigating factor set forth in part Five, was that "Mr. Hammer suffers from cognitive deficits."  With respect to that mitigating factor 11 jurors answered "No."

The purpose of this order is to direct the Government to point the court to portions of the trial transcript where its psychological or psychiatric experts disagreed with the opinion rendered by Dr. Mitchell relating to a major mental disease or defect when he testified on July 9, 1998, and the opinion of Dr. Gelbort relating to cognitive deficits when he testified on July 8, 1998 if in fact the Government's experts disagreed with those opinions and so testified.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

Within ten (10) days after the conclusion of the present

hearing counsel for the Government shall in writing point the court to portions of the trial transcript where its psychological or psychiatric experts disagreed with the opinions rendered by Drs. Mitchell and Gelbort as outlined in the background of this order if in fact its experts disagreed with those opinions.

s/Malcolm Muir

MUIR, U.S. District Judge

MM:gs