IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Crim. No. 4:CR-96-00239 |
| | : Civil No. 4:CV-02-00510 |
| v. | : (Muir, J.) |
| | : |
| DAVID PAUL HAMMER | : **ELECTRONICALLY FILED** |

**BRIEF IN OPPOSITION TO MOTION
TO STRIKE THE TESTIMONY OF FORMER DEPUTY UNITED
STATES MARSHAL DANIEL ELLIS**

<u>Procedural History</u>.

For purposes of this issue, relevant procedural history begins on September 14, 2005, when Hammer's counsel filed a motion and supporting brief to strike the testimony of former [deputy] United States Marshal Daniel Ellis.  Herewith presented is the opposition to strike that testimony.

<u>Argument</u>.

In the course of the hearing on Hammer's motion for post-conviction relief pursuant to 28 U.S.C. § 2255, the government called former Deputy U.S. Marshal Daniel Ellis, who testified that, in the course of transporting Hammer following entry of his 1998 guilty plea, Ellis inquired of Hammer whether the "Monkey" was responsible for entry of the plea (referring to "Jasper," one of Hammer's claimed alter personalities), to which Hammer responded "that he made the monkey up, and that he didn't want to live because he did not want to spend the rest of his life in

prison." Hammer now claims that this testimony is inadmissible in the Section 2255 hearing because Hammer's statement was obtained "in gross violation" of Hammer's Fifth and Sixth Amendment rights. The government concedes no violation and, more importantly, Hammer's argument completely ignores the settled rule that Fifth and Sixth Amendments pose no bar given that the challenged evidence is being offered in response to Hammer's Section 2255 claims that he was incompetent at the time of his guilty plea and indeed is "actually innocent" of the capital murder of Andrew Marti.

As the Court is well aware, an allegation of "actual innocence" in a habeas proceeding is made to invoke a particular exception to some of the procedural bars that would otherwise preclude a petitioner's claims for collateral relief. Although an actual innocence claim does not generally state a free-standing basis for habeas relief, *Herrera v. Collins*, 506 U.S. 390, 417 (1993), such a claim may allow review of an otherwise procedurally-barred constitutional habeas claim where the petitioner shows that "constitutional violation probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Thus, this exception (also referred to as the "fundamental miscarriage of justice" rule), *id*. at 314-15, is "'not itself a constitutional claim, but

instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'"  Id. at 315.[1]

At a hearing on such a claim of actual innocence, the court is required to consider evidence not limited to that presented at the time of trial, and indeed must consider evidence that would otherwise be inadmissible.  The *Schlup* court explained:

> In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial.  Instead, the emphasis on 'actual innocence' allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial.  Indeed, with respect to this aspect of the Carrier standard, we believe that Judge Friendly's description of the inquiry is appropriate: The habeas court must make its determination concerning the petitioner's innocence 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'

*Schlup*, 513 U.S. at 327-38.

Thus, at a habeas hearing on a claim of actual innocence, both the petitioner and the government may present evidence not

---

[1]  The decisions cited here involve federal review of state convictions pursuant to 28 U.S.C. § 2254, but the principles are equally applicable in this Section 2255 proceeding, as indicated in the government's previously-filed opposition to the Section 2255 motion as amended.

admitted or admissible at trial, including evidence obtained and admitted "illegally."  The fact that the evidence was obtained in violation of the Sixth Amendment right to counsel or the Fifth Amendment right against self-incrimination poses no bar to consideration of the evidence as it bears on actual innocence. *See McCleskey v. Zant*, 499 U.S. 467, 502 (1991) (rejecting McCleskey's actual innocence assertion based on an inculpatory jailhouse informant's account, which McCleskey had argued was proof that his admissions to the informant were introduced in violation of McCleskey's Sixth Amendment right to counsel); *Lott v. Coyle*, 261 F.3d 594, 620-21 (6th Cir. 2001); *In re Lott*, __ F.3d __, 2005 WL 2173611, at *13 (6th Cir. Sept. 7, 2005) (Boggs, C.J., dissenting).

Here, there is no doubt that Hammer is raising a claim of "actual innocence" and a closely related claim of incompetency at the time of his plea.  In the appeal from Hammer's attempt to dismiss his Section 2255 motion, Mr. Ruhnke argued that a stay of execution and remand to this Court was needed to ensure that the government was not about to execute an innocent man.[2]  In

---

[2]  Mr. Ruhnke emphasized, among other items, an affidavit from fellow inmate Mark Jordan, presently on trial for a federal prison murder of his own.  This Court allowed Mr. Jordan to testify in this proceeding via video-teleconference, but Hammer's present counsel have elected as a tactical matter not to call Mr. Jordan.

Hammer's subsequent amendment of his Section 2255 motion, he challenged his competency at the time of his guilty plea, Third Amended Motion, Grounds II, IV, IX, XIII, and he invokes the "miscarriage of justice" exception applies insofar as he is innocent of the murder of Andrew Marti, *see* Grounds I, III, IV, VI, VII, XIX.O (the latter claim specifically alleges "a miscarriage of justice"). If there was any doubt on that score, Hammer's present counsel eliminated it when he began his opening statement at this Summer's hearing thus: "In a nutshell, Your Honor, the petitioner in this case will prove that he is innocent of the premeditated murder of Mr. Marti." (7/14/05 Tr. 5).

Given Hammer's unambiguous assertion of his innocence, the Court should reject his present Fifth and Sixth Amendment arguments for exclusion of Mr. Ellis's testimony, which is directly relevant to the innocence assertion. Hammer does not argue that Mr. Ellis's testimony should be rejected as unreliable, *Schlup*, 513 U.S. at 327-38, and in any event the content of Mr. Ellis's testimony confirms the reliable nature of his testimony and Hammer's statements in particular.

Conclusion.

The Court should deny Defendant David Paul Hammer's motion to strike the testimony of former Deputy U.S. Marshal Daniel Ellis.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

By s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA  57455
Herman T. Schneebeli Federal Bldg.
240 West Fourth Street, Suite 316
Williamsport, PA 17701-6465
Tele:  (570) 326-1935
FAX:  (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Dated:  September 23, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       : Crim. No. 4:CR-96-00239
                               :
            v.                 : (Muir, J.)
                               :
DAVID PAUL HAMMER             :   **ELECTRONICALLY FILED**


## CERTIFICATE OF SERVICE

     I hereby certify that I caused a true and correct copy of
the foregoing

**BRIEF IN OPPOSITION TO MOTION
TO STRIKE THE TESTIMONY OF FORMER DEPUTY UNITED
STATES MARSHAL DANIEL ELLIS**

to be electronically mailed on September  23 , 2005, to:

ADDRESSEE:
            Anne L. Saunders, Esquire
            Anne_Saunders@fd.org

            Michael Wiseman, Esquire
            Michael_Wiseman@fd.org


                         s/Frederick E. Martin
                        FREDERICK E. MARTIN
                        Assistant United States Attorney


7