**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

_____

|   |   |
|---|---|
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent, | : |
| | : |
| v. | : |
| | : |
| DAVID PAUL HAMMER, | : |
| | : |
| Petitioner. | : |
| | : |
| | : |

_____ :

Criminal No. 4:CR–96-239

Judge Muir

**PETITIONER'S BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO FILE FOURTH
AMENDED SECTION 2255 MOTION**

AND NOW, comes DAVID PAUL HAMMER, through his counsel , and

respectfully submits his Brief in Support of *Motion for Leave to File Fourth*

*Amended Section 2255 Motion* (filed on September 26, 2005).

As set forth more fully in the *Motion for Leave to File Fourth Amended*

*Section 2255 Motion* ("Motion"), on September 22, 2005, the government

disclosed certain FBI 302 Reports containing statements of inmate witnesses

interviewed by the FBI during the investigation and prosecution in this case.  Also

as described more fully in the *Motion*, those documents contain highly exculpatory

1

material that was required to be disclosed prior to Mr. Hammer's trial.

Section 2255 provides that the one year statute of limitations begins to run on the latest of one of four trigger dates, which are as follows:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner submits that the trigger date for the filing of the Proposed Fourth Amendment is set forth in subsections 2 and 4 above, in view of the Government's recent disclosure of these documents.   Despite diligent efforts to uncover the existence of these documents through independent investigation and appropriate discovery motions, counsel did not learn of the existence of these documents and the exculpatory evidence contained within those documents until the Government's disclosure on September 22, 2005.  Accordingly, the amended claim is timely under Section 2255.

Moreover, because Petitioner was unaware of the existence of the facts

supporting the claim prior to the government's disclosure of the FBI 302s on September 22, 2005, amendment is appropriate under Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, "[L]eave [to amend] shall be freely given when justice so requires." See also Riley v. Taylor, 62 F.3d 86. 92 (3d Cir. 1995) (Recognizing "Rule 15(a)'s command that amendments should be freely allowed when justice so requires").

Except in situations involving bad faith on the part of the movant, which are clearly not present here, justice generally requires that leave to amend be granted. Riley, 62 F.3d at 90; Williams v. Lockhart, 849 F.2d 1134, 1140 (8th Cir. 1988). This is particularly appropriate in a capital case. Moore v. Balkcom, 716 F.2d 1511, 1526 (11th Cir. 1983) ("Certainly in a capital case, the district court should be particularly favorably disposed toward a petition's motion to amend"). See also Riley, 62 F.3d at 90 ("On the record now before us, we believe Riley's not insignificant risk of losing the opportunity to litigate the issues he raises in his proposed amended petition conflicts with the strong presumption of the Federal Rules of Civil Procedure favoring decisions on the merits").

Moreover, leave to amend should be granted to permit a petitioner to assert claims that were not previously available. Riley, 62 F.3d at 91 (reversing denial of leave to amend where petitioner sought to add two new claims and strengthen

arguments in support of existing claims); <u>Diaz v. United States</u>, 930 F.2d 832, 835 (11th Cir. 1991) (reversing denial of petitioner's motion to amend § 2255 petition to include "potentially meritorious claim which he said he did not know about and which arguably was unavailable when the original petition was filed"); <u>Love v. Jones</u>, 923 F.2d 816, 818 (11th Cir. 1991) (amended petition filed after magistrate appointed counsel to represent <u>pro</u> <u>se</u> petitioner); <u>United States v. Weintraub</u>, 871 F.2d 1257, 1259 (5th Cir. 1989) (amendment permitted after new information revealed in discovery).

Because it cannot be said that the requested amendments are "so unlikely to affect the outcome that they would be futile" permitting leave to amend is consistent with the intent of Rule 15.  <u>Riley</u>, 62 F.3d at 92.  Indeed, as the allegations in the amended claim demonstrate, the Government's failure to disclose the FBI 302s prior to trial violated Hammer's constitutional rights, directly impacted the reliability of the guilty plea and sentencing determinations and require relief under Section 2255.

Finally, denying his request to amend will forever foreclose review of meritorious claims requiring relief from his conviction and death sentence. <u>See</u> Liebman & Hertz, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE (4TH ED. 2001) at 732-733 (Noting that the rules and Supreme Court precedent "strongly

suggest[] that, at least prior to entry of the district court's judgment . . . courts should allow amendment of any claim that was not 'available to the petition' at the time he filed the petition and any claim about which the petitioner could not have had 'knowledge at the that time despite exercise of reasonable diligence'"). Where, as in this case, the failure to include the claim in previously filed documents was the result of the Government's failure to disclose the questioned documents, due diligence is demonstrated and amendment is both proper and warranted.

WHEREFORE, David Paul Hammer, by counsel respectfully requests that this Honorable Court GRANT his *Motion for Leave to File Fourth Amended Motion to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. 2255 by a Person in Federal Custody.*

Respectfully submitted,


s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)

s/ Michael Wiseman
MICHAEL WISEMAN, ESQUIRE
Supervising Assistant Federal Defender
Attorney ID#PA 75342
Defender Association of Philadelphia
Federal Court Division-Capital Habeas Unit
Suite 545 West – The Curtis Building
Philadelphia, PA 19106
(Michael_Wiseman@fd.org)

Dated: September 27, 2005

## CERTIFICATE OF SERVICE

I, Anne Saunders, of the Federal Public Defender's Office do hereby certify

that on this date I served a copy of the foregoing *Brief in Support of Motion for Leave*

*to File Fourth Amended Motion to Vacate and Set Aside Conviction and Sentence*

*Pursuant to 28 U.S.C. 2255 by a Person in Federal Custody* via Electronic Case

Filing, or by placing a copy in the United States mail, first class in Harrisburg,

Pennsylvania, addressed to the following:


Frederick E. Martin, Esquire
United States Attorney's Office
Herman T. Schneebeli Federal Building
Suite 316
240 West Third Street
Williamsport, PA.  17701-6465

Gwynn X. Kinsey, Jr., Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530


Date:  September 27, 2005

Respectfully submitted,

s/ Anne L. Saunders
ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)
Attorney for David Paul Hammer