```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                         :
          v.             :  No. 4:CR-96-239
                         :
DAVID PAUL HAMMER        :  (Judge Muir)
```

<u>ORDER</u>
September 28, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti.  We are presently in a hearing on Mr. Hammer's third amended § 2255 motion.  During the hearing the Government and Hammer submitted a document to the court entitled "Stipulated Findings of Fact Relating to DNA Testing."  Defendant's Exhibit 14.

Paragraph 16 of the stipulation stated as follows:

> Specifically, this analysis consisted of [Short Tandem Repeat] testing for the presence of DNA. To a reasonable degree of scientific certainty these tests as they related to the gum swabs (2S05-061-12A) were positive for the presence of <u>sperm fractions</u> and non-sperm fractions matching Marti's DNA profile.

(Emphasis added.)  On August 8, 2005, we issued an order indicating that "[i]t is unclear to the court how the gums swabs which were apparently taken from Andrew Marti, the victim, could be positive for the presence of 'sperm fractions ... matching Marti's DNA profile.'" We requested that counsel before the conclusion of the hearing clarify the stipulation or present evidence.  We found it somewhat odd that a "sperm fraction" of the victim would be found in the victim's mouth.  However, during the testimony of Dr. Funke, the Government's pathologist, the matter was clarified.  Dr. Funke

testified that "if [it] had been transferred through a kiss, I would – I am surprised to see that it's not also in his throat swabs. You know, that, to me is interesting. If that had happened and I – and it's equally likely as another scenario that the sperm got there by masturbation and then he transferred it there passively when he touched his own mouth. I mean, there is no way of knowing how his own sperm fraction gets on his gum line." (Emphasis added.) Based on the stipulation and Dr. Funke's testimony we are satisfied that in fact a sperm fraction of the victim was found in the victim's own mouth. We will deny the Government's oral motion made in open court on September 28, 2005, requesting that the court disregard paragraph 16 of the stipulation.

We have also reviewed in camera the FBI's Electronic Communications (ECs) and have concluded that the Government's redactions are appropriate.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Government's oral motion of September 28, 2005, requesting that the court disregard paragraph 16 of the stipulation (Defendant's Exhibit 14) is denied.

2. Hammer's request for unredacted copies of the FBI's Electronic Communications is denied.

s/Malcolm Muir

MUIR, U.S. District Judge

MM:gs

2