## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

————————————————————————    :

UNITED STATES OF AMERICA,    :

       Respondent,    :

       v.    :

DAVID PAUL HAMMER,    :

       Petitioner.    :

————————————————————————    :

Criminal No. 4:CR–96-239

Judge Muir

### PETITIONER'S REPLY TO THE GOVERNMENT'S OPPOSITION TO PETITIONER'S SECOND POST-CONVICTION MOTION FOR DISCOVERY

Petitioner, DAVID PAUL HAMMER, through undersigned counsel, hereby replies to the Government's *Brief in Opposition* (hereafter, *BIO*) to Petitioner's *Second Post-Conviction Motion For Discovery* and in support thereof, states the following.

### Procedural History Relevant To This Motion

On September 22, 2004, undersigned counsel sent a letter to Assistant United States Attorney Martin requesting supplemental discovery. On September 27, 2004 Mr. Martin responded by letter stating that the Government agreed to

1

Government Exhibit 2

(Document 791) at 88-90 (acknowledging the existence of contradictory statements by at least one other inmate). There are other inmates who were either in Allenwood at the time of the incident or were housed near Mr. Hammer at the time of the incident or subsequent to the incident that counsel believes also gave statements to either the FBI or a prison official or investigator that similarly contradicts the version presented by the government through the various statements and inmate testimony. These include: Bradley Hosselkus; Michael Cole (#03296-036); Matthew Darby (#29243-004); Bradley Brown (#03447-041); Gaylon Don Ball (17290-009); Royce Fowler (#17832-009); James Gibbs (#02586-025); James Havser; Tony Jones (#07201-045); Matthew McShea ((#40044-066); Lenard Kahle; James Lee; Del Carter (#01326-061). As a result of their investigation, counsel has learned that some, if not all of these inmates either contacted investigative officials or gave statements to the FBI, or prison investigators.

In addition to supporting the claim raised in the *Petition* with respect to the unreliability of the confessions and the theory presented by the government, these statements, correspondence and documents constitute <u>Brady</u> material that should have been disclosed at trial and the government remains subject to a continuing duty to disclose. <u>See</u> *supra*. Had counsel had statements from other witnesses

14

# CERTIFICATE OF SERVICE

I, Michael Wiseman, of do hereby certify that on this date I served a copy of the foregoing *Reply Brief To The Government's Opposition To Petitioner's Second Post-Conviction Motion For Discovery* via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

Frederick E. Martin, Esquire
United States Attorney's Office
Federal Building, Room 217
228 Walnut Street
Harrisburg, PA 17108

Gwynn X. Kinsey, Jr., Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

Date:  November 8, 2004

Respectfully submitted,

s/ Michael Wiseman
MICHAEL WISEMAN