IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                                     :
        v.                           :   No. 4:CR-96-239
                                     :
DAVID PAUL HAMMER           :   (Judge Muir)


ORDER

October 18, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. The relevant history of this case since the imposition of the sentence of death is set forth in prior opinions and orders and we will not repeat that history other than as needed to address the pending matter.

By opinion and order of January 27, 2005, we permitted Hammer to file a third amended § 2255 motion. Ground Nineteen at page 88 of the third amended § 2255 motion states as follows:

> Ground Nineteen: Hammer was denied his Fifth, Sixth, Eighth and Fourteenth Amendment rights where, as a result of governmental failure to disclose exculpatory evidence and ineffective assistance of counsel, compelling evidence directly disputing the reliability of Hammer's statements regarding the circumstances leading up to the decedent's death that were relied upon by the government in support of the factual basis for the guilty plea and in support of a death sentence was not developed and presented.

On July 14, 2005, a hearing commenced on Mr. Hammer's third amended § 2255 motion. As a result of materials turned over to Mr. Hammer's counsel on September 22, 2005, which was the 29 th day of the evidentiary hearing, counsel for Mr. Hammer filed on September 26, 2005, a motion for leave to file a fourth amended § 2255

motion.   In the fourth amended § 2255 motion Hammer sets forth Brady violations, that is the Government failed to turn over exculpatory evidence.[1]  On September 27, 2005, Hammer filed a brief in support of the motion.   On October 17, 2005, the Government filed a brief in opposition.   Paragraph 3.9 of the practice order issued in this case on September 20, 1996, states as follows:

> 3.9.   Reply Briefs.   The provisions of Local Rules 7.7 and 7.32 shall apply to this case.   The Court reserves the right to rule on any motion without the benefit of a reply brief.

Pursuant to that paragraph we will rule on the motion without the benefit of a reply brief.

The materials that were provided to counsel for Mr. Hammer on September 22, 2005, were thirty-three previously undisclosed FBI 302 statements which summarized interviews with prison inmates.  The Government contended at trial that part of the substantial planing and premeditation was Mr. Hammer braiding sheets into ropes.   Mr. Hammer during the guilty plea colloquy stated that the hostage ruse was something he made up and that the ropes braided from sheets were used for other purposes.   Some of the 302s contained statements by inmates indicating that Mr. Hammer in the past had engaged in sexual bondage, that he had previously braided sheets into ropes for sexual purposes and that Mr. Hammer had revealed that he had been sexually abused by his father.   The revelation to one other inmate relating to sexual abuse occurred before the killing of Andrew Marti.

---

[1] See Brady v. Maryland, 373 U.S. 83 (1963).

With respect to the penalty phase, Mr. Hammer contends that the <u>Brady</u> violations impact the jury's determination that he committed the offense after substantial planning and premeditation. The failure to turn over the information relating to Hammer's sexual abuse as a child also potentially draws into question the propriety of six jurors failing to find that he was sexually abused as a child.

The propriety of allowing Hammer to file a fourth amended § 2255 motion must be considered in light of the second and third amended motions.  In Ground Six of the second amended motion and and as noted above in Ground Nineteen of the third amended motion Hammer set forth claims regarding the Government's failure to disclose exculpatory evidence.  The fourth amended § 2255 motion merely raises additional facts in support of the <u>Brady</u> claim.  We will grant Hammer's motion to file a fourth amended § 2255 motion.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

Hammer's motion to file a fourth amended § 2255 motion (Doc. 1171) is granted.

s/Malcolm Muir

_____
MUIR, U.S. District Judge

MM:gs

3