IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
                                :
         v.                     :  No. 4:CR-96-239
                                :
DAVID PAUL HAMMER               :  (Judge Muir)

ORDER
January 31, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 27, 2005, we issued a 278-page opinion with 1705 specific findings of fact and order granting in part and denying in part David Paul Hammer's fourth amended § 2255 motion.  The order vacated and set aside the sentence of death imposed on Mr. Hammer on November 4, 1998, and authorized the Government within 60 days to file a motion to have the case placed on a trial list for a new penalty-phase trial. On January 11, 2006, the Government filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure in which it requests that we review our order of December 27, 2005, and "amend it by denying altogether Hammer's § 2255 motion."  On January 12, 2006, the Government filed a brief in support of the motion.  Mr. Hammer filed a brief in opposition on January 26, 2006.  The Government's motion became ripe for disposition on or about January 30, 2006, when the Government notified the Deputy Clerk that it did not intend to file a reply brief.

Before addressing the merits of the Government's arguments, we will review the legal principles governing motions for reconsideration, beginning with the well-settled doctrine of "law of the case."  It is important to note the manner in which a

court's reconsideration of a prior decision meshes with that doctrine.  The "law of the case" doctrine "directs [a federal court's] exercise of its discretion."  <u>Public Interest Research Group of New Jersey, Inc., et al. v. Magnesium Elektron, Inc.</u>, 123 F.3d 111, 113 (3d Cir. 1997).  When the United States Supreme Court considered how a motion for reconsideration affects the scope and nature of that discretion, it commented that

> [a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous <u>and</u> would work a manifest injustice."

<u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 817 (1988)(emphasis added).

The Supreme Court's guidance in <u>Christianson</u> is reflected in the repeated holding of the Court of Appeals for the Third Circuit that

> we have recognized that the doctrine [of the law of the case] does not preclude our reconsideration of previously decided issues in extraordinary circumstances such as where: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice.

<u>In re City of Philadelphia Litigation</u>, 158 F.3d 711, 718 (3d Cir. 1998)(emphasis added); <u>see also Public Interest Research Group of New Jersey, Inc.</u>, 123 F.3d at 117-118.  A demonstration of extraordinary circumstances as outlined above is a threshold prerequisite for obtaining reconsideration of a court's prior decision.

There is also an abundance of case law describing the events and conditions that do not constitute extraordinary circumstances justifying a court's reconsideration of a prior decision.  "A motion for reconsideration is not properly grounded on a request that a court should rethink a decision it has already made." Armstrong v. Reisman, No. 99-CV-4188, 2000 WL 288243, *2 (E.D.Pa. March 7, 2000)(Brody, J.).  Moreover, "where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." D'Angio v. Borough of Nescopeck, 56 F.Supp.2d 502, 504 (M.D.Pa. 1999)(McClure, J.)(citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)); see also Delong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1139-40 (3d Cir. 1980).

As the cited cases demonstrate, a motion for reconsideration is a device of limited utility.  Its fundamental purpose is to remedy manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision.  Harsco, supra.  A party seeking to establish that the court has made such a manifest error is required "to persuade us not only that our prior decision was wrong, but that it was clearly wrong and that adherence to that decision would create manifest injustice."  In re City of Philadelphia Litigation, 158 F.3d 711, 718 (3d Cir. 1998).  We will apply those concepts to the Government's pending motion for reconsideration.

Mr. Hammer in his brief in opposition points out that the Government's motion with one exception is a "rehash" of arguments already considered by the court.  We agree with Mr. Hammer's position.

The one exception relates to the recent decision of the United States Supreme Court in <u>Brown v. Sanders</u>, 126 S.Ct. 884 (Jan. 11, 2006).  In <u>Brown</u>, the Supreme Court held that "[a]n invalidated sentencing factor (whether an eligibility factor or not) will render the sentence unconstitutional by reason of its adding an improper element to the aggravation scale in the weighing process unless one of the other sentencing factors enables the sentencer to give aggravating weight to the same facts and circumstances." Id. at 892.

