IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


United States of America        :
                                :
                                :
            vs                  :  96-CR-239
                                :
                                :
David Paul Hammer               :


BEFORE:        Honorable Malcolm Muir

PLACE:         Williamsport, Pennsylvania

PROCEEDINGS:   Video conference, re: counsel

DATE:          Monday, August 24, 2009

VOLUME:        One



APPEARANCES:

For the United States:   Frederick E. Martin, Esquire
                         U.S. Attorney's Office
                         240 West Third Street
                         Suite 316
                         Williamsport, PA  17701

For the Defendant:       James V. Wade, Esquire
                         Federal Public Defender's Office
                         100 Chestnut Street, Suite 306
                         Harrisburg, PA  17101



                         OFFICIAL COURT REPORTER

APPEARANCES: (Continued)

FOR DEFENDANT:                    Michael Wiseman, Esquire
                                  Defender Association of Phila.
                                  Capital Habeas Unit
                                  The Curtis Building, Suite 545
                                  Independence Square West
                                  Philadelphia, PA  19106


                                  Ronald C. Travis, Esquire
                                  Rieders, Travis
                                  161 West Third Street
                                  Williamsport, PA  17703


(VIA VIDEO FROM TERRE HAUTE w/Defendant Hammer)

                                  Anne L. Saunders, Esquire
                                  Federal Defender Office
                                  Capital Habeas Unit
                                  100 Chestnut Street, Suite 300
                                  Harrisburg, PA  17101


                                  Also Present: Janel Trivelpiece

                                  OFFICIAL COURT REPORTER

(2:36 p.m., convene.)

MR. WADE:  Your Honor, I'm Jim Wade from the Federal Public Defender's Office.  I represent, as part of a defense team from the Federal Public Defender's Office, David Paul Hammer.  I believe the government asked for a colloquy about the conflict of interest that could be involved with having Mr. Travis brought back in on the case, Your Honor.

THE COURT:  All right.

MR. WADE:  My motion was, one, to appoint Mr. Travis as an additional trial counsel, Your Honor.

THE COURT:  Well, we'll look to you to give us advice as to the next item to be handled.

MR. WADE:  Thank you, Your Honor.

THE COURT:  All right.  Counsel.

MR. WISEMAN:  Good afternoon, Your Honor.  Nice to see you again.  I'm Michael Wiseman from the Federal Public Defender Capital Habeas Unit in Philadelphia.  My office, as we did in the 2255 proceedings, still represent Mr. Hammer as co-counsel with Mr. Wade's office.

THE COURT:  Mr. Travis.

MR. TRAVIS:  Your Honor, my name is Ronald C. Travis. I was trial counsel -- one of two trial attorneys for Mr. Hammer back in 1998, and I am here pursuant to the request that I be reappointed to represent Mr. Hammer.  I guess technically at this point in time I have no standing.

OFFICIAL COURT REPORTER

*THE COURT:* Okay, sir. Now, we'll turn to the counsel seated with Mr. Hammer.

*MS. SAUNDERS:* Good afternoon, Your Honor. Anne Saunders from the Federal Public Defender's Office in Harrisburg representing Mr. Hammer through the 2255 proceedings. And with me is Ms. Trivelpiece, a paralegal from our office. Janel Trivelpiece.

*THE COURT:* Mr. Hammer, will you please rise and introduce yourself. Will you state your name, sir?

*THE DEFENDANT:* David Paul Hammer.

*THE COURT:* Very well. That's all we need to have you do right now. You may be seated, sir.

*THE DEFENDANT:* Thank you, sir.

*THE COURT:* Mr. Wade.

*MR. WADE:* Your Honor, we're here to consider the appointment of Mr. Travis as a trial counsel again. The -- there's been no objection to that appointment, but there was -- the government brought up that they need to -- hold on one second. Sorry, Your Honor. Am I pushing the button? I'm sorry. Apparently I was pushing a button that muted this microphone, Your Honor.

*THE COURT:* As far as I'm concerned, if you have to hold that microphone, it seems to me it would be better if you were to be seated. You suit yourself.

