IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :
                          :
        v.                :   No. 4:CR-96-239
                          :
DAVID PAUL HAMMER,        :   (Judge Muir)

ORDER

February 1, 2010

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The background of this case is set forth in prior orders of this court and we will not repeat that background other than as needed to address a motion filed by David Paul Hammer entitled "Motion for Access of Videographer to Special Confinement Unit at United States Penitentiary Terre Haute."  A brief in support of the motion was filed on December 21, 2009.  The Government filed a brief in opposition on January 15, 2010.  The motion became ripe for disposition on January 29, 2010, when Hammer filed a reply brief.  For the reasons set forth below, we will deny Hammer's motion.

On December 27, 2005, we issued an opinion and order which, inter alia, granted in part and denied in part Hammer's fourth amended section 2255 motion.  The opinion and order in summary sustained Hammer's guilty plea to first degree murder but granted Hammer a new trial with respect to the sentence.  The sentence of death was vacated and set aside and the Government authorized to file within 60 days a motion to place the case on a trial list for a new penalty-phase trial.  On February 24, 2006,

the Government filed a notice of appeal and a motion to have the case placed on a trial list for a new penalty phase upon completion of all appeal-related proceedings.  On May 11, 2009, the Court of Appeals for this circuit issued an opinion holding that it did not have jurisdiction until after the new penalty-phase trial, a sentence of death was imposed and an appeal filed.  On July 6, 2009, the Court of Appeals for this circuit issued a certified judgment  in lieu of a formal mandate.  On July 9, 2009, we issued an order which authorized the Government to file within sixty days a motion to have the case placed on a trial list for a new penalty-phase trial.

On August 26, 2009, the Government filed a motion entitled "Joint Motion for Continuance for Reconsideration by the United States Attorney and Department of Justice of Pursuing the Death Penalty."  That motion revealed that the Government agreed that because of "the passage of time since the death penalty originally had been authorized, April 1998, reconsideration of that decision by the United States Attorney as well as the Department of Justice" was warranted.  Doc. 1255, Motion to Continue to Allow for Reconsideration by the United States Attorney and the Department of Justice Pursuing the Death Penalty, p. 2.  The Government requested a continuance of 8 months to allow defense counsel to prepare and present a presentation to (1) the United States Attorney for this District and (2) the Capital Crimes Unit of the Justice Department. To allow for such presentations, on August 27, 2009, we issued an order that granted the Government until April 28, 2010, to indicate

whether it will request a new death penalty phase trial.

In the present motion by Hammer to allow access of a videographer to the Special Confinement Unit, Hammer states in relevant part as follows:

> 4.  Defense counsel has retained a videographer to film a video to be used as part of Mr. Hammer's presentation to the local United States Attorney as well as to the Capital Crimes Unit.  The video will present a variety of reasons as to why the government should forego seeking the death penalty.
>
> 5.  Counsel are considering including footage of Mr. Hammer in this video.  However, they have been advised by the BOP officials that such videotaping will not be permitted absent a court order.  It is anticipated that the videotaping would take place within one of the contact visiting rooms located within the Special Confinement Unit at United States Penitentiary Terre Haute.

Doc. 1270, Motion for Access of Videographer to Special Confinement Unit at United States Penitentiary Terre Haute, p. 3.  The Government opposes the motion noting security concerns and that a videotape presentation from Hammer is not necessary for the United States Attorney for this District or the Capital Crimes Unit of the Justice Department to make a decision regarding whether or not to pursue the death penalty in this case.

The procedures relating to how the Government decides to pursue the ultimate penalty of death are neither promulgated nor supervised by this court. The decision to pursue the death penalty in this case is totally within the discretion of the prosecution. Although there are internal operating procedures of the Justice Department relating to such authorization, those internal policies do not create any enforceable rights in Hammer. <u>United States v.</u>

3

<u>Lopez-Matias</u>, 522 F.3d 150, 155-156 (1st Cir. 2008); <u>United States v. Jackson</u>, 327 F.3d 273, 295 (9th Cir,. 2003).  Hammer has no enforceable right to demand that the United States Attorney or the Capital Crimes Unit of the Justice Department consider any particular form of mitigating evidence.

Also, a close reading of Hammer's motion and brief reveals that it is not at all clear that Hammer once videotaped will present that videotape to the United States Attorney or the Capital Crimes Unit. Hammer uses language – the "recording may be used," "possible inclusion" of the videotape, and "have available the option of . . . the video presentation" –  which suggests that after going through the expense and inconvenience to staff at the Special Confinement Unit the videotape might not be used.

Finally, there appear to be alternatives which Hammer has available.  Hammer can present in writing why the Government should not pursue the death penalty.  Also, there is no indication that the Government would be opposed to Hammer presenting to either the United States Attorney or the Capital Crimes Unit via live video from the Special Confinement Unit the reasons why the death penalty should not be pursued in his case.[1]

---

[1]During the section 2255 proceedings, Hammer testified by way of video conferencing from Terre Haute.  There is no indication that such an arrangement could not be made with respect to the authorization process. We know that the Special Confinement Unit has the capability and the United States Attorney in this district has the ability to make arrangements to use the court's video conferencing capabilities.  Such an arrangement would eliminate the need for the defense team to take video equipment into the Special Confinement Unit which appears to be the main security concern.  Also, Hammer testified from the Special Confinement Unit by way of video conferencing on

NOW, THEREFORE IT IS HEREBY ORDERED THAT:

Hammer's motion entitled "Motion for Access of Videographer to Special Confinement Unit at United States Penitentiary Terre Haute" (Doc. 1270) is denied.


s/Malcolm Muir
MUIR, U.S. District Judge

---

August 24, 2009, regarding the reappointment of Ronald C. Travis as one of his attorneys.