IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 4:CR-96-0239 |
| | : | |
| v. | : | (Muir, J.) |
| | : | |
| DAVID PAUL HAMMER | : | **ELECTRONICALLY FILED** |

## ORDER
9/7/10

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Following remand of the § 2255 proceedings by the Court of Appeals for the Third Circuit, this Court entered an order on July 9, 2009, regarding the course of future proceedings. Specifically, this Court established a 60-day deadline in which the prosecution would request a new death penalty phase trial.

On July 24, 2009, defendant's counsel filed a motion to conduct a conference regarding the appointment of new counsel. By order dated that same day, this Court established a meeting on July 28, 2009.

On July 28, 2009, this Court met with representatives of the United States Attorney and Federal Public Defender to discuss the course of future proceedings. At that time, the Federal Public Defender for this District indicated its interest in withdrawing from any future penalty proceedings and suggested the appointment of prior trial counsel. The prosecution expressed its belief that to proceed in this fashion, this Court should conduct a colloquy to insure that defendant knowingly wished to proceed with original trial counsel who was criticized for his

effectiveness during the § 2255 proceedings.  Also, at that time, the prosecution indicated that due to the passage of time since the death penalty originally had been authorized, April 1998, reconsideration of that decision by the new United States Attorney as well as a the Department of Justice appeared to be appropriate.

The Federal Public Defender, who represented defendant along with the Capital *Habeas* Unit of the Defender Association of Philadelphia in the § 2255 proceedings, filed on July 29, 2009, a motion to designate counsel for further proceedings. Specifically the Federal Public Defender recommended the re-appointment of Ronald C. Travis, Esquire, who previously served as counsel in the initial 1998 criminal proceedings.

This Court scheduled an opportunity for a colloquy on August 24, 2009, with defendant, who would participate through video-conference.  Following counsel's questions of defendant, this Court found that defendant knowingly accepted the appointment of Attorney Travis to represent him, along with the Capital *Habeas* Unit of the Defender's Association of Philadelphia, in all future proceedings.

During the colloquy proceeding, this Court was apprised again of the request by all parties to extend the deadline for compliance with this Court's order of July 9, 2009.  Having discussed this among all counsel present, it was the consensus

2

that an eight month continuance would be needed.  This includes needed time for the Defender's Unit to apprise Attorney Travis of information developed by their office during the § 2255 proceedings regarding defendant's actions during the last ten years, as well as for Attorney Travis to bring the Defender's Unit up to speed on all details and nuances of defendant's case established through 1998.  Thereafter, a presentation will be made to the United States Attorney for this District and, still later, the Department of Justice, through the Capital Crimes Unit, will also review the matter.  In the event that this presentation and review process can occur earlier than requested, the parties promptly will advise this Court.

On August 27, 2010, this Court set the date of April 28, 2010, as the deadline for the prosecution to indicate whether it will request a new death penalty phase trial.  At the request of Hammer's counsel, with the concurrence of the United States, this Court, in an order dated April 7, 2010, further extended the time limit until September 30, 2010.

Thereafter, counsel for Hammer provided the United States Attorney's Office with three volumes of material supporting their belief that the death penalty should not be pursued.  On May 14, 2010, defense attorneys made an oral presentation to then U.S. Attorney Dennis C. Pfannenschmidt.

Before a decision was rendered, the Senate approved the selection of the current U.S. Attorney, who was sworn into office on June 25, 2010. The new U.S. Attorney had no background with these proceedings and, consequently, needed time to familiarize himself with pertinent facts. The United States Attorney's Office on August 17, 2010, forwarded its recommendation to the Department of Justice. On August 23, 2010, the undersigned contacted defense counsel, shared with them this development, and advised them to whom further materials in the *Hammer* case could be sent for consideration by Department of Justice officials. There remains the need for multiple levels of the Department to consider carefully materials provided by defense counsel, as well as the recommendation and views of the United States Attorney. This cannot be accomplished in three (3) weeks.

On September 3, 2010, the prosecution contacted Hammer's attorney's regarding this request. On September 5, 2010, Michael Wiseman, Esquire advised he concurred in this motion for a sixty (60) day extension.

4

This Court finds that under the circumstances, this request is reasonable. **NOW, THEREFORE, IT IS ORDERED THAT:** An extension of sixty (60) days or until November 28, 2010, is hereby **GRANTED** for the prosecution to indicate whether it will request a new death penalty phase trial.

_____
MUIR, United States District Judge

5