UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
|  | : |  |
| v. | : | Honorable Joel H. Slomsky |
|  | : |  |
| DAVID PAUL HAMMER, | : | Capital Case |
|  | : |  |
| Defendant | : |  |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO PRECLUDE THE GOVERNMENT FROM PROCEEDING WITH A CAPITAL PROSECUTION BECAUSE IT'S DECISION NOT TO DE-AUTHORIZE THIS CASE, VIOLATED IT'S STANDARDS FOR CAPITAL PROSECUTIONS IN VIOLATION OF THE FIFTH, SIXTH AND EIGHTH AMENDMENTS**

David Paul Hammer, by his counsel, pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution, respectfully submits this *Brief in Support* of Motion to Preclude the Government from Proceeding with a Capital Prosecution.

**A.    The Law.**

When the Government sets up specific processes and procedures for reaching determinations, like a determination to capitally prosecute an accused, the process and procedure followed by the Government must conform with due process.  See

1

Evitts v. Lucey, 469 U.S. 387, 393 (1985) (due process interest in state created right to direct appeal); see also Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (liberty interest in state-created capital sentencing procedures); Ford v. Wainwright, 447 U.S. 399, 427-31 (1986) (O'Connor, J., concurring) (liberty interest in state-created right to proceedings to determine competency to be executed); Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 289 (1998) (O'Connor, J, with Souter, Ginsburg & Breyer, JJ., concurring) (life interest in state-created right to capital clemency proceedings); id. at 290-91 (Stevens, J., concurring).

In addition, both due process and equal protection preclude the Government from reaching determinations on the basis of biases or conflicts of interest. J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 142 n.13 (1994); Snyder v. Louisiana, 128 S. Ct. 1203, 1208 (2008) (collecting cases); Batson v. Kentucky, 476 U.S. 79 (1986); Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787 (1987).

The Eighth Amendment imposes a heightened standard "for reliability in the determination that death is the appropriate punishment in a specific case." Woodson v. North Carolina, 428 U.S. 280, 305 (1976). "Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two. Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a

specific case." <u>Woodson v. North Carolina</u>, 428 U.S. 280, 305 (1976); <u>Gregg v. Georgia</u>, 428 U.S. 153, 189 (1976).

As described more fully in the *Motion* and below, the Government's conduct in reaching its determination to continue to capitally prosecute Mr. Hammer violated these fundamental principles.

> **B.      The Government's Failure to Follow It's Own Standards and It's Determination to Continue this Capital Prosecution – is Contrary to National and Local Standards – Violates the Fifth, Sixth and Eighth Amendments.**

As described in the *Motion*, the Government standards for determining whether to seek or continue a capital prosecution places great weight on the concerns and opinions of the victim's family.  The Government is required to consult with the family and give the family's opinions full consideration before reaching a determination to capitally prosecute.

Here, the victim's family – through defense counsel – provided the Government with a clear statement indicating that they did not want the case to proceed further as a capital case.  The Government ignored that statement, and indeed, the Government failed to even consult with the family prior to or after reaching its determination to continue the case as a capital prosecution.  Having set out requirements for both consultation and notice in a separate section of the

Protocol, as well as within its requirements for the procedures for reaching a determination, the Government was required to follow those Protocols. It's failure to do so, violated Mr. Hammer's due process and equal protection rights. Moreover, having determined that these standards were required for a full and fair consideration, the Government's failure to comply with those standards also violated Mr. Hammer's Eighth Amendment rights to heightened procedural safeguards.

Similarly, the Government's own standards require consideration of national and local standards in order to ensure that the federal death penalty is applied in a consistent and fair manner. Having deemed that these considerations were required, the Government was constitutionally required to apply those standards in reaching its determination to continue to capitally prosecute Mr. Hammer. As described more fully in the *Motion*, the available data regarding national capital prosecutions and those prosecutions within the Middle District of Pennsylvania demonstrates that the Government failed to give any meaningful consideration to this Protocol in reaching its determination. In light of the overwhelming data demonstrating that a capital prosecution is not warranted and inconsistent with national and local standards and practices, there is a compelling likelihood that the determination to capitally prosecute Mr. Hammer arises from bias as opposed to a reasoned decision based on the requisite standards.

Thus, for this reason as well, the Government's determination to capitally prosecute Mr. Hammer violates his due process and equal protection rights as well as his right to heightened procedural safeguards. Indeed, under the circumstances of this case, it would appear that Mr. Hammer was subjected to reduced, not the required heightened, procedural requirements.

For these reasons, as well as those set forth in the Motion, this capital prosecution violated Mr. Hammer's Fifth, Sixth and Eighth Amendment rights.

WHEREFORE, for the reasons set forth above and in the Motion, Mr. Hammer, through counsel, respectfully requests that this Court grant his motion.

/s/    Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/    Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

/s/    Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

Dated:    May 19, 2011
          Philadelphia, PA

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman