UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| v. | : | Honorable Joel H. Slomsky |
| DAVID PAUL HAMMER, | : | Capital Case |
| Defendant | : | |

_____:_____

**DEFENDANT'S MOTION FOR INFORMATIONAL OUTLINES**

Defendant, David Paul Hammer, through counsel, moves for an order requiring the Government to provide to the defense *Informational Outlines* summarizing what the Government intends to prove with regard to the intent factor and the statutory and non-statutory aggravating circumstances.

1.    Following the Court's decision granting Mr. Hammer's § 2255 Motion, in part, by vacating the previously imposed sentence of death, the Government has moved this case to a new penalty hearing.  (Doc. # 1300).

2.    At the initial penalty phase trial in July of 1998, the Government submitted to the jury the following statutory aggravating factors contained within its 1997 Notice of Intent to Seek the Death Penalty:

1

- 18 U.S.C. § 3592(c)(2), previous conviction of violent felony involving firearm;

- 18 U.S.C. § 3592(c)(9), defendant committed the killing after "substantial planning and premeditation";[1]

3.      The Government also noticed the following non-statutory aggravating factors, which were sent to the jury:

- that Mr. Hammer posed a "future danger" of committing violence;

- victim impact evidence.[2]

4.      Defendant moves for an order requiring the Government to provide an *Informational Outline* regarding the (c)(9)-substantial planning and premeditation statutory aggravating factor, and the two non-statutory aggravating circumstances set

---

[1]Three other statutory aggravating factors were contained in the *Notice*. The Government contended that Mr. Hammer

1.      was previously convicted of a federal or state offense punishable by a term of more than one year, involving the infliction or attempted infliction of serious bodily harm or death (18 U.S.C. § 3592(c)(4));

2.      the offense was especially heinous, depraved and cruel, in that it involved torture or serious physical abuse (18 U.S.C. § 3592(c)(6)); and

3.      the victim was particularly vulnerable (18 U.S.C. § 3592(c)(11)).

The jury was not permitted to consider any of these factors.

[2]A third non-statutory aggravating circumstance was contained in the *Notice* – that Mr. Hammer had participated in other prior uncharged acts of violence. This factor also was not permitted to go to the jury.

2

forth in paragraph 3.[3]

5.    For the reasons set forth in the accompanying *Brief in Support*, due to a variety of changed circumstances, Defendant has a genuine need for an *Informational Outline* as to the substantial planning and premeditation aggravating factor, and on the two non-statutory factors.    As also set forth in the *Brief*, provision of such *Informational Outlines* are commonly ordered in federal capital cases.

---

[3]Defendant does not request an *Informational Outline* regarding the second statutory factor, the (c)(2), as it is clear how the Government would attempt to prove it.

WHEREFORE, Defendant requests an Order requiring the provision of *Information Outlines* as described above and in the accompanying *Brief in Support.*

/s/    Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/    Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

May 19, 2011
Philadelphia, PA

/s/    Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

4

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman