UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID PAUL HAMMER, | : | Capital Case |
| | : | |
| Defendant | : | |

**BRIEF IN SUPPORT OF MOTION
FOR INFORMATIONAL OUTLINES**

Defendant submits this *Brief in Support of Motion for Informational Outlines* (hereafter, *IO*).  He moves for an order requiring the Government to provide an *IO* with respect to the intent factors, one statutory aggravating factor (substantial planning and premeditation) and two non-statutory factors (future dangerousness and victim impact).

The Government filed a Notice of Intent to Seek the Death Penalty in 1997. It contained five statutory aggravating factors.[1]  It also set forth three non-statutory

---

[1]The five statutory aggravating factors were:

1.    Defendant was previously convicted of a federal or state offense punishable by a term of more than one year imprisonment involving the use or threatened use of a firearm (18 U.S.C. § 3952(c)(2));

factors.[2]  Of the five statutory and three non-statutory aggravating factors, the jury was permitted to consider only two of the statutory factors (referred to as numbers 1 and 4 in footnote 1, above).  The jury was also only permitted to consider two non-statutory factors, future dangerousness and victim impact.

As explained, due to the unusual circumstances present in this case, Defendant requires clarification of how the Government will attempt to prove some of those statutory and non-statutory factors that were permitted to go to the jury in 1998.

### A.    *Informational Outlines* are Common in Federal Capital Trials.

*Informational Outlines* are often ordered to be produced by the government to the defense in federal capital cases in order to provide the defense with required

2.    Defendant was previously convicted of a federal or state offense punishable by a term of more than one year, involving the infliction or attempted infliction of serious bodily harm or death (18 U.S.C. § 3592(c)(4));

3.    The offense was especially heinous, depraved and cruel, in that it involved torture or serious physical abuse (18 U.S.C. § 3592(c)(6));

4.    The offense was committed following substantial planning and premeditation (18 U.S.C. § 3592(c)(9));

5.    The victim was particularly vulnerable (18 U.S.C. § 3592(c)(11)).

[2]The non-statutory factors posited by the Government in 1997 were that Mr. Hammer participated in other, uncharged violent acts; that he posed a future danger for committing acts of violent and victim impact evidence.

notice of how the Government will attempt to prove aggravating circumstances. Llera Plaza, 179 F.Supp.2d at 471. Llera Plaza gathered additional decisions holding that a capital defendant is entitled to an *Informational Outline* in order to provide a meaningful opportunity to prepare for and defend against the aggravating circumstances that the Government would seek to prove. Llera Plaza, 179 F.Supp.2d at 471-72, citing, United States v. Minerd, 176 F.Supp.2d 424, 448 (W.D.Pa.2001) (when circumstances do not make clear how the Government will attempt to prove aggravating circumstances, *IO* is appropriate), United States v. Bin Laden, 126 F.Supp.2d 290, 304-05; United States v. Glover, 43 F.Supp.2d 1217, 1231 (D.Kan.1999) (adopting Kaczynski approach).[3]

Defendant has adequate information to defend with regard to some of the

---

[3]See also United States vs. Solomon, 513 F.Supp.2d 520, 535 (W.D. Pa. 2007) (although denying request for a Bill of Particulars, ordering the Government to provide an "informative outline" regarding how it would prove the non-statutory aggravating factor of victim impact); United States vs. Rodriquez, 380 F.Supp.2d 1041, 1058 (D.N.D. 2005) ("Defendant is entitled to know more detailed information to properly defend against the allegations in this case. The Court has reviewed each of Defendant's requests and finds the factual particularity requested is justified to fulfill Defendant's objective of meaningful notice to adequately prepare a defense and meet the allegations against him"); United States vs. Lujan, 530 F.Supp.2d 1224, 1269 (D.N.M. 2008) ("Despite the lack of pretrial discovery rights in the Constitution and FDPA, many courts have nonetheless granted a capital defendant broader discovery of evidence in aggravation. These courts generally used their inherent powers to order the government to provide additional information on certain aggravating factors in order to ensure a meaningful opportunity to prepare a defense").

aggravating circumstances noticed by the Government. However, the unusual of this case require the Government to apprise the Court and defense of how it will attempt to prove still others of the aggravating factors.

**B.      Those Factors for Which Mr. Hammer Requests an *Informational Outline*.**

Defendant requires additional information by way of an *IO* with regard to the following factors.

