UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID PAUL HAMMER, | : | Capital Case |
| | : | |
| Defendant | : | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION
TO HAVE CONFRONTATION CLAUSE OF THE
SIXTH AMENDMENT APPLY AT CAPITAL RESENTENCING**

The Sixth Amendment provides a criminal defendant the right to confront witnesses against him.  Crawford v. Washington, 541 U.S. 36, 42 (2004).  While the Supreme Court has not held that the Sixth Amendment's right to confrontation of witnesses applies during the penalty phase of a capital trial, there exists ample authority that it does.  Defendant presents that authority and requests that his *Motion* for an order holding that it does so apply, be granted.

Ring v. Arizona, 536 U.S. 584 (2002);  Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Booker, 543 U.S. 220 (2005); and Blakely v. Washington, 542 U.S. 296 (2004), all stand for the proposition "that the existence of all the aggravating factors [statutory and non-statutory] are constitutionally significant facts that should be found by a jury."  United States v. Sablan, 555 F. Supp. 2d 1205, 1220

(D. Colo. 2007).  See also United States v. Mills, 446 F. Supp. 2d 1115, 1130 (C.D. Cal. 2006).

In both Sablan and Mills the defendants were, like Mr. Hammer, federal prisoners charged with the killing of another federal prisoner, and therefore there was overlap of the aggravating factors with those in the instant case.  Thus, the rationale which resulted in the confrontation clause being applied in those two cases should be applied in this case.

In another recent decision, United States v. Stitt, CR No 2:98cr47 (E.D. Virginia, May 28, 2010), the district court would not permit the Government to read transcripts of prior testimony at a penalty phase retrial, which the Government had sought to do in order to prove non-statutory aggravating circumstances because doing so would violate Stitt's confrontation rights.  In rejecting the Government's reconsideration motion, the Court found: "no meritorious reason to grant this portion of the Government's Motion to Reconsider because there is no clear Fourth Circuit or Supreme Court precedent holding that a Court shall not employ the Confrontation Clause in both the eligibility and selection stages of a capital sentencing…" The court indicated that since the death penalty was being sought this required increased scrutiny of the evidence to be used in support of a sentence of death and therefore applying the Confrontation Clause to the entirety of the penalty phase retrial was appropriate (copy attached).

Although there are some courts that have not applied the Confrontation Clause with respect to non-statutory aggravating circumstances, <u>see</u> <u>e.g. United States v. Fields</u>, 483 F.3d 313 (5th Cir. 2007), there is no dispute that it applies to the potential presentation of statutory aggravating factors or intent factors.    <u>Proffitt v. Waynewright</u>, 685 F.2d 1227, 1252-55 (11th Cir. 1982); <u>United States v. Brown</u>, 441 F.3d 1330, 1361, n.12 (11th Cir. 2006).

Accordingly, this Court should hold that the Clause applies to the entire penalty trial.

| | |
|---|---|
| /s/    Ronald C. Travis | /s/    Michael Wiseman |
| | |
| Ronald C. Travis | Michael Wiseman |
| Rieders, Travis, Humphrey, Harris, | James J. McHugh, Jr. |
| Waters & Waffenschmidt | James Moreno |
| 161 West Third Street | Federal Community Defender |
| PO Box 215 | Eastern District Pennsylvania |
| Williamsport, PA  17703-0215 | Suite 540 – The Curtis Center |
| 570-323-8711 (telephone) | Philadelphia, PA 19106 |
| 570-323-4192 (facsimile) | 215-928-1100 (telephone) |
| rtravis@riederstravis.com | 215-928-0826 (facsimile) |
| | Michael_Wiseman@fd.org |
| /s/    Anne Saunders | James_McHugh@fd.org |
| | James_Moreno@fd.org |
| Anne Saunders | |
| Assistant Federal Defender | |
| Federal Public Defender | |
| Middle District Pennsylvania | |
| 100 Chestnut Street, Suite 300 | |
| Harrisburg, PA 17101 | |
| 717-782-3843 (telephone) | |
| 717-782-3966 (facsimile) | |
| Anne_Saunders@fd.org | |

Dated:       May 19, 2011
             Philadelphia, PA

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman