UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  | : |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
|  | : |  |
| v. | : | Honorable Joel H. Slomsky |
|  | : |  |
| DAVID PAUL HAMMER, | : | Capital Case |
|  | : |  |
| Defendant | : |  |
| _____ | : | _____ |

**DEFENDANT'S MOTION TO BAR CAPITAL PROSECUTION
BECAUSE THE GOVERNMENT FAILED TO INDICT
ON EITHER THE STATUTORY INTENT FACTORS
OR STATUTORY AGGRAVATING FACTORS**

David Paul Hammer, by his counsel, pursuant to the Fifth, Sixth and Eighth

Amendments to the United States Constitution, respectfully requests that this Court

preclude the Government from capitally prosecuting Mr. Hammer and, in support

states the following:

**A.      Background.**

1.      This matter is before the Court for capital resentencing following the

partial grant of § 2255 relief.  United States v. David Paul Hammer, 404 F. Supp. 2d

676, 800 (M.D. Pa. 2005).

2.      On September 18, 1996, the Government filed its indictment against Mr.

Hammer alleging two counts of murder.  Doc. # 1.

3.    On April 9, 1997, the Government filed its Notice of Intent to Seek the Death Penalty.  Doc. 93.

**B.    The Government is Precluded from Proceeding to Capital Resentencing Because There Was No Grand Jury Determination of the *Mens Rea* Eligibility Factor or Statutory Aggravating Factors in Violation of Mr. Hammer's Fifth Amendment Rights.**

4.    The Government failed to present either the mens rea eligibility factor or any of the statutory aggravating factors to the grand jury.  As a result, the indictment returned by the jury was for simple murder.

5.    The Government's failure to seek an indictment for the greater offense elements: the requisite *mens rea* requirement for a capital prosecution and the statutory aggravating factors, violated Mr. Hammer's Fifth and Sixth Amendment rights.

6.    Nor can the Government cure the substantive defects in the indictment at this time without violating Mr. Hammer's due process and double jeopardy rights.

7.    Where, as here, the Government failed to present the *mens rea* requirement for a capital prosecution or any of the aggravating factors to the grand jury, the capital prosecution is constitutionally barred.

WHEREFORE, for the reasons described above and in the accompanying *Brief in Support*, David Hammer, by counsel, respectfully requests that the Court dismiss the capital prosecution and order that Mr. Hammer be sentenced to life imprisonment.

/s/    Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/s/    Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org


Dated:        May 19, 2011
              Philadelphia, PA

/s/    Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

3

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/ Michael Wiseman

Michael Wiseman