

**U.S. Department of Justice**

Federal Bureau of Prisons

---

OCT 2 0 2000

*Washington, DC 20534*

Ruhnke & Barrett
Attorneys At Law
47 Park Street
Montclair, NJ 07042
Attn: David A. Ruhnke

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 738, HOLC Building
Washington, D.C. 20534
Attn: FOI/Privacy Office

RE:   Request for Information, FOIA Request No. 2001-497
      David Paul Hammer, Reg. No. 24507-077

Dear Mr. Ruhnke:

    This is in response to your Freedom of Information Act
(FOIA) request for documents concerning the dates and locations
of all incidents where an inmate has killed another inmate in a
Bureau of Prisons facility; the names of the victim and alleged
killer; the method and general circumstances of the murder; the
final disposition of the case; and whether the death penalty was
sought.  You request this information for the time period
September 13, 1994 to the present.  You also request this
information be expedited due to the pending execution of Mr.
Hammer.

    As requested, your request, which was received by this
agency on October 16, 2000, was expedited.  In response to your
request forty (40) pages of responsive documents were forwarded
to this office for a release determination.  These documents are
responsive to the first 3 parts of your requests.  The Bureau of
Prisons does not maintain a list of information concerning the
final disposition of each case, nor whether the death penalty was
sought.

    A review of the 40 pages of responsive documents reveals
four (4) pages can be provided with no requested information
withheld.  The remaining thirty-six (36) pages are releasable
with possible assailants and inmate witness names redacted.  Due
to the request being expedited, the final outcome of the
investigations and criminal proceedings is not readily available,
therefore all listed possible assailants are still being treated
as suspects.  The release of these possible suspects names could
constitute an unwarranted invasion of their personal privacy and
could reasonably be expected to endanger the safety of these
individuals.  The statutory basis for this decision is
5 U.S.C. § 552(b)(7)(C) and (b)(7)(F).

Pursuant to 28 C.F.R. § 16.9, if you are dissatisfied with this response, you may appeal to the Attorney General by filing a written appeal within sixty (60) days of the date of this letter. The appeal should be addressed to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530. Both the envelope and appeal letter should be marked "Freedom of Information Act Appeal."

Sincerely,

Katherine A. Day
Chief, FOIA/PA Section

cc:  File

Marti, Andrew Hunt
Reg. No. 58008-065
Homicide Date: 4-13-1996
Facl: ALP
Alleged Assailant(s):    Hammer, David Paul        24507-077


While conducting the 3:00 am count in the Special Housing Unit (SHU) on April 13, 1996, the SHU Officer was advised by inmate David Paul Hammer 24507-077 that there was a dead inmate in his cell. The SHU Officer immediately called for assistance. The inmate was identified as Andrew Hunt Marti 58008-065. Responding staff entered the cell and observed an inmate lying on his stomach with his arms and hands tied to the bed frame. He was taken to the institution hospital, where institution Health Services staff attempted to revive the inmate by administering CPR and the institution called for an ambulance. Health Services staff continued to try to revive him and at 4:00 am, inmate Marti was transported to a local outside medical facility, where he was pronounced dead at 4:30 am.

The FBI were notified and reported to the institution. During an interview with the FBI, inmate Hammer admitted to killing Marti. Inmate Hammer indicated that at a previous institution he had some problems with Hispanic inmates and had to be transferred. While in general population at USP Allenwood, he was approached by a group of inmates and told to "check-in" or they would get him. Hammer, believing it was a result of his previous problem, requested protective custody on September 14, 1995.

Inmate Marti was placed in SHU on December 26, 1995. STG records indicate Marti was affiliated with the Norterios. Due to the recent incidents between the Mexican Mafia and Mexikanemi inmates, a large numbers of both groups are locked down in SHU. Since all three groups are rival gangs, Marti was experiencing difficulties housing with other inmates due to the tension among the three gangs.

Also in the interview it was discovered that on Tuesday, April 9, 1996, Marti requested to move in with Hammer. There was no reported separation concerns between the two inmates and staff moved Marti in with Hammer.

Hammer informed the FBI that Marti was one of the inmates that had approached him on the compound about the "check-in" and Marti had apparently forgotten about it due to the difficulties he had been experiencing. Hammer further told the FBI that he informed Marti the only way to get out of SHU was a transfer. Hammer indicated that he convinced Marti the only way to get a quick transfer was to take a hostage and demand a transfer. Hammer said he told Marti he would pretend to take him hostage to facilitate the transfer.

Hammer admitted to tieing Marti's arms and hands to the bed frame on April 13, 1996. According to Hammer this was a part of the hostage plan between the two inmates; however, Hammer stated he only pretended to be a collaborator with Marti. Hammer stated that after he tied Marti down on his stomach, he got on top of Marti and strangled him in retaliation for making him check-in back on September 14, 1995.

The investigation shows no indication of gang involvement or gang affiliation in this homicide.

Inmate Andrew Hunt Marti was a 27 year old White male serving a 106 month sentence for Armed Bank Robbery and Use of a Firearm During a Commission of a Crime. Andrew Hunt Marti had a projected released date of August 8, 2000.