UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID PAUL HAMMER, | : | Capital Case |
| | : | |
| Defendant | : | |

_____:_____

**DEFENDANT'S MOTION TO STRIKE THE NON-STATUTORY
AGGRAVATING FACTOR OF VICTIM IMPACT**

Defendant, David Paul Hammer, through counsel moves to strike the non-statutory aggravating factor of victim impact.

1.     Included in the Government's 1997 Notice of Intent to Seek the Death Penalty the Government alleges that it will prove victim impact as a non-statutory aggravating factor.

2.     The victim impact aggravating factor noticed by the Government is vague and generalized and fails to provide Mr. Hammer with sufficient details to prepare to defend against it.

3.     As with all such victim impact presentations, the one here fails to genuinely narrow the universe of capital defendants to whom it would apply as

1

required by the Eighth Amendment.

4.      These flaws in this particular factor are exacerbated here due to the unusual facts, set forth herein.

5.      At the initial penalty hearing the Government called the brother and the father of the victim, Andrew Marti. Although neither of these family members advocated for the imposition of a particular sentence, the victim's father had an understandably emotional reaction during the course of reading the "last letter" received from the victim, resulting in the need for a court recess.

6.      During the process of putting together a submission to the Department of Justice concerning whether the Government should continue to seek the death penalty, undersigned counsel engaged a credentialed and specially trained victim outreach specialist.  This specialist contacted the parents of the victim to determine if they had a current position on whether the Government should continue to seek a death sentence.  As a result of this, Mr. Marti's parents provided a statement signed on April 20, 2010 (copy attached).

7.      The statement of the parents of Andrew Marti was submitted to the Department of Justice as part of the written submission on behalf of Mr. Hammer which was provided to the Government on April 23, 2010.

8.      The statement of Mr. Marti's parents indicated that they wanted the case

over with immediately and did not care to see the Government pursue the death penalty any further.  The family also expressed an understanding that a termination of the case without any further hearings would mean Mr. Hammer would not receive a sentence of death and that was agreeable to both Mr. and Mrs. Marti.

9.     Pursuant to the Department of Justice Capital Crimes protocol, the written submission from the defense was to be provided to the Assistant Attorney General for the Criminal Division.   If the Government followed its protocol, the position of the Marti family, as set forth in the signed document of April 20, 2010, was known to and considered by Attorney General Holder when he authorized and directed the prosecution to continue to seek the death penalty against David Paul Hammer.

10.     During a more recent contact (April, 2011) with the family by the victim outreach specialist, it was clear that the Government has still not reached out to the family since the provision of the April 20, 2010 statement.  Whether the United States Attorney for the Middle District of Pennsylvania or any other federal official was in contact with the Marti family since then is unknown.   In any event, the victim outreach specialist was told in no uncertain terms in April 2011, that the Marti family does not want to know anything further about the case and that the family is angry that the Government has not acted in accordance with its April, 2010 statement.

11.    Given the stated position of the Marti family, the question arises whether it is appropriate, or even possible, for the Government to attempt to pursue the non-statutory aggravating factor of victim impact when the victims do not want the case to be further pursued at this time.

12.    This aggravating factor should be stricken because it is generally too vague, generalized and fails to narrow the universe of capital defendants to whom it would apply.  Alternatively, the Government should be required to demonstrate well in advance of the renewed penalty hearing as to whether it can pursue this aggravating factor.  Absent a convincing pre-trial showing that it can overcome the family's position, stated in the April, 2010 statement, the victim impact factor should be stricken.

4

WHEREFORE, Defendant Hammer requests the Court enter an Order striking the non-statutory aggravating factor of victim impact.

/s/    Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/    Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:        May 19, 2011
              Philadelphia, PA

/s/    Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman