UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID PAUL HAMMER, | : | Capital Case |
| | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO STRIKE
STATUTORY AGGRAVATING FACTOR OF
SUBSTANTIAL PLANNING AND PREMEDITATION**

Defendant, David Paul Hammer, through counsel, moves to strike the statutory aggravating factor alleging that the offense was committed after substantial planning and premeditation, and in support states the following.

1.     In the Government's 1997 Notice of Intent to seek the death penalty it alleged the statutory aggravating factor that the murder was committed after substantial planning and premeditation.  18 U.S.C.§3592(c)(9):

The Defendant committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism;

Hammer told authorities, as well as other prisoners, how he sought to become Marti's "cellmate."  Once he had accomplished this goal, he convinced the victim to allow himself to be restrained purportedly for another purpose but actually to facilitate the killing of this younger man. Time was needed for Hammer to present this ruse as well as to prepare

the homemade cloth restraints which were used to bind Marti's limbs. Then Hammer slowly and methodically rendered him unconscious and later strangled him."

2.     Initially, the words "or commit an act of terrorism" should be stricken from the Notice as language which is not relevant to the current prosecution.

3.     Second, because the assertion of substantial planning and premeditation is vague and over-broad as an aggravating factor, because it fails to provide the jury with a reasoned basis for finding Mr. Hammer death eligible and to separate his offense from other capital-eligible offenders, it should be stricken.

4.     "Planning and premeditation" does not genuinely narrow the class of murderers subject to the death penalty and therefore the factor is vague and should be stricken.

5.     The word "substantial" does not provide the clear, specific and objective standards required to narrow the class of murderers subject to the death penalty or to channel the jurors' discretion in doing so and therefore the factor should be stricken.

WHEREFORE, based on the above and the accompanying Brief in Support, this aggravating factor should be stricken from the Notice.

/s/   Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/s/   Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:      May 19, 2011
            Philadelphia, PA

/s/   Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman