UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,    :          No. 4:96-CR-239

           v.            :      Honorable Joel H. Slomsky

DAVID PAUL HAMMER,       :          Capital Case

      Defendant        :

_____:_____


**BRIEF IN SUPPORT OF MOTION TO STRIKE STATUTORY
AGGRAVATING FACTOR OF SUBSTANTIAL
PLANNING AND PREMEDITATION**


Longstanding Supreme Court precedent makes clear that because death is a different kind of punishment from any other sentence, every stage of a capital case must be marked by heightened standards of reliability, review, and scrutiny. See Woodson v. North Carolina, 428 U.S. at 305 ("The penalty of death is qualitatively different from a sentence of imprisonment, however long. Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two"); Gardner v. Florida, 430 U.S. 339, 357-58 (1977) ("[D]eath is a different kind of punishment from any other which may be imposed in this country. . . . It is of vital importance to the defendant and to the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or

emotion."); Ford v. Wainwright, 477 U.S. 399, 411 (1986) (concluding that the need for heightened reliability is "the natural consequence of the knowledge that execution is the most irremediable and unfathomable of penalties;  that death is different."); Caldwell v. Mississippi, 472 U.S. 320, 329 (1985) ("[T]he qualitative difference of death from all other punishments requires a correspondingly greater degree of scrutiny of the capital sentencing determination."); Monge v. California, 524 U.S. 721, 731 (1998) (reiterating the "acute need for reliability in capital sentencing proceedings").

In practice, the death penalty should be reserved for the worst of the worst. See Roper v. Simmons, 543 U.S. 551, 568 (2005) ("Capital punishment must be limited to those offenders who commit 'a narrow category of the most serious crimes' and whose extreme culpability makes them 'the most deserving of execution.'" (quoting Atkins v. Virginia, 536 U.S. 304, 319 (2002)).  In Kennedy v. Louisiana, 554 U.S. 407, 420 (2008), the Court reiterated the principle that, "[e]volving standards of decency must embrace and express respect for the dignity of the person, and the punishment of criminals must conform to that rule."   Otherwise, "[w]hen the law punishes by death, it risks its own sudden descent into brutality, transgressing the constitutional commitment to decency and restraint." Id.

Aggravating factors serve two vital functions under the Eighth Amendment. First, the aggravating factor must suitably direct and limit the jurors' discretion in the

determination of whether to impose a sentence of death.  Gregg v. Georgia, 428 U.S. 153, 189 (1976) ("where discretion is afforded a sentencing body on a matter so grave as the determination of whether human life should be taken or spared, that discretion must be suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action.").  Second, "an aggravating circumstance must generally narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder." Zant v. Stephens, 463 U.S. 862, 877 (1983).

Vague, duplicative, or all-encompassing aggravating factors are constitutionally invalid since such factors do not genuinely narrow the class of murders for which the death penalty is appropriate, or otherwise justify the imposition of a death sentence on one defendant as compared to others found guilty of murder. See Tuilaepa v. California, 512 US 967, 972 (1994) (noting the two constitutional tests which aggravating factors must satisfy:  (1) a valid aggravating factor may not apply to every defendant convicted of murder, but only to a rationally-selected sub-class of murderers;  and (2) the circumstances must be defined with clarity); see also Lowenfield v. Phelps, 484 U.S. 231, 244 (1988) ("The use of 'aggravating circumstances' is not an end in itself, but a means of genuinely narrowing the class of death-eligible persons and thereby channeling the jury's discretion"); Zant v.

Stephens, 462 U.S. at 877 (recognizing that "an aggravating circumstance must genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder"); Arave v. Creech, 507 U.S. 463, 474 (1993) (Aggravating circumstances must rationally distinguish "those who deserve capital punishment from those who do not"); Godfrey v. Georgia, 446 U.S. at 428-29 (vacating sentence of death because the 'outrageously or wantonly vile, horrible or inhuman' aggravating factor failed to provide the constitutionally required "inherent restraint on the arbitrary and capricious infliction of the death sentence," since virtually every murder could be said to meet those criteria).

The aggravating circumstance of "substantial planning and premeditation" (18 U.S.C.§ 3592(c)(9)), accomplishes none of these requirements.  It is so broad as to apply to virtually all intentional killings.  It must be stricken for three reasons.  First, evidence of "planning and premeditation" by itself is patently inadequate to narrow the class of murders eligible for the death penalty, since "almost every murder," Godfrey v. Georgia, 446 U.S. 420, 428-29 (1980), involves some planning and premeditation.  Second, the modifying phrase "substantial" does not cure this situation it "fails adequately to inform juries what they must find to impose the death penalty." Maynard v. Cartwright, 486 U.S. 356, 361-62 (1988).  Third, the federal courts have

been unable to fashion a construction of "substantial" for this factor that would be both narrowing and specific.

