UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| v. | : | Honorable Joel H. Slomsky |
| DAVID PAUL HAMMER, | : | Capital Case |
| Defendant | : | |

_____:_____

### DEFENDANT'S MOTION TO STRIKE THE NON-STATUTORY AGGRAVATING FACTOR OF FUTURE DANGEROUSNESS

Defendant, David Paul Hammer, through counsel, moves to strike the non-statutory aggravating factor alleging that he would be a so-called "future danger" if not put to death.

1.     On January 7, 2011, the United States Attorney filed Notice with the Court that the Government would pursue a sentence of death during the penalty phase retrial.

2.     In its 1997 Notice of Intent to Seek the Death Penalty filed by the Government in 1997, the non-statutory aggravating factor of Future Dangerousness is asserted.

3.     At section C.2. the Government contends that Mr. Hammer is likely to

commit unspecified criminal acts of violence in the future and thereby would pose a continuing serious threat to society.

4.      After making the generalized claim that Mr. Hammer is likely to commit unspecified criminal acts of violence in the future, the Government sets forth four subsections as follows:

a.      The Government alleges that after the murder in question Mr. Hammer, in a written statement, stated, "given the opportunity, I would kill again."  The Government asserts that in the same written statement Hammer states he "do[es] not fear the death penalty or anything else the Government can do to me."  The Government also maintains that in statements Mr. Hammer made to the FBI, the prison psychologist, and to other unidentified inmates shortly after the killing Mr. Hammer showed no remorse for the victim but some pity for his family.

b.      The Government asserts that Mr. Hammer has previously threatened prosecutors and judges who placed him in prison or denied him release. Specifically, it is contended that in December, 1989, Mr. Hammer sent threatening letters to Chief Judge David L. Russell for the United States District Court for the Western District of Oklahoma, and in August of 1989 he sent threatening letters to an Oklahoma state judge and prosecutor associated with his 1984 convictions.

c.      The Government contends on November 9, 1989, Mr. Hammer threatened to blow up public buildings in Oklahoma and that this threat caused widespread panic as well as disruption of the Oklahoma state Government and its criminal justice system.

d.      Finally, the Government asserts that Mr. Hammer has escaped or attempted to escape while housed in the Oklahoma system referring to conduct engaged in on October 16, 1981, September 20, 1982, and October 28, 1983.  The Government also asserts that on the occasions of the successful escape, Mr. Hammer committed acts of violence.

5.      By its terms, the FDPA does not authorize the utilization of non-statutory aggravating factors.

6.      The non-statutory aggravating factor of future dangerousness does not constitutionally limit and guide the discretion of the jury, thus permitting wholly arbitrary and capricious death sentences in violation of the Eighth and Fourteenth Amendments.

7.      Permitting the Department of Justice to define non-statutory aggravating circumstances after the crime, but before the trial, violates the ban on *ex post facto* laws.

8.      The assertion of future dangerousness by the Government has become so routine, rendering this factor meaningless as distinguishing criteria for the application of the death penalty.

9.      Reliance upon a notion of "lack of remorse" – contained within the Future Dangerousness allegations – violates Mr. Hammer's Fifth and Sixth Amendment rights and permits unreliable jury findings.

10.    The concept of "future dangerousness" is based upon highly unreliable speculation concerning future conduct.

11.    All of the conduct allegedly engaged in by Mr. Hammer occurred well in excess of 20 years ago and occurred while he was housed in the Oklahoma state system and therefore is stale and an unreliable basis upon which to support this factor.

12.    If the Court declines to strike the future dangerousness aggravating factor, it should schedule an evidentiary hearing and engage in judicial screening of the specific evidence the Government intends to introduce to support this factor to ensure that the evidence to be presented meets the heightened standard of reliability required under the Eighth Amendment, and the evidentiary requirements of 18 U.S.C. § 3593.

WHEREFORE, Defendant Hammer requests the Court strike the non-statutory aggravating factor of Future Dangerousness or, in the alternative, request the Court schedule an evidentiary hearing to engage in judicial screening with respect to the specific evidence the Government intends to introduce in support of the this factor.

/s/    Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/    Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:      May 19, 2011
              Philadelphia, PA

/s/    Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman