UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID PAUL HAMMER, | : | Capital Case |
| | : | |
| Defendant | : | |
| _____ | : | _____ |

### DEFENDANT'S MOTION TO DECLARE THE FEDERAL DEATH PENALTY ACT UNCONSTITUTIONAL BECAUSE IT IS INCOMPREHENSIBLE TO JURORS AND RESULTS IN THE ARBITRARY APPLICATION OF THE DEATH PENALTY

Defendant, David Paul Hammer, moves to have the Federal Death Penalty Act declared unconstitutional and states the following.

1.    The Government has moved this case to a penalty phase retrial under the Federal Death Penalty Act (FDPA).  The FDPA provides the procedural matrix for the progress of a capital case.

2.    At the penalty phase the Government has the burden of proving beyond a reasonable doubt the "eligibility" of the individual convicted of first degree murder.

3.    Proof of "eligibility" requires the Government prove one of four possible "mental state" factors.

4.    In addition to proving beyond a reasonable doubt one of the four "mental state" factors, the Government must also prove beyond a reasonable doubt the existence of at least once statutory aggravating factor for which Notice has been provided.

5.    If the jury concludes that the Government has proven "eligibility," the case moves to the "selection" portion of the penalty trial.

6.    During the selection phase, the Government is permitted to present evidence to establish unanimously and beyond a reasonable doubt the existence of any previously-noticed non-statutory aggravating factors.

7.    During the selection phase of the penalty component of the death penalty trial, the defense presents evidence of mitigating circumstances pursuant to 18 U.S.C. § 3592(a)(1)-(8).  Subsection (8) is a catch-all provision, including "other factors in the defendant's background, record or character or any other circumstance of the offense that mitigate against imposition of the death sentence."

8.    The proof burden for the defendant with respect to mitigating circumstances is a preponderance of the evidence.  18 U.S.C. § 3593.

9.    Rather than having to be unanimously found, a single juror may find a mitigating circumstance to exist, and this mitigating circumstance would then be a factor to be weighed in determining the appropriate sentence.  18 U.S.C. § 3593(d).

10.     Finally, after dealing with different assessments and decisions, intermixing the reasonable doubt and the preponderance standard, and applying unanimity or non-unanimity, each individual juror is then called upon to decide whether the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death. 18 U.S.C. § 3593(e).

11.     If the jurors reach the weighing stage, the only guidance provided is whether each individual juror finds the aggravating factor or factors "sufficiently" outweigh any mitigating factor or factors.

12.     Even if the twelve individual jurors unanimously agree that a sentence of death should be imposed, the work of the jurors is not yet complete.

13.     The jurors must additionally certify that race, color, national origin, sex or religious beliefs played no part in the arrived-at individual conclusion by each individual juror and that each individual juror would have arrived at the same conclusion with respect to the sentence to be imposed no matter what the race, color, religious belief, national origin or sex of the defendant or the victim may be.

14.     If, during the weighing process, the individual jurors are unable to unanimously agree that a sentence of death should be imposed, or are unable to

3

unanimously agree that a sentence of life imprisonment without the possibility of release should be imposed, there is no "hung jury," and the court must impose a sentence of life without the possibility of release.

15.   The FDPA creates a template mixing concepts, burdens of proof, and a process which is incomprehensible to many individuals trained in the law, let alone reasonable non-lawyers who will function as the trial jurors.

16.   The jurors inculcated in the culture of unanimity from the first phase deliberations will be expected to understand that, unlike the first phase, a lack of unanimity is not a failure but a legally cognizable outcome.

17.   Jurors instructed in the "beyond a reasonable doubt" standard of proof in the first phase of the trial will be expected to apply that burden only with respect to proof of aggravating factors and apply a totally different burden, preponderance of the evidence, in dealing with mitigating circumstances.

18.   Jurors will be expected to separate the mental state threshold factors which are part of the "eligibility" determination from the aggravating factors and mitigating circumstances and to exclude those determinations from the weighing process in the individual determination of the appropriateness of a sentence of death.

19.   It is unreasonable to expect reasonably intelligent jurors to parse this mélange of concepts and to properly apply these concepts in making the

determination of the appropriate sentence to impose.

20. The consequence of any one of the individual jurors being confused in applying this mélange of concepts during the second phase deliberations leads to the potential for an authorization to the Government to carry out a carefully planned killing of a human being.

WHEREFORE, based on the above and the accompanying *Brief in Support* it is requested that the Court enter an Order declaring the FDPA unconstitutional and terminating this capital prosecution.

/s/    Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/s/    Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org


Dated:         May 19, 2011
               Philadelphia, PA

/s/    Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman