UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :   Criminal No. 4:CR-96-0239
                            :
          v.                :   (Judge Slomsky)
                            :
 DAVID PAUL HAMMER          :   **ELECTRONICALLY FILED**

**BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO HAVE CONFRONTATION CLAUSE OF THE
SIXTH AMENDMENT APPLY AT CAPITAL RESENTENCING**

**Procedural History**.

Relevant procedural history for purposes of considering the issue discussed herein begins on September 18, 1996, when the grand jury returned an indictment against defendant, David Paul Hammer.  He was charged *inter alia* with killing Andrew Marti at the Allenwood Federal Correctional Complex, United States Penitentiary, White Deer, Pennsylvania on April 13, 1996, in violation of 18 U.S.C. § 1111.

On April 9, 1997, the United States, in accordance with 18 U.S.C. § 3593(a) filed its notice of intent to seek the death penalty.  The District Court, the Honorable Malcolm Muir, on August 24, 1997, allowed defense counsel to file various pleadings challenging multiple aspects of death penalty proceedings, by June 18, 1997.  Hammer's attorneys filed approximately thirteen (13) motions.

The prosecution filed its responses.  In a series of orders beginning on September 19, and continuing through October 9, 1997, granted Hammer some relief while denying other motions which sought to limit or preclude the death penalty proceeding from going forward.

Following jury selection for both a guilt and penalty phase, trial began on June 2, 1998, and continued until June 22, 1998. On that day, after fourteen (14) days of trial, defendant, with the assistance of counsel, withdrew his prior not guilty plea and admitted his guilt to having killed Marti with premeditation and malice aforethought.

The hearing contemplated by 18 U.S.C. § 3593(b) to determine whether the death penalty should be imposed began on June 30, 1998, and continued until July 20, 1998.  Counsel presented closing arguments on July 21, 22, and 23, 1998.  The jury began its deliberations on July 23, 1998, and returned its death penalty verdict on July 24, 1998.  Ultimately, after denying new trial motions, Judge Muir on November 4, 1998, imposed the death penalty.

On direct appeal, the Third Circuit granted Hammer's motion for voluntary dismissal of the appeal, *United States v. Hammer*, 226 F. 3d 229 (3rd Cir. 2000), *cert. denied*, 532 U.S. 959 (2001), and denied his rehearing petition seeking reinstatement of the appeal. *See United States v. Hammer*, 239 F.3d 302 (3rd Cir.),

*cert. denied*, 534 U.S. 831 (2001).  The Supreme Court denied certiorari.  *Hammer v. United States*, 534 U.S. 831 (2001).

On March 29, 2002, Hammer sought relief by proceedings under 28 U.S.C. § 2255.  After multiple revisions of pleadings, as well as pre-hearing motions, Judge Muir conducted an evidentiary proceeding beginning on July 14, 2005, and continuing intermittently until September 29, 2005.  Ultimately, in an opinion dated December 27, 2005, denied Hammer's request to withdraw his guilty plea but granted him a new penalty phase hearing on two separate bases.  *United States v. Hammer*, 404 F. Supp. 2d 676 (M.D. Pa. 2005).

Both the prosecution and defendant timely appealed aspects of that decision to the Court of Appeals.  On May 11, 2009, the Third Circuit concluded that it lacked jurisdiction to review Judge Muir's § 2255 order due to the absence of a final judgment in the underlying criminal prosecution and remanded proceedings for another penalty hearing pursuant to § 3593. *United States v. Hammer*, 564 F.3d 628 (3d Cir. 2009).

Hammer subsequently submitted a voluminous request for the Department for reconsider its prior decision to seek the death penalty. *See United States Attorneys' Manual* 9-10.150 (providing for reconsideration of decision to seek the death penalty based on a showing of changed circumstances). On January 7, 2011, the

United States Attorney filed notice of the Department's decision to continue to seek the death penalty.

The Honorable Malcolm Muir on January 7, 2011, entered an order re-assigning this case to another judge.  This Court thereafter received the case and in an order dated January 26, 2011, established a briefing schedule for special pre-hearing motions.  Hammer's attorneys, beginning on May 18 and continuing through May 23, 2011, filed a series of motions and supporting briefs.  Herewith presented is the opposition submitted to defendant's motion to have confrontation clause of the Sixth Amendment apply at capital resentencing.

**Counter-Statement of Facts.**

Defendant's request for a ruling that the Confrontation Clause should apply contains obliquely one fact -- that this murder occurred within a federal prison.  (Brief of Defendant at 2.)  This is undisputed.

**Arguments.**

1.   DEFENDANT'S MOTION IS PREMATURE AND UNNECESSARILY VAGUE.

Defendant has moved the Court for what amounts to an advisory opinion regarding the application of the Sixth Amendment during the penalty portion of a capital case.  Hammer has not identified any particular testimony he anticipates the government will present that would allegedly violate his right of

confrontation under the Sixth Amendment.  Rather, it appears that defendant simply wants the court to opine on the matter in the event the issue arises at trial.  Advisory opinions are generally disfavored.  *United States v. Badaracco*, 954 F.2d 928, 943 (3rd Cir. 1992) (noting that issuing advisory opinions is "a practice greatly disfavored by us") (internal quotation and citation omitted).

There well may not be any testimony introduced by the government during any portion of this resentencing hearing which would prevent the defendant to confront his accusers, regardless of whether he has the right to do so.  Indeed, the government cannot, at present, contemplate any hearsay testimony[1] it would seek to introduce.

As demonstrated by a review of the case law in Argument 2, whether the Confrontation Clause applies to all or part of a penalty portion of a capital trial is unsettled.  *See generally United States v. Higgs*, 353 F.3d 281, 324 (4th Cir. 2003) (noting that "[i]t is far from clear that the Confrontation Clause

---

[1] The prosecution has not made a complete assessment of what persons will be presented at the resentencing hearing.  For witnesses who previously testified, were subject to cross-examination and are unavailable by reason of illness, death, or other legitimate factor, their prior testimony can be read to the triers of fact without violating the Confrontation Clause. *See e.g. California v. Green*, 399 U.S. 149 (1970); *Crawford v. Washington*, 541 U.S. 36, 68 (2004); Fed. R. Evid. 804(b)(1).

applies to a [federal] capital sentencing proceeding" at all).

There is no controlling authority on this issue in the Third

Circuit Court of Appeals.  Nor has the Supreme Court specifically

addressed this issue.  When the law is unclear, and there are no

specific facts in this case advanced by defense counsel against

which to apply legal analysis, it is all the more inadvisable for

this Court to issue an opinion in a vacuum.

This hardly is a generic, penalty phase proceeding as

Hammer's pleadings on the subject would suggest.  Defense counsel

with transcripts from proceedings in June and July 1998, (or even

in 2005 during the § 2255 proceedings), are in an excellent

position to review the substance of forthcoming testimony at the

resentencing hearing scheduled for next year.  In this fashion,

they could have demonstrated any past alleged Confrontation

Clause violations which took place and seek a specific ruling on

Sixth Amendment grounds.  Despite this opportunity they appear to

have fallen back on a request for an across-the-board ruling, one

which the Government submits is wholly inappropriate.

The prosecution believes that it is not by accident,

inadvertence, or other reason why defense counsel have utilized

an axe rather than a scalpel.  In Order No. 2, dated October 7,

1997, Judge Muir upheld the standard of evidence set by 18 U.S.C.

§ 3593(c), citing two district court cases, *United States v.*

*Pitera*, 795 F. Supp. 546, 565 (S.D.N.Y.) and *United States v.*

*Bradley*, 880 F. Supp. 271, 291 (M.D. Pa. 1994). Thus, the prosecution and district court were "sensitized" by Hammer's attorneys to this issue early on in the proceedings. Certainly evidence from all prosecution witnesses beginning next year may not exactly track their previous testimony. However, absent some demonstrated previous incidents when that unreliable information or details contrary to the Sixth Amendment wrongly were presented to the triers of fact in 1998, defendant's request for relief simply is unnecessary.

2. <u>THE SCOPE OF THE DEFENDANT'S SIXTH AMENDMENT RIGHT</u>

The Sixth Amendment provides that, in criminal cases, "the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI. Generally speaking, "the Confrontation Clause does not apply in the sentencing context and does not prevent the introduction of hearsay testimony at a sentencing hearing." *United States v. Robinson,* 482 F.3d 244, 246 (3rd Cir. 2007) (citations omitted). As a result of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, courts have determined the Confrontation Clause may apply, however, "during those portions of a sentencing proceeding that can lead to an increase in the maximum lawful punishment." *Szabo v. Walls*, 313 F.3d 392, 399 (7th Cir. 2002).

If convicted of a federal offense that carries a potential death sentence, the defendant is entitled to a separate sentencing hearing to determine punishment.  18 U.S.C. § 3593(b).  During this hearing, a jury must follow certain procedural steps before imposing the death penalty.  It must first determine if the defendant is eligible for imposition of the death penalty – that is, the defendant is 18 years of age or older and held one of the so-called gateway or threshold intents.  18 U.S.C. § 3591.  Finally, the jury must find there was at least one statutory aggravating factor present.  18 U.S.C. § 3592.  Only if the jury finds all these gateway factors unanimously and beyond a reasonable doubt is death an available punishment.  If the jury finds a defendant is eligible for the death penalty, then the jury is to weigh both statutory and non-statutory aggravating and mitigating factors in determining whether to select the death penalty as the appropriate punishment.  Accordingly, this portion of the proceeding is sometimes referred to as the penalty or "selection" phase.

Most courts, contrary to the suggestion of Hammer, have held that the Confrontation Clause applies during the eligibility phase, but not during the selection phase, or the penalty portion of a federal capital case because it is only during the eligibility phase that the defendant's sentence can be increased to death.  Once found eligible for the death penalty, nothing

during the selection phase has the effect of increasing the defendant's maximum penalty.  *See, e.g., United States v. Fields*, 483 F.3d 313, 326 (5th Cir. 2007) (holding that the Confrontation Clause does not apply to the entire sentencing phase of a capital case), *cert. denied*, 552 U.S. 1144 (2008); *United States v. Umana*, 707 F. Supp. 2d 621, 632-33 (W.D.N.C. 2010) (holding that the Confrontation Clause does not apply to the selection phase of the penalty portion of a capital case); *United States v. Johnson*, 378 F. Supp. 2d 1051, 1059-62 (N.D. Iowa 2005) (same).  To be sure, Hammer refers to opposing authority -- *United States v. Stitt*, 2010 WL 5600986 at * 4 (E.D. Va. May 28, 2010)(No. 2:98 CR 47) (stating intent to apply Confrontation Clause in all phases of penalty portion of capital case given the absence of controlling authority to the contrary); *United States v. Concepcion Sablan*, 555 F. Supp. 2d 1205, 1219-22 (D. Colo. 2007) (holding that "the existence of all the aggravating factors are constitutionally significant facts that should be found by the jury"); and *United States v. Mills*, 446 F. Supp. 2d 1115, 1130-31 (C.D. Cal. 2006) (holding that "confrontation rights must apply to the entirety of the penalty phase of capital trials, including the selection phase").  (Brief of Defendant at 1-2.)

Defense counsel suggests *Mills* and *Concepcion Sablan, supra*, should be adopted by this Court since "the defendants [in those cases] were, like Mr. Hammer, federal prisoners charged

with the killing of another federal prisoner, and therefore there was overlap of the aggravating factors with those in the instant case." (Brief of Defendant at 2.) But there is nothing in the opinions of Judges Carter and Daniels which suggest that their Sixth Amendment analysis had <u>anything</u> to do with the nature of aggravating factors which any of those defendant's faced or their status as convicted prisoners. *United States v. Mills*, 446 F. Supp. 2d at 1130-31; *United States v. Concepcion Sablan*, 555 F. Supp. 2d at 1219-22. Defense counsel are invited to explain why inmate-defendants as a group should be accorded more Sixth Amendment protections than others facing a penalty phase proceeding and by referencing specific aspects of the 1998 transcripts. Absent some persuasive rationale and particulars, defendant's request should be denied.

Finally, contrary to defendant's assertion (Brief of Defendant at 1), *Crawford v. Washington*, 541 U.S. 36 (2004), did not alter the determination of whether the Confrontation Clause applies to the selection phase of the penalty portion of a capital case. Rather, in *Crawford*, the Supreme Court attempted to draw a bright-line rule concerning the admissibility of hearsay statements under the Sixth Amendment, holding that statements which are "testimonial" in nature fall within the purview of the Sixth Amendment. *Crawford*, 541 U.S. at 68. If a statement is not testimonial in nature, then the Sixth Amendment

10

is not implicated whether the statement is introduced at trial or during any portion of the sentencing in a capital case.

**CONCLUSION.**

For the reasons stated, the United States respectfully requests this Court to deny defendant's motion to have the confrontation clause of the Sixth Amendment made applicable to Hammer's capital resentencing.

Respectfully submitted,

PETER J. SMITH
United States Attorney

By s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA ID 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Steven D. Mellin
Trial Attorney For the
Capital Case Unit
Texas ID 13920380
1331 F Street, N.W.
Washington, D.C. 20530
Tele: 202-514-1224
Electronic Mail:
Steve.Mellin2@usdoj.gov

Dated: ___ June 13 ___ , 2011

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA      :  Criminal No. 4:CR-96-0239
                                   :
         v.                :  (Judge Slomsky)
                                   :
 DAVID PAUL HAMMER        :  **ELECTRONICALLY FILED**


### CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing

**BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO HAVE CONFRONTATION CLAUSE OF THE
SIXTH AMENDMENT APPLY AT CAPITAL RESENTENCING**

to be electronically mailed on    June 13     , 2011, to:

ADDRESSEES:    Ronald C. Travis, Esquire
                 rtravis@riederstravis.com

                 Michael Wiseman, Esquire
                 Michael_Wiseman@fd.org

                 James J. McHugh, Jr., Esquire
                 James_McHugh@fd.org

                 James Moreno, Esquire
                 James_Moreno@fd.org

                 Anne Saunders, Esquire
                 Anne_Saunders@fd.org


                      S/Frederick E. Martin
                      FREDERICK E. MARTIN
                      Assistant United States Attorney