UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :    Criminal No. 4:CR-96-0239
                                  :
          v.                      :    (Judge Slomsky)
                                  :
 DAVID PAUL HAMMER                :    **ELECTRONICALLY FILED**

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION
TO STRIKE STATUTORY AGGRAVATING FACTOR
OF SUBSTANTIAL PLANNING AND PREMEDITATION**

**Procedural History.**

Relevant procedural history for purposes of considering the issue discussed herein begins on September 18, 1996, when the grand jury returned an indictment against defendant, David Paul Hammer.  He was charged *inter alia* with killing Andrew Marti at the Allenwood Federal Correctional Complex, United States Penitentiary, White Deer, Pennsylvania on April 13, 1996, in violation of 18 U.S.C. § 1111.

On April 9, 1997, the United States, in accordance with 18 U.S.C. § 3593(a) filed its notice of intent to seek the death penalty.  The District Court, the Honorable Malcolm Muir, on August 24, 1997, allowed defense counsel to file various pleadings challenging multiple aspects of death penalty proceedings, by June 18, 1997.  Hammer's attorneys filed approximately thirteen (13) motions.

The prosecution filed its responses.  In a series of orders beginning on September 19, and continuing through October 9,

1997, the Court granted Hammer some relief while denying other motions which sought to limit or preclude the death penalty proceeding from going forward.

Following jury selection for both a guilt and penalty phase, trial began on June 2, 1998, and continued until June 22, 1998. On that day, after fourteen (14) days of trial, defendant, with the assistance of counsel, withdrew his prior not guilty plea and admitted his guilt to having killed Marti with premeditation and malice aforethought.

The hearing contemplated by 18 U.S.C. § 3593(b) to determine whether the death penalty should be imposed began on June 30, 1998, and continued until July 20, 1998.  Counsel presented closing arguments on July 21, 22, and 23, 1998.  The jury began its deliberations on July 23, 1998, and returned its death penalty verdict on July 24, 1998.  Ultimately, after denying new trial motions, Judge Muir on November 4, 1998, imposed the death penalty.

On direct appeal, the Third Circuit granted Hammer's motion for voluntary dismissal of the appeal, *United States v. Hammer*, 226 F. 3d 229 (3d Cir. 2000), *cert. denied*, 532 U.S. 959 (2001), and denied his rehearing petition seeking reinstatement of the appeal.  *See United States v. Hammer*, 239 F.3d 302 (3d Cir.), *cert. denied*, 534 U.S. 831 (2001).  The Supreme Court denied *certiorari*.  *Hammer v. United States*, 534 U.S. 831 (2001).

On March 29, 2002, Hammer sought relief by proceedings under 28 U.S.C. § 2255.  After multiple revisions of pleadings, as well as pre-hearing motions, Judge Muir conducted an evidentiary proceeding beginning on July 14, 2005, and continuing intermittently until September 29, 2005.  Ultimately, in an opinion dated December 27, 2005, denied Hammer's request to withdraw his guilty plea but granted him a new penalty phase hearing on two separate bases.  *United States v. Hammer*, 404 F. Supp. 2d 676 (M.D. Pa. 2005).

Both the prosecution and defendant timely appealed aspects of that decision to the Court of Appeals.  On May 11, 2009, the Third Circuit concluded that it lacked jurisdiction to review Judge Muir's § 2255 order due to the absence of a final judgment in the underlying criminal prosecution and remanded proceedings for another penalty hearing pursuant to § 3593.  *United States v. Hammer*, 564 F.3d 628 (3d Cir. 2009).

Hammer subsequently submitted a voluminous request for the Department to reconsider its prior decision to seek the death penalty.  *See United States Attorneys' Manual* 9-10.150 (providing for reconsideration of decision to seek the death penalty based on a showing of changed circumstances).  On January 7, 2011, the United States Attorney filed notice of the Department's decision to continue to seek the death penalty.

The Honorable Malcolm Muir on January 7, 2011, entered an order re-assigning this case to another judge.  This Court thereafter received the case and in an order dated January 26, 2011, established a briefing schedule for special pre-hearing motions.  Hammer's attorneys, beginning on May 18 and continuing through May 23, 2011, filed a series of motions and supporting briefs.  Herewith presented is the opposition submitted to defendant's motion to strike the statutory aggravating factor of substantial planning and premeditation.

**Argument.**

Hammer argues that the substantial planning and premeditation statutory aggravating factor, 18 U.S.C. 3592(c)(9), must be stricken because "planning and premeditation" is so broad that it applies to almost every murder and thus does not narrow the class of murders eligible for the death penalty.  (Brief of Defendant at 4-11.)  He maintains this alleged defect is not adequately cured, and indeed may be exacerbated, by the statute's inclusion of qualifying term, "substantial."  This claim clearly fails given the abundant case law upholding this factor in federal capital prosecutions.

Aggravating factors serve to channel jury discretion by narrowing the class of death eligible defendants and by assisting the jury in reaching an individualized sentencing decision based on the facts of the crime and the character and background of the

offender.  *See Zant v. Stephens*, 462 U.S. 862, 878 (1983).  To comport with the Eight Amendment, a statutory aggravating factor must satisfy two criteria.  First, the statutory language must be specific enough to furnish adequate guidance to the fact-finder.  *Arave v. Creech*, 507 U.S. 463, 474 (1993).  Put differently, it must not be too vague.  *See Jones v. United States*, 527 U.S. 373, 400 (1999)(requirement is satisfied when the factor, as expressed, furnishes a commonsense core of meaning that a fact finder can understand); *Tuilaepa v. California*, 512 U.S. 967, 972-73 (1994).  Second, the factor must provide a principled basis for distinguishing between those who are particularly morally blameworthy, and thus deserve capital punishment, and those who do not.  *Arave*, 507 U.S. at 474.  In other words, an aggravating factor cannot be over-broad by applying to every defendant convicted of murder; it must apply to only a subclass of offenders.  *Tuilaepa*, 512 U.S. at 972.

"Substantial planning and premeditation," as included in the statutory aggravating factor of § 3592(c)(9), means "a higher degree of planning than would have the words 'planning and premeditation' alone – i.e., more than the minimum amount sufficient to commit the offense."  *United States v. Barnette*, 390 F.3d 775, 786 (4th Cir. 2004) (quoting *United States v. Tipton*, 90 F.3d 861, 896 (4th Cir. 1996)).  The case law is clear that use of the word "substantial" to modify "planning and

premeditation" does not render the aggravating factor unconstitutionally vague, but instead, conveys with "adequate precision a commonly understood meaning of 'considerable,' or 'more than merely adequate,'" thereby ensuring that the aggravating factor "served sufficiently to channel the jury's discretion in assessing eligibility for the death penalty." *Tipton*, 90 F.3d at 896; *see also United States v. McCullah*, 76 F.3d 1087, 1110-11 (10th Cir. 1996) (approving of the aggravating factor for same reasons); *United States v. Bourgeois*, 423 F.3d 501, 511 (5th Cir. 2005) (holding the substantial planning and premeditation aggravating factor "obviously narrow[s] the class of murderers who could be eligible for the death penalty because not every murder involves substantial planning or premeditation"); *United States v. Bin Laden*, 126 F. Supp. 2d 290, 297 n.7 (S.D.N.Y. 2001) (collecting cases); *United States v. McVeigh*, 944 F. Supp. 1478, 1490 (D. Colo. 1996) ("substantial is one of those everyday words having a common sense core meaning that jurors will be able to understand").

The Court should follow this authority, and reject the virtually unsupported request that the "substantial planning or premeditation factor" be stricken.

**CONCLUSION.**

The Government respectfully requests that Hammer's request to strike the substantial planning and premeditation factor be denied for the foregoing reasons.

Respectfully submitted,

PETER J. SMITH
United States Attorney


By___s/Frederick E. Martin_____
FREDERICK E. MARTIN
Assistant United States Attorney
PA ID 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Steven D. Mellin
Trial Attorney For the
Capital Case Unit
Texas ID 13920380
1331 F Street, N.W.
Washington, D.C. 20530
Tele: 202-514-1224
Electronic Mail:
Steve.Mellin2@usdoj.gov

Dated: __June 17_____, 2011

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA        :   Criminal No. 4:CR-96-0239
                                :
            v.                  :   (Judge Slomsky)
                                :
 DAVID PAUL HAMMER              :   **ELECTRONICALLY FILED**

### CERTIFICATE OF SERVICE

     I hereby certify that I caused a true and correct copy of the foregoing

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION
TO STRIKE STATUTORY AGGRAVATING FACTOR
OF SUBSTANTIAL PLANNING AND PREMEDITATION**

to be electronically mailed on _____June 17_____, 2011, to:

ADDRESSEES:     Ronald C. Travis, Esquire
                rtravis@riederstravis.com

                Michael Wiseman, Esquire
                Michael_Wiseman@fd.org

                James J. McHugh, Jr., Esquire
                James_McHugh@fd.org

                James Moreno, Esquire
                James_Moreno@fd.org

                Anne Saunders, Esquire
                Anne_Saunders@fd.org


                            _S/Frederick E. Martin_____
                            FREDERICK E. MARTIN
                            Assistant United States Attorney