UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :  Criminal No. 4:CR-96-0239
                            :
       v.               :  (Judge Slomsky)
                            :
 DAVID PAUL HAMMER      :  **ELECTRONICALLY FILED**

**BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE NON-STATUTORY
AGGRAVATING CIRCUMSTANCE REGARDING "VICTIM IMPACT"**

**Procedural History.**

Relevant procedural history for purposes of considering the issue discussed herein begins on September 18, 1996, when the grand jury returned an indictment against defendant, David Paul Hammer.  He was charged *inter alia* with killing Andrew Marti at the Allenwood Federal Correctional Complex, United States Penitentiary, White Deer, Pennsylvania on April 13, 1996, in violation of 18 U.S.C. § 1111.

On April 9, 1997, the United States, in accordance with 18 U.S.C. § 3593(a) filed its notice of intent to seek the death penalty.  The District Court, the Honorable Malcolm Muir, on August 24, 1997, allowed defense counsel to file various pleadings challenging multiple aspects of death penalty proceedings, by June 18, 1997.  Hammer's attorneys filed approximately thirteen (13) motions.

The prosecution filed its responses.  In a series of orders beginning on September 19, and continuing through October 9, 1997, the court granted Hammer some relief while denying other

motions which sought to limit or preclude the death penalty proceeding from going forward.

Following jury selection for both a guilt and penalty phase, trial began on June 2, 1998, and continued until June 22, 1998. On that day, after fourteen (14) days of trial, defendant, with the assistance of counsel, withdrew his prior not guilty plea and admitted his guilt to having killed Marti with premeditation and malice aforethought.

The hearing contemplated by 18 U.S.C. § 3593(b) to determine whether the death penalty should be imposed began on June 30, 1998, and continued until July 20, 1998.  Counsel presented closing arguments on July 21, 22, and 23, 1998.  The jury began its deliberations on July 23, 1998, and returned its death penalty verdict on July 24, 1998.  Ultimately, after denying new trial motions, Judge Muir on November 4, 1998, imposed the death penalty.

On direct appeal, the Third Circuit granted Hammer's motion for voluntary dismissal of the appeal, *United States v. Hammer*, 226 F. 3d 229 (3d Cir. 2000), *cert. denied*, 532 U.S. 959 (2001), and denied his rehearing petition seeking reinstatement of the appeal.  *See United States v. Hammer*, 239 F.3d 302 (3d Cir.), *cert. denied*, 534 U.S. 831 (2001).  The Supreme Court denied certiorari.  *Hammer v. United States*, 534 U.S. 831 (2001).

On March 29, 2002, Hammer sought relief by proceedings under 28 U.S.C. § 2255.  After multiple revisions of pleadings, as well as pre-hearing motions, Judge Muir conducted an evidentiary proceeding beginning on July 14, 2005, and continuing intermittently until September 29, 2005.  Ultimately, in an opinion dated December 27, 2005, denied Hammer's request to withdraw his guilty plea but granted him a new penalty phase hearing on two separate bases.  *United States v. Hammer*, 404 F. Supp. 2d 676 (M.D. Pa. 2005).

Both the prosecution and defendant timely appealed aspects of that decision to the Court of Appeals.  On May 11, 2009, the Third Circuit concluded that it lacked jurisdiction to review Judge Muir's § 2255 order due to the absence of a final judgment in the underlying criminal prosecution and remanded proceedings for another penalty hearing pursuant to § 3593.  *United States v. Hammer*, 564 F.3d 628 (3d Cir. 2009).

Hammer subsequently submitted a voluminous request for the Department to reconsider its prior decision to seek the death penalty.  *See United States Attorneys' Manual* 9-10.150 (providing for reconsideration of decision to seek the death penalty based on a showing of changed circumstances).  On January 7, 2011, the United States Attorney filed notice of the Department's decision to continue to seek the death penalty.

The Honorable Malcolm Muir on January 7, 2011, entered an order re-assigning this case to another judge.  This Court thereafter received the case and in an order dated January 26, 2011, established a briefing schedule for special pre-hearing motions.  Hammer's attorneys, beginning on May 18 and continuing through May 23, 2011, filed a series of motions and supporting briefs.  Herewith presented is the opposition submitted to defendant's motion to strike the non-statutory aggravating circumstance regarding "victim impact."

**Argument.**

Introduction

Hammer argues that the victim impact non-statutory aggravating factor, as alleged in this particular case, should be stricken because it is impermissibly vague and over-board.  He argues further that these constitutional concerns are exacerbated by Andrew Marti's family's alleged recent opposition to any further capital prosecution.  As explained below, controlling case law, including a Supreme Court decision applying the Federal Death Penalty Act, demonstrates that Hammer's challenge to this factor fails as a matter of law.  Although the Marti family's opposition is immaterial, the defendant misapprehends their actual views regarding this continued capital prosecution.

<u>Legal principles undermining Hammer's claims</u>

Aggravating factors serve to channel jury discretion by narrowing the class of death eligible defendants and by assisting the jury in reaching an individualized sentencing decision based on the facts of the crime and the character and background of the offender.  *See Zant v. Stephens*, 462 U.S. 862, 878 (1983).  Statutory and non-statutory aggravating factors are governed by somewhat distinct constitutional frameworks.

To comport with the Eighth Amendment, a statutory aggravating factor must satisfy two criteria.  First, the statutory language must be specific enough to furnish adequate guidance to the fact-finder.  *Arave v. Creech*, 507 U.S. 463, 474 (1993).  Put differently, it must not be too vague.  *See Jones v. United States*, 527 U.S. 373, 400 (1999)(requirement is satisfied when the factor, as expressed, furnishes a commonsense core of meaning that a fact finder can understand); *Tuilaepa v. California*, 512 U.S. 967, 972-73 (1994).[1]  Second, the factor

---

[1]    As the Supreme Court observed in *Tuilaepa*, 512 U.S. at 972-73, in the post-*Furman* era, it has found only a few sentencing factors to be unconstitutionally vague, primarily those involving pejorative adjectives describing the capital crime as a whole. *See, e.g., Maynard v. Cartwright*, 486 U.S. 356, 363-364 (1988) (whether murder was "especially heinous, atrocious, or cruel"); *Godfrey v. Georgia*, 446 U.S. 420, 427-33 (1980) (whether murder was "outrageously or wantonly vile, horrible and inhuman"); *cf. Proffitt v. Florida*, 428 U.S. 242, 255 (1976) ("conscienceless or pitiless crime which [was] unnecessarily torturous to the victim" not unconstitutionally vague); *Arave v. Creech*, 507 U.S. 463, 474-78 (1993) ("utter disregard for human life" not unconstitutional when narrowed to

must provide a principled basis for distinguishing between those who are particularly morally blameworthy, and thus deserve capital punishment, and those who do not.  *Arave*, 507 U.S. at 474.  In other words, an aggravating factor cannot be over-broad by applying to every defendant convicted of murder; it must apply to only a subclass of offenders.  *Tuilaepa*, 512 U.S. at 972.

Whereas statutory aggravators serve to "narrow the class" of eligible capital offenders, *see Arave*, 507 U.S. at 474, non-statutory aggravators primarily serve to "individualize" a capital sentencing determination after a defendant has been found eligible for capital punishment.  *See Zant*, 462 U.S. at 878-89 (holding use of non-statutory aggravating factors is appropriate in selection process).

"What is important at the selection stage is an individualized determination on the basis of the character of the individual and the circumstances of the crime."  *Id*. at 879; *see United States v. Regan*, 228 F. Supp. 2d 742, 749-50 (E.D. Va. 2002) (the intent of non-statutory factors is to individualize sentencing based upon the character of the individual and the circumstances of the case).  At this second stage of the capital punishment decision-making process, the Supreme Court has instructed that the jury can consider relevant mitigating evidence of the character and record of the defendant, as well as

mean a "cold-blooded, pitiless slayer").

the circumstances of the crime. *Blystone v. Pennsylvania*, 494 U.S. 299, 307 (1990) ("requirement of individualized sentencing in capital cases is satisfied by allowing the jury to consider all relevant mitigating evidence"); *accord Johnson v. Texas*, 509 U.S. 350, 361 (1993).

Against this backdrop, Hammer acknowledges the Supreme Court's ruling in *Payne v. Tennessee*, 501 U.S. 808 (1991), that victim impact evidence is constitutionally permissible at a sentencing hearing,[2] but he insists that the government's articulation of the victim impact aggravating factors in its notice is vague and over-broad. The government's death penalty notice, however, listed victim impact as an aggravating factor in language almost directly mirroring the language used in Section

---

[2] Although the ruling in *Payne* is not disputed, a review of the Supreme Court's opinion might help to inform this Court's decisions on the matters that are disputed. The opinion explained that the scales in a capital trial are "unfairly weighted" when "virtually no limits are placed on the relevant mitigating evidence a capital defendant may introduce concerning his own circumstances, [but] the State is barred from either offering 'a quick glimpse of the life' which a defendant 'chose to extinguish,' . . . or demonstrating the loss to the victim's family and to society which has resulted from the defendant's homicide." *Payne*, 501 U.S. at 822. To prevent that unfairness, the Court acknowledged that the prosecution has a "legitimate interest in counteracting mitigating evidence which the defendant is entitled to put in, by reminding the sentencer that just as the murderer should be considered as an individual, so too the victim is an individual whose death represents a unique loss to society and in particular to his family." *Id.* at 825.

3593(a), the provision authorizing the use of such evidence at the sentencing hearing:

> The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and  may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family.

The courts have upheld similarly-drafted aggravating factors in other capital cases.  In *Jones v. United States*, 527 U.S. 373 (1999), for example, the Supreme Court affirmed a sentence of death under the Federal Death Penalty Act based in part on a "victim impact" non-statutory aggravating factor which read in its entirety: "[The victim's] personal characteristics and the effect of the instant offense on [the victim's] family constitute an aggravating factor for the offense."  Employing a standard of review that is "quite deferential," the Court upheld the sentence, finding that this "loosely drafted" factor had a "core meaning" that was not unconstitutionally vague and was "inherently individualized" so as not to be unconstitutionally over-broad.  *Id*. at 401-02; *see also*, *e.g.*, *United States v. Barnette*, 211 F.3d 803, 817-18 (4th Cir. 2000) (holding victim impact factor was not vague, which read in its entirety that "[t]he defendant caused harm to the [families] of [the victims] as a result of the impact of the killing[s] on the [families]");

*United States v. Higgs*, 353 F.3d 281, 320-21 (4th Cir. 2003);

*United States v. Fields*, 516 F.3d 923, 944-45 (10th Cir. 2008);

*United States v. Mitchell*, 502 F.3d 931, 998 (9th Cir. 2007);

*United States v. Barrett*, 496 F.3d 1079, 1099 (10th Cir. 2007);

*United States v. McVeigh*, 944 F. Supp. 1478, 1491 (D. Colo. 1996) (upholding the non-statutory aggravating factor of "Victim impact evidence concerning the effect of the defendant's offense(s) on the victims and the victims' families, as evidenced by oral testimony and victim impact statements, that identify the victims of the offense(s) and the extent and scope of injury and loss suffered by the victims and the victims' families"), *aff'd*, 153 F.3d 1166, 1216-17 (10th Cir. 1998) ("Because the consequences of the crime are an important ingredient in the moral equation, the government can present testimony demonstrating the harm caused by the defendant's actions"); *United States v. Mayhew*, 380 F. Supp. 2d 936, 954 (S.D. Ohio 2005); *United States v. Solomon*, 513 F. Supp. 2d 520, 535 (W.D. Pa. 2007).  These decisions present an insurmountable obstacle to Hammer's claim.

The defendant also argues that the "victim impact" factor is overbroad, because it could apply to every murder defendant. However, the Supreme Court has held as follows:

> Of course, every murder will have an impact on the victim's family and friends and victims are often chosen because of their vulnerability.  It might seem, then, that the factors [] apply to every eligible defendant and thus fall within the Eighth Amendment's

> proscription against over-broad factors.  But that cannot be correct . . . Even though the concepts of victim impact and victim vulnerability may well be relevant in every case, evidence of victim vulnerability and victim impact in a particular case is inherently individualized.  And such evidence is surely relevant to the selection phase decision, given that the sentencer should consider all of the circumstances of the crime in deciding whether to impose the death penalty.

*Jones*, 527 U.S. at 401-02 (emphasis in original).  In light of this holding, the defendant's argument that this factor is "overbroad" must fail.  Indeed, courts have routinely rejected the very challenge to victim impact evidence that the defendant raises here.  *See*, *e.g.*, *United States v. Allen*, 247 F.3d 741, 778 (8th Cir. 2001); *United States v. Chanthadara*, 230 F.3d 1237, 1273-74 (10th Cir. 2000); *United States v. Edelin*, 134 F. Supp. 2d 59, 78-79 (D. D.C. 2001).  The defendant's claim that the Court should strike the victim impact factor because it does not sufficiently narrow the class of death penalty eligible murderers misapprehends the constitutional purpose of non-statutory aggravating factors, such as victim impact.  The jury conducts the narrowing process during the eligibility stage of its deliberations – that is, in its inquiry into intent and statutory aggravating factors.  The victim impact factor, as a non-statutory aggravating factor, has no bearing on the eligibility decision; it is vehicle for selection – *i.e.*, tailoring the death penalty determination to the unique

circumstances of each defendant.  By the time the jury examines the victim impact factor, the narrowing process will be accomplished; the jury will have decided beyond a reasonable doubt that the defendant is eligible to receive the death penalty.  Accordingly, Hammer is incorrect in his assertion that the narrowing requirement applies in the present context.

The defendant also argues that victim impact evidence should be excluded because there is a probability that the jury will make its decision based on emotion, and because of the undue prejudice caused by such evidence.  As noted above, however, the introduction of such "victim impact" evidence has been repeatedly upheld, despite the inherently emotional nature of such testimony.  *United States v. Davis*, 609 F.3d 663, 684 (5th Cir. 2010)(evidence about the victim and the impact of the victim's murder on his family is relevant to the jury's decision and is constitutional).

**CONCLUSION.**

Hammer's motion to strike the victim impact factor is without merit and should be denied.

Respectfully submitted,

PETER J. SMITH
United States Attorney

By s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA ID 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Steven D. Mellin
Trial Attorney For the
Capital Case Unit
Texas ID 13920380
1331 F Street, N.W.
Washington, D.C. 20530
Tele: 202-514-1224
Electronic Mail:
Steve.Mellin2@usdoj.gov

Dated:    June 17      , 2011

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :   Criminal No. 4:CR-96-0239
                               :
           v.                  :   (Judge Slomsky)
                               :
 DAVID PAUL HAMMER             :   **ELECTRONICALLY FILED**

### CERTIFICATE OF SERVICE

        I hereby certify that I caused a true and correct copy of
the foregoing

**BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE NON-STATUTORY
AGGRAVATING CIRCUMSTANCE REGARDING "VICTIM IMPACT"**

to be electronically mailed on ____June 17_____, 2011, to:

ADDRESSEES:     Ronald C. Travis, Esquire
                rtravis@riederstravis.com

                Michael Wiseman, Esquire
                Michael_Wiseman@fd.org

                James J. McHugh, Jr., Esquire
                James_McHugh@fd.org

                James Moreno, Esquire
                James_Moreno@fd.org

                Anne Saunders, Esquire
                Anne_Saunders@fd.org



                                 S/Frederick E. Martin_____
                                FREDERICK E. MARTIN
                                Assistant United States Attorney



13