C:\CASEFILES\HAMMER\CA3\OPENING.BRF.wpd.January 31, 2000

Docket No. 98-9011

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

## UNITED STATES OF AMERICA

- versus -

## DAVID PAUL HAMMER,

Appellant.

---

*On Appeal from a Final Judgment of Conviction
and Sentence of Death Entered in the
United States District Court for the
Middle District of Pennsylvania*

<u>Sat below</u>:  Hon. Malcolm Muir, Senior Judge,
and a Jury

---

## Opening Brief, and Initial Appendix Materials, on Behalf of Appellant

---

**Ronald C. Travis**
Rieders, Travis, Humphrey,
Harris, Waters & Waffenschmidt
161 West Third Street
Williamsport, PA 17703
(570)323-8711 (voice)
(570)323-4192 (fax)

**David A. Ruhnke**
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042
(973)744-1000 (voice)
(973)746-1490 (fax)
RNBARR@EMAIL.MSN.COM

Stand-by Counsel to Appellant, *Pro Se*

<u>On the Brief</u>:

David Paul Hammer, *Appellant Pro Se*
David A. Ruhnke, Esquire
Ronald C. Travis, Esquire

**Government Exhibit 1**
**Page 1 of 4**

B.    The FDPA, by its terms, does not authorize utilization of "open-ended" non-statutory aggravating factors

As interpreted by the government in this case, the FDPA allows the government, at virtual whim, to utilize non-statutory aggravating factors in pursuit of a death sentence. The FDPA statutory scheme requires the government, as part of its notice obligations, to file with the Court, and serve upon the defendant, a document that, *inter alia*, sets forth:

> [T]he aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death.
>
> The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim, and the victim's family, and any other relevant information.

18 U.S.C. § 3593(a). The statute then lists 16 separate aggravating factors as relevant to this kind of case. 18 U.S.C. § 3592(c).

The use of non-statutory aggravating factors – with the possible exception of victim-impact evidence[56] – is simply not authorized by the statute. This is because § 3592(c) of the statute contradicts § 3591(a) of the statute. The former provides that the jury "may consider whether any other aggravating factor for which notice has been

---

[56]Section 3593 seems to allow for victim-impact evidence as a factor for which notice may be given. 18 U.S.C. § 3593(a)(2).

108

**Government Exhibit 1**
**Page 2 of 4**

given exists." 18 U.S.C. § 3592(c). But § 3591(a) provides that a defendant may be sentenced to death only after a consideration by the jury of "the factors set forth in § 3592 . . . ." Section 3592 contains, as noted above, a listing of 16 factors and 16 factors only. Therefore, non-statutory factors may not be considered by a jury since they are not – and could not be – set out in § 3592.[57]

In *United States v. Nguyen,* 928 F.Supp. 1525, 1535 (D.Kans. 1996), the trial judge described, and rejected, the above-stated statutory argument as "hyper-literal." Yet, if Congress is going to go into the business of authorizing death sentences and executions, it has a concomitant responsibility to speak in language which is clear and unambiguous and not leave it to the courts to clean up a legislative mess. Whatever political hay there is to be harvested on the execution of citizens must be earned by clear legislative direction.

The seriousness of this task is reflected in a case from this Court which is more than 70 years old, *Braffith v. People of Virgin Islands,* 26 F.2d 646 (3d Cir. 1928). The case may represent the last time that this Court had occasion to review, on direct appeal (as distinct from appellate review of *habeas corpus* proceedings), a sentence of death. In *Braffith,* the defendant, at his arraignment before a judge of the District Court of the Virgin Islands on a charge of first-degree murder, entered a guilty plea. First-degree

---

[57]This view of the requirements of the FDPA is reinforced by the fact that the section of the Act concerning appellate review, § 3595, makes reference only to aggravating factors considered by the jury under § 3592.

109

**Government Exhibit 1**
**Page 3 of 4**

murder carried a mandatory sentence of death. *Braffith*, 26 F.2d at 647. After determining that Mr. Braffith was mentally competent to enter such a plea, the judge sentenced him to death. *Id.* The issue was whether the execution should be stayed pending an appeal. The trial judge denied a stay but granted a stay of that order pending a direct appeal to this Court. *Id.*

This Court ruled that an appeal should proceed. In doing so, this Court had the following to say about the construction of penal statutes:

> The statute in question is a highly penal statute providing punishment by death and prescribing the offender's rights of trial and appeal. The rule has long been settled in American jurisdictions that all such statutes must be construed strictly against the state and favorably to the liberty of the citizen. This rule is founded on the tenderness of law for the rights of the individuals and upon the plain principle that the power to decide what is a crime and the power to punish are vested in the legislative, not in the judicial department. Penal statutes will not be construed to include anything beyond their letter, even though within their spirit; nothing can be taken from them by inference or intendment.

*Id.* at 648-49 (citations omitted). There is nothing "hyper-literal" about requiring clear legislative direction when the issue is the taking of a citizen's life.

Because the statute does not authorize non-statutory aggravating factors – except in the case of victim-impact – the non-statutory aggravating factors in this case should have been dismissed.

**Government Exhibit 1**
**Page 4 of 4**