UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA      :   Criminal No. 4:CR-96-0239
                              :
        v.                    :   (Judge Slomsky)
                              :
 DAVID PAUL HAMMER            :   **ELECTRONICALLY FILED**


**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO BAR CAPITAL PROSECUTION BECAUSE THE GOVERNMENT FAILED TO INDICT ON EITHER THE STATUTORY INTENT FACTORS OR THE STATUTORY AGGRAVATING FACTORS**

**Procedural History**.

Relevant procedural history for purposes of considering the issue discussed herein begins on September 18, 1996, when the grand jury returned an indictment alleging in pertinent as follows:

> On or about the 13th day of April 1996, at the Allenwood Federal Correctional Complex, United States Penitentiary, White Deer, Lycoming County, Pennsylvania, on land acquired for the exclusive use of the United States and within the Middle District of Pennsylvania and the jurisdiction of the Court, the Defendant,
>
> David Paul Hammer
>
> with premeditation and malice aforethought, did kill Andrew J. Marti, by strangling him with a cloth cord or homemade garrote.  In violation of Title 18, United States Code, Sections 7(3) and 1111.

Although ultimately dismissed by the prosecution, the grand jury returned a second count of the indictment.  That body alleged that Hammer, as a federal inmate who was thought to be serving the functional equivalent of a "life sentence," killed the victim in violation of 18 U.S.C. § 1118.

On April 9, 1997, the United States, in accordance with 18 U.S.C. § 3593(a), filed its notice of intent to seek the death penalty.  The notice alleged three gateway intent factors under 18 U.S.C. § 3591(a)(2): Hammer intentionally killed the victim, Andrew Marti, § 3591(a)(2)(A); Hammer intentionally inflicted serious bodily injury that resulted in the death of Marti, § 3591(a)(2)(B); and Hammer intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Marti died as a direct result of the act, § 3591(a)(2)(C).

The notice also alleged as statutory aggravating factors, inter alia, that the defendant had previously been convicted of two or more State offenses punishable by a term of imprisonment for more than one year, involving the use or threatened use of a firearm, 18 U.S.C. § 3592(c)(2), and that Hammer killed Marti after substantial planning and premeditation, § 3592(c)(9).  As non-statutory aggravating factors, the notice alleged, in pertinent part, future dangerousness and victim impact.

The District Court, the Honorable Malcolm Muir, on August 24, 1997, allowed defense counsel to file various pleadings challenging multiple aspects of death penalty proceedings, by June 18, 1997.  Hammer's attorneys filed approximately thirteen (13) motions.  One of these sought to dismiss the indictment, challenging what occurred before the grand jury.  However, the defense claimed that the prosecution engaged in misconduct before that body by providing erroneous and allegedly prejudicial information that Hammer was serving a life sentence for multiple criminal offenses.

The prosecution filed its responses.  In a series of orders beginning on September 19, and continuing through October 9, 1997, the court granted Hammer some relief while denying other motions which sought to limit or preclude the death penalty proceeding from going forward.  Judge Muir specifically denied the request for dismissal of the indictment observing that "the prosecution did not refer to the types of offenses for which Hammer was convicted of in Oklahoma."  Order #1 of 10/9/1997 (docket #215), at 2.

Following jury selection for both a guilt and penalty phase, trial began on June 2, 1998, and continued until June 22, 1998.  On that day, after fourteen (14) days of trial, defendant, with the assistance of counsel, withdrew his prior not guilty plea and

admitted his guilt to having killed Marti with premeditation and malice aforethought.

The hearing contemplated by 18 U.S.C. § 3593(b) to determine whether the death penalty should be imposed began on June 30, 1998, and continued until July 20, 1998.  Counsel presented closing arguments on July 21, 22, and 23, 1998.  The jury began its deliberations on July 23, 1998, and returned its death penalty verdict on July 24, 1998.  Ultimately, after denying new trial motions, Judge Muir on November 4, 1998, imposed the death penalty.

On direct appeal, the Third Circuit granted Hammer's motion for voluntary dismissal of the appeal, *United States v. Hammer*, 226 F. 3d 229 (3d Cir. 2000), *cert. denied*, 532 U.S. 959 (2001), and denied his rehearing petition seeking reinstatement of the appeal. *See United States v. Hammer*, 239 F.3d 302 (3d Cir.), *cert. denied*, 534 U.S. 831 (2001).  The Supreme Court denied *certiorari*.  *Hammer v. United States*, 534 U.S. 831 (2001).

On March 29, 2002, Hammer sought relief by proceedings under 28 U.S.C. § 2255.  After multiple revisions of pleadings, as well as pre-hearing motions, Judge Muir conducted an evidentiary proceeding beginning on July 14, 2005, and continuing intermittently until September 29, 2005.  Ultimately, in an opinion dated December 27, 2005, denied Hammer's request to withdraw his guilty plea but granted him a new penalty phase

hearing on two separate bases.  *United States v. Hammer*, 404 F. Supp. 2d 676 (M.D. Pa. 2005).

Both the prosecution and defendant timely appealed aspects of that decision to the Court of Appeals.  On May 11, 2009, the Third Circuit concluded that it lacked jurisdiction to review Judge Muir's § 2255 order due to the absence of a final judgment in the underlying criminal prosecution and remanded the proceedings for another penalty hearing pursuant to § 3593. *United States v. Hammer*, 564 F.3d 628 (3d Cir. 2009).

Hammer subsequently submitted a voluminous request for the Department to reconsider its prior decision to seek the death penalty.  *See United States Attorneys' Manual* (USAM) § 9-10.150 (providing for reconsideration of a decision to seek the death penalty based on a showing of changed circumstances). On January 7, 2011, the United States Attorney filed notice of the Department's decision to continue to seek the death penalty.

The Honorable Malcolm Muir on January 7, 2011, entered an order re-assigning this case to another judge.  This Court thereafter received the case and in an order dated January 26, 2011, established a briefing schedule for special pre-hearing motions.  Hammer's attorneys, beginning on May 18 and continuing through May 23, 2011, filed a series of motions and supporting briefs.  Herewith presented is the opposition submitted to Defendant's motion to bar capital prosecution because the

government failed to indict on either the statutory intent factors or the statutory aggravating factors.

**Counter-Statement of Facts.**

Attached as Government Exhibit 1 is an excerpt from the appellate brief filed initially on Hammer's behalf before the Third Circuit under No. 98-9011 regarding the legality of proceedings before the grand jury.  However, this and many other legal claims were abandoned by Hammer when he voluntarily pled guilty and when he voluntarily withdrew his direct appeal.

Government Exhibit 2 includes transcripts of testimony by three individuals before the grand jury which supported the indictment.  This includes Special Agent Anthony Malocu, as well as inmates Steven Classen and Leonard Yager.

**Arguments.**

<u>Introduction</u>

At the time of Hammer's 1996 indictment, and also during his subsequent trial, prior guilty plea, prior penalty hearing, and prior direct appeal, applicable Supreme Court precedent established that statutory death penalty eligibility factors (including gateway intent factors and statutory aggravating factors) need <u>not</u> be found by the grand jury and included in the indictment.  *See United States v. Allen*, 406 F.3d 940, 948 n.3 (8th Cir. 2005).  Hammer nevertheless moves to preclude a retrial of the penalty hearing based on the indictment's omission of

6

these death penalty eligibility factors, reasoning that an intervening change in the law has mandated that they be included in the indictment.  (Brief of Defendant at 2-9.)  Hammer is not, however, the first federal capital defendant in his position seeking in effect immunity from prosecution based upon this intervening change in the law, and the courts have, without exception, rejected federal capital defendants' attempts in this regard.  Hammer's claim likewise fails for any of a number of equally-fatal grounds.

> 1.    <u>Initially Hammer's Claim Is Itself Barred as Untimely Presented</u>.

Defendant has done a "180 degree change" about what materials should be presented to the grand jury.  In 1997, he complained that it was prejudicial for the prosecution to tell that body about his prior record of convictions.  Now Hammer claims that at least statutory aggravators, including those details, should have been presented presumably in anticipation of Supreme Court precedent.  (Motion ¶¶ 4-5.)  While one may present alternative theories for relief, as a matter of fundamental fairness, his complete position reversal hardly supports the radical remedy he seeks.

Even for purposes of the pending retrial of the penalty hearing, the asserted indictment error occurred no later than 1998, following the government's filing its notice of intention to seek the death penalty and the Court's setting the case for

trial. *See United States v. Davis*, 380 F.3d 821, 827-30 (5th Cir. 2004). In the prior direct appeal, Hammer indeed raised his present challenge to the indictment. *United States v. Hammer*, No. 98-9011, Appellant's Opening Brief at 130-36 (3d Cir. filed Jan. 28, 2000) (Government Exhibit 1). Hammer later successfully moved for a voluntary dismissal of the appeal prior to resolution of his Indictment Clause claim. *See Hammer*, 226 F. 3d at 237. He thereby expressly and voluntarily relinquished his claim.

Subsequently, defendant sought a new trial and new penalty hearing in the Section 2255 proceeding, but then he never suggested to this Court or the Third Circuit that, if he prevailed in his retrial request, the Constitution would in fact bar that remedy. Considering the parties' cross-appeals from Judge Muir's order granting a retrial of the penalty hearing on Section 2255 review, the Third Circuit declined to reach the merits of the appeals, ruling that this Court must first carry out the retrial before there would be a final judgment that would allow the appellate court to consider the merits of the cross-appeals. *Hammer*, 564 F.3d at 635. For all of these reasons, Hammer's claim should be foreclosed.

2.    The Grand Jury's Findings in this Case Were Fully Sufficient to Render Hammer Eligible for the Penalty Hearing Retrial.

The grand jury's conclusion after hearing *inter alia* from Agent Malocu, inmates Classen, and Yager, that Hammer killed

Marti with premeditation and deliberation establishes multiple gateway intent factors pursuant to Section 3591(a)(2). *United States v. Higgs*, 353 F.3d 281, 299 (4th Cir. 2003). Nothing more was required to render Hammer eligible for the death penalty, because he had prior convictions satisfying a statutory aggravating factor pursuant to Section 3592(c)(2), specifically two or more State offenses punishable by a term of imprisonment for more than one year, involving the use or threatened use of a firearm.

Indeed, even in his many pleadings now Hammer does not challenge this statutory factor. His prior Oklahoma convictions are irrefutable. Unlike other statutory death penalty eligibility factors, prior conviction statutory factors are specifically exempted by the Supreme Court's constitutional precedent from the requirement that such factors be found by the grand jury. *Higgs*, 353 F.3d at 303-04. This factor alone rendered Hammer eligible for the death penalty; a single sufficiently-pleaded or exempted statutory aggravating factor is all that is required for the range of permissible punishments to be elevated to include the death penalty. *Id*. at 299-300.

Further, and in any event, the allegations of the indictment recited *supra* more than adequately alleged the only remaining death penalty eligibility factor that the government has relied on, *i.e.*, that Hammer killed Marti after substantial

planning and premedatation.  *United States v. Barnette*, 390 F.3d 775, 784-86 (4th Cir. 2004).

        3.    <u>The Claimed Error Was Harmless Beyond a Reasonable Doubt and Thus Cannot Provide a Basis to Preclude the Penalty Hearing Retrial</u>.

As noted, the asserted indictment error occurred no later than 1998, following the government's filing its notice of intention to seek the death penalty and the Court's setting the case for trial.  *See Davis*, 380 F.3d at 828.  Thus, contrary to Hammer's assertion (Brief of Defendant at 6-8), the error he asserts is subject to harmless error analysis despite the fact that his penalty hearing retrial has not yet occurred.  *See id*.  Given the evidence presented to the grand jury, its findings as discussed *supra*, Hammer's subsequent guilty plea, and the contents of the government's death penalty notice informing Hammer of the factors relied on by the government, any error relating to the contents of the indictment was harmless beyond a reasonable doubt.  *See United States v. Allen*, 406 F.3d 940, 946-49 (8th Cir. 2005); *Barnette*, 390 F.3d at 784-86; *Davis*, 380 F.3d at 829-30; *Higgs*, 353 F.3d at 304-07.

The transcripts of the testimony before the grand jury (Government Exhibit 2) convincingly show that Hammer acted with the statutorily-required level of intent and after substantial planning and premeditation to kill Andrew Marti.  *See Allen*, 406 F.3d at 946-49.  Consequently, relief should be denied.

10

**Conclusion.**

Hammer's motion to bar a retrial of the penalty hearing because the government failed to indict on either the statutory intent factors or the statutory aggravating factors fails. Hammer's claim is barred as untimely presented and waived. Further, the grand jury's findings in this case were fully sufficient to render Hammer eligible for the penalty hearing retrial. Finally, the claimed error was harmless beyond a reasonable doubt and thus cannot provide a basis to preclude the penalty hearing retrial.

Respectfully submitted,

PETER J. SMITH
United States Attorney

By s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA ID 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Steven D. Mellin
Trial Attorney For the
Capital Case Unit
Texas ID 13920380
1331 F Street, N.W.
Washington, D.C. 20530
Tele: 202-514-1224
Electronic Mail:
Steve.Mellin2@usdoj.gov

Dated: ___June 17___, 2011

11

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :   Criminal No. 4:CR-96-0239
                              :
        v.                    :   (Judge Slomsky)
                              :
 DAVID PAUL HAMMER            :   **ELECTRONICALLY FILED**


## CERTIFICATE OF SERVICE

   I hereby certify that I caused a true and correct copy of the foregoing

   **BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO BAR CAPITAL PROSECUTION BECAUSE THE GOVERNMENT FAILED TO INDICT ON EITHER THE STATUTORY INTENT FACTORS OR THE STATUTORY AGGRAVATING FACTORS**

to be electronically mailed on ___June 17_____, 2011, to:

ADDRESSEES:     Ronald C. Travis, Esquire
                rtravis@riederstravis.com

                Michael Wiseman, Esquire
                Michael_Wiseman@fd.org

                James J. McHugh, Jr., Esquire
                James_McHugh@fd.org

                James Moreno, Esquire
                James_Moreno@fd.org

                Anne Saunders, Esquire
                Anne_Saunders@fd.org


                    __S/Frederick E. Martin_____
                    FREDERICK E. MARTIN
                    Assistant United States Attorney


12