**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| v. | : | Honorable Joel H. Slomsky |
| DAVID PAUL HAMMER, | : | Capital Case |
| Defendant | : | |

_____:_____

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION
TO PRECLUDE THE GOVERNMENT FROM PROCEEDING WITH A CAPITAL
PROSECUTION BECAUSE IT'S DECISION NOT TO DE-AUTHORIZE THIS CASE,
VIOLATED IT'S STANDARDS FOR CAPITAL PROSECUTIONS IN VIOLATION OF
THE FIFTH, SIXTH AND EIGHTH AMENDMENTS**

Mr. Hammer, through counsel, herein submits his *Reply Brief in Support of Motion to Preclude the Government from Proceeding with a Capital Prosecution Because It's Decision not to De-authorize this Case, Violated it's Standards for Capital Prosecutions in Violation of the Fifth, Sixth and Eighth Amendments*, and in support thereof, states the following:

The Government raises various misleading and inconsistent objections to Mr. Hammer's motion to preclude this capital prosecution as a result of failures by the government to abide by standards *that it created* for deciding if it should pursue the death penalty against a criminal defendant.   For the reasons described below and in

the prior submissions, this Court should reject those objections and preclude this capital prosecution.

Without citing to any privilege, or enunciating any concern for confidentiality, the government relies on documents submitted to this Court "in camera" and avers they "unequivocally document" that it has complied with USAM § 9-10.070. Doc. 1352 at 6. First and foremost, the defense requests that it be permitted to review these documents. There is simply no credible reason why these documents need to be kept secret from the defense and require viewing in camera.

Secondly, in its response the government *only* contends that these secret documents establish that it "contacted" the victims family. Id. at 6 and 17. Under its own protocol "contact [ing]" the victim's family is far from compliance. Rather, the protocol mandates "consultation" with the victim's family. Maybe this deficiency is the basis for the government's insistence on keeping these documents from scrutiny by the defense. The defense *was* permitted to see Government Exhibit 2. This exhibit is nothing more than a form letter advising the victim's family of the next court date. In no way, shape, or form can that letter be considered a "consultation" with the family.

The government also alleges that "[a]t no time during recent exchanges did Hammer's attorneys inquire with the United States Attorney's Office whether such

2

'contact' had occurred . . ." Doc. 1352 at 5.  This statement is simply false.  On April 14, 2011 the defense sent a letter to Assistant United States Attorney  Frederick E. Martin specifically requesting an informational outline "which would advise  us of any and all contacts made by the government with the Marti family during the course of the reconsideration of whether this case should once again be authorized for death, and a summary of the position of the Marti family in that regard."  (Copy attached herein as Exhibit A).  The defense was never provided with any documents, or information of any type, in response to this request.

The government next argues that the defense failed to include three prison killing prosecutions in the middle district in its analysis.  Doc. 1352 at 6-7.  This argument is a red herring.  One of the three cases cited by the government (McCalla) was never a death eligible case – the defendant pled guilty to an Information charging him with manslaughter.  But even if that fact is ignored and all three of these cases are counted – the disproportionality drops from 50% to 33% – still an egregious and untenable disproportionate treatment of prison killing cases in the middle district.

The government next argues that "Hammer's claim that he has a right to judicial enforcement of the Protocol is plainly without merit" because the Third Circuit has held that a criminal defendant  does not have an enforceable right for violations by the government of its own protocols. Doc. 1352 at 12.  This argument

is meritless.  Neither case cited by the government involved a murder charge, nor did either involve a defendant potentially facing the death penalty.

In the first case, United States v. Wilson, 413 F. 3d 382 (3d Cir. 2005), the Third Circuit, in a non-capital case, found that the defendant did not have an enforceable right for violations by the government of its *Petite* Policy in drug prosecutions.  In the second case, United States v. Gomez, 237 F. 3d 238 (3d Cir. 2000), another non-capital prosecution involving health care fraud, the Court specifically noted that the defendant did not even argue that he had an enforceable right for violations of department protocol.

The present motion is predicated on the qualitative differences inherent in a capital prosecution and specifically relies upon Eighth Amendment jurisprudence that unequivocally holds that death is different.[1]  Simply put, neither the Supreme Court, nor the Third Circuit, nor any district court in this Circuit have addressed the issue of whether a defendant in a capital prosecution has an enforceable right for the government's violation of its protocol.  This is a case of first impression in this Circuit.

Finally, the government argues that this motion must be denied because the circumstances "emphasized by Hammer . . . largely involve entirely unrelated cases

---

[1]See Doc. 1327 at 2-3.

and not changed circumstances inherent in the present case." Doc. 1352 at 14.  This argument simply ignores the primary basis of this motion.  The very first reason given by the defense in support of this motion is that the government violated its protocol because it failed to consult with the victim's family who have *changed their views* about the death penalty – from 1997 – and now no longer want Mr. Hammer to die.

This fact is a critical and certainly material change in circumstance that the government chose to ignore – in violation of its very own protocol.  For this reason alone, this violation gives rise to an actionable claim by the defendant warranting preclusion of this capital proceeding.  See United States v. Pena-Gonzalez, 62 F. Supp. 2d 358 (D. Puerto Rico 1999)(Government's violation of internal protocol, in capital prosecution, gave rise to enforceable right in the defendant because death was different and appropriate remedy was to bar the government from seeking the death penalty.)

Respectfully submitted,

/s/    Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/    Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:        June 27, 2011
              Philadelphia, PA

/s/    Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/     Michael Wiseman

Michael Wiseman