**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| v. | : | Honorable Joel H. Slomsky |
| DAVID PAUL HAMMER, | : | Capital Case |
| Defendant | : | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION
TO HAVE CONFRONTATION CLAUSE OF THE
SIXTH AMENDMENT APPLY AT CAPITAL RESENTENCING**

Mr. Hammer, through counsel, herein submits his *Reply Brief in Support of Motion to Have Confrontation Clause of the Sixth Amendment Apply at Capital Resentencing* and, in support thereof, states the following:

As described in the motion and brief, there exists substantial authority supporting Mr. Hammer's request that this Court find that the confrontation clause applies to the resentencing proceedings. The government raises a number of objections to Mr. Hammer's motion. For the reasons stated below and in the prior submissions, this Court should reject those contentions and grant Mr. Hammer's motion.

**A.      The Pending Motion Is Not Premature and Not Unnecessarily Vague**.

Initially, the government contends that Mr. Hammer's motion is premature and a request for an advisory opinion because the defense has not identified any particular testimony the government will present at trial that would allegedly run afoul of his confrontation rights.  Essentially, the government contends that, in order to obtain a determination of whether or not a constitutional provision applies to the entire resentencing proceedings, Mr. Hammer must cull through the thousands of pages of transcripts in the prior proceedings; speculate what hearsay testimony the government will present; and, then specify objections to that hearsay testimony.  Such a prerequisite to determining whether or not the confrontation clause applies to the resentencing hearing has not been held necessary by other Courts and should be rejected by this Court.

For example, in United States v. Stitt, No. 2:98-cr-47 (E.D. Va.), *Memorandum Opinion and Order*, February 22, 2010[1] at 10, the Court concluded that the Confrontation Clause applies throughout the 'eligibility' and 'selection' stages of the resentencing" without requiring the defense to provide the information the

---

[1]Attached herein as Exhibit A.

2

government demands here.[2]  Indeed, the application of the Confrontation Clause was actually raised by the government in its *Notice by the United States of Procedures to Follow in Sentencing Hearing*.  Id. at 9.  See also United States v. Stitt, No. 2:98-cr-47 (E.D. Va.), Doc. 407.  If it was not premature or a request for an advisory opinion for the government in Stitt, it does not become so now just because the issue is raised by the defendant.

The government's demand for specific objections to speculated evidence the government may present based on the prior proceedings is particularly curious in light of the government's resistance to Mr. Hammer's request for an informational outline; its failure to provide a "roadmap" for the Court and counsel as it did in its *Notice* in Stitt; and, its qualified statement that "at present" it does not contemplate presenting hearsay evidence.  Doc. 1349 at 5.  If the government were to take the position that it will offer no testimonial hearsay at the retrial, Mr. Hammer would agree there would be no need for the Court to enter an Order applying the confrontation clause. So long as the government is unwilling to make an unalterable commitment not to

---

[2]Indeed, not only did the defense in Stitt not provide the information the government demands here, but, instead, the defense moved that the government provide the defense with all witnesses the government intended to present through prior testimony, witnesses it intended to present through summary witness; witnesses it intended to present through live testimony; and, witnesses it intended to present in any other fashion.  Stitt, No. 2:98-cr-47 (E.D. Va.), *Memorandum Opinion and Order*, February 22, 2010 at 8.

3

present testimonial hearsay, however, Mr. Hammer submits it is both necessary and appropriate for the Court to decide on the applicability of the Confrontation Clause.

**B.     This Court Should Follow the Precedent Concluding That the Confrontation Clause Applies to the Entire Resentencing Proceedings.**

As in other cases, the government here does not appear to dispute that the Confrontation Clause applies to the government's evidentiary presentation regarding the intent factors and the statutory aggravators.  See Stitt, No. 2:98-cr-47 (E.D. Va.), *Memorandum Opinion and Order*, February 22, 2010 at 9.[3]  Thus, the government's objection appears to be limited to the presentation of non-statutory aggravation.  As noted in the prior submissions, the various courts have reached different results with regard to the application of the Confrontation Clause to the "selection" phase.  Doc. 1331 at 2-3.  Also as noted in the prior submissions, Mr. Hammer submits that the more appropriate conclusion is that the Confrontation Clause applies to the entire proceeding and should not be parsed out as applying to some aspects, but not all.

Although the Stitt Court acknowledged that there was no clearly established federal precedent on this issue, it concluded that the Confrontation Clause must apply to the entire proceedings for a number of reasons, including the need to ensure the

---

[3]Of course, the Government is precluded from taking a contrary position now under principles of collateral and equitable estoppel.

reliability of the government's evidence in light of the passage of time from the initial trial (held in 1999) and the current resentencing proceedings as well as the heightened procedural safeguards required in capital sentencing proceedings.  Stitt, No. 2:98-cr-47 (E.D. Va.), *Memorandum Opinion and Order*, February 22, 2010 at 10.  See also United States v. Stitt, 760 F. Supp.2d 570, 581-82 (E.D. Va. 2010) (denying the government's motion for reconsideration).  These considerations are also applicable here.

In United States v. Sablan, 555 F. Supp. 2d 1205, 1221 (D.Colo. 2007), the Court found that the Confrontation Clause applies to both the eligibility phase and aggravation in the selection phase.  Adopting the rationale in United States v. Mills, 446 F. Supp. 2d 1115 (C.D. Cal. 2006), the Court noted the inherent problems in applying the confrontation clause to some, but not all aspects of the proceedings. Sablan, 555 F. Supp. 2d at 1222.  The Court further noted that bifurcation does not cure the potential problems.  Id. See also Mills, 446 F. Supp. 2d at 1131, n.16 (discussing how partial application of the Confrontation Clause would invite "gamesmanship on the part of the government in allocating statutory aggravators between eligibility and selection").

Finally, the Court noted that a partial application of the Confrontation Clause would result in significant jury confusion arising from the possibility that the

government would present some evidence relevant to aggravation in the eligibility phase and then present hearsay evidence relevant to the same aggravation during the selection phase. Sablon, 555 F. Supp. 2d at 1222. Notably, the example cited by the Court involved the government's evidence regarding the prior conviction of violent felony involving a firearm – an aggravator the government noticed against Mr. Hammer. The rationale in Sablon and Mills is applicable here.[4]

The government's contention that Mr. Hammer argued that Crawford v. Washington, 541 U.S. 36, 42 (2004), "alter[ed] the determination of whether the Confrontation Clause applies to the selection phase of the penalty portion of a capital case," is perplexing since Mr. Hammer did not. Like all the Courts that have considered this issue since Crawford was decided, Mr. Hammer discussed Crawford in the context of what the Confrontation Clause requires, nothing more.

For the reasons described above and in the prior submissions, this Court should rule that the Confrontation Clause applies to the entire resentencing proceeding.

---

[4]For these reasons, contrary to the government's contention, Mr. Hammer does not rely on Sablon and Mills as proposing a higher standard for application of the Confrontation Clause for inmate death cases over other murder cases. See Doc. 1349 at 9-10. Counsel did note that these were also inmate killing cases, (see Doc. 1331 at 2), but only in the context of the similarity of aggravation – and inherent difficulties in limiting the application of the Confrontation Clause to that aggravation.

Respectfully submitted,

/s/    Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/    Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:        June 27, 2011
              Philadelphia, PA

/s/    Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman