**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID PAUL HAMMER, | : | Capital Case |
| | : | |
| Defendant | : | |
| _____ | : | _____ |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO BAR CAPITAL PROSECUTION BECAUSE THE GOVERNMENT FAILED TO INDICT ON EITHER THE STATUTORY INTENT FACTORS OR STATUTORY AGGRAVATING FACTORS**

David Paul Hammer, by his counsel, respectfully submits his *Reply Brief in Support of Motion to Bar Capital Prosecution Because the Government Failed to Indict On Either the Statutory Intent Factors Or Statutory Aggravating Factors* and, in support thereof, states the following:

As articulated in the motion and brief, there exists substantial authority supporting Mr. Hammer's request that this Court find that the capital prosecution of Mr. Hammer must be barred because the Government's indictment fails to include either the statutory intent factors or any statutory aggravating factor.

The Government raises a number of objections to Mr. Hammer's motion. For the reasons stated below and in the prior submissions, this Court should reject those

contentions and grant Mr. Hammer's motion.

### A.   Introduction.

In its Brief in Opposition (hereinafter referred to as "BIO"), the Government makes a number of concessions that gut its argument that despite the fatal flaws in the indictment, this capital re-sentencing may nonetheless proceed.

For example, as discussed below, the Government concedes that the fact that the grand jury did not find the statutory intent eligibility factor and the statutory aggravating factors and did not include these factors in the indictment is constitutional error. Doc. 1357 at 9.  The Government also acknowledges that there has been no final judgment rendered in this case, id. at 5,which means that the application of  Ring v. Arizona, 536 U.S. 584 (2002);  Jones v. United States, 526 U.S. 227 (1999); and Sattazahn v. Pennsylvania, 537 U.S. 101, 111, 112 (2003) is not barred by the non-retroactivity doctrine.

Finally, the Government suggests that despite the fact that the grand jury did not indict Mr. Hammer on either the statutory intent eligibility factors or any statutory aggravating factors, this Court should engage in harmless error review and allow the capital prosecution to go forward.

As discussed below, given that the Government's misconduct necessitating a new sentencing hearing goes to the heart of the aggravating factors it seeks to present,

harmless error review would in essence reward the Government's misconduct and would not be an accurate and reliable reflection of the evidence concerning these key issues because  the Government suppressed highly material and relevant evidence concerning the substantial planning and premeditation aggravating factor thirteen years ago.

The Government's objections should be rejected and further capital prosecution of Mr. Hammer barred.

> **B.      The Supreme Court's Decisions In <u>Ring</u>, <u>Jones</u>, <u>Apprendi</u> And <u>Sattazahn</u> Apply To This Case.**

As noted in Mr. Hammer's Brief in Support of this motion, the United States Supreme Court long ago recognized the "historic role" of the grand jury "as a protective bulwark standing solidly between the ordinary citizen and an overzealous prosecutor." <u>United States v. Dionisio</u>, 410 U.S. 1, 17 (1973). In this case, the Government pierced the "protective bulwark" of the grand jury and failed to indict Mr. Hammer on the statutory intent eligibility factors or the substantial planning and premeditation aggravating factor.

There has been no final judgment in this case. <u>See</u> Doc. 1357 at 5.[1] This means that Mr. Hammer is in the same procedural posture as he was in 1998 - pre-

---

[1]  The Third Circuit dismissed the ensuing appeal and cross-appeal on jurisdictional grounds.  <u>USA v. Hammer</u>, 564 F.3d 628 (3d Cir. May 11, 2009).

sentencing. As a result, the principles concerning the Fifth Amendment requirement that the statutory intent death eligibility factors and statutory aggravating factors must be contained in the grand jury indictment that have issued from the Supreme Court since 1998, apply with equal force to Mr. Hammer's case.  See Ring v. Arizona, 536 U.S. 584, 609 (2002) (factors which make a defendant eligible for the death penalty are "the functional equivalent of an element of a greater offense"); Sattazahn v. Pennsylvania, 537 U.S. 101, 111, 112 (2003) ("murder plus one or more aggravating circumstances" is a distinct "offense" separate from "'murder' simpliciter"); Jones v. United States, 526 U.S. 227, 243 n.6 (1999) (Fifth Amendment due process guarantee and the notice and jury trial guarantees of the Sixth Amendment require that "any fact ... that increases the maximum penalty for a crime must be charged in an indictment"); Apprendi v. New Jersey, 530 U.S. 466, 476 (2000) (same).

Indeed, while the United States Supreme Court expressly held that Ring does not apply retroactively, the Court was careful to note that this bar strictly applied to cases already final on direct appeal. See Schiro v. Summerlin, 542 U.S. 348, 351, (2004). When viewed through this prism, the grand jury indictment is constitutionally defective, requiring this Court to bar Mr. Hammer's capital re-sentencing hearing.

**C.    This Claim Is Not Waived.**

The Government alleges that since Mr. Hammer initially raised this issue on

direct appeal this claim is now waived.  Doc. 1357 at 8.  This argument also fails.

This Court's order granting Mr. Hammer a new penalty hearing rendered the direct

appeal proceedings a legal nullity and, whatever Mr. Hammer's purported position

may have been with regard to issues raised during the prior direct appeal – prior to

the discovery of the Government's misconduct and the grant of a new penalty hearing

on the basis of that misconduct – it has no relevance on this Court's determination of

whether or not the Government is constitutionally precluded from prosecuting Mr.

Hammer capitally because of the flawed indictment.

> **D.**    **The Lone Count Of The Indictment Does Not, Contrary To The Government's Argument, Adequately Allege "Substantial Planning And Premeditation," Thus Saving The Indictment From Dismissal.**

In its BIO, the Government argues that count one of the indictment sufficiently

addressed substantial planning and premeditation:

> Further, and in any event, the allegation of the indictment recited, supra, more than adequately alleged the only remaining death penalty eligibility factor that the Government has relied on, i.e., that Hammer killed Marti after substantial planning and premeditation.

Doc. 1357 at 10. This argument is at best, specious. Count one of the indictment

contains nary a reference to substantial planning:

> David Paul Hammer

> with premeditation and malice aforethought, did kill Andrew J. Marti, by strangling him with a cloth cord or homemade garrote. In violation

of Title 18, United States Code, Sections 7(3) and 1111.

Indictment (Doc. 1) at 1. It is hard to fathom how this count suffices for a grand jury finding of substantial planning and premeditation where, by its plain meaning, substantial planning cannot even be liberally inferred from the limited language of this particular count.  Indeed, the indictment in this case provides no support for the government's argument.

Additionally, relying on <u>United States v. Davis</u>, 380 F.3d 821 (5th Cir. 2004), the Government alleges that despite the fact that Mr. Hammer has not been sentenced, harmless error is appropriate under the facts of this case.  <u>See</u> Doc. 1357 at 10. In <u>Davis</u>, the court addressed for the first time whether harmless error analysis applied given the fact that the defendant had not yet been sentenced. The court concluded that harmless error analysis applied because:

> At issue is whether the harmless error standard of review applies here because, unlike <u>Robinson</u>, defendant's have *not* been sentenced. This issue requires deciding at what point error attaches for the indictment's not including the FDPA elements. We hold the <u>Robinson</u> harmless error standard applies because, for the unique procedural posture of this case, the error attached not at sentencing but when the final superceding indictment was returned *after* the Government had given notice of its intent to seek the death penalty.

<u>Id</u>. at 823 (emphasis in original). According to the court, because the government provided notice of the specific Federal Death Penalty Act elements to establish death

eligibility and intent factors before the final indictment, Davis had adequate notice of the crimes charged. Id. at 829.

However, in assessing whether Davis's right to have the grand jury decide whether there was probable cause to indict on the statutorily required factors was indeed violated, the court would consider "whether, on the basis of the evidence that would have been available to the grand jury, any rational grand jury presented with a proper indictment would have charged that Davis committed the offense in question." Id. at 829.

Thus, the Government in this case is now trying to pigeon-hole Mr. Hammer into looking procedurally like Mr. Davis. This fails. First, the Government misstates the facts:

> As noted, the asserted indictment error occurred no later than 1998, following the government's filing its notice of intention to seek the death penalty and the Court's setting the case for trial.

Doc. 1357 at 10 (emphasis added). This is simply not true.

The only indictment issued by the Government in this case was filed on September 18, 1996. See Doc. 1. It filed its notice of intention to seek the death penalty against Mr. Hammer seven months later, on April 25, 1997. See Doc. 93.

In Davis, the court concluded that the grand jury would have indeed indicted the defendant's if properly presented with the necessary statutory language

concerning substantial planning and premeditation. In doing so, the court relied on the fact that the indictment itself listed eight detailed overt acts that presented abundant factual detail supporting substantial planning and premeditation. Id. at 829-830. The court concluded that the statutory death penalty factors were consistent with the overt acts laid out in the indictment. Notably, the court did not review the grand jury testimony to make this assessment. It merely reviewed the actual findings of the grand jury.

Mr. Hammer's case is not even remotely analogous. The grand jury findings in this case contain no such detail or overt acts of any kind. There is nothing this Court can infer from the indictment to conclude that if the statutory definition of intent and substantial planning and premeditation had been presented to the grand jury, they would have indicted Mr. Hammer.

This argument has no merit and should also be rejected.

E.    **Harmless Error Review Is Inappropriate In This Case Due To The Government's Misconduct Warranting This Capital Re-Sentencing Through Its Suppression Of 302 Statements That Challenge Intent and Substantial Planning and Premeditation.**

In his Brief In Support of Defendant's Motion To Bar Capital Prosecution, Mr. Hammer argued that harmless error review was inappropriate for a number of reasons. Primarily, the evidence suppressed by the Government, and thus never

presented to the grand jury, went directly to the issue of substantial planning and premeditation. United States v. David Paul Hammer, 404 F. Supp.2d 676, 789 (M.D. Pa. 2006).

Indeed, attached to its BIO, the Government has appended various testimony from the grand jury proceedings, including Special Agent Anthony S. Malocu. Agent Malocu testified at length. He also had possession of, and in many instances, actually conducted the interviews of the witnesses whose 302 statements were suppressed by the Government. To now ask this Court to review his testimony under the guise of harmless error review is repugnant.

Under these circumstances, the Government's suggestion of harmless error review should be rejected.

**F.    Conclusion.**

Jeopardy has attached. See United States v. Jorn, 400 U.S. 470, 479-480 (1971) ("For purposes of the double jeopardy clause, jeopardy attaches when a criminal trial commences before judge or jury"). The Government may not issue a superceding indictment. That is why the Government seeks a way out of its self-inflicted mess. However, the rationales it offers fail.

The indictment in this case is constitutionally flawed. It does not contain the statutory death eligibility factors or any statutory aggravating factor. It does not even

contain language that is arguably similar to the statutorily required language. Harmless error review is not warranted or appropriate. And, given the applicability of <u>Ring</u>, <u>Jones</u>, <u>Sattazahn</u> and <u>Apprendi</u>, to this case, further prosecution for death must be barred. Mr. Hammer is entitled to the relief requested in this motion.

Respectfully submitted,

/s/    Ronald C. Travis                          /s/    Michael Wiseman

Ronald C. Travis                                 Michael Wiseman
Rieders, Travis, Humphrey, Harris,               James J. McHugh, Jr.
Waters & Waffenschmidt                           James Moreno
161 West Third Street                            Federal Community Defender
PO Box 215                                       Eastern District Pennsylvania
Williamsport, PA  17703-0215                     Suite 540 – The Curtis Center
570-323-8711 (telephone)                         Philadelphia, PA 19106
570-323-4192 (facsimile)                         215-928-1100 (telephone)
rtravis@riederstravis.com                        215-928-0826 (facsimile)
                                                 Michael_Wiseman@fd.org
                                                 James_McHugh@fd.org
/s/    Anne Saunders                             James_Moreno@fd.org

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:        June 27, 2011
              Philadelphia, PA

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman