UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
|  | : |  |
| v. | : | Honorable Joel H. Slomsky |
|  | : |  |
| DAVID PAUL HAMMER, | : | Capital Case |
|  | : |  |
| Defendant | : |  |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE NON-STATUTORY AGGRAVATING FACTOR OF FUTURE DANGEROUSNESS**

Mr. Hammer, through counsel, herein submits his *Reply Brief in Support of Motion to Strike Non-Statutory Aggravating Factor of Future Dangerousness* and, in support thereof, states the following:

The government raises various objections to Mr. Hammer's motion to strike the future dangerousness aggravator. For the reasons described below and in the prior submissions, this Court should reject those objections and preclude the government from pursuing this aggravation during the resentencing proceedings.

Initially, relying on Mr. Hammer's waiver of the prior direct appeal proceedings, the government contends that this claim is waived. The government is wrong for a number of reasons. First, although the government acknowledges that Judge Muir issued an opinion denying the government's motion for

reconsideration of its order granting Mr. Hammer a new penalty hearing, it ignores that Judge Muir affirmatively indicated his intent to reconsider the propriety of permitting the government to proceed with this aggravator.  See United States v. Hammer, 2006 WL 229057 *3, n.1 (M.D. Pa. 2006).[1]

Moreover, the Court's order granting Mr. Hammer a new penalty hearing on the basis of the government's misconduct rendered the direct appeal proceedings a legal nullity and, whatever Mr. Hammer's purported position may have been with regard to issues raised during the prior direct appeal – prior to the discovery of the government's misconduct and the grant of a new penalty hearing on the basis of that misconduct – it has no relevance on this Court's determination of whether or not the government is constitutionally and statutorily precluded from presenting non-statutory future dangerousness aggravation in the resentencing.

The government's substantive objections are similarly flawed and unavailing.  Applying the current federal decisional authority regarding the future dangerousness aggravator, it is clear that neither Section 2b nor Section 2c of the

---

[1]The Court's finding that there exists a basis to reconsider prior rulings permitting the government to present this non-statutory aggravation also directly disputes any claim by the government that this Court's consideration of this issue is somehow barred by prior rulings.  See Public Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F. 3d 111, 116-17 (3d Cir. 1997) (recognizing that changed circumstances constitutes a basis for reconsidering prior rulings).

Notice of Intent is either relevant or probative to future acts of violence directed towards other inmates or staff.  In addition to not being probative or relevant to demonstrate "danger to inmates and prison staff," the age of the incidents; the fact that it involved unadjudicated criminal conduct; and, even if it had been adjudicated, the conduct would not fall within the statutory criminal records, all demonstrate that the government should be precluded from presenting evidence surrounding Sections 2b and 2c of the Notice during the resentencing.  United States v. Peoples, 74 F. Supp.2d 930, 931 (W.D. Mo. 1999).

Contrary to the government's contention, the passage of time since the threatening letters, bomb threat, and escapes and attempted escape also bears against permitting the government to pursue this aggravation.  One area of inquiry a district court should make is to determine whether "the probative value of the information is outweighed by other considerations, such as remoteness of time or danger of unfair prejudice . . . ."  United States v. O'Driscoll, 250 F. Supp.2d 432, 436 (M.D.Pa. 2002).  In the federal system, the general statute of limitations on the prosecution of criminal conduct is five years.  18 U.S.C. § 3282(a).  The Sentencing Guidelines, generally speaking, do not include as part of the calculation of an offender's criminal history crimes of conviction that date back more than 15 years.  U.S.S.G. § 4A1.2(e) (2009 Edition).  The Federal Rules of

Evidence impose a presumptive 10-year limitation on a witness' prior felony convictions for purposes of impeaching credibility.  F.R.Evid. 609(b).  By contrast, in this case, the government has reached back more than 20 years  to allege incidents of misconduct as purported support for "future dangerousness."[2] If federal law regarding non-capital offenses or the presentation of impeachment evidence precludes the admission of such stale evidence, clearly the heightened reliability requirements of a capital proceeding does.

Nor, as the government contends, are these questions better left for the jury to determine.  Doc. 1356, n.1.  This Court is charged with a duty to ensure that aggravation is "suitably directed and limited so as to minimize the risk of wholly arbitrary and  capricious action."  Gregg v. Georgia, 428 U.S. 153, 189 (1976). Determining pretrial whether or not the jury's reliance on stale evidence would render the sentencing determination inherently unreliable, arbitrary and capricious

---

[2]For these reasons, as well as those provided in the prior submissions, the government's contention that, because the alleged misconduct occurred while Mr. Hammer was in prison, it must be admitted, Doc. 1356 at 13, is meritless. Wherever it happened, the alleged misconduct is so stale and so removed that it has no reliable relevance to Mr. Hammer's purported future dangerousness and any reliance on such evidence would violate the Fifth, Eighth and Fourteenth Amendments.

is clearly part of the Court's function in a capital case.[3]  Of course, the Court's

determination – and counsel's ability to raise objections – at this point is hampered

by the government's resistance to Mr. Hammer's request for an Informational

Outline.  Mr. Hammer has drawn conclusions based on the prior proceedings but

has no idea whether the government's theory for purposes of the retrial has been

modified as a result of the passage of almost 13 years since the last trial.  This

Court certainly has an obligation to ensure that only proper and constitutionally

permissible evidence is presented to the jury.

This Court can only make that determination after learning what evidence

the government intends to present and in what manner it intends to present that

evidence.  See e.g., United States v. Karake, 370 F. Supp. 2d 275, 279 (D. D.

C.2005) ("[I]t has been uniformly recognized that . . .  the Court retains inherent

---

[3]Nor is there any legal principle precluding this Court from determining whether or not the evidence of aggravation the government expects to present is legally insufficient or otherwise so flawed as to preclude submitting that aggravation to the jury pretrial.  United States v. Frank, 8 F. Supp.2d 253, 265 (S.D. NY 1998) (noting the Court's power and obligation to exclude improper aggravation).  Similar determinations are made by Courts every day with regard to criminal counts and aggravation.  See e.g., United States v. Huet, 2010 WL 4853847 *7 (W.D. Pa. 2010) (dismissing one count of the indictment);  Indeed, it even occurred in this case.  See Docs.  193-95 (granting, in part, Defendant's motion to dismiss aggravating factors).  For this reason as well, the government's contention that the Court should sit silently by and let the jury consider this patently flawed and unconstitutional evidence is meritless.

authority to require the government to provide more specifics in order to give the defendant the opportunity to prepare for the penalty phase, as well as to provide the court with some frame of reference for ruling on objections to the death penalty notice."); United States v. Cooper, 91 F. Supp.2d 90, 111 (D.D.C.2000) (ordering greater specificity as to several aggravating factors); United States v. Frank, 8 F. Supp.2d 253, 265 (S.D. NY 1998) ("[T]the Government may not employ simply any non-statutory factor of its choice. Instead, having chosen non-statutory factors it believes appropriate to the case, the Government must submit such factors to the defendant and to the court. If the court determines that any of the factors are inappropriate or run afoul of the Supreme Court's death penalty jurisprudence, the factor will be excluded").

Mr. Hammer does not dispute that, as the government contends, there are other Circuits that have rejected some aspects of the claims raised in his motion. As noted in the prior submissions, the Third Circuit has not reached these determinations and for the reasons and authority previously presented, Mr. Hammer submits that this Court should elect not to follow the other Circuit rulings.  However, even if this Court elects to follow the decisions of other Circuits with regard to striking the entire factor, this Court should nevertheless determine that the factual and legal flaws contained in the aggravation proposed

6

by the government in support of the future dangerousness aggravator preclude presenting that evidence to the jury for the reasons described above and in the prior submissions.   The danger of prejudice; the danger of the jury's reliance on inherently unreliable and improper evidence in reaching its sentencing determination; and, the danger of depriving Mr. Hammer of a fair trial requires that this Court conduct the requested review and dismiss the aggravation.

For the reasons described above and in the prior submissions, this Court should grant Mr. Hammer's motion to strike the future dangerousness aggravator or, in the alternative, order that the government provide specific facts it intends to present and, after an evidentiary hearing, preclude the presentation of future dangerousness evidence.

Respectfully submitted,

/s/    Ronald C. Travis                        /s/    Michael Wiseman

Ronald C. Travis                              Michael Wiseman
Rieders, Travis, Humphrey, Harris,            James J. McHugh, Jr.
Waters & Waffenschmidt                        James Moreno
161 West Third Street                         Federal Community Defender
PO Box 215                                    Eastern District Pennsylvania
Williamsport, PA  17703-0215                  Suite 540 – The Curtis Center
570-323-8711 (telephone)                      Philadelphia, PA 19106
570-323-4192 (facsimile)                      215-928-1100 (telephone)
rtravis@riederstravis.com                     215-928-0826 (facsimile)
                                              Michael_Wiseman@fd.org
                                              James_McHugh@fd.org
/s/    Anne Saunders                          James_Moreno@fd.org

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:       June 27, 2011
             Philadelphia, PA

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman