# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| v. | : | Honorable Joel H. Slomsky |
| DAVID PAUL HAMMER, | : | Capital Case |
| Defendant | : | |

_____:_____

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE THE VICTIM IMPACT NON-STATUTORY AGGRAVATING FACTOR

Mr. Hammer, through counsel, herein submits his *Reply Brief in Support of Motion to Strike the Victim Impact Non-Statutory Aggravating Factor* and, in support thereof, states the following:

As described in the prior submissions, the generalized and vague manner of the wording of victim impact in the filed Notice of Intent violated the Fifth, Sixth and Eighth Amendments. In addition, because victim impact applies any time there is a death, let alone when the death is a murder, permitting the jury to consider victim impact evidence in reaching its sentencing determination also violates the Fifth, Sixth and Eighth Amendments. Moreover, as set forth in the prior submissions, in this case, where the victim's family has expressly rejected the government's decision to proceed to a resentencing, the presentation of purported victim impact further violates

the Fifth, Sixth and Eighth Amendments.

Relying on Jones v. United States, 527 U.S. 373 (1999), the government contends that each of Mr. Hammer's arguments are meritless. The government is correct that the Supreme Court did note, at that time, that the concept of victim impact evidence is proper, even considering that the fact that it was applicable to all death cases, "[s]o long as . . . victim impact factors are used to direct the jury to the individual circumstances of the case." Jones, 527 U.S. at 402. The Court went on to find that, in Jones, the victim impact factor met those requirements. The same cannot be said in this case, particularly where the victim's family has expressly stated that they want the litigation to end. Thus, in addition to being overbroad and vague, this aggravator does nothing to direct the jury to the individual circumstances of this case. Moreover, in the years since 1998, it has become clear that the vague, overbroad victim impact factor noticed in this case is essentially the same as that used by the government in just about every other capital murder case, defying any credit to a contention that the noticed factor here is useful in directing the jury to the specific circumstances of this case.

Moreover, the Jones Court rested its determination that the factors in that case were not constitutionally prohibitive on the basis of harmless error, not a conclusion that the factors, as written met the specificity requirements of the federal constitution.

2

Jones, 527 U.S. at 402. This case is pretrial. This Court can avoid the error altogether and find that the notice is insufficient as other courts have done. See e.g., United States v. Glover, 43 F. Supp. 2d 1217, 1225 (D. Kan. 1999) ("[T]he defendant is entitled to greater specificity regarding this factor"); United States v. Bin Laden, 126 F. Supp. 2d 290, 304 (S.D.N.Y. 2001) ("[a]n oblique reference to victims' 'injury, harm, and loss,' without more, does nothing to guide Defendants' vital task of preparing for the penalty phase of trial").

In the unique circumstances of the current case where family members testified during the first penalty phase hearing, but the family members have now indicated a desire for the prosecution to be terminated with no further hearings, the defense has attempted to secure through Informational Outlines how the government intends to attempt to prove this aggravating factor without the cooperation and assistance of the family. The government has resisted these attempts. As the authorities above and those set forth in the prior submissions, at least this is required to preserve Mr. Hammer's Fifth, Sixth, Eighth and Fourteenth Amendment rights.

Finally, the government is correct that Payne v. Tennessee, 501 U.S. 808, 827 (1991), stands for the proposition that the Eighth Amendment "erects no *per se* bar" to the admission of "evidence about the victim and about the impact of the murder on the victim's family." The Payne Court recognized, however, that due process

prohibits evidence which "is so unduly prejudicial that it renders the trial fundamentally unfair." Payne v. Tennessee, 501 U.S. at 825.  As Justice O'Connor noted:

> We do not hold today that victim impact evidence must be admitted, or even that it should be admitted.  We hold merely that if a State decides to permit consideration of this evidence, "the Eighth Amendment erects no *per se* bar."  *Ante,* at 2609.  *If, in a particular case, a witness' testimony or a prosecutor's remark so infects the sentencing proceeding as to render it fundamentally unfair, the defendant may seek appropriate relief under the Due Process Clause of the Fourteenth Amendment.*

Payne, 501 U.S. at 831 (O'Connor concurring).  Thus, contrary to the allusion of the government, nothing in Payne or the statute precludes this Court from  determining whether the notice is constitutionally inadequate or the evidence the government intends to present violates Mr. Hammer's rights to due process and a fair trial.  The fact that the Court may sanction the concept of victim impact evidence does not eliminate the gatekeeping responsibility of the Court regarding this most emotional and potentially volatile testimony.  See United States v. Johnson, 363 F. Supp.2d 1043, 1107 (N. Dist. Iowa 2005).

The government contends that the defense"misapprehends" the actual views of the Marti family.  The written submission by the Marti family makes clear its position.  The Marti family wants the case over and done, does not want any further

hearings, and does not want to know anything about the ongoing prosecution, let alone appear and testify at the new trial. The Marti family expressed its anger that the government rejected its position to terminate this case, (even if that would mean that Mr. Hammer receives a life sentence), to the defense victim outreach representative. To the extent there is any misapprehension of the views of the Marti family, it appears that it is with the government.

At a minimum, this Court should direct the government to provide, with specificity, as requested in Mr. Hammer's motion for an informational outline and conduct a full and proper review to determine whether the noticed factor is constitutionally sufficient and whether the proposed evidence violates Mr. Hammer's Fifth, Sixth, Eighth and Fourteenth Amendment rights. Although the government has alluded that "much can happen" regarding the position of the Marti family between now and the time of trial, these determinations should be made now based on the status and circumstances of the case.

For the reasons described above and in the prior submissions, this Court should grant Mr. Hammer's motion or, at a minimum, direct the government to provide the required specificity in an informational outline and, following supplemental briefing, conduct a full review and strike this aggravating factor.

Respectfully submitted,

/s/    Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/    Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:       June 27, 2011
                 Philadelphia, PA

/s/    Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/     Michael Wiseman

Michael Wiseman