## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID PAUL HAMMER, | : | Capital Case |
| | : | |
| Defendant | : | |
| _____ | : | _____ |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE THE SUBSTANTIAL PLANNING AND PREMEDITATION AGGRAVATING FACTOR

Mr. Hammer, through counsel, herein submits his *Reply Brief in Support of Motion to Strike the Substantial Planning and Premeditation Aggravating Factor* and, in support thereof, states the following:

As described in the Motion, the substantial planning and premeditation Notice of Intent asserts that Mr. Hammer did one of two things: (1) caused the death of a person, or (2) committed an act of terrorism. Clearly "commit an act of terrorism" has absolutely no relationship to the events which occurred in the Special Housing Unit at USP Allenwood in April of 1996. That this allegation appears in the filed Notice of Intent demonstrates that the government believes "adequate notice" is accomplished by blindly repeating the words of the statute, even though they clearly do not apply to the instant prosecution. See 18 U.S.C.§3592(c)(9). For some

inexplicable reason, the government does not even concede that the "or commit an act of terrorism" section should be stricken from the Notice.

Also as described in the prior submissions, Mr. Hammer's challenge to the statutory aggravating factor of substantial planning and premeditation had not been considered by the Third Circuit or the Supreme Court.  Although these issues have been rejected by other Circuits, the opinions themselves demonstrate the very inability of the courts to fashion a specific constitutional definition of the word "substantial" in the context of the statutory aggravating factor thus rendering it unconstitutionally vague.

The cases relied on by the government provide little further guidance. United States v. Barnette, 390 F.3d 775 (4th Cir. 2004), did not involve a vagueness challenge and, instead, involved a limited challenge to the failure to include the aggravating factor in the indictment.  The court found that the facts alleged in the indictment were sufficient to place the defendant on notice of the aggravator and, in any event, the error was harmless.  Id. 390 F. 3d at 786.  While the court did articulate a definition of the aggravator outlined in two other cases:  United States v. Jackson, 327 F.3d 273, 301 (4th Cir. 2003) and United States v. Tipton, 90 F.3d 861, 896 (4th Cir. 1996), it did so in its analysis of the indictment challenge, not a vagueness challenge.

In <u>United States v. Tipton</u>, 90 F.3d 861 (4th Cir. 1996), the case quoted in both <u>Jackson</u> and <u>Barnette</u>, the court considered a vagueness challenge, but did so under the plain error standard because there had been no pretrial vagueness challenge. <u>Id.</u> 90 F.3d at 895. The court recognized that the Supreme Court had indicated that the term "substantial" may have quite different, even contrary, meanings, depending on the context. <u>Id.</u> The court went on to determine that, as a result of the court's instructions, the jury could only have understood substantial "to mean a higher degree of planning than would have the words "planning and premeditation" alone – i.e., more than the minimum amount sufficient to commit the offense." <u>Id.</u> 90 F. 3d at 896. The instructions, however, indicated that substantial planning means "planning that is considerable, or ample for the commission of a crime at issue in this case: murder." <u>Id.</u> Thus, under the Fourth Circuit, substantial for purposes of substantial planning and premeditation is either "ample for the commission of a crime," "considerable for the commission of a crime," or, "more than the minimum amount sufficient to commit the offense." 90 F.3d at 896

In <u>United States v. McCullah</u>, 76 F.3d 1087 (10th Cir. 1996), another postconviction appeal, the defendant did raise a vagueness challenge. In rejecting the claim, the Tenth Circuit concluded that "substantial" clearly has the common sense meaning of "considerable in quantity; significantly large." 76 F. 3d at 1110. <u>United</u>

States v. Bourgeois, 423 F.3d 501 (5th Cir. 2005), rejected the vagueness challenge without indicating how "substantial" had been explained to the jury. In United States v. McVeigh, 944 F.Supp. 1478, 1490 (D.Colo. 1996), the Court rejected the vagueness challenge on the basis that "substantial" had a common sense meaning, yet failed to indicate what it believed the common sense meaning was.

In short, what is clear by the Circuit precedent is that nothing is clear when it comes to what is meant by "substantial." The lack of any uniform definition of this term prevents this part of the aggravator from performing its required "narrowing" function and invites jurors to apply their own definition and rendering the application of this aggravator arbitrary and capricious.

For the reasons described above and in the prior submissions, this Court should grant Mr. Hammer's motion and strike this aggravating factor.

Respectfully submitted,

/s/    Ronald C. Travis                      /s/    Michael Wiseman

Ronald C. Travis                            Michael Wiseman
Rieders, Travis, Humphrey, Harris,          James J. McHugh, Jr.
Waters & Waffenschmidt                      James Moreno
161 West Third Street                       Federal Community Defender
PO Box 215                                  Eastern District Pennsylvania
Williamsport, PA  17703-0215                Suite 540 – The Curtis Center
570-323-8711 (telephone)                    Philadelphia, PA 19106
570-323-4192 (facsimile)                    215-928-1100 (telephone)
rtravis@riederstravis.com                   215-928-0826 (facsimile)
                                            Michael_Wiseman@fd.org
/s/    Anne Saunders                        James_McHugh@fd.org
                                            James_Moreno@fd.org
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:        June 27, 2011
              Philadelphia, PA

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman