## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID PAUL HAMMER, | : | Capital Case |
| | : | |
| Defendant | : | |
| _____ | : | _____ |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DECLARE THE FEDERAL DEATH PENALTY ACT UNCONSTITUTIONAL

Mr. Hammer, through counsel, herein submits his *Reply Brief in Support of Motion to Declare the Federal Death Penalty Act Unconstitutional* and, in support thereof, states the following:

The Government raises various misleading and inconsistent objections to Mr. Hammer's Motion to Declare the Federal Death Penalty Act ("FDPA") unconstitutional.  For the reasons described below and in the prior submissions, this Court should reject those objections and declare the FDPA unconstitutional.

Initially, relying on Mr. Hammer's waiver of the prior direct appeal proceedings in 2000, the government contends that this claim is "abandoned."  Doc. 1360 at 4.  The government is wrong.  The Court's order granting Mr. Hammer a new penalty hearing on the basis of the government's misconduct rendered the direct

appeal proceedings a legal nullity and, whatever Mr. Hammer's purported position may have been with regard to issues raised during the prior direct appeal – prior to the discovery of the government's misconduct and the grant of a new penalty hearing on the basis of that misconduct – it has no relevance on this Court's determination of whether or not the FDPA is unconstitutional.

The government's substantive objections are similarly flawed and unavailing. The government concedes, as it must, that the constitutionality of the FDPA "hinges" on a finding by this Court that this statute creates a process that limits the potential for arbitrariness and promotes "heightened reliability in death sentencing." Doc. 1360 at 5-6. As discussed in greater detail in defendant's *Reply Brief in Support of Motion to Declare the Federal Death Penalty Act Unconstitutional Because it is Incomprehensible to Jurors and Results in the Arbitrary Application of the Death Penalty* the FDPA utterly fails in promoting any reliability in death sentencing, let alone "heightened" reliability.

Despite Judge Muir's careful instructions to the jury, and despite all of the procedural safeguards of the FDPA, it is indisputable that the jury in this case made 48 errors in arriving at this erroneous death sentence. Clearly, the FDPA does not and cannot meet this standard of "heightened reliability in death sentencing."

The FDPA was enacted in 1994 eight years before the Supreme Court's landmark decision in <u>Ring v. Arizona</u> 536 U.S. 584 (2002). Relying on <u>Ring</u>, three state supreme courts found their death penalty statutes unconstitutional because these statutes did not require a finding that aggravating circumstances outweighed mitigating circumstances – beyond a reasonable doubt.[1] The government in its response, without discussion, simply dismisses these three state supreme court decisions as "not controlling" because these courts "conflate fact-finding with weighing." Doc. 1360 at 13. Instead, the government argues that the defendant's claims under <u>Ring</u> are "foreclosed" in light of the decisions of three federal Circuit Court of Appeals.

In the first case cited by the government, <u>United States v. Barrett</u>, 496 F. 3d 1079 (10th Cir. 2007) the Tenth Circuit did not even deal with the FDPA. Rather, it was reviewing 21 U.S.C. §848 (intentional killing during the commission of a drug trafficking crime). In the second case cited by the government, <u>United States v. Sampson</u>, 486 F. 3d 13 (1st Cir. 2007), the First Circuit did in fact address <u>Ring</u> challenges to the FDPA. These challenges, however, did not involve the one presented to this Court: that the FDPA is unconstitutional because it does not require

---

[1]Nevada in <u>Johnson v. State</u>, 59 P. 3d 450 (2002); Missouri in <u>Missouri v. Whitefield</u> 107 S. W. 3d 253 (2003); and Colorado in <u>Woldt v. Colorado</u>, 64 P. 3d 256 (2003).

a finding that the aggravating factors outweigh the mitigating factors beyond a reasonable doubt, before a death verdict can be rendered. In the final case cited by the government, United States v. Fields, 483 F. 3d 313 (5th Cir. 2007), the Fifth Circuit did consider and deny the very same Ring challenge presented by defendant's motion herein.

Thus, to summarize, since the Ring decision, three state supreme court's have considered the challenge presented here by the defense and sided with the defense position and one federal court of appeals has considered the challenge presented here by the defense and sided with the government. The Third Circuit Court of Appeals and the Supreme Court have not ruled on this question. This Court should side with the Supreme Court's of Nevada, Missouri and Colorado and find that the FDPA is unconstitutional because it –like the death penalty statutes in those states – does not require a finding that the aggravating factors outweigh the mitigating factors beyond a reasonable doubt, before a death verdict can be rendered.

The government next argues that the defendant's claim that the FDPA violates the evolving "standards of decency" of the Eighth Amendment is foreclosed by the Supreme Court's 1976 decision in Gregg v. Georgia, 428 U.S. 153 (1976) and the Second Circuit's 2002 decision in United States v. Quinones, 313 F. 3d 49 (2d Cir. 2002). Government's Response at 17. This argument is meritless.

In 2002 in <u>Atkins v. Virginia</u>, 536 U.S. 304 (2002) and in 2005 in <u>Roper v. Simmons</u>, 543 U.S. 551 (2005) the Supreme Court utilizing this very standard ruled that the death penalty was cruel and unusual and therefore unconstitutional as it pertains to juveniles and those with mental retardation.  Furthermore, in just the last four years, four states have abolished the death penalty under all circumstances: New York (2007), New Jersey (2009), New Mexico (2009) and Illinois (2011).

Clearly, the standards of decency – as they pertain to the death penalty – have been evolving.  This Court like the Supreme Court in <u>Atkins</u> and <u>Roper</u> has the power and the duty to take notice of this evolution and apply it to the FDPA.

Respectfully submitted,

/s/    Ronald C. Travis                                    /s/    Michael Wiseman

Ronald C. Travis                                          Michael Wiseman
Rieders, Travis, Humphrey, Harris,                        James J. McHugh, Jr.
Waters & Waffenschmidt                                    James Moreno
161 West Third Street                                     Federal Community Defender
PO Box 215                                                Eastern District Pennsylvania
Williamsport, PA  17703-0215                              Suite 540 – The Curtis Center
570-323-8711 (telephone)                                  Philadelphia, PA 19106
570-323-4192 (facsimile)                                  215-928-1100 (telephone)
rtravis@riederstravis.com                                 215-928-0826 (facsimile)
                                                          Michael_Wiseman@fd.org
/s/    Anne Saunders                                      James_McHugh@fd.org
                                                          James_Moreno@fd.org
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:        June 27, 2011
              Philadelphia, PA

**Certificate of Service**

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman