UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
|  | : |  |
| v. | : | Honorable Joel H. Slomsky |
|  | : |  |
| DAVID PAUL HAMMER, | : | Capital Case |
|  | : |  |
| Defendant | : |  |
| _____ | : | _____ |

**DEFENDANT'S BRIEF IN REPLY TO GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE THE CAPITAL PROSECUTION OR, IN THE ALTERNATIVE, DISMISS THE INTENT FACTORS AND/OR SUBSTANTIAL PLANNING AND PREMEDITATION AGGRAVATING FACTOR BECAUSE THE GOVERNMENT'S DELIBERATE FAILURE TO DISCLOSE EXCULPATORY MATERIALS DIRECTLY DISPUTING THE GOVERNMENT'S CASE VIOLATED MR. HAMMER'S FIFTH, SIXTH AND EIGHTH AMENDMENT RIGHTS**

Defendant, David Paul Hammer, moved to preclude the capital prosecution or alternatively to dismiss the intent factors and/or the specific aggravating factors based on the government's violation of Brady v. Maryland, 373 U.S. 83 (1963), combined with the death of three of the four witnesses whose exculpatory evidence was suppressed. See Docs. 1334 (Motion); 1335 (Brief in Support). The government filed it's *Brief in Opposition* (hereafter *BIO*) and Mr. Hammer files this Reply.

The government's opposition can be categorized as follows:

1.    Mr. Hammer cannot obtain the requested relief because he did not exercise due diligence when he failed to take the depositions of the deceased witnesses pursuant to Rule 15 (a)(1) after discovering the suppressed evidence (Doc. 1355 at 6-7);

2.    The questioned witnesses have only "minimal" value to Mr. Hammer's defense (Doc. 1355 at 8-16); and

3.    There was no <u>Brady</u> violation (Doc. 1355 at 16-21).

Each of these arguments is meritless.  Mr. Hammer is entitled to the relief he seeks.

**1.    The Rule 15 Argument.**

The government asserts that the requested relief is unavailable to Mr. Hammer because he failed to seek to take the trial depositions of the now deceased witnesses, Ball, Guerrero and Fowler pursuant to Fed.R.Crim.P. 15.[1]  Thus, in the government's view, Mr. Hammer is at fault for the unavailability of these witnesses at his upcoming retrial.  While creative, albeit somewhat galling, the government's argument has

---

[1]Rule 15 states, in relevant part:

Rule 15. Depositions
(a) When Taken.  (1) In General.  A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

several significant flaws.

The government provides the date of death of each of the three: Ball died on May 13, 2008, Guerrero died on December 7, 2008 and Fowler passed on August 5, 2005. ( Doc. 1355 at 4-5).  These dates are of significance for the following reasons.

**Fowler**.  Mr. Fowler's passing on August 5, 2005 occurred while the 2255 proceedings were in progress and **before** the September 21, 2005 discovery of the 302s that formed the basis for Judge Muir's grant of Brady relief.  Obviously, counsel cannot be faulted for not preserving the testimony of a witness who died before the potential significance of his testimony was available to counsel.

**Ball and Guerrero**.  Mr. Hammer filed his notice of appeal on February 7, 2006 and the government filed it's notice of cross-appeal on February 24, 2006 (Docs. 1228, 1231).  Each of these men passed away in 2008 while Judge Muir's decision on the 2255 Motion was being appealed and cross-appealed in the Court of Appeals.  The filing of a notice of appeal "is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  Griggs v. Providence Consumer Discount Company, 459 U.S. 56, 58 (1981).  Therefore, from February 7, 2006 until the Court of Appeals issued its opinion dismissing the appeal and cross appeal on May 11, 2009 (United States v. Hammer, 564 F3d 628 (3d Cir. 2009)), the

3

district court lacked jurisdiction to order a Rule 15 trial deposition.

The government fails to explain how Mr. Hammer could have availed himself of the Rule while the case was before the Court of Appeals from February 2006 until May 2009. Absent jurisdiction, the district court would have been unable to even consider a request for a trial deposition under the Rule, much less granted it.[2]

The two cases cited by the government do not provide this answer. United States v. Keithan, 751 F.2d 9, 12 (1st Cir. 1984) (endorsing Rule 15 depositions of elderly government witnesses) and Furlow v. United States, 644 F.2d 767 (9th Cir. 1981) (same) (Doc. 1355 at 6-7), are simply appellate decisions endorsing the practice of taking trial depositions under appropriate circumstances. Neither even begins to address the jurisdictional problem attendant to the course the government argues should have been followed by Mr. Hammer.

The government has not suggested how Mr. Hammer could have overcome this jurisdictional obstacle to invoking the Rule 15 procedure and defense counsel have been unable to find any authority addressing this unique setting. Safe to say, that

---

[2]The government suggests that since Mr. Hammer has moved for the Rule 15 depositions of several witnesses after this case was returned from the Court of Appeals, that "defense counsel appear to be well aware of this means for saving information from important witnesses" Doc. 1355 at 7. Counsel of course are aware of Rule 15. However, that awareness does not provide an answer to the jurisdictional impediment to having moved under Rule 15 while the case was not before this Court.

since the government alleges that Mr. Hammer failed to act with due diligence, it is incumbent on the government to explain how diligent counsel could have followed this suggested course.

The government's proposed course of action has a second flaw. Nowhere does it explain how either party had any idea that these witnesses were in ill health, much less in terminal condition. If either party could be charged with such knowledge, it is the United States, whose Bureau of Prisons is responsible for providing for the serious medical needs of their prisoners. See e.g. Estelle v. Gamble, 429 U.S. 97 (1976) (prison officials may not be "deliberately indifferent" to prisoner's "serious medical needs.").

The government's suggestion that Mr. Hammer should have availed himself of the Rule 15 mechanism has an ironic twist, as well. Rule 15 depositions are disfavored, as opposed to the favored use of depositions in a civil case. United States v. Ismaili, 828 F.2d 153, 159 (3d Cir. 1987) (referring to "favored use of depositions in a civil context, and their disfavored use in the criminal context.").[3] Thus, in order to obtain leave of court to conduct a Rule 15 deposition, a defendant must show that the testimony of the proposed witness is required by "exceptional circumstances" and

---

[3]Ismaili discussed the Rule prior to and subsequent to its 1975 amendments. The features of the Rule discussed herein are the same before and after the amendments.

that the testimony would be "material" and "exculpatory" Id., 158-59 ("The burden of proof rested with the party seeking to conduct the deposition to demonstrate both unavailability and materiality . . .Notwithstanding the 1975 amendment of Rule 15(a) . . . materiality (of the testimony) . . . remain[s] critical.").

Thus, by suggesting that Mr. Hammer could have prevailed in a Rule 15 application, the government in effect concedes the materiality of the information that could have been provided by the these witnesses, in direct contravention of the position it has steadfastly maintained – that the information that these prisoner witnesses possessed was not material.  Indeed, the government takes this very position in its *Brief in Opposition*.  See Doc. 1355 at 8 ("The Prospective Witnesses' Testimony Had Minimal, If Any, Value to the Defense.")

### 2 & 3.    The Questioned Witnesses Have Only "Minimal" Value to Mr. Hammer's Defense and There Was No Brady Violation.

The lion's share of the government's *Brief in Opposition* is devoted to convincing this Court that there really was no Brady violation and that the questioned witnesses really are not that important, *viz.*, material, to the defense.  Mr. Hammer addresses these arguments together, and briefly.

Judge Muir has already found that there was a <u>Brady</u> violation.  That is now the law of this case.  The "law of the case" doctrine provides "that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983).  Part and parcel of Judge Muir's finding was that the proposed testimony of these witnesses was "material."   The prior finding of materiality trumps the government's predictable arguments that the evidence was only of "minimal" value.

## CONCLUSION

The government asserts that the remedy sought by Mr. Hammer is "out of proportion to any prejudice the defense may have suffered." Doc. 1355 at 22.  Where, as in this case, the government withheld material, exculpatory evidence for nine years directly disputing critical prosecution evidence and argument in support of Mr. Hammer's death, the remedies suggested by Mr. Hammer are appropriate and warranted.

Respectfully Submitted,

/s/    Ronald C. Travis                              /s/    Michael Wiseman

Ronald C. Travis                                    Michael Wiseman
Rieders, Travis, Humphrey, Harris,                  James J. McHugh, Jr.
Waters & Waffenschmidt                              James Moreno
161 West Third Street                               Federal Community Defender
PO Box 215                                          Eastern District Pennsylvania
Williamsport, PA  17703-0215                        Suite 540 – The Curtis Center
570-323-8711 (telephone)                            Philadelphia, PA 19106
570-323-4192 (facsimile)                            215-928-1100 (telephone)
rtravis@riederstravis.com                           215-928-0826 (facsimile)
                                                    Michael_Wiseman@fd.org
                                                    James_McHugh@fd.org
/s/    Anne Saunders                                James_Moreno@fd.org

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:        June 26, 2011
              Philadelphia, PA

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/   Michael Wiseman
Michael Wiseman