UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :   Criminal No. 4:CR-96-0239
                             :
            v.               :   (Judge Slomsky)
                             :
 DAVID PAUL HAMMER           :   **ELECTRONICALLY FILED**

**BRIEF IN SUPPORT OF
MOTION FOR RECONSIDERATION OF ¶ 2 OF ORDER DATED JUNE 13, 2011**

**Procedural History.**

Relevant procedural history is set out in the prosecution's motion for relief which is being filed simultaneously.

**Statement of Facts.**

Pertinent details are included in Government Exhibit 1. This is a sworn statement from Associate Warden Church.

**Issue.**

Whether, given defendant's background, the physical characteristics of the video-conferencing room at the prison, and the presence of members of Hammer's legal team and staff, this Court should reconsider part of ¶ 2 of its order dated June 13, 2011, and allow prison officials to maintain defendant in hand restraints which will still allow him to write during the proceeding set for June 30, 2011.

1

**Argument.**

Introduction

It is not known whether anyone from this Court's staff contacted supervisory officials at the Terre Haute penitentiary before issuing its order of June 13, 2011, which precluded correctional personnel from placing hand restraints on defendant during the upcoming hearing.  When this Court's order became known, it was forwarded to those prison officials who expressed concern.

Defense counsel was contacted.  After consultation with Hammer, they declined to have their client in any form of hand restraints.  Consequently, the issue is framed over the Bureau of Prisons' concerns over the safety and security of personnel.

Terre Haute officials believe that even in restraints, defendant has the ability to write, having sufficient mobility for that purpose.  This is the sole reason why this Court ordered that restraints not be utilized in the first place.  Moreover, it is the general practice of Federal Death Row, the Special Confinement Unit, at Terre Haute, that inmates be in hand restraints.

It is submitted that given the nature of the physical surroundings of Terre Haute, the presence of civilians and prison staff who would be at risk if defendant were not in hand restraints and Hammer's background, this Court should reconsider

2

its prior order and allow for defendant to remain in hand restraints. Deference to prison officials in this matter is appropriate.

<u>Considering Prison Security</u>

Defendant presently is housed in the Special Confinement Unit at Terre Haute. He is one of more than 40 inmates who have (or had in his case) a federal sentence of death imposed.

Inmates such as Hammer are required to be in restraints at all times when they are out of their cell. In addition, as a maximum custody inmate, staff must be with him at all times.

The area within the Special Confinement Unit at which the video-conference is to take place is a large open room, unlike a usual visitation area in which there are some physical barriers separating persons. Added to the concern is that someone from Hammer's defense team is scheduled to sit in on the hearing nearby him. As Associate Warden Church indicated, "the presence of a member of the public dramatically increases concerns for safety and security."

Hammer is hardly a neophyte to the criminal justice system let alone a correctional setting. Associate Warden Church's concern is based on past incidents in Hammer's correctional career. He engaged in the early 1990's in a hostage situation at the Lompoc Penitentiary. Defendant obviously killed another inmate while in custody. In September 1997, during a hypnotic

interview with defense experts, defendant, or his alter "Jocko," arose from the chair in which he was shackled and lunged towards Drs. Dubin and Sadoff.

The above-referenced rendition does not include all acts of violence directed towards prison staff.  Suffice it to say that Terre Haute officials do not want a repeat of any of the episodes described above.

Federal courts in Southern Indiana, which are familiar with Federal Death Row, as well as the Seventh Circuit which supervises that district court, have noted that the SCU and its inhabitants present special and legitimate security concerns for which judicial deference is appropriate.  *Hammer v. Ashcroft,* 570 F.3d 798, 803 (distinct press access policy) (7th Cir. 2009); *Entertainment Network, Inc. v. Lapin*, 134 F. Supp. 2d 1002, 1018 (S.D. Ind. 2001).

Reference can be made to *Turner v. Safety*, 482 U.S. 78 (1978), which sets out how this Court should review Terre Haute's request that defendant remain in handcuffs.  This analysis is as follows.

> *Turner* listed four factors which are relevant to a determination of the reasonableness of prison regulations and practices: 1) Whether there is a valid, rational connection between the prison regulation and the legitimate, neutral governmental interest; 2) If alternative means of exercising the constitutional right remain open to prison inmates; 3) The impact an accommodation of the asserted right would have on the guards

4

> and other inmates, and on the allocation of prison resources; and 4) The absence of ready alternatives.  482 U.S. at 89-91, 107 S. Ct. 2254.

*Entertainment Network, Inc. v. Lapin*, 134 F. Supp. 2d at 1017.

Government Exhibit 1 highlights the difficulties inherent in Hammer's request.  This is exacerbated by the presence of civilians in the area proximate to defendant during the video-hearing.

Assuming *arguendo* that Hammer has a Constitutional right to be able to write, this can occur despite the use of hand restraints.  His handwriting may not be as legible but also a transcript of the proceeding doubtlessly will be prepared for the proceeding, and defendant will be able to discuss matters with members of the legal team present.

Staff concern would be greatly reduced if handcuffs were utilized.  In the event this Court declines to reconsider its order, additional officers may also be required to be present at the ready and able to respond to any incident.

The optimum situation for safety would be to keep defendant in complete hand restraints.  Even one hand in restraints would be better than allowing defendant to have both hands unrestrained.

As Justice Rhenquist observed

> Maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained

constitutional rights of both convicted prisoners and pretrial detainees. '[C]entral to all other corrections goals is the institutional *547 consideration of internal security within the corrections facilities themselves.' *Pell v. Procunier, supra*, 417 U.S. at 823, 94 S. Ct. at 2804; see *Jones v. North Carolina Prisoners' Labor Union, supra*, 433 U.S. at 129, 97 S. Ct. at 2540; *Procunier v. Martinez*, 416 U.S. 396, 412, 94 S. Ct. 1800, 1810, 40 L. Ed. 2d 224 (1974). Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry.  *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979).  Accordingly, we have held that even when an institutional restriction infringes a specific constitutional guarantee, such as the First Amendment, the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security. *Jones v. North Carolina Prisoners' Labor Union, supra*, 433 U.S. at 129, 97 S. Ct. at 2540; *Pell v. Procunier, supra*, 417 U.S. at 822, 826, 94 S. Ct. at 2804, 2806; *Procunier v. Martinez, supra*, 416 U.S. at 412-414, 94 S. Ct. at 1810-1812.

In accordance with this precedent, this Court is urged to defer to the views of prison authorities regarding what security needs exist.

**Conclusion.**

For the above-stated reasons, the United States respectfully requests that this Honorable Court reconsider ¶ 2 of its order dated June 13, 2011, and allow prison officials to maintain defendant in hand restraints during the June 30, 2011, video-conference.

Respectfully submitted,

PETER J. SMITH
United States Attorney


By  s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA ID 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Dated:  June  27 , 2011

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :  Criminal No. 4:CR-96-0239
                          :
              v.          :  (Judge Slomsky)
                          :
 DAVID PAUL HAMMER        :  **ELECTRONICALLY FILED**


### CERTIFICATE OF SERVICE

     I hereby certify that I caused a true and correct copy of the foregoing

**BRIEF IN SUPPORT OF**
**MOTION FOR RECONSIDERATION OF ¶ 2 OF ORDER DATED JUNE 13, 2011**

to be electronically mailed on June __27__, 2011, to:

ADDRESSEE:     Ronald C. Travis, Esquire
               rtravis@riederstravis.com

               Michael Wiseman, Esquire
               Michael_Wiseman@fd.org




                     __s/Frederick E. Martin_____
                     FREDERICK E. MARTIN
                     Assistant United States Attorney