# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| v. | : | Honorable Joel H. Slomsky |
| DAVID PAUL HAMMER, | : | Capital Case |
| Defendant | : |  |

**MOTION TO PRECLUDE THE GOVERNMENT FROM ADMITTING ANY EVIDENCE AND/OR REBUTTAL EVIDENCE OBTAINED DURING ASSISTANT UNITED STATES ATTORNEYS MELLIN'S AND MARTIN'S RECENT ILLEGITIMATE AND UNCONSTITUTIONAL SEARCH OF MR. HAMMER'S CELL; TO DISQUALIFY ASSISTANT UNITED STATES ATTORNEYS MARTIN AND MELLIN; AND/OR SCHEDULE A HEARING AND FULL DISCLOSURE**

Mr. Hammer, through counsel, herein submits his *Motion to Preclude the Government from Admitting Any Evidence And/or Rebuttal Evidence Obtained During Assistant United States Attorneys Mellin's and Martin's Recent Illegitimate and Unconstitutional Search of Mr. Hammer's Cell; to Disqualify Assistant United States Attorneys Martin and Mellin; and Schedule a Hearing and Full Disclosure*, and in support thereof, states the following:

1. This matter is before the Court for capital resentencing following the partial grant of section 2255 relief. United States v. David Paul Hammer, 404 F. Supp. 2d 676, 800 (M.D. Pa. 2005).

2.      Following the above decision, the Department of Justice conducted a review to determine whether or not it would elect to continue to pursue a capital prosecution or conversely would de-authorize the capital prosecution.  Defense counsel provided submissions to both the United States Attorney for the Middle District and the Department of Justice Capital Crimes Unit.  On January 7, 2011, the Government announced it's decision to continue this matter as a capital prosecution when it filed a Motion for Penalty Phase Proceeding.  Doc. 1300.

3.      Counsel for both parties recently traveled to Terre Haute, Indiana, for the purposes of conducting depositions of elderly witnesses.

4.      On or about, July 11, 2011, Assistant United States Attorneys Frederick Martin and Steven Mellin were with Attorneys Travis and McHugh in Terre Haute, Indiana, for purposes of taking depositions.  On that date, Mr. Martin mentioned to counsel that he intended to go to the Federal Prison (where Mr. Hammer is presently housed), the next day to attempt to obtain prison documents that remain undisclosed.

5.      On July 12, 2011, Janel Trivelpiece, an investigator with the Federal Public Defender, Middle District of Pennsylvania, was scheduled to visit Mr. Hammer.  During that visit, Ms. Trivelpiece and Mr. Hammer saw Mr. Martin and Mr. Mellin taking what appeared to be a "tour" of the death row unit.

6.      Subsequently, counsel learned, as part of that the "tour," Mr. Mellin and

Mr. Martin were provided access to Mr. Hammer's cell in his absence.  Mr. Martin and Mr. Mellin were inside Mr. Hammer's cell for no less than ten minutes.  The contents of Mr. Hammer's cell included attorney/client communications that involved attorney work-product.  As of the filing of this document, counsel has not heard from Mr. Martin or Mr. Mellin regarding their purpose in entering Mr. Hammer's cell and remaining inside his cell for ten minutes.  Having not been notified that Mr. Mellin and Mr. Martin intended to conduct a search of Mr. Hammer's cell before the search occurred, counsel, and Mr. Hammer, were hardly in a position to object.

7.    It does not appear that it was necessary to view Mr. Hammer's cell in order to view a "death row" cell as there were multiple other alternatives that would have provided Mr. Mellin and Mr. Martin this view.  Nor is there any indication that Mr. Mellin and Mr. Martin entered Mr. Hammer's cell on the basis of some security concern and, even if that were true, the more appropriate individual to conduct such a search would have been institutional staff, not the Assistant United States Attorneys charged with prosecuting Mr. Hammer's resentencing.  Thus, it appears that the sole purpose for the search of Mr. Hammer's cell was to obtain evidence either supporting aggravation evidence or disputing mitigation evidence in the resentencing hearing.

8.    Although *prison* officials are permitted to conduct random searches in order to ensure the security of the institution, (see Hudson v. Palmer, 468 U.S. 517

(1984)), where, as here, there was no institutional purpose to conduct a search of Mr. Hammer's cell and it was initiated by the prosecuting attorneys as opposed to prison officials, the search violated Mr. Hammer's Fourth Amendment rights and any and all evidence obtained as a result of that search, as well as other evidence obtained elsewhere arising from information obtained during that search must be suppressed. See United States v. Cohen, 796 F.2d 20, 23-24 (2nd Cir. 1986) (concluding that the search of an inmate's cell at the direction of the Assistant United States Attorney had no institutional security purpose and violated the inmate's constitutional rights).

9.      Moreover, as this search was conducted without notice to counsel and outside Mr. Hammer's presence, there is no way that counsel can determine what information was obtained by the prosecutors during the search, nor can counsel make a reasonable determination of the nature and extent the prosecutors' misconduct has, and will, taint Mr. Hammer's penalty hearing. There is, however, a reasonable probability that the prosecutors were exposed to attorney work product or attorney/client communications.

10.     For these reasons, counsel submits that suppression alone does not remedy the constitutional violations. Instead, Mr. Hammer requests a hearing to determine the extent of the taint arising from the prosecution's misconduct. Counsel further requests that this Court direct a full accounting and disclosure regarding the

4

circumstances leading up to the search of Mr. Hammer's cell, the search itself, any further action taken by Mr. Martin, Mr. Mellin or any other Government agent as a result of that search, and full disclosure of any and all items seized, and/or viewed, by Mr. Martin and Mr. Mellin during that search.

11.    Finally, the area surrounding Mr. Hammer's cell is under videotaped surveillance.  It is counsel's understanding that the tapes are retained for a short period of time.  As the videotape may very well answer a number of questions raised by the conduct of Mr. Mellin and Mr. Martin on July 12, 2011, Mr. Hammer further requests that this Court issue an order directing the Bureau of Prisons, Terre Haute USP to preserve any and all videotapes of the area surrounding Mr. Hammer's cell for July 12, 2011.  A separate proposed order for preservation of those videotapes is attached.

WHEREFORE, for the foregoing reasons, Mr. Hammer, through counsel, respectfully requests that this Court grant his *Motion to Preclude the Government from Admitting Any Evidence And/or Rebuttal Evidence Obtained During Assistant United States Attorneys Mellin's and Martin's Recent Illegitimate and Unconstitutional Search of Mr. Hammer's Cell; to Disqualify Assistant United States Attorneys Martin and Mellin; and Schedule a Hearing and Full Disclosure*.

Respectfully submitted,

/s/     Ronald C. Travis

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/s/     Anne Saunders

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org


Dated:        July 18, 2011
                    Philadelphia, PA

/s/     Michael Wiseman

Michael Wiseman
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman