## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID PAUL HAMMER, | : | Capital Case |
| | : | |
| Defendant | : | |
| _____ | : | _____ |

**BRIEF IN SUPPORT OF MOTION TO DISQUALIFY ASSISTANT UNITED STATES ATTORNEYS MARTIN AND MELLIN FROM PROSECUTING THIS CASE OR, IN THE ALTERNATIVE, TO PRECLUDE THE GOVERNMENT FROM ADMITTING ANY EVIDENCE AND/OR REBUTTAL EVIDENCE OBTAINED DURING A RECENT ILLEGITIMATE AND UNCONSTITUTIONAL SEARCH OF MR. HAMMER'S CELL**

Mr. Hammer, through counsel, herein submits his *Brief in Support of Motion to Disqualify Assistant United States Attorneys Martin and Mellin from Prosecuting this Case Or, in the Alternative to Preclude the Government from Admitting Any Evidence And/or Rebuttal Evidence Obtained During a Recent Illegitimate and Unconstitutional Search of Mr. Hammer's Cell*, and in support thereof, states the following:

As described in the *Motion*, the prosecutors assigned to Mr. Hammer's resentencing hearing conducted a search of Mr. Hammer's cell without notice to counsel or Mr. Hammer. Also as described in the *Motion*, there was no institutional

security reason for the search.  Instead, it appears that the search was conducted for the sole purpose of obtaining information and/or evidence to be used by the prosecutors in support of their theory that Mr. Hammer should be executed.

As the Second Circuit has noted, despite an inmate's prisoner status, "[t]he door on prisoner's rights against unreasonable searches has not been slammed shut and locked." United States v. Cohen, 796 F.2d 20, 23 (2nd Cir. 1986).  There is no question that a prisoner can be subjected to searches, including random searches, by the prison in order to ensure the security of that institution.  Hudson v. Palmer, 468 U.S. 517 (1984).  Where, as here, the purpose of the search had nothing whatsoever to do with security, and was conducted by the prosecution team, as opposed to institutional staff, the search violated Mr. Hammer's Fourth and Fourteenth Amendment rights and all information, evidence and materials obtained as a result of that search must be suppressed.  Cohen, 796 F.2d at 23-24.

Moreover, the error is not limited to an illegal search.  In addition, the search violated Mr. Hammer's Sixth Amendment rights because both Mr. Mellin and Mr. Martin were exposed to attorney work product and attorney/client privileged communications.  In light of the clear misconduct and the exposure to attorney work product and attorney/client communications, suppression alone is not sufficient to cure the constitutional errors.

2

Federal Due Process precludes the prosecution from engaging in "improper methods" in seeking conviction or a death sentence.  <u>Berger v. United States</u>, 295 U.S. 78, 88 (1935).  Where, as here, Mr. Martin and Mr. Mellin entered and searched Mr. Hammer's cell and were exposed to attorney work product, attorney/client communications and other information, in direct violation of Mr. Hammer's Sixth, Fourth and Fourteenth Amendment rights, disqualification is appropriate.  <u>See</u> <u>United States v. Horn</u>, 811 F. Supp. 739, 752 (D.N.H. 1992), *reversed other grounds*, 29 F.3d 754 (1st Cir. 1994) (finding disqualification of lead prosecutor appropriate  on the basis of her exposure to attorney work-product).

At a minimum, Mr. Hammer is entitled to a hearing preceded by full disclosure of all information, materials, evidence obtained and/or viewed during and after the search of Mr. Hammer's cell, as well as a full account of the circumstances leading up to, during and after that search.

WHEREFORE, for the foregoing reasons, as well as those described in the *Motion*, Mr. Hammer, through counsel, respectfully requests that this Court grant his *Motion to Disqualify Assistant United States Attorneys Martin and Mellin from Prosecuting this Case Or, in the Alternative to Preclude the Government from Admitting Any Evidence And/or Rebuttal Evidence Obtained During a Recent Illegitimate and Unconstitutional Search of Mr. Hammer's Cell.*

Respectfully submitted,

/s/    Ronald C. Travis                          /s/    Michael Wiseman

Ronald C. Travis                                 Michael Wiseman
Rieders, Travis, Humphrey, Harris,               James J. McHugh, Jr.
Waters & Waffenschmidt                           James Moreno
161 West Third Street                            Federal Community Defender
PO Box 215                                       Eastern District Pennsylvania
Williamsport, PA  17703-0215                     Suite 540 – The Curtis Center
570-323-8711 (telephone)                         Philadelphia, PA 19106
570-323-4192 (facsimile)                         215-928-1100 (telephone)
rtravis@riederstravis.com                        215-928-0826 (facsimile)
                                                 Michael_Wiseman@fd.org
/s/    Anne Saunders                             James_McHugh@fd.org
                                                 James_Moreno@fd.org
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

Dated:        July 18, 2011
              Philadelphia, PA

## Certificate of Service

I, Michael Wiseman, hereby certify that the foregoing was served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and by email.

/s/    Michael Wiseman

Michael Wiseman