UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :  Criminal No.    4-CR-96-0239
                                  :
v.                                :  Honorable Joel H. Slomsky
                                  :  United States District Judge
DAVID PAUL HAMMER,                :
          DEFENDANT               :       CAPITAL CASE
                                  :

**FILED**
**SCRANTON**

BRIEF IN SUPPORT OF                    JUL 1 9 2011
MOTION FOR HYBRID REPRESENTATION
OR IN THE ALTERNATIVE
MOTION TO PROCEED PRO SE          PER _____
                                      DEPUTY CLERK

Mr. Hammer seeks to have hybrid representation in this capital case. The Sixth Amendment guarantees a defendant the right to counsel but not the right to hybrid representation. U.S. Constitution Amendment VI; see: McKaskel v. Wiggens, 465 U.S. 168, 183-84, 104 S.Ct. 944, 79 L. Ed. 2d 122 (1984); United States v. Risquet, 426 F. Supp. 2d 310, 311 n.2 (E.D.Pa. 2006).

The decision to allow hybrid representation lies entirely within the sound discretion of the district court. United States v. Stewart, 2003 U.S. Dist. LEXIS 14760, Civ. A. No. 02-62-1, 2003 WL 21730629 at *1 (D.Del. July 23, 2003)("Whether a [d]efendant may particpate as co-counsel in his own defense is a matter addressed to the sound discretion of the trial court absent a showing of special circumstances."); United States v. Thomas, 220 F. Supp. 2d 430, 441 (W.D. Pa. 2002). Banks v. Horn, 939 F.Supp. 1165 (M.D. Pa. 1996).

Hybrid Representation has been allowed in criminal cases around the country in both State and federal courts. In United States v. Mitan, 2010 U.S. Dist. LEXIS 35352 (E.D.Pa. April 9, 2010) The Court held: " Defendant Kenneth Mitan, after a detailed colloquy, insisted on representing himself pro se. The Court appointed Ann

Flannery, Esquire as his stand-by counsel.. As the pretrial aspects of the case proceeded, the complexity of the case required Ms. Flannery to take an active role, particularly concerning discovery matters with the government and subpoenas to various witnesses requested by the defendant. In this role Ms. Flannery, a former federal prosecutor and law professor, performed skillfully, admirably, and to the highest traditions of the Bar. At trial, the Court agreed to a hybrid representation where Defendant Kenneth Mitan was allowed to cross examine certain witnesses and present closing arguments, and Ms. Flannery handled other aspects of the trial, all of which was explained to the jury."

In the only federal death penalty case to address the issue of hybrid representation and Pro Se representation at a re-sentencing hearing after remand, the defendant Len Davis was allowed hybrid representation in the district court. See: United States v. Davis, 609 F.3d 663 (5th Cir. 2010). Davis's re-sentencing proceedings began on July 25, 2005 before a jury. During the first stage of the re-sentencing, Davis elected to represent himself with appointed counsel as back-up. See n2  This hybrid representation resulted from motions Davis filed regarding his right to self-representation. See: United States v. Davis, No. 01-30656, 2001 WL 34712238 at *3 (5th Cir. July 17, 2001) (issuing writ of mandamus that Davis be permitted to represent himself); United States v. Davis, 285 F. 3d 378, 385 (5th Cir. 2002) (issuing another writ of mandamus finding appointment of independent counsel violated Davis's right to self-representation).

In Banks v. Horn, 939 F. Supp. 1165 (M.D. Pa. 1996), the court discussed the hybrid representation of a capital defendant in a Commonwealth of Pennsylvania case in which the defendant was seeking relief pursuant to section 2254. This Court held: " A review of the trial transcripts shows that, contrary to Banks' assertion, he did not assume stewardship over the entirety of his defense. The cross examin-

2.

ation and testimony he conducted and presented were in addition to, not to the exclusion of, the defense presented by counsel. Allowing this type of hybrid representation is within the discretion of the trial court. United States v. Treff, 924 F. 2d 975. 979 n.6 (10th Cir. 1990), cert. denied, 500 U.S. 958, 959 (1991)...... We see no error of constitutional moment or abuse of discretion in permitting Banks to participate in the presentation of his own defense."

The U.S. Court of appeals for the Ninth Circuit has held that hybird representation is permissible in some cases. See: United States v. Lopez-Osuna, 242 F. 3d 1191, 1200 (9th Cir. 2000),quoting  Locks v. G. W. Summer, 703 F.2d 403, 407 (9th Cir. 1983)("The Supreme Court and this circuit have recognized the efficancy of hybrid representation to aid pro se defendants and protect the integrity of the trial process."). In United States v. Parker, 1999 U.S. App. LEXIS 4088 (9th Cir. March 11, 1999), the Court reviewed a defendant's decision to proceed with hybrid representation stating: "Parker an experienced criminal attorney, explicitly waived his right to counsel prior to beginning hybrid representation, that is, simultaneous self-representation and representation by counsel." The Court then explained that " Whenever a defendant chooses hybrid representation and assumes some of the lawyer's core functions, the Constitution requires a voluntary waiver." United States v. Turnbull,  888 F.2d 720, 721 (9th Cir. 1989 (quoting United States v. Kimmel, 672 F.2d 720, 721 (9th Cir. 1982).

Recently the Eleventh Circuit dealt with an appeal from a Section 2254 case where the defendant had been allowed to have hybrid representation during his state trial.See: Gill v. Mecusker, 633 F.3d 1272,1285-1986 (11th Cir. 2011) " Gill received       the benefit of both self-representation and counsel." (The trial court authorized Gill to decide which defense witnesses to present and allowed Gill to present argument to the court outside the presence of the jury).

3.

The hybrid arrangement crafted by the trial court was initially proposed by Gill and his retained counsel. The arrangement to which Gill agreed assured him the opportunity to participate  in strategy decisions, provide him with the appointment of counsel he indicated was essential to effective cross-examination of witnesses, and permitted the assistance of private counsel that was knowledgeable and respectful of his choices regarding trial strategy. Id at 633 F.3d 1286.

Election to proceed Pro Se:

Mr. Hammer has the absolute right to proceed pro Se at his re-sentencing. See: Faretta v. California,422 U.S. 806 (1975); McKaskle v. Wiggins, 465 U.S. 168 (1984); United States V. Davis, 285 F.3d 378 (5th Cir. 2002).

In Davis, the only Federal Circuit Court to rule on a defendant's right to proceed pro se at his capital re-sentencing  stated: " An individual's constitutional right to represent himself is one of great weight and considerable importance in our criminal justice system." Id at 285 F.3d 381.  The court continued: " In Faretta, the Supreme Court expounded upon the history at the time of the passage of the Sixth Amendment  which underpinned its decision to imply from the text the right of self-representation. The Supreme Court explained that all historical evidence led to the conclusion that the right to self-representation was at the very heart of the Sixth Amendment. Faretta, 422 U.S. at 382."  Id. at 285 F.3d 384.

" The right to defend is personal. The defendant, and not his lawyer or the state, will bear the personal consequences of a conviction (or death sentence). It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage . And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of ' that respect  for the individual which is the lifeblood of the law'.  422 U.S. at 834 " quoted in Davis, 285 F.3d at 384.

4.

Mr. Hammer respectfully submits that he should be allowed to have hybrid representation or in the alternative he must be allowed to proceed pro se at his resentencing.

July 12, 2011

David Paul Hammer, Pro Se
Reg. No. 24507-077
Federal Death Row
USP-Terre Haute
P.O. Box 33
Terre Haute, IN 47808-0033

CERTIFICATE OF MAILING

On this 12th day of July, 2011 a true and correct copy of the foregoing Brief In Support of Motion for Hybrid Representation or in the Alternative Motion to Proceed Pro Se was sent by First Class Pre-paid Mail to each of the Following:

Frederick E. Martin
Assistant U.S. Attorney
Federal Building
240 West Third Street, Suite 316
Williamsport, PA  17701-6465

Ronald C. Travis, Attorney
161 West Third Street
Williamsport, PA  17701

Anne Saunders, Assistant Federal Public Defender
100 Chestnut Street, Suite 300
Harrisburg, PA  17101

Michael Wiseman
James McHugh
James Moreno
Federal Community Defender
Eastern District of Pennsylvania
Suite 540-Curtis Center
Philadelphia, PA  19106

David Paul Hammer

5.

David Paul Hammer, #24507-077
FCC Terre Haute
P. O. Box 33
Terre Haute, IN  47808





RECEIVED
SCRANTON

JUL 1 8 2011

MARY E. D'ANDREA, CLERK

DEPUTY CLERK

INMATE
IDENTIFICATION
CONFIRMED

**SPECIAL MAIL**
**28 C.F.R. § 540.18.19**

Clerk of the Court
United States District Court
Federal Building/U.S. Courthouse
235 N. Washington Avenue
Scranton, PA   18501



