IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 4:96-CR-00239 |
| | : | Capital Case |
| v. | : | |
| | : | (Judge Slomsky) |
| DAVID PAUL HAMMER | : | |
| | : | |
| Defendant | : | (Electronically Filed) |

**DEFENDANT'S MOTION FOR AN ORDER DIRECTING THE
MARSHALS SERVICE TO TRANSPORT MR. HAMMER TO AND
HOUSE HIM AT THE FEDERAL DETENTION CENTER IN THE
EASTERN DISTRICT OF PENNSYLVANIA UNTIL THE COMPLETION
OF HIS RESENTENCING HEARING IN ORDER TO PROVIDE
COUNSEL SUFFICIENT ACCESS TO MR. HAMMER TO PREPARE FOR
THE RESENTENCING AND TO PERMIT MR. HAMMER TO APPEAR IN
PERSON AT PRETRIAL HEARINGS**

David Paul Hammer, by his counsel, respectfully requests that this Court

issue an order directing the Marshals Service to transport Mr. Hammer to, and

house him within, the Eastern District of Pennsylvania until the completion of the

resentencing hearing and, in support thereof, states the following.

1. This matter is before the Court for capital resentencing following the partial grant of section 2255 relief. United States v. David Paul Hammer, 404 F. Supp. 2d 676, 800 (M.D. Pa. 2005).

2. Following the above decision, the Department of Justice conducted a review to determine whether or not it would elect to continue to pursue a capital prosecution or conversely would de-authorize the capital prosecution. Defense counsel provided submissions to both the United States Attorney for the Middle District and the Department of Justice Capital Crimes Unit. On January 7, 2011, the Government announced its decision to continue this matter as a capital prosecution when it filed a Motion for Penalty Phase Proceeding. Doc. 1300.

3. The matter was reassigned to the Honorable Joel H. Slomsky. After a status conference, the Court issued a scheduling order directing that motions be filed in May, 2011, setting argument on those motions for June, 30, 2011, and scheduling the resentencing to begin on April 4, 2012.

4. During the status conference on January 26, 2011, the Court asked whether or not Mr. Hammer would agree to conducting the resentencing in the Eastern District of Pennsylvania. Following that status, counsel consulted with Mr. Hammer regarding that issue and, as a result of that consultation, Mr. Hammer

executed a written waiver indicating his willingness to conduct the resentencing in the Eastern District of Pennsylvania. Doc. 1313.

5.    During the Motions argument on June 30, 2011, this Court conducted a colloquy and found that Mr. Hammer's waiver of venue to permit the resentencing to occur in the Eastern District of Pennsylvania was knowing, intelligent and voluntary. NT 6/30/11 at 18.

6.    During the colloquy, Mr. Hammer requested that this Court issue an order directing that he be brought to the Eastern District of Pennsylvania. Id. at 13. The reasons provided by Mr. Hammer were twofold: so that he can attend any pretrial hearings in person and also so that he is closer to his counsel in order to adequately prepare for the resentencing. Id.

7.    The Court indicated that it would confer with counsel and the appropriate authorities at the Bureau of Prisons and the Marshals Service to determine whether or not that could be accomplished.

8.    Mr. Hammer is presently housed at USP-Terre Haute in Indiana on the death row unit, despite his present status as an unsentenced defendant. All of Mr. Hammer's attorneys are located in Pennsylvania, including Philadelphia.

9.    As Mr. Hammer's resentencing will be conducted in the Eastern District of Pennsylvania; as any further pretrial hearings will likely be conducted in the Eastern District of Pennsylvania; and, as Mr. Hammer's counsel are located

3

within, or much closer to, the Eastern District of Pennsylvania, moving Mr. Hammer to the Eastern District during this critical time in which counsel and Mr. Hammer are preparing for the resentencing hearing is appropriate.

10.    Mr. Hammer requests that he be housed at the Federal Detention Center in Philadelphia pending and during trial.

11.    Placement of Mr. Hammer at the Federal Detention Center will help facilitate defense counsel's access to Mr. Hammer.

12.    Moving Mr. Hammer to the Eastern District during this critical time in which counsel and Mr. Hammer are preparing for the resentencing hearing is appropriate.

13.    There is no question that preparation for a penalty hearing is complex and requires that counsel have substantial and meaningful consultations with the defendant. It is also clear that a defendant has a Fifth and Sixth Amendment right to meaningful access to counsel and the court.

14.    Up until this point, counsel have been conducting legal visits with Mr. Hammer in Terre Haute, Indiana as well as via legal calls.

15.    For trips to visit at Terre Haute, counsel usually has to spend at least two whole days in travel and actual visit.

16. Visiting hours at Terre Haute start at 8:00 a.m. and terminate at 3:00 p.m. During the hours of 10:30 a.m. and 12:30 p.m., there is no movement in or out of the unit where Mr. Hammer is housed.

17. By relocation of Mr. Hammer to the Federal Detention Center, defense counsel's access will be greatly increased, both as far as travel time required and visitation hours.

18. As the preparation for the resentencing becomes more complex, transporting Mr. Hammer to the Federal Detention Center in the Eastern District of Pennsylvania is appropriate to preserve Mr. Hammer's Fifth and Sixth Amendment rights.

WHEREFORE, for the reasons set forth above and in the attached Brief in Support, Mr. Hammer, through counsel, respectfully requests that this Court grant his Motion for an Order Directing the Marshals Service to Transport Mr. Hammer to and House him at the Federal Detention Center in the Eastern District of Pennsylvania Until the Completion of His Resentencing Hearing in Order to Provide Counsel Sufficient Access to Mr. Hammer to Prepare for the Resentencing and to Permit Mr. Hammer to Appear in Person at Pretrial Hearings.

Respectfully submitted,

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

/s/ Michael Wiseman, Esquire
Michael Wiseman, Esquire
James McHugh, Esquire
James Moreno, Esquire
Federal Community Defender
Eastern District of Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA  19106
(215) 928-1100 (telephone)
(215) 928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

/s/ Anne Saunders, Esquire
Anne Saunders, Esquire
Assistant Federal Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Ste. 300
Harrisburg, PA  17101
(717) 782-3843 (telephone)
(717) 782-3966 (facsimile)
Anne_Saunders@fd.org

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　:

　　　　　　　　　　　　　　　　　:　　　NO. 4:96-CR-00239

　　　　　　　　　　　　　　　　　:

　　　　　　v.　　　　　　　　　　:

　　　　　　　　　　　　　　　　　:　　　(Judge Slomsky)

DAVID PAUL HAMMER　　　　　:

　　　　　　　　　　　　　　　　　:

　　　　Defendant　　　　　　　:　　　(Electronically Filed)

## CERTIFICATE OF SERVICE

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant Hammer, and certifies that a copy of the foregoing Motion has been served upon AUSA Frederick Martin, 240 West Third Street, Suite 316, Williamsport, PA 17701, via electronically filing, this 22nd day of July, 2011.

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

/s/ Ronald C. Travis, Esquire

Ronald C. Travis, Esquire
Attorney for Defendant
PA ID#: 08819
161 West Third Street
PO Box 215
Williamsport, PA 17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

7