# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :
                                  :      NO. 4:96-CR-00239
                                  :      Capital Case

          v.                      :
                                  :      (Judge Slomsky)

DAVID PAUL HAMMER        :
                                  :
        Defendant            :      (Electronically Filed)

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR AN ORDER DIRECTING THE MARSHALS SERVICE TO TRANSPORT MR. HAMMER TO AND HOUSE HIM AT THE FEDERAL DETENTION CENTER IN THE EASTERN DISTRICT OF PENNSYLVANIA UNTIL THE COMPLETION OF HIS RESENTENCING HEARING IN ORDER TO PROVIDE COUNSEL SUFFICIENT ACCESS TO MR. HAMMER TO PREPARE FOR THE RESENTENCING AND TO PERMIT MR. HAMMER TO APPEAR IN PERSON AT PRETRIAL HEARINGS

David Hammer, by his counsel, respectfully submits this Brief in Support of

Mr. Hammer's Motion for an Order Directing the Marshals Service to Transport

Mr. Hammer to and House Him at the Federal Detention Center in the Eastern

District of Pennsylvania until the Completion of his Resentencing Hearing in Order

to Provide Counsel Sufficient Access to Mr. Hammer to Prepare for the

Resentencing and to Permit Mr. Hammer to Appear In Person at Pretrial Hearings, and, in support thereof, states the following:

It is well settled that a capital defendant has a constitutional right to present all relevant mitigation evidence to the sentencing jury, (see, *Williams vs. Taylor*, 529 U.S. 362, 292 (2000)), as well as challenge aggravation, (see, *Rompilla vs. Beard*, 545 U.S. 374, 387n.7 (2005); *Wiggins vs. Smith*, 539 U.S. 510, 524 (2003)). Nor is there any question that the efforts required to develop mitigation evidence and challenge aggravation are complex and extensive and require ongoing consultation between counsel and the defendant. See ABA GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF COUNSEL IN DEATH PENALTY CASES (rev. ed. 2003), GUIDELINE 10.5.

The Sixth Amendment requires meaningful attorney/client consultation. E.g., *Bach vs. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) ("contact with an attorney and the opportunity to communicate privately is a vital ingredient to the effective assistance of counsel and access to the courts"); *Dreher vs. Sielaff*, 636 F.2d 1141, 1146 (7th Cir. 1980) ("an inmate's opportunity to confer with counsel is a particularly important constitutional right which the courts will not permit to be unnecessarily abridged"). Likewise, "prisoners have a constitutional right of access to the courts." *Bounds vs. Smith*, 430 U.S. 817, 821 (1977). "Access to counsel assured by the Sixth Amendment is essential" to preserve the

constitutional right to access to the courts. *Mann vs. Reynolds*, 46 F.3d 1055, 1059 (10th Cir. 1995).

Mr. Hammer's resentencing will occur in the Eastern District of Pennsylvania. Court hearings pretrial will likely occur there as well. Mr. Hammer clearly has a right to be present for any pretrial hearings. Mr. Hammer's counsel are located in Pennsylvania, including the Eastern District of Pennsylvania. Even absent the possibility that there may be additional pretrial hearings, transporting Mr. Hammer to the Eastern District of Pennsylvania is necessary in order to preserve Mr. Hammer's Sixth Amendment right to meaningful consultation with counsel. As the time for the capital resentencing approaches, the need for more frequent and longer in-person meetings with Mr. Hammer increases. That cannot be accomplished while Mr. Hammer remains in Indiana.

As housing Mr. Hammer in the Eastern District is the most logical location for the resentencing hearing itself, it would appear that housing him there pretrial would be appropriate. The Federal Detention Center in Philadelphia is adequately equipped to address any and all security concerns surrounding Mr. Hammer's status as a convicted, but not sentenced, defendant and would be the closest location for multiple members of Mr. Hammer's defense team as well as the Court.

WHEREFORE, for the reasons set forth above and in the Motion, Mr. Hammer, through counsel, respectfully requests that this Court grant his Motion

for an Order Directing the Marshals Service to Transport Mr. Hammer to and House Him at the Federal Detention Center in the Eastern District of Pennsylvania until the Completion of his Resentencing Hearing in Order to Provide Counsel Sufficient Access to Mr. Hammer to Prepare for the Resentencing and to Permit Mr. Hammer to Appear In Person at Pretrial Hearings.

Respectfully submitted,

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

/s/ Anne Saunders, Esquire
Anne Saunders, Esquire
Assistant Federal Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Ste. 300
Harrisburg, PA  17101
(717) 782-3843 (telephone)
(717) 782-3966 (facsimile)
Anne_Saunders@fd.org

/s/ Michael Wiseman, Esquire
Michael Wiseman, Esquire
James McHugh, Esquire
James Moreno, Esquire
Federal Community Defender
Eastern District of Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA  19106
(215) 928-1100 (telephone)
(215) 928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

                               :     NO. 4:96-CR-00239

                                 :

        v.                          :

                                 :     (Judge Slomsky)

DAVID PAUL HAMMER           :

                                 :

      Defendant             :     (Electronically Filed)

## CERTIFICATE OF SERVICE

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant

Hammer, and certifies that a copy of the foregoing Brief has been served upon

AUSA Frederick Martin, 240 West Third Street, Suite 316, Williamsport, PA

17701, via electronically filing, this 22nd day of July, 2011.

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

/s/ Ronald C. Travis, Esquire
_____
Ronald C. Travis, Esquire
Attorney for Defendant
PA ID#:  08819
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com
