UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 4:CR-96-0239 |
| | : | |
| v. | : | (Judge Slomsky) |
| | : | |
| DAVID PAUL HAMMER | : | **ELECTRONICALLY FILED** |

### UNITED STATES' POST-ARGUMENT BRIEF

**Procedural History.**

Relevant procedural history for purposes of considering this pleading begins on January 26, 2011, when this Court established a briefing schedule for special pre-hearing motions. Defense counsel filed initial briefs beginning on May 18, and continuing through May 23, 2011. The prosecution filed oppositions on June 17 and 20, 2011, to which Hammer's attorney filed reply briefs.

This Court on June 30, 2011, conducted oral arguments on the outstanding issues raised by defense counsel. At the conclusion of that proceeding, this Court allowed the parties to present any post-argument briefs simultaneously on July 26, 2011. Herewith presented are supplemental arguments by the prosecution.

**Arguments.**

Introduction

The prosecution believes that two issues discussed during oral argument are in need of some augmentation. These include the applicability of the Double Jeopardy clause to death penalty proceedings as well as an understanding of the statutory aggravating factor set out at 18 U.S.C. § 3592(c)(9).

1.   <u>Because Hammer was never "acquitted" of the death penalty, the government should be permitted to seek a capital re-sentencing.</u>

The principle of Double Jeopardy applies in full force to capital sentencing hearings due to their extensive trial-like proceedings. *Bullington v. Missouri*, 451 U.S. 430, 446 (1981). Thus, if a jury "acquits" a defendant of the death penalty by recommending life without parole instead, that defendant can never again be in jeopardy of a death sentence for that crime. *Id.  See also Davis v. Georgia*, 459 U.S. 891, 892 (1982). This jury finding is essential to any Double Jeopardy claim under these circumstances. *See Harrison v. Gillespie*, 640 F.3d 888, 897-98 (9th Cir. 2011) ("Acquittal is the 'touchstone for Double Jeopardy protection in capital sentencing proceedings'"). Where a defendant is sentenced to death in the original proceeding, there is generally no Double Jeopardy issue in capital re-sentencing, since the jury declined to acquit with its penalty verdict. *Harrison*, 650 F.3d at 897-98 (citing *Poland v. Arizona*, 476 U.S. 147 (1986)). To be considered an acquittal, the judgment must enter "findings sufficient to establish [a] legal entitlement to a life sentence." *Bies v. Bagley*, 535 F.3d 520, 523 (6th Cir. 2008) (Clay, J., concurring) (citing *Sattazahn v. Pennsylvania*, 537 U.S. 101, 108-09 (2003). Thus the Double Jeopardy Clause has *not* applied where death sentences have been remanded due to the invalidation of a statutory aggravating

factor, so long as at least one valid aggravator was still viable. *Harrison*, 640 F.3d at 897-98. Nor has it applied where a sentencing jury deadlocked and a life sentence was imposed by statutory default, since this did not amount to a jury determination that the state had failed to prove its case. *Harrison*, 640 F.3d at 897-98; *see also Sattazahn,* 537 U.S. at 109 (a deadlocked jury is a "non-result" for Double Jeopardy purposes).

Applying these principles to the facts of Hammer's case, it becomes clear that he is not entitled to the protections of Double Jeopardy. Hammer was sentenced to death by the jury, which weighs heavily against his claim. Although the court remanded Hammer's case because it invalidated one of the statutory aggravators he was convicted under, the fact that other valid aggravators remain undisturbed means Hammer is not entitled to a life sentence, and his claim is thus completely foreclosed. Because a jury has not, either by explicit acquittal or by finding no valid statutory aggravators, determined that the government has failed to prove its case, Double Jeopardy does not apply here. *See Harrison*, 640 F.3d at 898 ("Absent an 'acquittal in which the fact finder concludes that the prosecution failed to "prove[ ] its case,' the Double Jeopardy Clause does not bar a retrial.") (quoting *Poland v. Arizona*, 476 U.S. 147, 156-57 (1986).

2.   <u>Ancillary issues concerning the statutory construction of the "Substantial Planning and Premeditation" aggravating factor.</u>

At the original penalty trial, the jury found the statutory aggravating factor of "Substantial Planning and Premeditation." 18 U.S.C. § 3592(c)(9).  Though there is some ambiguity in the statutory language concerning which words are modified by "Substantial," the few courts to have noticed the issue have been unanimous. The "substantial planning and premeditation" aggravating factor requires the jury to find both "substantial planning" and "substantial premeditation." *United States v. Tipton*, 90 F.3d 861, 896 n.17 (citation omitted). *See also United States v. Roman*, 371 F. Supp. 2d 36, 46 (D.P.R. 2005). "Substantial" is defined in this context as demonstrating a greater amount of planning and premeditation than would be minimally required to commit the offense. *United States v. Sampson*, 335 F. Supp. 2d 166, 209-10 (D. Mass. 2004). However, a sentencing jury having understood "Substantial" to modify only one of the words, but not the other, is considered harmless error, as "it is not conceivable that a jury which had found substantial planning would not also . . . have found substantial premeditation." *Tipton*, 90 F.3d at 896 n.17.

**Conclusion.**

With this supplemental information, the prosecution submits that defense efforts to bar another penalty phase, Double Jeopardy grounds, or to preclude use of a statutory aggravating factors should be denied.

Respectfully submitted,

PETER J. SMITH
United States Attorney

By s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA ID 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Steven D. Mellin
Trial Attorney For the
Capital Case Unit
Texas ID 13920380
1331 F Street, N.W.
Washington, D.C. 20530
Tele: 202-514-1224
Electronic Mail:
Steve.Mellin2@usdoj.gov

Dated:    July 26    , 2011

5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA        :  Criminal No. 4:CR-96-0239
                                :
            v.                  :  (Judge Slomsky)
                                :
 DAVID PAUL HAMMER              :  **ELECTRONICALLY FILED**

## CERTIFICATE OF SERVICE

    I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' POST-ARGUMENT BRIEF**

to be electronically mailed on _____July 26_____, 2011, to:

ADDRESSEES:     Ronald C. Travis, Esquire
                rtravis@riederstravis.com

                Michael Wiseman, Esquire
                Michael_Wiseman@fd.org

                James J. McHugh, Jr., Esquire
                James_McHugh@fd.org

                James Moreno, Esquire
                James_Moreno@fd.org

                Anne Saunders, Esquire
                Anne_Saunders@fd.org


                        __S/Frederick E. Martin_____
                        FREDERICK E. MARTIN
                        Assistant United States Attorney