UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :   Criminal No. 4:CR-96-0239
                                  :
          v.                    :   (Judge Slomsky)
                                  :
DAVID PAUL HAMMER        :   **ELECTRONICALLY FILED**

**UNITED STATES' BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION FOR HYBRID REPRESENTATION,
OR IN THE ALTERNATIVE, MOTION TO PROCEED *PRO SE***

**Procedural History.**

Relevant procedural history for purposes of considering the issues raised herein begins with this Court's order of January 26, 2011, which set a hearing pursuant to 18 U.S.C. § 3593(b) to begin in April 2012.

Although represented by five different counsel, Hammer *pro se* filed a motion as well as supporting brief on July 19, 2011. He sought in those pleadings as alternative relief to be allowed to serve as hybrid counsel in the forthcoming proceedings or, to proceed *pro se*. Herewith presented is the response of the prosecution to that filing.

**Counter-Statement of Facts.**

To the extent that factual development is necessary to respond to this submission, reference will be made to reported decisions in this case.

**Issues.**

1. Whether, notwithstanding having the services of five attorneys, this Court, in its discretion, should allow defendant

to serve as hybrid counsel for unspecified reasons to an unknown degree in a death penalty resentencing hearing.

2.   Whether Hammer's potential dissatisfaction with this Court's ruling denying hybrid representation in any way precludes defendant from waiving his right to counsel and proceeding as his own lawyer.

**Argument.**

Introduction

Hammer's request to act as hybrid counsel, while the first before this Court, is but the latest unusual chapter in this case.  As the docket entries reflect in 1997 and 1998, the focus then was whether he would enter a guilty plea to having killed Andrew Martin.  In 1999 and 2000, the issue was whether defendant would waive his appellate rights, with the Third Circuit ultimately allowing him to do so.

Fast-forward to 2004, the questions then were whether Hammer would proceed to his execution, some of the details of which he contested, or pursue a remedy pursuant to 28 U.S.C. § 2255. Defendant then filed a motion claiming that his prior counsel provided ineffective assistance in the pre-trial phase and during the initial criminal proceedings in 1998.

This latest request to serve as attorney partner in these proceedings can be characterized as yet another instance in which defendant seeks to control proceedings, garner attention, or

2

both.  This Court should deny Hammer relief to proceed as hybrid counsel and, if necessary, conduct appropriate proceedings in conjunction with his request to serve as his own attorney.

      1.    HAMMER IS NOT ENTITLED TO HYBRID REPRESENTATION, WHICH IS GRANTED ONLY IN RARE AND EXCEPTIONAL CIRCUMSTANCES.

It is well established, both in the Third Circuit and in the federal courts generally, that there is no constitutional right to hybrid representation. *Thomas v. Carroll*, 581 F.3d 118, 125 (3d Cir. 2009); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st. Cir. 2004). The various circuit courts have all heavily disfavored hybrid representation largely because it serves little purpose other than to confuse and unnecessarily prolong the matter before the court. *See, e.g., United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001); *United States v. Ogbonna*, 184 F.3d 447, 448 n.1 (5th Cir. 1999).

While a court is not constitutionally prohibited from allowing hybrid representation, the practice has generally been disallowed by other district courts within Pennsylvania. *United States v. Davis*, 235 F.R.D. 292, 298 (W.D. Pa. 2006) ("hybrid representation . . . is not permitted"); *See also Hall v. Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa. 1982).  The prevailing legal consensus is that hybrid representation should only be permitted, if at all, in the very rare circumstances where it is required in the interests of justice. *See McCulloch*, 364 F.3d at 5; *United States v. Treadway*, 2010 WL 3211123 (W.D.N.Y.) (Slip Op.); *See*

*also United States v. Persico*, 447 F. Supp. 2d 213, 220 (E.D.N.Y 2006).  The denial of a defendant's request for hybrid representation is reviewed for abuse of discretion. *See United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987).  Defendant concedes this point.  (Brief of Defendant at 1.)

Hammer asks this Court to grant this extraordinary relief without providing <u>any</u> specific reasons.  ("There are unique reasons for this request which cannot be stated in open court or made known to the government counsel as it relates to the defendant's trial strategy." (Motion at 1.)) Defendant, in essence, thus requires this Court to make a leap of faith which, given his past record of indecisiveness, would be extremely improvident to do.

Of course the problem with not specifying what role he seeks as sixth counsel is that no one, except for Hammer, will know when he will engage in witness examination, presenting argument, attending sidebars, and the like.  This obscure request and his unknown role not only potentially would prolong the proceeding but pose additional security problems for the United States Marshal's Service which will be responsible for courtroom decorum.

Hammer's only other stated reason for asking to serve as hybrid counsel is that "[t]his is a Capital Case and it is the defendant who will suffer the consequence resulting from this

rehearing." (Motion at 1.) But even such a "heightened interest," which is true of all defendants whether they face lengthy terms of imprisonment or the death penalty, is insufficient to justify hybrid representation. *Persico*, 447 F. Supp. 2d at 220.

That other courts in other circumstances may have allowed hybrid counsel ((Brief of Defendant at 1-3), is hardly persuasive. Given this Court's significant discretion, the lack of any specific rationale advanced for some form of hybrid representation and the problems inherent in proceeding with such uncertain parameters, this Court should deny relief.

2.   WERE HAMMER ALLOWED TO PROCEED *PRO SE* PURELY OUT OF
     DISSATISFACTION WITH THE COURT'S DENIAL OF HYBRID
     REPRESENTATION, THERE WOULD BE NO ABUSE OF DISCRETION.

It is well settled law that a defendant possesses a constitutional right to waive the assistance of counsel and proceed *pro se*. *Faretta v. California*, 422 U.S. 806 (1975). Of the trial rights extended to the accused, the *Faretta* right is unusual in that exercising it tends to "increase[] the likelihood of a trial outcome unfavorable to the defendant." *United States v. Stubbs*, 281 F.3d 109, 121 (3d Cir. 2003). (Emphasis supplied.) Nonetheless, barring incompetence, the *Faretta* right must be respected, and failure to do so is always harmful error. *See Id*.

A valid waiver of counsel must be "knowing and understanding as well as voluntary." *United States v. Jones*, 452

F.3d 223, 228 (3d Cir. 2006). Courts must tread cautiously and conduct a thorough and penetrating analysis to ensure that the defendant has expressed an unequivocal desire to proceed without counsel, understands the difficulties of *pro se* representation, and is competent to proceed. *See, e.g., United States v. Vampire Nation*, 451 F.3d 189, 206 (3d Cir. 2006); *Jones*, 452 F.3d 223 at 231 (reversing district court because allowance of *pro se* representation was based on an unclear and equivocal request).

Hammer's request to proceed *pro se* is not considered equivocal or invalid simply because it is posed as an alternative position. *See Hacker v. Herbert*, 825 F. Supp. 1143, 1148-49 (N.D.N.Y. 1993) (*pro se* petition valid when provoked by dissatisfaction with the court's denial of request to change assigned counsel). This issue is not a novel one in this circuit. In *United States v. Parkin*, 319 Fed. Appx. 101, 107-8 (3d Cir. 2009), the Third Circuit found nothing constitutionally suspect in permitting a free and voluntary waiver of counsel following a district court's denial of hybrid representation. So long as a defendant is competent[1], there was no issue with forcing the

---

[1] There can be little doubt of Hammer's competence to proceed *pro se* given the 15-years of this litigation.  It was the subject of two district court examinations without any adverse findings.  Moreover, even the Third Circuit, when defendant expressed an interest in waiving appeal, found Hammer to be lucid.

defendant to choose between two otherwise constitutional choices: either *pro se* or fully assisted representation. *Id*.

This ruling is in line with other circuits that have taken up the same issue. In *United States v. Lachance*, 817 F.2d 1491, 1498 (11th Cir. 1987), it was similarly held that following a denial of hybrid representation, the court's duty was only to ensure the resultant election to proceed *pro se* was made "knowingly, intelligently, and voluntarily."  Because Hammer here seeks a change in his representation to which he is not entitled, all that is necessary to proceed with defendant's alternative request for relief is to ask the same question which must be asked of all *pro se* applicants: is the decision being made competently? If the answer is in the affirmative, then the court has fulfilled its constitutional duty. *See United States v. Welty*, 674 F.2d 185, 187 (3d Cir. 1982).

**Conclusion.**

Because it does not further the interests of justice, and is otherwise frowned upon by longstanding circuit jurisprudence, the defendant's request for hybrid counsel should be denied. The defendant should be given the choice of proceeding either with the full assistance of counsel, or *pro se* if he so desires.  If Hammer elects to proceed with counsel, the United States requests, pursuant to 18 U.S.C. §§ 3005 and 3599, that defendant's representation be limited to two attorneys from this point forward.

Respectfully submitted,

PETER J. SMITH
United States Attorney

By s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA ID 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Steven D. Mellin
Trial Attorney For the
Capital Case Unit
Texas ID 13920380
1331 F Street, N.W.
Washington, D.C. 20530
Tele: 202-514-1224
Electronic Mail:
Dated: August __2__, 2011      Steve.Mellin2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :   Criminal No. 4:CR-96-0239
                           :
        v.                  :   (Judge Slomsky)
                           :
DAVID PAUL HAMMER         :   **ELECTRONICALLY FILED**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION FOR HYBRID REPRESENTATION,
OR IN THE ALTERNATIVE, MOTION TO PROCEED *PRO SE***

to be electronically mailed on August __2__, 2011, to:

ADDRESSEES:     Ronald C. Travis, Esquire
                 rtravis@riederstravis.com

                 Michael Wiseman, Esquire
                 Michael_Wiseman@fd.org

                 James J. McHugh, Jr., Esquire
                 James_McHugh@fd.org

                 James Moreno, Esquire
                 James_Moreno@fd.org

                 Anne Saunders, Esquire
                 Anne_Saunders@fd.org

and to be mailed prepaid, United States postage on August_2__, 2011, to:

ADDRESSEE:     David Paul Hammer, *pro se*
                 Reg. No. 24507-077
                 Federal Death Row
                 USP-Terre Haute
                 P.O. Box 33
                 Terre Haute, IN 47808-0033

                        S/Frederick E. Martin
                        FREDERICK E. MARTIN
                        Assistant United States Attorney