UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 4:CR-96-0239 |
| | : | |
| v. | : | (Judge Slomsky) |
| | : | |
| DAVID PAUL HAMMER | : | **ELECTRONICALLY FILED** |

**UNITED STATES' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY ASSISTANT UNITED STATES ATTORNEYS MARTIN AND MELLIN FROM PROSECUTING THIS CASE OR, IN THE ALTERNATIVE, TO PRECLUDE THE GOVERNMENT FROM ADMITTING ANY EVIDENCE AND/OR REBUTTAL EVIDENCE OBTAINED DURING A RECENT ILLEGITIMATE AND UNCONSTITUTIONAL SEARCH OF MR. HAMMER'S CELL**

**Procedural History.**

Relevant procedural history for purposes of considering the instant issue begins on June 30, 2011. During oral argument then (Hearing Transcript at 133-37), this Court inquired about conditions of defendant's confinement for the last decade.

Hammer's attorneys noted and conducted depositions of two prospective penalty phase witnesses on July 11, 2011, in Terre Haute, Indiana, in accordance with Federal Rule of Criminal Procedure 15(a)(1), and the permission of this Court. Given the proximity of defendant's place of incarceration to the depositions, government counsel visited that facility on July 12, 2011.

On July 18, 2011, defense counsel filed a motion and brief seeking alternative forms of relief. This was based upon allegations that Attorneys Martin and Mellin entered defendant's cell and allegedly conducted a ten minute search of its contents.

Herewith presented is the prosecution's opposition to those pleadings.

**Counter-Statement of Facts.**

Defense counsel has not identified on what information these allegations of an illegal search are based.  (Motion ¶¶ 1-10.) However, presented to this Court is a sworn statement from Todd Royer, a Special Confinement Unit (hereinafter "SCU") Case Manager.  See Government Exhibit 1.

Presented for this Court's *in camera ex parte* review is Government Exhibit 2, a duplicate DVD videotape of the hallway outside Hammer's cell at the SCU on July 12, 2011.  Defense counsel correctly theorized that a videotape of the July 12, 2011, incident would exist.  (Motion ¶ 11.)  For security reasons involving the operation of SCU, as well as parity, the prosecution does not believe it appropriate to provide Hammer's attorneys with a copy of that DVD which is referenced in Royer's statement.

Both Government Exhibits 1 and 2 demonstrate the following facts.  Department of Justice Trial Attorney Steve Mellin and Assistant United States Attorney Fred Martin were on a guided tour of the Terre Haute death row facility led by Todd Royer, defendant David Paul Hammer's case manager. The tour was for informational purposes, specifically fact-finding concerning prisoner conditions on death row in response to this Court's

questions from June 30, 2011. By happenstance, they passed by the defendant's cell, which was already open; Hammer himself was not present for unrelated reasons. Mr. Hammer's case manager briefly entered the cell, of his own initiative, but retrieved no evidence or any information relating to this case. The two prosecutors did not enter the cell at any time, and no materials of any kind were seen or taken by them. Hammer nonetheless contends that a detailed and systematic search was conducted of his cell for at least 10 minutes, during which privileged documents were examined in order to bolster the prosecution's case against him.

**Issue.**

Whether, based upon anonymous and groundless allegations that the prosecutors searched defendant's prison cell for legal materials, this Court should disqualify counsel or preclude the presentation of evidence at the forthcoming capital re-sentencing hearing.

**Argument.**

<u>INTRODUCTION</u>

The defense has raised a constitutional claim alleging that an Assistant United States Attorney and a Department of Justice trial attorney unlawfully searched his prison cell, and he is thus entitled to disqualification of the prosecutors involved, or, in the alternative, suppression of any evidence taken. The

resolution of the factual disputes will have some import, but even if the defendant's allegations are taken at face value, he is not entitled to the relief he seeks. The defendant's arguments are meritless, and the motion to disqualify should be denied.

1.    THE DEFENSE'S PRIMARY ARGUMENT IS MERITLESS AND NONE OF THEIR SUPPORTING PRECEDENT IS APPLICABLE TO THE FACTS PRESENTED HERE.

The defense relies almost exclusively on *United States v. Cohen*, 796 F.2d 20 (2d Cir. 1986), for the proposition that cell searches conducted by the prosecution, and not done in the interests of institutional security, are a violation of an inmate's constitutional rights.  (Brief of Defendant at 2.) However, while the defense has cherry-picked some supportive language from the opinion, it has chosen to ignore vast factual differences between *Cohen* and the present controversy. Significantly, *Cohen* involved a cell search of a pre-trial detainee. *Id*. at 23. The defendant here, by contrast, is a convicted murderer. While pre-trial detainees and convicts share some constitutional rights, judicial review of searches involving a detainee (whose guilt has not yet been established) requires a different analysis than those involving a convicted killer. *See Bull v. City and County of San Francisco*, 595 F.3d 964, 996 (9th Cir. 2010) ("the analysis of the rights of pre-trial detainees and convicts must differ because penological interests do not apply to pre-trial detainees").

4

Furthermore, *Cohen* itself states that cell searches conducted by a prison official are "not [ ] subject to constitutional challenge, regardless of whether security needs could justify it." *Cohen*, 796 F.2d at 24. Only Hammer's case manager, who was not acting as an agent of the prosecutors, actually entered the cell. As a prison employee, this act did not fall within the general prohibition found in *Cohen*. Moreover, even this level of analysis requires acceptance of the unsupported accusations leveled by Hammer. Furthermore, the remedy proscribed in *Cohen* was suppression, not disqualification. *Id.* at 24. In any event, the holding is moot as applied to the facts here as no evidence was recovered.

Even were Hammer's allegations presumed true, defense counsel's reliance on *Cohen* is entirely erroneous. As mentioned above, *Cohen* pertained to pre-trial detainees, and the Second Circuit later "decline[d] to extend to convicted prisoners the privacy right secured to pre-trial detainees in *Cohen*." *Willis v. Artuz,* 301 F.3d 65, 68 (2d Cir. 2002). The court noted that "[u]nlike the pre-trial detainee in *Cohen*, a convicted prisoner's loss of privacy rights can be justified on grounds other than institutional security." *Id.*  In short, the privacy right that the defense alleges to have been violated does, in fact, not exist, at least not to the extent or in the context that the defense has claimed.

Finally, the defense also cited a 75 year old Supreme Court case*, Berger v. United States*, 295 U.S. 78, 88 (1935), for the proposition that prosecutors may not use "improper methods" in seeking a conviction. While the case was not cited for any specific point of law, it should be noted that the facts of that case do not bear even a passing resemblance to the issue presented here. The prosecutorial misconduct at issue in *Berger* involved misstating facts and inappropriate cross-examination during the guilt phase of a currency counterfeiting trial.

2.    EVEN WERE THE DEFENSES ALLEGATIONS PRESUMED TRUE, THEY WOULD NOT BE ENTITLED TO THE RELIEF THEY SEEK.

Disqualification of a government attorney is an extreme remedy that should be avoided by the courts, and imposed only where absolutely necessary. *E.g.*, *United States v. Bolden*, 353 F.3d 870, 878 (10th Cir. 2003); *Matter of Grand Jury Subpoena of Rochon*, 873 F.2d 170, 176 (7th Cir. 1989); *United States v. Santiago-Rodriguez*, 993 F. Supp. 31, 38 (D.P.R. 1998).

The defense cites *United States v. Horn*, 811 F. Supp. 739, 752 (D.N.H. 1992) for the proposition that the prosecutors here should be disqualified based on their alleged exposure to privileged documents.  (Brief of Defendant at 3.)  Once again, even a cursory examination of *Horn* reveals massive factual disparities that largely negate the defense counsel's conclusions.

First, *Horn* did not even remotely involve the issue of cell searches.  Rather, the situation involved the prosecutor surreptitiously making copies of documents that defense attorneys had requested from an off-site archival facility. *Id*. at 742. Second, the misconduct that prodded the court to disqualify the lead prosecutor in *Horn* was several orders of magnitude worse than Hammer's baseless allegations, even were they presumed true. The prosecutor in that case systematically procured documents classified as confidential work product, disobeyed court orders regarding the documents, and essentially attempted to deceive the court ("evidencing [a] lack of candor" as the court charitably described it). *Id*. at 750. Obviously, none of these misconduct issues exist in this case. The attorneys did not take, review, or even see any documents.

While the government maintains that absolutely no search took place, assuming, *arguendo*, that one did, there is no support for the conclusion that it would mandate the removal of the prosecuting attorneys.  Were a government agent to enter a convict's cell under pretext and review confidential documents, suppression may be warranted. *See United States v. Santos*, 961 F. Supp. 71, 75 (S.D.N.Y. 1997). However, disqualification is only proper in cases of extraordinary misconduct, and improper disclosure of confidential work-product alone is not grounds for such a remedy. *United States v. Stewart*, 294 F. Supp. 2d 490, 494

(S.D.N.Y. 2003).  Furthermore, were a search conducted, Hammer would also be required to show prejudice by demonstrating that vital strategic documents had been compromised. *United States v. Allen*, 491 F.3d 178, 192 (4th Cir. 2007); *United States v. Walker*, 243 Fed. Appx. 621, 623 (2d Cir. 2007).

While Hammer protests in generalities that his constitutional rights have been violated, he has not alleged any specific prejudice. Such prejudice would be unlikely given that Hammer has shared much of his defense materials with the government during de-certification proceedings; Hammer cannot be prejudiced by the government viewing information it already possesses. Because Hammer does not, and cannot, demonstrate any wrongdoing on the parts of the prosecutors, suppression is the sole remedy available. *See Stewart*, 294 F. Supp. 2d at 494. However, as mentioned earlier, this point is moot because no evidence was reviewed, and neither the prosecutor, nor any other individual acting as their agent, entered the cell.

**Conclusion.**

The defendant's factual assertions are totally unsupported by any evidence, and his legal conclusions are meritless in every regard. As no search was conducted of the defendant's cell, the United States respectfully requests that this Court deny the defendant's motion to disqualify the prosecutors on this case or, in the alternative, to suppress evidence based on this incident.

Given the sworn statement of the prison official as well as the unequivocal view provided by the DVD of the alleged transgression, there is no legitimate reason for this Court to conduct any evidentiary hearing regarding the July 12, 2011, incident.

Respectfully submitted,

PETER J. SMITH
United States Attorney

By s/Gwynn X. Kinsey, Jr.
GWYNN X. KINSEY, Jr.
Capital Case Unit, Crim. Division
1331 F Street, N.W., Suite 336
Washington, D.C. 20530
Tele: 202-353-9721
Electronic Mail:
Gwynn-Charlie.Kinsey@usdoj.gov

Dated:   August 3       , 2011

9

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 4:CR-96-0239 |
| | : | |
| v. | : | (Judge Slomsky) |
| | : | |
| DAVID PAUL HAMMER | : | **ELECTRONICALLY FILED** |

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY ASSISTANT UNITED STATES ATTORNEYS MARTIN AND MELLIN FROM PROSECUTING THIS CASE OR, IN THE ALTERNATIVE, TO PRECLUDE THE GOVERNMENT FROM ADMITTING ANY EVIDENCE AND/OR REBUTTAL EVIDENCE OBTAINED DURING A RECENT ILLEGITIMATE AND UNCONSTITUTIONAL SEARCH OF MR. HAMMER'S CELL**

to be electronically mailed on ___August 3___, 2011, to:

ADDRESSEES:    Ronald C. Travis, Esquire
               rtravis@riederstravis.com

               Michael Wiseman, Esquire
               Michael_Wiseman@fd.org

               James J. McHugh, Jr., Esquire
               James_McHugh@fd.org

               James Moreno, Esquire
               James_Moreno@fd.org

               Anne Saunders, Esquire
               Anne_Saunders@fd.org


               s/Gwynn X. Kinsey, Jr.
               GWYNN X. KINSEY, Jr.

10