## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 4:96-CR-00239 |
| | : | Capital Case |
| v. | : | |
| | : | (Judge Slomsky) |
| DAVID PAUL HAMMER | : | |
| | : | |
| Defendant | : | (Electronically Filed) |

## MOTION TO APPLY LOCAL RULE 7.6 TO DEFENDANT'S TRANSFER MOTION

AND NOW, this 8th day of August, 2011, Defendant Hammer submits the instant request for the Court to consider the Motion to Transfer as unopposed and grant the Motion and in support thereof asserts as follows:

1.    During a colloquy with the Court on June 30, 2011, Mr. Hammer made an oral request that he be moved from federal death row, where he is presently housed, to the Eastern District of Pennsylvania. (NT 6/30/11 at 13).

2.    In response to the request made by Mr. Hammer, the Court indicated it would confer with the parties concerning the transfer request.

3.     As of July 20, 2011, there had been no Court conference on the subject so defense counsel was in contact with government counsel to ascertain the position of the government with respect to a Motion to have Mr. Hammer transferred from federal death row back to Pennsylvania.

4.     Defense counsel advised government counsel that the Motion would seek to have Mr. Hammer housed at the Federal Detention Center in Philadelphia through the conclusion of the penalty phase trial scheduled to begin in April 2012.

5.     Government counsel advised counsel for Mr. Hammer that he would check with co-counsel and others and advise defense counsel of the government's position with respect to the Motion to be filed.

6.     On July 21, 2011, government counsel advised defense counsel he was still unable to state whether the government would concur in the to be filed Motion and therefore the Motion could be filed indicated a lack of government concurrence. Government counsel further indicated that if at a later point in time he learned the government would concur in the Motion to transfer Mr. Hammer from federal death row to the Federal Detention Center in Philadelphia, he would so advise defense counsel.

7.     Based upon the foregoing communications with the government, on July 22, 2011, defense counsel electronically filed a Motion to Transfer Mr. Hammer to the Eastern District of Pennsylvania to be housed at the Federal

Detention Center in Philadelphia, and contemporaneously electronically filed a brief in support of said Motion.

8.     Although the penalty phase trial will be held in the Eastern District of Pennsylvania, the instant case is a filing from the Middle District of Pennsylvania. The Middle District of Pennsylvania has had in place, since 1997, certain Local Rules.

9.     One of the government's trial attorneys assigned to the instant case is an Assistant United States Attorney for the Middle District of Pennsylvania and has been practicing before the courts of the Middle District for multiple years and is aware of the Local Rules.

10.     The contacts with counsel for the government concerning the instant Motion were undertaken pursuant to L.R.7.1 which requires counsel to seek concurrence with respect to any Motion.

11.     Based upon the filing and service date of July 22, 2011, for the Brief in Support of the instant Motion, the government's 14 day timeframe for filing an opposing brief expired at midnight on July 5, 2011.

12.     No brief in opposition to the instant Motion was filed by the filing deadline.

13.    Pursuant to Middle District L.R. 7.6, the failure of the government to file a brief in opposition to the transfer motion results in creating the procedural posture that the unopposed motion "shall be deemed not to oppose[ed]".

14.    Based upon L.R. 7.6, the Court should enter an Order directing the transfer by the United States Marshal Service of David Paul Hammer from the United States Penitentiary at Terre Haute to the Federal Detention Center in Philadelphia.

WHEREFORE, Defendant Hammer requests the Court enter the Order as submitted in conjunction with the Motion.

Respectfully submitted,

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

/s/ Anne Saunders, Esquire
Anne Saunders, Esquire
Assistant Federal Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Ste. 300
Harrisburg, PA  17101
(717) 782-3843 (telephone)
(717) 782-3966 (facsimile)
Anne_Saunders@fd.org

/s/ Michael Wiseman, Esquire
Michael Wiseman, Esquire
James McHugh, Esquire
James Moreno, Esquire
Federal Community Defender
Eastern District of Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA  19106
(215) 928-1100 (telephone)
(215) 928-0826 (facsimile)
Michael_Wiseman@fd.org
James_McHugh@fd.org
James_Moreno@fd.org

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 4:96-CR-00239 |
| | : | |
| v. | : | |
| | : | (Judge Slomsky) |
| DAVID PAUL HAMMER | : | |
| | : | |
| Defendant | : | (Electronically Filed) |

### CERTIFICATE OF SERVICE

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant Hammer, and certifies that a copy of the foregoing Motion to Apply Local Rule 7.6 to Defendant's Transfer Motion has been served upon AUSA Frederick Martin, 240 West Third Street, Suite 316, Williamsport, PA 17701, via electronically filing, this 8th day of August, 2011.

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

/s/ Ronald C. Travis, Esquire

Ronald C. Travis, Esquire
Attorney for Defendant
PA ID#: 08819
161 West Third Street
PO Box 215
Williamsport, PA 17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

6