# EXHIBIT 1

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 00-cr-00531-WYD-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. WILLIAM CONCEPCION SABLAN,

Defendant.

*Ex 1*

---

## SPECIAL FINDINGS FORM

---

I.  Findings Regarding Defendant's Eligibility for a Death Sentence

    A.  Defendant's Age at Time of Offense

        Do you unanimously find that the government proved beyond a

reasonable doubt that William Sablan was at least eighteen (18) years of age at

the time he committed the offense for which sentence is to be imposed?

        YES _X___

        NO _____

If you answered "yes", proceed to the next section (I–B) of this Form.  If you

answered "no", then stop your deliberations, sign the section of this Form indicating a

verdict of life imprisonment, certify your decision as described in section IV, and notify

the Court that you have reached a decision.

B.      Defendant's Intent in Commission of Offense

For each type of intent specified below, answer "yes" or "no" according to whether you unanimously find that the government proved beyond a reasonable doubt that William Sablan acted with the specified intent:

1.      The defendant intentionally killed the victim;

YES  _X__

NO  _____

2.      The defendant intentionally inflicted serious bodily injury that resulted in the victim's death;

YES  _X__

NO  _____

3.      The defendant intentionally participated in an act, contemplating that a person's life would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a result of the act;

YES  _X__

NO  _____

4.      The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.

YES __X__

NO _____

If you answered "yes" to one or more of these alternatives, proceed to the next section (I–C) of this Form. If you answered "no" to all of them, then stop your deliberations, sign the section of this Form indicating a verdict of life imprisonment, certify your decision as described in section IV, and notify the Court that you have reached a decision.

C.    Statutory Aggravating Factors

The government has alleged that the following statutory aggravating factors are present in this case. For each factor, answer "yes" or "no" according to whether you unanimously find that the government proved the existence of the factor beyond a reasonable doubt:

1.    William Sablan was previously convicted of a federal or state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm against another person:

YES __X__

NO _____

2.    William Sablan committed the offense in an especially heinous or depraved manner in that it involved serious physical abuse to the victim:

YES __X__

NO _____

If you answered "yes" to one or more of these statutory aggravating factors, you have found the defendant eligible for a death sentence and you should proceed to the

next section (II) of this Form to select a sentence of death or a sentence of life imprisonment without possibility of release.  If you answered "no" to all of these factors, then you have found the defendant ineligible for a death sentence and you should stop your deliberations, sign the section of this Form indicating a verdict of life imprisonment, certify your decision as described in section IV, and notify the Court that you have reached a decision.

II.    Findings Regarding Selection of the Sentence

A.    Non-Statutory Aggravating Factor

The government has alleged that the following non-statutory aggravating factor is present in this case.  Answer "yes" or "no" according to whether you unanimously find that the government proved the existence of the factor beyond a reasonable doubt:

1.    Future Dangerousness of the Defendant:  William Sablan is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others.

YES _____

NO  X

Regardless of your finding on the non-statutory factor, you must proceed to the next section (II–B) of this Form.

B.    Mitigating Factors

William Sablan has alleged that the following mitigating factors are present in this case.  For each of these factors, indicate in the space provided the number of juror(s) who have found the existence of that factor by a preponderance of the evidence.

-4-

1.     Prior to Joey Estrella's death, William Sablan had been diagnosed with a Psychotic Disorder, Posttraumatic Stress Disorder, and Traumatic Brain Injury.

Number of Jurors who so find __4__

2.     William Sablan suffers from Posttraumatic Stress Disorder. This mental illness (together with his other mental conditions) causes Mr. Sablan to suffer from recurrent and intrusive recollections and exaggerated startle response.

Number of Jurors who so find __1__

3.     William Sablan suffers from a Psychotic Disorder. This mental illness (together with his other mental conditions) causes Mr. Sablan to suffer from a loss of touch with reality and from paranoia.

Number of Jurors who so find __1__

4.     William Sablan suffers from the onset of dementia due to Traumatic Brain Injury and Frontal Lobe Syndrome. This mental illness (together with his others mental conditions) causes Mr. Sablan to have poor judgment, poor reasoning and planning skills, and poor impulse control.

Number of Jurors who so find __∅__

5.     William Sablan committed the offense under a severe mental and emotional disturbance.

Number of Jurors who so find __8__

6.     William Sablan's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law was significantly

-5-

impaired due to mental disease and/or defect, regardless of whether his capacity was so impaired as to constitute a defense of the charges.

Number of Jurors who so find __1__

7. Upon William Sablan's arrival at the United States Penitentiary-Florence, the BOP failed to conduct a psychological/medication evaluation despite the fact that his transfer papers indicated mental concerns and recommended that BOP officials "review psy/med on arrival".

Number of Jurors who so find __3__

8. Upon William Sablan's arrival at the United States Penitentiary-Florence, the Bureau of Prisons ("BOP") placed him in cell 124 of the Special Housing Unit along with Rudy Sablan and Joey Estrella, despite the fact that the cell was designed to house only two people.

Number of Jurors who so find __∅__

9. Prior to Joey Estrella's death, correctional officers were aware that the occupants of cell 124 were drinking hooch but did not intervene despite their duties to the contrary.

Number of Jurors who so find __2__

10. Prior to Joey Estrella's death, inmate Arthur Peck told correctional officer Forsythe that the occupants of cell 124 were fighting, but Forsythe did not intervene despite his duties to the contrary.

Number of Jurors who so find __3__

11. Prior to Joey Estrella's death, inmate Arthur Peck told correctional officer Forsythe that Rudy Sablan was choking Joey Estrella, but Forsythe did

not intervene despite his duties to the contrary.

Number of Jurors who so find __8__

12.    Prior to Joey Estrella's death, correctional officer Fuller failed to respond

to one or more duress alarms from cell 124 despite his duties to the

contrary.

Number of Jurors who so find __3__

13.    The circumstances that led to Joey Estrella's death existed, at least in

part, because of failure(s) by BOP officials to properly do their job(s).

Number of Jurors who so find __4__

14.    Joey Estrella initiated the assaultive conduct that ultimately resulted in his

death.

Number of Jurors who so find __1__

15.    At an early stage of the confrontation between William Sablan and Joey

Estrella, Mr. Sablan attempted to resolve the dispute peacefully by asking

Mr. Estrella to quit disrespecting him because he had shown Mr. Estrella

respect.

Number of Jurors who so find __1__

16.    Although he did not have to do so, William Sablan voluntarily talked to

prison officials and law enforcement authorities and provided them with

valuable information.

Number of Jurors who so find __∅__

17.    Although William Sablan has been found guilty beyond a reasonable

doubt, there remains a lingering or residual doubt as to whether he

personally inflicted the injuries that caused Joey Estrella's death.

Number of Jurors who so find __0__

18.  Although William Sablan was found guilty beyond a reasonable doubt, there remains a lingering or residual doubt as to whether he premeditated the death of Joey Estrella.

Number of Jurors who so find __0__

19.  William Sablan's consumption of hooch may have clouded his judgment (although not to the extent that it constituted a defense to the charge) but this cannot be determined with any certainty because an intoxilyzer was not used.

Number of Jurors who so find __0__

20.  William Sablan obtained only an 8th grade level of education.

Number of Jurors who so find __0__

21.  The BOP determined William Sablan's intelligence quotient (IQ) was 70 in 2005, which is in the borderline mentally-retarded range.

Number of Jurors who so find __0__

22.  William Sablan was raised in an abusive family and he consistently suffered physical and emotional abuse at the hands of his father.

Number of Jurors who so find __3__

23.  William Sablan rescued an individual who was at risk of drowning in the Pacific Ocean off of a Saipan beach.

Number of Jurors who so find __10__

24.   William Sablan retrieved the body of an individual who had drowned in the Pacific Ocean off a Saipan beach.

Number of Jurors who so find   10

25.   William Sablan suffered two significant traumas in 1995, specifically the hit-and-run death of his six-year-old daughter Mae on June 26, 1995, and a machete attack on September 16, 1995.  These incidents adversely affected his mental health.

Number of Jurors who so find   7

26.   Prior to his incarceration, William Sablan was a good supporter of, and contributor to, the well-being of his immediate and extended families.

Number of Jurors who so find   1

27.   William Sablan continues to be a concerned and loving father and grandfather, husband, brother and son.

Number of Jurors who so find   5

28.   William Sablan has a close and loving relationship with his children.

Number of Jurors who so find   6

29.   William Sablan has had consistent contact with his immediate and extended family during his incarceration in Colorado, and has continued to be a positive and active participant in the lives of his children.

Number of Jurors who so find   5

30.   Because of William Sablan's ongoing relationship with his children, the execution of William Sablan will cause emotional trauma to his children and have a negative impact upon their lives.

Number of Jurors who so find __7__

31. William Sablan is a talented artist and continues to rehabilitate himself

through his artwork.

Number of Jurors who so find __6__

32. William Sablan has used his creative talents in a way that is beneficial to

others.

Number of Jurors who so find __7__

33. William Sablan can be safely managed in a prison setting, particularly now

that the BOP provides him with the medication he needs.

Number of Jurors who so find __4__

34. If not sentenced to death, William Sablan will be sentenced to a term of

life in prison without any possibility of release.

Number of Jurors who so find __9__

As explained in the Court's instructions, the law permits you to consider any

other relevant mitigating information, in addition to the specific mitigating factors alleged

by the defendant listed above, so long as you find that it was proved by a

preponderance of the evidence. As with specific mitigating factors, your findings in this

regard need not be unanimous.

Did one or more jurors find that other relevant mitigating evidence was provided?

YES __X__

NO _____

-10-

If you answered "yes," list the additional mitigation information you found to be present and the number of jurors who so find in the space provided below.

The circumstances that led to Joey Estrella's death were influenced and/or instigated by Rudy Sablan. (6)

William Sablan has not had any reported violence or incidents since 2001. (3)

When you have completed your findings regarding mitigation, proceed to the next section (II-C) of this Form, where you will weigh the aggravating factor(s) with the mitigating factor(s), if any, that you have found to be present in this case.

C.    Weighing Process

The question you must answer at this stage of your deliberations is whether the proven aggravating factor(s) sufficiently outweigh the proven mitigating factor(s) and information to justify a sentence of death or, if you have not found any mitigation present, whether the aggravating factor(s) considered alone justify a death sentence. If you unanimously find that the weight of the aggravating factors is sufficient to justify a sentence of death, answer "yes" below, record your verdict on Verdict—Sentence of Death, certify your decision as described in section IV, and notify the Court that you have reached a decision. If you do not unanimously find that a death sentence is justified, answer "no" below, stop your deliberations, sign Verdict—Life Imprisonment, certify your decision as described in section IV, and notify the Court that you have reached a decision.

YES _____

NO _X____

If you are unable, after reasonable efforts, to unanimously agree upon a sentence, sign the form on page 15 indicating this.

-11-

III. Imposition of Sentence

Fill in the appropriate verdict form and then proceed to section IV, and certify

your decision as described in section IV, which concludes your deliberations.

## VERDICT--SENTENCE OF DEATH

Based upon our consideration of the evidence and in accordance with the

Court's instructions, we find by unanimous vote that William Sablan shall be sentenced

to death.

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____
Foreperson

Dated this _____day of _____, 2007.

-13-

## VERDICT–LIFE IMPRISONMENT

Based upon our consideration of the evidence and in accordance with the

Court's instructions, we find that William Sablan shall be sentenced to life imprisonment

without possibility of release.

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____
    Foreperson

Dated this _____ day of _____, 2007.

-14-

After reasonable efforts, we are unable to unanimously agree upon a sentence.

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____
Foreperson

Dated this _06_ day of _April_____, 2007.

## IV. Certification

By signing below, each juror certifies that *per se* consideration of the race, color, religious beliefs, national origin, or gender of the defendant or the victim was not involved in reaching his or her individual decision, and that the individual juror would have made the same decision regarding the appropriate sentence for the offense in question regardless of the race, color, religious beliefs, national origin, or gender of the defendant or the victim.

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____
Foreperson

Dated this ___*04*___ day of ___*April*___, 2007.