# EXHIBIT 2

03/06/2009  09:27   3038301466                    LEWIS&GEDDE                              PAGE  02/15

# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Criminal Case No. 00-cr-00531-WYD

UNITED STATES OF AMERICA,

Plaintiff,

v.

RUDY CABRERA SABLAN,

Defendant.

---

## SPECIAL FINDINGS FORM

---

I.    Findings Regarding Defendant's Eligibility for a Death Sentence

A.    Defendant's Age at Time of Offense

Do you unanimously find that the government proved beyond a

reasonable doubt that Rudy Sablan was at least eighteen (18) years of age at

the time he committed the offense for which sentence is to be imposed?

YES ___✓ 12__

NO ___0___

If you answered "yes", proceed to the next section (I–B) of this Form.  If you

answered "no",  then stop your deliberations, sign the section of this Form indicating a

verdict of life imprisonment, certify your decision as described in section IV, and notify

the Court that you have reached a decision.

03/06/2009  09:27               No.  R012                                    P. 002/015

03/06/2009  09:27    3038301466                    LEWIS&GEDDE                    PAGE  03/15

B.    Defendant's Intent in Commission of Offense

For each type of intent specified below, answer "yes" or "no" according to

whether you unanimously find that the government proved beyond a reasonable doubt

that Rudy Sablan acted with the specified intent:

1.    The defendant intentionally killed the victim;

YES ____5____ *5undecided*

NO ____2____

2.    The defendant intentionally inflicted serious bodily injury that resulted in

the victim's death;

YES ____11____

NO ____1____

3.    The defendant intentionally participated in an act, contemplating that a

person's life would be taken or intending that lethal force would be used in

connection with a person, other than one of the participants in the offense,

and the victim died as a result of the act;

YES ____12____

NO ____0____

4.    The defendant intentionally and specifically engaged in an act of violence,

knowing that the act created a grave risk of death to a person, other than

one of the participants in the offense, such that participation in the act

-2-

03/06/2009  09:27    3038301466                    LEWIS&GEDDE                         PAGE  04/15

constituted a reckless disregard for human life and the victim died as a

direct result of the act.

YES ___//___

NO ___/___

If you answered "yes" to one or more of these alternatives, proceed to the next

section (I–C) of this Form.  If you answered "no" to all of them, then stop your

deliberations, sign the section of this Form indicating a verdict of life imprisonment,

certify your decision as described in section IV, and notify the Court that you have

reached a decision.

C.    Statutory Aggravating Factors

The government has alleged that the following statutory aggravating factor is

present in this case.  Answer "yes" or "no" according to whether you unanimously find

that the government proved the existence of the factor beyond a reasonable doubt:

1.    Rudy Sablan committed the offense in an especially heinous or depraved

manner in that it involved serious physical abuse to the victim:

YES ___12___

NO ___0___

If you answered "yes" to this statutory aggravating factor, you have found the

defendant eligible for a death sentence and you should proceed to the next section (II)

of this Form to select a sentence of death or a sentence of life imprisonment without

possibility of release.  If you answered "no" to this factor, then you have found the

defendant ineligible for a death sentence and you should stop your deliberations, sign

-3-

the section of this Form indicating a verdict of life imprisonment, certify your decision as described in section IV, and notify the Court that you have reached a decision.

II.    Findings Regarding Selection of the Sentence

A.    Non-Statutory Aggravating Factor

The government has alleged that the following non-statutory aggravating factor is present in this case. Answer "yes" or "no" according to whether you unanimously find that the government proved the existence of the factor beyond a reasonable doubt:

1.    Future Dangerousness of the Defendant: Rudy Sablan is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others.

YES __6__   /UNDECIDED

NO __5__

Regardless of your finding on the non-statutory factor, you must proceed to the next section (II–B) of this Form.

B.    Mitigating Factors

Rudy Sablan has alleged that the following mitigating factors are present in this case. For each of these factors, indicate in the space provided the number of juror(s) who have found the existence of that factor by a preponderance of the evidence.

1.    William Sablan, equally culpable in the crime, will not be punished by death.

Number of Jurors who so find __7__

Case 4:96-cr-00239-JHS   Document 1408-2   Filed 11/04/11   Page 6 of 15
Case 1:11-cr-00038-JLK   Document 101-2   Filed 06/01/11   USDC Colorado   Page 5 of 14
03/06/2009   09:27   3039301466                    LEWIS&GEDDE                              PAGE   06/15

2.    Rudy Sablan is punishable as a principle in the killing of Mr. Estrella but

Rudy played a lesser role than William Sablan in the killing of Mr. Estrella.

Number of Jurors who so find ___0___

3.    Rudy Sablan is punishable as a principle in the killing of Mr. Estrella but

Rudy's participation was relatively minor, regardless of whether the

participation was so minor as to constitute a defense.

Number of Jurors who so find ___0___

4.    The killing of Mr. Estrella was the result of an altercation between Joey

Estrella and William Sablan.

Number of Jurors who so find ___1___

5.    Rudy Sablan was not a participant in the initial confrontation between

Joey Estrella and William Sablan.

Number of Jurors who so find ___1___

6.    Rudy Sablan intervened and broke up the fight between Joey Estrella and

William Sablan at least twice.

Number of Jurors who so find ___6___

7.    The escalation of the fight between Joey Estrella and William Sablan was

caused, at least in part, by William Sablan's mental condition.

Number of Jurors who so find ___0___

8.    The escalation of the fight between Joey Estrella and William Sablan was

caused, at least in part, by the fact that Mr. Estrella was intoxicated and

that he was a very aggressive person when drinking.

Number of Jurors who so find ___1___

-5-

03/06/2009   09:27   3038301466                    LEWIS&GEDDE                          PAGE   07/15

9.  Upon William Sablan's arrival at the United States Penitentiary-Florence, the Bureau of Prisons ("BOP") placed him in cell 124 of the Special Housing Unit along with Rudy Sablan and Joey Estrella, despite the fact that the cell was designed to house only two people.

Number of Jurors who so find ___1___

10.  Joey Estrella and Rudy Sablan had been cellmates for a long period of time, without any notable problems until William Sablan was put in the cell.

Number of Jurors who so find ___1___

11.  The circumstances that led to Joey Estrella's death existed, at least in part, because of failure(s) by BOP officials to properly do their job(s), by allowing alcohol and weapons in the cell.

Number of Jurors who so find ___2___

12.  Rudy Sablan was cooperative in his removal from the cell after Joey Estrella's death. Furthermore, Rudy Sablan encouraged William Sablan to cooperate with correctional officers during their removal from the cell.

Number of Jurors who so find ___0___

13.  Rudy Sablan obtained only an 8th grade level of education initially but then pursued, and attained, a G.E.D. (general education development) certificate, the equivalent of a high school diploma, while incarcerated during his young adulthood.

Number of Jurors who so find ___10___

-6-

P  007/015

03/06/2009  09:27    3038301466              LEWIS&GEDDE                        PAGE   08/15

14.    Rudy Sablan was raised in an abusive family and he suffered physical

and emotional abuse at the hands of his father.

Number of Jurors who so find ___0___

15.    Rudy Sablan is a concerned and loving father who is trying to be a

positive influence on his 14-year-old son.

Number of Jurors who so find ___5___

16.    Rudy Sablan has a close and loving relationship with other family

members and maintains contact with them.

Number of Jurors who so find ___3___

17.    Because of Rudy Sablan's ongoing relationship with his son, Irvin Saralu,

the execution of Rudy Sablan will cause emotional trauma to his son and

have a negative impact upon Irvin's life.

Number of Jurors who so find ___7___

18.    Rudy Sablan is a talented artist and continues to rehabilitate himself

through his artwork.

Number of Jurors who so find ___3___

19.    Rudy Sablan has used his creative talents in a way that is beneficial to

others and shows his love and concern for them.

Number of Jurors who so find ___1___

20.    Rudy Sablan convinced another inmate, Clifford Black, to abandon his

intent to assault a prison guard at USP Atlanta.

Number of Jurors who so find ___0___

Case 4:96-cr-00239-JHS    Document 1408-2    Filed 11/04/11    Page 9 of 15
Case 1:11-cr-00038-JLK    Document 101-2    Filed 06/01/11    USDC Colorado    Page 8 of 14
03/06/2009  09:27    3038301466              LEWIS&GEDDE                                PAGE  09/15

21.    Rudy Sablan showed concern for the family relationship of his cellmate,

Jimmy Kelly, by taking the blame for a weapon which belonged to

Mr. Kelly so his family visit would not be taken away.

Number of Jurors who so find __O__

22.    Rudy Sablan attempted to break up a fight between inmates Jimmy

Couch and Paul Hennings at USP Florence in 1999.

Number of Jurors who so find __O__

23.    If not sentenced to death, Rudy Sablan will be sentenced to a term of life

in prison without any possibility of release.

Number of Jurors who so find __7__

As explained in the Court's instructions, the law permits you to consider any

other relevant mitigating information, in addition to the specific mitigating factors alleged

by the defendant listed above, so long as you find that it was proved by a

preponderance of the evidence. As with specific mitigating factors, your findings in this

regard need not be unanimous.

Did one or more jurors find that the evidence has established some other

factor(s) in the defendant's background, record or character that mitigate(s) against the

imposition of the death sentence?

YES __1__

NO  _____

-8-

Case 4:96-cr-00239-JHS    Document 1408-2    Filed 11/04/11    Page 10 of 15
Case 1:11-cr-00038-JLK    Document 101-2    Filed 06/01/11    USDC Colorado    Page 9 of 14
03/06/2009  09:27    3038301466    LEWIS&GEDDE    PAGE  10/15

If you answered "yes," list the additional mitigation information you found to be

present and the number of jurors who so find in the space provided below.

① THE B.O.P. DIDN'T DO THEIR JOB BY FAULTY LOGIC OF PUTTING WILLIAM AND RUDY IN THE SAME CELL (8 YES)

② RUDY PLAYED A LESSER ROLE IN THE DESECRATION OF THE BODY OF JOEY (1 YES)

Did one or more jurors find that the evidence has established some other

circumstance(s) that mitigate(s) against the imposition of the death sentence?

YES ✓

NO ____

If you answered "yes," list the additional mitigation information you found to be

present and the number of jurors who so find in the space provided below.

③ RUDY HAS SHOWN NO SIGNS OF VIOLENT ACTIVITY IN THE PAST 9 YEARS. (7 YES)

④ JOEY DIED BECAUSE THE GUARDS FAILED TO DO 30 MINUTE ROUNDS. (7 YES)

When you have completed your findings regarding mitigation, proceed to the

next section (II-C) of this Form, where you will weigh the aggravating factor(s) with the

mitigating factor(s), if any, that you have found to be present in this case.

C.    Weighing Process

The question you must answer at this stage of your deliberations is whether the

proven aggravating factor(s) sufficiently outweigh the proven mitigating factor(s) and

information to justify a sentence of death or, if you have not found any mitigation

present, whether the aggravating factor(s) considered alone justify a death sentence. If

you unanimously find that the weight of the aggravating factors is sufficient to justify a

sentence of death, answer "yes" below, record your verdict on Verdict—Sentence of

Death, certify your decision as described in section IV, and notify the Court that you

have reached a decision.  If you do not unanimously find that a death sentence is

justified, answer "no" below, stop your deliberations, sign Verdict—Life Imprisonment,

certify your decision as described in section IV, and notify the Court that you have

reached a decision.

YES _____

NO ___✓___          *S- DEATH*
                    *7 - LIFE*

If you are unable, after reasonable efforts, to unanimously agree upon a

sentence, sign the form on page 13 indicating this.

III. <u>Imposition of Sentence</u>

Fill in the appropriate verdict form and then proceed to section IV, and certify

your decision as described in section IV, which concludes your deliberations.

03/06/2009 09:33                No.: R012                           P.011/015

Case 4:96-cr-00239-JHS    Document 1408-2    Filed 11/04/11    Page 12 of 15
03/06/2009  05:27    3038301466    Case 1:11-cr-00038-JLK    Document 101-2    Filed 06/01/11    USDC Colorado    Page 11 of 14
LEWIS&GEDDE
PAGE   12/15

## VERDICT--SENTENCE OF DEATH

Based upon our consideration of the evidence and in accordance with the

Court's instructions, we find by unanimous vote that Rudy Sablan shall be sentenced to

death.

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____
Foreperson

Dated this _____ day of _____, 2008.

## VERDICT—LIFE IMPRISONMENT

Based upon our consideration of the evidence and in accordance with the

Court's instructions, we find that Rudy Sablan shall be sentenced to life imprisonment

without possibility of release.

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____
Foreperson

Dated this _____ day of _____, 2008.

After reasonable efforts, we are unable to unanimously agree upon a sentence.

1. _____

2. _____

3. Cynthia A. Wilcox _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. Penny Kramer _____

10. _____

11. _____

12. Leonard Ray Brown _____
Foreperson

Dated this 28th day of May, 2008.

## IV. Certification

By signing below, each juror certifies that *per se* consideration of the race, color, religious beliefs, national origin, or gender of the defendant or the victim was not involved in reaching his or her individual decision, and that the individual juror would have made the same decision regarding the appropriate sentence for the offense in question regardless of the race, color, religious beliefs, national origin, or gender of the defendant or the victim.

1. _____
2. _____
3. Cynthia A. Wilcox
4. _____
5. _____
6. _____
7. _____
8. _____
9. Penny Karner
10. _____
11. _____
12. Leonard Ray Bacon
Foreperson

Dated this ___20th___ day of ___May___, 2008.