# EXHIBIT 3

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      ) No. CR 02-938-DOC
                               )
                  Plaintiff,   ) SPECIAL VERDICT FORM RE
                               ) DEFENDANT MILLS
            v.                 )
                               )
BARRY BYRON MILLS,             )
                               )
                  Defendant.   )
                               )
                               )
_____)

**OVERALL INSTRUCTIONS FOR FILLING OUT SPECIAL VERDICT FORM:**

Below is a series of questions accompanied by instructions. Please read the instructions and place your answers to the questions in the appropriate spaces. As was described in the jury instructions provided by the Court, the questions are grouped into seven sections that are numbered as Sections I - VII. There is a parallel set of instructions and questions for each of Counts Six and Seven; the instructions and questions are the same for both counts. At the bottom of each Special Verdict Form as a whole, your foreperson must sign his juror number in the appropriate space. In addition, as to each of Counts Six and Seven, in Section VII of each Special Verdict Form each juror must sign his or her juror number in the appropriate space.

57

## SPECIAL VERDICT QUESTIONS REGARDING COUNT SIX (MILLS)

### Section I: Age of the Defendant:

Instructions: Answer "yes" or "no."  Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that defendant Mills was 18 years of age or older at the time of the offense charged in Count Six of the Indictment?

Yes ___✓___

No _____

Instructions: If you answered "no" with respect to the determination in this Section, then stop your deliberations, cross out Sections II, III, IV, V, and VI of this form, and proceed to Section VII.  Each juror should then carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which you reached your decision.  You should then advise the Court that you have reached a decision.

If you answered "yes" with respect to the determination in this Section I, then proceed to Section II.

### Section II: Threshold Eligibility Factors:

Instructions: For each of the following, answer "yes" or "no."

A.  Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally participated in an act, contemplating that the life of a person would be taken and/or that lethal force would be used

58

in connection with a person, other than one of the participants in the offense, and that the victims died as a direct result of the act?

Yes ___✓___

No _____

B.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and that the victims died as a direct result of the act?

Yes ___✓___

No _____

Instructions: If you answered "no" with respect to both of the determinations in this Section, then stop your deliberations, cross out Sections III, IV, V, and VI of this form, and proceed to Section VII.   Each juror should carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which you reached a decision.

If you answered "yes" with respect to one or more of the determinations in this Section II, then proceed to Section III.

## Section III: Statutory Aggravating Factors

Instructions: For each of the following, answer "yes" or "no."

1.  Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the victims' deaths, or injuries resulting in death, occurred during the commission or attempted commission of an offense under 18 U.S.C. Section 1118, to wit, murder by a federal prisoner serving a life term?

Yes ___✓___

No _____

2.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the offense charged in Count Six after having been previously convicted of a federal or state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in 18 U.S.C. Section 921) against another person?

Yes ___✓___

No _____

3.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the offense charged in Count Six after having previously been convicted of another federal or state offense resulting in the death of a person, for which a sentence of life imprisonment or death was authorized by statute?

Yes ___✓___

No _____

4.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant, in the commission of the offense charged in Count Six, knowingly created

60

a grave risk of death to one or more persons in addition to the victims of the offenses?

Yes ___✓___

No _____

5.   Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the offense charged in Count Six after substantial planning and premeditation to cause the death of a person?

Yes ___✓___

No _____

6.   Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant killed or attempted to kill more than one person in a single criminal episode?

Yes ___✓___

No _____

Instructions: If you answered "no" with respect to all of the Statutory Aggravating Facts in this Section III, then stop your deliberations, cross out Sections IV, V, and VI, and proceed to Section VII of this form.  Each juror should then read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which you have reached a decision.  You should then advise the Court that you have reached a decision.

If you found the requisite age in Section I, the requisite mental state in Section II, and answered "yes" with respect to one or more of the statutory aggravating factors in this Section III, then proceed to Section IV.

61

**Section IV: Non-Statutory Aggravating Factors**

Instructions: For each of the following, answer "yes" or "no" to the numbered questions below.

1. **Future Dangerousness of Defendant.** Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others.

Yes _____

No __✓__

2. **Contemporaneous Convictions.** Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant faces contemporaneous convictions for multiple murders, attempted murders, and other serious acts of violence?

Yes __✓__

No _____

3. **Racial Animosity Was a Motive for the Murders.** Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the crime charged in Count Six in part from racial animosity against the victims of the crimes?

Yes _____

No __✓__

Instructions: Regardless of whether you answered "yes" or "no" with respect to the non-statutory aggravating factors in this Section IV, proceed to Section V.

## Section V: Mitigating Factors

Instructions: For each of the following mitigating factors, you have the option to indicate, in the space provided, the number of jurors who have found the existence of the mitigating factor to be proven by a preponderance of the evidence. If you choose not to make these findings, cross out each page of Section V with a large "X" and then continue your deliberations in accordance with the instructions of the Court.

1. Allen Benton was an equally culpable person in the offenses, and will not face death, received a 9-year sentence for the killings of Salaam and Joyner, and may receive a further reduction in that sentence.

Number of Jurors who found this mitigating factor: __6__

2. Daily life for inmates in a federal penitentiary is dangerous and violent.

Number of Jurors who found this mitigating factor: __7__

3. Daily life for inmates in a federal penitentiary is particularly dangerous for white inmates, as they are a minority in the system.

Number of Jurors who found this mitigating factor: __3__

4. The mistreatment of children at the California Youth Authority from 1964-67.

Number of Jurors who found this mitigating factor: __2/__

5. Barry Mills has been eligible for release on parole since 1987, so a sentence of life in prison without possibility of release is substantial punishment.

Number of Jurors who found this mitigating factor: __3__

6. Barry Mills has maintained a non-violent, discipline

63

free prison record for more than 7 years.

Number of Jurors who found this mitigating factor: _5_

7. Barry Mills has often served as a peacemaker in the penitentiaries in which he's been housed.

Number of Jurors who found this mitigating factor: _4_

8. Barry Mills, as late as June 1997, discouraged other white inmates from attacking black inmates.

Number of Jurors who found this mitigating factor: _2_

9. Barry Mills, while in custody, had a positive influence on others.

Number of Jurors who found this mitigating factor: _6_

10. Other factors in Barry Mills' life suggest that a life sentence is appropriate.

Number of Jurors who found this mitigating factor: _5_

Instructions: Regardless of whether you chose to make written findings for the Mitigating Factors of Section V above, proceed to Section VI and Section VII.

**Section VI: Determination**

Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, and whether death is therefore the appropriate sentence in this case:

A.   **Death Sentence**

We determine, by unanimous vote, that a sentence of death shall be imposed.

Yes _____

No ___✓___

If you answer "yes," the foreperson must sign here, and you must then proceed to Section VII.  If you answer "no," the foreperson must sign and you must then proceed to Section VIB.

# 5 / 52
_____
Foreperson

Date:  09/15/06

B.   **Sentence of Life in Prison Without Possibility of Release**

We determine, by unanimous vote, that a sentence of life imprisonment without possibility of release shall be imposed.

Yes _____

No ___✓___

If you answer "yes," the foreperson must sign here, and you must then proceed to Section VII.


_____
Foreperson

Date:  _____


**Section VII: Certification**

By signing his or her juror numbers below, each juror certifies that consideration of the race, color, religious beliefs, national origin or sex of the defendants or any victims was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation

65

regarding a sentence for the crimes in question regardless of the race, color, religious beliefs, national origin, or sex of the defendants or the victims.

| #1 | 227 | #7 - 55 |
| #2 | 197 | #8 - 225 |
| #3 | 173 | #9 - 31 |
| #4 | 81 | #10 - 40 |
| #5 | 52 | #11 236 |
| #6 | 216 | #12 3 |

66

SPECIAL VERDICT QUESTIONS REGARDING COUNT SEVEN (MILLS)

Section I: Age of the Defendant:

Instructions: Answer "yes" or "no." Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that defendant Mills was 18 years of age or older at the time of the offense charged in Count Seven of the Indictment?

Yes ___✓___

No _____

Instructions: If you answered "no" with respect to the determination in this Section, then stop your deliberations, cross out Sections II, III, IV, V, and VI of this form, and proceed to Section VII. Each juror should then carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which you reached your decision. You should then advise the Court that you have reached a decision.

If you answered "yes" with respect to the determination in this Section I, then proceed to Section II.

Section II: Threshold Eligibility Factors:

Instructions: For each of the following, answer "yes" or "no."

A. Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally participated in an act, contemplating that the life of a person would be taken and/or that lethal force would be used

67

in connection with a person, other than one of the participants in the offense, and that the victims died as a direct result of the act?

Yes ___✓___

No _____

B.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and that the victims died as a direct result of the act?

Yes ___✓___

No _____

Instructions: If you answered "no" with respect to both of the determinations in this Section, then stop your deliberations, cross out Sections III, IV, V, and VI of this form, and proceed to Section VII.  Each juror should carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which you reached a decision.

If you answered "yes" with respect to one or more of the determinations in this Section II, then proceed to Section III.

**Section III: Statutory Aggravating Factors**

Instructions: For each of the following, answer "yes" or "no."

68

1.  Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the victims' deaths, or injuries resulting in death, occurred during the commission or attempted commission of an offense under 18 U.S.C. Section 1118, to wit, murder by a federal prisoner serving a life term?

Yes ___✓___

No _____

2.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the offense charged in Count Seven after having been previously convicted of a federal or state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in 18 U.S.C. Section 921) against another person?

Yes ___✓___

No _____

3.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the offense charged in Count Seven after having previously been convicted of another federal or state offense resulting in the death of a person, for which a sentence of life imprisonment or death was authorized by statute?

Yes ___✓___

No _____

4.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant, in the commission of the offense charged in Count Seven, knowingly

created a grave risk of death to one or more persons in addition to the victims of the offenses?

Yes ___✓___

No _____

5.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the offense charged in Count Seven after substantial planning and premeditation to cause the death of a person?

Yes ___✓___

No _____

6.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant killed or attempted to kill more than one person in a single criminal episode?

Yes ___✓___

No _____

Instructions: If you answered "no" with respect to all of the Statutory Aggravating Factors in this Section III, then stop your deliberations, cross out Sections IV, V, and VI, and proceed to Section VII of this form.  Each juror should then read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which you have reached a decision.  You should then advise the Court that you have reached a decision.

If you found the requisite age in Section I, the requisite mental state in Section II, and answered "yes" with respect to one or more of the statutory aggravating factors in this Section III, then proceed to Section IV.

70

**Section IV: Non-Statutory Aggravating Factors**

Instructions: For each of the following, answer "yes" or "no" to the numbered questions below.

1.  **Future Dangerousness of Defendant.** Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others.

Yes _____

No ___✓___

2.  **Contemporaneous Convictions.** Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant faces contemporaneous convictions for multiple murders, attempted murders, and other serious acts of violence?

Yes ___✓___

No _____

3.  **Racial Animosity Was a Motive for the Murders.** Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the crime charged in Count Seven in part from racial animosity against the victims of the crimes?

Yes _____

No ___✓___

Instructions: Regardless of whether you answered "yes" or "no" with respect to the non-statutory aggravating factors in this Section IV, proceed to Section V.

71

## Section V: Mitigating Factors

Instructions: For each of the following mitigating factors, you have the option to indicate, in the space provided, the number of jurors who have found the existence of the mitigating factor to be proven by a preponderance of the evidence. If you choose not to make these findings, cross out each page of Section V wit a large "X" and then continue your deliberations in accordance with the instructions of the Court.

1. Allen Benton was an equally culpable person in the offenses, and will not face death, received a 9-year sentence for the killings of Salaam and Joyner, and may receive a further reduction in that sentence.

Number of Jurors who found this mitigating factor: ___6___

2. Daily life for inmates in a federal penitentiary is dangerous and violent.

Number of Jurors who found this mitigating factor: ___7___

3. Daily life for inmates in a federal penitentiary is particularly dangerous for white inmates, as they are a minority in the system.

Number of Jurors who found this mitigating factor: ___3___

4. The mistreatment of children at the California Youth Authority from 1964-67.

Number of Jurors who found this mitigating factor: ___4___

5. Barry Mills has been eligible for release on parole since 1987, so a sentence of life in prison without possibility of release is substantial punishment.

Number of Jurors who found this mitigating factor: ___3___

6. Barry Mills has maintained a non-violent, discipline

72

free prison record for more than 7 years.

Number of Jurors who found this mitigating factor: _5_

7.  Barry Mills has often served as a peacemaker in the penitentiaries in which he's been housed.

Number of Jurors who found this mitigating factor: _4_

8.  Barry Mills, as late as June 1997, discouraged other white inmates from attacking black inmates.

Number of Jurors who found this mitigating factor: _2_

9.  Barry Mills, while in custody, had a positive influence on others.

Number of Jurors who found this mitigating factor: _6_

10.  Other factors in Barry Mills' life suggest that a life sentence is appropriate. *Number of jurors who found this mitigating factor 5*

Instructions: Regardless of whether you chose to make written findings for the Mitigating Factors of Section V above, proceed to Section VI and Section VII.

## Section VI: Determination

Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, and whether death is therefore the appropriate sentence in this case:

73

A.   **Death Sentence**

We determine, by unanimous vote, that a sentence of death shall be imposed.

Yes _____

No __✓___

If you answer "yes," the foreperson must sign here, and you must then proceed to Section VII.  If you answer "no," the foreperson must sign and you must then proceed to Section VIB.

   _#5 / 52_____
Foreperson

Date:  _09/18/06____

B.   **Sentence of Life in Prison Without Possibility of Release**

We determine, by unanimous vote, that a sentence of life imprisonment without possibility of release shall be imposed.

Yes _____

No __✓___

If you answer "yes," the foreperson must sign here, and you must then proceed to Section VII.


   _____
Foreperson

Date:  _____


**Section VII: Certification**

By signing his or her juror number below, each juror certifies that consideration of the race, color, religious beliefs, national origin or sex of the defendants or any victims was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation

74

regarding a sentence for the crimes in question regardless of the race, color, religious beliefs, national origin, or sex of the defendants or the victims.

| #1 227 | #7 - 55 |
| #2 197 | #8 - 225 |
| #3 173 | #9 - 31 |
| #4 81 | #10 - 40 |
| #5 52 | #11 - 236 |
| #6 216 | #12 - 3 |

**Signature (Juror Number) of Foreperson as to Overall Verdict Form Re Defendant Mills**

Foreperson: #5 52

Date: 01/15/06

75