**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID PAUL HAMMER, | : | Capital Case |
| | : | |
| Defendant. | : | |
| _____ | : | _____ |

**DEFENDANT DAVID PAUL HAMMER'S MOTION**
**TO DIRECT THE GOVERNMENT TO PRODUCE EXHIBIT 2 TO**
**THE GOVERNMENT'S OPPOSITION, FILED "*IN CAMERA*",**
**AND ALL OTHER RELEVANT DVD VIDEOTAPES**

AND NOW, comes Defendant, DAVID PAUL HAMMER, through counsel, and files the within Motion seeking that the Court issue an Order directing the Government to produce forthwith Exhibit 2 to the Government's Opposition, filed "*in camera ex parte*", and all other relevant "DVD videotapes" of the area surrounding Mr. Hammer's cell on and around July 12, 2011, and in support thereof states the following:

1.     Mr. Hammer filed a Motion requesting, among other things, an Order precluding the Government from admitting any evidence and/or rebuttal evidence obtained during a recent and unconstitutional search of Mr. Hammer's cell on July 12, 2011. (Doc. No. 1380.)

2.     That Motion includes an averment that Mr. Hammer's cell and the area around it have been under electronic video surveillance by the Bureau of Prisons, Terre Haute USP, including on July 12, 2011, and requests that any video recordings of that surveillance be preserved.

3.     The Government's Opposition to Mr. Hammer's Motion admits that a "DVD videotape"[1] exists of the area around Mr. Hammer's cell for July 12, 2011.

4.     The Government's Opposition asserts that prosecutors Mellin and Martin did not enter Mr. Hammer's cell at any time, and did not see or take any materials in or from Mr. Hammer's cell, and that while Mr. Hammer's case manager did enter Mr. Hammer's cell, he did not retrieve any evidence or information relating to this case.

5.     To support those assertions, the Government's Opposition provides two Exhibits:

    i)    a statement by Todd Royer, a Bureau of Prisons employee (Exhibit 1); and

    ii)    a DVD videotape of Mr. Hammer's cell, which purportedly supports Royer's statement (Exhibit 2).

---

[1] This Motion uses the "DVD videotape" nomenclature of the Government's Opposition, but includes video recordings of any kind, including without limitation, tape, digital, or any other electronic or analog recording methods.

6. The Government submitted Exhibit 2 for this Court's "*in camera ex parte*" review only, and did not provide Mr. Hammer's counsel with a copy.

7. The Government's Opposition includes no reference to any authority authorizing its "*in camera ex parte*" filing without prior Order of this Court. Nor did the Government seek such an Order from this Court, or an Order to seal Exhibit 2, as required by Middle District Local Rule 5.8 and Middle District Local Criminal Rule 49. Further, the Government has not offered Mr. Hammer's counsel any opportunity to view Exhibit 2 under any circumstances, including under a mutually agreeable Protective Order.

8. This Court issued an Order directing a hearing on Mr. Hammer's Motion for January 19, 2012. (Doc. No. 1405.)

9. Mr. Hammer's counsel cannot adequately prepare for this hearing without an opportunity to view Exhibit 2 and all other DVD videotapes in the possession of the Government (including the Bureau of Prisons) of Mr. Hammer's cell and the area around Mr. Hammer's cell, recorded on and around July 12, 2011.

10. More specifically, without an opportunity to view Exhibit 2 and other DVD videotapes, Mr. Hammer cannot prepare to adequately cross-examine Royer to challenge Exhibit 1, or to challenge in any way the Government's assertion that Exhibit 2 provides an "unequivocal view" that supports Royer's assertions, nor can

3

counsel adequately prepare and present other witnesses supporting his Motion.

11.     Failure to permit Mr. Hammer's counsel the opportunity to prepare adequately for the hearing by having access to relevant DVD videotapes would unduly prejudice Mr. Hammer in the disposition of his Motion, constituting a denial of Mr. Hammer's constitutional rights to due process, confrontation and effective assistance of counsel.

12.     Accordingly, the Government should provide Mr. Hammer's counsel with Exhibit 2 to the Government's Opposition (Doc. No. 1390-2), as well as all DVD videotapes of Mr. Hammer's cell and the area around his cell, recorded on and around July 12, 2011.

WHEREFORE, Mr. Hammer requests that the Court enter an Order directing the Government to produce forthwith Exhibit 2 to the Government's Opposition, filed "*in camera ex parte*", and all other relevant "DVD Videotapes" of Mr. Hammer's cell and the area around his cell, recorded on and around  July 12, 2011.

Respectfully Submitted,

/s/ RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/ ANNE L. SAUNDERS
Anne L. Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

/s/ JAMES MCHUGH
James McHugh
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
James_McHugh@fd.org
James_Moreno@fd.org

Dated:        November 27, 2011

5

## Certificate of Service

I, Anne Saunders, hereby certify that on this date I caused the foregoing *Defendant David Paul Hammer's Motion To Direct the Government to Produce Exhibit 2 to the Government's Opposition, Filed "In Camera", and All Other Relevant "DVD Videotapes"* to be served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and/or by placing a copy in the United States mail, first class postage prepaid, addressed to the following:

Frederick E. Martin, Esquire
United States Attorney's Office
Federal Building, Room 217
228 Walnut Street
Harrisburg, PA 17108

Steven Mellin, Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

/s/ ANNE SAUNDERS

Dated:      November 27, 2011