UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| v. | : | Honorable Joel H. Slomsky |
| DAVID PAUL HAMMER, | : | Capital Case |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DAVID PAUL HAMMER'S MOTION
TO DIRECT THE GOVERNMENT TO PRODUCE EXHIBIT 2 TO
THE GOVERNMENT'S OPPOSITION, FILED "*IN CAMERA*",
<u>AND ALL OTHER RELEVANT DVD VIDEOTAPES</u>**

Defendant, DAVID PAUL HAMMER, through undersigned counsel, submits

this Memorandum of Law in Support of Defendant David Paul Hammer's Motion

To Direct the Government to Produce Exhibit 2 to the Government's Opposition,

Filed "*In Camera*" (Doc. No. 1390-2), and All Other Relevant DVD Videotapes

of the area surrounding Mr. Hammer's cell on and around July 12, 2011.

**I.    Background**

Mr. Hammer filed a Motion requesting, among other things, an Order precluding

the Government from admitting any evidence and/or rebuttal evidence obtained during

a recent and unconstitutional search of Mr. Hammer's cell on July 12, 2011 (Doc.

No. 1380). That Motion includes an averment that Mr. Hammer's cell and the area

around it have been under electronic video surveillance by the Bureau of Prisons,

Terre Haute USP, including on July 12, 2011, and requests that any video recordings

of that surveillance be preserved.

The Government's Opposition to Mr. Hammer's Motion (Doc.  No. 1390)

admits that a "DVD videotape"[1] exists of the area around Mr. Hammer's cell for

July 12, 2011. (Govt. Opp. at 2.)

The Government's Opposition  asserts that prosecutors Mellin and Martin

did not enter Mr. Hammer's cell at any time, and did not see or take any materials

in or from Mr. Hammer's cell, and that while Mr. Hammer's case manager did enter

Mr. Hammer's cell, he did not retrieve any evidence or information relating to this

case. To support those assertions, the Government's Opposition provides the Court

with two Exhibits:

> 1)    a statement by Todd Royer, a Bureau of Prisons employee (Exhibit 1); and,
>
> 2)    a "DVD videotape" of Mr. Hammer's cell, which purportedly supports Royer's statement by providing an "unequivocal view." (Exhibit 2).

The Government submitted  Exhibit 2 for this Court's "*in camera ex parte*"

review only; the Government did not provide Mr. Hammer's counsel with a copy.

---

[1] This Motion uses the "DVD videotape" nomenclature of the Government's Opposition, but includes video recordings of any kind, including without limitation, tape, digital, or any other electronic recording methods.

Further, the Government's Opposition cites no authority permitting it to file Exhibit 2 "*in camera ex parte*" without prior Order of this Court. Nor did the Government seek such an Order from this Court, or an Order to seal Exhibit 2, as required by Middle District Local Rule 5.8 and Middle District Local Criminal Rule 49. Further, the Government has not offered Mr. Hammer's counsel any opportunity to view Exhibit 2 under any circumstances, including under a mutually agreeable Protective Order.

The sole justification that the Government offers for not producing Exhibit 2 to Mr. Hammer's counsel is "[f]or security reasons involving the operation of SCU [the Special Confinement Unit], as well as parity [sic][2]." (Govt. Opp. at 2.) The Government provides no specific reasons, compelling or otherwise, to support the bald assertion that providing Exhibit 2 to Mr. Hammer's counsel would in any way jeopardize the SCU's security.

To adequately prepare for the hearing on Mr. Hammer's Motion — which this Court has scheduled for January 19, 2012 (Doc. No. 1405) — Mr. Hammer's counsel must have an opportunity to view Exhibit 2, as well as any other DVD videotapes

---

[2]In this context, the Government's usage of "parity" (if that's the word intended) does not appear to comport with any ordinary definition of that word. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (Unabridged)(1981) at p. 1642. And so what the Government intended to convey here is unknown.

in the possession of the Government (including the Bureau of Prisons) of Mr. Hammer's cell and the area around it, recorded on and around July 12, 2011. Failure to enable Mr. Hammer's counsel to prepare adequately for the hearing by obtaining copies of these DVD videotapes would unduly prejudice Mr. Hammer in the disposition of his Motion, and constitute a denial of his constitutional rights to due process, confrontation and effective assistance of counsel.

Accordingly, this Court should enter an Order directing the Government to forthwith provide Defendant's counsel with Exhibit 2 to the Government's Opposition, as well as all "DVD videotapes" of Mr. Hammer's cell and the area around his cell, recorded on and around July 12, 2011.

## II.    Legal Discussion

### A.    The Government lacks authority to unilaterally file Exhibit 2 "*in camera ex parte*", without producing a copy to Mr. Hammer's counsel.

As a threshold matter, the Government provides no authority for unilaterally refusing to produce Government Opposition Exhibit 2 to Mr. Hammer's counsel. Although circumstances might arise where the Government has a demonstrable compelling need to withhold production of an exhibit to a defendant, those circumstances do not permit the Government to do so solely on its own initiative, without Court permission.

Where the Government can demonstrate to the Court a compelling security

interest that producing certain information to a defendant would compromise, then the Government can formally move the Court to enter an appropriate Order. This procedure is well known to the Government. *See, e.g., United States v. Wecht*, 2006 U.S. Dist. LEXIS 38981 at *2 (W.D. Pa. 2006)(Discussing Government's filing an "*In Camera Ex Parte* Motion for Ruling as to Whether Possible 'Impeachment/Credibility' Information Must be Disclosed . . . .").

Indeed, even if the Government were simply seeking to file Exhibit 2 under seal then the Government would still need a Court Order, as Middle District Local Rule 5.8 and Middle District Local Criminal Rule 49 require. Local Rule 5.8 provides that "no document shall be filed under seal unless authorized by an order of court." See *Fantoni v. Bledsoe*, 2008 U.S. Dist. LEXIS 47787 at *1 (M.D. Pa. 2008)(granting motion to file document under seal "pursuant to Middle District Local Rule 5.8 ".) And Local Criminal Rule 49 sets forth the procedure to seek court authorization to file under seal, which involves a motion that must include "a statement of the legal and factual justification for the sealing order that is being sought." LCr.R 49(c)(2)(b).[3]

Surely, if Court rules require the Government to obtain a Court Order just

---

[3] Although LCrR 49(d) provides for limited exemptions from these requirements, the DVD videotape does not fall under any of the four categories of exempt documents. *See* LCrR 49(d)(1)-(4).

to seal a document — thus shielded from public view, but still available to defendant's

counsel — then the need for a Court Order to withhold information entirely from

defendant's counsel by an "*in camera ex parte*" filing is even more critical.

Finally, because the Government filed Exhibit 2 "*in camera ex parte*" without

Court Order, the Opposition's Certificate of Service is defective. *See* Docket entry

for Doc. No. 1390 (indicating filing of Brief in Opposition by USA, including Exhibit

2, but with no indication of Government's authority by Court Order to file "*in camera

ex parte*", or even under seal).

**B.      The Government has not provided the Court with any legal or factual
justification for filing Exhibit 2 "*in camera ex parte*".**

Even if the Court were to construe the Government's Opposition as a motion

for leave to file Exhibit 2 "*in camera ex parte*", and to withhold production to Mr.

Hammer's counsel, the Government's Opposition does not provide this Court with

the requisite legal or factual justification for doing so.

In the context of a criminal proceeding, the trial court may "defer discovery

or inspection, or grant other appropriate relief," but only "for good cause." Fed. R.

Crim. P. 16(d)(1). And good cause is established only

> on a showing that disclosure will work a clearly defined and serious
> injury to the party seeking closure. The injury must be shown with
> specificity. Broad allegations of harm, unsubstantiated by specific examples
> or articulated reasoning, do not support a good cause showing. The

good cause determination must also balance the public's interest in the information against the injuries that disclosure would cause.

*United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007)(internal quotations and citations omitted).Typically, on a showing of good cause, the trial court will "place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

Here, the Government failed not only to show that disclosure of Exhibit 2 "will work a clearly defined and serious injury", but also failed even to assert "broad allegations of harm." Rather, the Government asserted only the conclusory statement that non-disclosure was required for "security reasons involving the operation of the SCU." (Govt. Opp. at 2.) Such a bald statement, wholly "unsubstantiated by specific examples or articulated reasoning" does not support good cause for the extreme act of withholding Exhibit 2 from Defendant's counsel. What "security reasons"? Which particular SCU "operations"? And is there no less drastic alternative to totally denying Mr. Hammer's counsel access to Exhibit 2, such as a narrowly crafted, mutually agreeable Protective Order?

The Government has not provided this Court with any legal or factual justification for its extreme action of withholding Exhibit 2 from Mr. Hammer's counsel.

**C.    The Government's failure to produce Exhibit 2 to Mr. Hammer's counsel prevents counsel from preparing adequately for the January 19, 2012 Hearing**.

Mr. Hammer's counsel cannot adequately prepare for the hearing on Mr. Hammer's Motion — which this Court has scheduled for January 19, 2012 (Doc. No. 1405) — without an opportunity to view Exhibit 2 and all other relevant DVD videotapes in the Government's possession.

Seeking to refute the factual basis of Mr. Hammer's Motion, the Government's Opposition — contending that the prosecutors never entered Mr. Hammer's cell and that his case manager did not retrieve any relevant evidence or information from his cell — submits a statement by Bureau of Prisons employee Todd Royer (Exhibit 1) and a DVD videotape (Exhibit 2) that purportedly provides an "unequivocal view" that supports Royer's statement. If Mr. Hammer's counsel has no opportunity to view Exhibit 2 and other DVD videotapes, Mr. Hammer cannot adequately prepare to cross-examine Royer, or to challenge in any way the Government's assertion that Exhibit 2 provides an "unequivocal view" that supports Royer's statement. Without the opportunity to adequately prepare for the hearing, Mr. Hammer is unduly prejudiced in the disposition of his Motion by a denial of his constitutional rights to due process and to confront witnesses.

The Sixth Amendment's Confrontation Clause provides that 'in all criminal prosecutions" — as here — "the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S.Const. amend. VI. As a practical matter, this Confrontation Clause right "protects a defendant's right of cross-examination," *Douglas v. Alabama*, 380 U.S. 415, 418 (1965). That right of cross-examination, which functions to promote reliability in criminal trials, *Lee v. Illinois*, 476 U.S. 530, 540(1986), requires that the criminal defendant have the opportunity for a "full and effective cross-examination." *California v. Green*, 399 U.S. 149, 159 (1970). *See Davis v. Alaska*, 415 U.S. 308, 316 (1974) (Cross-examination "is the principal means by which the believability of a witness and the truth of his testimony are tested."). A violation of the Confrontation Clause is constitutional error of the first magnitude, regardless of prejudice. *See Brookhart v. Janis*, 384 U.S. 1, 3 (1968).

Because the Government's Opposition submits that Exhibit 2 provides an "unequivocal view" (Govt. Opp. at 9) that supports Royer's statement that the prosecutors never entered Mr. Hammer's cell and that the case manager did not retrieve or remove relevant material from Mr. Hammer's cell (Exhibit 1), Mr. Hammer's counsel must have access to the "unequivocal view" that Exhibit 2 purportedly provides. Without access to Exhibit 2, Mr. Hammer's counsel cannot adequately prepare to test Royer's believability and the truth of his testimony, thus constituting a Confrontation Clause

violation.

## III.    Conclusion

For all the reasons set forth above in this Memorandum of Law and for the reasons set forth in the Motion, Mr. Hammer respectfully requests that the Court enter an Order directing the Government to forthwith provide Defendant's counsel with Exhibit 2 to the Government's Opposition, filed August 3, 2011 (Doc. No. 1390-2), as well as all "DVD videotapes" of Mr. Hammer's cell and the area around his cell, recorded on and around  July 12, 2011.

Respectfully Submitted,

/s/ RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


 /s/ ANNE L. SAUNDERS
Anne L. Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
Anne_Saunders@fd.org

/s/ JAMES MCHUGH
James McHugh
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
James_McHugh@fd.org
James_Moreno@fd.org

Dated:        November 27, 2011

## Certificate of Service

I, Anne Saunders, hereby certify that on this date I caused the foregoing *Defendant David Paul Hammer's Motion to Unseal Government's Opposition Exhibit 2 and to Direct the Bureau of Prisons to Produce DVD Videotapes* to be served upon counsel for the Government concurrently with its filing, by filing the same with this Court's ECF system and/or by placing a copy in the United States mail, first class postage prepaid, addressed to the following:

> Frederick E. Martin, Esquire
> United States Attorney's Office
> Federal Building, Room 217
> 228 Walnut Street
> Harrisburg, PA 17108
>
> Steven Mellin, Esquire
> United States Department of Justice
> Criminal Division, Capital Case Unit
> 1331 F. Street, N.W.
> Washington, D.C. 20530

/s/ ANNE SAUNDERS

Dated:     November 27, 2011