IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : NO. 4:96-CR-239 |
| v. | : |
| | : |
| DAVID PAUL HAMMER | : |
| Defendant. | : |

## OPINION

**Slomsky, J.**  **December 1, 2011**

### I. INTRODUCTION

Before the Court is Defendant David Paul Hammer's Motion for a Ruling that the Confrontation Clause Shall Apply at the Penalty Phase of Trial. (Doc. No. 1330.) For reasons that follow, the Court will deny the Motion.[1]

### II. BACKGROUND INFORMATION

On September 18, 1996, a Grand Jury returned an indictment against Defendant David Paul Hammer. (Doc. No. 1.) He was charged with killing Andrew Marti on April 13, 1996 at the Allenwood Federal Correctional Complex in White Deer, Pennsylvania, in violation of 18 U.S.C. § 1111. (Id.) On April 9, 1997, the Government filed a notice of intent to seek the death penalty. (Doc. No. 93.)

Trial began on June 2, 1998, following jury selection for both the guilt and penalty phases

---

[1] The Court has considered the following documents in deciding the Motion for a Ruling that the Confrontation Clause Shall Apply at the Penalty Phase of Trial: Defendant's Motion for a Ruling and Brief in Support thereof (Doc. Nos. 1330, 1331), Government's Brief in Opposition to Defendant's Motion (Doc. No. 1349), and Defendant's Reply Brief (Doc. No. 1365).

of the case. (Doc. Nos. 448, 489-503.) Trial continued until June 22, 1998. (Id.) On June 22, 1998, after fourteen days of trial, Defendant Hammer withdrew his plea of not guilty and entered a plea of guilty, admitting that he killed Andrew Marti with premeditation and malice aforethought. (Doc. No. 504.) The late Judge Malcolm Muir presided over the trial and penalty phase hearing and continued as the judge assigned to this case until it was transferred on January 12, 2011 to the undersigned judge. (Doc. No. 1301.)

On June 30, 1998, a hearing commenced to determine whether the death penalty should be imposed, in accordance with 18 U.S.C. § 3593(b). (Doc. No. 553.) The hearing continued until July 20, 1998. On July 21, 22 and 23, 1998, counsel presented closing arguments. (Doc. Nos. 565-567.) On July 23, 1998, the jury began deliberating and on July 24, 1998 returned a verdict that the death penalty should be imposed. (Doc. No. 572.) On November 4, 1998, after denying motions for a new trial, Judge Muir imposed the death penalty. (Doc. No. 648.)

Defendant Hammer filed a Notice of Appeal to the Third Circuit Court of Appeals on November 12, 1998. (Doc. No. 651.) Thereafter, the Third Circuit granted Defendant's motion for voluntary dismissal of his direct appeal, United States v. Hammer, 226 F.3d 229 (3d Cir. 2000), *cert. denied*, 532 U.S. 959 (2001), and also denied a petition seeking reinstatement of the appeal. See United States v. Hammer, 239 F.3d 302 (3d Cir. 2001), *cert. denied*, 534 U.S. 831 (2001).

On March 29, 2002, Defendant filed a habeas corpus petition pursuant to 28 U.S.C. § 2255. (Doc. No. 767.) Judge Muir held an evidentiary hearing on July 14, 2005 that continued intermittently until September 29, 2005. In an opinion dated December 27, 2005, Judge Muir denied Hammer's request to withdraw his guilty plea, but granted him a new penalty phase

hearing. United States v. Hammer, 404 F. Supp. 2d 676, 800-01 (M.D. Pa. 2005). This decision was essentially based on the Government's failure to disclose material information Defendant was entitled to receive under Brady v. Maryland, 373 U.S. 83 (1963). Hammer, 404 F. Supp. 2d at 801. On July 9, 2009, Judge Muir ordered the Government to file a motion to have this case placed on a trial list for a new penalty phase hearing within sixty days. (Doc. No. 1245.)

After being awarded a new penalty phase hearing, Defendant Hammer submitted a request to the Department of Justice to reconsider its decision to seek the death penalty. A review of the case was conducted by the Department of Justice. (Doc. Nos. 1289, 1293, 1297, 1300.) The review concluded on January 6, 2011 when Attorney General Eric Holder authorized the prosecution to seek the death penalty against Defendant Hammer. (Doc. No. 1300.) On January 7, 2011, the United States Attorney filed a motion requesting that the case be placed on the trial list for a new penalty proceeding. (Id.)

Defendant's attorneys then filed a series of motions and supporting briefs. (Doc. Nos. 1326-1347.) This Opinion addresses the Motion filed on May 19, 2011, in which Defendant requests that the Court rule on whether the Confrontation Clause applies during the penalty phase of Hammer's trial. (Doc. Nos. 1330, 1331.) On June 13, 2011, the Government filed a brief in opposition. (Doc. No. 1349.) On June 30, 2011, oral argument was held on all outstanding motions. (Doc. Nos. 1378, 1379.) On July 26, 2011, both parties submitted post-argument briefs. (Doc. Nos. 1386, 1387.)

### III. DISCUSSION

The Confrontation Clause bars admission of "testimonial statements" of a witness who does not appear at trial, unless the witness is unavailable to testify and the defendant previously

had the opportunity to cross-examine the declarant. Crawford v. Washington, 541 U.S. 36, 59 (2004). Whether the Confrontation Clause applies to all or part of the penalty phase of a capital trial is unsettled. See United States v. Higgs, 353 F.3d 281, 324 (4th Cir. 2003) ("It is far from clear that the Confrontation Clause applies to a [federal] capital sentencing proceeding"); compare United States v. Mills, 446 F. Supp. 2d 1115, 1122 (C.D. Cal. 2006) (holding that the Confrontation Clause applies to both the sentencing and eligibility phases of sentencing under the Federal Death Penalty Act), and United States v. Sablan, 555 F. Supp. 2d 1205, 1222 (D. Colo. 2007) (holding the Confrontation Clause as interpreted by Crawford is applicable during the penalty stage of capital trial), with United States v. Fields, 483 F.3d 313, 325-26 (5th Cir. 2007) (finding that the Confrontation Clause does not operate to bar the admission of testimony relevant to the selection phase of a capital penalty trial), and United States v. Umana, 707 F. Supp. 2d 621, 632-33 (W.D.N.C. 2010) (holding that the Confrontation Clause only applies to the eligibility phase of capital sentencing proceedings).

This Court will not render an advisory opinion on whether the Confrontation Clause applies at a death penalty hearing. Under the advisory opinion doctrine, federal courts are prohibited from deciding abstract or hypothetical questions. N.J. Dep't of Envtl. Prot. & Energy v. Heldor Industries, Inc., 989 F.2d 702, 706 (3d Cir. 1993). Here, Defendant has not identified any particular testimony he anticipates the Government will present that will violate his right to confrontation under the Sixth Amendment. Instead, he is requesting an opinion advising what the law would be if the Government violated his Sixth Amendment rights. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) (Article III of the Constitution "confines [federal courts] to resolving real and substantial controversies admitting of specific relief through a decree of a

conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.") (internal citations omitted). Defendant is asking for an advisory opinion, "a practice greatly disfavored" in law. United States v. Badaracco, 954 F.2d 928, 943 (3rd Cir. 1992). Consequently, the Court will not grant Defendant's Motion.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion for a Ruling that the Confrontation Clause Shall Apply at the Penalty Phase of Trial. (Doc. No. 1330.)

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| | : | NO. 96-239 |
| v. | : | |
| | : | |
| DAVID PAUL HAMMER, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 1st day of December 2011, upon consideration of Defendant's Motion for a Ruling that the Confrontation Clause Shall Apply at the Penalty Phase of Trial (Doc. No. 1330), Government's Brief in Opposition (Doc. No. 1349), and Defendant's Reply Brief (Doc. No. 1365), and in accordance with the Opinion of this Court dated December 1, 2011, it is **ORDERED** that Defendant's Motion for a Ruling that the Confrontation Clause Shall Apply at the Penalty Phase of Trial (Doc. No. 1330) is **DENIED**.

BY THE COURT:

*/s/ Joel Slomsky*
JOEL H. SLOMSKY, J.