IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : NO. 4:96-CR-239 |
| v. | : |
| | : |
| DAVID PAUL HAMMER | : |
| Defendant. | : |

## OPINION

**Slomsky, J.**                                                                                                              **December 1, 2011**

### I.   INTRODUCTION

Before the Court is Defendant David Paul Hammer's Motion to Preclude the Government From Proceeding with a Capital Prosecution Because Its Decision not to De-Authorize this Case Violated Its Standards for Capital Prosecutions. (Doc. No. 1326.) In the Motion, Hammer argues that the Court should bar the capital prosecution because the Government failed to follow the procedures outlined in the Department of Justice Manual. (Id.) For reasons that follow, the Court will deny the Motion.[1]

### II.  BACKGROUND INFORMATION

On September 18, 1996, a Grand Jury returned an indictment against Defendant David Paul Hammer. (Doc. No. 1.) He was charged with killing Andrew Marti on April 13, 1996 at

---

[1] The Court has considered the following documents in deciding the Motion to Preclude the Government from Proceeding with a Capital Prosecution because its Decision not to De-Authorize this Case Violated its Standards for Capital Prosecutions: Defendant's Motion to Preclude the Government from Proceeding with a Capital Prosecution and Brief in Support thereof (Doc. Nos. 1326, 1327), Government's Brief in Opposition to Defendant's Motion (Doc. No. 1352), Defendant's Reply Brief (Doc. No. 1364), and Defendant's Post-Argument Brief (Doc. No. 1387).

the Allenwood Federal Correctional Complex in White Deer, Pennsylvania, in violation of 18
U.S.C. § 1111. (Id.) On April 9, 1997, the Government filed a notice of intent to seek the death
penalty. (Doc. No. 93.)

Trial began on June 2, 1998, following jury selection for both the guilt and penalty phases
of the case. (Doc. Nos. 448, 489-503.) Trial continued until June 22, 1998. (Id.) On June 22,
1998, after fourteen days of trial, Defendant Hammer withdrew his plea of not guilty and entered
a plea of guilty, admitting that he killed Andrew Marti with premeditation and malice
aforethought. (Doc. No. 504.) The late Judge Malcolm Muir presided over the trial and penalty
phase hearing and continued as the judge assigned to the case until it was transferred on January
12, 2011 to the undersigned judge. (Doc. No. 1301.)

On June 30, 1998, a hearing commenced to determine whether the death penalty should
be imposed, in accordance with 18 U.S.C. § 3593(b). (Doc. No. 553.) The hearing continued
until July 20, 1998. On July 21, 22 and 23, 1998, counsel presented closing arguments. (Doc.
Nos. 565-567.) On July 23, 1998, the jury began deliberating and on July 24, 1998 returned a
verdict that the death penalty should be imposed. (Doc. No. 572.) On November 4, 1998, after
denying motions for a new trial, Judge Muir imposed the death penalty. (Doc. No. 648.)

Defendant Hammer filed a Notice of Appeal to the Third Circuit Court of Appeals on
November 12, 1998. (Doc. No. 651.) Thereafter, the Third Circuit granted Defendant's motion
for voluntary dismissal of his direct appeal, United States v. Hammer, 226 F.3d 229 (3d Cir.
2000), *cert. denied*, 532 U.S. 959 (2001), and also denied a petition seeking reinstatement of the
appeal. See United States v. Hammer, 239 F.3d 302 (3d Cir. 2001), *cert. denied*, 534 U.S. 831
(2001).

On March 29, 2002, Defendant filed a habeas corpus petition pursuant to 28 U.S.C. § 2255. (Doc. No. 767.) Judge Muir held an evidentiary hearing on July 14, 2005 that continued intermittently until September 29, 2005. In an opinion dated December 27, 2005, Judge Muir denied Hammer's request to withdraw his guilty plea, but granted him a new penalty phase hearing. United States v. Hammer, 404 F. Supp. 2d 676, 800-01 (M.D. Pa. 2005). This decision was essentially based on the Government's failure to disclose material information Defendant was entitled to receive under Brady v. Maryland, 373 U.S. 83 (1963). Hammer, 404 F. Supp. 2d at 801. On July 9, 2009, Judge Muir ordered the Government to file a motion to have this case placed on a trial list for a new penalty phase hearing within sixty days. (Doc. No. 1245.)

After being awarded a new penalty phase hearing, Defendant Hammer submitted a request to the Department of Justice to reconsider its decision to seek the death penalty. Several extensions were granted by the Court to allow the parties to thoroughly review whether the death penalty should be pursued against Defendant. (Doc. Nos. 1256, 1283, 1290, 1294, 1298.) As part of this review, counsel for Defendant Hammer provided the United States Attorney's Office with three volumes of material supporting its position that the death penalty was not warranted. (Doc. No. 1289 ¶ 8.) In addition, Defendant's attorneys made an oral presentation to the then U.S. Attorney Dennis C. Pfannenschmidt on May 14, 2011, in support of its position. (Id.) The review concluded on January 6, 2011 when Attorney General Eric Holder authorized the prosecution to seek the death penalty against Defendant Hammer. (Doc. No. 1300.) On January 7, 2011, the United States Attorney filed a motion requesting that the case be placed on the trial list for a new penalty proceeding. (Id.)

Defendant's attorneys then filed a series of motions and supporting briefs. (Doc. Nos.

1326-1347.) This Opinion addresses the Motion filed on May 19, 2011, in which Defendant argues that the Government should be precluded from proceeding with the capital prosecution because its decision not to de-authorize this case violated the Government's standards for capital prosecutions. (Doc. No. 1326.) On June 17, 2011, the Government filed a brief in opposition to Defendant's Motion. (Doc. No. 1352.) On June 30, 2011, oral argument was held on all outstanding motions. (Doc. Nos. 1378, 1379.) On July 26, 2011, both parties submitted post-argument briefs. (Doc. Nos. 1386, 1387.)

## III.  DISCUSSION

The Department of Justice Manual sets forth internal policies and procedures applicable to all federal cases in which a defendant is charged with an offense that carries a potential death sentence. (Department of Justice Manual ("DOJ Manual"), § 9-10.000, *et seq.*) Pursuant to the Death Penalty Protocol (the "Protocol"), United States Attorneys must submit a case involving a pending charge for which the death penalty is a legally authorized sanction to the Capital Case Unit. (DOJ Manual § 9-10.050.) The Capital Case Unit reviews the submission, which includes a detailed prosecution memorandum, copies of the indictment, written materials submitted by defense counsel in opposition to the death penalty, and any other relevant documents. (Id. at §§ 9-10.080, 9-10.120.) This committee then makes a recommendation regarding whether to seek the death penalty to the Attorney General, who makes the final determination. (Id. at § 9-10.00.)

Once the death penalty is authorized, the Notice of Intent can only be withdrawn by authorization of the Attorney General. (Id. at § 9-10.150.) Generally, withdrawal will only be granted if there are material changes in the facts and circumstances of the case which would have resulted in a decision not to seek the death penalty if they had been known at the time of the

initial determination. (Id.)

Here, Defendant Hammer argues that the Court should bar the capital prosecution because the Government failed to follow the standards outlined in the Protocol. (Doc. No. 1327.) He alleges that the Government has failed to consider the fact that the Marti family have changed their opinion regarding this case and no longer want the Government to proceed with the capital prosecution of Hammer. (Doc. No. 1326, Ex. A.) Given the family's position, Defendant argues that the Government's decision to proceed with the death penalty hearing violates Protocol § 9-10.070. (Doc. No. 1326 ¶ 7.) In addition, he argues that the decision to authorize the death penalty in this case is contrary to national and local practice in violation of Protocol § 9-10.130(B). (Id. ¶¶ 8-20.) Defendant claims that these actions also violate his rights under the Fifth, Sixth and Eighth Amendments to the United States Constitution. (Id. ¶ 22.)

The DOJ Manual, which includes the Department's Death Penalty Protocol, United States Attorneys' Manual ("USAM") §§ 9-10.000 to 9-10.190, expressly disclaims any intention to create any judicially enforceable substantive or procedural right in any party, in any criminal or civil matter. The vast majority of courts have consistently refused to recognize any rights being created in the manual. See DOJ Manual at § 1-1.100 ("[t]he Manual provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any manner civil or criminal."); see also United States v. Wilson, 413 F.3d 382, 389 (3d Cir. 2005) (holding that the Department of Justice guidelines and policies do not create enforceable rights for criminal defendants); United States v. Gomez, 237 F.3d 238, 241 n.1 (3d Cir. 2000) (noting that any argument by the defendant that the USAM created rights entitling him to relief "would be against

the weight of judicial authority"); United States v. Fernandez, 231 F.3d 1240, 1246 (9th Cir. 2000) ("it is clear that the USAM does not create any substantive or procedural rights . . . .").

The decision whether to seek the death penalty is within the discretion of the prosecutor. The Protocol only sets forth a means to make that determination. Nichols v. Reno, 931 F. Supp. 748, 751-52 (D. Colo. 1996). Once that determination is made, the right of a defendant named in the notice of intent to seek the death penalty is protected by the adversarial system of justice. Nichols, 931 F. Supp. at 752; see also United States v. McVeigh, 944 F. Supp. 1478, 1483-84 (D. Colo. 1996) ("The constitutional protections of the life and liberty of a defendant are provided by the sentencing hearing following trial on the charges of the indictment.").

Accordingly, the Court agrees with those courts that have concluded that the Department of Justice Protocol does not create an enforceable individual right or entitlement. See United States v. Lee, 274 F.3d 485, 493 (8th Cir. 2001) (agreeing with those courts which have concluded that the death penalty protocol is unenforceable by individuals); United States v. Torrez-Gomez, 62 F. Supp. 2d 402, 406 (D.P.R. 1999) (the accused neither obtains nor possesses any rights at the Department of Justice death penalty committee hearing); United States v. Feliciano, 998 F. Supp. 166, 168-69 (D. Conn. 1998) (relying on the "dearth of caselaw on this issue" to find that the death penalty protocol does not create substantive or procedural rights); United States v. McVeigh, 944 F. Supp. 1478, 1483 (D. Colo. 1996) ("The Protocol did not create any individual right or entitlement subject to the due process protections applicable to an adjudicative or quasi-adjudicative governmental action."); Nichols v. Reno, 931 F. Supp. 748, 751-52 (D. Colo. 1996) (finding that the Death Penalty Protocol does not provide defendant any protectable interest); United States v. Roman, 931 F. Supp. 960, 964 (D.R.I. 1996) ("The

protocol articulates internal administrative procedures to be followed by DOJ personnel; the protocol does not create substantive or procedural rights."). Since the Protocol does not create individual rights that Defendant Hammer can enforce, any alleged violation is not a basis to preclude convening a new penalty hearing.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the Motion to Preclude the Government from Proceeding with a Capital Prosecution in its entirety. (Doc. No. 1326.)

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| | : | NO. 96-239 |
| v. | : | |
| | : | |
| DAVID PAUL HAMMER, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 1st day of December 2011, upon consideration of Defendant's Motion to Preclude the Government From Proceeding with a Capital Prosecution Because Its Decision not to De-Authorize this Case Violated Its Standards for Capital Prosecutions (Doc. No. 1326), Government's Brief in Opposition (Doc. No. 1352), Defendant's Reply Brief (Doc. No. 1364), and Defendant's Post-Argument Brief (Doc. No. 1387), and in accordance with the Opinion of this Court dated December 1, 2011, it is **ORDERED** that Defendant's Motion to Preclude the Government from Proceeding with a Capital Prosecution (Doc. No. 1326) is **DENIED**.

BY THE COURT:

/s/ Joel Slomsky
JOEL H. SLOMSKY, J.