IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : NO. 4:96-CR-239 |
| v. | : |
| | : |
| DAVID PAUL HAMMER | : |
| Defendant. | : |

## OPINION

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**December 1, 2011**

### I.　INTRODUCTION

Before the Court is Defendant David Paul Hammer's Motion to Strike the Non-Statutory Aggravating Factor of Victim Impact. (Doc. No. 1336.) For reasons that follow, the Court will deny the Motion.[1]

### II.　BACKGROUND INFORMATION

On September 18, 1996, a Grand Jury returned an indictment against Defendant David Paul Hammer. (Doc. No. 1.) He was charged with killing Andrew Marti on April 13, 1996 at the Allenwood Federal Correctional Complex in White Deer, Pennsylvania, in violation of 18 U.S.C. § 1111. (Id.) On April 9, 1997, the Government filed a notice of intent to seek the death penalty. (Doc. No. 93.)

Trial began on June 2, 1998, following jury selection for both the guilt and penalty phases of the case. (Doc. Nos. 448, 489-503.) Trial continued until June 22, 1998. (Id.) On June 22,

---

[1] The Court has considered the following documents in deciding the Motion to Strike the Non-Statutory Aggravating Factor of Victim Impact: Defendant's Motion to Strike and Brief in Support thereof (Doc. Nos. 1336, 1337), Government's Brief in Opposition to Defendant's Motion (Doc. No. 1354), Defendant's Reply Brief (Doc. No. 1368), and Defendant's Post-Argument Brief (Doc. No. 1387).

1998, after fourteen days of trial, Defendant Hammer withdrew his plea of not guilty and entered a plea of guilty, admitting that he killed Andrew Marti with premeditation and malice aforethought. (Doc. No. 504.) The late Judge Malcolm Muir presided over the trial and penalty phase hearing and continued as the judge assigned to the case until it was transferred on January 12, 2011 to the undersigned judge. (Doc. No. 1301.)

On June 30, 1998, a hearing commenced to determine whether the death penalty should be imposed, in accordance with 18 U.S.C. § 3593(b). (Doc. No. 553.) The hearing continued until July 20, 1998. On July 21, 22 and 23, 1998, counsel presented closing arguments. (Doc. Nos. 565-567.) On July 23, 1998, the jury began deliberating and on July 24, 1998 returned a verdict that the death penalty should be imposed. (Doc. No. 572.) On November 4, 1998, after denying motions for a new trial, Judge Muir imposed the death penalty. (Doc. No. 648.)

Defendant Hammer filed a Notice of Appeal to the Third Circuit Court of Appeals on November 12, 1998. (Doc. No. 651.) Thereafter, the Third Circuit granted Defendant's motion for voluntary dismissal of his direct appeal, United States v. Hammer, 226 F.3d 229 (3d Cir. 2000), *cert. denied*, 532 U.S. 959 (2001), and also denied a petition seeking reinstatement of the appeal. See United States v. Hammer, 239 F.3d 302 (3d Cir. 2001), *cert. denied*, 534 U.S. 831 (2001).

On March 29, 2002, Defendant filed a habeas corpus petition pursuant to 28 U.S.C. § 2255. (Doc. No. 767.) Judge Muir held an evidentiary hearing on July 14, 2005 that continued intermittently until September 29, 2005. In an opinion dated December 27, 2005, Judge Muir denied Hammer's request to withdraw his guilty plea, but granted him a new penalty phase hearing. United States v. Hammer, 404 F. Supp. 2d 676, 800-01 (M.D. Pa. 2005). This decision

was essentially based on the Government's failure to disclose material information Defendant was entitled to receive under Brady v. Maryland, 373 U.S. 83 (1963). Hammer, 404 F. Supp. 2d at 801. On July 9, 2009, Judge Muir ordered the Government to file a motion to have this case placed on a trial list for a new penalty phase hearing within sixty days. (Doc. No. 1245.)

After being awarded a new penalty phase hearing, Defendant Hammer submitted a request to the Department of Justice to reconsider its decision to seek the death penalty. A review of the case was conducted by the Department of Justice. (Doc. Nos. 1289, 1293, 1297, 1300.) The review concluded on January 6, 2011 when Attorney General Eric Holder authorized the prosecution to seek the death penalty against Defendant Hammer. (Doc. No. 1300.) On January 7, 2011, the United States Attorney filed a motion requesting that the case be placed on the trial list for a new penalty proceeding. (Id.)

Defendant's attorneys then filed a series of motions and supporting briefs. (Doc. Nos. 1326-1347.) This Opinion addresses the Motion filed on May 19, 2011, in which Defendant requests that the non-statutory aggravating factor of victim impact set forth in the Government's notice of intent to seek the death penalty be stricken from the notice. (Doc. Nos. 1336, 1337.) On June 17, 2011, the Government filed a brief in opposition. (Doc. No. 1354.) On June 30, 2011, oral argument was held on all outstanding motions. (Doc. Nos. 1378, 1379.) On July 26, 2011, both parties submitted post-argument briefs. (Doc. Nos. 1386, 1387.)

### III. DISCUSSION

Hammer argues that the Court should strike the non-statutory aggravating factor of victim impact because (1) it fails to narrow the class of murderers from whom the death penalty is available; and (2) as noticed, it is so generalized and vague that it violates due process and the

Eighth Amendment. (Doc. No. 1337 at 1-2.) He argues that these constitutional concerns are exacerbated by the opposition of Andrew Marti's family to any further capital prosecution. (Id. at 7-8.)

In order to comply with the Constitution, a death penalty statute must: (1) rationally narrow the class of death-eligible defendants; and (2) permit a reasoned, individualized sentencing determination based on a death-eligible defendant's record, personal characteristics, and the circumstances of the defendant's crime. Kansas v. Marsh, 548 U.S. 163, 173-74 (2006); see also McCleskey v. Kemp, 481 U.S. 279, 302-03 (1987); Zant v. Stephens, 462 U.S. 862, 877-79 (1983); Gregg v. Georgia, 428 U.S. 153, 189 (1976).

The Federal Death Penalty Act ("FDPA") accomplishes the constitutionally mandated narrowing process by requiring that the jury unanimously find the existence of an intent factor and at least one statutory aggravating factor beyond a reasonable doubt before a defendant is considered eligible for the death penalty. Zant, 462 U.S. at 878; United States v. Solomon, 513 F. Supp. 2d 520, 525-26 (W.D. Pa. 2007); United States v. Cooper, 91 F. Supp. 2d 90, 97 (D.D.C. 2000). To comport with the Eighth Amendment, a statutory aggravating factor must satisfy two criteria. First, it must not be too vague. Jones v. United States, 527 U.S. 373, 400-01 (1999); Arave v. Creech, 507 U.S. 463, 471 (1993). Second, it must provide a principled basis for distinguishing between those who are particularly morally blameworthy and deserve capital punishment and those who do not. Arave, 507 U.S. at 474. Once the narrowing process is completed, if the jury determines the defendant is eligible to receive the death penalty, the jury completes the selection phase. 18 U.S.C. § 3593.

In accordance with the Constitution, an individualized determination is made at the

selection phase, based on the character of the individual and the circumstances of the crime. Zant v. Stephens, 462 U.S. 862, 878-79 (1983). Non-statutory aggravating factors, such as victim impact, are considered during the selection phase of the capital sentencing proceeding. Zant, 462 U.S. at 878-79. The purpose of victim impact information is to characterize the defendant and individualize his sentence *after* the constitutionally mandated narrowing process has already been completed. United States v. Solomon, 513 F. Supp. 2d 520, 535 (W.D. Pa. 2007); United States v. Regan, 228 F. Supp. 2d 742, 753 (E.D. Va. 2002); see also United States v. Runyon, 667 F. Supp. 2d 648, 650 (E.D. Va. 2009) (holding that victim impact evidence provides jury with information to make an individualized assessment of the defendant and the circumstances of the offense in determining the appropriate sentence); United States v. Rivera, 405 F. Supp. 2d 662, 668 (ED. Va. 2005) ("[The court] should lean in favor of admitting as much information as possible to allow the jury to make an individualized determination of whether the defendant merits the death penalty.").

The Supreme Court has held that there is no *per se* constitutional bar to the introduction of victim impact evidence in a capital proceeding. Payne v. Tennessee, 501 U.S. 808, 827 (1991). While victim impact generally is a proper factor for the jury to consider, the court has an obligation to keep the information presented at a sentencing proceeding within constitutional bounds. United States v. McVeigh, 944 F. Supp. 2d 1478, 1491 (D. Colo. 1996). Information presented in support of any aggravating factor must be excluded if it is based on evidence whose probative value is outweighed by the danger of unfair prejudice to the defendant, confusion of the issues, or likelihood that the jury will be misled. 18 U.S.C. § 3593(c); see also United States v. Rivera, 405 F. Supp. 2d 662, 668-69 (E.D. Va. 2005). In addition, the court has an obligation to

control the nature and scope of this information so that the jury is not influenced by passion or prejudice. United States v. O'Driscoll, 203 F. Supp. 2d 334, 340 (M.D. Pa. 2002). "The presentation of victim impact evidence can be problematic because of the potential for emotional outbursts during the testimony of family members." O'Driscoll, 203 F. Supp. 2d at 340. It also may present the greatest difficulty in determining the nature and scope of the "information" to be considered in support of the victim impact aggravating factor. McVeigh, 944 F. Supp. 2d at 1491.

Here, it is unclear what information the Government will present in support of the non-statutory factor of victim impact. Defense counsel has represented that the Marti family "wishes this case to be done with, even if that means that Mr. Hammer receives a sentence of life imprisonment." (Doc. No. 1337 at 7-8.) The Government has indicated that the Marti family "will come and describe the impact of the loss on their family and the victim impact in this case." (Hr'g Tr. 89:10-12, June 30, 2011.) The Court is not convinced that the Government's notice of intent to seek the death penalty is so vague that it is impossible for defense counsel to prepare a defense. However, because of the age of this case and the differing position on the present intent of the victim's family, and the difficulties inherent in determining the proper scope of victim impact testimony, the Court will require the Government provide to the defense an Informational Outline of the evidence it plans to introduce in support of the non-statutory aggravating factor of victim impact.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the Motion to Strike the Non-Statutory Aggravating Factor of Victim Impact (Doc. No. 1336), and order the Government to provide an Informational Outline of the victim impact evidence in accordance with this Opinion and the Opinion dated December 1, 2011 on Defendant's Motion for an Informational Outline (Doc. No. 1328).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| | : | NO. 96-239 |
| v. | : | |
| | : | |
| DAVID PAUL HAMMER, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 1st day of December 2011, upon consideration of Defendant's Motion to Strike the Non-Statutory Aggravating Factor of Victim Impact (Doc. No. 1336), Government's Brief in Opposition (Doc. No. 1354), Defendant's Reply Brief (Doc. No. 1368), and Defendant's Post-Argument Brief (Doc. No. 1387), and in accordance with the Opinion of this Court dated December 1, 2011, it is **ORDERED** that Defendant's Motion to Strike the Non-Statutory Aggravating Factor of Victim Impact (Doc. No. 1336) is **DENIED**.

It is further **ORDERED** that the Government shall provide Defendant with an Informational Outline of the victim impact evidence in accordance with the Opinion of this Court dated December 1, 2011 granting Defendant's Motion for Informational Outlines. (Doc. No. 1411.)

BY THE COURT:

/s/ Joel Slomsky
JOEL H. SLOMSKY, J.