UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA   :   Criminal No. 4:96-CR-0239
                           :
            v.             :   (Judge Slomsky)
                           :
 DAVID PAUL HAMMER         :   **ELECTRONICALLY FILED**


**UNITED STATES' MOTION FOR A PRE-TRIAL CONFERENCE
AT WHICH TO SET DISCLOSURE AND OTHER DEADLINES**

COMES NOW, the United States and with the concurrence of defendant's counsel in part, respectfully urges this Honorable Court, pursuant to Federal Rules of Criminal Procedure 12.2; 16(d); 17.1; and 24, to establish a clearer framework for resolving outstanding issues arising in the approaching resentencing hearing at a pre-trial conference and, in support thereof, states as follows:

1.  This case is presently set for a hearing scheduled for April 4, 2012, in accordance with 18 U.S.C. § 3593(b).  There remain many outstanding issues for this Court to determine well in advance of trial to ensure a fair and expeditious proceeding which would be considered at a pre-trial conference.

2.  Defendant entered a plea of guilty to the offense on June 22, 1998.  Nonetheless, there is an open question whether in determining the threshold qualification for that proceeding in accordance with 18 U.S.C. § 3591(a)(2) the defense will interpose

pursuant to Rule 12.2 an insanity defense or will raise mental health objections at that stage of proceedings.

3.   There remain outstanding discovery issues which need to be resolved.  It is not known as of this time which of the many defense mental health experts retained over the years will testify at the proceedings and what will be the substance of their testimony.  *See* Federal Rules of Criminal Procedure 16(b)(1)(B) and (C).  As of now, the most recent reports from the defense experts are dated 2005.  This would limit their testimony unless supplemental reports are provided in accordance with Federal Rule of Evidence 705.  This Court is urged to establish a time for exchange of any recently prepared reports by defense which will allow the prosecution to determine whether any additional or rebuttal experts may be needed.

4.   Apart from mental health experts, the defense during § 2255 proceedings secured the services of a DNA testing lab as well as a forensic pathologist.  The latter opined that defendant's actions constituted accidental, rather than intentional, behavior.  It is unknown now whether this expert will testify for the defense or to what extent, if any, DNA testimony will be referenced at the resentencing hearing. Fairness suggests that the defense advise the prosecution so that additional experts may possibly be secured in a timely fashion as well as allow for the disclosure of their reports.

5.   There are outstanding discovery issues raised by the defense motion filed on November 4, 2011, and for which no response, with the permission of the defense, has as yet been filed.  There may be continuing discovery occurring which this Court may address separately.

6.   The late Honorable Malcolm Muir established in 1997, a timetable for creating a jury questionnaire for review of those completed items, by the parties in advance of the jury selection date, as well as addressed other aspects of the jury selection process.  Although the beginning of that process is months away, it appears advisable to address related issues at some earlier and appropriate time.

7.   Similarly, the prosecution is required to comply with 18 U.S.C. § 3432.  This Court should establish a time table for disclosure of this information as well as establish a time frame for reciprocal discovery by Hammer.

8.   Defense counsel Ronald C. Travis was contacted about the general need to establish disclosure and other deadlines on December 6, 2011.  He concurred generally in this request.  Given this concurrence, no brief in support of this request need be filed.  L.R. 7.5.

WHEREFORE, for the foregoing reasons, this Court is respectfully urged to set a pre-trial conference at which to

establish time deadlines to resolve many future issues in this

case and allow for fair and expeditious proceedings.

Respectfully submitted,

PETER J. SMITH
United States Attorney


By s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA ID 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Steven D. Mellin
Trial Attorney For the
Capital Case Unit
Texas ID 13920380
1331 F Street, N.W.
Washington, D.C. 20530
Tele: 202-514-1224
Electronic Mail:
Steve.Mellin2@usdoj.gov

Dated: December 7      , 2011

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   :   Criminal No. 4:CR-96-0239
          :
    v.       :   (Judge Slomsky)
          :
  DAVID PAUL HAMMER    :   **ELECTRONICALLY FILED**


### CERTIFICATE OF SERVICE

    I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' MOTION FOR A PRE-TRIAL CONFERENCE
AT WHICH TO SET DISCLOSURE AND OTHER DEADLINES**
and proposed **ORDER**

to be electronically mailed on ___December 7___, 2011, to:

ADDRESSEES:    Ronald C. Travis, Esquire
        rtravis@riederstravis.com

        Michael Wiseman, Esquire
        Michael_Wiseman@fd.org

        James J. McHugh, Jr., Esquire
        James_McHugh@fd.org

        James Moreno, Esquire
        James_Moreno@fd.org

        Anne Saunders, Esquire
        Anne_Saunders@fd.org


         S/Frederick E. Martin
         FREDERICK E. MARTIN
         Assistant United States Attorney


5