UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA    :   Criminal No. 4:96-CR-0239
                            :
            v.              :   (Judge Slomsky)
                            :
 DAVID PAUL HAMMER          :   **ELECTRONICALLY FILED**


**UNITED STATES' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DIRECT THE GOVERNMENT TO PRODUCE EXHIBIT 2 TO THE GOVERNMENT'S OPPOSITION, FILED "*IN CAMERA*," AND ALL <u>OTHER RELEVANT DVD VIDEOTAPES</u>**

**Procedural History.**

This case is pending before this Court for a hearing of the penalty phase of proceedings on April 2, 2012, pursuant to 18 U.S.C. § 3593(b).  Prior to that proceeding, this Court has scheduled a hearing on January 19, 2012, on defendant's request dated July 18, 2011, *inter alia* to exclude two prosecutors from participating in this case.

The prosecution submitted an opposition to this pleading which included as an attachment a DVD which was filed *ex parte* with this Court.  Hammer's attorneys on November 27, 2011, sought release of that item as well as "all other DVD videotapes in the possession of the government (including the Bureau of Prisons) of Mr. Hammer's cell and the area around Mr. Hammer's cell, recorded on or about July 12, 2011."  (Motion ¶ 9) Herewith presented is the position of the United States on this matter.

**Counter-Statement of Facts.**

The present SCU which houses death penalty inmates opened in 2005. While litigation regarding that Unit's practices and procedures has been substantial since then, there has been little or no court proceedings which have required the Bureau of Prisons to release details of its videotaping system in court-related proceedings.

Videotaping is not a new phenomena in Bureau of Prisons' facilities. Prison administrators are reluctant unnecessarily to disclose the particulars of those systems. Inmates who learn of the positions of the cameras or fields of view, armed with this knowledge, may look for "blind spots" in the camera's range or otherwise compensate by modifying their behavior to avoid being seen on camera.

The only videotape saved from July 12, 2011, of the SCU is the one in front of Hammer's cell. Other videotapes from other SCU locations on that day have not been retained since there were no contemporaneous requests made for their retention.

**Issue.**

Whether the prosecution should, at this time, provide a copy to defense counsel of a video of what occurred on July 12, 2011, near the entrance of defendant's cell when the defense has not complied with the local rules and identified any witnesses upon whom it relied initially to file its pleadings.

**Argument.**

"Parity," as defined in the American College Dictionary, has as its first explanation for that term - "1. equality, as in amount, status, or character." This was one of the reasons advanced by the prosecution for not disclosing to defense counsel the video of July 12, 2011, which was filed with the court *ex parte*. Since Hammer's attorneys do not understand the application of this word to the reason for that type of filing (Brief of Defendant at 3, Fn. 2), the following explanation is offered.

Nowhere in the defense filing of July 18, 2011, is there revelation of the source of the allegation. (See Motion at 2-3; ¶ 6) Was it staff sympathetic to Hammer? Was it one or more inmates? Where were they located such that they could observe the prosecutors allegedly searching Hammer's cell for at least ten minutes? Five months after the incident and, even after a reply brief was filed, the basis for Hammer's request remains shrouded in unnecessary and inappropriate mystery.

Since defense counsel cite the Middle District local rules, then pertinent also is L.R. 7.3 which states, in part, regarding the motions practice: "When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and other documents must be filed simultaneously with the motion and shall comply with Local Rule 5.1(f)." Rather than fault the

defense for a shortcoming in their pleadings, *i.e.* the omission of an affidavit from an eye-witness or other document supporting the alleged wrongful action by two experienced federal prosecutors, an appropriate and necessary counter-affidavit from Todd Royer was submitted.  In support of that sworn statement, the videotape was also provided and delivered *ex parte*.[1]

Hammer's attorneys fault the prosecution's rationale for submitting the videotape only to the court claiming that its justification "provides no specific reasons, compelling or otherwise, to support the bald assertion that providing Exhibit 2 to Mr. Hammer's counsel would in any way jeopardize the SCU's security."  (Brief of Defendant at 3) A more detailed explanation is provided to the extent that it is necessary.

Defense counsel figuratively put the "cart well before the horse."  That is, they claim there is a need pre-hearing to view the videotape but the only specific rationale they advance is that "Mr. Hammer cannot prepare to adequately cross-examine Royer to challenge Exhibit 1. . . ."  (Motion ¶ 10) (Emphasis supplied.)  But Hammer as the moving party seeking relief has the obligation to present witnesses in support of his claim first.

---

[1]  The prosecution does not believe that the defense to date has been prejudiced by this submission since the court has apparently not relied upon it but scheduled a hearing.  By the same token, this Court, based upon Hammer's failure to comply with L.R. 7.3, could have denied the request given Mr. Royer's affidavit which has not been properly contradicted.

Even if the DVD is utilized and revealed at the hearing, release then would provide sufficient opportunity to review and challenge the prosecution's later provided witness.

To be sure, the prosecution is not averse to working out with Hammer's counsel a "narrowly crafted, mutually agreeable protective order."  (Brief of Defendant at 7)  As part of that proposal, the government believes that compliance with the spirit of L.R. 7.3 and adherence with the concept of which party has the burden of proof dictate that the defense first provide any and all notes from their prospective witnesses to the alleged July 12, 2011, incident.  Of course, the defense can refuse to do so. Again, "parity" suggests if Hammer plays "dog in the manger" with the identity of their witnesses and what they allegedly saw to form the good faith basis for their claim, then the prosecution should be allowed to wait until defense witnesses have testified before releasing to Hammer's counsel the videotape in question to ensure that the prosecution has a fair opportunity to cross-examine their witness and for this Court to ascertain the true veracity of defendant's witnesses.[2]

---

[2]  *Cf. Butz v. Economu*, 438 U.S. 478, 508 (1978), the fair administration of the rules "will ensure that federal officials are not harassed by frivolous lawsuits."

**Conclusion.**

This Court has scheduled a hearing to determine the merits of allegations made by unknown persons regarding the actions of career federal prosecutors on July 12, 2011.  Fairness suggests, that at a minimum, Hammer's attorneys disclose the basis for their allegations before a seldom revealed videotape of a portion of federal death row need be disclosed to Hammer's attorneys.

Respectfully submitted,

PETER J. SMITH
United States Attorney


By s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA ID 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Steven D. Mellin
Trial Attorney For the
Capital Case Unit
Texas ID 13920380
1331 F Street, N.W.
Washington, D.C. 20530
Tele: 202-514-1224
Electronic Mail:
Steve.Mellin2@usdoj.gov

Dated: December 12       , 2011

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA      :   Criminal No. 4:96-CR-0239
                              :
          v.                  :   (Judge Slomsky)
                              :
 DAVID PAUL HAMMER            :   **ELECTRONICALLY FILED**


## CERTIFICATE OF SERVICE

     I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DIRECT THE GOVERNMENT TO PRODUCE EXHIBIT 2 TO THE GOVERNMENT'S OPPOSITION, FILED "*IN CAMERA,*" AND ALL OTHER RELEVANT DVD VIDEOTAPES**

to be electronically mailed on ___December 12___, 2011, to:

ADDRESSEES:    Ronald C. Travis, Esquire
               rtravis@riederstravis.com

               Michael Wiseman, Esquire
               Michael_Wiseman@fd.org

               James J. McHugh, Jr., Esquire
               James_McHugh@fd.org

               James Moreno, Esquire
               James_Moreno@fd.org

               Anne Saunders, Esquire
               Anne_Saunders@fd.org




                 S/Frederick E. Martin
                FREDERICK E. MARTIN
                Assistant United States Attorney


7