UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 4:CR-96-0239 |
| | : | |
| v. | : | (Judge Slomsky) |
| | : | |
| DAVID PAUL HAMMER | : | **ELECTRONICALLY FILED** |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION FOR DISCOVERY**

COMES NOW, the United States of America by Peter J. Smith, United States Attorney for the Middle District of Pennsylvania and in response to defendant's motion for discovery states as follows:

1. Defendant's request encompasses seventy-seven (77) different paragraphs. Not every separate provision constitutes a distinct category of information sought. (*See e.g.* ¶¶ 1-3; 9.) Moreover, certain paragraphs contain multiple requests. (*See e.g.* ¶ 14.)

2. Defendant's requests are directed to three different law enforcement components: the Federal Bureau of Investigation; the Department of Justice, as well as its component; but the bulk of them directed primarily to the Bureau of Prisons. While the defense request has been forwarded to these groupings, coordination is necessary. Indeed, even with the BOP request, Hammer's attorneys seek details from at least four (4) distinct facilities: the ADX in Colorado; Terre Haute, Indiana; USP Canaan, Pennsylvania; and the murder site, the United States

Penitentiary at the Allenwood Federal Correctional Complex, White Deer, Pennsylvania.  (*See e.g.* ¶ 47.)

3.  The position of the United States varies depending upon what is sought by the defense.  For many items, there are no objections.  For other requested details, the information simply does not exist.  For some, there are objections.  An elaboration for an objection is supplied.  The following explanations are provided to the numbered paragraphs set forth by Hammer's defense.

4.  Items that are <u>not</u> <u>objectionable</u> which have already been disclosed or will be released include the following: ¶¶  4; 5; 6; 7; 10, in part, relating to favorable actions taken on behalf of prospective witnesses; 12; 14, in part; 15; 17; 18, in part; 19; 20; 21; 22; 23; 24, in part; 25; 26, in part; 27 and 28, in part; 30; 31; 35; 38, in part; 40; 41, in part (there are 33 inmates subject to SAMs); 43, in part (sworn statements in two cases will be provided); 44; 46; 47; 48; 54, in part (providing number of inmates only); 55; 56; 58; 60; 62; 63;; 65; 68; 69; 70; 74; and 76.

5.  Items that <u>do</u> <u>not</u> <u>exist</u> include the following:

> ¶¶ 8-9 – No "I Drive" exists for the FBI relating to any Hammer investigation.
>
> ¶ 14 - Names of all cellmates of Andrew Marti during his time in BOP custody.  No such listing exists.  All one can do is compare SENTRY printouts for Marti with other inmate's SENTRY printouts.

¶ 29 - No "after action" review was undertaken by the BOP of the killing of Andrew Marti by defendant.

¶ 34 - Only the Capital Crimes Unit would be aware generally of death penalty cases.  That entity has not created any follow-up statistics or details as requested by Hammer.

¶ 39 - There are 48 inmates subject to SAMs.  However, the Bureau of Prisons is unable to locate any responsive documents.

¶ 49 - The Bureau of Prisons is unable to locate any responsive documents.

¶ 50 - The Bureau of Prisons is unable to locate any responsive documents.

¶ 51 - The Bureau of Prisons is unable to locate any responsive documents.

¶ 59 - The Bureau of Prisons is unable to locate any responsive documents.

¶ 61 - The Bureau of Prisons is unable to locate any responsive documents.

¶ 64 - The Bureau of Prisons is unable to locate any responsive documents.

¶ 67 - The Bureau of Prisons is unable to locate any responsive documents.

¶ 71 - The Bureau of Prisons is unable to locate any responsive documents.

¶ 72 - The Bureau of Prisons is unable to locate any responsive documents.

¶ 73 - The Bureau of Prisons is unable to locate any responsive documents.

¶ 75 - The Bureau of Prisons is unable to locate any responsive documents.

6.  Items that are objectionable and the basis for these objections include the following:

3

¶ 5 - Disclosure of all 302's.  The prosecution does not believe that all interviews are relevant and helpful to the defense.  This is true given Hammer's guilty plea as well as Judge Muir's order dated September 22, 2005, in which he reviewed *in camera* multiple 302's.

¶ 10 - All communications with inmate-witnesses are not relevant.

¶  11 - Leads, inserts teletypes and other summaries contained in FBI files are not witness statements and are not relevant.

¶ 13 - All grand jury testimony.  The prosecution does not believe that all testimony is relevant and helpful to the defense.  This is particularly true given Hammer's guilty plea and Federal Rule of Criminal Procedure 6(e).

¶ 16 - Reports that summarize the review and inspection of all laboratories used to analyze evidence in this case from 1995 to the present.  The prosecution does not believe that such details are relevant and helpful to the defense.  This is particularly true given Hammer's guilty plea.  Moreover, the defense, if they had serious concerns about the accuracy of DNA or handwriting, could have (and for DNA did hire) the services of another expert (Bode Laboratory).  Given that the defense requests encompasses more than fifteen years, it would be unduly burdensome to provide such materials.

¶ 17 - All communications with witnesses. Correspondence that does not touch upon the testimony a witness will provide or promises made to them are not relevant and there is no reason given for their disclosure.

¶ 18 - The Office of Inspector General objects to disclosure of the home addresses and personal identifiers of law enforcement personnel against whom claims of improper behavior may be brought as an unwarranted invasion of their privacy.  That office further objects to release of information regarding other sources of information as well as its procedures as being wholly irrelevant to the issues raised in this penalty phase.

¶ 23 - Notes or reports of Steve Mellin in interviews of the Marti family.  These details are exempt from discovery, pursuant to Federal Rule of Criminal Procedure 16(a)(2).  Moreover, as directed by this Court the substance of those details will be included within the Informational Outline and, consequently, the precise items need not be released.

¶ 24 - The complete personnel files maintained by the Bureau of Prisons for witnesses that the government intends to call that are presently employed by the BOP. The prosecution does not believe that all testimony is relevant and helpful to the defense.  This is particularly true given Hammer's guilty plea.  What pay status, leave record, or selections for health or life insurance for particular employees, have no relevance to the proceedings and would be an unwarranted invasion of the employees' privacy.  There is no objection to disclosure of internal findings of misconduct by the BOP employees which would relate to their veracity or otherwise impair their ability to provide accurate information.

¶ 26 - The prosecution objects to wholesale disclosure of all details within David Paul Hammer's central file. The prosecution has withheld only personal identifiers of Hammer's visits as well as the names of any inmates from whom Hammer is to be separated due to either their cooperation with law enforcement officials or alternatively encounters.

¶ 27-28 - Details about Hammer's medical trips.  Since details of 2010 trips will be provided, details about 2005 medical trips personnel are objected to as unreasonably burdensome to provide.  Moreover, disclosure of details of what security measures were utilized would reveal information subject to law enforcement privileges.

¶ 32-33 - It would be burdensome to produce twenty-one (21) years of details regarding all homicides committed within the Bureau of Prisons and where those persons are housed as well as largely irrelevant.

¶ 35 - It would be unduly burdensome to provide listing of incident reports for SCU inmates or the average population of that entity since such information is not in any computerized system and it would require review

of individual inmate files which would produce largely irrelevant information.

¶ 36 - The prosecution objects to wholesale disclosure of all post orders at four (4) facilities. These documents reveal the inner workings of various staff at various facilities the disclosure of which to even defense counsel or defense experts could compromise institutional security and are irrelevant.

¶ 37 - the prosecution objects to correctional services department rosters. These vary from day-to-day. Those items, like those in ¶ 36, if released even to defense counsel or defense experts could compromise institutional security by alerting where and when staffing takes place.

¶¶ 39-41 Details of Special Administrative Measures should not be released.

¶ 42 - Having killed his cellmate Hammer does not qualify for a Communication Management Unit. Consequently, any details of the program have no relevance.

¶¶ 43-77 - Except for information generally available about the ADX, current inmate population and other data not subject to objection, the prosecution objects to providing the minutiae of details regarding the operation of the ADX presently and for the last six years as requested by the defense. Responses to some of these requests involve classified national security, the law enforcement privilege, as well as work product and attorney-client material. It is unduly burdensome to provide those details and they are of marginal relevance, if any, to the issues of future dangerousness. Finally, responding to some requests (i.e., 54; 57; 66; and 77) would require a hand search of numerous systems of records at various locations. Moreover, the Bureau of Prisons does not maintain a computer system that allows for retrieval of the requested information.

7. An accompanying brief sets forth in greater detail the basis for objections. As will be discussed in that pleading, the defense has known of the basis of objections for disclosure for

some time even though their brief largely is a generic request for disclosure and does not focus on those long-standing differences.  Consequently, the prosecution requests a further opportunity to file a response to particular items requested.

8.  The prosecution further is willing to submit any challenged information to this Court for its *in camera* review, if any concerns exist following the briefing on these issues.

WHEREFORE, for those disputed documentation sought by defense counsel to which objections have been raised, the United States requests this Court to deny disclosure of such information.

Respectfully submitted,

PETER J. SMITH
United States Attorney


By s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA ID 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Steven D. Mellin
Trial Attorney For the
Capital Case Unit
Texas ID 13920380
1331 F Street, N.W.
Washington, D.C. 20530
Tele: 202-514-1224
Electronic Mail:
Steve.Mellin2@usdoj.gov

Dated:   December 19   , 2011

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :   Criminal No. 4:CR-96-0239
                             :
        v.                   :   (Judge Slomsky)
                             :
 DAVID PAUL HAMMER           :   **ELECTRONICALLY FILED**


## CERTIFICATE OF SERVICE

     I hereby certify that I caused a true and correct copy of the foregoing

### RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR DISCOVERY

to be electronically mailed on ___December 19_____, 2011, to:

ADDRESSEES:     Ronald C. Travis, Esquire
                rtravis@riederstravis.com

                Michael Wiseman, Esquire
                Michael_Wiseman@fd.org

                James J. McHugh, Jr., Esquire
                James_McHugh@fd.org

                James Moreno, Esquire
                James_Moreno@fd.org

                Anne Saunders, Esquire
                Anne_Saunders@fd.org




                        __S/Frederick E. Martin_____
                        FREDERICK E. MARTIN
                        Assistant United States Attorney


9