# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 4:96-CR-00239 |
| | : | |
| v. | : | |
| | : | (Honorable Joel H. Slomsky) |
| DAVID HAMMER | : | |
| | : | |
| | : | (Electronically Filed) |

## DEFENDANT'S PROPOSED PRELIMINARY INSTRUCTIONS

Ladies and gentlemen, I am Judge Joel H. Slomsky. We are all assembled here today to begin the courtroom component of the jury selection process in the case of *United States v. David Hammer*.

The government charged Mr. Hammer with the crime of first degree murder and gave notice that if Mr. Hammer was convicted of first degree murder, it intended to request that the jury impose a sentence of death. In a capital case in which the jury will decide between imposing a sentence of life imprisonment without the possibility of release or a sentence of death, the case normally involves two possible trials: first, a trial to determine if the accused is guilty or not guilty of first degree murder and, if the accused is found guilty of first degree murder, a second sentencing trial before the same jury to determine sentence; either life imprisonment without the possibility of release or death.

Mr. Hammer was a prisoner incarcerated at the United States Penitentiary at Allenwood when he committed first degree murder. The question of his guilt is not in dispute, and he has admitted that he killed another human being with premeditation and malice, and that he committed the murder without any legal excuse or justification. He was not insane or acting under the heat of passion at the time of the murder. Therefore, the jurors impaneled in this case will be asked to determine his sentence. In light of the responsibility each of the selected jurors will have, it is essential that you give me your undivided attention as I give you these preliminary instructions.

The law never requires any member of any jury, even in a case where the accused has entered a guilty plea to first degree murder, to vote for a sentence of death. The decision on the appropriate punishment – life imprisonment without the possibility of release or death – is something which the law leaves up to each of the twelve individual jurors.

When the decision of the jury – be it for life imprisonment without the possibility of release or death – is returned, that decision is binding on me, which means I cannot change your decision. If the jury unanimously decides to sentence Mr. Hammer to death, I am bound by that decision, I will sentence Mr. Hammer to death, and he will be executed. If the jury unanimously decides to sentence Mr. Hammer to life imprisonment without the possibility of release, I am also bound by

that decision, I will sentence Mr. Hammer to life imprisonment without the possibility of release, and he will die in prison. Finally, if the jury is not unanimous regarding the imposition of death or life imprisonment without the possibility of release, federal law requires that I sentence Mr. Hammer to life imprisonment without the possibility of release, and he will die in prison.

I have mentioned to you that the sentencing choices are life imprisonment without the possibility of release or death. In order to eliminate any confusion or uncertainty regarding what a sentence of life imprisonment without the possibility of release actually means, you must be aware and proceed in your decision-making with the knowledge that, in the federal system, there is no parole, and an individual sentenced to a term of life imprisonment without the possibility of release will spend the remainder of his or her life incarcerated in the Federal Bureau of Prisons. Mr. Hammer will spend the rest of his life incarcerated in the Federal Bureau of Prisons. This is true because Mr. Hammer pled guilty to first degree murder, and the only two alternative sentences available for a person guilty of first degree murder are life imprisonment without the possibility of release and death. Since the only issue to be decided by each of the individual jurors is whether the appropriate sentence is life imprisonment without the possibility of release or death, each of the jurors will, quite literally, have the power of life or death with respect to Mr. Hammer.

Under federal law, a capital sentencing trial may proceed in two parts: an eligibility portion and a punishment decision portion. In the eligibility portion the burden is on the government to prove to a unanimous jury beyond a reasonable doubt that, first, the defendant acted with a particular mental intent when he committed the murder and, second, that one or more statutory aggravating factors exist before a defendant may ever even be considered eligible for the punishment consideration that determines the appropriate sentence.

The government must prove to all twelve jurors, by proof beyond a reasonable doubt, that Mr. Hammer acted with a certain mental intent factor at the time of the murder. If one or more jurors determine that the government failed to prove beyond a reasonable doubt that Mr. Hammer acted with a particular mental intent, the deliberations are complete, and the Court will impose a sentence of life imprisonment without the possibility of release.

If all twelve jurors determine that the government did prove beyond a reasonable doubt at least one mental intent factor, then the jury will consider the existence of alleged statutory aggravating factors. These factors have been alleged by the government and may support a sentence of death. The government bears the burden of proving one or more of these statutory aggravating factors unanimously and beyond a reasonable doubt. If one or more jurors determine that the government failed to prove beyond a reasonable doubt that one or more statutory

4

factors exist, the deliberations are complete, and the Court will impose a sentence of life imprisonment without the possibility of release.

In the event the jury unanimously finds that the government has proven beyond a reasonable doubt the two eligibility factors – a mental intent factor and a statutory aggravating factor – then the sentencing trial proceeds to the punishment decision portion of the sentencing trial. In the event the case proceeds into this second punishment decision portion, the jury will determine which sentence to impose: life imprisonment without the possibility of release or death.

Now, although Congress has left it to the jury to decide a defendant's punishment, it has narrowed and channeled this discretion in specific ways, particularly by making the jury consider and weigh aggravating factors and mitigating circumstances found by you to be present in this case. Aggravating factors are those that would lend support to imposition of the death penalty. Mitigating circumstances are not offered as an excuse or justification for the killing. Mitigating circumstances have to do with the crime, or the personal traits, character, or background of Mr. Hammer, or any other information which might support, for any individual juror, a sentence of life imprisonment without the possibility of release rather than death. In your consideration of mitigating evidence, I instruct you that the law does not require that there be a connection between the mitigating circumstance and the crime committed. In other words, it is

not necessary, for example, for the defense to establish that evidence of a chaotic childhood led to the commission of the offense. Thus, whether or not these circumstances have a direct connection to the crimes does not affect their status as mitigating circumstances.

The law never requires imposition of a sentence of death and never assumes that any defendant who is guilty of committing capital murder must be sentenced to death. Plainly, then, the law does not presume that Mr. Hammer, in particular, should be sentenced to death. Indeed, the law carries with it a presumption in favor of a verdict other than death, a presumption that can be overcome only if the government persuades each and every juror beyond a reasonable doubt that the aggravating factor or factors found to exist outweigh the mitigating circumstances found to exist and, if they do, that the aggravating factors so sufficiently outweigh the mitigating circumstances to justify a sentence of death.

In carrying out this weighing and balancing process, the members of the jury are not mere fact-finders. Instead, jurors are called upon to make a unique, individualized judgment about the appropriateness of sentencing another human being to death. This is not a mechanical process. Neither is the decision determined by raw numbers. Members of the jury at the sentence determination portion of the trial do not simply count factors. Instead, individual jurors consider such factors qualitatively, assessing the weight and value of each factor. A single mitigating

circumstance may outweigh several aggravating factors; or, any one aggravating factor proved, if sufficiently serious, may outweigh several mitigating circumstances. In short, what is called for in weighing the various considerations is not arithmetic, but an individual juror's careful, considered, and mature judgment.

In the punishment decision portion of the sentencing trial, should the case proceed to this stage, the government bears the burden of unanimously proving, beyond a reasonable doubt, the existence of any statutory or non-statutory aggravating factors of which it has given notice. The jurors may only consider aggravating statutory and non-statutory aggravating factors of which the government has given formal notice. The jurors may not consider any other factors or evidence in support of a sentence of death beyond those formally noticed and proven unanimously beyond a reasonable doubt.

It is also important to understand that with respect to noticed statutory and non-statutory aggravating factors, only the aggravating factors which have been unanimously found may be considered and given weight by each individual juror. By way of example, if the vote with respect to aggravating factor "X," whatever that may be, is unanimously found beyond a reasonable doubt by all twelve jurors, each juror would assign the weight or significance that juror felt was appropriate to the aggravating factor in that juror's individualized determination of the appropriate punishment. However, with respect to aggravating factor "Y," if its

7

existence was not unanimously found proven beyond a reasonable doubt, none of the jurors may weigh that aggravating factor even though a juror may have personally believed that the factor had been proven beyond a reasonable doubt.

When it comes to the consideration and assessment of mitigating circumstances, there are several significant differences from that of aggravating factors. To establish a mitigating circumstance, the burden on Mr. Hammer is to prove the existence of that circumstance by a preponderance of the evidence rather than beyond a reasonable doubt. A preponderance of the evidence means proof that it is more likely true than not. It is a much lower standard than proof beyond a reasonable doubt and it is the lowest standard of proof in our justice system.

In addition to the different proof standard, the existence of a mitigating circumstance need only be found by any one or more members of the jury. The finding of a mitigating circumstance need not be unanimous, and if any one or more individual juror finds the existence of a mitigating circumstance by the preponderance of the evidence, that mitigating circumstance can be considered and given weight by any juror in the determination of the appropriate sentence to be imposed.

The final difference is that although aggravating factors are limited to those aggravating factors formally noticed and listed for the jury to consider and unanimously found to have been proven beyond a reasonable doubt, by law, any

individual juror who finds the existence of a mitigating circumstance to have been established by a preponderance of the evidence may consider and give it weight regardless of whether or not the mitigating circumstance was formally noticed and listed by the Court as a mitigating circumstance.

After you have heard the offered government evidence in support of aggravating factors and the offered defense evidence in support of mitigating circumstances, the jury will go through the deliberation process and make assessments of which aggravating factors have been unanimously found by proof beyond a reasonable doubt, and each individual juror will make a determination of which mitigating circumstances have been established by a preponderance of the evidence. After these aggravating factors and mitigating circumstances have been identified, each juror will assign the weight or significance to the aggravating factors and mitigating circumstances that he or she feels is appropriate and then decide whether the aggravating factors so sufficiently outweigh the mitigating circumstances to justify a death sentence. As part of this balancing process, even if no mitigating circumstances have been found, each juror would be required to determine if the aggravating factor or factors alone are sufficient to justify a sentence of death. Regardless of the jurors' findings with respect to aggravating factors and mitigating circumstances, a juror is never required to impose a sentence of death. A sentence of death will be imposed only if all twelve jurors make the

individual determination that death rather than life imprisonment without the possibility of release is in fact the appropriate sentence.

It is very important for you to understand and remember that regardless of a juror's findings with respect to aggravating and mitigating evidence, a sentence of death is never required, and no member of the jury is ever required to vote for a sentence of death unless individually convinced a sentence of death is the only appropriate punishment to be imposed on Mr. Hammer.

Citizens in our community hold a wide variety of views and have different life experiences that inform their feelings and views on different topics. Of course, this is also true of prospective jurors. We are genuinely interested in learning your views and feelings on a variety of issues and questions. There are no right or wrong answers to these questions.

Jury service is one of the most important duties a citizen can be called on to perform. You will be fulfilling your civic duty by responding completely and honestly during jury selection. Your participation and cooperation in this process is greatly appreciated.

<u>Process and Schedule</u>

At the conclusion of this orientation session, the panel members who have not been excused for reasons of hardship will be advised by the court staff of a date to return to the courthouse for individual questioning by the Court and by counsel

for the parties. In order for each of you to determine whether you have a potential hardship based on issues of health, planned vacations, employment demands, or for any other reason, it is necessary for you to have a general understanding of how the trial in this case will proceed from this date forward.

In terms of timing, I cannot estimate with any precision just how long the jury selection process or the trial itself will last. After conferring with counsel, it is our best estimate that the jury selection and trial will last approximately 10 weeks. Individual questioning of possible jurors will begin on _____.  Other than today, before the jury selection process is finalized, hopefully you will only have to appear at the courthouse on two other dates which will be given to you before you leave today. Depending on how matters have progressed with the individuals who appear on the date preceding you, and where within the group reporting on the date you are to appear you fall, it is possible that in addition to the reporting date, you may have to return the next scheduled court date in the event we do not reach you for individual questioning on the report date you are given. The court and counsel will make every effort to ensure your individual questioning is completed on the report date you are given.  After you have been through the individual questioning process, you will be either excluded from any further obligation with respect to this case, or you will be advised that you are on a standby basis and will be notified of the next date you need to return to the

courthouse. Once you receive your report date today and once you have concluded your individual questioning, you will be free to go about your business without regard to the continuing jury selection which will be going on in the case.

Once the trial actually starts, court will be in session four days a week, Monday through Thursday from approximately ___ to ____. As the trial progresses, there may be additional days when trial will not be held for reasons beyond the control of the court. Depending on witness availability, there may also be occasional weeks when testimony will be taken on Friday. The court will attempt to give you as much advance notice of these occasions when court will not be in session or will be in session. The court does observe all federal holidays so if any federal holidays fall within the timeframe of this trial, there will be no court on the federal holiday.

On dates when court is in session, the Court will endeavor to start hearing testimony at ___ each day. Because of matters in this case or other matters before the Court, there may be slight delays in when the testimony actually starts, but you should plan your schedule so that you report to the courthouse to allow the taking of testimony to start at _____. Throughout the day the court will usually take a mid-morning break, a longer lunch break and a mid-afternoon break and will endeavor to conclude testimony by ____ each day. The mid-morning and mid-afternoon breaks will usually be 15 minutes, unless it is determined that a 15-

minute break is insufficient to accommodate the jurors and the parties. The Court will be flexible with respect to the timing of the breaks and the length of the breaks, as necessary.  So that you are able to schedule other aspects of your life, the Court will endeavor to conclude your services by ___ each day the court is in session. However, depending on the status of the testimony, we may occasionally work longer than the projected time of conclusion in order to complete a witness's testimony, but before doing so the Court will check with the jury members to make sure that staying beyond the projected conclusion time does not create a significant hardship for any of the jurors. There is no plan to sequester the jury, and this means you will be able to go about your normal business at the end of each trial day, and of course on any days off and weekends.

<u>Instructions Not to Talk About, Seek Out Information About, or Otherwise Learn Any Information About the Case</u>

There has been some media attention with respect to this case.  Since all of you are now potential jurors in this case, I am hereby ordering that, until you know whether or not you are going to be on the jury in this case, you not read, listen to, or view anything about this case, whether it is by newspaper, radio, television or the internet.  Do not Google or conduct any research on me, the attorneys, Mr. Hammer, or this case. Additionally, do not discuss this case with anyone, and that includes other prospective jurors here today, and if anyone approaches you to discuss the case, you must report that contact to the Court. You may, of course, tell

your employer and family members that you are involved in jury-selection, but you are ordered not to view or read anything about this case in any form of media or the internet, or to discuss the particulars of the case with anyone, including your employer and family members. If at any time outside the courtroom you unintentionally or inadvertently overhear or view any information about Mr. Hammer or this case, you have a legal obligation to immediately notify the Court.

During the course of the trial, while arriving at the courthouse or leaving the courthouse or during breaks, there may be occasions when you find yourself in the same physical area as one of the attorneys or even one of the witnesses. If that situation arises, you should not engage in any conversations with the lawyer or the witness.  As a final matter, I am going to have the participants in the trial introduce themselves to you. You should pay attention to the identity of these individuals, because at a later point in time you will be asked whether you know any of the individuals involved in the case, or are related to any of them by blood or marriage. All of the defense attorneys you are about to meet have been appointed by the court to serve as counsel in this matter and will be compensated for their services by the court.

<u>Introductions of Parties and Defendant</u>

Will counsel for the government please rise and introduce themselves as well as any others seated at counsel table?

Will defense counsel please rise and introduce themselves as well as the client?

This completes my preliminary remarks, ladies and gentlemen, and I now ask that you follow the courtroom personnel, who will provide to you information concerning when you should next return.  As you are obtaining the information concerning when you should next return, if you believe that you have a hardship, based upon employment, preplanned vacations, medical factors, or for any other reason, please bring that to the attention of the courtroom personnel. The determination of whether the hardship warrants your being excused is a determination which will be made by the Court.  If you have no hardship requests, when you have received the date to return, you are free to leave, and we will next see you on your scheduled return date.  If you indicate to the court personnel that you believe you have a hardship, you should remain, and the Court will address with you and counsel your hardship request.