UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| | : | Capital Case |
| | : | |
| DAVID HAMMER, | : | Electronic Filing |
| Defendant | : | |

_____

**DEFENDANT'S MOTION FOR A ONE HUNDRED AND TWENTY DAY (120)
CONTINUANCE OF THE TRIAL DATE**

Defendant, David Hammer, through undersigned counsel, moves for a one hundred and twenty day continuance of the trial date in this case, currently set to begin on April 4, 2012. Counsel discussed this request with Assistant United States Attorney Steven Mellin, Esquire, who informed counsel that the Government is not opposed to a sixty (60) day continuance. Counsel sincerely appreciate the Government's cooperation and agreement to a sixty day continuance and recognize that Mr. Mellin currently has another capital trial scheduled for September, 2012. Nonetheless, counsel believe that a one-hundred twenty day continuance is appropriate and, in support of this motion, states the following.

1.     This matter is before the Court for capital resentencing following the partial grant of section 2255 relief. United States v. Hammer, 404 F.Supp.2d 676 (M.D. Pa., 2005).

1

2.      On February 7, 2011, following the de-authorization proceedings before the Department of Justice, the Government filed its *Motion For Penalty Phase Proceeding* notifying this Court and the defense of its intent to again seek the death penalty against Mr. Hammer. Doc. 1300.

3.      Since then, undersigned counsel have worked diligently towards preparing for Mr. Hammer's capital resentencing trial while simultaneously carrying a heavy caseload.

4.      Collectively, since February of 2011, counsel have been involved in federal trials, federal capital post-conviction evidentiary proceedings, state capital post-conviction evidentiary proceedings and state trials. Many of these proceedings have taken place in other states and have required extensive travel and preparation.

5.      While each counsel has cleared their respective schedules as much as possible to accommodate the demands of this case, each maintain other case responsibilities and have worked diligently to balance the competing responsibilities.

6.      Indeed, as the Court is aware, Mr. Hammer filed and argued numerous complex pretrial motions and has filed a very detailed discovery motion that is scheduled for argument on February 23, 2012.

7.      Counsel have also undertaken an in-depth investigation into potential mitigating factors, as well as evidence challenging the Government's aggravating factors, that has led to witness interviews in many different states.

8.    To that end, the defense has retained a mitigation specialist, who is assisting with identifying and interviewing potential witnesses. The investigation is on-going and continues to develop. Many new witnesses have been identified and interviewed and there are many more who counsel have not yet been able to interview.

9.    Additionally, the defense is also seeking numerous records pertaining to Mr. Hammer from a wide range of sources that were not gathered during the course of the earlier trial and §2255 proceedings. Once received, these records must be reviewed by Mr. Hammer's mental health experts.

10.    The amount of investigative work left to do is so extensive that counsel have pulled other team members, including attorneys, into the investigative mix in order to be as thorough and complete as Mr. Hammer deserves in a case where his life literally hangs in the balance.

11.    Despite their best efforts, there remains a great deal to be done before undersigned counsel will be constitutionally prepared to defend Mr. Hammer's life. In a capital case, the constitution requires a thorough and complete investigation. See See Strickland v. Washington, 466 U.S. 688 (1984); Williams v. Taylor, 529 U.S. 362 (2000); Wiggins v. Smith, 539 U.S. 510 (2003); Rompilla v. Beard, 545 U.S. 374 (2005).

12.     The importance of mitigating evidence in capital sentencing proceedings is a fundamental tenet of the Supreme Court's capital jurisprudence. <u>Perry v. Lynaugh</u>, 492 U.S. 302, 307 (1989); <u>Eddings v. Oklahoma</u>, 455 U.S. 104, 110-12 (1982); <u>Lockett v. Ohio</u>, 438 U.S. 586, 605 (1978). It is critical to the reliability of the capital sentencing proceeding that the jury render an individual decision. <u>Gregg v. Georgia</u>, 428 U.S. 153, 206 (1976).

13.     A jury cannot make that decision in a reliable, individualized and constitutional way without mitigating evidence about the defendant. Reasonable investigation of the mitigation in a capital case is therefor an absolute prerequisite to constitutionally adequate representation.

14.     Under clearly established United States Supreme Court precedent, a defendant's Sixth Amendment right to the effective assistance of counsel is violated whenever counsel provides professionally deficient representation that results in prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

15.     In the context of capital sentencing representation, counsel's performance is deficient whenever trial counsel breaches his duty "to conduct a thorough investigation of the defendant's background. " <u>Williams</u>, 529 U.S. at 396 (citing 1 ABA Standards for Criminal Justice 4-4-.1, commentary, p. 4-55 (2d ed 1980)). This includes interviewing lay witnesses, collecting available institutional records, and obtaining available expert mental health assistance. <u>Id</u>.

16.    The American Bar Association (ABA) Guidelines for capital representation were updated in 2003. The commentary to Guideline 10.7, Investigation, details the breadth of capital defense counsel's responsibilities:

> Because the sentencer in a capital case must consider in mitigation, "anything in the life of a defendant which might militate against the appropriateness of the death penalty for that defendant,"209 "penalty phase preparation requires extensive and generally unparalleled investigation into personal and family history."210 At least in the case of the client, this begins with the moment of conception.211 Counsel needs to explore:
>
> (1) Medical history (including hospitalizations, mental and physical illness or injury, alcohol and drug use, pre-natal and birth trauma, malnutrition, developmental delays, and neurological damage);
>
> (2) Family and social history (including physical, sexual, or emotional abuse; family history of mental illness, cognitive impairments, substance abuse, or domestic violence; poverty, familial instability, neighborhood environment, and peer influence); other traumatic events such as exposure to criminal violence, the loss of a loved one, or a natural disaster; experiences of racism or other social or ethnic bias; cultural or religious influences; failures of government or social intervention (e.g., failure to intervene or provide necessary services, placement in poor quality foster care or juvenile detention facilities);
>
> (3) Educational history (including achievement, performance, behavior, and activities), special educational needs (including cognitive limitations and learning disabilities) and opportunity or lack thereof, and activities;
>
> (4) Military service, (including length and type of service, conduct, special training, combat exposure, health and mental health services);
>
> (5) Employment and training history (including skills and performance, and barriers to employability);

(6) Prior juvenile and adult correctional experience (including conduct while under supervision, in institutions of education or training, and regarding clinical services).

ABA DEATH PENALTY GUIDELINES 2003, at 1022-1023.

17.     Undersigned counsel firmly believe that while a sixty day continuance would indeed be helpful, a longer continuance is needed in order to ensure effective representation for Mr. Hammer in this capital proceeding.

18.     Finally, there are also concerns regarding Mr. Hammer's health that undersigned counsel are trying, in conjunction with the Bureau of Prisons, to resolve. Undersigned counsel are seeking assistance to determine the nature and extent of his lower back injury that prevents Mr. Hammer from remaining seated for more than fifteen or twenty minutes at a time. Helping Mr. Hammer resolve this issue, or at least improve upon it, will go along way towards Mr. Hammer's unimpeded participation in his capital resentencing.

19.     This continuance is not sought in order to unduly delay or otherwise impede progress towards resolving this case. It is filed solely to ensure that when this trial begins, Mr. Hammer's defense is prepared to provide him with the level of representation mandated by the constitution.

WHEREFORE, Mr. Hammer respectfully requests that this Court grant his

Motion for a Continuance.

Respectfully submitted,

/s/ RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/s/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
717-782-3843 (telephone)
anne_saunders@fd.org

/s/ JAMES J. MCHUGH, JR.
JAMES J. MCHUGH, JR.
JAMES MORENO
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org


Counsel for Defendant, David Hammer

Dated: February 2, 2012

## CERTIFICATE OF SERVICE

I, James J. McHugh, Jr., Esquire, do hereby certify that on this date I served

a copy of the foregoing *Motion For Continuance* via Electronic Case Filing, or by

placing a copy in the United States mail, first class addressed to the following:

Frederick E. Martin, Esquire
United States Attorney's Office
Federal Building, Room 217
228 Walnut Street
Harrisburg, PA 17108

Steven Mellin, Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

/S/ JAMES J. MCHUGH, JR.
JAMES J. MCHUGH, JR.