UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 4:96-CR-0239 |
| | : | |
| v. | : | (Judge Slomsky) |
| | : | |
| DAVID PAUL HAMMER | : | **ELECTRONICALLY FILED** |

**UNITED STATES' RESPONSE TO
DEFENDANT'S PROPOSED JUROR QUESTIONNAIRE AND PRELIMINARY
INSTRUCTIONS**

In response to Court's order of December 19, 2011, the following objections and observations are offered for the Court's consideration.

**PROPOSED JUROR QUESTIONNAIRE**

1. In their "Introduction" and in some questions, numbers 87 and 109, Defense counsel refer to the previous proceedings. It is the position of the prosecution that the jury should be told only generally about previous proceedings and instructed that those previous proceedings should have no impact on any of its decisions. In the event that it is determined that the jury must be informed that a sentence of death had previously been imposed, and then reversed, the reason for that decision should not be mentioned other than the reversal was occasioned by legal reasons. There should be no mention that the trial court made findings that evidence had been withheld from the defense.

2. The Introduction also contains the statement, "On the other hand, if one or more jurors find that a sentence of life imprisonment without the possibility of release is the

appropriate sentence the judge will impose a sentence of life imprisonment without the possibility of release." The jury should not be so instructed as such an instruction may impinge on the jury's attempts to reach a unanimous verdict. Additionally, the government objects to the statements: "The law never requires any member of the jury to vote for a sentence of death. I want to be very clear about this. A death sentence is never required by law, and a juror is never required to impose a sentence of death." The sentences are unnecessary.

3. In the Introduction, it is recommended that the Eligibility Portion of Sentencing Trial section mention that the government must also prove that the defendant was 18 years of age or older at the time of the commission of the offense.

4. The government objects to the wording in paragraphs 61 and 62 as the questions improperly suggest that Mr. Marti's death was caused as the result of erotic asphyxia which the government disputes.

5. Question 67 refers to persons imprisoned whom prospective jurors have known. This wording is unnecessarily awkward.

6. The Government objects to question 73 on the grounds that the question is too fact specific. The government, however, does not object to a question about the jurors' general views on the death penalty.

7.  The Government objects to question 75 as an inappropriate and unnecessary question.

8.  The Government objects to questions 77, 78, 80, 81(a) and 82 through 85 in that they are unnecessarily repetitive, too case specific, and unnecessary.

9.  The Government objects to question 86 as the question inappropriately seeks a preview of the jurors' opinion on the defense's mitigation evidence.

10.  Question 88 assumes a judicial ruling.  The prosecution believes that this question is inappropriate and the issue should be litigated before being brought to the jury's attention.

11.  The Government objects to question 95 as the question inappropriately asks for the jurors' expectations.

12.  The Government objects to question 96 as repetitive.

13.  Question 97 is a misstatement of the law.  No juror is required to accept a mitigating factor found by another juror in reaching their ultimate recommendation.

14.  Question 98 is a correct statement of the law as is page 5 of the "Introduction."  However, the prosecution objects to the jury being advised specifically that if one juror recommends a life sentence then such punishment should be imposed.

15.  The Government objects to question 109 as repetitive and covered by question 110.

16.    None of the prosecution's witnesses are believed to be based in Philadelphia.  At least two of the defense witnesses are from that area--Doctors Gur and Sadoff.  It is respectfully urged that for any Philadelphia-based witnesses jurors be asked if they have familiarity with them.

**PRELIMINARY INSTRUCTIONS**.

17.    The Government objects to the numerous portions of the Preliminary Instructions as unnecessarily repetitive and those seeking to impinge on the jurors' attempts to reach a unanimous verdict.  For instance, the government finds unnecessary the preliminary instruction stating, "The law never requires any member of any jury, even in a case where the accused has entered a guilty plea to first degree murder, to vote for a sentence of death."  The instruction is unnecessary.

18.    The Government also objects to the ramifications of the jurors' verdict beyond the fact that such a verdict is binding on the Court.  For instance, the Government objects to the passage stating, "which means I cannot change your decision. If the jury unanimously decides to sentence Mr. Hammer to death, I am bound by that decision, I will sentence Mr. Hammer to death, and he will be executed. If the jury unanimously decides to sentence Mr. Hammer to life imprisonment without the possibility of release, I am also bound by that decision, I will sentence Mr. Hammer to life imprisonment without the possibility of release, and he will

die in prison. Finally, if the jury is not unanimous regarding the imposition of death or life imprisonment without the possibility of release, federal law requires that I sentence Mr. Hammer to life imprisonment without the possibility of release, and he will die in prison."

The government objects to the following instruction as unnecessary, "Since the only issue to be decided by each of the individual jurors is whether the appropriate sentence is life imprisonment without the possibility of release or death, each of the jurors will, quite literally, have the power of life or death with respect to Mr. Hammer."

The Government objects to the instruction stating, **"If one or more** jurors determine that the government failed to prove beyond a reasonable doubt that one or more statutory factors exist, the deliberations are complete, and the Court will impose a sentence of life imprisonment without the possibility of release."  The government submits that it is sufficient to instruct the jurors that "If the jury determines" rather than "one or more jurors" in the above passage.

The government objects to the portion of the instructions which states, "A sentence of death will be imposed only if all twelve jurors make the individual determination that death rather than life imprisonment without the possibility of release is in fact the appropriate sentence."  The government submits that

again the instruction seeks to impinge on the jury's attempts to reach a unanimous verdict.  The instruction should simply advise that "A sentence of death will be imposed only if *the jury* makes the determination that death rather than life imprisonment without the possibility of release is in fact the appropriate sentence."

Respectfully submitted,

PETER J. SMITH
United States Attorney

        /s/ John C. Gurganus, Jr.
By_____
JOHN C. GURGANUS Jr.
Assistant United States Attorney


FREDERICK E. MARTIN
Assistant United States Attorney


STEVEN D. MELLIN
Trial Attorney For the
Capital Case Unit
1331 F Street, N.W.
Washington, D.C. 20530

Dated: February 17, 2012

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :   Criminal No. 4:96-CR-0239
                              :
          v.                  :   (Judge Slomsky)
                              :
 DAVID PAUL HAMMER            :   **ELECTRONICALLY FILED**

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' RESPONSE TO
DEFENDANT'S PROPOSED JUROR QUESTIONNAIRE AND PRELIMINARY
INSTRUCTIONS**

to be electronically mailed on February 17, 2012, to:

ADDRESSEES:    Ronald C. Travis, Esquire
               rtravis@riederstravis.com

               Michael Wiseman, Esquire
               Michael_Wiseman@fd.org

               James J. McHugh, Jr., Esquire
               James_McHugh@fd.org

               James Moreno, Esquire
               James_Moreno@fd.org

               Anne Saunders, Esquire
               Anne_Saunders@fd.org


               /s/ John C. Gurganus, Jr.
               _____
               JOHN C. GURGANUS, JR.
               Assistant United States Attorney