# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
|  | :     Criminal No. 4:CR–96-239 |
|  | :     Judge Slomsky |
| v. | : |
|  | :     Electronically Filed |
| DAVID HAMMER, | : |
|  | : |
| Defendant. | : |
|  | : |
|  | : |

## ORDER

AND NOW, this      day of                   , 2012, upon consideration of

Defendant's *Unopposed Motion for Leave to Conduct Forensic Testing*, it is hereby

ORDERED and DIRECTED that the Motion is GRANTED.

The requested items shall be transferred to an accepted laboratory for purposes

of DNA testing in a manner that is acceptable to the parties.

BY THE COURT

_____

Joel H. Slomsky, J.

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       :

       :    Criminal No. 4:CR–96-239

       :    Judge Slomsky

    v.     :

       :    Electronically Filed

DAVID HAMMER,   :

       :

    Defendant.  :

       :

       :

## DEFENDANT DAVID HAMMER'S UNOPPOSED
## MOTION FOR LEAVE TO CONDUCT FORENSIC TESTING

Defendant, David Hammer, through undersigned counsel, hereby submits this Unopposed Motion for Leave to Conduct Forensic Testing and in support thereof, states the following:

1.  This matter is before this Court for capital re-sentencing following the partial grant of section 2255 relief. United States v. David Paul Hammer, 404 F. Supp. 2d 676, 800 (M.D. Pa. 2005).

2.  On January 7, 2011, the government announced its decision to continue this matter as a capital prosecution when it filed a Motion for Penalty Phase Proceeding. Doc. 1300.

1

3.    On December 15, 2011, pursuant to an agreement between the parties, Dr. Albert Harper, a forensic expert retained by the defense, viewed the crime scene evidence at the FBI offices in Williamsport, Pennsylvania.  See Exh. A at ¶2(Affidavit of Dr. Albert B. Harper).

4.    Dr. Harper is President of Forensic Science Consortium located in Lenox, Massachusetts.  He has been qualified as an expert in forensic science in Alabama, Arizona, Connecticut, Delaware, Florida, Maine, New York and Pennsylvania. Id. at ¶1-2.

5.    Utilizing a Spectronic Alternate Light Source, Dr. Harper viewed the bedding and clothing worn by Mr. Hammer and the decedent on the night of the homicide.  Id. at ¶¶ 3-4.  Dr. Harper's examination revealed numerous human biological stains on these items of evidence that had not been previously identified or tested.

6.    Specifically, he examined Government Trial Exhibits 10, 13, 14, 16, 17A, 17B, 18, 26.1, 26.3, 26.4, 26.5, 28.1, 28.2 and 28.3.  Dr. Harper found that Government Exhibits 17A and B (salmon colored bed sheets), Exhibit 26.4 (defendant's T-shirt) and Exhibit 28.2 (decedent's boxer shorts) were positive for human biological material which was not visible to the naked eye. Id. at ¶¶5-7.

7.    Dr. Harper also concluded to a reasonable degree of scientific certainty

2

that these specific items (Exhibits 17A, 17B, 26.4 and 28.2) contain a sufficient amount of biological material that would permit DNA samples to be extracted and testing to be conducted and valid results obtained.

8.    Forensic evidence tending to show a sexual encounter/relationship between defendant and the decedent is highly relevant to this litigation as it would cast doubt on the government's theory of intent/aggravation and also provide additional mitigation evidence.

9.    The defense requests that the Court order forensic testing on Government Exhibits 17A and B (salmon colored bed sheets), Exhibit 26.4 (defendant's T-shirt) and Exhibit 28.2 (decedent's boxer shorts).

10.    This forensic testing can be conducted and concluded in a timely manner. Furthermore, because there are significant quantities of this evidence, the government will be able to retain sufficient portions of the forensic evidence identified by Dr. Harper.

11.    The defense requests that Dr. Harper be permitted to designate the forensic evidence to be tested and that he be permitted to submit this evidence for DNA testing at a certified laboratory chosen by Dr. Harper.

12.    For these reasons, and because the defense believes that in order to adequately investigate and fully and fairly present his defense, the proposed analysis

and examination of the physical evidence in this case is critical. Accordingly, the defense requests the Court issue an Order permitting the testing of this evidence.

13. Undersigned counsel has contacted the assigned prosecutor, Assistant United States Attorney, Steven Mellin, and he is unopposed to this motion.

WHEREFORE, defendant requests that the Court grant Defendant David Hammer's Unopposed Motion for Leave to Conduct Forensic Testing.

Respectfully submitted,

/s/ RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/ JAMES MORENO   *for J.*
James J. McHugh, Jr.
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org

/s/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

5