# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 4:96-CR-00239 |
| | : | |
| v. | : | |
| | : | (Judge Slomsky) |
| DAVID PAUL HAMMER | : | |
| | : | |
| Defendant | : | **ELECTRONICALLY FILED** |

## <u>MOTION FOR EARLIER DISCLOSURE OF INFORMATIONAL OUTLINES</u>

AND NOW, this 24th day of July, 2012, comes Defendant Hammer, by counsel, and moves the Court for an Order requiring the government to provide Informational Outlines at a date earlier than November 1, 2012, and in support thereof asserts as follows:

1.  On December 1, 2011, the Court entered an Order granting the defense request for Informational Outlines.

2.    The December 1, 2011, Order grants Informational Outlines with respect to the asserted intent factors, the statutory aggravating factors of substantial planning and premeditation, and the two non-statutory factors of future dangerousness and victim impact.

3.    During the written briefing as well as during the oral argument on June 30, 2011, the government has continually maintained that the defense attorneys are aware of substantially all of the information which the government intends to present at the penalty phase retrial because of the availability of transcripts of the initial penalty phase trial.

4.    Although the government has continually represented that the defense knows "virtually all" of the information, it has stopped short of representing its intention to present the same information in the special hearing scheduled to commence on February 5, 2013.

5.    As indicated in the Court's Order of December 1, 2011, a court may order Informational Outlines in order to enable the defense to adequately prepare for the sentencing proceeding.

6.    In the Order of December 1, 2011, the Court also recognizes that Informational Outlines may be ordered to ensure that the proposed information to be presented at the special hearing complies with the mandates of 18 U.S.C.§3593(c) and the Constitution.

7. Pursuant to §3593(c), a defendant may move to exclude evidence "if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."

8. In addition to the satisfaction of the standard annunciated in §3593(c), the information to be offered also must satisfy the "heightened reliability" requirements to comport with the Eighth Amendment.

9. Until such time as the Informational Outlines are provided, the defense is unable to scrutinize the information the government intends to produce and to make a determination concerning the appropriateness of challenging the proposed presentation of certain information as not satisfying the heightened reliability standard, information with its probative value being outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury, or challenging the admissibility of the information on the basis of remoteness.

10. Based upon representations made by the government suggesting that the government would intend to attempt to use a significant portion of the information presented during the first special hearing in June and July of 1998, the defense believes that a significant portion of the evidence used to support the non-statutory aggravating factor of future dangerousness will be challenged by the defense.

11. On February 3, 2012, in conjunction with the continuance of the special hearing date from April 2012 to February 2013, an Amended Scheduling Order was entered.

12. Paragraph 4 of the Amended Scheduling Order provides that Informational Outlines are to be provided by government counsel to the defense no later than November 1, 2012.

13. As defense counsel continues the diligent preparation for the special hearing, the lack of the granted Informational Outlines precludes the defense team from making sure it is engaged in adequate preparation.

14. The lack of Informational Outlines also prevents the defense from making a determination of whether it is appropriate to file any motions to preclude the use of certain proposed information by the government.

15. The parties are obligated to provide to the Court jury instructions for the special hearing by December 14, 2012.

16. By February 1, 2013, the defense must identify, number, index, and submit to the Court each exhibit to be offered by the defense at the special hearing.

17. The defense team anticipates that substantial time will be devoted by the defense team to finalizing preparations for jury selection and trial during the November through February timeframe.

4

18. In light of the repeated government representations that the "new information" it intends to present is not going to be substantial, it is suggested to the Court that moving forward the date for the provision of the Informational Outlines will not be unduly burdensome for the government.

19. The defense team understands and concedes that the provision of the Informational Outlines will not serve to "lock in" the government and, assuming new information is learned between the time of the provision of the Informational Outline and the time for the start of the special hearing that the government would supplement the Informational Outlines expeditiously.

20. Advancing the deadline for the provision of the Informational Outlines will enable the defense team to adequately prepare a defense and also enable the defense team to file any appropriate motions pertaining to the proposed information identified by the government.

21. The defense suggests that it is appropriate to advance the date for the filing of Informational Outlines to August 31, 2012.

22. Defense counsel has conferred with AUSA Steven Mellin to seek his concurrence in the instant Motion and he declined to concur.

Respectfully submitted,

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

/s/ James McHugh, Esquire
James McHugh, Esquire
James Moreno, Esquire
Federal Community Defender
Eastern District of Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA  19106
(215) 928-1100 (telephone)
(215) 928-0826 (facsimile)
James_McHugh@fd.org
James_Moreno@fd.org

/s/ Anne Saunders, Esquire
Anne Saunders, Esquire
Assistant Federal Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Ste. 306
Harrisburg, PA  17101
(717) 782-3843 (telephone)
(717) 782-3966 (facsimile)
Anne_Saunders@fd.org

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 4:96-CR-00239 |
| | : | |
| v. | : | |
| | : | (Judge Slomsky) |
| DAVID PAUL HAMMER | : | |
| | : | |
| Defendant | : | **ELECTRONICALLY FILED** |

**CERTIFICATE OF NON-CONCURRENCE**

Undersigned counsel contacted AUSA Steven Mellin by e-mail and AUSA
Mellin declined to concur in the instant Motion.  Undersigned counsel was also
advised by co-defense counsel James McHugh, that on July 9, 2012, he orally
asked AUSA Mellin whether he would concur in advancing the date for the filing
of the Informational Outlines, and AUSA Mellin declined to agree to advance the
date.

> RIEDERS, TRAVIS, HUMPHREY, HARRIS,
> WATERS & WAFFENSCHMIDT
> /s/ Ronald C. Travis, Esquire
> _____
> Ronald C. Travis, Esquire
> Attorney for Defendant
> PA ID#:  08819
> 161 West Third Street
> PO Box 215
> Williamsport, PA  17703-0215
> (570) 323-8711 (telephone)
> (570) 323-4192 (facsimile)
> rtravis@riederstravis.com

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

                           :    NO. 4:96-CR-00239

                           :

         v.                  :

                           :    (Judge Slomsky)

DAVID PAUL HAMMER          :

                           :

      Defendant           :    **ELECTRONICALLY FILED**

## CERTIFICATE OF SERVICE

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant

Hammer, and certifies that a copy of the foregoing Motion for Earlier Disclosure

of Informational Outlines has been served upon AUSA Steven D. Mellin, via

electronically filing, this 24th day of July, 2012.

                                   RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                                        WATERS & WAFFENSCHMIDT

                                   /s/ Ronald C. Travis, Esquire
                                   Ronald C. Travis, Esquire
                                   Attorney for Defendant
                                   PA ID#: 08819
                                   161 West Third Street
                                   PO Box 215
                                   Williamsport, PA  17703-0215
                                   (570) 323-8711 (telephone)
                                   (570) 323-4192 (facsimile)
                                   rtravis@riederstravis.com