### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :          NO. 4:96-CR-00239
                                  :
          v.                      :
                                  :          (Judge Slomsky)
DAVID PAUL HAMMER                 :
                                  :
          Defendant               :          **ELECTRONICALL FILED**

### BRIEF IN SUPPORT OF MOTION FOR EARLIER DISCLOSURE OF INFORMATIONAL OUTLINES

Just as the original Motion seeking the Informational Outlines was addressed to the discretion of the Court, so too is the instant Motion seeking an earlier disclosure of the Informational Outlines.

As the defense team continues with its diligent preparation for the start of jury selection and trial, it has come to recognize the various major projects which the defense team will be finalizing during the three month timeframe immediately preceding the commencement of the special hearing scheduled for February 5,

2013. In addition to the substantial time which will be devoted to preparation efforts for the start of the special hearing, the defense attorneys will also be involved in work related to other cases in order to have clear calendars for the lengthy special hearing scheduled to start on February 5, 2013. The defense team anticipates that government counsel as well as the Court will also have other legal matters which will have to be tended to leading up to the start of the special hearing in the instant case.

Throughout the litigation of the request for Informational Outlines, both in writing and orally, the government has represented to the Court and defense counsel that the defense team is aware of substantially all of the government's proposed case in aggravation and that there will be little new information which the government would intend to offer in support of the intent factors, and in support of the statutory and non-statutory aggravating factors which the government asserts support the special hearing jurors will find support the imposition of a sentence of death.

Once the defense team is aware of the proposed information to be offered by the government in support of its case for death, the defense is entitled to and will challenge certain of the proposed information based on remoteness, and also contest whether the proposed information satisfies the Eighth Amendment "heightened reliability" requirements as well as whether the probative value of the

proposed information is outweighed by the dangers of creating unfair prejudice, confusing the issues, or misleading the jury. Such challenges are fairly common in federal capital cases and will call up the Court to exercise its role as gatekeeper with respect to the proposed aggravating information.

Rulings by the Court with respect to whether proposed aggravating information may be presented at the special hearing will be extremely important decisions which may have substantial bearing on whether the empaneled jury returns a sentence of life without the possibility of release or death.

The defense team believes that in fairness to the Court the opportunity to file motions challenging proposed aggravating information should be undertaken at the earliest possible time in order for the Court to have adequate time to consider the respective positions in arriving at its rulings. By moving forward the deadline for the provision of the Informational Outlines, this will enable the defense team to file appropriate motions sooner, rather than later, and provide to the Court a longer period of time for considering whether to allow or disallow certain aggravating information.

Advancing the time for the provision of the Informational Outlines not only will enable any litigation concerning the presentment of alleged aggravating information to be litigated at an earlier point in time, it will also be helpful insofar as the expenses and expenditure of resources by both the prosecution and the

defense to have any such issues decided at an earlier point in time. Identifying the aggravating information which will be offered at trial will enable both the prosecution and defense to identify witnesses to be called with respect to the information to be presented and will also enable both parties to avoid devoting resources to preparation for information presentations which the Court has excluded. By an earlier identification of the aggravating information which will be allowed and aggravating information which will not be allowed, the defense team will be able to avoid time which would be spent interviewing, preparing, and arranging transportation for witnesses to defend against alleged aggravating information which the Court finds to be inappropriate for the government to present at the special hearing.

The defense team also submits that moving forward by two months the date when the Informational Outlines are to be provided will not be unduly burdensome for the government. The government has repeatedly represented that "not much new" will be presented beyond the government evidence offered at the first special hearing in 1998. Further, the government has been aware since December 1, 2011, of its obligation to provide the ordered Informational Outlines. Although the case was continued on February 3, 2012, up to the date of continuance, the government was aware of the fast approaching Informational Outline deadline. Although finalized Informational Outlines had not been presented to the defense team, it is

assumed that the government had formulated its trial plans, including the information it intended to present in support of the intent factors, the statutory aggravating factors of substantial planning and premeditation, and the two non-statutory factors of future dangerousness and victim impact. At the time of the continuance, the Informational Outline disclosure date was only a matter of weeks away. The defense team is unaware of any events involving Mr. Hammer which have occurred since February 3, 2012, which would substantially change the Information the government was on the cusp of providing to the defense at the time of the continuance.

It is respectfully submitted that moving the deadline for the provision of Informational Outlines to August 31, 2012, will promote justice and fairness in this most important case.

<div style="margin-left:40%">

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Attorney for Defendant
PA ID#:  08819
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com
</div>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

              :      NO. 4:96-CR-00239

              :

v.             :

              :      (Judge Slomsky)

DAVID PAUL HAMMER       :

              :

     Defendant        :      **ELECTRONICALLY FILED**

## CERTIFICATE OF SERVICE

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant Hammer, and certifies that a copy of the foregoing Brief in Support of Motion for Earlier Disclosure of Informational Outlines has been served upon AUSA Steven D. Mellin, via electronically filing, this 24th day of July, 2012.

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Attorney for Defendant
PA ID#:  08819
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com