**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 4:96-CR-00239 |
| | : | |
| v. | : | |
| | : | (Judge Slomsky) |
| DAVID PAUL HAMMER | : | |
| | : | |
| Defendant | : | **ELECTRONICALLY FILED** |

**BRIEF IN SUPPORT OF MOTION FOR CLIENT'S HANDS TO BE
UNRESTRAINED DURING DEFENSE TEAM VIDEOCONFERENCE
CONSULTATIONS WITH CLIENT**

A.    FACTUAL BACKGROUND

Counsel has set forth in detail, in the Motion, the background information which brings the present Motion to the Court for determination. In summary, in June 2011, defense counsel sought to have Mr. Hammer's hand restraints removed in conjunction with his videoconference attendance at the oral arguments concerning the pretrial motions. At that point in time the government objected to the restraints being totally removed on the basis that a member of the defense team would be physically present in the room with Mr. Hammer and thus there was a security issue. The Court ultimately held that Mr. Hammer's right hand should be restraint free during the proceeding. The June 30, 2011, proceeding lasted multiple

hours and Mr. Hammer's right hand was free throughout that proceeding and no incidents occurred.

As a cost and time saving procedure, the defense team has attempted to establish videoconferencing phone visits with Mr. Hammer by using the videoconferencing capabilities at USP-Terre Haute as well as the District Court capabilities. The first such call was placed on September 24, 2012, and Mr. Hammer was in full restraints, including both of his hands being restrained. Efforts by defense counsel to attain the release from restraint of at least Mr. Hammer's right hand were unsuccessful. The defense team was advised Mr. Hammer would remain in full restraints because of a concern he might damage the valuable videoconferencing equipment within the room if his hands were not restrained.

In the aftermath of what occurred on September 24, 2012, defense counsel sought an agreement from the Bureau of Prisons that with respect to future videoconference phone contacts that the same restraint procedure employed with respect to the June 30, 2011, proceeding be agreed to. The Bureau of Prisons has not responded to this request. Defense counsel also sought concurrence by the United States in the present Motion and no response to the request for concurrence has been received.

The defense team currently has a videoconference phone call with Mr. Hammer scheduled for October 25, 2012, at 11:00 a.m. and thus has filed the instant Motion with a request the Court expedite the timeframe to object to the request by reducing the timeframe for the Government's opposing brief from fourteen days to seven days.

B.    ARGUMENT

The request presently before the Court is addressed under the Court's discretionary authority to oversee the litigation pending before the Court.    The hand restraint issue is an issue the Court previously considered in conjunction with the June 30, 2011, Hearing.    After considering the concerns expressed by the Bureau of Prisons with respect to the safety of the defense team member who would be physically present in the videoconferencing room with Mr. Hammer during the hearing, the Court nonetheless concluded it was appropriate to direct that Mr. Hammer's right hand be restraint free so that he had the ability to take notes.    Since no defense team member will be in the videoconference room with Mr. Hammer during the videoconference phone contacts, the defense maintains that there is no need for either of Mr. Hammer's hands to be restrained during the videoconference contact.    As pointed out in the submissions with respect to hand restraints in conjunction with the June 30, 2011, Hearing, Mr. Hammer has appeared in both federal and state proceedings, without hand restraints, and there

3

have been no incidents of Mr. Hammer physically acting out during any of these proceedings. Based on the Court's earlier ruling concerning hand restraints in conjunction with the June 30, 2011, Hearing, it is submitted that the Court should, at the very least, direct the Bureau of Prisons to release Mr. Hammer's right hand from restraints, but more appropriately, should order that both of Mr. Hammer's hands be free from restraints during these videoconference visits.

In the Letter Brief submitted by the defense subsequent to the July 9, 2012, oral argument on discovery issues, Exhibit 2 is the transcript from *United States vs. Watland* which related to discovery issues in that case. However, in that case the issue of hand restraints was addressed by Senior Judge Kane. The videoconferencing in the *Watland* case was from the Administrative Maximum Penitentiary, known as ADX, which is the most secure federal facility in the United States. A review of Pages 3-5 of the transcript shows that the defense request for Mr. Watland's right hand to be uncuffed was granted by the Court. At the conclusion of the argument, the Court once again addressed the hand restraint issue, Pages 69-70. Although Judge Kane's handling of the issue in the *Watland* case is not binding on this Court, it is consistent with what this Court directed concerning the June 30, 2011, Hearing.

4

The defense team would request the Court enter an Order directing that with respect to all future client/defense team videoconferences Mr. Hammer's hands be restraint free during the videoconference.

C.     SHOULD THE GOVERNMENT BE REQUIRED TO FILE ANY OPPOSING BRIEF WITHIN SEVEN (7) DAYS AS OPPOSED TO THE STANDARD FOURTEEN (14) DAYS FOR OPPOSING BRIEFS?

Assuming that the underlying Motion and this Brief are electronically filed on October 5, 2012, the fourteen day timeframe which would normally apply would have the opposing brief filed with the Court on either the 19th or 22nd. Since the next scheduled videoconference with Mr. Hammer is October 25, 2012, the defense team wants to ensure that the Court has adequate opportunity to consider the position of the parties and make an appropriate ruling, in advance of the October 25, 2012, date.

Prior to the drawing up and filing of the Motion and Brief, both the Bureau of Prisons and the United States were aware of the hand restraint issue and aware that if an agreed to resolution could not be achieved, the defense intended to file the instant Motion seeking Court intervention. The United States was also aware that the next scheduled videoconference is scheduled for October 25, 2012. Thus, the instant Motion and supporting Brief do not come "out of the blue," and in anticipation of the Motion being filed, the United States has had ample opportunity

to consider the position it will take and to confer with Bureau of Prisons personnel with respect to the issue. The defense maintains that requiring any brief in opposition to be filed within seven days instead of the standard fourteen days will not negatively impact the ability of the United States to articulate its opposing position.

D.    CONCLUSION

It is respectfully requested that the Court enter an Order directing that the United States file any opposing brief within seven (7) days of receipt of the instant Motion and supporting Brief.

After considering the respective positions of the parties, it is further requested that the Court enter an Order directing that with respect to all future videoconference "visits," including the one currently scheduled for October 25, 2012, that both of Mr. Hammer's hands not be restrained.

Respectfully submitted,

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

/s/ Anne Saunders, Esquire
Anne Saunders, Esquire
Assistant Federal Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Ste. 306
Harrisburg, PA  17101
(717) 782-3843 (telephone)
(717) 782-3966 (facsimile)
Anne_Saunders@fd.org

6

/s/ James McHugh, Esquire
James McHugh, Esquire
James Moreno, Esquire
Federal Community Defender
Eastern District of Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA  19106
(215) 928-1100 (telephone)
(215) 928-0826 (facsimile)
James_McHugh@fd.org
James_Moreno@fd.org

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                                  :    NO. 4:96-CR-00239
                                  :
         v.                    :
                                  :    (Judge Slomsky)
DAVID PAUL HAMMER         :
                                  :
      Defendant          :    **ELECTRONICALLY FILED**

## CERTIFICATE OF SERVICE

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant

Hammer, and certifies that a copy of the foregoing Brief in Support of Motion for

Client's Hands to be Unrestrained During Defense Team Videoconference

Consultations with Client has been served upon AUSA Steven D. Mellin and

AUSA John C. Gurganus, via electronic filing, this 5th day of October, 2012.

                               RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                                    WATERS & WAFFENSCHMIDT

                             /s/ Ronald C. Travis, Esquire
                             Ronald C. Travis, Esquire
                             Attorney for Defendant
                             PA ID#: 08819
                             161 West Third Street
                             PO Box 215
                             Williamsport, PA  17703-0215
                             (570) 323-8711 (telephone)
                             (570) 323-4192 (facsimile)
                             rtravis@riederstravis.com