UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :   Criminal No. 4:CR-96-0239
                              :
            v.                :   (Judge Slomsky)
                              :
 DAVID PAUL HAMMER            :   **ELECTRONICALLY FILED**


**BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION THAT HIS HANDS TO BE UNRESTRAINED
DURING VIDEO CONSULTATION WITH COUNSEL**


**Facts.**

Presently before this Court is David Paul Hammer's request that this Court intervene and direct the Bureau of Prisons to allow his hands to be unrestrained during videoconference meetings with his counsel.

Given the defendant's background, the physical characteristics of the video-conferencing room at the prison, and the traditional deference provided to prison officials with respect to security issues, this Court should not intervene in prison officials' decision to maintain the defendant in hand restraints in a manner which will still allow him to write during defense team videoconference consultations.

**Argument.**

The defendant is presently housed in the Special Confinement Unit at Terre Haute.  He is one of more than 40 inmates in that unit.

Inmates such as Hammer are required to be in restraints at all times when they are out of their cell.  In addition, as a maximum custody inmate, staff must be with him at all times.

The area within the Special Confinement Unit at which the videoconference is to take place is a large open room that contains expensive video equipment and other items which are accessible to an inmate in that room.

As mentioned above, it is the general practice of Federal Death Row, the Special Confinement Unit, at Terre Haute, that inmates be in hand restraints when outside their cells.  The Bureau of Prisons' has legitimate concerns over the safety and security of personnel and property.  Deference to prison officials in this matter is appropriate.

Terre Haute officials advise that restraints at issue will be utilized such that the defendant will have the ability to write and will have sufficient mobility for that purpose.

Federal courts in Southern Indiana, which are familiar with Federal Death Row, as well as the Seventh Circuit which supervises that district court, have noted that the SCU and its

inhabitants present special and legitimate security concerns for which judicial deference is appropriate.  *Hammer v. Ashcroft,* 570 F.3d 798, 803 (distinct press access policy) (7th Cir. 2009); *Entertainment Network, Inc. v. Lapin*, 134 F. Supp. 2d 1002, 1018 (S.D. Ind. 2001).

In *Turner v. Safely*, 482 U.S. 78 (1987), the Supreme Court determined that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89.  *Turner* is instructive as to how this Court should review Terre Haute's request that defendant remain in handcuffs.  The analysis is as follows.

> *Turner* listed four factors which are relevant to a determination of the reasonableness of prison regulations and practices: 1) Whether there is a valid, rational connection between the prison regulation and the legitimate, neutral governmental interest; 2) If alternative means of exercising the constitutional right remain open to prison inmates; 3) The impact an accommodation of the asserted right would have on the guards and other inmates, and on the allocation of prison resources; and 4) The absence of ready alternatives.  482 U.S. at 89-91, 107 S. Ct. 2254.

*Entertainment Network, Inc. v. Lapin*, 134 F. Supp. 2d at 1017.

In this case, the use of hand restraints is required to maintain security and protect personnel and property.  It cannot

be challenged that prison security is a legitimate governmental objective.  *Thornburgh v.* Abbot, 490 U.S. 401, 415 (1989).  That objective is furthered by the use of restraints employed in a fashion that still allows Hammer the ability to write, and accommodates Hammer's right to effective assistance of counsel. Thus, given the fact that during the videoconferences with counsel, the prison officials will insure that the hand restraints be utilized to allow Hammer to write while still maintaining institution security, there is no impact on Hammer's constitutional right to effective counsel.

Moreover, Hammer has a history of violence within prison which prison officials should not ignore.  While Hammer has not been disruptive in the immediate past, anticipating the potential for violence and guarding against it is rational exercise of discretion. See *Friedman v. Arizona*, 912 F.2d 328, 332–33 (9th Cir.1990)(courts allow prison officials to anticipate security problems and to adopt innovative solutions to problems of prison administration).

As Justice Rhenquist observed,

> …maintaining institutional security and preserving
> internal order and discipline are essential goals that
> may require limitation or retraction of the retained
> constitutional rights of both convicted prisoners and
> pretrial detainees. '[C]entral to all other
> corrections goals is the institutional *547
> consideration of internal security within the

corrections facilities themselves.' *Pell v. Procunier, supra*, 417 U.S. at 823, 94 S. Ct. at 2804; see *Jones v. North Carolina Prisoners' Labor Union, supra*, 433 U.S. at 129, 97 S. Ct. at 2540; *Procunier v. Martinez*, 416 U.S. 396, 412, 94 S. Ct. 1800, 1810, 40 L. Ed. 2d 224 (1974). Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry.  Accordingly, we have held that even when an institutional restriction infringes a specific constitutional guarantee, such as the First Amendment, the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security. *Jones v. North Carolina Prisoners' Labor Union, supra*, 433 U.S. at 129, 97 S. Ct. at 2540; *Pell v. Procunier, supra*, 417 U.S. at 822, 826, 94 S. Ct. at 2804, 2806; *Procunier v. Martinez, supra*, 416 U.S. at 412-414, 94 S. Ct. at 1810-1812.

*Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979).

In accordance with this precedent, this Court is urged to defer to the view of prison authorities regarding the use of security measures.

## Conclusion.

For the above-stated reasons, the United States respectfully requests that this Honorable Court deny Hammer's request and that prison officials may maintain the defendant in hand restraints during videoconference consultations.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/ John C. Gurganus, Jr.
JOHN C. GURGANUS, JR.
Assistant United States Attorney

Dated:  October 22, 2012

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA     :    Criminal No. 4:CR-96-0239
                                :
        v.                     :    (Judge Slomsky)
                                :
  DAVID PAUL HAMMER        :    **ELECTRONICALLY FILED**


**CERTIFICATE OF SERVICE**

     I hereby certify that I caused a true and correct copy of the foregoing


**BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION THAT HIS HANDS TO BE UNRESTRAINED**
**DURING VIDEO CONSULTATION WITH COUNSEL**


to be electronically mailed on October 22, 2012, to:

ADDRESSEE:       Ronald C. Travis, Esquire
                    rtravis@riederstravis.com

                    Anne Saunders, Esquire
                    Anne_saunders@fd.org

                    James McHugh, Esquire
                    James_McHugh@fd.org


                                      /s/ John C. Gurganus, Jr.
                                      JOHN C. GURGANUS, JR.
                                      Assistant United States Attorney