**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 4:96-CR-00239 |
| | : | |
| v. | : | |
| | : | (Judge Slomsky) |
| DAVID PAUL HAMMER | : | |
| | : | |
| Defendant | : | **ELECTRONICALLY FILED** |

**REPLY TO GOVERNMENT'S BRIEF IN OPPOSITION THAT DAVID
HAMMER'S HANDS BE UNRESTRAINED DURING VIDEO
CONSULTATIONS WITH COUNSEL**

On October 22, 2012, the Government filed its Brief in Opposition to the defense Motion filed on October 5, 2012, requesting the Bureau of Prisons be directed to permit Mr. Hammer to participate in defense team videoconferencing interactions with his hands unrestrained. In reviewing the Brief in Opposition, the argument currently being asserted had a familiar ring to it. Counsel reviewed Document 1374 filed by the Government on June 27, 2011, its Brief in Support of the Motion for Reconsideration of Paragraph 2 of this Court's June 12, 2011, Order. A review of the current Brief in Opposition and the earlier filed Brief in Support shows that the Government is essentially reasserting the arguments offered back in June of 2011. These arguments were rejected by the Court in June of 2011 and likewise should be rejected in October of 2012.

In June of 2011 the thrust of the Government's argument was that the presence of a member of the defense team seated next to Mr. Hammer during the videoconferencing which was to occur on June 30, 2011, dramatically increased the safety and security concerns as Mr. Hammer would not be separated or isolated in any way from the defense team member. The Court directed that Mr. Hammer's right hand be unrestrained to enable him to take notes and otherwise write.

In the current Motion the defense team sought to have both of Mr. Hammer's hands unrestrained during the videoconferencing because no defense team member will be seated at his side during the videoconferencing contacts which the defense team anticipates having. As part of the litigation in June of 2011, neither in the Declaration of Associate Warden Church, Document 1373-1, nor in its Brief does the Bureau of Prisons, through the Government, assert that hand restraints are necessary as a result of concern about possible damage to valuable videoconferencing equipment. The Government has submitted no affidavits to support the suggestion that the videoconferencing equipment at Terre Haute would be at risk if Mr. Hammer is unrestrained.

In its current opposition, the Government asserts that the hand restraints on Mr. Hammer can be adjusted in such a way that even with hand restraints he would be able to write. This same assertion was made by the Government in seeking reconsideration on Pages 2 and 5 of Document 1374. It has been the experience of the

defense attorneys that on occasions when they have conferred with handcuffed restrained clients that the ability of the client to be able to write something as simple as his signature requires the client to stand up to do the writing. During the videoconference of September 24, 2012, Mr. Hammer clearly was unable to write or to display to the defense team various documents, which he had brought to the conference with him. If in fact there is a way to secure the handcuffs so that Mr. Hammer has enough hand mobility to be able to take notes during the conference, one has to wonder why this special manner of applying the hand restraints was not employed on September 24, 2012.

The Court is reminded that even though the Government was aware a member of the defense team would be seated next to Mr. Hammer during the lengthy Court proceeding on June 30, 2011, at that point in time the Government suggested to the defense a compromise of the right hand being free and, in its Brief in support of its reconsideration motion, acknowledged that while not the optimum, one hand restrained would be better than no restraints.

The Court has had the opportunity to observe Mr. Hammer's conduct during the lengthy proceeding on June 30, 2011, and undoubtedly recalls that Mr. Hammer engaged in no inappropriate conduct even though his right hand was free and a defense team member was seated beside him.

Although the defense team believes that the absence of a member of the defense team being in the same room as Mr. Hammer warrants both hands being unrestrained, at the very least the Court should allow the right hand of Mr. Hammer to be unrestrained as there is no reasonable basis to believe that Mr. Hammer will engage in any behavior which would result in damages to the videoconferencing equipment which will be in the room.

The request Mr. Hammer's hands not be restrained is consistent with what has taken place in *United States vs. LeCroy*, *United States vs. Fulks,* and *United States vs. Jackson* during videoconference court appearances, whether the death or inmate is alone in the room or a member of the defense team is also in the room.

CONCLUSION

The Court should find that it is appropriate that Mr. Hammer have at least his right hand free during the videoconferencing contact scheduled for October 25, 2012, and at all future scheduled videoconferencing contacts.

Respectfully submitted,

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

/s/ Anne Saunders, Esquire
Anne Saunders, Esquire
Assistant Federal Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Ste. 306
Harrisburg, PA  17101
(717) 782-3843 (telephone)
(717) 782-3966 (facsimile)
Anne_Saunders@fd.org

4

/s/ James McHugh, Esquire
James McHugh, Esquire
James Moreno, Esquire
Federal Community Defender
Eastern District of Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA  19106
(215) 928-1100 (telephone)
(215) 928-0826 (facsimile)
James_McHugh@fd.org
James_Moreno@fd.org

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA :
                                  :      NO. 4:96-CR-00239
                                    :
        v.                            :
                                    :      (Judge Slomsky)
DAVID PAUL HAMMER            :
                                    :
      Defendant             :      **ELECTRONICALLY FILED**

## <u>CERTIFICATE OF SERVICE</u>

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant Hammer, and certifies that a copy of the foregoing Reply to Government's Brief in Opposition that David Hammer's Hands be Unrestrained During Video Consultations with Counsel has been served upon and AUSA John C. Gurganus, via electronic filing, this 23 day of October, 2012.

                           RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                                WATERS & WAFFENSCHMIDT

                           /s/ Ronald C. Travis, Esquire
                           Ronald C. Travis, Esquire
                           Attorney for Defendant
                           PA ID#:  08819
                           161 West Third Street
                           PO Box 215
                           Williamsport, PA  17703-0215
                           (570) 323-8711 (telephone)
                           (570) 323-4192 (facsimile)
                           rtravis@riederstravis.com