## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| v. | : | Honorable Joel H. Slomsky |
| DAVID HAMMER, | : | Capital Case |
| Defendant | : | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE ADMISSION OF IRRELEVANT AND CONSTITUTIONALLY IMPROPER EVIDENCE IN SUPPORT OF THE PRIOR CRIMINAL CONVICTIONS INVOLVING USE OR THREAT OF VIOLENCE AGGRAVATOR (18 U.S.C. § 3592(C) (2))**

Defendant, David Hammer, through counsel submits his Brief in Support of Defendant's Motion in Limine to Preclude the Admission of Irrelevant and Constitutionally Improper Evidence In Support of the Prior Criminal Convictions Involving Use or Threat of Violence Aggravator (18 U.S.C. § 3592(c) (2)) and, in support thereof, states the following:

In its Notice of Intent to Seek the Death Penalty the government alleged its intent to pursue the Section 3592(c)(2) aggravating factor that Mr. Hammer was convicted of two or more state or federal offenses involving the use or threat of violence against another person. See Doc. 93. In its Informational Outline (hereinafter "IO") the government indicated its intent to "rely on evidence introduced

at the previous sentencing to establish" this aggravator.  Doc. 1489 at 2, n.1.  The government also noticed its intent to admit prior convictions in support of the future dangerous aggravating factor.

As described below, the admission of evidence under the guise of this aggravating factor that exceeds proof of the very fact of Mr. Hammer's conviction for crimes involving the use or threat of violence violates the Fifth, Sixth, and Eighth Amendments and the Federal Death Penalty Act (FDPA).  For each of these reasons, this Court should grant Mr. Hammer's motion and preclude the government from presenting constitutionally irrelevant, improper and duplicative evidence purporting to support this aggravating factor.

### A.    The Law.

In order to justify the admission of evidence in a capital sentencing hearing, the government must demonstrate a number of threshold requirements.  The proffered evidence must meet the heightened reliability standards required in capital cases.  See Ford v. Wainwright, 477 U.S. 399, 411 (1986); Woodson v. North Carolina, 428 U.S. 280, 305 (1976).  Because of the exceptional and irrevocable nature of the death penalty, "extraordinary measures" are required by the Fifth, Eighth and Fourteenth Amendments to ensure the reliability in capital proceedings.  Eddings v. Oklahoma, 455 U.S. 104, 118 (1982) (O'Connor, J., concurring).  See also Beck v. Alabama, 447 U.S. 625, 637-38 (1980); Lockett v. Ohio, 438 U.S. 586, 604 (1978); and Gardner v.

<u>Florida</u>, 430 U.S. 349, 357-58 (1977).  Accordingly, "some information that might be admitted in a normal sentencing hearing will be insufficiently reliable for the jury to use in considering whether a defendant should be put to death." <u>Gilbert</u>, 120 F. Supp. 2d at 151.  Similarly, the Eighth Amendment requires that aggravation must genuinely narrow the class of defendants eligible for death.  <u>Arave v. Creech</u>, 507 U.S. 463, 474 (1993); <u>Godfrey v. Georgia</u>, 446 U.S. 420, 428 (1980).

Even if the government's proffered evidence meets the heightened relevance and reliability requirements, it is still inadmissible where the probative value "is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."  18 U.S.C. § 3593(c).  "The balance of probative value and unfair prejudice must be weighed more carefully in a death penalty case than in normal cases." <u>Gilbert</u>, 120 F. Supp. 2d at 151.  In light of these constitutional principles the evidence submitted in support of the 3592(c)(2) aggravator should be "extremely limited because the fact of the conviction is all that is required to prove that statutory aggravator." <u>United States v. Mahew</u>, 380 F. Supp. 2d 936, 954 (S.D. Ohio 2005).

Moreover, clearly established Sixth Amendment law precludes the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination."  <u>Crawford v. Washington</u>, 541 U.S. 36, 53-54 (2004).

"Testimonial statements" are those which have a "primary purpose" of "establish[ing] or prov[ing] past events potentially relevant to later criminal prosecution." Davis v. Washington, 547 U.S. 813, 822 (2006).

As Ring v. Arizona, 536 U.S. 584 (2002);  Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Booker, 543 U.S. 220 (2005); and Blakely v. Washington, 542 U.S. 296 (2004), require "that the existence of all the aggravating factors [statutory and non-statutory] are constitutionally significant facts that should be found by a jury," the Confrontation Clause applies to both the eligibility and selection phases of the penalty hearing.  Concepcion Sablan, 555 F. Supp. 2d 1205, 1220 (D. Colo. 2007).  See also id. 555 F. Supp. 2d at 1228 (barring testimonial evidence on the basis that it violated the Confrontation Clause); United States v. Mills, 446 F. Supp. 2d 1115, 1136 (C.D. Cal. 2006) (barring admission of portions of presentence report that included descriptions of a robbery offense that relied on "investigative reports" of that robbery); id. at 1137 (precluding the admission of various Institution Discipline Committee reports deemed testimonial).

Moreover, duplicative aggravating factors have "a tendency to skew the weighing process and create[] the risk that the death sentence will be imposed arbitrarily and thus, unconstitutionally." United States v. McCullah, 76 F. 3d 1087, 1111 (10th Cir. 1996). See also United States v. Bin Laden, 126 F. Supp. 2d 290, 299 (S.D.N.Y. 2001) ("an aggravating factor that is necessarily and wholly subsumed by

a different aggravator . . . is invalid *per se*"); <u>United States v. Williams</u>, 2004 WL 2980027 at *16 (S.D.N.Y. 2004) ("an aggravating factor must not be duplicative of or 'necessarily subsumed' by another aggravating factor") (*citing* <u>Bin Laden</u>, 126 F. Supp. 2d at 298).

**B.      The Admission of Irrelevant, Cumulative, Speculative and Hearsay Evidence Purporting to Support this Statutory Aggravator is Precluded.**

During the initial sentencing, the government called Agent Malocu and had him read from various prison records and other documents to establish various events. <u>See</u> NT 7/7/98 at 10-14. The government's reliance on this hearsay evidence violates the Confrontation Clause, the Fifth, Sixth, Eighth and Fourteenth Amendments' heightened reliability requirements and the FDPA.

Likewise, although all that the government was required to prove was the "very fact of the conviction," during the prior sentencing hearing, the government presented a number of witnesses regarding the prior convictions, most of which involved hearsay, speculation and highly emotional testimony that held little to no probative value and risked undue prejudice.

For example, the goverment called Louis Keel, the prosecutor in the 1984 conviction involving the shooting of Thomas Upton. <u>See</u> NT 7/1/98 at 66. In addition to his identification of himself as the prosecutor in that case, the government elicted various irrlevant testimony from Mr. Keel about Mr. Hammer's pro se

representation; statements he did or did not make during his pro se representation; and, the contents of various correspondence. Id. at 66-102. The government also asked Mr. Keel to: read from commitment orders contained in the Oklahoma Department of Corrections records, (id. at 104-06); read the contents of a letter that he had purportedly received from a reporter, (id. at 106-07); testify about who advised Mr. Hammer during his pro se representation, (id. at 108-09); describe his (Mr. Keel's), contacts with Mr. Hammer during pretrial proceedings, (id. at 109-111). During its presentation of Mr. Upton, the government asked Mr. Upton about the presence or absence of psychological symptoms, (NT 6/15/96 at 7-9), and lengthy details of the shooting incident, (id. at 9-12), few of these details having any relevance to whether or not Mr. Hammer's conviction involved the use or threat of violence. The government also called a reporter, David Walter, who testified about (and presented) and article he had written about an interview he had conducted with Mr. Hammer, (NT 6/15/96 at 18-19); and the excerpted contents of a tape of the interview with Mr. Hammer, (id. at 20-24).

None of this evidence bore any relevance to whether or not Mr. Hammer had been convicted of a crime involving the threat or use of violence. All of it is designed to inflame the passions of the jury and lead the jury to find aggravation on the basis of improper and constitutionally invalid evidence. Accordingly, the admission of this evidence violated the Fifth, Sixth, and Eighth Amendments and the FDPA.

To the extent the government intends to admit evidence of these convictions in some other manner, Mr. Hammer requests that this Court direct the government to provide a more detailed proffer so that the Court can ensure that the evidence meets the threshold requirements for admission.  Mr. Hammer reserves the right to file supplemental objections once that proffer has been provided.

### C. The Admission of Duplicative Aggravation violates Mr. Hammer's Fifth, Sixth and Eighth Amendment Rights and the FDPA

The government also intends to rely on at least one of the convictions enumerated in support of the Section 3592(c) (2) aggravator as support for future dangerousness aggravation.  See Doc. 1489 at 4 (indicating the government's intent to admit evidence regaring the 1983 shooting incident).  Accordingly, presenting this aggravation evidence in support of the Section 3592(c)(2) aggravator is duplicative and constitutionally prohibited and permitting the jury to consider this invalid aggravation violates the heightened reliability requirements for capital cases. In light of the constitutional impact of presenting duplicative aggravation to the jurors, the probative value of admitting this evidence is substantially outweighed by the danger of creating unfair prejudice, confusing the issues, and, misleading the jury. For each of these reasons, the admission of this evidence violates the Fifth, Sixth, Eighth and Fourteenth Amendments and the FDPA.

WHEREFORE, Mr. Hammer requests that the Court enter an Order precluding the government from presenting this evidence or, in the alternative, direct the government to provide a more specific proffer of the expected evidence it intends to admit and, following subsequent briefing, order an evidentiary hearing.

Respectfully submitted,


/s/  RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

/s/ JAMES MORENO
James J. McHugh, Jr.
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org

# CERTIFICATE OF SERVICE

I, Anne L. Saunders, Esquire, do hereby certify that on this date I served a copy of the foregoing by Electronic Case Filing, or by placing a copy in the United States mail, first class addressed to the following:

Steven Mellin, Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

John C. Gurganus, Jr. Esquire
United States Attorneys Office
Middle District of Pennsylvania
235 N. Washington Street, Suite 311
PO Box 309
Scranton, PA. 18501


s/ ANNE SAUNDERS
ANNE SAUNDERS, ESQUIRE


Dated: April 3, 2013