**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| v. | : | Honorable Joel H. Slomsky |
| DAVID HAMMER, | : | Capital Case |
| Defendant | : | |

_____:_____

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE ADMISSION OF IRRELEVANT AND CONSTITUTIONALLY IMPROPER EVIDENCE UNDER THE GUISE OF VICTIM IMPACT EVIDENCE**

Defendant, David Hammer, through counsel moves in limine to preclude the admission of irrelevant and constitutionally improper evidence under the guise of victim impact evidence and, in support thereof states the following:

1.     Included in the government's 1997 Notice of Intent to Seek the Death Penalty the government alleges that it will prove victim impact as a non-statutory aggravating factor.

2.     On October 1, 2012, the government filed its Informational Outline (Doc. 1489) indicating what evidence it intended to present in support of the victim impact non-statutory aggravator.

3.     In addition to the evidence previously presented during the initial

sentencing hearing, the government noticed its intent to present testimony by Andrew

Marti's father, Robert Marti, and his sister, Pamela Marti.

4.      The government further indicated that each witness would "describe how

the family took repeated steps to help Andrew Marti given the physical and mental

problems he faced after surviving hundreds of epileptic seizures when he was a young

child."  Doc. 1489 at 4.

5.      For a number of reasons, the proffered evidence is inadmissible and

violates Mr. Hammer's Fifth and Eighth Amendment rights.  First, this evidence does

not constitute victim impact evidence under Payne v. Tennessee, 501 U.S. 808 (1991),

and its admission violates the Fifth and Eighth Amendments.  Moreover, the

admission of this patently inadmissible evidence regarding the victim's family violates

Mr. Hammer's Fifth and Eighth Amendment rights to an individualized sentencing

determination.  In addition, the government's admission of this evidence is nothing

more than an attempt to admit evidence regarding aggravation that the District Court

precluded the jury from considering during the initial sentencing hearing.  Likewise,

as the probative value of this patently irrelevant evidence is far outweighed by the

prejudicial impact of admitting evidence that serves no purpose other than to prey on

the sympathy of the jury for the victim, permitting the government to present this

testimony also violates 18 U.S.C. § 3593(c).

WHEREFORE, Defendant Hammer requests the Court enter an Order precluding the government from presenting this evidence.

Respectfully submitted,


/S/  RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/S/ JAMES MORENO
James J. McHugh, Jr.
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org


/S/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

## CERTIFICATE OF SERVICE

I, Anne L. Saunders, Esquire, do hereby certify that on this date I served a copy of the foregoing by Electronic Case Filing, or by placing a copy in the United States mail, first class addressed to the following:

Steven Mellin, Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

John C. Gurganus, Jr. Esquire
United States Attorneys Office
Middle District of Pennsylvania
235 N. Washington Street, Suite 311
PO Box 309
Scranton, PA. 18501

S/ ANNE SAUNDERS
ANNE SAUNDERS, ESQUIRE

DATE: April 3, 2013