# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | :   Criminal No. 4:CR–96-239 |
| | :   Judge Slomsky |
| v. | : |
| | :   Electronically Filed |
| DAVID HAMMER, | : |
| | : |
| Defendant. | : |
| | : |
_____ :

**DEFENDANT DAVID HAMMER'S  SECOND MOTION FOR DISCOVERY PURSUANT
TO FEDERAL RULES OF CRIMINAL PROCEDURE 12(B)(3)(E) AND 16**

Defendant, David Hammer, through undersigned counsel, hereby submits this Second Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 12(b)(3)(E) and 16, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. Unites States, 405 U.S. 150 (1972) and the Fifth, Sixth and Eighth Amendments to the United States Constitution and in support thereof, states the following:

1.      This matter is before this Court for capital re-sentencing following the partial grant of section 2255 relief.  United States v. Hammer, 404 F. Supp. 2d 676, 800 (M.D. Pa. 2005).

2.      On October 1, 2012, in accordance with an order of this Court, the government filed Informational Outlines Regarding Proof of Aggravating Factors and

Notice of Experts ("IO").  The IO was intended as "an outline of the types of evidence the United States will rely upon to prove the various statutory and non-statutory aggravating factors in this case."  IO at 1.

3.     The government will present evidence of a 1981 escape from a medium security facility in Oklahoma.  IO at 5.  The defense requests any and all documents that the government has concerning this incident.  This includes but is not limited to all: witness statements, prison disciplinary proceeding documents, legal pleadings, correspondence and all videos and photographs.  The defense also requests the names of all witnesses that will be called to testify about this incident.

4.     The government will present evidence of a 1982 attempted escape in Oklahoma.  IO at 5.  The defense requests any and all documents that the government has concerning this incident.  This includes but is not limited to all: witness statements, prison disciplinary proceeding documents, legal pleadings, correspondence and all videos and photographs. The defense also requests the names of all witnesses that will be called to testify about this incident.

5.     The government will present evidence of a 1983 escape in Oklahoma. IO at 5.  The defense requests any and all documents that the government has concerning this incident.  This includes but is not limited to all: witness statements, prison disciplinary proceeding documents, legal pleadings, correspondence and all

videos and photographs. The defense also requests the names of all witnesses that will be called to testify about this incident.

6. The government will present evidence of a 1986 hostage taking incident in Oklahoma. IO at 5. The defense requests any and all documents that the government has concerning this incident. This includes but is not limited to all: witness statements, prison disciplinary proceeding documents, legal pleadings, correspondence and all videos and photographs. The defense also requests the names of all witnesses that will be called to testify about this incident.

7. The government will present evidence of an incident in 1989 in Oklahoma concerning a bomb threat to the Oklahoma City Courthouse and the State Capital. IO at 5. The defense requests any and all documents that the government has concerning this incident. This includes but is not limited to all: witness statements, prison disciplinary proceeding documents, legal pleadings, correspondence and all videos and photographs. The defense also requests the names of all witnesses that will be called to testify about this incident.

8. The government will present evidence of an incident from 1993 where the defendant took a prison physician hostage. IO at 5. The defense requests any and all documents that the government has concerning this incident. This includes but is not limited to all: witness statements, prison disciplinary proceeding documents, legal

pleadings, correspondence and all videos and photographs. The defense also requests the names of all witnesses that will be called to testify about this incident.

9.    The government will present evidence concerning the decision to transfer the defendant from Oklahoma custody to federal custody. IO at 5. The defense requests any and all documents that the government has concerning this decision. This includes but is not limited to all correspondence and contracts and agreements between the state of Oklahoma and the government. The defense also requests the names of all witnesses that will be called to testify about this transfer.

10.    The government will present evidence of an incident that occurred on March 19, 1995 in USP-Lompoc where the defendant tied up an inmate. IO at 5. The defense requests any and all documents that the government has concerning this incident. This includes but is not limited to all: SIS reports, SIS findings and SIS witness statements as well as all other witness statements, prison disciplinary proceeding documents, legal pleadings, correspondence and all videos and photographs. The defense also requests the names of all witnesses that will be called to testify about this incident.

11.    The government intends to present evidence concerning several assaults on officers "and other inappropriate conduct" while housed on federal death row since his original conviction. IO at 5. The defense requests any and all documents

4

that the government has concerning these incidents. This includes but is not limited to all: all SIS reports, SIS findings and SIS witness statements as well as all other witness statements, prison disciplinary proceeding documents, legal pleadings, correspondence and all videos and photographs. The defense also requests the names of all witnesses that will be called to testify about these incidents.

12. The government intends to present testimony from BOP employees: Stan Sandusky, Bruce Ryherd, T. Ray Henry and Debbie Moore in support of a theory that defendant is a "master of manipulation and that he has a quick temper and can become very violent extremely quickly." IO at 6. The defense requests any and all documents that the government has concerning this theory. This includes but is not limited to all: all SIS reports, SIS findings and SIS witness statements as well as all other witness statements, prison disciplinary proceeding documents, legal pleadings, correspondence and all videos and photographs. The defense also requests copies of any and all documents included in the personnel files maintained by the BOP involving disciplinary actions, terminations or resignations and any other documents impacting the witnesses' bias, credibility and/or reliability as well as any and all criminal histories of these witnesses.

13. At the video deposition of witnesses in this matter the government introduced as exhibits various photocopies of correspondence between defendant and

the witnesses. The defense requests copies of all correspondence that the government or BOP presently has either from or to the defendant and any other civilian individual, including but not limited to: taped phone calls, letters, emails or other records of correspondence.

14.    If the government intends to use any recorded conversations of the defendant, the defense requests it be notified of the date and time of the conversation and a copy of said recording be provided. During the prior trial, the government called Lee Mann, an assistant warden for the Oklahoma Department of Corrections. Ms. Mann testified about a purported phone call she had received from Mr. Hammer while he was at USP-Allenwood in which Mr. Hammer purportedly made statements about the death of Mr. Marti. NT 7/15/98 at 18-19. The government has never disclosed a tape of that phone call, although the institution taped all outgoing inmate calls at that time. Mr. Hammer specifically requests disclosure of the tape of that call and also requests that the government disclose any and all other recorded telephone conversations.

WHEREFORE, defendant requests that the Court order the government to provide the above requested discovery forthwith.

Respectfully submitted,


/S/  RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/S/ JAMES MORENO
James J. McHugh, Jr.
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org


/S/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

## CERTIFICATE OF SERVICE

I, James J. McHugh, Jr., Esquire, do hereby certify that on this date I served a copy of the foregoing by Electronic Case Filing, or by placing a copy in the United States mail, first class addressed to the following:

Steven Mellin, Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

John C. Gurganus, Jr. Esquire
United States Attorneys Office
Middle District of Pennsylvania
235 N. Washington Street, Suite 311
PO Box 309
Scranton, PA. 18501


s/ JAMES J. MCHUGH, JR., ESQUIRE
JAMES J. MCHUGH, JR. ESQUIRE


Dated: April 17, 2013