# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

_____

UNITED STATES OF AMERICA,

                      v.

DAVID  HAMMER,

               Defendant.

_____

:
:
:
:
:
:
:
:
:
:
:
:

Criminal No. 4:CR–96-239
Judge Slomsky

Electronically Filed

### BRIEF IN SUPPORT OF DEFENDANT  DAVID  HAMMER'S SECOND MOTION FOR DISCOVERY PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 12(B)(3)(E) AND 16

Defendant, David  Hammer, through undersigned counsel, submits this Memorandum of Law in Support of Defendant's Second Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 12(b)(3)(E) and 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and the Fifth, Sixth and Eighth Amendments to the United States Constitution.  For all of the following reasons the defense requests that this Court enter an Order requiring the government to provide to the defense the items specified in this Second Motion.

This matter is before this Court for capital re-sentencing following the partial grant of section 2255 relief.  *United States v. Hammer*, 404 F. Supp. 2d 676, 800 (M.D. Pa. 2005).  Following the above decision, the Department of Justice conducted

a review to determine whether or not it would elect to continue to pursue capital prosecution or conversely would de-authorize the capital prosecution.  Defense counsel provided submissions to both the United States Attorney for the Middle District and the Department of Justice Capital Crimes Unit.  On January 7, 2011, the government announced it's decision to continue this matter as a capital prosecution when it filed a Motion for Penalty Phase Proceeding.  Doc. 1300.

On October 1, 2012, in accordance with an order of this Court, the government filed Informational Outlines Regarding Proof of Aggravating Factors and Notice of Experts ("IO").  The IO was intended as "an outline of the types of evidence the United States will rely upon to prove the various statutory and non-statutory aggravating factors in this case."  IO at 1.

The government will present evidence of: 1)  a 1981 escape from a medium security facility in Oklahoma,  IO at 5; 2) a 1982 attempted escape in Oklahoma,  Id. ; 3) a 1983 escape in Oklahoma,  Id. ; 4) a 1986 hostage taking incident in Oklahoma,  Id. ; 5) a 1989 bomb threat to the Oklahoma City Courthouse and the State Capital,  Id. ; 6)  an incident from 1993 where the defendant took a prison physician hostage,  Id. ; 7)  the decision to transfer the defendant from Oklahoma custody to federal custody,  Id. ; 8) an incident that occurred on March 19, 1995 in USP-Lompoc where the defendant tied up an inmate,  Id. ; 9) several assaults on officers "and other

inappropriate conduct" while housed on federal death row since his original conviction, Id. ; and, 10) the government intends to present testimony from BOP employees: Stan Sandusky, Bruce Ryherd, T. Ray Henry and Debbie Moore in support of a theory that defendant is a "master of manipulation and that he has a quick temper and can become very violent extremely quickly." Id. at 6.

All of the requests contained in the Second Motion for discovery are carefully drafted to specifically apply to the evidence the government identified in the Informational Outlines.

## I.    Legal Discussion

In *Brady*, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt *or to punishment for the offense*, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87 (emphasis added).  Indeed, *Brady* itself was a capital case that involved the suppression of favorable evidence related to the capital sentencing determination.  Id. at 84-01 (affirming state-court decision remanding for retrial as to penalty only).

It is well established that *Brady* material includes impeachment material. *Giglio v. United States*, 405 U.S. 150 (1972).  Questions regarding a prosecution witness's credibility should be resolved by the jury; the prosecution should not

withhold "evidence that would have allowed defense counsel the means to test [a prosecution witness]'s credibility in the crucible of cross-examination." *Nuckols v. Gibson*, 233 F.3d 1261, 1267 (10th Cir. 2000).

Importantly, the "individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 438 (1995). "In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts." *Dennis v. United States*, 384 U.S. 855, 873 (1966).

All of the items requested are relevant to the penalty phase portion of this trial. As the Supreme Court has repeatedly held, the Eighth Amendment "require[s] that the sentencer ... not be precluded from considering, as a *mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982) (quoting *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (plurality op.) (emphasis in the original *Lockett* plurality opinion).

The information requested will likely also be useful to provide necessary rebuttal evidence to the prosecution's claim in aggravation that Mr. Hammer should be sentenced to death. *See, Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (noting that

"The ABA Guidelines provide that investigations into mitigating evidence 'should comprise efforts to discovery *all reasonably available* mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor.")

To the extent that the government alleges that these materials consist of Jencks material the defense requests that this material be turned over forthwith so that the defense may adequately investigate and prepare for this re-sentencing. In United States v. Goldberg, 336 F. Supp. 1, 2 (E.D. Pa. 1971), Judge Fullam justified an order requiring the pretrial delivery of witness statements to the defendant by noting that such a procedure would prevent the wasting of time during trial while the documents are studied, and assure better pretrial preparation by counsel for the government. See also U.S. v. Golden, No. 85-233, 1985 WL 2625, at *1 (E.D. Pa. Sept. 6, 1985)(granting, in part, defendant's motion for early disclosure of Jencks Act material).

Similarly, the court in United States v. Narciso, ordered pretrial delivery of Jencks material, and cited criticism of the "sporting theory" of discovery that is embodied by the Jencks Act as "inappropriate in light of the high stakes involved in criminal litigation . . . ." United States v. Narciso, 446 F. Supp. 252, 264 (E.D. Mich. 1976). In the present case the stakes cannot be higher – literally life or death.

Furthermore, the defense anticipates that the trial of this matter will be complex and lengthy. Certainly, the fact that this is a capital case – requiring heightened reliability – weighs heavily in favor of early disclosure. Thus, Mr. Hammer requests early disclosure of all Jencks material pursuant to the reasoning of <u>Goldberg</u> and <u>Narciso</u>, as well as that of <u>United States v. Achtenberg</u>, 459 F.2d 91 (8th Cir. 1972).

Furthermore, <u>United States v. Goldberg</u>, 425 U.S. 94 (1976) and <u>United States v. Vella</u>, 562 F.2d 275 3rd Cir. 1977), stand for the proposition that the rough interview notes of FBI agents are discoverable Jencks material. The defense maintains that to the extent that such notes record a witness statement in a "substantially verbatim" fashion, 18 U.S.C. § 3500(a)(2), these notes are covered by the Jencks Act. Therefore, the instant Second Motion includes a request for all such material.

## II.    Rule 16 Request

In addition to *Brady* and its progeny, Mr. Hammer also makes the requests contained in this Motion pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure–in particular, Rule 16(a)(1)(E)(I), which requires the government, upon a defendant's request, to produce discovery of items that are "material to the preparation of the defense." The items of discovery requested herein are material to the preparation of Mr. Hammer's defense at the penalty phase of the trial.

## III.   Specific Discovery And *Brady* Requests

Although defense counsel has set forth in its Second Motion a number of specific discovery and *Brady* requests, we are mindful of the Supreme Court's admonition that "[a] rule . . . declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process." *Banks v. Dretke*, 540 U.S. 668, 696 (2004); *see also Douglas v. Workman*, 560 F.3d 1156, 1172 (10th Cir. 2009)  By making such specific requests, Mr. Hammer in no way seeks to lessen the affirmative obligation of the prosecution to provide discovery and *Brady* material as required by Rule 16(a) and the Due Process Clause of the Fifth Amendment, respectively.

Throughout this Motion, the term "documents" includes, without limitation, and whether in electronic or paper format, the following:  correspondence, email communications, memoranda, reports, handwritten notes, photographs, electronic computer entries, audio recordings, video recordings, audiovisual recordings, spreadsheets and other compilations of data, slideshows and/or PowerPoint presentations, as well as drafts and final versions of each of these items.

## IV.   Conclusion

For all of the reasons set forth above and for the reasons set forth in the Second Motion the defendant respectfully requests that the Court order the government to

provide the requested discovery forthwith.

Respectfully submitted,


/s/  RONALD C. TRAVIS

Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/ JAMES MORENO

James J. McHugh, Jr.
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org


/s/ ANNE SAUNDERS

Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

## CERTIFICATE OF SERVICE

I, James J. McHugh, Jr., Esquire, do hereby certify that on this date I served a copy of the foregoing by Electronic Case Filing, or by placing a copy in the United States mail, first class addressed to the following:

Steven Mellin, Esquire
United States Department of Justice
Criminal Division, Capital Case Unit
1331 F. Street, N.W.
Washington, D.C. 20530

John C. Gurganus, Jr. Esquire
United States Attorneys Office
Middle District of Pennsylvania
235 N. Washington Street, Suite 311
PO Box 309
Scranton, PA. 18501

s/ JAMES J. MCHUGH, JR., ESQUIRE
JAMES J. MCHUGH, JR. ESQUIRE

Dated: April   17, 2013