IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 4:96-CR-00239 |
| | : | |
| v. | : | |
| | : | (Judge Slomsky) |
| DAVID PAUL HAMMER | : | |
| | : | |
| Defendant | : | |

## MOTION TO MODIFY JURY SELECTION PROCESS

AND NOW, this 7th day of May, 2013, comes Defendant Hammer, by and through counsel, and files the within Motion seeking modification of the procedure to be employed with to respect jury selection by incorporating the use of a Jury Questionnaire addressing Hardship and Availability, and in support thereof asserts as follows:

1. In accordance with the Order of December 20, 2012, on March 3 and 4, 2014, 250 potential jurors will, on each day, be brought to the courthouse at 601 Market Street, Philadelphia, Pennsylvania, for purposes of completing jury questionnaires.

2.     The jury questionnaires to be completed on March 3 and 4, 2014, are lengthy questionnaires covering multiple subjects, including death penalty attitudes and beliefs.

3.     Attorney Travis recently participated in the jury questionnaire process in the United States District Court for the Middle District of Pennsylvania in the case of *United States vs. Ritz Williams,* No. 4:08-cr-00070.

4.     As part of the jury selection process utilized in *United States vs. Williams*, the parties agreed to submit to the potential jury pool a shorter jury questionnaire which addressed Hardship and Availability.

5.     The process employed in *United States vs. Williams* was that the pool members were provided with the Hardship and Availability Questionnaire for completion and return to the Court.    After the Hardship and Availability Questionnaires were returned to the Court, copies of same were made available to counsel for the respective parties electronically.

6.     After the Court made electronic copies of the Hardship and Availability Questionnaires available to the attorneys, the attorneys were given a time deadline for submitting to the Court a list of agreed to individuals who, for reasons of Hardship or lack of Availability, would clearly not be viable candidates to become seated jurors.

7.    In *United States vs. Williams*, the parties were able to agree on the identity of approximately 150 potential jurors who could be excluded from the potential pool without having to appear in Court.

8.    The use of the Hardship and Availability Questionnaire to eliminate individuals who clearly were not viable candidates to serve as jurors in the case would have resulted in the savings of thousands of dollars in expenses for juror fees, mileage, and parking, had the Williams case proceeded to actual jury selection.

9.    In addition to the out of pocket monetary savings, the elimination of these individuals would have also resulted in a lack of inconvenience to the individuals if they would have had to report, the savings of Court staff time, and would have allowed the jury selection process to function more smoothly.

10.    Counsel for Defendant Hammer has created a draft of a proposed Hardship and Availability Questionnaire and circulated same to Government counsel inviting input from Government counsel, both with respect to the concept and the content of the proposed questionnaire.

11.    The draft questionnaire which was circulated is essentially a copy of the Hardship and Availability Questionnaire used in *United States vs. Williams*, but added thereto are questions concerning exemptions which may be claimed

consistent with the Federal Jury Selection Plan with respect to age and other exemptions which may be claimed.

12. Attached hereto and made apart hereof and marked as Exhibit 1 is the draft circulated by the defense to Government counsel.

13. Since the draft was circulated, defense counsel has heard nothing from Government counsel either with respect to the concept or the content.

14. Defense counsel is unsure at what point in time the Court would intend to identify the 500 jurors to appear at the federal courthouse on March 3 and 4, 2014.

15. Assuming that the Court embraces the concept of using the Hardship and Availability Questionnaire in the form submitted or in some other form, the defense would suggest that the Hardship and Availability Questionnaire be mailed to the 500 potential jurors in early January 2014 for completion and return to the Court by January 17, 2014.

16. After the returned Hardship and Availability Questionnaires are made available to the attorneys, the defense would request that the Court require the parties to submit to the Court on or before February 7, 2014, an agreed upon list of names of the 500 identified individuals who would be excluded from reporting on either March 3 or 4, 2014.

17.    After receipt of the agreed to list, the Court staff can then notify the unexcused potential jurors of the date and time to report on either March 3 or 4, 2014.

18.    Although the Government has not responded by either concurring or declining to concur, the Defendant will initially refrain from drawing up a supporting brief in conjunction with the Motion as it is clear that the request to make use of a Hardship and Availability Questionnaire as part of the jury selection process in the instant case is a request addressed to the discretion of the Court.

WHEREFORE, Defendant Hammer requests the Court enter an Order incorporating the use of a Hardship and Availability Questionnaire as part of the jury selection process to be employed in the instant case.

Respectfully submitted,

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

/s/ Anne Saunders, Esquire
Anne Saunders, Esquire
Assistant Federal Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Ste. 306
Harrisburg, PA  17101
(717) 782-3843 (telephone)
(717) 782-3966 (facsimile)
Anne_Saunders@fd.org

/s/ James McHugh, Esquire
James McHugh, Esquire
James Moreno, Esquire
Federal Community Defender
Eastern District of Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA  19106
(215) 928-1100 (telephone)
(215) 928-0826 (facsimile)
James_McHugh@fd.org
James_Moreno@fd.org

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA      :

                                    :       NO. 4:96-CR-00239

                                      :

       v.                            :

                                      :       (Judge Slomsky)

DAVID PAUL HAMMER      :

                                      :

       Defendant           :       **ELECTRONICALLY FILED**

## CERTIFICATE OF NO RESPONSE

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant Hammer, and certifies that a copy of the proposed Hardship and Availability Questionnaire was provided to Government Counsel via e-mail on April, 29, 2013, and, as of the date of the filing of the instant Motion, the Government has not provided any response either with respect to the concept of a Hardship and Availability Questionnaire or the content of the draft as provided by the defense.

                                    RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                                         WATERS & WAFFENSCHMIDT

                                    /s/ Ronald C. Travis, Esquire
                                    Ronald C. Travis, Esquire
                                    Attorney for Defendant
                                    PA ID#: 08819
                                    161 West Third Street
                                    PO Box 215
                                    Williamsport, PA  17703-0215
                                    (570) 323-8711 (telephone)
                                    (570) 323-4192 (facsimile)
                                    rtravis@riederstravis.com

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　:

　　　　　　　　　　　　　　: 　NO. 4:96-CR-00239

　　　　　　　　　　　　　　:

　　　　v.　　　　　　　　　:

　　　　　　　　　　　　　　: 　(Judge Slomsky)

DAVID PAUL HAMMER　　　　　:

　　　　　　　　　　　　　　:

　　　　Defendant　　　　　 : 　**ELECTRONICALLY FILED**

### CERTIFICATE OF SERVICE

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant Hammer, and certifies that a copy of the foregoing Motion to Modify Jury Selection Process, has been served upon all Government Counsel of record by ECF, this 7th day of May, 2013.

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Attorney for Defendant
PA ID#: 08819
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 4:96-CR-00239 |
| | : | |
| v. | : | |
| | : | (Judge Slomsky) |
| DAVID PAUL HAMMER | : | |
| | : | |
| Defendant | : | **ELECTRONICALLY FILED** |

### ORDER

Before the Court is a request by the defense that the Court incorporate the use of a Hardship and Availability Questionnaire as part of the jury selection process. After consideration of the positions of the parties, the Court finds that the incorporation of the Hardship and Availability Questionnaire will likely result in financial savings and help streamline the jury selection process in the case and therefore the request will be granted.

NOW THEREFORE, it is hereby ORDERED:

1.    The Hardship and Availability Questionnaire, as approved by the Court, shall be used in the jury selection in the instant case.

2.    The approved questionnaire shall be mailed to the identified potential jurors on January 2, 2014.

3.    The questionnaires shall indicate to the individuals that it needs to be completed and mailed back to the Court for receipt by January 17, 2014.

4.    By January 21, 2014, the Court shall make available to counsel for the parties, in electronic format, the questionnaires which have been returned to the Court.

5.    The attorneys shall confer and, on or before February 7, 2014, shall provide to the Court a list of all individuals the parties agree need not report to the Court for the completion of the more extensive questionnaire on March 3 or 4, 2014.

6.    After receipt of the agreed to list of individuals who need not report, the Court staff shall advise the remaining individuals in the pool of potential jurors of the date and time to report to the federal courthouse for completion of the more extensive jury questionnaire.

BY THE COURT:

_____
SLOMSKY, J.

2