IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　　:

　　　　　　　　　　　　　　　　:　　NO. 4:96-CR-00239

　　　　　　　　　　　　　　　　:

　　　　　　v.　　　　　　　　　:

　　　　　　　　　　　　　　　　:　　(Judge Slomsky)

DAVID PAUL HAMMER　　　　　　　:

　　　　　　　　　　　　　　　　:

　　　　　Defendant　　　　　　 :

## BRIEF IN SUPPORT OF DEFENSE MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES

A.　　BACKGROUND

In January 2014, the Court will start the process of identifying jurors to be empaneled to determine whether the appropriate sentence to be imposed on Mr. Hammer is a sentence of life imprisonment without the possibility of release or a sentence of death. Defendant Hammer has filed a Motion requesting the Court increase the number of peremptory challenges available to him during the seating of the main jury panel from 20 to 33. This brief is being submitted in support of this Motion.

B.   <u>ARGUMENT</u>

Comparing Fed.R.Crim.P. 24(b)(1) and (2), identifies the fundamental unfairness of the peremptory challenge allocation in capital cases when compared to the peremptory challenge allocation in "other felony cases." In other felony cases, the Rule grants to the Defendant on trial 40% more peremptory challenges to be exercised during the seating of the main jury panel. This 40% advantage is extended to individuals who, at worst, are facing the possible deprivation of their liberties for a term of years. However, inexplicably, when an individual is on trial with his or her life at risk, the 40% advantage is eliminated and the Rule provides the parties are to have an equal number of available peremptory challenges.

The elimination of the allotted advantage for other felony cases when the case at trial is a capital case not only raises equal protection questions, but also flies in the face of empirical research and experience which supports the conclusion that in a capital case the defense and the Government do not begin on equal footing, but in fact the Government enters such a process with an advantage. See, Claudia L. Owen, et al., <u>The Effects of Death Qualification on Jurors' Disposition to Convict and on the Quality of Deliberations,</u> 8 Law and Hum. BEH. 53 (1984); Robert Fitzgerald and Phoebe Ellsworth, <u>Due Process Versus Crime Control: Death Qualification and Jury Attitude</u>, 8 Law and Hum BEH. 31 (1984); John H. Blume, Shirley Lynn Johnson & A. Brian Threkheld, <u>Probing "Death</u>

Qualification" Through Expanded Voir Dire, 29 Hauster L.R. 1209 (2001); *Lockhart vs. McCree*, 476 U.S. 161 (1986). As the studies demonstrate, as a result of "death qualification" of potential jurors, more jurors who are "conviction prone" become members of the panel to the advantage of the Government.

The Government also has the selection advantage of receiving more granted challenges for cause concerning individuals who oppose the imposition of a sentence of death than do Defendants in their efforts to challenge for cause individuals who are strong supporters of imposing death sentences. Actual experience via the jury selection process has shown individuals who are opposed to the imposition of a sentence of death are rarely rehabilitated as these individuals are unwilling to set aside their anti-death penalty beliefs and thus are not rehabilitated. On the other hand, individuals who are strong supporters of the death penalty frequently are found to be rehabilitated by expressing a willingness to set aside their long held and firm beliefs and "consider" the possible appropriateness of a life sentence when asked to do so by Government counsel or the Court.

Moreover, because of the exceptional and irrevocable nature of the death penalty, "extraordinary measures" are required by the Eighth and Fourteenth Amendments to ensure the reliability in capital proceedings. *Eddings v. Oklahoma*, 455 U.S. 104, 118 (1982) (O'Connor, J., concurring). See also *Beck v.*

*Alabama*, 447 U.S. 625, 637-38 (1980); *Lockett v. Ohio*, 438 U.S. 586, 604 (1978); and *Gardner v. Florida*, 430 U.S. 349, 357-58 (1977). As noted previously, additional preemptory challenges are provided in non-capital felony cases. Accordingly, it would hardly be "extraordinary" to permit additional challenges in this capital case, particularly in light of the data demonstrating the advantage the government already enjoys in capital jury selection.

Defendant Hammer does recognize that the challenge to the 20/20 allocation on equal protection grounds has been rejected in the Eighth Circuit in *United States vs. Johnson*, 495 F.3d 951, 965 (8th Cir. 2007). In *Johnson*, the request for additional peremptory challenges had been raised on the basis that additional challenges were required to "cure the effects of pretrial publicity." The District Court had rejected the request and, in finding that it was not error to refuse to provide to Johnson a greater number of peremptory challenges, the Circuit indicated that Johnson did not allege that any of the seated jurors had been prejudiced by pretrial publicity, nor did Johnson renew the previously denied Motion for change of venue as a result of answers given by potential jurors during voir dire. Under those circumstances, the Eighth Circuit found the denial of additional peremptory challenges not to be in error. The *Johnson* decision by the Eighth Circuit obviously is not binding on this Court. The question of allocating to the defense additional peremptory challenges, consistent with the 10-to-6 ratio in

4

non-capital felony cases has not yet been addressed and decided by the Third Circuit.

Even if the Court rejects the concept of an equal protection entitlement to the additional peremptory challenges being sought, the Court nonetheless has the discretion to grant additional peremptory challenges to Mr. Hammer.  In the Eastern District of Virginia, a jurisdiction with extensive federal death penalty experience, on request the Court granted to the Defendant 30 peremptory challenges in *United States vs. Moussaoui*, (E.D. VA CR No. 01-CR-455-ALL).

Although the Eighth Circuit in *Johnson* found no error in denying the Defendant additional peremptory challenges, six years earlier that Circuit had not criticized the trial court granting an individual Defendant additional peremptory challenges in *United States vs. Blom*, 242 F.3d 799, 804 (8th Cir. 2001).  There are numerous multi-defendant cases where the number of peremptory challenges awarded to the defense has been in excess of 20.  However, reference to the multi-defendant cases is inappropriate since Mr. Hammer is a single defendant.  However, the articles previously noted clearly support the position that in a capital prosecution the defense and Government do not start on equal footing.  The asserted philosophy for awarding peremptory challenges to parties is to assist each parties' interest in securing a fair and impartial jury and eliminate jurors who cannot impartially judge the appropriate sentence to be returned in a capital case.

The actual experience in the jury selection process in capital cases teaches that the defense is in need of peremptory challenges which exceed the number allotted to the Government in order to level the playing field. Thus, the relief, as requested on behalf of Mr. Hammer, should be granted.

Respectfully submitted,

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

/s/ Anne Saunders, Esquire
Anne Saunders, Esquire
Assistant Federal Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Ste. 306
Harrisburg, PA  17101
(717) 782-3843 (telephone)
(717) 782-3966 (facsimile)
Anne_Saunders@fd.org

/s/ James McHugh, Esquire
James McHugh, Esquire
James Moreno, Esquire
Federal Community Defender
Eastern District of Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA  19106
(215) 928-1100 (telephone)
(215) 928-0826 (facsimile)
James_McHugh@fd.org
James_Moreno@fd.org

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :        NO. 4:96-CR-00239
                                  :
              v.                  :
                                  :        (Judge Slomsky)
DAVID PAUL HAMMER                 :
                                  :
         Defendant                :        **ELECTRONICALLY FILED**

### CERTIFICATE OF SERVICE

AND NOW, comes Ronald C. Travis, Esquire, does certify that a copy of

the foregoing Brief in support of the Motion for Additional Preemptory Challenges

has been served upon all Government Counsel of record by ECF, this 22nd day of

August, 2013.


                          RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                              WATERS & WAFFENSCHMIDT


                          /s/ Ronald C. Travis, Esquire
                          Ronald C. Travis, Esquire
                          Attorney for Defendant
                          PA ID#: 08819
                          161 West Third Street
                          PO Box 215
                          Williamsport, PA  17703-0215
                          (570) 323-8711 (telephone)
                          (570) 323-4192 (facsimile)
                          rtravis@riederstravis.com

7