UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | |
| | : | NO.  4:CR-96-239 |
| DAVID PAUL HAMMER, | : | |
| | : | |
| Defendant | : | |

GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES

The Defendant, David Paul Hammer has filed a motion seeking additional peremptory challenges.  For the reasons that follow, the government opposes the motion.

Rule 24(b)(1) of the Federal Rules of Criminal Procedure, allows each side in a federal capital case 20 peremptory challenges.  Rule 24(b) also provides that "the court may allow additional peremptory challenges to multiple defendants…" (Emphasis added).  The Rule, then, is permissive – "the rule vests in the court discretion to allow additional peremptory challenges to multiple defendants."  Fed. R. Crim. P. 24 advisory committee's note.  The rule does not, however, provide grounds for a court to grant a single defendant additional peremptory challenges.

1

Defendant Hammer has moved the Court for an additional 13 peremptory challenges, stating two grounds for his request: 1) that the one to one ratio for peremptory challenges for the Defense and Government in capital trials as opposed to the three to five ratio in favor of defendants in non-capital felony trials is fundamentally unfair and violates the Equal Protection Clause of the United States Constitution; and 2) that the Court has the discretion to award additional peremptory challenges to single defendants.

Hammer's first basis for requesting the Court to increase the number of peremptory challenges currently allocated is based on an equal protection challenge.[1]   Hammer alleges that granting a defendant 40% more challenges than the Government in a felony case where only the defendant's liberty is at stake, but eliminating the 40% advantage when the defendant's life is at stake raises equal protection issues. However, as the Supreme Court explained, "We have long recognized

---

[1] Hammer notes that the "question of allocating to the defense additional peremptory challenges, consistent with the 10 to 6 ratio in non-capital felony cases has not yet been addressed and decided by the Third Circuit." This precise issue, however, was recently addressed in the Middle District of Pennsylvania by Chief Judge Kane who rejected the identical argument. *United States v. Williams*, No. 4:08-cr-0070, 2013 WL 15637078 (M.D. Pa., April 12, 2013) (unpublished).

that peremptory challenges are not of constitutional dimension. They are a means to achieve the end of an impartial jury." *Ross v. Oklahoma*, 487 U.S. 81, 88, 108 S.Ct. 2273 (1988) (citing *Gray v. Mississippi*, 481 U.S. 648, 663, 107 S.Ct. 2045, 2054 (1987); *Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 835 (1965); *Stilson v. United States*, 250 U.S. 583, 586, 40 S.Ct. 28, 29 (1919)).

The right to peremptory challenges is a statutory privilege, "provided to help secure the defendant's right to a fair trial." *Frazier v. United States*, 335 U.S. 497, 506 n. 11, 69 S.Ct. 201 (1948).  The purpose of peremptory challenges is to "permit litigants to assist the government in the selection of an impartial trier of fact." *United States v. Martinez-Salazar*, 528 U.S. 304, 316, 120 S.Ct. 774 (2000) (internal quotations removed).  As a statutory privilege, Congress determines when peremptory challenges may be used and the number of challenges permissible.  *Stilson v. United States*, 250 U.S. 583, 586, 40 S.Ct. 28 (1919).

The different ratio of peremptory challenges granted to capital defendants and the government as compared to non-capital defendants

and the government should be analyzed under rational basis review. Capital defendants are not a suspect class, *see Green v. Johnson*, 160 F.3d 1029, 1044 (5th Cir. 1998); *Dickerson v. Latessa*, 872 F.2d 1116, 1119 (1st Cir. 1989), nor are peremptory challenges a fundamental right guaranteed by the Constitution. *Martinez-Salazar*, 528 U.S. at 312.

Consistent with other federal courts, this Court should also find that there is a rational basis for granting the government and the defendant the same number of challenges, while non-capital defendants have more challenges than the government. *United States v. Johnson*, 495 F.3d at 963; *United States v. Tuck Chong*, 123 F. Supp.2d 559, 563 (D. Haw. 1999). In a capital trial, it is necessary to find a jury that is impartial to the defendant and able to impartially weigh the evidence in determining whether a sentence of death is appropriate. *Tuck Chong*, 123 F. Supp.2d at 563. Thus, both the defense and government have interests in choosing the jury. Furthermore, there is a legitimate government purpose in distinguishing between capital and non-capital defendants because in a capital trial the jury must be able to impartially weigh the evidence in determining whether a death

sentence is appropriate, but in a non-capital case, death sentencing is not an issue. *Id.*

The Eighth Circuit acknowledged that "in a capital case, the venire panel's views on the death penalty become the primary pivot around which jury selection turns. The government and the defense arguably have an equal interest in exploring the juror's attitudes." *Johnson*, 495 F.3d at 963. Therefore, the equal number of challenges granted to the defense and government does not violate the Equal Protection Clause.

Furthermore, Rule 24(b) "does not classify the defendant based on whether they are charged with a capital crime," rather it classifies the offense based on the penalty. *Tuck Chong*, 123 F. Supp.2d at 562. All defendants charged with an offense punishable by death receive the same number of peremptory challenges, thus, equal protection analysis is not applicable.

Hammer also alleges that because of the serious nature of the punishment, eliminating the difference in permissible number of peremptory challenges is inexplicable. However, this argument runs counter to the language of the Rule. While it is certainly true that the

allegations here are serious and the potential penalty severe, Congress quite clearly anticipated that argument in Rule 24(b)(1), by expressly granting capital defendants twice the number of challenges given to non-capital defendants.  Thus, Defendant Hammer's concerns about the serious allegations and severe penalty have already been accounted for in the Rule and in the fact that this Court will provide each side the required 20 peremptory challenges.

Finally, Hammer cites a case in which he claims that the court exercised its discretionary power to grant the defense additional peremptory challenges.  *United States v. Moussaoui*, 2002 U.S. Dist. LEXIS 16516, No. 1:01-cr-455 (E.D. Va. 2002).  The defendant in *Moussaoui* was charged with conspiracy to: commit acts of terrorism transcending national boundaries, commit acts of aircraft piracy, destroy aircraft, use weapons of mass destruction, murder United States employees, and destroy property in connection with the September 11, 2001 attacks that destroyed the World Trade Center Towers in New York and crashed into the Pentagon, killing over 3,000 men, women, and children.  In *Moussaoui*, the court granted the defense and the government 25 peremptory challenges each.  *United*

*States v. Moussoui*, 2002 U.S. Dist. LEXIS 16516, *3 n.3 (E.D. Va. Aug. 16, 2002). Moussaoui was charged with one of the most heinous crimes in the history of the United States and accounts of the terrorist attacks were broadly publicized; thus, the *Moussaoui* case is distinguishable. Moreover, since both sides were given the same number of strikes, the case does not support Hammer's underlying reasoning for additional challenges being sought—that is, restoring the advantage to the defendant on number of peremptory strikes to "even the playing field."

Hammer also cites the case of *United States v. Blom*, No. 0:99-cr 195, in support of his position. There, however, the court granted each side additional peremptory strikes. The Eighth Circuit acknowledged that the district court took many measures to ensure that the trial was not biased by the pretrial publicity, including "increasing the number of peremptory strikes *for each side*." *United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001) (emphasis added). Thus, the increase in peremptory strikes was to assemble an unbiased jury, free from prejudice based on pretrial publicity. Additionally, each side was granted additional

peremptory strikes; the defense did not have more peremptory challenges than the government.

Unlike *Moussaoui* or *Blom*, Defendant Hammer does not assert that jurors will be prejudiced by pretrial publicity.  Furthermore, in both *Moussaoui* and *Blom*, both the government and the defense received additional peremptory challenges.  In neither case did the court grant the defense more peremptory challenges than the government.

In other cases where the defense was granted additional peremptory strikes there were multiple defendants. *See e.g., United States v. Snarr*, 704 F.3d 368, 387 (5th Cir. 2013) (granting two defendants charged with capital murder ten additional peremptory challenges to split amongst themselves); *United States v. Sears*, 139 Fed App'x. 162, 166 (11th Cir. 2005) (upholding a district court decision to grant the government and two co-defendants one additional peremptory challenge each in a non-capital felony trial); *Amsler v. United States*, 381 F.2d 37, 44 (9th Cir. 1967) (providing each defendant an extra peremptory challenge where there were two defendants in a non-capital felony trial); *United States v. Coleman*, 340 F. Supp. 451, 452 (D.C. Pa.

1972) (granting each defendant six peremptory challenges for a total of twelve peremptory challenges for the defense in a non-capital felony trial). Of course, Rule 24(b) authorizes the court to allow such additional peremptory challenges to multiple defendants.

In this case, however, there is only one defendant on trial and there is no contention that pretrial publicity would warrant additional challenges.

WHEREFORE, the United States respectfully requests this Court to deny Defendant Hammer's motion for additional peremptory challenges.

Respectfully submitted

PETER J. SMITH
UNITED STATES ATTORNEY


/s/ John C. Gurganus, Jr.

JOHN C. GURGANUS, JR.
Assistant United States Attorney

STEVEN D. MELLIN
Trial Attorney For the
Capital Case Unit
1331 F Street, N.W.
Washington, D.C. 20530

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of September 2013, he served a true and correct copy of the foregoing

## GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES

via electronic filing:

ADDRESSEES:

Ronald C. Travis, Esquire
rtravis@riederstravis.com

James J. McHugh, Jr., Esquire
James_McHugh@fd.org

James Moreno, Esquire
James_Moreno@fd.org

Anne Saunders, Esquire
Anne_Saunders@fd.org


/s/ John C. Gurganus, Jr.

JOHN C. GURGANUS, JR.
Assistant United States Attorney