**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:96-CR-0239 |
| | ) | (Judge Slomsky) |
| **DAVID PAUL HAMMER.** | ) | |
| Defendant | ) | |

**GOVERNMENT'S REQUESTED PRELIMINARY INSTRUCTIONS
TO BE GIVEN TO JURORS ASSEMBLED TO FILL OUT QUESTIONNAIRE**

Ladies and Gentlemen, I am Judge Joel H. Slomsky.  We are all assembled here today to begin the process of jury selection in the case of *United States v. David Hammer*.  And I would like to thank you for being here today in response to your subpoena and being willing to do your civic duty by potentially serving as a juror in this case.

The juror questionnaire will be used as part of the process of selecting a jury in this case. The government charged Mr. Hammer with the capital offense of first degree murder and gave notice that it intended to request that the jury impose a sentence of death.  In a capital case, in which the jury is asked to decide between imposing a sentence of life without the possibility of release or a sentence of death, the case normally involves two phases:  first, a trial to determine if the accused is guilty of first degree murder and if found guilty, a second sentencing phase before the same jury to determine the appropriate sentence:  either life imprisonment without the possibility of release or death.

In 1996, Mr. Hammer was a prisoner incarcerated at the United States Penitentiary at Allenwood when he committed first degree, premeditated murder.  The question of his guilt is not in dispute as he has admitted that he killed the victim in this case, Andrew Marti, with premeditation and malice and without any legal excuse or justification.  He was not insane or acting under the heat of passion nor was the murder an accident.  Therefore, the jury impaneled in this case will be asked only to determine Mr. Hammer's sentence:  either life imprisonment without the possibility of release or death.   You should also be aware that in the federal system there is no parole; if the defendant is sentenced to life imprisonment he will spend the remainder of his life in prison and never be released.

The decision whether to impose a sentence of life imprisonment without the possibility of release or death is one the law leaves entirely up to the jurors.  Each juror must ultimately make a unique individual judgment about whether to sentence a defendant to life imprisonment without the possibility of release or death.  The jury's decision is binding on the Court and I cannot change your decision.

Now, this sentencing proceeding may look very similar to what we think of as a regular criminal trial because there is argument, evidence and instruction of law.  However, there are a number of very important differences that I wish to explain to you.  The jury first determines whether the government has proved beyond a reasonable doubt that Mr. Hammer acted with the requisite mental intent in committing the murder at issue.  The fact that Mr. Hammer previously pleaded guilty to first degree, premeditated murder is something that you may consider when deciding whether the government has met its burden.  If the government does not meet its

burden, your deliberations are over and the Court will impose a sentence of life without the possibility of release.

If the government proves the mental intent factor, however, then the jury may consider certain evidence referred to in the law as "aggravating factors" and "mitigating circumstances." Aggravating factors are factors that could support a sentence of death.  In order for an aggravating factor to be considered, all twelve jurors must agree that the factor has been proved by the government beyond a reasonable doubt.  Jurors may not consider anything else as an aggravating factor.

Mitigating circumstances are circumstances about the crime and the defendant's background, character, or record that would suggest, for any individual juror, that life imprisonment without the possibility of release is the appropriate punishment.  Unlike aggravating factors, the law does not require mitigating circumstances to be proved beyond a reasonable doubt or to be found unanimously by all twelve jurors.  Any single juror may find and consider any mitigating factor proved by a preponderance of the evidence.  This is a lower standard of proof than that required for aggravating factors.

After considering the aggravating factors and the mitigating circumstances, the jury then determines whether the aggravating factors sufficiently outweigh the mitigating circumstances to justify the sentence of death.  If, and only if, all twelve jurors unanimously find that death is the appropriate sentence, will a death sentence be imposed.  This is only an overview.  You will be instructed in greater detail about your duties as jurors if selected.

The questionnaire is an important part of the process in selecting the jury that will eventually decide these issues. Each person holds a wide variety of views and has a unique life experience that informs his or her individual opinions. We are genuinely interested in learning your views and feelings which is why we request that you provide complete and truthful answers to the questions which follow. It is important that the answers you provide on the questionnaire are yours and yours alone. There are no right or wrong answers to these questions.

Please take your time and answer each question fully. We ask that you write in dark ink as legibly as possible. We also ask that you write your juror number on the bottom of each page where indicated. If you need extra space, you may continue your answer at the end of the questionnaire. Please do not write on the back of any page. If you do not understand a question, please note that on the question and leave it blank. You will be given an opportunity at a later time to answer the question. If there is a question or topic that you prefer to discuss privately, please indicate "private" next to the question. In addition, to protect your rights of privacy and assist you in discharging your responsibility as jurors fairly and impartially, you are part of an anonymous group of jurors. This means that although your identity is known to limited members of the staff of the Clerk of the Court, your name and address have not been and will not be disclosed to the judge, to the attorneys for either party, or the defendant. For this reason, please do not write your name anywhere on this questionnaire except on the last page, the signature page, which will be separated from the questionnaire and retained by the Court. You will be identified by your juror number. Once a jury is selected, all copies of your response to this questionnaire and your signature page will be returned to the staff of the Clerk of the Court and kept in confidence, under seal, and not accessible to the public or the news media.

4

It is important to ensure that the jury will in no way be influenced by the public, by the members of the media and their articles and reports.  From this point forward, you are directed not to read or listen to any news about the case including all media sources such as television, radio, newspaper, on-line sites, blogs, social media, Google searches, etc.  You are not to discuss this case with anyone, including your family.  You are also directed not to research this case or the people involved – including any of the facts presented in this questionnaire, the victim, the defendant, the lawyers or the judge through any resource including the internet, media publications or other sources.

[The Court may seek to add scheduling information here and introduction of the parties]

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/ John C. Gurganus, Jr.

JOHN C. GURGANUS Jr.
Assistant United States Attorney

AMANDA HAINES
Trial Attorney
U.S. Department of Justice

Dated: January 9, 2014

5

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 4:96-CR-0239 |
| | : |
| v. | : (Judge Slomsky) |
| | : |
| DAVID PAUL HAMMER | : **ELECTRONICALLY FILED** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing

## <u>GOVERNMENT'S REQUESTED PRELIMINARY INSTRUCTIONS<br>TO BE GIVEN TO JURORS ASSEMBLED TO FILL OUT QUESTIONNAIRE</u>

to be electronic filing on January 9, 2014, to:

ADDRESSEES:

Ronald C. Travis, Esquire

rtravis@riederstravis.com

James J. McHugh, Jr., Esquire

James_McHugh@fd.org

James Moreno, Esquire

James_Moreno@fd.org

Anne Saunders, Esquire

Anne_Saunders@fd.org

/s/ John C. Gurganus, Jr.

JOHN C. GURGANUS, JR.
Assistant U.S. Attorney

6