# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
|  | : |  |
| v. | : | Honorable Joel H. Slomsky |
|  | : |  |
| DAVID PAUL HAMMER, | : | Capital Case |
|  | : |  |
| Defendant | : |  |

**BRIEF IN SUPPORT OF MOTION TO COMPEL DISCLOSURE OF BUREAU OF PRISON SPECIAL INVESTIGATIVE SERVICES RECORDS REGARDING MR. HAMMER**

The Defendant, David Paul Hammer, through counsel, submits his *Brief in Support of Motion To Compel Disclosure Of Bureau of Prison Special Investigative Services Records*, and states the following:

## A.      Background

Mr. Hammer's capital sentencing hearing is scheduled to commence on May 19, 2014. Jury selection is slated to begin on April 7, 2014.

In its Informational Outline, the government proffers expected non-statutory aggravation evidence arising from Mr. Hammer's conduct in prison. Counsel have been seeking the BOP SIS files for Mr. Hammer for an extensive period of time in order to adequately prepare Mr. Hammer's defense. On November 4, 2011, Mr.

Hammer requested these records in his first discovery motion. See Doc. 1407 at 7-8; see also Doc. 1530 at 4-5 (requesting SIS records regarding specific incidents noted in the government's Informational Outline). On August 30, 2013, Mr. Hammer filed a *Motion For Investigative Reports* (Doc. 1564). In it, undersigned counsel noted that almost a full year earlier, AUSA Mellin, in an email to Mr. Travis, stated that no new SIS files had been generated since 2009 and if requested, the Government would provide copies of all SIS files pertaining to Mr. Hammer. See Doc. 1564 at 3.

Indeed, as recently as December 17, 2013, undersigned counsel, Mr. Moreno, and AUSA Gurganus, participated in a phone conference with an attorney for the BOP in an attempt to secure the SIS files and other records. Prior to this phone call, Mr. Moreno, via email, provided to the government a list of every federal institution where Mr. Hammer has been housed and requested the SIS file from each institution.

Despite these numerous attempts over the course of years, the BOP has failed to disclose these records. Nevertheless, the government intends to use evidence contained in these records to support its aggravation theory and/or dispute mitigation evidence. The government's failure to disclose these records violates Mr. Hammer's Fifth, Sixth, and Eighth Amendment rights.

**B.    Argument**

Throughout its Informational Outline, the government notes its intention to rely on incidents and/or occurrences while Mr. Hammer was housed in BOP custody as

support for aggravation and based on the government's cross-examination of witnesses during depositions, it is clear that the government is also likely to rely on such incidents in support of its rebuttal to mitigation evidence. While the government makes general statements about Mr. Hammer's conduct in the informational outline and references one or two specific incidents, it has failed to articulate with any specificity what evidence it intends to present, nor has the government provided Mr. Hammer with the BOP investigatory records regarding these incidents and/or occurrences.

Under these circumstances, Mr. Hammer can not adequately prepare his defense without access to the SIS records. Mr. Hammer has made all appropriate requests over the past years. The time left for Mr. Hammer to conduct any reasonable investigation regarding these incidents is now significantly reduced. Any further delay will result in the denial of Mr. Hammer's Fifth, Sixth, Eighth and Fourteenth Amendment rights, including his right to prepare a defense; his right to confrontation and cross-examination; his right to effective assistance of counsel; his right to the heightened procedural safeguards required in capital cases; and, his right to develop and present relevant mitigation evidence. Where, as here, jury selection is set to begin in two months, an order directing that the government disclose all SIS records within ten days or be precluded from presenting any evidence arising from those records is appropriate and constitutionally required.

WHEREFORE, for the foregoing reasons, Mr. Hammer, through counsel, respectfully requests that this Court grant his *Motion To Compel Disclosure Of Bureau of Prison Special Investigative Services Reports.*

Respectfully submitted,

/S/ RONALD C. TRAVIS
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA 17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

/s/James Moreno
James Moreno
James J. McHugh, Jr.
Federal Community Defender
Eastern District Pennsylvania
Suite 540 -The Curtis Center
Philadelphia, Pa. 19106
215-928-0520 (telephone)
215-928-0826 (facsimile)
james_Moreno@fd.org
james_Mchugh@fd.org

Date: January 30, 2014

# CERTIFICATE OF SERVICE

I, James Moreno, Esquire, do hereby certify that on this date I served a copy of the foregoing by Electronic Case Filing, or by placing a copy in the United States mail, first class addressed to the following:

> John C. Gurganus, Jr. Esquire
> Amanda Haines, Esquire
> United States Attorneys Office
> Middle District of Pennsylvania
> 235 N. Washington Street, Suite 311
> PO Box 309
> Scranton, PA. 18501
>
>
> /S/James Moreno, Esquire
> James Moreno, Esquire

Dated: January 30, 2014