# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| v. | : | Honorable Joel H. Slomsky |
| DAVID HAMMER, | : | Capital Case |
| Defendant | : |  |

_____

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE ADMISSION OF ANY EVIDENCE REGARDING DEFENDANT'S CONSTITUTIONALLY INVALID DEATH SENTENCE AND/OR HIS INCARCERATION ON DEATH ROW

Defendant, David Hammer, through undersigned counsel, submits his *Motion in Limine to Preclude the Admission of Any Evidence Regarding Defendant's Constitutionally Invalid Death Sentence and/or His Incarceration on Death Row*, and in support thereof, states the following:

1.      On September 18, 1996, a Grand Jury sitting in Williamsport, Pennsylvania, returned an Indictment charging David Hammer with first degree murder arising from the April 13, 1996, death of Mr. Hammer's cellmate, Andrew Marti.  Doc. 1.  On April 9, 1997, the government filed a notice of its intent to seek the death penalty.  Doc. 93.  The trial began on May 5, 1998.  On June 22, 1998, after the defense had rested and while the government was presenting its rebuttal case, Mr.

Hammer entered a plea of guilty to the murder charge.

2.    The penalty phase began on June 30, 1998.  In support of death, the government sought to prove two statutory aggravating factors:  that the defendant committed the murder after substantial planning and premeditation, 18 U.S.C. §3592(c)(9), and that the defendant had previously been convicted of a state or federal offense punishable by a term over one year that involved the use, or attempted or threatened  use, of a firearm, 18 U.S.C. §3592(c)(2).  On July 24, 1998 the jury returned a verdict of death.

3.    In September 2002, Mr. Hammer filed a petition for writ of habeas corpus collaterally attacking his conviction and sentence pursuant to 28 U.S.C. §2255.  The Court conducted an evidentiary hearing on his petition from July 14, 2005 through September 29, 2005.  On the twenty-ninth day of the hearing, September 22, 2005, the government provided the defense with thirty-three previously undisclosed FBI 302 statements that summarized interviews with various prison inmates.

4.    On December 27, 2005, the Court issued its decision vacating the 1998 sentence of death.  The Court found, in part, that, as a result of the government's misconduct for failing to disclose material exculpatory evidence, the prior sentencing

proceeding was constitutionally defective.[1]  Specifically, the Court held that the government's failure to disclose four 302 witness statements that were "relevant and material" to the jury's penalty determination violated Brady v. Maryland, 373 U.S. 83 (1963).  United States v. Hammer, 404 F. Supp. 2d 676, 801 (M.D. Pa. 2006) (Muir, J.)  The Court then concluded as a matter of law that the failure of the government to disclose the 302 statements rendered "the penalty phase of the trial *defective*."  Id. (emphasis added).

5.    For a number of reasons, informing the resentencing jury about the constitutionally invalid death verdict and that Mr. Hammer has been housed on federal death row – both of which were a direct by-product of the government's intentional misconduct – violates the Fifth, Sixth, and Eighth Amendments and the Federal Death Penalty Act ("FDPA").  It violates Mr. Hammer's Fifth, Sixth and Eighth Amendment rights to a fair and impartial jury.  It violates Mr. Hammer's Fifth, Sixth and Eighth Amendment rights to a jury determination based solely on the relevant evidence and law.  It violates Mr. Hammer's statutory and constitutional right to a presumption of life.  It violates Mr. Hammer's rights to heightened procedural safeguards in this capital case by diminishing the jury's sense of

---

[1]The Court also found that the jury's failure to find mitigating factors that had been conceded or undisputed by the government constituted constitutional error requiring reversal.  Hammer, 404 F. Supp. 2d at 801.

responsibility for determining the appropriate sentence, in violation of the Fifth and Eight Amendments. It will impair the jury's ability to give full and meaningful consideration to Mr. Hammer's mitigation evidence in violation of the Fifth, Sixth, and Eighth Amendments. It violates the Fifth and Eighth Amendment prohibition against an arbitrary and capricious sentencing determination.

6.      Informing the resentencing jury about the constitutionally invalid death verdict and that Mr. Hammer has been housed on federal death row also violates the Federal Death Penalty Act's requirements that evidence be particularly relevant to the jury's sentencing determination and, even if there were some probative value – and there is not; that is far outweighed by the prejudicial impact of exposing the jury to a prior constitutionally invalid sentencing verdict. As the prior, constitutionally invalid verdict was the result of the government's misconduct in failing to disclose material exculpatory evidence, even if the admission of this evidence were not constitutionally and statutorily precluded – and it is – allowing the government to benefit from its own malfeasance violates principles of collateral and judicial estoppel.

WHEREFORE, for each of these reasons, and those set forth in Mr. Hammer's *Brief in Support of his Motion in Limine to Preclude the Admission of Any Evidence Regarding Defendant's Constitutionally Invalid Death Sentence and His Incarceration on Death Row,* this Court should grant Mr. Hammer's motion.

Respectfully submitted,


/s/  RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/s/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

/s/ JAMES MCHUGH
James J. McHugh, Jr.
/s/ JAMES MORENO
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org


Dated: January 30, 2014

# CERTIFICATE OF SERVICE

I, Anne Saunders, Esquire, do hereby certify that on this date I served a copy of the foregoing by Electronic Case Filing, or by placing a copy in the United States mail, first class addressed to the following:

> John C. Gurganus, Jr. Esquire
> Amanda Haines, Esquire
> United States Attorneys Office
> Middle District of Pennsylvania
> 235 N. Washington Street, Suite 311
> PO Box 309
> Scranton, PA. 18501
>
>
> /S/ANNE SAUNDERS, ESQUIRE
> James Moreno, Esquire

Dated: January 30, 2014