## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
|  | : |  |
| v. | : | Honorable Joel H. Slomsky |
|  | : |  |
| DAVID HAMMER, | : | Capital Case |
|  | : |  |
| Defendant | : |  |
| _____ | : | _____ |

**BRIEF IN SUPPORT OF MOTION TO COMPEL THE GOVERNMENT TO PROVIDE THE DISCOVERY REQUESTED IN MR. HAMMER'S SECOND MOTION FOR DISCOVERY (DOC. 1530) WITHIN FIFTEEN DAYS AND DIRECT THAT, SHOULD THE GOVERNMENT FAIL TO COMPLY, IT IS PRECLUDED FROM PRESENTING AGGRAVATION EVIDENCE ARISING FROM THE MATERIALS THE GOVERNMENT HAS FAILED TO DISCLOSE**

The Defendant, David Hammer, through counsel, submits this *Motion to Compel the Government to Provide the Discovery Requested in Mr. Hammer's Second Motion for Discovery (Doc. 1530) within Fifteen Days and Direct that Should the Government Fail to Comply, It is Precluded From Presenting Aggravation Evidence Arising from the Materials the Government Has Failed to Disclose*, and states the following:

### A.      Background.

Mr. Hammer's capital sentencing hearing is scheduled to commence on May 19, 2014.  Jury selection is scheduled to begin on April 7, 2014. In its Informational

Outline, the government set forth numerous incidents that it intends to present at this re-sentencing in its attempt to prove statutory as well as non-statutory factors.  A number of these incidents did not result in a criminal conviction.

Defense counsel have been seeking discovery concerning these matters set forth in the Informational Outline for almost a year.  Specifically, on April 17, 2013, the defense filed a Second Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 12(B)(3)(E) and 16.  (Doc. 1530) ("Second Discovery Motion"). This Second Discovery Motion was limited to and specifically requested items of discovery concerning the aggravating factors that the government had identified in the Informational Outline.   On April 18, 2013, the government filed an unopposed motion for a sixty-day extension of time to file a brief in response to the defendant's Second Discovery Motion. (Doc. 1531.)  That same day, this Court issued an Order granting the government's request for an extension of time to respond and ordered that the government "shall respond on or before June 22, 2013."  (Doc. 1532).

To date, despite this Court's order of April 18, 2013, the government has still not filed a response to the defendant's Second Discovery Motion nor has the government complied with the requests for discovery made therein. Nevertheless, the government intends to use these incidents to support its aggravation theory and/or dispute mitigation evidence.  The government's failure to respond to this Second

Discovery Motion *and* to provide this discovery violates Mr. Hammer's Fifth, Sixth, and Eighth Amendment rights.

**B.    Argument.**

Throughout its Informational Outline, the government notes its intention to rely on incidents and/or occurrences in support for aggravation and it is also likely to rely on such incidents in support of its rebuttal to mitigation evidence. A number of these incidents did not even result in an arrest. While the government makes general statements about Mr. Hammer's conduct in the Informational Outline and references one or two specific incidents, it has failed to articulate with any specificity what evidence it intends to present, nor has the government provided Mr. Hammer with the discovery regarding these incidents and/or occurrences.

Despite having been given additional time, the government failed to respond to Mr. Hammer's Second Discovery Motion. Under LR 7.6, "[a]ny respondent who fails to comply with [LR 7.6] shall be deemed not to oppose such motion." Id. Rule 7.6 requires that any opposition be filed within fourteen days. Id. Here, the government was granted an additional sixty days in which to respond, yet did not timely file any response, nor has the government filed any response in the over seven months since its due date for filing any opposition. Likewise, Mr. Hammer's counsel's attempts to informally resolve the requests contained in the Second

Discovery Motion have been unsuccessful. Under these circumstances, this Court should deem the motion unopposed, grant the motion and direct that the government provide the requested materials within fifteen days.

Mr. Hammer can not adequately investigate or prepare his defense without access to the discovery concerning these incidents and occurrences. Mr. Hammer has made all appropriate requests over the past year. The time left for Mr. Hammer to conduct any reasonable investigation regarding these incidents is now significantly reduced. Any further delay will result in the denial of Mr. Hammer's Fifth, Sixth, Eighth and Fourteenth Amendment rights, including his right to prepare a defense; his right to confrontation and cross-examination; his right to effective assistance of counsel; his right to the heightened procedural safeguards required in capital cases; and, his right to develop and present relevant mitigation evidence. Where, as here, jury selection is set to begin in two months, an order directing that the government provide the requested materials within fifteen days or be precluded from presenting any evidence arising from those incidents is appropriate and constitutionally required.

WHEREFORE, for the foregoing reasons, Mr. Hammer, through counsel, respectfully requests that this Court grant his *Motion to Compel the Government to Provide the Discovery Requested in Mr. Hammer's Second Motion for Discovery (Doc. 1530) within Fifteen Days and Direct that Should the Government Fail to Comply, It is Precluded From Presenting Aggravation Evidence Arising from the Materials the Government Has Failed to Disclose.*

Respectfully submitted,

/S/ RONALD C. TRAVIS
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA 17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/s/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

/s/James J. McHugh, Jr.,
James J. McHugh, Jr.
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 -The Curtis Center
Philadelphia, Pa. 19106
215-928-0520 (telephone)
215-928-0826 (facsimile)
james_Moreno@fd.org
james_Mchugh@fd.org

Dated:  February 3, 2014

5

## CERTIFICATE OF SERVICE

I, James J. McHugh, Jr., Esquire, do hereby certify that on this date I served a copy of the foregoing by Electronic Case Filing, or by placing a copy in the United States mail, first class addressed to the following:

> John C. Gurganus, Jr. Esquire
> Amanda Haines, Esquire
> United States Attorneys Office
> Middle District of Pennsylvania
> 235 N. Washington Street, Suite 311
> PO Box 309
> Scranton, PA. 18501
>
>
> /S/James J. McHugh, Jr., Esquire
> James J. McHugh, Jr., Esquire

Dated: February 3, 2014