**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:96-CR-0239 |
| | ) | (Judge Slomsky) |
| **DAVID PAUL HAMMER.** | ) | |
| Defendant | ) | |

## GOVERNMENT'S SUGGESTED REVISIONS TO DEFENDANT'S

## REVISED JUROR QUESTIONNAIRE

Pursuant to the Court's directive, the parties attempted to agree upon a juror questionnaire which would be acceptable to both sides.  On February 14, 2014, the government filed its objections to the Defendant's Revised Juror Questionnaire.  The government identified the areas of dispute as follows.

1.   The section entitled "Introduction" on pages 3-4.

2.   The "Introduction to PART II: QUESTIONS CONCERNING PUNISHMENT" on page 19.

3.   The following questions: 9, 10, 45, 46-54, 57, 58, 83-88, 89, 91, 104-106, and 116.

To further clarify the Government's position on the questions that are being challenged, the following suggested revisions and/or reasoning are provided for the Court's consideration.

QUESTIONS:

9.   What is your current occupation or most recent occupation (if retired or not presently working)?

**The government requests the following additional language**:

Without naming your current employer, what is your current occupation or most recent occupation (if retired or not presently working)?

10.   **[The government withdraws its objection to question 10.**]

45.    (a) What are your views of life imprisonment without the possibility of release as punishment for a prisoner who deliberately and intentionally murdered his cellmate?

**The government requests that the question be modified to**:

(a) What are your views of life imprisonment without the possibility of release as punishment ~~for a prisoner who deliberately and intentionally murdered his cellmate~~?

(b) What are your views of the death penalty as a punishment for a prisoner who deliberately and intentionally murdered his cellmate?

**The government requests that the question be modified to**:

(b) What are your views of the death penalty as a punishment ~~for a prisoner who deliberately and intentionally murdered his cellmate~~?

46.    Based on your feelings and values, would life without the possibility of release be a severe enough sentence for a prisoner already serving a prison sentence, who intentionally kills another prisoner?

**The government requests that the question be modified to**:

46.    Based on your feelings and values, ~~would~~ could life without the possibility of release be a severe enough sentence for a prisoner already serving a ~~prison~~ life [or in the alternative, a lengthy] sentence, ~~who  intentionally kills another prisoner~~ who commits a murder?

47.    Are your views such that you would have difficulty voting for life imprisonment without the possibility of release for an individual who was already serving a prison sentence and then intentionally kills an inmate with premeditation and intent?

**The government objects to this question on the grounds that it is duplicative of question 46.  But, at the very least, it would seek to have it modified as follows:**

47.    Are your views such that you ~~would~~ could have difficulty voting for life imprisonment without the possibility of release for an individual who while ~~was~~ already serving a life or lengthy prison sentence ~~and then intentionally kills an inmate with premeditation and intent~~ commits a murder?

48.    Does the fact that the defendant, David Hammer, was serving time in a federal penitentiary when he intentionally killed lead you to believe the death penalty is the

2

only appropriate punishment in this case?

**The government objects to this question on the grounds that it is duplicative of question 46 and 47.  But, at the very least, the government requests that the question be modified to:**

48.    Does the fact that the defendant~~, David Hammer, was serving time in a federal penitentiary~~ was incarcerated at the time of the murder ~~when he intentionally killed lead~~ cause you to believe that the death penalty is the only appropriate punishment in this case?

   If no, do you believe that life without release is the only appropriate punishment?

49.    In which of the following circumstances of intentional premeditated murder would you always vote for the death penalty? [please check all that apply]

**The government requests that this question be modified as follows:**

   Is there any circumstance of intentional premeditated murder in which you would always vote for the death penalty?  Yes_____ No _____.  If yes, please explain.

50.    What, if anything would be important to you in deciding whether a prisoner who killed another prisoner should receive the punishment of life imprisonment without the possibility of release rather than the death penalty?

**The government requests that this question be modified as follows:**

50.    What, if anything would be important to you in deciding whether a ~~prisoner who killed another prisoner~~ defendant who was guilty of intentional and premeditated murder should receive the punishment of life imprisonment without the possibility of release rather than the death penalty?

51.    Do you believe that the personal circumstances, childhood and background of a defendant are relevant and should be taken into account when deciding on whether to impose a sentence of life imprisonment without the possibility of release or the death penalty?

**The government requests that the question be modified as follows:**

51.    ~~Do you believe that~~ Could you consider the personal circumstances, childhood and

background of a defendant ~~are~~ <mark>as</mark> relevant and ~~should be taken~~ <mark>take them</mark> into account when deciding ~~on~~ whether to impose a sentence of life imprisonment without the possibility of release or the death penalty?

52.    In deciding whether to impose a sentence of death or life imprisonment without the possibility of release, how much importance would you attach to each of the following: [with a list which follows] . . .

**The government requests that the following question be asked in lieu of questions # 51 and 52:**

<mark>You will be instructed that the personal character, childhood, and background of a defendant are possible mitigating factors and should be taken into consideration in making the decision of whether to impose a sentence of life imprisonment without the possibility of release or the death penalty.  Will you be able to meaningfully consider this information, and any other mitigating factors that may be proved, before deciding the appropriate punishment?</mark>

53.    You will not hear evidence about the sentence that Mr. Hammer was serving when he killed Mr. Marti and you will be directed that you cannot speculate about that sentence. Do you have any concerns about your ability not to speculate and not let the lack of information unduly influence your evaluation of this case?

**The government objects to this question at this juncture as it believes this issue has yet to be decided by the Court and is still pending.**

54.    [**The government withdraws its objection to question 54.**]

**Questions 57 – 58**: The government objects to these questions in their entirety as they appear to be planting a seed that the jury does not have to strive to reach a unanimous decision, which is not a proper question for voir dire.

**Questions 83 – 85**: The government objects to these questions in their entirety as they are encompassed by question 82.  In addition, these questions are not relevant to the facts of this case, are inflammatory and will likely offend some prospective jurors.

**Questions 86 – 88**: The government objects to these questions in their entirety as it submits that there is no evidence of erotic asphyxiation in this case nor has the defense indicated that they are seeking to introduce such evidence.  Similarly, there is no evidence of consensual sexual bondage or oral sex relevant to Mr. Marti's murder or between Mr. Marti and defendant Hammer.  Accordingly, the questions are moot.

89.    Some government witnesses may testify that they participated in serious crimes.  These witnesses who may be referred to during trial as cooperating witnesses may have lengthy

4

criminal histories, may have pleaded guilty to crimes and may be testifying pursuant to agreements with the government in the hopes that their sentences will be reduced. Do you hold any beliefs or opinions that would affect your ability to evaluate testimony from such witnesses?

**The government submits that this question is largely contrary to the facts and therefore, not relevant. Instead the government requests that the following more neutral cooperator question be given:**

Several witnesses may testify who have criminal convictions. These witnesses may have received some benefit such as a reduced prison sentence in exchange for their testimony. Do you have any opinion regarding the testimony of such witnesses. Yes, No, and Explain.

91.     Have you, an immediate family member, or anyone close to you, ever been the victim of or a witness to a crime, whether or not that crime was reported to law enforcement?

   **The government requests the following additional language**:

91.     Have you, an immediate family member, or anyone close to you, ever been the victim of or a witness to a crime, other than a traffic offense, whether or not that crime was reported to law enforcement?

**Questions 104-106**:  The government objects to these questions in their entirety as they are entirely encompassed in other questions and duplicative.  Moreover, the wording of these questions appears to be planting a seed that the jury does not have to strive to reach a unanimous decision, which is not a proper question for voir dire.

106.    If you are selected as a juror in this sentencing trial, you will be asked to decide the punishment for a defendant, serving a federal prison sentence, and who plead guilty to first degree murder.  Does this in any way affect your ability to be completely objective and impartial as to the appropriate punishment in this case?

**The government objects to this question in its entirety as it entirely duplicative of a series of questions which were asked previously.**

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/ John C. Gurganus, Jr.

JOHN C. GURGANUS Jr.
Assistant United States Attorney

AMANDA HAINES
Trial Attorney
U.S. Department of Justice

Dated: February 19, 2014

6

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 4:96-CR-0239 |
| | : |
| v. | : (Judge Slomsky) |
| | : |
| DAVID PAUL HAMMER | : **ELECTRONICALLY FILED** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing:

## <u>GOVERNMENT'S SUGGESTED REVISIONS TO DEFENDANT'S</u>

## <u>REVISED JUROR QUESTIONNAIRE</u>

to be served by electronic filing on February 19, 2014, to:

ADDRESSEES:

Ronald C. Travis, Esquire

rtravis@riederstravis.com

James J. McHugh, Jr., Esquire

James_McHugh@fd.org

James Moreno, Esquire

James_Moreno@fd.org

Anne Saunders, Esquire

Anne_Saunders@fd.org

/s/ John C. Gurganus, Jr.

JOHN C. GURGANUS, JR.
Assistant U.S. Attorney

7