# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID HAMMER, | : | Capital Case |
| | : | |
| Defendant | : | |
| _____ | : | _____ |

**DEFENDANT'S MOTION TO SUPPLEMENT/AMEND HIS MOTION TO VACATE, SET ASIDE OR CORRECT THE JUDGMENT AND SENTENCE PURSUANT TO 28 U.S.C. § 2255 IN LIGHT OF RECENT DISCLOSURES BY THE GOVERNMENT**

Defendant, David Hammer, through undersigned counsel, submits his *Motion to Supplement/Amend His Motion to Vacate, Set Aside or Correct the Judgment and Sentence Pursuant to 28 U.S.C. § 2255 In Light of Recent Disclosures By the Government* and, in support thereof, states the following:

1.    On September 18, 1996, a Grand Jury sitting in Williamsport, Pennsylvania, returned an Indictment charging David Hammer with first degree murder arising from the April 13, 1996, death of Mr. Hammer's cellmate, Andrew Marti.  Doc. 1.  On April 9, 1997, the government filed a notice of its intent to seek the death penalty.  Doc. 93.  The trial began on May 5, 1998.  On June 22, 1998, after the defense had rested and while the government was presenting its rebuttal case, Mr.

1

Hammer entered a plea of guilty to the murder charge.

2.      The penalty phase began on June 30, 1998. In support of death, the government sought to prove two statutory aggravating factors: that the defendant committed the murder after substantial planning and premeditation, 18 U.S.C. §3592(c)(9), and that the defendant had previously been convicted of a state or federal offense punishable by a term of imprisonment of more than one year that involved the use, or attempted or threatened use, of a firearm against another person, 18 U.S.C. §3592(c)(2). On July 24, 1998 the jury returned a verdict of death.

3.      In September 2002, Mr. Hammer filed a petition for writ of habeas corpus collaterally attacking his conviction and sentence pursuant to 28 U.S.C. §2255. Following amendments and discovery motions, the Court conducted an evidentiary hearing from July 14, 2005 through September 29, 2005. On the twenty-ninth day of the hearing, September 22, 2005, the government provided the defense with thirty-three previously undisclosed FBI 302 statements that summarized interviews with various prison inmates.

4.      On December 27, 2005, the Court issued its decision vacating the 1998 sentence of death. The Court found, in part, that, as a result of the government's misconduct for failing to disclose material exculpatory evidence, the prior sentencing

2

proceeding was constitutionally defective.[1]   Specifically, the Court held that the government's failure to disclose four 302 witness statements that were "relevant and material" to the jury's penalty determination violated Brady v. Maryland, 373 U.S. 83 (1963).   United States v. Hammer, 404 F. Supp. 2d 676, 801 (M.D. Pa. 2006) (Muir, J.)   The Court then concluded as a matter of law that the failure of the government to disclose the 302 statements rendered "the penalty phase of the trial defective."   Id.

5.      As described more fully in the Amended Motion Pursuant to 28 U.S.C. § 2255, current government counsel have recently disclosed evidence that directly impact the reliability of Mr. Hammer's indictment, the trial and guilty plea and the capital sentencing proceedings.   The evidence and materials could not have been discovered by Mr. Hammer prior to current government counsel's disclosures.

6.      As Mr. Hammer  was not aware of the facts supporting the bases for the claims described in the amendment/supplement until the current government counsel's disclosures and as the nondisclosure rests on the feet of the government this claim is timely; there are no procedural bars to this Court's consideration of the merits; and amendment is appropriate in the interests of justice.

---

[1]The Court also found that the jury's failure to find mitigating factors that had been conceded or undisputed by the government constituted constitutional error requiring reversal.  Hammer, 404 F. Supp. 2d at 801.

3

WHEREFORE, for each of these reasons, and those set forth in the accompanying *Brief in Support*, Mr. Hammer respectfully requests that this Court Grant his *Motion to Supplement/Amend His Motion to Vacate, Set Aside or Correct the Judgment and Sentence Pursuant to 28 U.S.C. § 2255 In Light of Recent Disclosures By the Government*.

Respectfully submitted,

/s/  RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com

/s/ JAMES MCHUGH
James J. McHugh, Jr.
/s/ JAMES MORENO
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org

/s/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

Dated: April 2, 2014

## CERTIFICATE OF SERVICE

I, Anne Saunders, Esquire, do hereby certify that on this date I served a copy of the foregoing by Electronic Case Filing, or by placing a copy in the United States mail, first class addressed to the following:

John C. Gurganus, Jr. Esquire
United States Attorneys Office
Middle District of Pennsylvania
235 N. Washington Street, Suite 311
PO Box 309
Scranton, PA. 18501

Amanda Haines, Esquire
United States Department of Justice
Criminal Division
Capital Crimes Section
1331 F. Street, N.W.
Washington, D.C. 20530

/S/ANNE SAUNDERS, ESQUIRE
James Moreno, Esquire

Dated: April 2, 2014