# EXHIBIT 5



# U.S. Department of Justice

**Peter J. Smith**
United States Attorney
Middle District of Pennsylvania

| | | |
|---|---|---|
| William J. Nealon Federal Building | Ronald Reagan Federal Building | Herman T. Schneebeli Federal |
| Suite 311 | Suite 220 | Building |
| 235 N. Washington Avenue | 228 Walnut Street | Suite 316 |
| P.O. Box 309 | P.O. Box 11754 | 240 West Third Street |
| Scranton, PA 18501-0309 | Harrisburg, PA 17108-1754 | Williamsport, PA 17701-6465 |
| (570) 348-2800 | (717) 221-4482 | (570) 326-1935 |
| FAX (570) 348-2816/348-2830 | FAX (717) 221-4493/221-2246 | FAX (570) 326-7916 |

Please respond to: _____ Williamsport _____

March 9, 2012

Ronald C. Travis, Esquire
RIEDERS, TRAVIS, HUMPHREY, HARRIS,
    WATERS, & WAFFENSCHMIDT
161 West Third Street
P.O. Box 215
Williamsport, PA 17703-0215

  Re: *United States v. Hammer*
    M.D. Pa. Crim. No. 4:96-CR-00239

Dear Mr. Travis:

  This is to acknowledge belatedly receipt of your letter dated June 13, 2011. It sought several categories of information. A response to one aspect of it was provided in correspondence dated March 8, 2012.

  The remaining aspect related to correspondence between our office and former inmates Stephen Classen and Leonard Yager and Michael Cole, some of whom testified at trial in 1998. This subject matter is referenced also in your formal discovery request Nos. 10 and 17, filed on November 4, 2011.

  You will find enclosed the material for Messrs. Yager, Classen, and Cole. With respect to Mr. Yager, our office was unable to secure from the Western District of Tennessee the motion that was filed. However, the docket entries are enclosed which demonstrate that Court's ruling, as well as our letter to those prosecutors.

  The same is true for Mr. Cole's case. However, in lieu of the docket entries, enclosed *inter alia* is a letter from the United Staets Attorney in Maine describing the sentence reduction in that person's case.

  Finally, Mr. Classen's materials are more complete. They include considerable correspondence from him as well.

Ronald C. Travis, Esquire
Re:   *United States v. Hammer*
March 9, 2012
Page 2

        Please feel free to contact me or anyone else assigned to this
if you have any questions about this response.

                                   Very truly yours,

                                   PETER J. SMITH
                                   United States Attorney


                                   FREDERICK E. MARTIN
                                   Assistant United States Attorney

PJS:FEM:jmm
Enclosures
cc w/o enclosures:
        J. Gurganus, Esquire
        S. Mellin, Esquire
        C. Patrick Austin, Special Agent

1-15-98

Fred:

Can you Please let me know something, anything at all by the 23rd of Jan.?? I can't get any one here to tell me any-thing. it is nerve wracking. Please Get me out of The Hole.

C. Larson
Schuylkill

12-28-97

Fred:

CAN You help me TRANSFER FROM here when I leave TO go To COURT? I do NOT WANT TO RETURN TO This institution. I would like TO RETURN TO my own REGION – Pheonix would be great – Even ARKANSAS, TEXAS or Colorado AS back up. I have less Than 3 YRS To go & I'm TIRED of Being This FAR FROM home.

You didn't Reply To my last letter – I would JUST AS SOON BE TAKEN out of here AS SOON AS Possible & wait Some where else – Because I met Some-one TODAY who TAIKS/~~corresp~~ corresponds with HAMMER & it WAS very unconfortable – I'm HesitANT To say Any-Thing To The STAFF Here Because I do-NOT WANT To wait in This Seg unit to TRANSFER.

Doesn't The Trial START SOON? Shouldn't I Be called To court SOON?

SJ Claussen
54804-065
Schuylkill

A. Malocu
96R3063

7-30-97

Mr. Martin:

Since I haven't heard from you - I have been thinking I should accept the interview Mr. Hammers atty's are requesting. Only it seems like it would be a good idea for me to have an attorney since I never had one. I would even feel better to discuss whether or not I would even like to accept. If you would just let me know if you intend to call me to the trial - It would sure put me at ease. I don't see why I should be there - I've already stated my view + nothing really has changed. It's just that the not knowing is pretty nerve wracking considering the contact from Mr. Rahnke + Mr. Trivis. Also I do not want to just get pulled out of here - as I was in Allenwood I last all of my property last Aug. Much of which can not be replaced. The region is putting me off til Dec. on this issue. It sure feels like I'm getting an extra hard time because of this - when all I did was tell the truth.

I would like to hear from you soon Mr. Martin.

Thank-You

SJ Classen
SJ Classen
FCI Schuylkill

P.S.

IS. LeNNy Yeager still AROUND
Yes ___   NO ___

I`M JUST overly CURIOUS.

I ALSO NeeD A BREAK
WiTh The SIS GUY Here

2-22-98

Mr. Martin:

It has been over 2 wks. Since Tony was here
I was hoping I could get some News This Wk.
if Even Thru Lt. Parker. I know That The
trial Date is Nearing again. And I want to
tell you That I would Much rather Wait at
The Schnieder County Jail which was dis-
ussed with Tony. It seems That, That would
be More Convienient for You.. Even Should I
be RE-Designated [Please] I would Just as soon
wait there Til May. The Point being (of Course)
I would like To know my NEW designation + then
be held on. Wait til The trial is Over..
Can You Please Try to let me know as
Soon as Possible. Even Tho I am an Orderly in
The hole here I am Very Tired of being
at F.C.I. Schuylkill. Its getting near 2 Months
Now. And I have Not been Told any. Thing Concrete
Tell me.

SJ Classen
54804-065

9-1-97

Mr Martin:

Well I got 60 days + other sanctions. I think/hope that I'm let out of Seg. before Oct 19th tho., [DANG]

Maybe you could be more helpful with the following. I would like to find out when my prosecutor in Oregon - Mr Michael BROWN - intends to submit my Rule 35 to the Courts. When I asked my atty in Oregon he was vague. I didn't like that. So I am hoping that I can Just find out for sure what Mr. Browns intentions are & if he would file the Motion. That would really be all that I would need.

What do you think ??? Can you help me with this one? Ensure my Rule 35 ?? Let me know.

Also for your knowledge I'v decided not to talk with Flannerys atty; This decision was made by me alone. I am Just not at all happy to be taken out of here in JAN. But I'll deal with it Now that I know its happening.

Steve
S Classen
Schulykill

KRISTINE OLSON, OSB #73254
United States Attorney
District of Oregon
MICHAEL J. BROWN, OSB #74045
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1020

RECEIVED

1998 SEP 28 |P 3: 52

CLERK. U.S. DISTRICT COURT
DISTRICT OF OREGON
PORTLAND, OREGON

BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA      )
                              )   No. CR 96-273 (MA)
        v.                    )
                              )   MOTION FOR REDUCTION
STEPHEN JOSEPH CLASSEN,       )   OF SENTENCE (RULE 35(b))
                              )
            Defendant.        )

The United States of America, by and through Kristine Olson, United States Attorney

for the District of Oregon, and Michael J. Brown, Assistant United States Attorney, hereby

moves the court pursuant to Fed. R. Crim. P. 35 (b) for an order reducing Stephen Joseph

Classen's sentence in this case from 46 months to 26 months. This motion is based on

Classen's substantial assistance to the government in the prosecution of United States v.

Hammer, CR 96-239, in the Middle District of Pennsylvania. See attached letter of AUSA

Frederick Martin.

DATED this 28 day of September, 1998.

Respectfully submitted,

KRISTINE OLSON
United States Attorney

MICHAEL J. BROWN
Assistant United States Attorney



U.S. Depar    nt of Justice RECEIVED

*David M. Barasch*
*United States Attorney*
*Middle District of Pennsylvania* U.S. ATTORNEY
AUG 21 1998
PORTLAND, OR

---

*Herman T. Schneebeli Federal Building, Suite 308*
*240 West Third Street, P. O. Box 548*          717-326-1935
*Williamsport, PA 17703-0548*          *FAX 717-326-7916/326-7954*

August 13, 1998

Kristine Olson, Esquire
United States Attorney
District of Oregon
Attn: Michael Brown, Esquire
888 S.W. 5ᵗʰ Avenue, Suite 1000
Portland, OR 97204-2024

      Re:  Proposed Rule 35(b) Motion
          Stephen Classen, Reg. No. 54804-065

Dear Mr. Brown:

      You may recall that we previously spoke about the above-referenced inmate, who was prosecuted by your office and sentenced by Judge Marsh on April 4, 1997, to a term of forty-six (46) months imprisonment in the United States District Court for the District of Oregon. As indicated in that previous conversation, Mr. Classen testified for the prosecution in the capital case of *United States v. Hammer*, M.D. Pa. Crim. No. 4:CR-96-0239. Given the successful outcome in that prosecution as well as Mr. Classen's role in it, our office recommends that you give serious consideration to presenting a motion for reduction of sentence in accordance with Rule 35(b), Federal Rules of Criminal Procedure to Judge Marsh.

      The trial against David Paul Hammer began with jury selection on May 5, 1998. It lasted until June 21, 1998, when Hammer, in the absence of any inducements from this office, entered a plea of guilty to the premeditated killing of a fellow inmate at the Allenwood Penitentiary, in violation of 18 U.S.C. § 1111. However, prior to that plea of guilty, Mr. Classen testified regarding events leading up to and subsequent to the killing of Andrew Marti on April 13, 1996, at the Allenwood Penitentiary. Moreover, a critical aspect of the testimony which Mr. Classen gave in the case was incorporated by reference for the subsequent, penalty phase of the proceeding.

Kristine Olson, Esq
Re:  Proposed Rule 35(b) Motion (Stephen Classen)
August 13, 1998
Page 2

This related specifically to the aggravating feature set out at 18 U.S.C. § 3592(c)(9), substantial planning and premeditation of homicide.  Based upon information provided by Mr. Classen, as well as other sources, the jury on July 24, 1998, entered its recommendation, in accordance with 18 U.S.C. § 3593(e), that Mr. Hammer be punished with a sentence of death.

One aspect of Mr. Classen's testimony and cooperation was of specific value to this prosecution in the penalty phase.  That is, as stated above, Mr. Classen indicated that in late March 1996, or approximately two weeks prior to the killing, David Paul Hammer stated to his then cellmate, Mr. Classen, he intended to take Andrew Marti's life.  Hammer repeated to agents of the FBI on the morning of April 13, 1996, the statement that he had told Mr. Classen well in advance of April 13, 1996, that he intended to kill Andrew Marti.  Thus, Mr. Classen's testimony on the critical issue of substantial premeditation was corroborated by the contemporaneous admission of David Paul Hammer to agents of the Federal Bureau of Investigation.

Mr. Classen's testimony received further confirmation from Hammer himself.  That is, the inmate sent a "kite" or note to Mr. Classen, a copy of which is attached, that had been intercepted by correctional officers.  This confirmed Hammer's pre-killing admissions to Mr. Classen.  An FBI Questioned Documents Expert concluded that Hammer had signed the letter and addressed the envelope as well as probably wrote the text.

Mr. Classen arrived in this District for debriefing in May 1998. He has always been cooperative in the multiple interview sessions and attempted to provide as complete and accurate information regarding the details of Mr. Hammer's background, as well as a defense theory, that David Paul Hammer suffered from multiple personalities, as he was able to do so.  During the approximately three months that Mr. Classen has been incarcerated in this District, he has created no problems in any fashion whatsoever in the two County jails in which he has been housed for his own safety.

Kristine Olson, Esq
Re:    Proposed Rule 35(b). Motion (Stephen Classen)
August 13, 1998
Page 3


By way of background, Mr. Classen's forty-six (46) month sentence is expected to end in November 2000, when he will have served approximately thirty-eight (38) months of that term, unless your office agrees to a sentence reduction. It is significant, in our view, that Mr. Classen began cooperating before he was even aware that formal charges had been brought against him by your District. Moreover, his incarceration after his appearance before the Grand Jury in the Summer of 1996, became exacerbated by his cooperation.

Among other difficulties, he encountered was a loss of all his property due to the frequent transfers from various jails. Unlike other inmates, Mr. Classen did not seek renumeration from the Bureau of Prisons. Additionally, after you prosecuted him, Mr. Classen was placed at a nearby Federal Correctional Institution located in Schuylkill, Pennsylvania. There inmates, who had antipathy towards "snitches" and had learned of Mr. Classen's cooperation, threatened him. This caused Mr. Classen to be placed in that facility's Special Housing Unit for his own protection for approximately five months.

Mr. Classen provided initial information to agents of the Federal Bureau of Investigation on the morning of the killing, April 13, 1996. Subsequently, correctional officials intercepted a letter intended for Mr. Classen from Hammer. It, as previously stated, confirmed that the inmate had shared his thoughts of killing Andrew Marti well in advance of the act.

During this time frame, Mr. Classen's family, in the form of his brother and sister-in-law, has contacted our office. They have indicated continued support for their brother during this difficult time. Moreover, it is our understanding that Mr. Classen will have employment opportunities with his family which would add further stability to his life when release takes place.

Kristine Olson, Esc      e
Re:   Proposed Rule 35(b) Motion (Stephen Classen,
August 13, 1998
Page 4

        For the above-stated reasons, our office believes that a
reduction in Mr. Classen's sentence is warranted due to his long-
standing and critical cooperation in a significant criminal
prosecution in this District.   The case agent, Special Agent Anthony
Malocu of the Williamsport Resident Agency of the Federal Bureau of
Investigation, would be available if you feel that testimony should be
presented to the Court in support of any Rule 35(b), Federal Rules of
Criminal Procedure, Motion.   Moreover, if additional information
regarding the prosecution, Mr. Classen's cooperation, or other details
are thought to be needed for a full and complete presentation of this
request to Judge Marsh, please feel free to contact me.   Thank you for
your continuing cooperation in this matter.

                              Very truly yours,

                              DAVID M. BARASCH
                              United States Attorney


                              FREDERICK E. MARTIN
                              Assistant United States Attorney

DMB:FEM:jmm
Enclosure
cc w/o enclosure:
        David Classen, 71888 East Winden Road, Rhododendron, OR 97049
        Special Agent Anthony Malocu
        Martin C. Carlson, AUSA
        Chief, Criminal Division

Entered on the Docket on
DONALD M. CINNAMOND
By_____ Deputy

FILED

RECEIVED

OCT 2 8 1998    1998 OCT 27  P 4:04

U.S. ATTORNEY    CLERK, U.S. DISTRICT COURT
PORTLAND, OR      DISTRICT OF OREGON
                  PORTLAND, OREGON

BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )    CR. No. 96-273-MA
                                 )
      v.                         )
                                 )
STEPHEN JOSEPH CLASSEN,          )
                                 )    ORDER
            Defendant.           )

MARSH, Judge.

On March 31, 1997, I sentenced defendant to 46 months based upon his conviction for conspiracy to smuggle contraband drugs in to a federal correctional institution. This sentence was the high end of the applicable range due, in part, to the parties agreement since the applicable range turned out to be much lower than anticipated. Defendant used his wife to assist in this offense and she was sentenced to 4 months imprisonment.

The government now moves for a reduction in sentence pursuant to Fed. R. Crim. P. 35 based upon defendant's substantial assistance to authorities in the prosecution of United States v. Hammer, CR 96-239 (M.D. Penn.). The government

1 - ORDER

does not specify the level of departure sought, but instead urges the court to reduce the term to 26 months. Defendant's initial guideline level was a 14, VI for a range of 37-46 months. To achieve a 26 month sentence would require at least a 4-level departure to a 10, VI and a sentencing range of 24-30 months.

Based upon the government's proffer, I have no hesitancy in finding that the defendant did in fact provide substantial assistance relative to the prosecution and sentencing of Mr. Hammer. However, in considering any request for a sentencing reduction I may also consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a) in the exercise of my discretion. United States v. Manella, 86 F.3d 201 (11th Cir. 1996). Given the seriousness of the offense conduct and the fact that defendant recruited others to assist in the crime and the leniency of the initial sentence imposed due to the nature of the plea bargain, I find that the reduction sought by the government leads to a sentence that is too lenient. In the exercise of my discretion, I find that a two level reduction is more appropriate which results in an adjusted offense level 12, VI for an adjusted sentencing range of 30-37 months. Based upon the foregoing, the government's motion for reduction of sentence (#43) is GRANTED and defendant's sentence is hereby reduced to 36 months.

IT IS SO ORDERED.

DATED this _27_ day of October, 1998.

_Malcolm F. Marsh_

Malcolm F. Marsh
United States District Judge.

2 - ORDER

46F60462
St Melvou

9-28-99

Fred:

THANK-You. I WAS Told by MR. SUTTON
This MORNING THAT it is A doNE deAl.
I don't HAVE The ActuAl date YeT
BeT he SAid it will be beFoRe X-MAS.
I don't KNOW iF This would hAVE
hAppeNed with-out YouR CAll BuT I do
KNOW it helped.
So AGAiN. ThANK-You. I'M goNNA
MAKe The MOST of iT.

Steve classen

HI TONY.





**U.S. Department of Justice**

*David M. Barasch*
*United States Attorney*
*Middle District of Pennsylvania*

---

*Herman T. Schneebeli Federal Building, Suite 308*
*240 West Third Street, P. O. Box 548*            *570-326-1935*
*Williamsport, PA 17703-0548*        *FAX 570-326-7916/326-7954*

October 6, 1999

Steve J. Classen
Reg. No. 54804-065
Federal Correctional Institution
8901 South Wilmot Road
Tucson, AZ 85706

    Re:  Halfway House Placement

Dear Mr. Classen:

    This is to acknowledge receipt of your recent letters about halfway house placement.  By the time you receive this correspondence, you already will have circled Thursday, December 23, 1999, on your calendar.  If that is advanced, so much the better.

    The staff at FCI-Tucson, in our view, did the best they could. Bed space at a halfway house is something quite valuable and even beyond the control of Kathleen Hawk-Sawyer, the Bureau's Director.

    The eve of a new millennium is a wonderful time for new beginnings.  Special Agent Malocu (Tony) and I wish you the best of luck in all of your legal endeavors.  As you said, please "make the most of it."

                  Very truly yours,

                  DAVID M. BARASCH
                  United States Attorney

                  FREDERICK E. MARTIN
                  Assistant United States Attorney

DMB:FEM:jmm
cc: A. Malocu, Special Agent

96-239-03
St Maddock

9-26-99

Fred

I'll Make this My LAST Letter To You,
But I found it was The WARdEN
who only LET My ½ way house
LeAve here with 2 MONTh⁵ (GO DAYS)
   So if you could JusT him
To incRease it To 90 or 120 days it
Would be NO Problem.
   I don't KNOw why They didn'T
Tell me ThAT BeFORe.
   You could even JusT E-MAiL HiM
oR SeNd A LetteR with The ReQuesT
ThAT wAy it will be iN The file

                    Thank-You
                    Steve Classer

THUR 8-26-99

Fred:

I GO HOME MARCH 7TH 2000. I WAS ONLY GIVEN LESS THAN 2 MONTHS IN A 1/2 WAY HOUSE. I WAS PUT IN FOR 5 MONTHS which would HAVE BEEN OCT of THIS YEAR. IN STEAD I go TO THE 1/2 WAY house 1-10-2000.

I AM ASKING IF YOU CAN help ME GET OUT BEFORE X-MAS OR THANKSGIVING of THIS YR. BY E-MAILIN THE CCM IN OREGON. MY UNIT MANAGER HERE IS MR. SUTTON. He CLAIMS THAT he is TRY-ING. BUT I'M NOT SURE I BELIEVE him. [IF YOU NEED TO E-MAIL HIM TOO]

PLEASE TRY TO do SOMETHING BECAUSE I COULD SURE USE MORE 1/2 WAY house TIME + I REALLY WANT TO BE HOME THIS YR.

THANX IN ADVANCE BECAUSE I TRUST YOU will do SomeThing.

HI TONY.

SJ Classen

96R8063
① St Wilcox

Sun
9-19-99

Dear Fred;

Sorry To be Bothering You again But I am asking For Either You, Tony or Even Your Secretary To call My Boss Here in Tucson Because He (or) Feels I Should Even be Home Before Thanksgiving. My Boss is The Head Psychologist Here, His Name is DR. DENNIS WEIR. He wants To Help. ON THURS & Fri He doesn't come to Work til NOON But The rest of The Wk. he is here at 7:30a. And Especially on Mondays he is usually in his office For a while because I clean it Then. Well I'm saying That I'd kinda like To Talk To You, OR Tony To Know if You Even called Oregon or Any-Thing. If He's Not Here You could leave Your phone # Tony's phone # & he Would call you back. I'm Not Sure if you want to Help; But I'm Sure You could make a Huge difference & I am really ready to go Home & I Do especially feel I need more Than 55 days in the 1/2 way house. ALSO if you call & he is Not there, & You get ahold of Some else I may be There Working, I'm The only Psychology orderly any Way so I work by my self.

②

My other Boss's under Doctor WEIR and
DR. DENISE DEROUEN [PRONOUNCED DERWIN] AlSO
MR. GONZALES. And FINALly The SECRETARY.
MRS WICKLIFFe.
 Sorry This is So long . Please call
Here, Fred.


Most Sincerely
Steve Classen.