**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Honorable Joel H. Slomsky |
| | : | |
| DAVID HAMMER, | : | Capital Case |
| | : | |
| Defendant | : | |
| _____ | : | _____ |

**DEFENDANT'S MOTION TO PERMIT MR. HAMMER TO APPEAR AT HIS
RESENTENCING HEARING CURRENTLY SCHEDULED TO BEGIN ON JUNE 2, 2014,
VIA VIDEOCONFERENCING FROM USP-TERRE HAUTE**

Defendant, David Hammer, through undersigned counsel, submits his *Motion to Permit Mr. Hammer to Appear At His Resentencing Hearing Currently Scheduled to Begin on June 2, 2014 Via Videoconferencing From USP-Terre Haute*, and in support thereof, states the following:

1.     On September 18, 1996, a Grand Jury sitting in Williamsport, Pennsylvania, returned an Indictment charging David Hammer with first degree murder arising from the April 13, 1996, death of Mr. Hammer's cellmate, Andrew Marti. Doc. 1. On April 9, 1997, the government filed a notice of its intent to seek the death penalty. Doc. 93. The trial began on May 5, 1998. On June 22, 1998, after the defense had rested and while the government was presenting its rebuttal case, Mr.

Hammer entered a plea of guilty to the murder charge. On July 24, 1998 the jury returned a verdict of death.

2. In September 2002, Mr. Hammer filed a petition for writ of habeas corpus collaterally attacking his conviction and sentence pursuant to 28 U.S.C. §2255. Following additional submissions and an evidentiary hearing, the Court issued its decision on December 27, 2005, vacating the 1998 sentence of death.

3. On March 13, 2014, after a colloquy and with the consent of the government, Mr. Hammer waived his right to a jury determination of his sentence. Following the Court's acceptance of Mr. Hammer's waiver of his right to a jury determination of his sentence, Mr. Hammer requested that he be able to appear at the resentencing hearing via videoconferencing from USP-Terre Haute.

4. Mr. Hammer suffers from multiple chronic illnesses, including diabetes, degenerative spine disease, and heart disease, all of which require multiple medications and medical monitoring. In light of these considerations, transporting Mr. Hammer to a different facility that is not familiar with Mr. Hammer's health difficulties may result in disruptions in his medical treatment and further degeneration of his chronic illnesses. In addition, the costs of transporting Mr. Hammer and housing him at a different facility are significant.

5. USP-Terre Haute has the capability to conduct videoconferencing with this Court, and has done so on multiple occasions in this case with Mr. Hammer

without incident.  At this time, counsel are not aware of any other videoconferencing obligations at the institution that would conflict with Mr. Hammer's request to appear at his resentencing proceedings via videoconferencing.

6.      Counsel have contacted government counsel and been informed that the government does not concur.  While there is no indication that there are any conflicts with conducting the proposed videoconferencing Monday through Thursday beginning on June 2, 2014, the institution apparently objects to its equipment being tied up for a lengthy period of time.  If the equipment is not needed elsewhere, it is not clear how using it in this case would create an undue hardship on the institution. Moreover, the institution has utilized videoconferencing for evidentiary hearings in other cases.

7.      If the concern is staffing, the government resources necessary for transporting Mr. Hammer to a different institution, housing him in that institution and transporting him to court for a live appearance clearly involves a great deal more resources than that which would be necessary to conduct videoconferencing from Mr. Hammer's current institution.   Thus, permitting Mr. Hammer to appear via videoconferencing is a more efficient and economical alternative.

8.      For each of these reasons, Mr. Hammer requests that this Court permit him to appear for his resentencing via videoconferencing and issue an order directing that he appear at his resentencing hearing, Monday through Thursday beginning on

June 2, 2014 and continue until the resentencing hearing has concluded.

WHEREFORE, for each of these reasons, Mr. Hammer respectfully requests that this Court Grant his *Motion to Permit Mr. Hammer to Appear At His Resentencing Hearing Currently Scheduled to Begin on June 2, 2014 Via Videoconferencing From USP-Terre Haute.*

Respectfully submitted,


/S/  RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/S/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

/S/ JAMES MCHUGH
James J. McHugh, Jr.
/S/ JAMES MORENO
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org


Dated: April 11, 2014

# CERTIFICATE OF SERVICE

I, Anne Saunders, Esquire, do hereby certify that on this date I served a

copy of the foregoing by Electronic Case Filing, or by placing a copy in the United

States mail, first class addressed to the following:


John C. Gurganus, Jr. Esquire
United States Attorneys Office
Middle District of Pennsylvania
235 N. Washington Street, Suite 311
PO Box 309
Scranton, PA. 18501

Amanda Haines, Esquire
United States Department of Justice
Criminal Division
Capital Case Section
1331 F. Street, N.W.
Washington, D.C. 20530


/S/ANNE SAUNDERS, ESQUIRE
James Moreno, Esquire


Dated:  April 11, 2014