**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
|  | : |  |
| v. | : | Honorable Joel H. Slomsky |
|  | : |  |
| DAVID HAMMER, | : | Capital Case |
|  | : |  |
| Defendant | : |  |
| _____ | :_____ |  |

**DEFENDANT'S REPLY TO GOVERNMENT'S BRIEF IN SUPPORT OF IT'S MOTION FOR RECONSIDERATION OF DECISION TO EXCLUDE EVIDENCE OF ESCAPES.**

Defendant, David Hammer, through counsel, submits his Reply to the Government's *Brief In Support Of It's Motion For Reconsideration Of Decision To Exclude Evidence Of Escapes* (Doc. 1660), and in support thereof, states the following:

**A.     Introduction.**

The Government seeks reconsideration of this Court's *Opinion* dated February 28, 2014 (Doc. 1626), wherein the Court held that evidence related to Mr. Hammer's escapes in 1981, 1982, and 1983 would not be admissible during the upcoming re-sentencing hearing to support the future dangerousness non-statutory aggravating factor. *Id*. at 9.

In doing so, the Government is merely rehashing earlier arguments it made to this Court that were ultimately rejected. None of the purported grounds for reconsideration warrant relief and the Government's *Motion For Reconsideration* should be denied.

### A.     The Government's Motion For Reconsideration Offers Nothing New Warranting A Change In This Court's Ruling.

In a nutshell, the Government's *Motion For Reconsideration* is the "classic attempt at a second bite at the apple." Bhatnagar v. Surrendra Overseas LTD, 52 F.3d 1220, 1231 (3d Cir. 1995). Indeed, the law is well settled that a motion for reconsideration is not cognizable unless the initial decision was clearly erroneous and a manifest injustice would result if the decision stood. Martsolf v. Brown, 457 Fed. Appx 167, 170 (3d. Cir. 2012), quoting Christianson v. Colt Indus. Operating Corp, 486 U.S. 800, 817 (1988) (courts should "be loathe [to revisit prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice") (citations and internal quotations omitted). The Government has not met either requirement for reconsideration.

Indeed, it cannot show that this Court's decision was clearly erroneous, because it was not, or that a manifest injustice would occur if the decision were allowed to stand. Nor can it show any "extraordinary circumstances" warranting

reversal of this Court's earlier decision.

In its *Motion*, the Government merely recycles the same arguments it made in its initial *Consolidated Brief In Opposition To Defendant's Motions In Limine* (Doc. 1550). In its *Consolidated Brief In Opposition*, the Government objected to Mr. Hammer's motion to preclude admission of the escapes, arguing that such evidence was indeed probative of future dangerousness and not too remote to be considered by the fact-finder. See Doc. 1550 at 8-9. In so doing, the Government relied upon United States v. Pleau, 2013 WL 1673109 (D.R.I. April 17, 2013), and United States v. Sablan, 555 F. Supp. 2d 1205 (D. Colo. 2006). Id.

In its *Motion For Reconsideration*, the Government again argues that "for the reasons stated below" "the Defendant's prior  prison escapes should be considered by this Court in determining whether Hammer presents a future threat of violence." Doc. 1660 at 1;4. As it did in its *Consolidated Brief In Opposition*, the Government offers as support for this argument Pleau and Sablan. Doc. 1660 at 7.

Breaking no new ground, the Government also relies upon three cases it did not present in its *Consolidated Brief In Opposition*, United States v. Allen, 247 F.3d 741, 748 (8th Cir. 2001), United States v. Fields, 516 F.3d 923, 942-943 (10th Cir. 2008), and  United States v. Luster, 305 F.3d 199, 201 (3d Cir. 2002). Doc. 1660 at 6.  Two of these cases merely restate the same principle the Government previously presented

to this Court: that the Government should not be constrained in its future dangerousness presentation to conduct related to future dangerousness in a prison context. Doc. 1660 at 6-7. See also Doc. 1550 at 9 (citing Sablan 555 F. Supp 2d at 1226) ("The crime shows that if given an opportunity, Defendant may commit a violent crime against another person in prison") ). This Court has already rejected this argument and the logic of Sablan on this point.

The suggestion that Allen and Fields should somehow change this Court's analysis is also misplaced. In Allen, the defendant challenged both the admission of future dangerousness as a non-statutory aggravating factor and the sufficiency of the evidence in support of this aggravating factor. Allen, 247 F.3d at 788. In rejecting this challenge, the Eighth Circuit noted that it had "little doubt future dangerousness to society and prison officials and other inmates" is relevant to the jury's final determination" as to whether life or death is the appropriate punishment. Id.

Allen, however, represents an anomaly in capital jurisprudence. Very few Circuit Courts have adopted the Allen court's inclusion of members of society generally as a proper consideration for future dangerousness in the context of a life without parole sentence. In fact, it appears that only the Eighth and Tenth Circuits have rejected limiting future dangerousness of the defendant to behavior bearing on the defendant's dangerousness in a prison setting. See United States v. Casey, 2012

4

WL 6645702 (D. Puerto Rico 2012), at 2 n.6 (Declined to follow Allen) ("While the court addresses defendant's potential for violence in the context of a lifetime in prison...it is cognizant that at least one other circuit court has found that the inquiry into dangerousness should include not only prison officials and inmates, but also members of society in general")..

Moreover, Allen does not stand for the proposition any evidence couched as future dangerousness is admissible or that this Court's role as "gatekeeper" is in any sense diminished. See United States v. Fells, 360 F.3d 135, 145 (2d Cir. 2004) (noting that FDPA does not eliminate the court's role as "gatekeeper" of constitutionally permissible evidence).

The Government fares no better by relying upon United States v. Fields, 516 F.3d 923 (10th Cir. 2008). In Fields, the Court agreed with the Eighth Circuit in Allen that evidence of future dangerousness may include prior convictions for offenses not related to a prison setting as long as the jury is instructed that the defendant would be sentenced to life without parole if the jury could not unanimously agree on a sentence of death.

However, the Government's future dangerousness argument in Fields centered on the threat the defendant posed in prison and did not reference any conduct other than the two murders for which the jury had just found Fields guilty. In its only

5

reference to future dangerousness, the government argued:

> Future dangerous[ness]? Which one of us would want to be in a cell next to someone who is capable of coldly attacking two innocent people who had done nothing to him?

Id. at 942. In essence, the government limited its future dangerousness argument to Field's threat to other inmates based on his murderous conduct. Of course, neither Fields nor Allen is binding on this Court.

These cases do not represent a change in the law meriting reversal of this Court's opinion striking the admission of the three escapes as probative of Mr. Hammer's future dangerousness in prison.

The Government also cites United States v. Luster, 305 F.3d 199, 201 (3d Cir. 2002), a non-capital case, for the proposition that escape is a crime of violence "that does not end when the escapee completes the act of leaving a correctional facility." The Government suggests that Mr. Hammer "was in that status," Doc. 1660 at 7, when he committed acts of violence *after* escaping non-violently, making the escapes themselves somehow relevant to future dangerousness in the context of a life without parole sentence in a Federal Bureau of Prisons institution. This simply is not true.

The Government seeks to have this Court view Mr. Hammer's post-escape actions – often committed long after he had escaped – as violence during the

6

escape – thus implicating his potential future dangerousness in prison. In rejecting the use of Mr. Hammer's 1981, 1982, and 1983 escapes as inadmissible as evidence of future dangerousness, this Court noted that "[N]o evidence is proffered that the escapes were accomplished through violent acts aimed at prison personnel." *Opinion*, at 10. Luster's analysis of the crime of escape for purposes of sentence enhancement under the sentencing guidelines does nothing to change the fact that Mr. Hammer's escapes, which were accomplished nonviolently, do not implicate his future dangerousness in prison and as such are inadmissible in a federal capital sentencing proceeding.

In rejecting this same argument, this Court also noted that these three escapes "are not sufficiently related to Defendant's future dangerousness in the context of a life imprisonment. A sentence of life imprisonment would still place Defendant under restrictive prison conditions in view of his conviction for killing another inmate, Andrew Marti, and make it unlikely that any future prison escapes would occur." Id. Nothing contained in Luster, Allen or Fields compels a different result.

Moreover, as Luster, Allen and Fields were available to the Government at the time it filed its *Consolidated Brief In Opposition*, they do not provide grounds for reconsideration of this Court's prior decision. See Brambles USA Inc. v.

Blocker, 735 F. Supp 1239, 1240 (D.Del. 1990) (reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided").

The Government has also not presented a change in law rendering this Court's prior ruling clearly erroneous or a change in facts that were not available at the time it filed its *Consolidated Brief In Opposition*. Thus, it has presented nothing "extraordinary" warranting the relief it seeks.

Finally, the Government not only merely regurgitates arguments this Court previously rejected, but fails to address why the decision to exclude the prior escapes and why this Court's conclusion that the "probative value of this evidence is outweighed by the danger of unfair prejudice" is clearly erroneous. *Opinion*, at 10. This Court's decision is well supported by controlling authority and nothing in the Government's *Motion For Reconsideration* undermines the legal and factual foundation of this Court's decision.

For all the reasons stated above, and in *Defendant's Reply To The Government's Consolidated Brief* and in this Court's *Opinion* dated February 28, 2014, the Government's *Motion For Reconsideration* should be denied. Respectfully Submitted,

/s/  RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/s/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

/s/ JAMES MORENO
James Moreno
/s/ JAMES MCHUGH
James J. McHugh, Jr.
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org

Dated: May 5, 2014

# CERTIFICATE OF SERVICE

I, James Moreno, Esquire, do hereby certify that on this date I served a

copy of the foregoing by Electronic Case Filing, or by placing a copy in the United

States mail, first class addressed to the following:


John C. Gurganus, Jr. Esquire       Amanda Haines, Esquire
United States Attorneys Office       United States Department of Justice
Middle District of Pennsylvania      Criminal Division
235 N. Washington Street, Suite 311  Capital Case Section
PO Box 309                           1331 F. Street, N.W.
Scranton, PA. 18501                  Washington, D.C. 20530



/S/JAMES MORENO, ESQUIRE
James Moreno, Esquire


Dated: May 5, 2014