**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

|                          |   |                           |
|--------------------------|---|---------------------------|
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239           |
|                          | : |                           |
| v.                       | : | Honorable Joel H. Slomsky |
|                          | : |                           |
| DAVID HAMMER,            | : | Capital Case              |
|                          | : |                           |
| Defendant                | : |                           |

**BRIEF IN SUPPORT OF MR. HAMMER'S MOTION TO COMPEL THE GOVERNMENT TO PROVIDE MR. HAMMER WITH THE FREEDOM OF INFORMATION ACT (FOIA) EXEMPT DOCUMENTS FROM MR. HAMMER'S BUREAU OF PRISON RECORDS**

The Defendant, David Hammer, through counsel, submits this *Brief in Support of Mr. Hammer's Motion to Compel the Government to Provide Mr. Hammer with the Freedom of Information Act ("FOIA") Exempt Documents from Mr. Hammer's Bureau of Prison ("BOP")Records*.

## I.    Background

On September 18, 1996, a Grand Jury sitting in Williamsport, Pennsylvania, returned an Indictment charging David Hammer with first degree murder arising from the April 13, 1996, death of Mr. Hammer's cellmate, Andrew Marti. Doc. 1. On April 9, 1997, the government filed a notice of its intent to seek the death penalty. Doc. 93. The trial began on May 5, 1998. On June 22, 1998, after the defense had

rested and while the government was presenting its rebuttal case, Mr. Hammer entered a plea of guilty to the murder charge.

The penalty phase began on June 30, 1998. In support of death, the government sought to prove two statutory aggravating factors: that the defendant committed the murder after substantial planning and premeditation, 18 U.S.C. §3592(c)(9), and that the defendant had previously been convicted of a state or federal offense punishable by a term of imprisonment of more than one year that involved the use, or attempted or threatened use, of a firearm against another person, 18 U.S.C. §3592(c)(2). On July 24, 1998 the jury returned a verdict of death.

In September 2002, Mr. Hammer filed a petition for writ of habeas corpus collaterally attacking his conviction and sentence pursuant to 28 U.S.C. §2255. The Court conducted an evidentiary hearing on his petition from July 14, 2005 through September 29, 2005. On the twenty-ninth day of the hearing, September 22, 2005, the government provided the defense with thirty-three previously undisclosed FBI 302 statements that summarized interviews with various prison inmates.

On December 27, 2005, the Court issued its decision vacating the 1998 sentence of death. The Court found, in part, that, as a result of the government's misconduct for failing to disclose material exculpatory evidence, the prior sentencing

proceeding was constitutionally defective.[1]   Specifically, the Court held that the government's failure to disclose four 302 witness statements that were "relevant and material" to the jury's penalty determination violated Brady v. Maryland, 373 U.S. 83 (1963).   United States v. Hammer, 404 F. Supp. 2d 676, 801 (M.D. Pa. 2006) (Muir, J.)   The Court then concluded as a matter of law that the failure of the government to disclose the 302 statements rendered "the penalty phase of the trial defective."   Id.

On November 4, 2011, Mr. Hammer filed his *Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 12 (b) (3) (E) and 16*.   Doc. 1407.   In paragraph 26 of that Motion, Mr. Hammer requested disclosure of Mr. Hammer's entire BOP file, including documents designated as "FOIA Exempt."   Doc. 1407, ¶ 26.   While the government filed an answer objecting to some aspects of Mr. Hammer's request, it did not object to disclosure of the FOIA Exempt documents. See Doc. 1427, ¶ 4; ¶ 6.

Subsequently, counsel for Mr. Hammer and the government engaged in discussions to facilitate the disclosure of Mr. Hammer's BOP records and ultimately a time for counsel to review those records at USP-Terre Haute was scheduled.

---

[1]The Court also found that the jury's failure to find mitigating factors that had been conceded or undisputed by the government constituted constitutional error requiring reversal.   Hammer, 404 F. Supp. 2d at 801.

Counsel reviewed the records provided and tabbed various documents for copying. During that review, counsel did not observe any documents stamped "FOIA Exempt" as is commonly done for records the BOP designates as FOIA Exempt.[2]

Also during the course of counsels' discussions, the government provided Special Investigative Services ("SIS") records for Mr. Hammer. Once again, none of the materials disclosed to counsel contained any documents stamped "FOIA Exempt."

When counsel asked government counsel about the apparent discrepancy arising from the absence of any documents containing the "FOIA Exempt" stamp, government counsel assured counsel that all documents contained within the BOP records had been disclosed, including FOIA Exempt documents.

On April 15, 2014, the government filed its Exhibit Binder In Compliance with the Court's February 28, 2014 Opinion. Exhibit 1.8 of the Government's Binder is a BOP document that is stamped "FOIA Exempt." Counsel did not see this document in any of the BOP materials provided by the government, stamped or otherwise.

As Exhibit 1.8 demonstrates, contrary to the assurances of the government, there appear to be FOIA Exempt documents that have not been disclosed to Mr. Hammer's counsel. As the government has not at any time objected to the disclosure

---

[2]As counsel understand the policy, FOIA Exempt documents are maintained separately within the inmate's BOP file. During their records review at Terre Haute, counsel were not provided access to a separate FOIA Exempt file.

of the records and as Mr. Hammer is clearly entitled to access to these records in order to fully and adequately prepare his defense, Mr. Hammer respectfully requests that this Court issue the attached order directing the government to provide all FOIA Exempt documents from Mr. Hammer's BOP file, including his SIS files forthwith so that counsel can adequately prepare for the pending resentencing hearing.

## II.    Argument

The government has not disputed Mr. Hammer's entitlement to disclosure of the FOIA Exempt documents contained in Mr. Hammer's BOP file.  Indeed, the government assured Mr. Hammer's counsel that these documents had been disclosed. As described above, that is evidently not the case.  As there is no dispute that Mr. Hammer is entitled to these records, an order directing the government to provide that which it agreed to provide is appropriate.

Similarly, in Brady, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt *or to punishment for the offense*, irrespective of the good faith or bad faith of the prosecution."  373 U.S. at 87 (emphasis added).  Indeed, Brady itself was a capital case that involved the suppression of favorable evidence related to the capital sentencing determination.  Id. at 84-01 (affirming state-court decision remanding for retrial as to penalty only).

The "individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." <u>Kyles v. Whitley</u>, 514 U.S. 419, 438 (1995). "In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts." <u>Dennis v. United States</u>, 384 U.S. 855, 873 (1966). Likewise, as the Supreme Court declared, "[a] rule . . . declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process." <u>Banks v. Dretke</u>, 540 U.S. 668, 696 (2004); <u>see also</u> <u>Douglas v. Workman</u>, 560 F.3d 1156, 1172 (10th Cir. 2009). Even if the government prosecutors did not have actual knowledge of the existence of the FOIA Exempt documents contained in Mr. Hammer's BOP records, that does not excuse the non-disclosure. <u>See</u> <u>United States v. Risha</u>, 445 F. 3d 298, 305 (3d Cir. 2006).

All of the items requested are relevant to the penalty phase portion of this trial. As the Supreme Court has repeatedly held, the Eighth Amendment "require[s] that the sentencer ... not be precluded from considering, as a *mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." <u>Eddings v. Oklahoma</u>, 455 U.S. 104, 110 (1982) (quoting <u>Lockett v. Ohio</u>, 438 U.S. 586, 604 (1978) (plurality op.) (emphasis in the original <u>Lockett</u> plurality opinion).

The information requested will likely also be useful to provide necessary rebuttal evidence to the prosecution's claim in aggravation that Mr. Hammer should be sentenced to death. See Wiggins v. Smith, 539 U.S. 510, 524 (2003) (noting that "The ABA Guidelines provide that investigations into mitigating evidence 'should comprise efforts to discovery *all reasonably available* mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor.")

In addition to Brady and its progeny, Mr. Hammer is also entitled to the FOIA Exempt records in Mr. Hammer's BOP files under Rule 16(a) of the Federal Rules of Criminal Procedure–in particular, Rule 16(a)(1)(E)(I), which requires the government, upon a defendant's request, to produce discovery of items that are "material to the preparation of the defense." The items requested are material to the preparation of Mr. Hammer's defense at the penalty phase of the trial.

The failure to provide these records violates Mr. Hammer's Fifth, Sixth and Eighth Amendment rights to due process; to present a defense; to a fair trial; to present relevant mitigation evidence and his right to heightened procedural safeguards required in capital cases.

## III.    Conclusion

Mr. Hammer's resentencing is set to begin on June 2, 2014. With precious

little time left for counsel to review, investigate and develop any evidence arising from the FOIA Exempt documents, an order directing the government to provide those documents forthwith is appropriate.

For the reasons set forth above and those presented for the reasons set forth in the Motion the defendant respectfully requests that the Court issue the attached proposed order directing the government to provide counsel with the BOP FOIA Exempt documents forthwith.

Respectfully submitted,

/S/  RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/S/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

/S/ JAMES MCHUGH
James J. McHugh, Jr.
/S/ JAMES MORENO
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org

# CERTIFICATE OF SERVICE

I, Anne Saunders, Esquire, do hereby certify that on this date I served a copy of the foregoing by Electronic Case Filing, or by placing a copy in the United States mail, first class addressed to the following:

John C. Gurganus, Jr. Esquire
United States Attorneys Office
Middle District of Pennsylvania
235 N. Washington Street, Suite 311
PO Box 309
Scranton, PA. 18501

Amanda Haines, Esquire
United States Department of Justice
Criminal Division
Capital Case Section
1331 F. Street, N.W.
Washington, D.C. 20530

/S/ANNE SAUNDERS, ESQUIRE
Anne Saunders, Esquire

Dated: May 16, 2014