## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,     :
                              :        No. 4:96-CR-00239
         v.                   :
                              :        JUDGE SLOMSKY
DAVID PAUL HAMMER,            :
                              :        Capital Case
         Defendant            :

## DEFENDANT'S MOTION IN LIMINE FOR DISCLOSURE OF THE IDENTITIES OF ANY GOVERNMENT REBUTTAL WITNESSES AND INFORMATION

AND NOW, this 16th day of May, 2014, comes Defendant Hammer, through counsel, and files the within Motion seeking the disclosure by the government of any rebuttal witnesses and information relating to those witnesses, and in support thereof asserts as follows:

1.    On March 27, 2014, the defense team provided to the government copies of various expert reports and a list of five other individuals together with written notice of the scope of the testimony to be presented by these individuals. Pursuant to 18 U.S.C. §3593(e), the government would be allowed to call witnesses to rebut the testimony presented through the various experts and the other five listed individuals.

2. Pursuant to the policies underlying the Federal Death Penalty Act, the Federal Rules of Criminal Procedure, and the Eighth and Fourteenth Amendment heightened procedural safeguards required in capital cases, the disclosure being requested via this Motion is appropriate in the interests of justice and to avoid any possible hearing delay.

3. The government has possessed the submitted expert reports and the letter giving Notice of the intent to call other individuals, together with the explanation of the substance of the evidence to be presented.

4. The government has refused Mr. Hammer's requests for disclosure of the identity and information concerning witnesses the government intends to call in rebuttal.

5. The defense team requests that this Court enter an Order identifying all expected rebuttal witnesses, and that with respect to any proposed expert rebuttal witnesses that the government be directed to provide the Curriculum Vitae, a summary of the proposed testimony, the factual basis supporting each opinion to be offered, and copies of any reports provided by the expert to the government.

6. In discussions between various members of the defense team and various members of the prosecution team, an indication has been made that former BOP Warden Dodrill may be called by the government to rebut defense testimony to be presented through former BOP employees R. Tim Gravette.

7.   A review of recently tried federal death penalty cases shows that former Warden Dodrill is frequently called by the government in rebuttal.

8.   A review of transcripts from prior cases where Mr. Dodrill has appeared as a rebuttal witness show that it is not unusual for the government to request that the Office of Research and Evaluation provide data to Mr. Dodrill or the government counsel that is not available to the defense BOP expert.

9.   Based upon Mr. Dodrill's appearances as a rebuttal witness in *United States vs. Larry Lujan*, No. CR-05-924-RB, District of New Mexico (September 27, 2011), *United States vs. Alexis Candelario-Santana*, No. CR-09-427, District of Puerto Rico (March 20, 2013), and *United States vs. Kaboni Savage*, No. CR-07-00550, Eastern District of Pennsylvania (May 29, 2013), Mr. Hammer is able to make specific requests concerning the production of information with respect to Mr. Dodrill.

10.  If the Court grants the request for the government identification of its rebuttal witnesses, this may enable the defense to supplement its disclosure request with respect to other currently unidentified rebuttal witnesses who have previously been called in that capacity by the government.

11.  The specific request for identification of all rebuttal witnesses and associated information will enable the defense team as well as the Court to examine, assess and determine whether the proposed rebuttal information, in whole

3

or in part, would constitute prohibited testimonial or hearsay evidence that does not satisfy the relevancy and admission standards of the Federal Death Penalty Act, the Federal Rules and the Fifth, Sixth and Eighth Amendments.

12.   The specific information sought with respect to Mr. Dodrill will enable the defense and the Court to make the assessment and evaluation as set forth in the previous paragraph, but additionally will enable the defense and the Court to determine whether any of the proposed information to be presented through Mr. Dodrill falls within the parameters of evidence the government agreed it would not be presenting during the discovery litigation.

13. Based upon the testimony presented by Mr. Dodrill in the *Lujan, Candelario-Santana,* and *Savage* cases, the defense requests disclosure of the following:

a.   Copies of all documents previously provided to Mr. Dodrill by the BOP in conjunction with his testimony in *Lujan, Candelario-Santana*, and *Savage.*

b.   All documents provided to Mr. Dodrill by the BOP in conjunction this his expected testimony in this case.

c.   All supporting documents possessed by the BOP showing the type of weapon allegedly found during 2012 and identifying the institution at which each weapon was found, supporting the testimonial claim by Mr.

4

Dodrill on May 29, 2013, in *United States vs. Savage*, that there were 3,800 weapons confiscated by the BOP during 2012.

d. All documents possessed by the BOP supporting the testimony provided by Mr. Dodrill on May 29, 2013, in *United States vs. Savage*, that there were "just been under" 50 homicides in the system in the last 3 ½ years.

1) For each alleged homicide, the facility where the homicide allegedly occurred, and what remedial action was taken by the BOP to ensure a similar homicide did not occur in the future, providing copies of any After-action report compiled by the BOP recommending remedial action.

e. All documents possessed by the BOP allegedly supporting the testimony by Mr. Dodrill that life-sentenced prisoners committed "more serious violence" than other prisoners as asserted during his testimony in the Savage case on May 29, 2013.

1) For each alleged act of serious violence, a description of the alleged violence behavior, the institution in which the alleged violence behavior occurred, the age of the prisoner allegedly committing the serious acts of violence.

2)   Whether the life-sentenced prisoner had been found by a jury to represent a "future danger."

f.   A list of names and the length of stay for anyone currently housed at ADX who has been continually housed at that facility for a period of time in excess of 3 years.

WHEREFORE, for the reasons as more fully set forth herein, the Court should grant the general request for disclosure of the names of rebuttal witnesses and information pertaining to each witness, and also grant the more specific requested information with regard to Witness Dodrill.

Respectfully submitted,

s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Rieders, Travis, Humphrey, Harris,
Waters, Waffenschmidt & Dohrmann
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

/s/ Anne Saunders, Esquire
Anne Saunders, Esquire
Assistant Federal Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Ste. 300
Harrisburg, PA  17101
(717) 782-3843 (telephone)
(717) 782-3966 (facsimile)
Anne_Saunders@fd.org

/s/ James McHugh, Esquire
James McHugh, Esquire
James Moreno, Esquire
Federal Community Defender
Eastern District of Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA  19106

(215) 928-1100 (telephone)
(215) 928-0826 (facsimile)
James_McHugh@fd.org
James_Moreno@fd.org

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 4:96-CR-00239 |
| | : | |
| v. | : | |
| | : | (Judge Slomsky) |
| DAVID PAUL HAMMER | : | |
| | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## CERTIFICATE OF SERVICE

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant Hammer, and certifies that a copy of the foregoing Defendant's Motion in Limine for Disclosure of the Identities of any Government Rebuttal Witnesses and Information, has been served upon all counsel of record via ECF this 16th day of May, 2014.

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS, WAFFENSCHMIDT & DOHRMANN

/s/ Ronald C. Travis, Esquire

Ronald C. Travis, Esquire
Attorney for Defendant
PA ID#:  08819
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

8