## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,   :

      :    No. 4:96-CR-00239

    v.      :

      :    JUDGE SLOMSKY

DAVID PAUL HAMMER,   :

      :    Capital Case

     Defendant   :

## DEFENDANT HAMMER'S MOTION IN LIMINE TO ADMIT THE TESTIMONY AT TRIAL OF MARK DONATELLI

Defendant David Paul Hammer, by and through his counsel, respectfully moves the Court in limine, pursuant to the Fifth, Sixth and Eighth Amendments and 18 U.S.C. §3593, for an Order allowing him to produce at the penalty trial the testimony of Mark Donatelli, Esquire, as described herein.

As grounds and support of the Motion, counsel sets forth the following:

1. David Paul Hammer is currently scheduled to begin a penalty phase retrial on June 2, 2014.

2. The aforesaid retrial will be held on a non-jury basis based upon the recently approved waiver by Mr. Hammer of his entitlement to proceed before a jury.

3.    Mr. Hammer stands convicted of first-degree murder based on a guilty plea entered before the United States District Court for the Middle District of Pennsylvania on June 22, 1998.

4.    Based upon the entered guilty plea the only possible sentences which may be imposed as a result of that guilty plea are life imprisonment without the possibility of release or a sentence of death.

5.    The Government has given Notice of Intent to seek a sentence of death if it is able to prove beyond a reasonable doubt Mr. Hammer had a specific mental intent and its ability to prove beyond a reasonable doubt the existence of at least one statutory aggravating factor.

6.    The Government would also be obligated to prove beyond a reasonable doubt that Mr. Hammer was at least 18 years of age at the time of the death of Andrew Marti, and the age of Mr. Hammer will not be contested.

7.    If the Government is able to prove beyond a reasonable doubt the alleged mental intent and the existence of at least one statutory aggravating factor, it will then be able to present evidence in support of any other noticed statutory or non-statutory aggravating factors.

8.    Mr. Hammer will be permitted to present information in support of various alleged mitigating circumstances.

9.    As part of its mitigation information Mr. Hammer wishes to introduce the testimony of Attorney Mark Donatelli.

10.    Attorney Donatelli is employed by the Federal Death Penalty Resource Counsel Project.

11.    The Resource Counsel Project was started in 1992 and is funded and administered under the Criminal Justice Act by the Office of Defender Services for Administrative Office of the United States Courts.

12.    In addition to his position as Resource Counsel, Attorney Donatelli has hands on experience in defending potential death penalty cases, both in the federal system and state jurisdictions where a sentence of death is an authorized punishment.

13.    Based upon his experience in dealing with inmate litigation, Attorney Donatelli has assumed the position with the Resource Counsel Project where he is involved in monitoring all federal capital prosecutions where the defendant is an inmate.

14.    In the general sense, the goal of the Resource Counsel Project is to assist in the delivery of adequate defense services to indigent capital defendants.

15.    In his role as manager of services provided to inmate defendants in potential federal capital prosecutions Attorney Donatelli is intimately familiar with

those cases where an inmate is ultimately charged with killing another inmate and also on the rare occasions when an inmate is charged with killing a staff member.

16. Attorney Donatelli regularly communicates with defense teams assigned to the defense of an inmate who may be subjected to capital prosecution, and he monitors and suggests to defense teams strategies to be employed during the authorization phase, during the pretrial phase, and during the trial itself.

17. Attorney Donatelli has also organized training sessions for attorneys who are providing defense services to inmates where the case has been authorized as a capital prosecution, and coordinates the appearance of experienced counsel in inmate cases to provide insight and information to defense teams and does himself provide information to the defense teams based upon his own personal experience.

18. The defense team proposes to have Attorney Donatelli present to the Court testimony in the following areas:

A. A statistical summary of the number of federal eligible cases. The information provided will show the number of murders where the death penalty could have been sought versus the number of cases actually authorized for capital prosecution. Attorney Donatelli would also testify concerning the results of the pool of death authorized cases, including withdraw of the Notice of Intent, approved plea dispositions, and the returned verdicts in those cases which went to trial.

4

B. The number of prison murders based upon a submission made by the Government on November 1, 2013, in *United States vs. McCloskey*, a case filed in the United States District Court for the District of New Mexico at No. CR 10-2734, which resulted in the return of a life imprisonment without the possibility of release verdict.

C. Mr. Donatelli will testify that the Government submission in the McCloskey case provided a list of 114 "prison murders" from December 14, 2001, through October 1, 2013.

D. Mr. Donatelli will identify those of the 114 listed cases where Notice of Intent to seek a sentence of death was filed.

E. Of the 114 cases where a Notice of Intent was filed, Mr. Donatelli will identify those cases where the Notice of Intent was withdrawn by the Government before a sentencing verdict was reached.

F. Mr. Donatelli will identify those cases of the 114 which went to trial and a sentencing verdict was returned and what the returned sentencing verdict was.

G. Mr. Donatelli will also testify that of the 114 listed "prison murders," 19 were not inmate killing inmate, rather there was a killing of an inmate housed at a CCM being shot by a non-inmate.

H. Mr. Donatelli will also testify concerning the cases within the jurisdiction of the United States District Court for the Middle District of Pennsylvania included in the list, and what occurred in each case.

19. In non-capital cases, a sentencing court is to take into consideration the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §3553(a)(6).

20. The information to be presented by Attorney Donatelli will provide information which will enable the Court to avoid unnecessary sentencing disparity in its sentencing determination with respect to Mr. Hammer.

21. To allow sentencing disparity to be considered and weighed in a non-capital sentencing but to preclude the information from being presented in a capital prosecution would be in violation of the Fifth, Sixth and Eighth Amendment rights of Mr. Hammer and 18 U.S.C. §3593.

22. The information to be presented through Attorney Donatelli will enable this Court to consider questions of proportionality and equity when evaluating whether the sentence of life imprisonment without the possibility of release or death is appropriate.

23. Information sought to be introduced through Attorney Donatelli falls within the parameters of the Federal Death Penalty Act definition of mitigating evidence.

6

WHEREFORE, Defendant Hammer requests the Court enter an Order permitting the information to be presented to the Court through the testimony of Attorney Mark Donatelli at the penalty retrial.

Respectfully submitted,

s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Rieders, Travis, Humphrey, Harris,
Waters Waffenschmidt & Dohrmann
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

/s/ James McHugh, Esquire
James McHugh, Esquire
James Moreno, Esquire
Federal Community Defender
Eastern District of Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA  19106
(215) 928-1100 (telephone)
(215) 928-0826 (facsimile)
James_McHugh@fd.org
James_Moreno@fd.org

/s/ Anne Saunders, Esquire
Anne Saunders, Esquire
Assistant Federal Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Ste. 300
Harrisburg, PA  17101
(717) 782-3843 (telephone)
(717) 782-3966 (facsimile)
Anne_Saunders@fd.org

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   :
                      :    NO. 4:96-CR-00239
                      :
      v.            :
                      :    (Judge Slomsky)
DAVID PAUL HAMMER      :
                      :
Defendant              :

## CERTIFICATE OF SERVICE

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant Hammer, and certifies that a copy of the foregoing Defendant Hammer's Motion in Limine to Admit the Testimony at Trial of Mark Donatelli, has been served upon all counsel of record via ECF this _20th_ day of May, 2014.

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS, WAFFENSCHMIDT & DOHRMANN

/s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Attorney for Defendant
PA ID#:  08819
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

8