IN THE DISTRICT COURT OF OKLAHOMA COUNTY,

STATE OF OKLAHOMA.

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

OCT 22 1985

JAMES W. PATTERSON
CLERK

THE STATE OF OKLAHOMA,                )
                                      )
                        Plaintiff,    )
                                      )
             vs.                      )   No.   CRF-84-1310
                                      )
DAVID PAUL HAMMER,                    )
                                      )
                        Defendant.    )

F-85-672

TRANSCRIPT OF TRIAL PROCEEDINGS

HAD BEFORE THE HONORABLE JAMES B. BLEVINS,

ON THE 4TH, 5TH AND 6TH DAYS OF SEPTEMBER, 1984.

RECEIVED

OCT 23 1985
BY
ATTORNEY GENERAL
of Oklahoma

REPORTED BY:

Patsy Franks, C.M., R.P.R.
Official Court Reporter
201 County Courthouse
Oklahoma City, Oklahoma  73102

## A P P E A R A N C E S

FOR THE STATE:

> Mr. Lou Keel
> Assistant District Attorney
> Oklahoma County Courthouse
> Oklahoma City, Oklahoma

FOR THE DEFENDANT:

> Mr. David Paul Hammer, pro se
>
> Mr. Ron Evans
> Assistant Public Defender
> Oklahoma County Courthouse
> Oklahoma City, Oklahoma

5

THE COURT: All right. Now, what else do we need to cover? On your Motion in Limine?

MR. KEEL: On the State's Motion in Limine, Your Honor, which has been filed of record, State requests that the Court admonish defense counsel and Defendant that they should not by, through their witnesses, questions directed to the State's witnesses elicit any claim, question or testimony with respect to the victim, Thomas Upton, State's witness, to the fact that he has in the past engaged in homosexual activity or that he has a preference sexually towards males. I submit that this is irrelevant to any issue before the Court. If they feel that they can say he was in a bar which caters predominantly to homosexuals, the fact that he was in a bar at the time that he claims to have been in the company of Mr. Hammer would be relevant but the question can be sufficiently addressed just as such. Were you at such and such a location on that date in question, at that time in question and that that will serve any purpose that Defendant could possibly have in a relevant fashion and it would keep the issues relevant before this Court.

THE COURT: All right. Mr. Hammer?

DEFENDANT: Your Honor, Title 12, 2608 "B" reads, "Specific instances of the conduct of a witness for the purpose of attacking and supporting his credibility other than convictions of crimes as provided in Section 609 of this

code, may not be proven by extrinsic evidence.  They may, however, in the discretion of the Court, if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness if they concern his character for truthfulness or untruthfulness, concerning his character for truthfulness or untruthfulness of another witness as to which character the witness being cross examined has testified."

MR. KEEL:  So, if you're a homosexual, that means you're a liar?  It's truthfulness or dishonesty.

THE COURT:  Just a minute.

DEFENDANT:  We have that here, Mr. Keel, in the preliminary hearing transcript.  Mr. Upton has testified that he is not a homosexual and we intend to show evidence that he is.

MR. KEEL:  I understand what you're saying.

DEFENDANT:  Goes to the truthfulness of the witness.

MR. KEEL:  It's irrelevant then and it's irrelevant now.  Got no business before the Court.

THE COURT:  Just a minute.

Okay.  I don't think that that's correct.  I'm reading here and I think that it's inadmissible as to what Mr. What's His Name, Upton, did with some other individual, and even if he was, just don't believe it's admissible at all

about his activities, what he did.  Apparently it was not the crime that you're alluding to that he was convicted of.  It was an act that he committed while under the control of the Department of Corrections which is not the offense that he was committed for; is that correct, Mr. Hammer?

DEFENDANT:  That's correct, Your Honor.

THE COURT:  I don't think that's admissible, and you're referring to the alleged homosexual act.

DEFENDANT:  Right.  That the rape of an individual while incarcerated.

THE COURT:  And, there's never any charges brought on that, was there.

DEFENDANT:  There was no felony charges.  There was only institutional charges.

THE COURT:  That's not the same.  Whatever the institution does was not done in a court of law.  I'm not going to permit it.

MR. KEEL:  Mr. Short you're talking about, Mr. Hammer?

DEFENDANT:  I didn't say who I was talking about, Mr. Keel.  I didn't say which witness.

MR. KEEL:  We're going to ask for an offer of proof before you bring any of these witnesses down, and before you make an opening statement we would also ask that this Motion in Limine be applicable.  So, if you want to bring