**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **-vs-** | **:** | |
| | **:** | **NO.  4:CR-96-239** |
| **DAVID PAUL HAMMER,** | **:** | |
| | **:** | |
| **Defendant** | **:** | |

## BRIEF IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE PROPOSED MITIGATION TESTIMONY

Based on summaries of defense witnesses received last week and the representations in defendant's opening statement, the United States of America, by and through its undersigned attorneys, moves *in limine* regarding defense presentation of information or argument not properly bearing upon defendant David Paul Hammer's individual characteristics or the circumstances of his offense of conviction.

### I.      Motion to Exclude Execution Impact Evidence

On Wednesday, May 28, 2014, via email, the United States received summaries of proposed defense witnesses which revealed that six family members were likely to testify about the impact that the Defendant's execution would have on them, among other areas. The Government objects to the information as it pertains to the potential impact that Mr. Hammer's execution may have on those family members.

The FDPA incorporates prior federal case law defining mitigating factors as "factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence."  18 U.S.C. § 3592(a)(8).  Similarly, the

Supreme Court has defined "relevant mitigating evidence" as "any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Lockett v. Ohio*, 438 U.S. 586, 604 (1978). *See also Franklin v. Lynaugh*, 487 U.S. 164, 174 (1988).

Mitigation "encompasses both culpability and character, all to the extent relevant to the defendant's 'personal responsibility and moral guilt.'" *United States v. Gabrion*, 719 F.3d 511, 522 (6th Cir. 2013) (en banc) (quoting *Enmund v. Florida*, 458 U.S. 782, 801 (1982)), *pet. for cert. filed* (Oct. 25, 2013). Mitigation evidence "is not an empty concept to be filled by whatever a lawyer or court thinks might persuade a single juror in a particular case." *Id*. "Otherwise, for example, the Eighth Amendment would compel admission of evidence regarding the positions of the planets and moons at the time of the defendant's offense—so long as he can show that at least one juror is a firm believer in astrology." *Id*. Even information that meets the Court's bar for admission must also fall within the ambit of the FDPA's evidentiary standard, 18 U.S.C. § 3593(c). *See United States v. Lujan*, 603 F.3d 850, 854 (10th Cir. 2010).

In this case, based on the proffered summaries, the defendant may attempt to introduce evidence relating to the effect that his execution would have on his family, friends, and loved ones. However, testimony that the defendant's family and friends love him, that a death verdict would have a negative impact on them, their own personal views about the death penalty, their opinion regarding the sentence that should be imposed in this case, or any general plea for sympathy or mercy are irrelevant and are not proper mitigation evidence. Such "execution impact" testimony was specifically disallowed in a recent federal death penalty case. *See United States v. Taylor*, 583 F. Supp. 2d923, 944-45 (E.D. Tenn. 2008) (denying motion for acquittal where defense witness was not permitted to testify how her life would be impacted if

the defendant were sentenced to death or executed).

The Taylor Court held:

[W]hile the FDPA specifically provides for victim impact evidence, 18 U.S.C. § 3593(a), there is no parallel provision allowing for execution impact evidence. Asking the jury to sentence a defendant to life is not mitigating evidence. *United States v. Mitchell*, 502 F.3d 931, 991 (9th Cir. 2007) (approving of district court not allowing witnesses to offer opinions on what the jury's verdict should be); *United States v. Caro*, 461 F. Supp. 2d 459, 465 (W.D. Va. 2006) ("[A]n express plea for mercy to the jury from a defendant's witness is not mitigating evidence that could aid the jury in their decision making.").

*Id*. at 944.  At least two federal district courts conducting habeas review of state death sentences have concluded that federal law does not require admission of execution impact testimony.  *See Stenson v. Lambert*, 504 F.3d 873, 892 (9th Cir. 2007); *Jackson v. Dretke*, 450 F.3d 614, 617-18 (5th Cir. 2006).  And recently, the Fourth Circuit has observed that no federal case, including *Lockett*, requires the admission of execution impact evidence.  *United States v. Hager*, 721 F.3d 167, 195 (4th Cir. 2013); *see also United States v. Troya*, ___ F.3d ___, ___, 2013 WL 5461842, *1 (11th Cir. 2013)(finding "no merit" to an appellate challenge to the exclusion of execution impact evidence); *United States v. Umana,* case no. 3:08-cr-134, 2010 WL 3023498 *15 (W.D.N.C. 2010) (excluding execution-impact evidence).  The defendant may argue that concern about his potential execution reflects affection for him and, by extension, the quality of his character.  But even direct statements of love and affection are not mitigating evidence. *Coleman v. Saffle*, 869 F.2d 1377, 1393 (10th Cir. 1989).  As the Tenth Circuit has observed, "statements that the witnesses loved [the defendant] . . .  in no way concerned an aspect of his 'character or record and any of the circumstances of the offense.'"  *Id.* (quoting *Lockett*, 438 U.S. at 604).

In addition to the fact that execution impact testimony is irrelevant, there are other problems posed by such testimony.  First, the testimony would be speculative, inquiring

about the effect a future event would have on a witness's life.  *See Taylor*, 583 F. Supp. 2d at 944 (distinguishing victim impact testimony, which focuses on the actual effect the victim's death has had on a witness, from execution impact testimony, which would focus on the speculative effect the defendant's death would have on a witness in the future). Second, permitting execution impact testimony would be unfair to the government, the victim, and the victim's loved ones.  *See id* at 944-45.  In presenting victim impact testimony, the government is limited to presenting testimony regarding the effect the loss of the victim has had on the witness's life. *See Payne v. Tennessee*, 501 U.S. 808, 827 (1991). The victim impact witness is not permitted to opine regarding the defendant, the circumstances of the offense, or the desired sentence.  *See Booth v. Maryland*, 482 U.S. 496, 509 (1987) *overruled on other grounds*, *Payne*, 501 U.S. 808, 827.  However, execution impact testimony boils down to a plea for sympathy and mercy.  Just as victim impact witnesses are not permitted to cry out for death, execution impact witnesses should not be allowed to cry out for life.

Accordingly, the Government requests that this Honorable Court not permit execution impact testimony in this case.

## II.    Motion to Exclude Testimony from a "Teaching Experts"

The defendant has also provided notice of his intent to call a teaching expert at the sentencing phase.  Specifically, the defendant has given notice that he intends to call:

Louis W. Bullock, Esquire

Mr. Bullock, an attorney from Oklahoma City, will testify about the class action lawsuit he filed on behalf of mentally ill inmates in the custody of the Oklahoma Department of Corrections in the 1980's alleging the DOC failed to provide adequate psychiatric care. His testimony will be similar to what he said in the 2255 proceedings.

The Government respectfully requests that this Honorable Court exclude Mr. Bullock

from testifying.  As admitted by the defendant in his pleading, Mr. Bullock will not base his testimony upon examinations of the defendant or even on certain individual characteristics of the defendant.  Rather, the defendant will likely attempt to offer through Mr. Bullock general testimony regarding failure to provide adequate psychiatric care for mentally ill inmates in the custody of the Oklahoma Department of Corrections.  The Government respectfully requests that this Honorable Court disallow such testimony as it is not individualized to the defendant and not relevant as a mitigating factor.

Admittedly, the defendant in this capital case has the right to present any mitigating evidence related to his background, criminal record, or the circumstances of his offense.  *See Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982); *Lockett v. Ohio*, 438 U.S. 586, 605 (1978).  *See also*, 18 U.S.C. § 3592(a)(8).  However, this right is not unfettered and this Court has discretion to bar proposed mitigating evidence that is not relevant to the defendant's background, criminal record, or circumstances of his offense.  *See Lockett*, 438 U.S. at 605.  This Court may also bar proposed mitigation evidence that is not individually tailored to this particular defendant.  *See Zant v. Stephens*, 462 U.S. 862, 879 (1983) ("What is important at the selection stage is an individualized determination on the basis of the character of the individual and the circumstances of the crime."); *Jones v. United* States, 527 U.S. 373, 381 (1999) (establishing that the foundation of capital sentencing is an "individualized inquiry").  Further, the Court may limit proposed mitigating evidence if "its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."  18 U.S.C. § 3593(c).

This Court should exclude general testimony from so-called social historians or "teaching experts" such as Louis Bullock.  Such general testimony is not relevant to the

defendant's background, criminal history, or the circumstances of his offense.  This witness does not provide information that is individualized to this defendant.   For these reasons, proposed "teaching experts" have been excluded from testifying or had their testimony limited in several federal capital cases.  *See United States v. Lecroy*, 441 F.3d 914, 927 (11th Cir. 2006) (discussing trial court's decision that testimony from mental health "teaching experts" may be limited and that use of such experts triggered the government's right under Fed. R. Crim. P.12.2 to have an independent examination of the defendant and to use findings from such examination in rebuttal); *Johnson*, *supra*, 223 F.3d at 674-75 (holding general prison security expert should not have been permitted to testify at trial except in rebuttal to future dangerousness aggravating factor); *United States v. Wilson*, 493 F. Supp. 2d 491, 508-09 (E.D.N.Y. 2007) (allowing teaching experts to testify only in rebuttal to future dangerousness); *Edelin*, *supra*, 180 F. Supp. 2d at 76 (holding general testimony from psychologist and prison expert had "no relation to the specific charges against Tommy Edelin, his character, or any other proper mitigation factor, would provide no basis for the jury to impose a sentence less than death, and is therefore inadmissible as mitigating evidence"); *Taylor*, *supra*, 583 F. Supp. 2d at 940-41 (excluding testimony from teaching experts on prison conditions because such testimony was not relevant and not individualized).

For the reasons set forth above, the Government respectfully requests that this Court exclude testimony from Louis Bullock, a teaching expert in this case who has not personally examined the defendant and proposes to testify regarding a class action lawsuit not individually tailored to the defendant's background or character, criminal history, or the circumstances of his offense.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/ John C. Gurganus, Jr.
JOHN C. GURGANUS, JR.
Assistant U.S. Attorney

AMANDA HAINES
Trial Attorney
Department of Justice

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on June 2, 2014, he served a copy of the attached:

## BRIEF IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE PROPOSED MITIGATION TESTIMONY

by electronic filing on counsel for the defendant.

Ronald C. Travis, Esquire
rtravis@riederstravis.com

James J. McHugh, Jr., Esquire
James_McHugh@fd.org

James Moreno, Esquire
James_Moreno@fd.org

Anne Saunders, Esquire
Anne_Saunders@fd.org


                                        /s/ John C. Gurganus, Jr.
June 2, 2014                            _____
Date                                    JOHN C. GURGANUS, JR.
                                        Assistant U.S. Attorney