IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION |
| DAVID PAUL HAMMER, | NO. 96-239 |
| Defendant. | |

## ORDER

**AND NOW**, this 4th day of June 2014, upon consideration of Defendant's Motion to

Preclude All Evidence of An Alleged March 19, 1995 Incident that Took Place At the United

States Penitentiary-Lompoc (Doc. No. 1689) and the Government's Response (Doc. No. 1722),

it is **ORDERED** that Defendant's Motion to Preclude All Evidence of An Alleged March 19,

1995 Incident that Took Place At the United States Penitentiary-Lompoc (Doc. No. 1689) is

**DENIED.**[1]

---

[1] In this Motion, Defendant seeks to preclude all evidence of an incident that occurred on March 19, 1995 at the United States Penitentiary-Lompoc. This incident involved Defendant and his cellmate at the time, Glenn Bivens. (Doc. No. 1722 at 1.) Bureau of Prisons ("BOP") officials videotaped a portion of this incident but this video cannot be located. (Doc. No. 1689 at 5.) The Government is also unable to locate a summary of an interview with Defendant conducted shortly after the incident ("Lompoc 302"). Defendant argues that the loss of the video and the failure to disclose the Lompoc 302 are constitutional violations because of the exculpatory nature of this evidence. Defendant also argues that all evidence of the Lompoc incident should be barred given the Government's record of failing to disclose exculpatory evidence, because it constitutes acquitted conduct, and because of the Government's mischaracterization of the incident. The Court disagrees and will allow evidence of the Lompoc incident to be admitted at the resentencing hearing.

Evidence offered during a capital sentencing proceeding must meet a "strikingly high level of relevance and reliability." United States v. Bin Laden, 126 F.Supp. 2d 290, 302 (S.D.N.Y. 2001). In addition to this heightened reliability and relevancy requirement, the probative value of the evidence must outweigh the danger of creating unfair prejudice, confusing the issues, or misleading the jury in order to be admissible. 18 U.S.C. § 3593(c). In cases involving evidence that is potentially exculpatory, "[u]nless a criminal defendant can show bad faith on the part of

BY THE COURT:

JOEL H. SLOMSKY, J.

---

the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood, 467 U.S. 479, 489 (1984).

Here, there is no evidence that the Government engaged in bad faith by failing to preserve the video or the Lompoc 302. Without a showing of bad faith, failure to preserve potentially useful evidence does not constitute a denial of due process. Moreover, the probative value of the Lompoc incident evidence outweighs any danger of creating unfair prejudice. The Lompoc incident is relevant to the aggravating factor of future dangerousness being litigated at the resentencing hearing. At the hearing, the Court will have the opportunity to consider this evidence and to make decisions regarding the weight to be given to the Lompoc incident.