# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
|  | : |  |
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
|  | : |  |
| v. | : | Honorable Joel H. Slomsky |
|  | : |  |
| DAVID HAMMER, | : | Capital Case |
|  | : |  |
| Defendant | : |  |
| _____ | : | _____ |

### BRIEF IN OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE MITIGATION TESTIMONY REGARDING THE IMPACT OF MR. HAMMER'S DEATH

Defendant, David Hammer, through undersigned counsel, submits this

*Brief in Opposition to the Government's Motion in Limine to Preclude Mitigation Testimony Regarding the Impact of Mr. Hammer's Death*.

This matter is currently before this Court for a capital resentencing hearing. On June 2, 2014, the government filed a *Motion in Limine to Preclude Proposed Mitigation Testimony*. Doc. 1724. In part, the government objects to the presentation of testimony regarding the impact of Mr. Hammer's death on family members and other mitigation witnesses Mr. Hammer intends to call.[1]

---

[1] The government also objected to the testimony of Louis Bullock, Esquire. This Court denied that part of the motion on June 9, 2014.

In its opposition, the government contends that such evidence is not relevant to the Court's sentencing determination. The government is wrong. Under the Federal Death Penalty Act, relevant mitigation evidence includes any evidence about a defendant's background, history or character. See 18 U.S.C. § 3592(a)(8). Likewise, under the Fifth, Sixth and Eighth Amendments a capital defendant has "a right – indeed, a constitutionally protected right," Williams, 529 U.S. 362, 393 (2000) – to have this Court consider and give full mitigating effect to evidence relating to anything in his background, character, or record, or the circumstances of the offense that could provide a basis to spare his life. E.g., Lockett, 438 U.S. 586, 602-05 (1978); Eddings v. Oklahoma, 455 U.S. 104, 110 (1982); Tennard v. Dretke, 542 U.S. 274, 284-5 (2004). Moreover, because of the Eighth Amendment requirement of individualized sentencing, the government may not limit presentation or impair consideration of "compassionate or mitigating factors," Woodson, 428 U.S. at 304, relating to the individual defendant's character, background, or record, or the circumstances of the offense that "would humanize [him] or allow the [ jury] to accurately gauge his moral culpability," Porter v. McCollum, 130 S. Ct. 447, 454 (2009). The proffered evidence falls squarely within these parameters.

Evidence similar to that Mr. Hammer intends to present has been admitted and found by one or more jurors in a number of other federal capital sentencing hearings in this Circuit, including this case. In United States v. Northington, 07-550-05 (E.D.

2

Pa.) (Judge Surrick), a sentencing hearing conducted in 2013, all twelve jurors found that "a sentence of death would adversely impact the Northington family." Exhibit 1. In United States v. Phillips, No. 07-549-01 (E.D. Pa.) (Judge Joyner), a capital sentencing that was conducted in 2010, the defense was permitted to present testimony similar to that proposed by Mr. Hammer. One or more jurors found three separate mitigating factors that Mr. Phillips' "friends and family will suffer grief and loss" if he is executed; that Mr. Phillips' execution "will cause his daughters, in particular to suffer grief and loss;" and that if Mr. Phillips is sentenced to life imprisonment without parole, "he can contribute positively to the lives of [his children]." Exhibit 2. In United States v. O'Driscoll, No. 4:CR-01-277 (M.D. Pa.) (Judge Muir), a sentencing conducted in 2003, the Court permitted such testimony and one or more jurors found that "If Mr. O'Driscoll is executed, his family will suffer grief and loss." Exhibit 3. And, in this case, the Court permitted the testimony and all twelve jurors found that "[f]riends and family members of Mr. Hammer will be affected if he is sentenced to death." Exhibit 4.

The government's reliance on United States v. Lujan, 603 F. 3d 850 (10th Cir. 2010), is perplexing. See Doc. 1724 at 20. In Lujan, the Court permitted the presentation of testimony similar to that proposed by Mr. Hammer and the jury found multiple mitigating factors regarding the impact of Mr. Lujan's death on Mr. Lujan's

friends, family and children.[2]  Exhibit 5.  Accordingly, <u>Lujan</u> does not support the government's contention that this evidence should be precluded.

The government's reliance on <u>Stenson v. Lambert</u>, 504 F. 3d (9th Cir. 2007) and <u>Jackson v. Dretke</u>, 450 F. 3d 614 (5th Cir. 2006), is similarly misplaced.  Each of these cases involved appeals from the denial of relief under Section 2254, a habeas proceeding challenging a state conviction and death sentence.  As these cases involved a review  through the lens of the AEDPA deference requirements, they are not applicable here.

Finally, nothing in <u>United States v. Hager</u>, 721 F. 3d 167, 196-97 (4th Cir. 2013), says that such evidence *must* be precluded, only that it was not constitutional error or an abuse of discretion for the lower court to do so.  For the reasons described above, Mr. Hammer respectfully disagrees with the Fourth Circuit's constitutional analysis.   Nevertheless, the Fourth Circuit's determination provides no bar to this Court's admission of this evidence and for the reasons provided above, the evidence is relevant and admissible.  <u>See also</u> <u>Sears v. Upton</u>, 561 U.S. 945, 130 S. Ct. 3259, 3268 (2010) (Scalia, J. dissenting) (noting that Sears' counsel had developed and presented evidence that "sentencing Sears to death would devastate  his family and

---

[2]The specific section cited by the government from that opinion discussed the admissibility of *aggravation* evidence, not mitigation evidence.  <u>Lujan</u>, 603 F. 3d at 854.  For this additional reason, nothing in <u>Lujan</u> precludes the admission of this evidence.

friends" and that counsel presented seven witnesses supporting the defense theory).

For each of these reasons, Mr. Hammer respectfully requests that this Court deny the government's Motion.

Respectfully submitted,


/S/  RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com


/S/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

/S/ JAMES MCHUGH
James J. McHugh, Jr.
/S/ JAMES MORENO
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org

## CERTIFICATE OF SERVICE

I, Anne Saunders, Esquire, do hereby certify that on this date I served a copy of the foregoing by Electronic Case Filing, or by placing a copy in the United States mail, first class addressed to the following:

John C. Gurganus, Jr. Esquire
United States Attorneys Office
Middle District of Pennsylvania
235 N. Washington Street, Suite 311
PO Box 309
Scranton, PA. 18501

Amanda Haines, Esquire
United States Department of Justice
Criminal Division
1331 F. Street, N.W.
Washington, D.C. 20530

/S/ANNE SAUNDERS, ESQUIRE
Anne Saunders, Esquire

Dated: June 9, 2014