**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No. 4:96-CR-239 |
| | : | |
| v. | : | Hon. Joel H. Slomsky |
| | : | |
| DAVID HAMMER, | : | THIS IS A CAPITAL CASE |
| | : | |
| Defendant | : | |
| | : | |

**MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM PRESENTING THE**
**TESTIMONY OF DR. AGUIRRE IN REBUTTAL**

Defendant, David Hammer, through undersigned counsel, hereby moves *in limine* to preclude the government from presenting testimony from Dr. Aquirre in rebuttal and, in support thereof, states the following:

1.      On September 18, 1996, a grand jury sitting in Williamsport, Pennsylvania, returned an indictment charging David Hammer with first degree murder arising from the April 13, 1996, death of Mr. Hammer's cellmate, Andrew Marti. Doc. 1. On April 9, 1997, the government filed a notice of its intent to seek the death penalty. Doc. 93. The trial began on May 5, 1998. On June 22, 1998, after the defense had rested and while the government was presenting its rebuttal case, Mr. Hammer entered a plea of guilty to the murder charge.

2.      The penalty phase began on June 30, 1998. In support of death, the government sought to prove two statutory aggravating factors: that the defendant

committed the murder after substantial planning and premeditation, 18 U.S.C. § 3592(c)(9), and that the defendant had previously been convicted of a state or federal offense punishable by a term over one year that involved the use, or attempted or threatened use, of a firearm, 18 U.S.C. § 3592(c)(2). During the penalty hearing, Mr. Hammer presented the testimony of an expert neuropsychologist, Dr. Michael Gelbort. Dr. Gelbort concluded, after conducting neuropsychological testing, that Mr. Hammer suffered from organic brain damage. The government presented no evidence disputing those findings. Nevertheless, the jury did not unanimously find that mitigating factor.

3.    In September 2002, Mr. Hammer filed a petition for writ of habeas corpus collaterally attacking his conviction and sentence pursuant to 28 U.S.C. § 2255. The Court conducted an evidentiary hearing on his petition from July 14, 2005 through September 29, 2005. During that evidentiary hearing, the government presented the testimony of Dr. Martell and Dr. Matthews, both of whom concluded that Mr. Hammer suffered from brain damage and both of whom diagnosed Mr. Hammer with Cognitive Disorder Not Otherwise Specified, the same diagnosis Dr. Blumberg found in those proceedings and in these resentencing proceedings.

4.    Also during the Section 2255 hearing, Mr. Hammer provided the government with Dr. Gur's report, the same report admitted in these resentencing proceedings. During the Section 2255 evidentiary hearing, Dr. Gur testified about the

same testing and the test results that he discussed in these resentencing proceedings.

5.      On December 27, 2005, the Court issued its decision vacating the 1998 death sentence.  One basis for the Court's decision vacating the death sentence was the jury's failure to find brain damage, despite the government's failure to present evidence contradicting the defense evidence.  The Court noted that during the Section 2255 proceedings, the government experts found that Mr. Hammer suffers from Cognitive Disorder.  United States v. Hammer, 404 F. Supp. 2d 676, 792 (M.D. Pa. 2005).

6.      On August 1, 2012, Mr. Hammer notified the government of his intent to call Dr. Gur during these resentencing proceedings.  See Doc. 1483.  Pursuant to the agreement of counsel, on March 27, 2014, Mr. Hammer again provided the government with notice of his intent to call Dr. Gur and also provided the government with Dr. Gur's report, the very same report provided during the Section 2255 proceedings (and the very same report admitted into evidence in these resentencing proceedings).

7.      Accordingly, the government has known about Dr. Gur for ten years, it has known the nature of the testing Dr. Gur performed for ten years, and it has known the conclusions Dr. Gur drew from that testing for nine years.  The government has also known that Dr. Gur would be a witness for two years and it has known that Dr. Gur's testimony would be about the same testing from the Section 2255 proceedings.

8.      On Wednesday, June 5, 2014, after the resentencing hearing had begun, two years after the government had received notice that Dr. Gur would be called by the defense, and nine years after it had first seen his report, heard his post-conviction testimony, and known that Dr. Gur had conducted and evaluated neuropsychological testing, the government requested Dr. Gur's raw data.  Counsel made all diligent efforts to provide that data to the government, and did so by the following Monday, June 9.[1]

9.      On June 20, 2014, the government disclosed – for the first time – a CV for Dr. Aguirre.  When counsel requested a proffer on the same date, the government indicated that it was still not positive that it would be calling Dr. Aguirre and that the government had just provided the transcript of Dr. Gur's testimony to him.[2]  The government delayed another six days – until June 26, 2014 – before finally providing counsel with a proffer.

10.     On May 16, 2014, Mr. Hammer filed a motion for disclosure of rebuttal witnesses.  See Doc. 1695.  In that Motion, Mr. Hammer noted that the government

---

[1]  It appears that the government apparently did not even attempt to view that data for another two-and-half weeks, when the government noticed on June 26, 2014 that one document had been password protected and asked counsel for the password. (Counsel had provided the password in the original correspondence attaching that data).

[2]  It is unclear whether the government ever provided Dr. Aguirre with the transcript of Dr. Gur's Section 2255 testimony discussing the same testing and the identical conclusions that the government has had for nine years.

had prior notice of the defense experts and that the government had refused defense requests for disclosure of its rebuttal evidence. Id. at 2. Mr. Hammer requested that the government provide the curriculum vitae of any expected experts as well as a proffer of the expected testimony from that expert. Id. On June 9, 2014, this Court noted that this motion was outstanding. NT 6/9/14 at 87-88. In response to the Court's inquiry, the government indicated that it had just recently received the witness list from the defense and was assessing what rebuttal it may present. Id. at 88. The Court held the motion in abeyance on the basis of the government's representations.

11.    But the government's proffered rationale for its rebuttal nondisclosure is completely inapplicable to Dr. Gur, whose expert opinion the government had known about for nearly a decade and whom, long before the resentencing began, the government had notice would testify for the defense. Further, the government made no mention of an expert to rebut Dr. Gur on June 9, 2014 in its response to the Court's inquiry and did not serve counsel with Dr. Aguirre's CV for another eleven days, until June 20, 2014. While the government indicated on June 25, 2014 that there was a possibility it would call a psychiatrist to rebut Dr. Gur, it did not provide counsel with a proffer until June 26, 2014.

12.    Based on the general proffer the government has finally provided, there is a strong likelihood that sur-rebuttal and further investigation is necessary and

counsel cannot at this late date be sure that this can be accomplished by the time this capital sentencing hearing is expected to conclude. As a result, Mr. Hammer may not be able to confront (for he has not had the opportunity to meaningfully investigate) and expose any scientific errors in the opinions being offered in rebuttal, and the validity and relevance of those opinions to the evidence he has actually offered in this case.

13. Mr. Hammer has an absolute right under the Fifth, Sixth, and Eighth Amendments to effective assistance of counsel; confrontation; an adequate opportunity to present a defense; and a right to heightened procedural safeguards in this capital case. Where, as here, the government had known about Dr. Gur for a decade, has had notice that the defense intended to call Dr. Gur for years, and has had notice of the nature of Dr. Gur's testimony about the testing and test results, permitting the government to present this expert witness – where the government either strategically or negligently delayed notifying the defense of the expert or the nature of his testimony until this hearing was expected to conclude – violates the Fifth, Sixth, and Eighth Amendments. This Court has the discretion to exclude this testimony, and should do so.

14. For each of these reasons, and those set forth in the accompanying Brief in Support, Mr. Hammer respectfully requests that this Court preclude the government from calling Dr. Aguirre in rebuttal.

WHEREFORE, for each of these reasons, and those set forth in Mr. Hammer's

*Brief in Support*, this Court should grant Mr. Hammer's Motion.


Respectfully submitted,


/S/  RONALD C. TRAVIS
Ronald C. Travis
Rieders, Travis, Humphrey, Harris,
Waters & Waffenschmidt
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
570-323-8711 (telephone)
570-323-4192 (facsimile)
rtravis@riederstravis.com



/S/ ANNE SAUNDERS
Anne Saunders
Assistant Federal Defender
Federal Public Defender
Middle District Pennsylvania
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
717-782-3843 (telephone)
717-782-3966 (facsimile)
anne_saunders@fd.org

/S/ JAMES MCHUGH
James J. McHugh, Jr.
/S/ JAMES MORENO
James Moreno
Federal Community Defender
Eastern District Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA 19106
215-928-1100 (telephone)
215-928-0826 (facsimile)
james_mchugh@fd.org
james_moreno@fd.org


Dated: June 26, 2014

## CERTIFICATE OF SERVICE

I, Anne Saunders, Esquire, do hereby certify that on this date I served a copy of the foregoing by Electronic Case Filing, or by placing a copy in the United States mail, first class addressed to the following:

John C. Gurganus, Jr. Esquire
United States Attorneys Office
Middle District of Pennsylvania
235 N. Washington Street, Suite 311
PO Box 309
Scranton, PA. 18501

Amanda Haines, Esquire
United States Department of Justice
Criminal Division
1331 F. Street, N.W.
Washington, D.C. 20530

/S/ANNE SAUNDERS, ESQUIRE
Anne Saunders, Esquire

Dated: June 26, 2014