## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | No. 4:96-CR-00239 |
| v. | : | |
| | : | JUDGE SLOMSKY |
| DAVID PAUL HAMMER, | : | |
| | : | |
| Defendant | : | CAPITAL CASE |

## MOTION FOR COURT ORDER DIRECTING THE BUREAU OF PRISONS NOT TO TRANSFER DEFENDANT FROM USP-TERRE HAUTE WHILE APPEALS ARE PENDING

AND NOW, this 2nd day of February, 2015, comes Defendant Hammer, through counsel, and requests the Court enter an Order directing the Bureau of Prisons not to transfer Defendant Hammer from USP-Terre Haute pending a resolution of the current appeals, and in support thereof asserts as follows:

1. Although the previously imposed sentence of death was vacated on December 27, 2005, the Bureau of Prisons continued to house Defendant Hammer on federal death row through the life verdict returned by this Court on July 17, 2014.

2. After the entry of the life verdict, the BOP continued to house Mr. Hammer at USP-Terre Haute but moved him to a different floor, with a designation of high security section. Mr. Hammer has remained housed in the high security section since July 17, 2014.

3.   Although Mr. Hammer is housed in the high security section he is afforded all of the privileges extended to individuals housed in the death row section of the institution.

4.   The high security section at USP-Terre Haute has space to accommodate up to 15 inmates.

5.   Since July 17, 2014, at most, three individuals were housed in the high security section, at times Mr. Hammer has been housed in that section alone, but for most of the time one other inmate has been housed in the high security section along with Mr. Hammer.

6.   According to Institutional Supplement THX-566.051 (United States Department of Justice Federal Bureau of Prisons Federal Correctional Complex Terre Haute Operation and Security of Special Confinement Unit December 1, 2012) with approval from the Regional director of the Northcentral Region, inmates who do not have a court imposed sentence of death may be housed in the Special Confinement Unit.

7.   Based on Institutional Supplement THX-566.051, Mr. Hammer could be designated for housing in the Special Confinement Unit at Terre Haute and would not have to be transferred.

8.   Defendant Hammer has continued to be housed in the High Security section at USP-Terre Haute from July 17, 2014, up to the present time.

9. At the penalty phase trial held in June of 2014 Defendant Hammer presented expert testimony that if a sentence of life was returned Defendant Hammer would be classified and sent to an open prison facility.

10. During the penalty phase in June of 2014 the United States did not contest the correctness of the expert testimony presented by the defense concerning where Defendant Hammer would be housed if a life verdict was returned.

11. During the timeframe from December 27, 2005, through July 17, 2014, while appeals were pending concerning the Order of December 27, 2005, and during the timeframe awaiting the second phase retrial, after the appeals were dismissed by the Third Circuit, Mr. Hammer remained housed on federal death row.

12. On January 12, 2015, Defendant Hammer was advised by the staff that the paperwork at USP-Terre Haute had been completed and submitted to the BOP Region and that the paperwork recommends Defendant Hammer be transferred to the Administrative Maximum facility in Colorado, as opposed to an open population institution.

13. While Mr. Hammer has been housed at USP-Terre Haute, including the time since the change of his housing on July 17, 2014, counsel have been able to conduct necessary consultations through legal calls, e-mails communications, and

contact legal visits (in which counsel and Mr. Hammer can adequately review and exchange documents).

14. Based on counsel's prior experience, the access for legal consultation will be substantially more limited at USP-Florence ADMAX. For example, visit scheduling is more limited and legal visits are non-contact and documents must be exchanged through a slot. If the designated attorney visiting rooms are not available, legal visits occur in the general visiting area in which there is a risk that BOP staff will hear the communications. See, BOP/ADX Florence Institutional Supplement No. FLM 5267.08C at 8.

15. Based upon counsel's prior experience, access to Mr. Hammer via legal calls at Florence ADMAX will be limited  During the pendency of the prior Third Circuit appeals it was necessary for the defense team to apply for and receive an Order from the Third Circuit to establish legal calls.

16. Counsel also understand that there will be no access to Mr. Hammer via e-mail at Florence ADMAX.

17. Although Defendant Hammer has been transferred from federal death row to the High Security section, the defense team has been dealing with the same staff members it previously dealt with concerning the placement of legal calls for consultations with the client?

4

18.   Housing Mr. Hammer at USP-Terre Haute permits counsel to conduct the meaningful consultation necessary to effectively litigate the complex issues involved in this capital case.   Where, as here, there have been no incidents or security concerns suggesting that Mr. Hammer must be transferred to Florence ADMAX while his appeal is pending and in light of the need for significant consultation during the ongoing litigation of the complex issues arising from this capital appeal, Mr. Hammer submits that an Order directing that he remain at USP-Terre Haute for the pendency of the appellate proceedings is appropriate.

19.   On January 14, 2015, Attorney Travis conferred with AUSA Gurganus concerning this instant motion, and AUSA Gurganus advised Attorney Travis that the position of the United States was that the Bureau of Prisons should make the decision of whether Mr. Hammer will be transferred and, if so, when and where and therefore the United States Attorneys' Office takes no position with respect to the instant motion.

WHEREFORE, Defendant Hammer requests the Court enter an Order directing that the Bureau of Prisons continue to house Defendant Hammer at USP-Terre Haute until the appeals currently pending in the Third Circuit Court of Appeals are decided.

Respectfully submitted,

s/ Ronald C. Travis, Esquire
Ronald C. Travis, Esquire
Rieders, Travis, Humphrey,
Waters & Dohrmann
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com

/s/ James McHugh, Esquire
James McHugh, Esquire
James Moreno, Esquire
Federal Community Defender
Eastern District of Pennsylvania
Suite 540 – The Curtis Center
Philadelphia, PA  19106
(215) 928-1100 (telephone)
(215) 928-0826 (facsimile)
James_McHugh@fd.org
James_Moreno@fd.org

/s/ Anne Saunders, Esquire
Anne Saunders, Esquire
Assistant Federal Defender
Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Ste. 300
Harrisburg, PA  17101
(717) 782-3843 (telephone)
(717) 782-3966 (facsimile)
Anne_Saunders@fd.org

6

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :

                              :     No. 4:96-CR-00239

     v.                     :

                              :     JUDGE SLOMSKY

DAVID PAUL HAMMER,  :

                              :

     Defendant          :

## CERTIFICATE OF SERVICE

AND NOW, comes Ronald C. Travis, Esquire, attorney for Defendant Hammer, and certifies that a copy of the foregoing Motion for Court Order Directing Bureau of Prisons Not to Transfer Defendant Hammer from USP-Terre Haute while Appeals are Pending , has been served upon all counsel of record via ECF this 2nd day of February, 2015.

RIEDERS, TRAVIS, HUMPHREY,
 WATERS & DOHRMANN

/s/ Ronald C. Travis, Esquire

Ronald C. Travis, Esquire
Attorney for Defendant
PA ID#:  08819
161 West Third Street
PO Box 215
Williamsport, PA  17703-0215
(570) 323-8711 (telephone)
(570) 323-4192 (facsimile)
rtravis@riederstravis.com