The Government's reliance on  <u>Brown</u> is unavailing for several reasons.   <u>Brown</u> did not involve a death sentence imposed under the Federal Death Penalty Act of 1994.  Instead, it involved a death sentence imposed under the statutory scheme enacted by the California legislature. Under the California statute there are enumerated aggravating factors, e.g., "the murder was especially, heinous, atrocious, or cruel," and a statutory "catch-all" aggravating factor which allowed the jury to consider "[t]he circumstances of the crime of which the defendant was convicted in the present proceeding."

Our case is clearly different.  As noted in the introduction to our opinion of December 27, 2005, there were only two statutory aggravating factors which the jury was permitted to consider.

4

Those factors were (1) whether or not Mr. Hammer had previously been convicted of two or more state or federal offenses punishable by a term of imprisonment for more than one year, involving the use or attempted or threatened use of a firearm and (2) whether or not Mr. Hammer committed the murder of Andrew Marti after substantial planning and premeditation.

Under <u>Brown</u> if one statutory aggravating factor is rendered invalid for some reason, a death sentence may be upheld if the evidence of that invalid statutory aggravating factor could have been considered under another statutory aggravating factor which was found by the jury to exist.  In Mr. Hammer's  case we are not dealing with such a situation.  The problem is the failure of the Government to disclose evidence which if presented to the jury by Mr. Hammer may have persuaded the jury to conclude that the aggravating factor had not been proven by the Government beyond a reasonable doubt.

The information the Government failed to disclose may have convinced the jury that Mr. Hammer did not engage in substantial planning and premeditation.  In the event the jury did not conclude beyond a reasonable doubt that Mr. Hammer engaged in substantial planning and premeditation, the jury would not have considered the evidence of substantial planning and premeditation with respect to any other aggravating factor.  Evidence relating to substantial planning and premeditation would not have been relevant to the jury's consideration of the statutory aggravating factor of Mr. Hammer having been convicted of two or more state or federal

offenses involving the use or attempted or threatened use of a firearm.

To the extent that evidence relating to substantial planning and premeditation would have been relevant with respect to the non-statutory aggravating factor of future dangerousness, the Government did not in its notice of intent to seek the death penalty reference its intention to rely on such evidence to support that non-statutory aggravating factor and therefore such use would not have been permissible.[1]  Moreover, as noted, the Brown decision dealt with statutory aggravating factors.  Because Brown dealt with statutory aggravating factors under state law, that case is inapposite.  Also, if the jury rejected the substantial planning and premeditation aggravating factor, it could not have considered evidence of such planning and premeditation by reference to any other aggravating factor.

The Government has also reargued its position that the non-retroactivity doctrine of Teague v. Lane, 489 U.S. 288 (1989) prohibits us from considering Mr. Hammer's Brady claims.  There is no Teague issue presented in this case because we have not

---

1.  The California statutory scheme does not allow the jury to consider non-statutory aggravating factors.  In Brown the Supreme Court concluded that the evidence relating to the statutory aggravating factors found to be invalid could have been considered by the jury under a statutory aggravating factor, that is the "circumstances of the crime of which the defendant was convicted in the present proceeding."  We will note that we will give further consideration prior to or at the time of the retrial to arguments by counsel for both parties as to our previous decision which allowed the use of the non-statutory aggravating factor of future dangerousness.

enunciated a new rule of law.  Rather, we have applied the specific facts of this case to the long standing <u>Brady</u> doctrine.

The Government does not raise or set forth any arguments in its motion for reconsideration that call into question the merits of our opinion and order of December 27, 2005.  That opinion and order is not troubled by manifest errors of law or fact and Government has not presented anything new, which if previously presented, might have affected our decision.  Consequently, the motion for reconsideration will be denied.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The Government's motion for reconsideration (Doc. 1224) filed on January 11, 2006, is denied.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:gs

7