*MR. WADE:* Okay. I'm fine like this, Your Honor.

OFFICIAL COURT REPORTER

I'll just watch my thumb this time.

*THE COURT:* Aren't you holding it?

*MR. WADE:* I'm holding it by the bottom, with my hand under the bottom and my thumb on the top, but I was pressing a button that I didn't realize I was pressing.

*THE COURT:* I understand. But what I'm saying is would you be more comfortable to be seated and have that microphone --

*MR. WADE:* Yes, I would, Your Honor.

*THE COURT:* -- sitting on the desk?

*MR. WADE:* Yes, I would. But no disrespect to you, Your Honor.

*THE COURT:* No, I understand.

*MR. WADE:* Okay. When we were discussing the appointment of Mr. Travis as additional counsel for trial purposes, the government mentioned that there could be some conflicts of interest because of certain claims raised in the appeals and collateral proceedings in this case.

There was no objection from the government about the appointment of Mr. Travis as long as there was a waiver of those con -- any potential conflict. I think today was to have a colloquy on such a waiver of any conflict.

*THE COURT:* All right. It would seem to me that what we should do would be to swear Mr. Hammer and then have you proceed with your -- with questioning. Is that acceptable?

OFFICIAL COURT REPORTER

*MR. WADE:*  I didn't think I would be doing the colloquy, Your Honor.

*THE COURT:*  What?

*MR. WADE:*  I did not think that I would be participating in the colloquy, Your Honor.

*THE COURT:*  Who should ask Mr. Hammer the appropriate questions?

*MR. WADE:*  I didn't know if it was going to be the Court or Mr. Martin, but I didn't think it was going to be myself.

*THE COURT:*  Well, I would think that defense counsel would be -- it's your motion, that you would be going forward with developing it so that we know everything is complete and fair.  What do you think, Mr. Martin?

*MR. MARTIN:*  Your Honor, I have no objections in proceeding first.  I have two brief questions to ask Mr. Hammer.  And then following that, assuming that there are no objections to my questions, if anyone else would like to ask further questions of Mr. Hammer, that would seem to be the normal way we -- this Court allows for questioning by counsel under the circumstances.  So I'll be glad to go first.

*THE COURT:*  All right.  Well, it seems to me the first thing to do is to swear Mr. Hammer.  Do you agree with that?

*MR. MARTIN:*  I certainly do, Your Honor.

*THE COURT:*  Do you agree with that?

OFFICIAL COURT REPORTER

*MR. WADE:*  Yes, I do, Your Honor.

*THE COURT:*  Would you please rise, Mr. Hammer?

(The defendant was sworn.)

*THE COURT:*  You may be seated.

You may go ahead, Mr. Martin, if that's what you prefer.

*MR. MARTIN:*  That's fine with us, Your Honor.

Mr. Hammer, have you discussed with any of your attorneys that presently represent you the fact that Mr. Travis may represent you in the future?

*THE DEFENDANT:*  Yes, sir, I have.

*MR. MARTIN:*  Did you have questions for those attorneys; and without indicating what those questions were, were those questions answered by your counsel?

*THE DEFENDANT:*  Yes.  More than questions.  I had requested of them to do what they could to get Mr. Travis appointed back in the case.  So -- and obviously there was various issues discussed in regards to that.  So the answer to your question is yes.

*MR. MARTIN:*  Mr. Hammer, are you satisfied that Mr. Travis will provide you with a loyal, active and vigorous defense in future proceedings even though you previously alleged that his performance in the first trial was deficient?

*THE DEFENDANT:*  Absolutely.

*MR. MARTIN:*  Are you willing to proceed with

Mr. Travis as counsel for further proceedings even though this may adversely affect your position in 2255 proceedings which challenged your original guilty plea and sentencing?

*THE DEFENDANT:*  Yes, I am.

*MR. MARTIN:*  Your Honor, I have no further questions than those two.

*THE COURT:*  Mr. Wade, do you have questions?

*MR. WADE:*  Your Honor, may I confer with my co-counsel?

*THE COURT:*  Absolutely.

*MR. WADE:*  Thank you.

(Off-the-record discussion between defense counsel.)

*MR. WADE:*  Your Honor, Mr. Wiseman is going to ask a question.

*THE COURT:*  Very well.

*MR. WISEMAN:*  Good afternoon, Mr. Hammer.

*THE DEFENDANT:*  Good afternoon, Mike.

*MR. WISEMAN:*  The last question Mr. Martin asked you about Mr. Travis's appointment adversely affecting your future 2255 proceedings with regard to the guilty plea colloquy; if I could be more precise and focus it in on the question of whether you're willing to -- have you considered the impact of having Mr. Travis rejoin your defense team on any allegation of his ineffectiveness with respect to the sufficiency of the guilty plea?

*THE DEFENDANT:*  Have I considered it?

*MR. WISEMAN:*  Yes.

*THE DEFENDANT:*  Yes.

*MR. WISEMAN:*  And I guess the $64,000 question, are you willing to give up any claim of ineffectiveness related to that claim in consideration of Mr. --

*THE DEFENDANT:*  If that's what's required --

*MR. WISEMAN:*  I'm sorry?

*THE DEFENDANT:*  If that's what's required to have Mr. Travis reappointed to the case, yes, I am.

*MR. WISEMAN:*  And as often is the case, your answer was more complete and thoughtful than my question.

*THE DEFENDANT:*  Thank you.

*MR. WADE:*  We have no further questions, Your Honor.

*THE COURT:*  All right.  I assume it's inappropriate for you to ask questions at this point.  Is that your view, Mr. Travis?

*MR. TRAVIS:*  Yes.  Your Honor, my view is that I have not been appointed at this point in time.  And as I said, I don't think I should be asking any questions.

*THE COURT:*  That's fine.  Do you have any questions, Mr. Martin?

*MR. MARTIN:*  I have no further questions, Your Honor. Thank you.

*THE COURT:*  Mr. Wade, do you have anything further?

OFFICIAL COURT REPORTER

*MR. WADE:*  No, I don't, Your Honor.

*THE COURT:*  All right.  Should I ask Anne Saunders whether she has any questions?  I think so.

*MS. SAUNDERS:*  No, Your Honor.  No, Your Honor, I do not.  Oh, I'm sorry, Your Honor.

*THE COURT:*  Wait a minute.  Do you have any questions, Ms. Saunders?

*MS. SAUNDERS:*  No, Your Honor, I do not.

*THE COURT:*  All right.  What more can we do at this point?  What's your view, Mr. Martin?  Anything?

*MR. MARTIN:*  Your Honor, under the circumstances the government usually doesn't get involved in the matter of appointment of counsel for defendants.  This was a somewhat unique case because it requires the return of Mr. Travis to the case after Mr. Hammer made some allegations of ineffectiveness.  So that would -- that's the only reason we thought it was appropriate to ask these questions.

It appears to us, Your Honor, and perhaps the Court could make a finding that Mr. Hammer wishes to proceed with Mr. Travis in a knowing fashion so that we can go on with the case from here.

*THE COURT:*  Well, I'm perfectly willing to make that finding right now, if that's what all counsel think is appropriate.  Is that okay with you, Mr. Wade?

*MR. WADE:*  Yes, it is, Your Honor.

OFFICIAL COURT REPORTER

*THE COURT:*  Mr. Wiseman?

*MR. WISEMAN:*  Yes, sir.

*THE COURT:*  I may not be -- is it Wiseman?

*MR. WISEMAN:*  It's Wiseman, yes.

*THE COURT:*  Is that alright with you?

*MR. WISEMAN:*  It's fine with me, Your Honor.

*THE COURT:*  Is it alright with you, Mr. Martin?

*MR. MARTIN:*  Yes.  We would request it, Your Honor.

*THE COURT:*  Mr. Saunders, is that alright with you?

*MS. SAUNDERS:*  Yes, Your Honor.

*THE COURT:*  Do you have something else you would like to bring up, Ms. Saunders?

*MS. SAUNDERS:*  No, Your Honor.

*THE COURT:*  Very well.  Well, I just got a note here. All right.  I will make the finding -- well, in order to make it absolutely clear, I'm going to ask you to dictate the finding, and then I'll adopt it if I think its right. Mr. Wiseman or Mr. Wade.

*MR. WISEMAN:*  Yes, Your Honor.  I would propose that the Court make a finding that Mr. Hammer has made a knowing --

*THE COURT:*  That Mr. Hammer has what?

*MR. WISEMAN:*  Has made a knowing decision to accept Mr. Travis as part of the defense team for the upcoming resentencing proceedings.

*THE COURT:*  Is that finding acceptable to you, Mr.

Wade?

*MR. WADE:*  Yes, Your Honor.

*THE COURT:*  Is that acceptable to you, Mr. Martin?

*MR. MARTIN:*  Yes, it is, Your Honor.

*THE COURT:*  Is that finding acceptable to you, Ms. Saunders?

*MS. SAUNDERS:*  Yes, Your Honor.

*THE COURT:*  Very well.  We so find.  What else, if anything, can we do today?

*MR. MARTIN:*  Nothing further from the government, Your Honor.

*MR. WADE:*  May I have one moment, Your Honor?

*THE COURT:*  Sure.

*MR. WADE:*  I don't think there is anything else.

(Off-the-record discussion between defense counsel.)

*MR. WADE:*  Your Honor, the only thing that remains would be entering an order appointing Mr. Travis as his attorney -- as an additional attorney.

*THE COURT:*  Very well.  We'll do that by written order.

*MR. WADE:*  Thank you, Your Honor.

*THE COURT:*  Anything else, Mr. Martin?

*MR. MARTIN:*  Your Honor, we will be filing, prior to September 9th, a motion to extend the time in which to proceed to allow the United States Attorney as well as the Attorney

General to reconsider whether the death penalty should be pursued.  This was something that we discussed with this Court on July 28th.  I think -- and since Mr. Hammer was not there at the time, it would be wise to let him know of that discussion and the likelihood that the U.S. Attorney's Office and the Attorney General will reconsider its position on the death penalty in his case.

THE COURT:  Well, how long of an extension do you wish?  I would prefer to do it by writing, because I have a little trouble with this mechanism to tell you the truth.

MR. MARTIN:  That's fine with me, Your Honor.  I was starting to draft it and I was speaking to Mr. Wiseman and Mr. Wade and Mr. Travis about how much time would be needed. That's -- I think we have a figure in mind, and I won't share it with the Court right now.  But we will submit a written motion to that effect within the next week or so.

THE COURT:  Well, bear in mind that this judge is 94 and 10/12ths years of age, so keep it reasonably short.

MR. MARTIN:  We will, Your Honor.

THE COURT:  Okay.  What more can we do today?

MR. MARTIN:  Now nothing, Your Honor, as far as we're concerned.

MR. WADE:  Nothing, Your Honor.

THE COURT:  Anything?

MR. WISEMAN:  Nothing further from the defense, Your

OFFICIAL COURT REPORTER

Honor.

THE COURT:  Anything further, Ms. Saunders?

MS. SAUNDERS:  No, Your Honor.

THE COURT:  Very well.

THE CLERK:  Court is adjourned.

(2:55 p.m., court adjourned.)

OFFICIAL COURT REPORTER

REPORTER'S CERTIFICATE

I, Lori A. Fausnaught, RMR, CRR, Official Court Reporter for the United States District Court for the Middle District of Pennsylvania, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct transcript of the within-mentioned proceedings had in the above-mentioned and numbered cause on the date or dates hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or under my supervision.

                                    s/Lori A. Fausnaught, RMR, CRR
                                    _____
                                    Lori A. Fausnaught, RMR, CRR
                                    Official Court Reporter


     REPORTED BY:

          LORI A. FAUSNAUGHT, RMR, CRR
          Official Court Reporter
          United States District Court
          Middle District of Pennsylvania
          240 West Third Street, Suite 446
          Williamsport, PA 17701


               (The foregoing certificate of this transcript does not apply to any reproduction of the same by any means unless under the direct control and/or supervision of the certifying reporter.)


                                    OFFICIAL COURT REPORTER