**1.      The Intent Factors and Substantial Planning and Premeditation.**

The evidence at Defendant's initial trial and penalty hearing showed that at the time of his death the deceased (Andrew Marti) was tied to the lower bunk bed by his wrists and ankles with a rope, woven from strips of cloth torn from bed sheets.

The Government primarily argued in support of its intent theory and the substantial planning and premeditation factor that these ropes were created for one purpose – to restrain Mr. Marti – and that it would have taken Mr. Hammer a great deal of time to weave them. Hence, according to the Government's theory, the creation of the rope for the sole purpose of killing Mr. Marti, was evidence of his intent and substantial planning and premeditation.

This theory and these arguments were advanced by the Government notwithstanding its knowledge that Mr. Hammer frequently had in his possession

such braided ropes used for particular consensual sexual acts engaged in between Mr. Hammer and his cell-mate or others. The Government had in its possession various FBI 302 reports that indicated that a number of prisoners whom the Government interviewed, indicated that Mr. Hammer was given such ropes, and possessed and used them for sexual purposes. These reports were never provided to the trial defense team.

These 302 reports were discovered during the course of the § 2255 hearing. Based upon the Government's failure to disclose them before or during trial, the district court concluded that the nondisclosure constituted a due process violation, pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, requiring the vacation of the death sentence.

With the revelations made during the § 2255 proceedings, it is now clear that the Government's primary basis for these factors has no evidentiary basis. Defendant therefore requires an *Informational Outline* as to how the Government intends to prove this factor. In light of the arguments made by the Government to support this aggravating factor at the 1998 sentencing proceeding, the requested informational outline should be ordered so at pre-trial a determination can be made as to whether this alleged aggravating factor should be dismissed and so the defense can be prepared to rebut it.

### 2.    Future Dangerousness.

At the 1998 trial the Government supported the future dangerousness factor with evidence that Mr. Hammer:

- sent threatening letters to a prosecutor and the judge in  August and December of 1989;

- threatened to blow up a public building in November of 1989, while housed in the Oklahoma State Penitentiary;

- escaped or attempted to escape while housed in the Oklahoma system on October 16, 1981, September 20, 1982, and October 28, 1983;

- was a sentenced Oklahoma prisoner, serving his sentence in the federal system based upon a contract agreement between the State of Oklahoma and the federal government and if this contract was terminated Mr. Hammer would return to the Oklahoma system; and,

- held sway over various individuals the Government labeled as "Hammer groupies" who would be willing to undertake criminal acts of violence in the future as directed by Mr. Hammer.

The events of 1981, 1983 and 1989 are at this time stale as predictors of future dangerousness.  Moreover, since the 1998 trial, none of the other of the Government's prior bases for asserting that he is a "future danger" have come to fruition – Mr. Hammer has been continually housed in the federal system and there has been no effort by the State of Oklahoma or by the federal Bureau of Prisons to terminate the contract and return Mr. Hammer to the Oklahoma system nor have there been any acts of violence committed by any of the labeled, "Hammer groupies."

The Government should be required to provide an *IO* setting forth how it intends to prove this aggravating factor in view of the above-described circumstances.

### 3.   Victim Impact.

At the 1998 penalty trial the non-statutory aggravating factor of victim impact was submitted to the jury.  To support this factor the Government called the father and the brother of the deceased, Andrew Marti.

As part of a written submission made by counsel for Mr. Hammer in April 2010, a Victim Outreach specialist contacted the Marti family to ascertain its position as to whether the Government should continue to seek a death sentence against Mr. Hammer.  Through the Victim Outreach person defense counsel received a statement from Andrew Marti's parents indicating that they wanted the case to end as soon as possible, and they did not care about Mr. Hammer receiving the death penalty.  The parents acknowledged that by asking that the case be terminated without any further court hearings Mr. Hammer would not get the death penalty and both parents were agreeable to a sentence of life imprisonment without the possibility of release. (Copy of the statement is attached).

In light of the victim's parent's views, a legitimate question arises concerning how the Government proposes to prove the non-statutory aggravating factor of victim impact given the position taken by the Marti family.  The provision of an *IO*, will

both enable Mr. Hammer to prepare and will enable the Court to make a determination of whether the victim impact factor should be stricken.

## CONCLUSION

For all of the above reasons, Defendant requests that the Court order that the Government provide Mr. Hammer's counsel with an *Informational Outline* as described herein and in the accompanying *Motion.*

/s/     Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/s/     Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org


May 19, 2011
Philadelphia, PA

/s/     Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

8

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/     Michael Wiseman

Michael Wiseman