### A. "Planning and premeditation" does not genuinely narrow the class of murders subject to the death penalty.

A constitutionally valid aggravating factor must narrow the class of murderers eligible for execution and aggravate the offense (that is, make the murder worse). Zant, 462 U.S. at 877; Godfrey, 446 U.S. at 428-29. The aggravating factor must genuinely allow for the distinction between the vast bulk of murders from the worst of the worst. But the concepts of "planning and premeditation" do not accomplish this required goal because they are an element of every intentional murder. They do not genuinely narrow the class of murders subject to the death penalty.

All that planning means is "carrying out plans," and a plan can be just a "method of achieving something." *Webster's Third New International Dictionary* 1729 ("plan"), 1731 ("planning"). Accordingly, any murder that has a "method," which is to say virtually every one, is planned. Premeditation provides no greater narrowing. Premeditation was part of first degree murder at common law and remains so under federal law. See 18 U.S.C.§ 1111. In its capacity as a common-law element, it required little if anything more than the decision to kill. Even in common usage, "premeditate" means simply "to think on and revolve in the mind beforehand," *Webster's Third New International Dictionary*, 1789, and virtually every murderer

"thinks on" his crime before committing it; otherwise, it would not be first degree murder.  United States v. Spivey, 958 F.Supp. 1523, 1531 (D.N.M. 1997) ("virtually all murders require some planning and premeditation").  Thus, these terms do not perform the constitutionally required function of narrowing the class of murderers subject to the death penalty.

**B.     The word "substantial" does not cure the Constitutional Defect.**

Because the terms "planning and premeditation" by themselves do nothing to narrow down the class of all murders, this aggravating factor must be stricken unless the word "substantially" narrows the meaning in a way that actually "channel[s] the sentencer's discretion by *clear* and *objective* standards that provide *specific* and detailed guidance, and that make rationally reviewable the process for imposing a death sentence." Lewis v. Jeffers, 497 U.S. 764, 774 (1990), quoting Godfrey.

The word "substantial" cannot carry this burden because it provides no guidance to a court or a jury as to "how much" or "what kind of" planning and premeditation are necessary to rise to the level of "substantial."  The word provides no guidance as to how complicated a plan the defendant must have formulated before committing the offense or how long he must have thought about the crime before committing it.  Accordingly, some jurors will require a defendant to have employed some complicated mechanism to produce death and others will find "substantial"

planning and premeditation in asking the victim to go for a drive.  The lack of any "clear," "objective," and "specific" guidance to jurors permits the imposition of the death penalty in an arbitrary way.

The Supreme Court of Georgia has held the word "substantial" unconstitutionally vague in circumstances relevant here.  Arnold v. State, 224 S.E.2d 386, 392 (Ga. 1976).  Georgia had an aggravating factor making anyone with a "substantial criminal history" eligible for the death penalty.  Id.  The Court held that the word "substantial," which it read to mean "of real…importance" was unconstitutionally vague because its application was "highly subjective."  Id.  The Court noted that the word "substantial" might be sufficiently clear in other contexts, but that "the fact that we are here concerned with the imposition of a death sentence compels a different result."  Id., at 392.

The Supreme Court has not ruled on this particular challenge to this factor.  The Courts of Appeals that have upheld the constitutionality of this provision have construed "substantial" in a way that does not, in fact or law, narrow the term as required by the Eighth Amendment; moreover, under their construction, Circuits have not shown that, even as they construe the word, "substantial" the aggravating factor is still not unconstitutionally vague.

The initial problem with the judicial construction of this factor is that it does not

even perform the required narrowing function.  Accordingly, even as construed, the term "substantial planning and premeditation" violates the Fifth and Eighth Amendments.  In United States v. McCullah, 76 F.3d 1087, 1110 (10th Cir. 1996), for example, the court upheld this aggravating factor on the ground that "substantial" means simply "ample for commission of the crime;" ample, of course, means anything "more than adequate." *Webster's Third New International Dictionary* 74.  In United States v. Tipton, 90 F.3d 861, 896 (4th Cir. 1996), the court held that "substantial" meant only "more than the minimum amount sufficient to commit the offense."

Under this construction of "substantial," any murder, other than one undertaken with the "minimum" possible planning and premeditation, would be subject to the death penalty.  But this cannot be constitutional, for it would permit jurors to impose the death penalty for killing in which the degree of planning and premeditation barely exceeds what is essential to commit a murder at all, indeed for an amount present in "almost every murder." Godfrey, 446 at 428-29.  Since the word substantial can be applied in this impermissible way, and has been so applied, by the Court, Tipton, 90 F.3d at 895, it violates the Eighth Amendment, and this Court must strike this aggravating factor.

Moreover, the limits of the word "substantial" are so vague that it is likely to be applied with great inconsistency and in an arbitrary manner.  The circuits do not

explain why the concept "substantial," even as they construe it, is not subject to arbitrary application. Their construction of the word leaves it entirely to the discretion of jurors to decide what is the "minimum" amount of planning and premeditation for a murder to elevate it to a capital offense.

Such a determination is more properly a legislative one than one for a jury. It is the job of Congress, not of individual jurors, to define the "minimum" amount of premeditation and planning typical of almost every murder. It also leaves entirely to the jurors the determination of how much more than this minimum is necessary to rise to a "substantial" level. Some juror may believe that anything more than the absolute minimum will permit a verdict of death; others may require truly careful and complex planning and lengthy forethought before death will be imposed. Nothing in the word, however, says which of these interpretations would be correct. The Eighth Amendment requires that an aggravating factor "channel" the jurors' discretion; this factor does not.

The Supreme Court itself has noted that the meaning of a "substantial" amount of something is "a large degree" of that thing. Victor v. Nebraska, 511 U.S. 1, 19 (1994). The word "substantial" also has an inherent ambiguity, since it can mean simply "something that exists," id. at 19. But courts that have considered the matter have concluded that this definition does not apply to this aggravating factor, see, e.g.,

9

Tipton, 90 F.3d at 895, although a juror might assume that it did.

It is not ordinary or natural usage to call any amount of something, even an amount barely above the minimum, a "large degree" of that thing. Indeed, amounts close to the minimum would most plausibly be called a "small degree." Moreover, the standard adopted by cases such as Tipton is quite similar to "more than minimal planning" under the Sentencing Guidelines. See U.S.S.G. §1B1.1(f) ("More than minimal planning" is "more planning than the typical for commission of the offense in a simple form"). But this dilution of the word "substantial" is unwarranted, for "substantial" plainly means a greater amount than does "more than minimal." See McCarthy v. Manson, 554 F.Supp. 1275, 1306 (D.Conn. 1982) (Cabrane, J.) (prejudice "while not substantial" was nevertheless, "more than minimal").

Thus, the word "substantial" must fall well above such words as "more than the minimum amount sufficient," "ample," "minimal," or "more than minimal," on any scale of magnitude, but how much above has not, and cannot, be described in clear terms. The very inability of the courts to fashion a specific constitutional definition of this factor shows that its meaning remains a "highly subjective" matter for each juror, and that it is unconstitutionally vague.

It is no answer for the Government to argue that the word "substantial" has been held not vague in other contexts. The Georgia Supreme Court in Arnold, explained

10

one reason why: "While we might be more willing to find such language sufficient in another context, the fact that we are here concerned with the imposition of a death sentence compels a different result." 224 S.E.2d at 392; see also Harmelin v. Michigan, 501 U.S. 957, 994 (1991) (Scalia, J.) (noting "several respects in which we have held that 'death is different,' and have imposed protections that the Constitution nowhere else provides"). A second reason is that the Eighth Amendment requires the word "substantial" to perform a constitutionally required "narrowing" function not present in non-capital cases. Thus, because the word "substantial" must perform different, and constitutionally more significant, functions in a capital case than it does in non-capital cases, the non-capital cases, which do not take into account Eighth Amendment interests, cannot govern here.

This issue has yet to be addressed by the Supreme Court, (United States v. Bin Laden, 126 F.Supp.2d 297 n.7), or the Third Circuit.

For all of the above reasons, the Court should strike this aggravating factor.

/s/    Ronald C. Travis                    /s/    Michael Wiseman

Ronald C. Travis                         Michael Wiseman
Rieders, Travis, Humphrey, Harris,       James McHugh
Waters & Waffenschmidt                   James Moreno
161 West Third Street                    Federal Community Defender
PO Box 215                               Eastern District Pennsylvania
Williamsport, PA  17703-0215             Suite 540 – The Curtis Center
570-323-8711 (telephone)                 Philadelphia, PA 19106
570-323-4192 (facsimile)                 215-928-1100 (telephone)

rtravis@riederstravis.com                         215-928-0826 (facsimile)
                                                  Michael_Wiseman@fd.org
/s/      Anne Saunders                            James_McHugh@fd.org
                                                  James_Moreno@fd.org

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org


Dated:        May 19, 2011
              Philadelphia, PA

**Certificate of Service**

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman